UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br><br>Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:12-cv-04641-L |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO HUNTON & WILLIAMS LLP'S MOTION FOR STAY**

Plaintiffs file this Response in Opposition to Hunton & Williams LLP's Motion for Stay, which the other Defendants support (See Motion, ¶ 10) (hereinafter referred to as "Defendants' Motion"), and state as follows:

1. Defendants' Motion is without merit and should be denied. Defendants improperly seek a stay of the claims asserted in this lawsuit by the Receiver and Official Stanford Investors Committee ("OSIC") based solely upon the pendency of the United States Supreme Court appeal of the Fifth Circuit's SLUSA ruling in the *Willis, Chadbourne* and *Proskauer* investor class action cases, despite the fact that SLUSA has no relevance or impact whatsoever upon the Receiver or OSIC claims, and no Receiver or OSIC claims were even asserted in the lawsuits that are on appeal. As Defendants concede in the Motion, the

Receiver/OSIC claims will be unaffected by the ruling by the Supreme Court (*see* Motion ¶ 12), so the parties and the Court are going to have to address the Receiver/OSIC claims regardless. The investors do not even assert claims against Defendant Suarez in the Complaint; only the Receiver/OSIC asserts claims against Suarez.  Defendants' stay request should be denied.

2. Contrary to Defendants' contentions in the Motion, the Receiver and OSIC claims in this case for negligence (malpractice), aiding and abetting breaches of fiduciary duty, and fraudulent transfer, are claims that are owned by the Receiver and the OSIC and as such are separate and distinct claims from the investor class claims in the Complaint.  The Receiver/OSIC claims are clearly and separately delineated in Section VII of the Complaint entitled "Receiver and Investor Committee Claims," and the investor claims are clearly and separately delineated in Section IX of the Complaint entitled "Investor Class Causes of Action."

3. Defendants' argument that the claims are intertwined is patently incorrect. Defendants' main contention is that they cannot distinguish which *factual allegations* relate to the Receiver/OSIC claims versus the investor class claims.  That is correct, because **all** of the *factual allegations* in the Complaint support **all** of the claims, i.e., both the Receiver/OSIC claims and the investor claims.  But that does not make the *claims* (as opposed to the factual allegations) intertwined or dependent upon one another.  Nor does it justify a stay of the separate Receiver/OSIC claims.

4. Defendants argue that allowing discovery to proceed on the Receiver/OSIC claims while the appeal is pending is "not workable in practice" (Motion, ¶ 18) but provide no explanation of how it is not workable.  Significantly, Plaintiffs have agreed that any discovery taken by or from the Receiver/OSIC will not be duplicated by the investor class and can be used

in favor of or against the investor class if the Supreme Court affirms the Fifth Circuit SLUSA decision. To the extent additional discovery is needed once the parties know the outcome of the Supreme Court appeal and its impact on the investor class claims in this case, the Court can simply fashion a scheduling order and discovery cutoff that allows for that. Accordingly, there is no prejudice to Defendants and no reason whatsoever to stay the Receiver/OSIC claims while the investor claims are separately adjudicated by the Supreme Court. The Receiver/OSIC claims in this lawsuit should proceed forward.

5. Moreover, it is virtually certain that Defendants will file dismissal motions relating to the Receiver/OSIC claims, and there is simply no justification for delaying the filing, briefing and ruling on those motions while the Supreme Court appeal is pending on an unrelated issue. Once any dismissal issues are briefed and ruled upon, and providing the Receiver and/or OSIC claims survive dismissal, there is similarly no justification for delaying discovery on those claims, which discovery will need to occur regardless of the outcome of the SLUSA appeal and its effect on the investor claims in this case.

6. Granting Defendants' motion would cause undue and unjustified delay and further hardship on the Stanford investors for whose benefit the Receiver/OSIC claims are being prosecuted. As the Court is keenly aware, the Stanford Receivership is now four years old, the investors have recovered nothing to date, and the Receiver has informed this Court that at this point litigation like the case under consideration likely constitutes the largest potential source of recovery for the investor victims of Stanford's fraud. In contrast, denying the stay would work no hardship on Defendants, as they will only be required to do what they will have to do with respect to the Receiver/OSIC claims anyway: file and brief motions to dismiss, file and answer if motions to dismiss are denied, and participate in discovery with respect to those claims.

