IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford Receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12cv4641-N |

### GREENBERG TRAURIG, LLP's MOTION TO STAY PROCEEDINGS AND SUPPORTING BRIEF

Defendant Greenberg Traurig, LLP (GT) respectfully moves the Court for an order staying these proceedings until thirty days after the U.S. Supreme Court rules on the applicability of SLUSA to claims arising out of the receivership of Stanford International Bank, Ltd. and states as follows:

### PROCEDURAL BACKGROUND

1. On November 15, 2012, Plaintiffs filed their Original Complaint herein. By agreement, the deadline for GT to respond to the Complaint is March 8, 2013.

2. On January 18, 2013, the U.S. Supreme Court granted Certiorari to determine whether the Securities Litigation Uniform Standards Act (SLUSA) precludes state law class-

action claims arising from the failure of Stanford International Bank, Ltd. *See Order – Certiorari Granted*, *Chadbourne & Parke v. Troice, et al.,* Nos. 12-79, 12-86, 12-88, 568 U.S. ____ ; 2013 WL 203548 (Jan. 18, 2013). The Supreme Court's decision will determine whether the putative Investor class-action claims in this case are precluded and must be dismissed.

## ARGUMENT AND AUTHORITIES

### A Stay is Warranted, and Agreed to in Part

3. The Court has authority and discretion to stay proceedings until questions that may dispose of the case are determined. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Petrus v. Bowen*, 833 F. 2d 581, 583 (5th Cir. 1987). The Court has approved stays in other Stanford suits against professionals due to the pending SLUSA appeals. *See, e.g.*, Agreed Orders Staying Proceedings and Stipulated Order Extending Stay of Proceedings (D.E. 34-1, 36 and 46), *Wilkinson v. BDO USA*, No. 3:11cv1115.

4. A stay of proceedings in this case is warranted given the potentially dispositive nature of the Supreme Court's ruling. Counsel for the putative Investor class agrees that a stay of Investor claims is warranted, but opposes a stay of the entire case. *See Hunton & Williams LLP's Partially Agreed and Partially Opposed Motion for Stay* (D.E. 23) ¶10. In other words, the putative Investor class proposes a partial stay affecting only Investor claims but allowing the joint Receiver/OSIC claims to proceed.

### A Partial Stay is Unwarranted and Unworkable

5. The Receiver, the Official Stanford Investors Committee (OSIC) and the putative Investor class elected to join together and file a single Complaint against GT. A partial stay affecting only one of several joint plaintiffs is both unwarranted and unworkable.

**GREENBERG TRAURIG'S MOTION
TO STAY PROCEEDINGS - Page 2**
1462901

6. Plaintiffs' counsel and this Court have acknowledged in another Stanford-related action that there is an "overlap of issues, parties and counsel" in suits against professionals who did business with Stanford, and that this overlap justifies a stay. *See* Stipulated Order Extending Stay of Proceedings, *Wilkinson v. BDO USA*, No. 3:11cv1115-N (D.E. 46) p. 1.

7. Indeed, in this case the Receiver/OSIC plaintiffs assert claims that explicitly overlap and conflict with Investor claims, including the following:

   a. Both the Receiver/OSIC and the Investors seek damages for a $1.8 billion loan to Stanford. Compare Complaint ¶¶407-08 (Receiver's claim for damages due to this loan) with ¶ 430(4) (Investors claim regarding the same loan).

   b. Both the Receiver/OSIC and Investors assert claims based on the same diversion of SIBL funds to undisclosed investments. Compare ¶426 (Receiver's claim for aiding fraudulent transfers based on Stanford's investments in venture capital companies, Caribbean airlines and Caribbean real estate) with ¶430 (Investor claims relating to Stanford's investments in the same private equity companies, Caribbean airlines and Caribbean real estate).

   c. *See also* the discussion of overlapping claims in *Hunton & Williams LLP's Partially Agreed and Partially Opposed Motion for Stay* (D.E. 23).

8. The overlap of issues, parties and counsel renders a partial stay inappropriate even before discovery commences. The Court cannot, for example, decide motions to dismiss or otherwise resolve conflicting and overlapping claims in which all Plaintiffs assert an interest if the case is stayed as to some of the parties.

9. Discovery in a partially-stayed case would be wholly impracticable and result in unnecessary costs, hardship and duplication.

- Would the Receiver/OSIC be permitted to take discovery while the Investor claims are stayed? If so, would the Investors be permitted to re-take already completed depositions once the partial stay ends?

- Would the Investors' counsel of record, who also represent the OSIC, be entitled to attend and ask questions during depositions while the Investor claims -- and GT's ability to depose the Investors -- are stayed? Such one-way discovery would be inherently unfair to GT.

- Would the Investors be bound by Court rulings issued during the stay? Or will every GT motion have to be re-filed and re-argued after the stay expires in order to allow previously-stayed parties to respond?

- Would the scope of discovery be limited during a partial stay to the claims asserted by the Receiver/OSIC? How would either the parties or this Court determine if a particular discovery question is improper because it relates to claims that are stayed? The scope of permissible discovery will also be impacted by the Supreme Court's ruling on SLUSA preclusion.

- Would the Receiver/OSIC be entitled to conduct merits discovery in this putative class-action case before a ruling on class-certification?

10. GT further refers the Court to the grounds and arguments contained in *Hunton & Williams LLP's Partially Agreed and Partially Opposed Motion for Stay* (D.E. 23), which is adopted and incorporated herein by reference.

WHEREFORE, Greenberg Traurig moves the Court for entry of an order staying all proceedings in this matter until thirty (30) days after the Supreme Court issues its decision on the merits in the SLUSA matter, and for such other and further relief to which GT may show itself to be justly entitled.

Respectfully submitted,

By: /s/ Jim E. Cowles
**JIM E. COWLES**
Texas Bar No. 04931000

**SIM ISRAELOFF**
Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, as more fully set forth in *Hunton & Williams LLP's Partially Agreed and Partially Opposed Motion for Stay* (D.E. 23), all parties were contacted and conferred with regarding the request for a stay of this case, and those positions were also communicated to GT. Hunton & Williams, LLP and Yolanda Suarez agree to the requested stay. Plaintiffs agree in part (as to a stay of Investor class claims only) but otherwise oppose the request for a stay.

　　　　　　　　　　　　　　　　　　　 /s/ Sim Israeloff_____
　　　　　　　　　　　　　　　　　　　**SIM ISRAELOFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of February, 2013, a true and correct copy of the foregoing document was delivered via electronic means using the ECF system pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

　　　　　　　　　　　　　　　　　　　 /s/ Sim Israeloff_____
　　　　　　　　　　　　　　　　　　　**SIM ISRAELOFF**