IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>            Plaintiffs.<br><br>vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS LLP;  and YOLANDA SUAREZ,<br><br>            Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-04641-L |

**DEFENDANT HUNTON & WILLIAMS LLP'S MOTION FOR LEAVE TO FILE SHORT SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS THE PUTATIVE CLASS'S CLAIMS, TO ADDRESS THIS COURT'S RECENT DECISIONS IN *JANVEY V. WILLIS*, *TROICE V. WILLIS*, AND *TURK V. PERSHING LLC***

Defendant Hunton & Williams LLP ("Hunton"), by its counsel, respectfully moves the Court for the entry of an order granting Hunton leave to file the attached five-page supplemental brief in support of its motion to dismiss the claims asserted against it by the putative class.  The purpose of the proposed supplemental brief is to address this Court's December 5, 8, and 15, 2014 decisions on motions to dismiss filed in *Janvey v. Willis of Colorado, Inc.*, No. 3:13-cv-03980-N-BG, *Troice v. Willis of Colorado, Inc.*, No. 3:09-cv-01274-N-BG, and *Turk v. Pershing LLC*, No. 3:09-cv-02199-N-BG.  In support of this motion, Hunton states as follows:

**I.     Procedural Background.**

1. On November 15, 2012, Receiver Ralph Janvey, the Official Stanford Investors Committee ("OSIC"), and a putative class of investors in products sold by entities that Robert Allen Stanford owned or controlled (collectively, "Plaintiffs") filed a complaint against Hunton. (Dkt. 1, Compl.)  Also named as defendants are Greenberg Traurig LLP and Yolanda Suarez.

2. According to the complaint, Plaintiffs seek damages under state common and statutory law for harms that they purportedly suffered arising from the defendants' alleged representation of entities owned or controlled by Stanford.

3. Against Hunton, the putative class purports to state claims for (1) aiding, abetting, or participation in breaches of fiduciary duty; (2) aiding and abetting violations of the Texas Securities Act ("TSA"); (3) conspiracy to violate the TSA; (4) aiding and abetting or participation in a fraudulent scheme; (5) civil conspiracy; and (6) respondeat superior.

4. On February 22, 2013, this Court entered an order staying the claims filed by the putative class until thirty days after the U.S. Supreme Court's decision on the application of the Securities Litigation Uniform Standards Act in *Chadbourne & Parke LLP v. Troice*, No. 12-79; *Willis of Colorado, Inc. v. Troice*, No. 12-86; and *Proskauer Rose, LLP v. Troice*, No. 12-88. (Dkt. 34.)  On March 18, 2013, the Court entered an order declining to stay the claims asserted by the Receiver and OSIC pending the Supreme Court's SLUSA decision.  (Dkt. 45.)

5. As a result, on April 15, 2013, Hunton timely filed a motion to dismiss, in their entirety, the claims asserted by the Receiver and OSIC.  (Dkt. 49.)  Briefing on that motion was completed on August 19, 2013.  (*See* Dkt. 63 (Receiver/OSIC Resp.); Dkt. 75 (Hunton Reply).)

6. The Supreme Court issued its SLUSA decision on February 26, 2014. Consequently, the stay of the putative class claims in this case lifted on March 28, 2014.

7.  On April 18, 2014, Hunton timely filed a motion to dismiss, in their entirety, the claims asserted by the putative class. (Dkt. 90.) That motion is fully briefed. (*See* Dkt. 99 (Putative Class Resp.); Dkt. 104 (Hunton Reply).)

8.  On December 17, 2014, the Court issued entered an order granting in part and denying in part Hunton's motion to dismiss the Receiver/OSIC claims. (Dkt. 114.)

9.  As of the filing of this motion, the Court has not entered an order deciding Hunton's motion to dismiss the claims asserted by the putative class and its representatives.

**II.     The Court's Decisions In *Janvey v. Willis*, *Troice v. Willis*, & *Turk v. Pershing LLC*.**

10. On December 5, 2014, the Court entered an order granting in part and denying in part the motions to dismiss for failure to state a claim filed by the defendants in *Janvey v. Willis of Colorado Inc.*, No. 3:13-cv-03980-N-BG [Dkt. 64].

