**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, | § § § § § § § | |
| Plaintiffs. | § § | CIVIL ACTION NO. 3:12-cv-04641-L |
| vs. | § § | |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS LLP; and YOLANDA SUAREZ, | § § § § | |
| Defendants. | § | |

**MOTION BY HUNTON & WILLIAMS LLP AND GREENBERG TRAURIG, LLP
TO AMEND THE COURT'S DECEMBER 17, 2014 ORDER
TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL**

Pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3), Defendants Hunton & Williams LLP ("Hunton") and Greenberg Traurig, LLP ("Greenberg") hereby respectfully move the Court for an order amending its December 17, 2014 order, Docket No. 114, to certify one of the Court's conclusions on a controlling question of law for interlocutory appeal. In support of this motion, Hunton and Greenberg join in and incorporate by reference relevant portions of the motion and brief submitted on December 22, 2014 by Defendants Willis of Colorado, Inc., Willis Limited, and Willis North America Inc. (collectively, "Willis") in *Janvey v. Willis of Colorado, Inc.*, No. 3:13-cv-3980, also pending before this Court. Hunton and Greenberg also state as follows:

I.      **Relevant Procedural Background.**

1.      In this lawsuit, the Receiver for the Stanford entities, Ralph Janvey, as well as the Official Stanford Investors Committee ("OSIC") and a putative class of Stanford CD purchasers, seek to hold Hunton and Greenberg liable for the billions in damages the plaintiffs allegedly suffered as a result of the Ponzi scheme perpetrated by Allen Stanford.

2.      On December 17, 2014, the Court issued an order granting in part and denying in part Hunton's and Greenberg's respective motions to dismiss the claims asserted by the Receiver and the OSIC (the "Receiver/OSIC").  (Dkt. 114 (hereinafter "Dec. 17 Order").)  The law firms' motions to dismiss the separate claims asserted by the putative class and its representatives are fully briefed and pending.  (Dkts. 29, 90, 99, 103, 104.)

3.      In its December 17, 2014 order, the Court rejected Hunton's argument that the Receiver, and by extension, the OSIC,[1] lack standing to assert their tort claims because their alleged damages are really nothing more than the very same losses claimed by the putative class of Stanford investors.  (Dec. 17 Order 9-10.)  Citing the Court's September 11, 2013 decision in *Janvey v. Adams & Reese*, No. 3:12-CV-0495 (N.D. Tex.) [Dkt. 58], the Court held that "the Receiver . . . pleads that his claims belong to the Receivership Estate" because he "alleges that Defendants' services were essential to the growth and success of the Stanford Ponzi scheme, and the liabilities that ultimately accompanied it."  (Dec. 17 Order 10.)

4.      Twelve days before the Court issued a decision on Hunton and Greenberg's motions to dismiss the Receiver/OSIC claims, the Court entered an order on motions to dismiss filed by the defendants in *Janvey v. Willis of Colorado Inc.*, No. 3:13-CV-3980-N (N.D. Tex.) [Dkt. 64] (hereinafter "*Willis* Order") (App. 001-33).  In the *Willis* Order, a copy of which is included in the appendix to this motion, the Court rejected the *Willis* defendants' nearly identical

---

[1] The OSIC brings its claims as assignee of the Receiver.  (Dkt. 1, Compl. ¶ 420.)

standing argument, using reasoning that was nearly identical to the Court's subsequent reasoning in the Dec. 17 Order in this case.  (*Willis* Order 7-9 (App. 008-10).)  Just as in the Dec. 17 Order, the Court in the *Willis* Order relied on the Court's prior decision in *Adams & Reese*, and concluded the Receiver and OSIC "state[d] an injury to the Receivership Estate" because they "allege[d] that Defendants knowingly contributed to the growth and success of the [Ponzi] scheme, thereby increasing the Receivership Estate's liability to its creditors."  (*Id.* at 9 (App. 010).)

## II. Hunton And Greenberg Seek Certification Of The Court's Ruling On Standing For Interlocutory Review.

5.     On December 22, 2014, Willis filed a motion in *Janvey v. Willis* asking the Court to amend the *Willis* Order to certify two issues for interlocutory appeal to the Fifth Circuit.  *Janvey v. Willis of Colorado Inc.*, No. 3:13-CV-3980-N (N.D. Tex.) [Dkt. 67] (hereinafter, "*Willis* Motion") (App. 034-040).  One of those issues is the standing analysis described above.[2]  (*Id.* at 2 (App. 036).)

