## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated. | § § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:12-cv-04641-N |
| vs. | § § | |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ, | § § § § | |
| Defendants. | § § | |

---

### RESPONSE OF THE RECEIVER AND THE OFFICIAL STANFORD INVESTORS COMMITTEE TO THE MOTION BY HUNTON & WILLIAMS, LLP AND GREENBERG TRAURIG, LLP TO AMEND THE COURT'S DECEMBER 17, 2014 ORDER TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL

---

Ralph S. Janvey, in his capacity as the Court-appointed Receiver of Stanford International Bank, Ltd., *et al.*, and the Official Stanford Investors Committee ("OSIC"), respectfully file this response to the Motion filed by Hunton & Williams LLP and Greenberg Traurig, LLP (the "Defendants") to Amend the Court's December 17, 2014 Order to Certify Issue for Interlocutory Appeal [Doc. 118], and respectfully show the Court as follows:

**RESPONSE TO MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**                    **1**

## I. <u>PRELIMINARY STATEMENT</u>

1.      The Stanford Receivership Estate has standing to seek the recovery of damages suffered by the Stanford Entities as a result of the Defendants' tortious conduct, including damages in the form of increased liabilities of the Receivership Estate to creditors.  The Court so held in its Order dated December 17, 2014 [Doc. 114] (the "<u>December 17, 2014 Order</u>").

2.      Specifically, the Court found that the Receiver (and by extension, OSIC, as the Receiver's assignee) "may assert tort claims against third parties based on allegations that third parties' torts contributed to the liabilities of the Receivership Estate."  December 17, 2014 Order, p. 10.  In making this determination, the Court cited *Janvey v. Adams & Reece*, Civil Action No. 3:12-CV-0495-N (N.D. Tex. filed Feb. 16, 2012), which itself relied on settled Fifth Circuit case law for the proposition that "[i]f a cause of action alleges indirect harm – i.e., injury derivative from the debtor – the debtor could have raised the claim and thus the claim belongs to the estate."  *Janvey v. Adams & Reece, supra*, p. 8 (citing *In re Educators Grp. Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994).  This determination, grounded in binding precedent, should be uncontroversial.

3.      The Defendants have now filed a motion to certify the December 17, 2014 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (the "<u>Motion</u>").  In support of the Motion, the Defendants raise the same arguments which they previously advanced in their original motions to dismiss – arguments the Court rejected based on opinions issued by the Fifth Circuit and this Court in other actions arising out of the Stanford Ponzi scheme.  Accordingly, and as demonstrated below, amending the December 17, 2014 Order to permit interlocutory appeal is unwarranted under 28 U.S.C. § 1292(b), and would be an extraordinary procedural

detour in a case that has already been pending for more than two years.  The Motion should be denied.

## II.  BACKGROUND

4.      This action arises out of the multi-billion-dollar Ponzi scheme perpetrated by R. Allen Stanford ("Stanford"), and other co-conspirators through a complex network of over 130 entities (the "Stanford Entities") in 14 countries over a period of at least 15 years.  *See Janvey v. Adams*, 588 F.3d 831, 833 (5th Cir. 2009); *Janvey v. Dem. Sen. Camp. Comm.*, 793 F. Supp. 2d 825, 856-57 (N.D. Tex. 2011).  As the MDL court presiding over the Stanford Receivership and all Stanford-related litigation, the Court is familiar of the facts and circumstances surrounding Stanford's criminal and fraudulent conduct.

5.      The plaintiffs in this consolidated action – the Receiver, OSIC, and a putative class of Stanford CD investors – have alleged that Carlos Loumiet ("Loumiet"), a close personal confidant of Stanford and an attorney employed by the Defendants during the relevant period, was a knowing and active participant in critical aspects of this long-standing fraud.  Indeed, without Loumiet and the Defendants' critical assistance, in the form of purported legal and other "services," Stanford could not have operated his scheme at the scale that he did.  *See* December 17, 2014 Order at 3 ("Plaintiffs allege Defendants contributed to the success and eventual downfall of the Stanford Ponzi scheme through the provision of deficient legal services.").

6.      The Receivership Estate suffered significant damages as a result of this misconduct, including but not limited to a loss of approximately $1.8 billion in funds looted by Stanford from the Stanford Entities, and an increase in liabilities by the Stanford Entities to third-party creditors, including Stanford CD investors.  *See* Complaint [Doc. 1] ¶ 400 (detailing

increase in CD deposit liability as a result of Defendants assisting Stanford to implement his regulatory evasion structure); *id.* ¶ 407 ("The Defendants' breach … caused injury to SIBL, SGC, STC and the Stanford Financial Group generally, and therefore to the Receiver, by enabling Stanford and his co-conspirators to misappropriate billions of dollars in assets from Stanford Financial companies, including at least $1.8 billion in funds that were improperly diverted and subsequently misappropriated from Stanford Financial companies.").

