IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford Receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br>                    *Plaintiffs*,<br><br>v.<br><br>GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ,<br>                    *Defendants*. | § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12cv4641-N |

___

**DEFENDANT YOLANDA SUAREZ'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**
___

Defendant Yolanda Suarez ("Defendant") files this Answer to Plaintiffs' Original Complaint and would respectfully show the Court as follows:

I.

**ANSWER**

**General Response to Allegations:**

The vast majority of the allegations contained in over 450 paragraphs of this Complaint relate to events, documents or perceptions involving people other than Defendant. Accordingly, she has no basis to admit or deny the allegations. For those relatively few paragraphs that mention Defendant Suarez, nearly all of the allegations relate to email and other correspondence that Defendant does not have, nor has she seen for many years. Defendant's ability to admit or deny quotes from documents or meetings is frustrated by the passage of time (in some cases, more than

twenty years) and her lack of access to the documents. Defendant reserves the right to clarify or amend her answers should the documents or context of these alleged communications be made available to her.

**Specific Responses to Allegations:**

1. Defendant admits that entities and individuals named in Paragraphs 1- 5 and 7-8 are parties to this Complaint, but otherwise lacks knowledge sufficient to admit or deny the citizenship or corporate status of the entities.

2. The statements of Paragraph 6 require no response. To the extent that they require a response, Defendant denies them for lack of knowledge or information sufficient to form a belief.

3. Defendant admits Paragraph 9.

4. Defendant denies the statements that appear to be quotations under the heading "Overview of Case" for lack of knowledge or information sufficient to form a belief.

5. Defendant denies the allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief.

6. Defendant denies the allegations in Paragraphs 11-12 for lack of knowledge or information sufficient to form a belief.

7. Defendant is unsure what Plaintiffs are referring to when they use the term "Stanford Financial Group" as that term has not been defined by Plaintiffs, but admits that she became General Counsel to Stanford Financial Group Limited. Defendant otherwise denies the allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief.

8. Defendant denies the allegations in Paragraphs 14-16 for lack of knowledge or information sufficient to form a belief.

9. Defendant admits that she lived in Houston, Texas but otherwise denies the allegations in Paragraph 17.

10. The allegations in in Paragraphs 18-22 require no response because they are legal

conclusions. To the extent a response is required, Defendant denies the allegations for lack of knowledge or information sufficient to form a belief.

11. Defendant denies the allegations in Paragraphs 23-39 for lack of knowledge or information sufficient to form a belief.

12. Defendant admits that SIBL filed a Form D with the SEC for a Regulation D exemption, but otherwise denies the allegations of Paragraph 40.

13. Defendant denies the allegations in Paragraph 41- 86 for lack of knowledge or information sufficient to form a belief.

14. Defendant denies the allegations in Paragraphs 87-91 for lack of knowledge or information sufficient to form a belief. Additionally, Defendant does not have a recollection of the memo referenced in Paragraph 87, so she is unable to admit or deny the allegations related to that memo.

15. Defendant does not have a specific recollection of the communication referenced in Paragraphs 92-94, so she is unable to admit or deny the allegations in these Paragraphs.

16. Defendant denies the allegations in Paragraphs 95-100 for lack of knowledge or information sufficient to form a belief.

17. Defendant does not have a specific recollection of the communication referenced in Paragraph 101, so she is unable to admit or deny the allegations in this Paragraph.

18. Defendant denies the allegations in Paragraphs 102-106 for lack of knowledge or information sufficient to form a belief.

19. Defendant does not have a specific recollection of the communication referenced in Paragraph 107, so she is unable to admit or deny the allegations in this Paragraph.

20. Defendant denies the allegations in Paragraphs 108-115 for lack of knowledge or information sufficient to form a belief.

21. Defendant does not have a specific recollection of the communication referenced in Paragraphs 116-118, so she is unable to admit or deny the allegations in these Paragraphs.

22. Defendant denies the allegations in Paragraphs 119-124 for lack of knowledge or

information sufficient to form a belief. Suarez lacks any recollection of newspaper articles dating back 19 years and, as a result, can neither admit nor deny the allegations regarding the articles.

23. Defendant does not have a specific recollection of the communication referenced in Paragraph 125, so she is unable to admit or deny the allegations in this Paragraph.

24. Defendant denies the allegations in Paragraphs 126-136 for lack of knowledge or information sufficient to form a belief.

25. Defendant denies the allegation in Paragraph 137 that SGC's primary mission was to refer customers to SIBL, and lacks knowledge or information sufficient to deny the remaining allegations.

26. Defendant denies the allegations in Paragraph 138 for lack of knowledge or information sufficient to form a belief.

27. Defendant denies the allegations in Paragraphs 139-140 for lack of knowledge or information sufficient to form a belief.

28. Defendant does not have a specific recollection of the communication referenced in Paragraphs 141-142, so she is unable to admit or deny the allegations in these Paragraphs.

29. Defendant denies the allegations in Paragraphs 143-157 for lack of knowledge or information sufficient to form a belief.

30. Defendant does not have a specific recollection of the communication referenced in Paragraph 158, so she is unable to admit or deny the allegations in this Paragraph.