Importantly, this will happen regardless of the outcome of the Supreme Court appeal because the SLUSA appeal will have no impact on the Receiver/OSIC claims, which claims could be re-filed separately or severed anyway. Delaying consideration of these preliminary and threshold 12b issues and discovery for a year on the Receiver/OSIC claims pending the outcome of an appeal of a legal issue that has no bearing whatsoever on the Receiver/OSIC claims is unwarranted and serves no purpose other than delay of the inevitable and will work a prejudice to the Receiver, the OSIC and the investor victims.

7. Plaintiffs could easily have filed two separate lawsuits to begin with, one on behalf of the Receiver/OSIC, and the other on behalf of the investor class, like Plaintiffs have done in other cases (e.g., Proskauer/Chadbourne, Adams & Reese, and BDO). In addition, Plaintiffs could move to sever the Receiver/OSIC claims into a separate lawsuit if necessary to avoid a stay. But in order to promote efficiency and judicial economy, Plaintiffs chose to file all claims in one suit. Plaintiffs, and the investor victims, should not be penalized simply because the Receiver/OSIC claims are asserted in the same lawsuit as the investor class claims and because the latter are potentially impacted by the Supreme Court's SLUSA decision while the former are not. A stay which should not be granted if the claims were asserted in separate lawsuits should not be granted merely because the claims were asserted in the same pleading.

8. The *Landis* opinion of the U.S. Supreme Court cited by Defendants provides that a court's decision whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance" and "relevant factors include hardship to the moving party if required to proceed, harm to the non-moving party arising from a stay, and the duration of the proposed stay." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

9. Here, because Plaintiffs have agreed that discovery taken in this case during the pendency of the SLUSA appeal in the Supreme Court as to the investor class claims will not be duplicated and can be used in favor of and against the investor class, there is no prejudice whatsoever to Defendants in allowing the Receiver/OSIC claims to proceed. On the contrary, the prejudice to the Plaintiffs if a stay is granted is great. As described above, this Receivership proceeding has been pending for over four long years with no recovery for the investor victims to date. Furthermore, this lawsuit was filed on November 15, 2012, nearly four months ago, and Plaintiffs have already agreed to previous extensions requested by Defendants that require them to answer or otherwise respond to the Complaint by March 8, 2013. This post-suit extension was on the heels of multiple pre-suit tolling agreements extending for over a year agreed to by the parties to allow mediation to occur before the filing of suit, during which time draft copies of the Plaintiffs' complaint were provided to Defendants. It is now time for this case to proceed forward so that the Receiver and OSIC can attempt to recover on their claims for the benefit of the investors. There is simply no basis upon which to delay those claims from moving forward for a year while the Supreme Court appeal is pending.

For the reasons set forth above, Plaintiffs request that the Motion be denied in its entirety. Alternatively, Plaintiffs request any further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN FOLEY, LLP** |
| By: __/s/ Edward C. Snyder__ | By: __/s/ Douglas J. Buncher__ |
| Edward C. Snyder | Nicholas A. Foley |
| esnyder@casnlaw.com | nfoley@neliganlaw.com |
| Jesse R. Castillo | Douglas J. Buncher |
| jcastillo@casnlaw.com | dbuncher@neliganlaw.com |
| 300 Convent Street, Suite 1020 | Republic Center |
| San Antonio, Texas 78205 | 325 N. St. Paul, Suite 3600 |
| (210) 630-4200 | Dallas, Texas 75201 |
| (210) 630-4210 (Facsimile) | (214) 840-5320 |
| | (214) 840-5301 (Facsimile) |
| | |
| **BUTZEL LONG, P.C.** | **STRASBURGER & PRICE, LLP** |
| By: __/s/ Peter D. Morgenstern__ | By: __/s/ Edward F. Valdespino__ |
| Peter D. Morgenstern (*admitted pro hac vice*) | Edward F. Valdespino |
| morgenstern@butzel.com | edward.valdespino@strasburger.com |
| 380 Madison Avenue | Andrew L. Kerr |
| New York, New York 10017 | andrew.kerr@strasburger.com |
| (212) 818-1110 | 300 Convent Street, Suite 900 |
| (212) 818-0494 (Facsimile) | San Antonio, Texas 78205 |
| | (210) 250-6000 |
| | (210) 250-6100 (Facsimile) |

**COUNSEL FOR PLAINTIFFS AND THE PUTATIVE CLASSES**

## CERTIFICATE OF SERVICE

I hereby certify that Defendants individually or through their counsel of record have been served with a copy of this Response, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

*/s/Douglas J. Buncher*
Douglas J. Buncher

74691v.6