11. On December 8, 2014, the Court entered an order granting in part and denying in part the motion to dismiss for failure to state a claim filed by defendant Pershing LLC in *Turk v. Pershing LLC*, No. 3:09-cv-02199-N-BG [Dkt. 125].

12. On December 15, 2014, the Court entered an order granting in part and denying in part the motions to dismiss filed by the defendants in *Troice v. Willis of Colorado, Inc.*, No. 3:09-cv-01274-N-BG [Dkt. 208].

13. Like the case against Hunton, the *Willis* and *Pershing* cases are part of the Stanford MDL, and the cases include claims from a putative class.

14. The Court's orders in the *Willis* cases and in *Pershing* address several legal issues relevant to the claims that the putative class assert against Hunton or arguments that Hunton raised in its motion to dismiss those claims, including: (1) scienter on civil conspiracy claims; (2) claims for aiding and abetting violations of the TSA; and (3) claims for participation in or aiding and abetting breaches of fiduciary duty or a fraudulent scheme.

**III.     Hunton Seeks To Supplement Its Dismissal Briefs To Address *Willis* And *Pershing*.**

15.     Aspects of the Court's decisions in the *Willis* cases and in *Pershing* bear on the grounds of Hunton's motion to dismiss the putative class's claims in this case, although each case must be addressed on its own merits (or lack thereof). Given the overlap in some of the legal theories asserted against Hunton and against the *Willis* and *Pershing* defendants, as well as the common tie among the cases of the Stanford MDL, Hunton believes a supplemental brief addressing how the *Willis* and *Pershing* decisions do—and do not—apply to the claims against Hunton will assist the Court in deciding Hunton's motion to dismiss the putative class's claims. Accordingly, Hunton seeks to submit a five-page supplemental brief in support of its motion to dismiss, attached hereto as Exhibit A.

16.     On December 17, 2014, one of Hunton's attorneys, April Otterberg, conferred by email with one of Plaintiffs' attorneys, Edward Snyder, concerning Hunton's request for leave to file a supplemental brief in support of its motion to dismiss the claims asserted by the putative class. Mr. Snyder indicated that the plaintiffs oppose the relief requested in this motion.

WHEREFORE, Hunton respectfully requests an order granting it leave to file the attached supplemental brief in support of its motion to dismiss the putative class's claims.

Date:  December 17, 2014                              Respectfully submitted,

Richard A. Sayles (Tex. # 17697500)         By:   s/ Jeffrey D. Colman
Shawn Long (Tex. # 24047859)                       Jeffrey D. Colman (Ill. # 0491160)
SAYLES WERBNER                                          David Jiménez-Ekman (Ill. # 6210519)
4400 Renaissance Tower                                 April A. Otterberg (Ill. # 6290396)
1201 Elm Street                                              JENNER & BLOCK LLP
Dallas, Texas 75270                                        353 N. Clark Street
dsayles@swtriallaw.com                                 Chicago, IL 60654-3456
(214) 939-8701                                               jcolman@jenner.com
(214) 939-8787 (Facsimile)                            (312) 923-2940
                                                                      (312) 840-7340 (Facsimile)

*Counsel for Hunton & Williams LLP*

                                                                      *Counsel for Hunton & Williams LLP*
                                                                      *Admitted* Pro Hac Vice

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 17, 2014, and on behalf of Hunton, my colleague, April Otterberg, conferred with counsel for the plaintiffs, Edward Snyder, by email concerning Hunton's request for leave to file a supplemental brief in support of its motion to dismiss the claims asserted by the putative class and its representatives. As reflected in paragraph 16 of this motion, Mr. Snyder indicated that the plaintiffs oppose the relief requested in this motion.

                                                s/ Jeffrey D. Colman
                                                JEFFREY D. COLMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, I electronically filed the foregoing **Defendant Hunton & Williams LLP's Motion for Leave to File Short Supplemental Brief in Support of Motion to Dismiss the Putative Class's Claims, to Address the Court's Recent Decisions in *Janvey v. Willis*, *Troice v. Willis*, and *Turk v. Pershing LLC*** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means. Copies will be sent to those indicated as non-registered participants by U.S. Mail or facsimile at the addresses of their counsel of record or last known residence.

                                                s/ Jeffrey D. Colman
                                                JEFFREY D. COLMAN