6.     On December 30, 2014, Bowen, Miclette & Britt, Inc. ("BMB"), a co-defendant of Willis, filed a motion in *Janvey v. Willis* joining the *Willis* Motion.  *Janvey v. Willis of Colorado Inc.*, No. 3:13-CV-3980-N (N.D. Tex.) [Dkt. 70].

7.     In this motion, Hunton and Greenberg ask the Court to certify for interlocutory review the Court's ruling on standing in this case, just as Willis and BMB seek further review of the Court's standing ruling in the *Willis* case.  Specifically, Hunton and Greenberg seek to certify the legal issue of whether an equity receiver, who is barred under *Janvey v. Democratic Senatorial Campaign Committee*, 712 F.3d 185, 190 (5th Cir. 2013) ("*DSCC*") from asserting

---

[2] Willis also seeks interlocutory review of the Court's ruling in *Willis* on the territorial scope of the Texas Securities Act ("TSA").  In this case, only the putative class and its representatives (*not* the Receiver and OSIC) sue Hunton and Greenberg under the TSA, and the law firms' motions to dismiss the putative class's claims, including their TSA claims, remain pending.

causes of action belonging to investor-creditors, nonetheless has standing to sue a third party for its alleged role in increasing the receivership estate's liabilities to those same investor-creditors.

8.       For the reasons set forth in the Willis Motion and its accompanying memorandum of law,[3] both of which are included in the appendix to this motion and the relevant portions of which are incorporated by reference herein,[4] the Court's ruling on the Receiver/OSIC's standing in this case satisfies the requirements for certification for interlocutory review under 28 U.S.C. § 1292(b).  The ruling concerns a "controlling question of law as to which there is substantial ground for difference of opinion," and "an immediate appeal from the [Dec. 17 O]rder may materially advance the ultimate termination of the litigation."  *See* 28 U.S.C. § 1292(b).

9.       *First*, the nature and scope of the Receiver/OSIC's standing to sue is a substantial and controlling question of law in this case, and presumably other Stanford matters besides this one and *Willis*.  (*See Willis* Brief 6-7 (App. 052-53).)  Whether the Receiver can sue for increased liabilities of the Stanford entities, when those increased liabilities are simply the amounts owed by the Stanford entities to investors who *also* are suing the defendant, is a pure legal question.  When resolved, that legal question has the potential not only to streamline this case but also to clarify the theories of causation and damages the respective parties suing Hunton and Greenberg can – and *cannot* – pursue in this complex case.  In particular, the result of the Court's current ruling is to allow the Receiver/OSIC and the putative class to sue Hunton and Greenberg to obtain the *very same damages*, despite the Fifth Circuit's unequivocal ruling in *DSCC* that "a federal equity receiver has standing to assert *only* the claims of the entities in receivership, and *not* the claims of the entities' investor-creditors."  *See* 712 F.3d at 190

---

[3] *Janvey v. Willis of Colorado Inc.*, No. 3:13-CV-3980-N (N.D. Tex.) [Dkt. 68] (hereinafter, "*Willis* Brief") (App. 041-68).

[4] Specifically, Hunton and Greenberg incorporate by reference the portions of the *Willis* Motion and Brief that address Receiver/OSIC standing, rather than TSA issues.

(emphasis added).  The Court's ruling in the Dec. 17 Order effectively eliminates any practical distinction between claims of Stanford entities and claims belonging to investors.

10.     *Second*, there is "substantial ground for difference of opinion" on the issue of a Receiver's standing to sue, *see* 28 U.S.C. § 1292(b), because Hunton and Greenberg are aware of no Fifth Circuit case allowing a receiver to sue to obtain damages for increased liabilities to investors in a receivership estate, and because Fifth Circuit precedent on receiver standing more generally is limited.  (*See Willis* Brief 8-13 (App. 054-59).)  Moreover, in the Receiver's own words from a petition for a writ of certiorari he filed with the U.S. Supreme Court earlier this year in another Stanford matter, "[t]he law of receiver standing is in disarray across the circuits." Petition for Writ of Certiorari, at page 15, *Janvey v. Alguire*, No. 13-913 (S. Ct.), filed Jan. 22, 2014.