7.      In its December 17, 2014 Order, the Court denied in large measure the motions to dismiss filed by the Defendants.  In relevant part, the Court held that Receivership Estate has standing to recover damages from the Defendants for, among other things, increasing the liabilities of the Stanford Entities to third party-creditors, such as Stanford CD investors.  *See* December 17, 2014 Order at 10.  The Court also found that the Receiver and OSIC have standing to pursue damages from the Defendants for professional malpractice; aiding and abetting breaches of fiduciary duty by the Stanford Entities' officers and directors; violations of the Texas Uniform Fraudulent Transfer Act; and negligent retention/negligent supervision.

8.      The Defendants have now filed the Motion seeking certification for interlocutory appeal on the specific issue of the Receivership Estate's standing to recover damages for the Defendants' tortious activity to the extent this misconduct caused an increase in the liabilities of the Receivership Estate to third-party creditors.  As argued below, the Court should deny the Motion so the parties can focus their attention entirely on proceeding expeditiously to a resolution of this action at trial.

### III.  ARGUMENT

#### A.    STANDARD FOR CERTIFICATION UNDER  28 U.S.C. § 1292(B)

9.      In general, only the final judgments of the federal district courts can be appealed. *See U.S. v. Garner*, 749 F.2d 281, 284-85 (5th Cir. 1985); *see also Henry v. Lake Charles American Press, LLC*, 566 F.3d 164, 171 (5th Cir. 2009) (noting that "as a general rule, parties must litigate all issues in the trial court before appealing any one issue").  "Only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *see also Assocs. v. Basica Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (interlocutory appeal only appropriate in "exceptional" circumstances).

10.     Permission to appeal under § 1292(b) "is granted sparingly, not automatically." *Ala. Labor Council v. Ala.*, 453 F.2d 922, 924 (5th Cir. 1972).  To merit consideration for certification under Section 1292(b), a movant must show that (1) the district court order involves a "controlling question of law," (2) there is "substantial ground for difference of opinion" as to the legal issues presented, and (3) allowing an appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

11.     These criteria are conjunctive, not disjunctive.  *See Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).  "[A]ll three criteria must be met for a court to grant a motion for interlocutory appeal." *Pemex Exploracion y Produccion v. BASF Corp.*, Civil Action Nos. H–10–1997, H–11–2019, 2011 WL 11569219, at *12 (S.D. Tex. Feb. 11, 2011) (citing Clark-Dietz and Assocs. v. Basica Constr. Co., 702 F.2d 67, 69 (5th Cir. 1983).

12.     These criteria are also strictly construed, because interlocutory appeals "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re Sept. 11 Litig.*, No. 21 MC 97, 2003 WL 22251325, at *1 (S.D.N.Y. Oct. 1, 2003); *see also SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 MC 115, 2013 WL 6301085, at *1 (S.D.N.Y. Dec. 5, 2013) (denying certification motion because "certification . . . [was] likely to result in the kind of piecemeal, interminable litigation that is the bane of those jurisdictions that lack a final judgment rule").

13.     Finally, the decision to certify an interlocutory appeal is within the district court's discretion. *Swint v. Chambers County Comm'n*, 514 U.S. 35 (1995); *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011).

## B.     THE QUESTION OF DAMAGES IS NOT A "CONTROLLING ISSUE OF LAW"

14.     For purposes of 28 U.S.C. § 1292(b), an issue is a "controlling issue of law" if reversal of the district court's opinion would terminate the action or materially affect the outcome of the litigation. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006).

15.     Here, a ruling from the Fifth Circuit reversing the Court determination concerning *only one discreet measure of damages* claimed by the Receivership Estate, will do nothing to terminate the litigation.   As noted above, the Receivership Estate also seeks to hold the Defendants liable for aiding and abetting Stanford's looting of over $1.8 billion from the Stanford Entities.  This measure of damages – in addition to the damages claimed by the putative class of CD investors – will not be the subject of *any* appeal filed by the Defendants.

Accordingly, there is no reason for the parties to brief a discreet damages question before the Fifth Circuit at this time.