31. Defendant denies the allegations in Paragraphs 159-163 for lack of knowledge or information sufficient to form a belief.

32. Defendant does not have a specific recollection of the communication referenced in Paragraph 164, so she is unable to admit or deny the allegations in this Paragraph.

33. Defendant denies the allegations in Paragraphs 165-166 for lack of knowledge or information sufficient to form a belief.

34. Defendant does not have a specific recollection of the communication referenced in

Paragraph 167, so she is unable to admit or deny the allegations in this Paragraph.

35. Defendant denies the allegations in Paragraph 168 for lack of knowledge or information sufficient to form a belief.

36. Defendant does not have a specific recollection of the communications referenced in Paragraphs 169-70, so she is unable to admit or deny the allegations in these Paragraphs. In addition, Defendant lacks knowledge to admit or deny the other allegations concerning what reasons Greenberg had for its alleged actions.

37. Defendant denies the allegations in Paragraph 171-185 for lack of knowledge or information sufficient to form a belief.

38. Suarez admits that she was an initial director of STC, but lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 186.

39. Defendant denies the allegations in Paragraph 187-191 for lack of knowledge or information sufficient to form a belief.

40. Defendant does not have a specific recollection of the communications referenced in Paragraphs 192-98, so she is unable to admit or deny the allegations in these Paragraphs.

41. Defendant denies the allegations in Paragraph 199-201 for lack of knowledge or information sufficient to form a belief.

42. Defendant    202-203

43. Defendant does not have a specific recollection of the communications referenced in Paragraphs 204-206, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications. Defendant denies all other allegations.

44. Defendant denies the allegations in Paragraph 207-208 for lack of knowledge or information sufficient to form a belief. Defendant further denies that she turned to Greenberg "to help make that happen."

45. Defendant does not have a specific recollection of the communications referenced in Paragraphs 209-213, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications.

46. Defendant denies the allegations in Paragraph 214-237 for lack of knowledge or information sufficient to form a belief.

47. Defendant    238-39

48. Defendant denies the allegations in Paragraph 240-246 for lack of knowledge or information sufficient to form a belief.

49. Defendant does not have a specific recollection of the communications referenced in Paragraphs 247-248, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications.

50. Defendant denies the allegations in Paragraph 249-293 for lack of knowledge or information sufficient to form a belief.  Defendant has no recollection of the article referenced in paragraph 256.

51. Defendant does not have a specific recollection of the communications referenced in Paragraph 294, so she is unable to admit or deny the allegations in this Paragraph concerning the communications.

52. Defendant does not have a specific recollection of the communications referenced in Paragraph 295, so she is unable to admit or deny the allegations in this Paragraph concerning the communication.

53. Defendant denies the allegations in Paragraphs 296-301 for lack of knowledge or information sufficient to form a belief.

54. Defendant admits Paragraph 302.

55. Defendant denies the allegations in Paragraphs 303-304 for lack of knowledge or information sufficient to form a belief, other than admitting that Loumiet attend the Advisory Board meeting in New York.

56. Defendant denies the allegations in Paragraphs 305-06 for lack of knowledge or information sufficient to form a belief, except Defendant admits that Loumiet asked for decorations.

57. Defendant denies the allegations in Paragraphs 307-310 for lack of knowledge or

information sufficient to form a belief, except with regard to documents that Defendant cannot admit or deny as she does not have the documents in her possession and cannot recall their contents.

58. Defendant denies the allegations in Paragraphs 311-318 for lack of knowledge or information sufficient to form a belief.

59. Defendant denies the allegations in Paragraph 320 for lack of knowledge or information sufficient to form a belief.

60. Defendant admits the allegations of Paragraph 321 that she contacted Loumiet and asked him to travel to Mexico.  Defendant denies the remaining allegations of this Paragraph.

61. Defendant denies the allegations in Paragraphs 322-324 for lack of knowledge or recollection sufficient to form a belief.

62. Defendant denies the allegations in Paragraphs 325-337 for lack of knowledge or information sufficient to form a belief.

63. Defendant denies the allegations in Paragraph 338 for lack of knowledge or information about Hunton's internal matters sufficient to form a belief.

64. Defendant denies the allegations in Paragraphs 339-349 for lack of knowledge or information sufficient to form a belief.

65. Defendant denies the allegations in Paragraphs 350-351 for lack of knowledge or information sufficient to form a belief, except Defendant neither admits nor denies that she attended the meeting referenced in Paragraph 350 or the email in Paragraph 351 because she has no recollection of those communications.

66. Defendant denies the allegations in Paragraph 352 for lack of knowledge or information sufficient to form a belief.

67. Defendant denies the allegations in Paragraphs 353 for lack of knowledge or recollection sufficient to form a belief.

68. Defendant denies the allegations in Paragraphs 354-364 for lack of knowledge or information sufficient to form a belief.

69. Defendant is unable to admit or deny the allegations in Paragraph 365 because she does not recall the communication referenced in the allegation.

70. Defendant denies the allegations in Paragraphs 366-378 for lack of knowledge or information sufficient to form a belief.