11.     *Third*, "an immediate appeal" would "materially advance the ultimate termination of the litigation" against Hunton and Greenberg, *see* 28 U.S.C. § 1292(b), because a reversal of the Court's decision on standing would greatly streamline this case.  (*See Willis* Brief 19 (App. 065).)  If the Receiver/OSIC lack standing to sue Hunton and Greenberg for their alleged roles in increasing the "liabilities" of the receivership estate to investor-creditors, then the Receiver/OSIC will be left with only their fraudulent transfer-related claims,[5] for which the damages amounts claimed are vastly lower than the billions of dollars they seek on their tort claims.

12.     *Fourth*, like Willis and BMB, Hunton and Greenberg do *not* seek a stay of this litigation in connection with this motion and any immediate appeal to the Fifth Circuit.  As a result, certifying the standing question for immediate review will not delay these proceedings.

---

[5] These claims are (a) violation of the Texas Uniform Fraudulent Transfer Act, (b) unjust enrichment, and (c) money had and received.  In addition, the claims of the putative class and its representatives, though still subject to the motions to dismiss filed by Hunton and Greenberg, are not directly at issue in an analysis of the standing of the Receiver and OSIC.

**III.     Conclusion & Requested Relief.**

13.     On January 2, 2015, one of Hunton's attorneys, April Otterberg, conferred by email with Ed Snyder, an attorney for the plaintiffs in this matter, concerning the request of Hunton and Greenberg that the Court amend the Dec. 17 Order to certify the Court's ruling on standing for interlocutory review.  Mr. Snyder indicated that the plaintiffs oppose this motion.

WHEREFORE, for the foregoing reasons, Hunton and Greenberg respectfully ask the Court to amend its December 17, 2014 order in this case, Docket No. 114, substantially in the form of the proposed order that accompanies this motion, to certify the order for interlocutory appeal under 28 U.S.C. § 1292 on the issue of whether the Receiver and, by extension, the OSIC, have standing to assert their common-law tort claims against Hunton and Greenberg.

Date:  January 5, 2015

Respectfully submitted,

Richard A. Sayles (Tex. # 17697500)
Shawn Long (Tex. # 24047859)
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
dsayles@swtriallaw.com
(214) 939-8701
(214) 939-8787 (Facsimile)

*Counsel for Defendant*
*Hunton & Williams LLP*

By:  s/ Jeffrey D. Colman
    Jeffrey D. Colman (Ill. # 0491160)
    David Jiménez-Ekman (Ill. # 6210519)
    April A. Otterberg (Ill. # 6290396)
    JENNER & BLOCK LLP
    353 N. Clark Street
    Chicago, IL 60654-3456
    jcolman@jenner.com
    (312) 923-2940
    (312) 840-7340 (Facsimile)

    *Counsel for Defendant Hunton & Williams LLP*
    *Admitted* Pro Hac Vice

By:  s/ Jim E. Cowles (w/ permission)
    Jim E. Cowles (Tex. # 04931000)
    Sim Israeloff (Tex. # 10435380)
    R. Michael Northrup (Tex. # 15103250)
    COWLES & THOMPSON, P.C.
    901 Main Street, Suite 3900
    Dallas, Texas  75202-3793
    jcowles@cowlesthompson.com
    (214) 672-2101
    (214) 672-2301 (Facsimile)

    *Counsel for Defendant Greenberg Traurig, LLP*

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 2, 2015, one of the lawyers for Hunton & Williams LLP, April Otterberg, conferred by email with counsel for the plaintiffs, Edward Snyder, concerning the request by Hunton and Greenberg Traurig, LLP that the Court amend its December 17, 2014 order to certify the Court's ruling on standing for immediate appellate review.  As reflected in paragraph 13 of this motion, Mr. Snyder indicated that the plaintiffs oppose the relief sought in this motion.

s/ Jeffrey D. Colman
JEFFREY D. COLMAN


## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2015, I electronically filed the foregoing **Motion by Hunton & Williams LLP and Greenberg Traurig, LLP to Amend the Court's December 17, 2014 Order to Certify Issue for Interlocutory Appeal** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means. Copies will be sent to those indicated as non-registered participants by U.S. Mail or facsimile at the addresses of their counsel of record or last known residence.

s/ Jeffrey D. Colman
JEFFREY D. COLMAN