16.     Moreover, "[a] number of courts have explained that the application of settled law to the facts of a case does not present a pure question of law under Section 1292(b)." *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2012 WL 718933, at *3 (S.D. Tex. Mar. 5, 2012); *Clark-Dietz*, 702 F.2d at 69 (denying certification for interlocutory appeal where the questions presented for review "appear to be merely fact-review questions inappropriate for § 1292(b) review"); *Solis v. Univ. Project Mgmt., Inc.*, Civil Action No. H–08–1517, 2009 WL 2018260, at *3 (S.D. Tex. July 6, 2009) ("[F]act-review questions are inappropriate for § 1292(b) review"); *Consub Del. LLC v. Shahin Engenharia Limitada*, 476 F. Supp. 2d. 305, 309 (S.D.N.Y. 2007) ("In regard to the first prong, the 'question of law' must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.") (internal citation and quotations omitted) *abrogated in part on other grounds by Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009).

17.     Whether the Receivership Estate can prove that the Stanford entities suffered one component of damages (out of many) is a fact intensive question not appropriate for resolution at this early stage by the Fifth Circuit.  While an increase in corporate liabilities would clearly include CD depositor claims, it would also include other liabilities incurred by the Stanford Entities as Stanford propelled them forward into financial ruin, as well as the dissipation of Stanford Entity assets that occurred through operation of the fraud.  *See Reneker v. Offill*, 2012 WL 2158733, at *9-10 (N.D. Tex. 2012) (holding, at the summary judgment stage, that the Receiver could sue for increased liabilities in the form of professional fees and expenses incurred as part of the Receivership).  The form and substance of these damages are obviously fact-

intensive inquiries requiring discovery.   The Court does not need to certify an interlocutory

appeal on this issue, which would at best result in an advisory opinion announced in the context

of an incomplete factual record.[1]

C.    **THERE IS NO "SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION" AS TO THE ISSUE PRESENTED**

18.    "The threshold for establishing the 'substantial ground for difference of opinion

with respect to a 'controlling question of law' required for certification pursuant to § 1292(b) is a

high one."   *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 19

(D.D.C. 2002) (quoting § 1292(b)).   Such a circumstance can arise if "the circuits are in dispute

on the question and the Court of Appeals of the circuit [encompassing the district court] has not

spoken on the point . . . or if novel and difficult questions of first impression are presented."

*Ryan v. Flowerserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (internal citation and

quotations omitted).

19.    Significantly, the Court's ruling in the December 17, 2014 Order is not contrary

to the rulings of the Courts of Appeals which have long recognized that receivers have standing

to sue for injuries inflicted on the entities they represent.   *See Janvey v. Dem. Sen. Camp.

Comm.*, 712 F.3d 185, 190 (5th Cir. 2013); *see also Obermaier v. Arnett*, No.

2:02CV111FTM29DNF, 2002 WL 31654535, at *4 (M.D. Fla. Nov. 20, 2002) ("The Receiver,

as an equity receiver, clearly has standing to bring claims if the causes of action attempts to

redress injuries to the Receivership Entities."); *Moratzka v. Morris (In re Senior Cottages of*

---

[1]    Moreover, if Defendants' true concern is to prevent the Receivership Estate from presenting damages at trial that are duplicative or do not rightfully belong to the Stanford Entities, that is a problem that can easily be remedied by this Court at or before trial when damages expert reports and depositions are finished and the Court has a more complete understanding of the damages that are being sought.   Since the Receivership's claims are being prosecuted in tandem with the investor class claims on a consolidated basis, this Court can easily and efficiently control the course and scope of the trial.

*America, LLC),* 482 F.3d 997, 1004 (8th Cir. 2007) ("We agree with the First, Third, Fifth, and Eleventh Circuits that the collusion of corporate insiders with third parties to injure the corporation does not deprive the corporation of standing to sue the third parties").

20.     Moreover the specific form of harm which is the subject of the Motion – an increase in corporate liabilities – is a theory of damages recognized by the Courts of Appeals. *See, e,g., In re CITX Corporation, Inc.,* 448 F. 3d 672, 678 (3rd Cir. 2006) (rejecting "deepening insolvency" as a measure of damages but noting that "[w]here an independent cause of action gives a firm a remedy for the increase in its liabilities, the decrease in fair asset value, or its lost profits, then the firm may recover, without reference to the incidental impact upon the solvency calculation") (cited with favor by the Fifth Circuit in *In re SI Restructuring, Inc.,* 532 F.3d 355, at footnotes 17-18 (5th Cir. 2008); *Thaubault v. Chait,* 541 F.3d 512, 523 (3rd Cir. 2008); *Meyers v. Moody,* 475 F. Supp. 232, 238-240 (N.D. Tex. 1979) (approving of jury instruction that included increased liabilities as "fair and proper" measure of damages).