71. Defendant is unable to admit or deny the allegations regarding the communications in Paragraph 379 as she has no recollection of the communications.  She otherwise denies the remaining allegations because for lack of knowledge or information sufficient to form a belief.

72. Defendant denies the allegations in Paragraphs 380-392 for lack of knowledge or information sufficient to form a belief.

73. Defendant admits the allegation in Paragraph 393 that she resigned but otherwise denies the remaining allegations.

74. Defendant denies the allegations in Paragraphs 394-402 for lack of knowledge or information sufficient to form a belief.

75. The allegations in Paragraphs 403-428 require no response because they are legal conclusions.  To the extent that a response is required, Defendant denies them for lack of knowledge or information sufficient to form a belief.

76. The allegations in Paragraphs 429-459  require no response because they are Class Claims against Defendants Greenberg and Hunton and are not claims brought against Defendant Suarez.  Moreover, the allegations require no response because they are legal conclusions.  To the extent that a response is required, Defendant denies them for lack of knowledge or information sufficient to form a belief.

77. The allegations in Paragraphs 460-462 require no response because they are legal conclusions.  To the extent that a response is required, Defendant denies them for lack of knowledge or information sufficient to form a belief.

## II.

## AFFIRMATIVE DEFENSES

78. Plaintiffs' claims are barred because of the doctrines of release, waiver, unclean hands, *in pari delicto* and other related equitable doctrines.

79. Plaintiffs' claims are barred because Plaintiffs' own acts or omissions caused or contributed to their injury.

80. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, doctrine of laches and/or repose.

81. Plaintiffs lack standing in whole or in part to assert the claims set forth in the Complaint.

82. Plaintiffs fail to state a claim upon which relief can be granted for the reasons set forth in Defendant's previously-filed motion to dismiss.

83. The Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

84. Plaintiffs' claims are barred because the claims and damages alleged in the Complaint were in whole or in part the proximate result of acts or omissions of market conditions, third parties or parties for which Defendant is neither liable nor responsible. Plaintiffs' damages, if any, were the sole proximate cause of independent, intervening or superseding actions over which Defendant had no control and for which she cannot be held liable.

85. Defendant did not act with knowledge or scienter. At all times, Defendant acted in good faith and with due care.

86. Plaintiffs did not exercise due care and diligence and/or did not reasonably protect themselves from their losses or damages.

87. Plaintiffs cannot establish that any conduct of Defendant caused them any injury in fact.

88. Plaintiffs were not damaged by any conduct of Defendant.

89. Under comparative responsibility, contribution and indemnification principles set forth in applicable federal and state law, persons or entities other than Defendant (including various Responsible Third Parties that Defendant may designate before trial under Tex.Civ.Prac. & Rem. Code §33.004) are responsible, in whole or in part, for damages alleged by Plaintiffs. Plaintiffs' claim for damages, if any were incurred, must be reduced and/or eliminated in

proportion to the extent to which such damages were caused by the negligence or other fault of persons other than Defendant.

90. Plaintiffs' claims for damages, if any were incurred, must be reduced and/or eliminated in proportion to the extent that such damages were caused by Plaintiffs' own negligence or fault.

91. Plaintiffs' claims for damages, if any were incurred, must be reduced and/or eliminated to the extent to which Plaintiffs have received compensation from any other source.

92. Plaintiffs' claims are barred by the doctrine of equitable estoppel. The Receivership's predecessor-in-interest concealed and/or made a false representation of material facts, with the knowledge that the representations were false, with the intent to induce Defendant to act on the concealment and/or misrepresentation. Defendant had no reasonable means to determine the truth. Defendant relied to her detriment on the concealment and/or misrepresentation. Therefore the Receiver is estopped from asserting its claims.

93. The Receivership's predecessor-in-interest made false, material representations to Defendant, with the knowledge that the representations were false and the intent to induce Defendant to act on those representations. Defendant did act in reliance upon the false, material representations and, as a result, suffered damages.

94. To the extent that Defendant is liable to the Receivership for its claims, that amount should be offset by the harm to Defendant from the fraud and fraudulent inducement of the Receiver's predecessor-in-interest.

95. Defendant relied upon the advice of counsel.

96. Defendant adopts and incorporates herein by reference any and all additional defenses asserted by other defendants in this action that are not inconsistent with the allegations or defenses set forth herein.

WHEREFORE, Defendant prays for judgment as follows:

1. For a judgment and decree dismissing the Complaint with prejudice;

2. For a judgment and decree awarding costs, including attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  March 2, 2015               Respectfully submitted,

**STANLEY, FRANK & ROSE, LLP**

 */s/ Michael J. Stanley*
Michael J. Stanley
mstanley@stanleylaw.com
State Bar No. 19046600
Federal Bar No. 13283
7026 Old Katy Road, Suite 259
Houston, Texas 77056
 (713) 980-4381
(713) 980-1179 fax

Attorney for Yolanda Suarez

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, I electronically filed the foregoing motion with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means. Copies will be sent to those indicated as non-registered participants by U.S. Mail or facsimile at the addresses of their counsel of record or last known residence.

 */s/ Michael J. Stanley*
Michael J. Stanley