21.     The Defendants obviously disagree with this precedent and with the Court's December 17, 2014 Order.  But "[t]he mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion" under § 1292(b).  *S. U.S. Trade Ass'n v. Unidentified Parties,* No. 10-1669, 2011 WL 2790182, at \*2 (E.D. La. Jul. 14, 2011).  As such, there is no "substantial ground for difference of opinion" within the meaning of § 1292(b) on the issue raised in the Motion and therefore no basis to certify an interlocutory appeal on this question.

### D.     AN APPEAL WILL NOT "MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION"

22.     Whether an immediate appeal may materially advance the ultimate termination of the litigation requires courts to assess whether interlocutory appeal will speed up or slow down

the litigation.  *See Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 767 (S.D. Tex. 2010).  Here, an appeal to the Fifth Circuit of the issue of standing to pursue a discreet form of damages will be an unnecessary diversion in a case that has already been pending for over two years without any discovery to date.  "This case is already too old.  An interlocutory appeal would serve only to delay it even more." *Rotstain et al. v. Trustmark National Bank, et al*., Case No. 3:09-CV-2384-N [Doc. 216] (N.D. Tex. filed Sep. 8, 2014) (denying motion for certification for interlocutory appeal on the issue of personal jurisdiction of the Court).

23.    Indeed, other courts have similarly declined to certify the issue of the standing of a party to bring a specific damages claim in cases involving multiple parties and causes of action on the grounds that such an interlocutory appeal would not materially advance the litigation. *See e.g.*, *In re Refrigerant Compressors Antitrust Litigation*, No. 2:09-md-02042, 2013 WL 40009023, at *7 (E.D. Mich. Aug. 5, 2013) ("This is a complex multidistrict litigation action that has already been pending for several years.  The interests of judicial economy and the need to avoid piecemeal litigation weigh against an interlocutory appeal.  This Court concludes that judicial economy is best served by delaying appeal until all the issues can be confronted by the appellate court in a unified package."); *Carter v. Signode Indus., Inc.*, No 87 C 9939, 1988 WL 130619, at *2 (N.D. Ill. Dec. 1, 1988) (the "most prudent course of action is to deny certification and go forward with discovery and the adjudication of all four claims ….  A single trial will resolve the defendants' liability on each claim …. Further, a developed factual record on the securities claim would significantly aid the Seventh Circuit in its determination of whether a buyer has standing to maintain a securities claim against a seller who undervalues the consideration.").  The Receiver and OSIC respectfully submit that the same result is warranted here, in this long-running, complex, and multi-party dispute.

# IV. PRAYER

For the foregoing reasons, the Receiver and OSIC respectfully request that the Court enter an Order denying the Motion.

Respectfully submitted,

CASTILLO SNYDER, P.C.

By:  /s/ Edward C. Snyder
      Edward C. Snyder
      esnyder@casnlaw.com
      Jesse R. Castillo
      jcastillo@casnlaw.com
      300 Convent Street, Suite 1020
      San Antonio, Texas  78205
      (210) 630-4200
      (210) 630-4210 (Facsimile)

NELIGAN FOLEY, LLP

By:  /s/ Douglas J. Buncher
      Douglas J. Buncher
      dbuncher@neliganlaw.com
      Nicholas A. Foley
      nfoley@neliganlaw.com
      Republic Center
      325 N. St. Paul, Suite 3600
      Dallas, Texas  75201
      (214) 840-5320
      (214) 840-5301 (Facsimile)

BUTZEL LONG, P.C.

By:  /s/ Peter D. Morgenstern
      Peter D. Morgenstern (admitted pro hac vice)
      morgenstern@butzel.com
      230 Park Avenue, Suite 850
      New York, New York 10169
      (212) 818-1110
      (212) 818-0494 (Facsimile)

STRASBURGER & PRICE, LLP

By:  /s/ Edward F. Valdespino
      Edward F. Valdespino
      edward.valdespino@strasburger.com
      Andrew L. Kerr
      andrew.kerr@strasburger.com
      300 Convent Street, Suite 900
      San Antonio, Texas  78205
      (210) 250-6000
      (210) 250-6100 (Facsimile)

**COUNSEL FOR THE OFFICIAL STANFORD
INVESTORS COMMITTEE**

## <u>CERTIFICATE OF SERVICE</u>

On January 26, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I will serve Defendants individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.


<u>/s/Peter D. Morgenstern</u>
Peter D. Morgenstern

**RESPONSE TO MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**          **12**