## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-04641-N |
| Plaintiffs, | | |
| vs. | | |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ, | | |
| Defendants. | | |

---

## PLAINTIFFS' OPPOSED MOTION FOR ENTRY OF A DISCOVERY SCHEDULING ORDER IN CONNECTION WITH THE RECEIVER AND COMMITTEE CLAIMS AND TO DEFER CLASS CERTIFICATION SCHEDULING UNTIL THE DETERMINATION OF CLASS CERTIFICATION ISSUES IN RELATED ACTION

---

Plaintiffs Ralph S. Janvey, in his capacity as Court-appointed receiver for the Stanford Receivership Estate (the "Receiver"), The Official Stanford Investors Committee ("OSIC"), Sandra Dorrell, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, hereinafter, the "Class Plaintiffs", and together with the Receiver and OSIC, "Plaintiffs"), hereby file this Opposed motion for the entry of a discovery scheduling order in connection with Receiver's and OSIC's claims, and to defer entry of a class certification

scheduling order until the determination of class certification issues in related action(s), and respectfully show the Court as follows:

## PRELIMINARY STATEMENT

Through the instant Motion Plaintiffs seek to move this case forward in a manner that maximizes judicial economy and facilitates the expeditious disposition of the Estate (Receiver and OSIC) claims asserted in this lawsuit.  Although this case has been pending for almost three years, to date there has been no merits discovery, and the Court has not yet entered a discovery scheduling order concerning either the claims asserted by the putative class (the "Class Claims") or the claims asserted by the Receiver and OSIC (the "Estate Claims").  Now that the Court has denied, for the most part, the Defendants' motions to dismiss the complaint, merits discovery on the Estate Claims should proceed without any further delay.  The Court should enter a discovery scheduling order for the Estate Claims as soon as possible pursuant to FED. R. CIV. P. 16(b) ("Rule 16(b)").

At the same time, in order to conserve judicial resources, Plaintiffs request that the Court defer or stay consideration of class certification of the Class Claims until the Court disposes of the Motion for Class Certification currently pending before it in the *Troice v. Proskauer Rose*. While Plaintiffs recognize that in other Stanford-related actions the Court has entered class certification scheduling orders and has deferred merits discovery pending the conclusion of the class certification process,[1] Plaintiffs respectfully submit that this approach would hinder rather advance a resolution of this action given the unique procedural posture of this case and the class certification process underway in the related cases.  Indeed, the Court is also currently considering class certification in *Troice v. Willis,* Case No. 3:09-cv-1274*,* currently, and in the

---

[1]      Notably, in these other actions the Court's class certification scheduling order was entered before the Court

next few months the Court will be receiving additional class certification briefing and evidence in the class action lawsuit against various banks, *Rotstain v. Trustmark National Bank, et al.*, Case No. 3:09-cv-2384, as well as the class action lawsuit against Pershing, *Turk et al. v. Pershing*, Case No. 3:09-cv-02199.

Requiring the Receiver and OSIC to wait to pursue discovery – including depositions – on their claims until after the class certification process is completed in this case would simply be duplicative of the efforts already underway to determine class certification issues in the related, and substantially similar, case of *Troice et al. v. Proskauer Rose, LLP et al.*, Case No. 3:09-cv-01600-N-BG ("*Proskauer*").   Because the legal theories and class certification issues underpinning the *Proskauer* case are substantially similar to those present in this action (for example, both hinge on the lawyers' alleged conduct in aiding Stanford to evade regulatory scrutiny in the U.S.), judicial economy dictates that the parties will be far better served by a deferral of the class certification process in this case so that they can be informed and guided by the Court's class certification ruling in *Proskauer*.

As the Court is aware, discovery and briefing on the motion for class certification in *Proskauer* is complete and the motion is *sub judice*.   Any delay of the class certification process in this case pending a determination of the class certification issues in *Proskauer* is therefore not expected to be long.

In the meantime, merits discovery on the Estate Claims should proceed without any further delay, reserving the scheduling of a trial date for a later time.   Engaging in merits discovery now on the Estate Claims will not prejudice the Defendants because merits discovery on the claims asserted in this case will eventually take place whether or not a class is ultimately certified in light of the Court's determination that the Estate Claims will proceed to trial.

Furthermore, merits discovery will benefit all parties by allowing for a more informed class certification process.  Discovery conducted in respect of the Estate Claims will not be duplicative and will necessarily apply to the Class Claims, and will provide the parties and the Court with a more complete picture of the relevant issues when the class certification process is ultimately litigated.

Indeed the Court has allowed merits discovery to proceed (and even set a trial date) on Estate claims in a related case, despite the pendency of Investor class claims.  In *Janvey v. Adams & Reese, LLP, et al.*, Case No. 3:12-cv-00495, the Court entered a Scheduling Order [Docs. # 66 and 149 (amended) in that case] setting discovery deadlines and a trial date (currently set for August of this year) notwithstanding the pendency of investor class claims against the same law firm defendants in *Wilkinson, et al. v. Breazeale, Sachse, & Wilson, LLP*, Case No. 3:11-cv-00329.  The Estate *and* investor claims against the two law firms Adams & Reese and Breazeale, Sacshe & Wilson have since been resolved via a proposed settlement that this Court has been asked to approve.  *See* Case No. 3:09-cv-0298 [Doc. Nos. 2134, 2135] (motion seeking approval of settlement and supporting appendix); [Doc. No. 2145] (setting schedule to consider settlement approval).

While the Estate and investor claims against Adams & Reese and Breazeale, Sacshe & Wilson cases were filed as separate cases, conceptually the same arguments for staying discovery on one set of claims and pursuing class certification first before allowing discovery on the Estate claims, are the same arguments that Defendants will make here.  Moreover, if the Court views the divisions of the claims into two separate cases to be a major distinction, Plaintiffs will gladly move to sever the Estate Claims from the Class Claims herein.

Accordingly, given the procedural posture of this case and the parallels with the class

certification briefing in *Proskauer*, Plaintiffs request that the Court order merits discovery to proceed on the Estate Claims, and defer entering a class certification scheduling order until after the Court' reaches a decision on class certification in *Proskauer*.

## BACKGROUND

In the present action, the Plaintiffs allege that Carlos Loumiet, an attorney who served as Stanford's primary outside counsel and who was employed during the relevant period, first by Defendant Greenberg Traurig, LLP and later by Defendant Hunton & Williams, LLP (collectively, the "Law Firms") was a knowing and active participant in critical aspects of Stanford's long-standing regulatory fraud.  The Plaintiffs allege, among other things, that the Law Firms provided deficient and negligent legal services to the Stanford Entities, established an anti-regulatory program whereby the Stanford Entities could operate the Ponzi scheme without detection and regulatory scrutiny, and otherwise aided and abetted the fraud.  The Plaintiffs make similar allegations against Yolanda Suarez ("Suarez"), the Stanford Entities' general counsel and later, Stanford's personal chief of staff.

The Receiver, OSIC, and the Class Plaintiffs jointly filed their Complaint on November 15, 2012 [Doc. 1.]  The Receiver and OSIC state claims against the Law Firms for:

- Negligence (Complaint [Doc.1] ¶ 407);
- Aiding, Abetting, or Participation in Breaches of Fiduciary Duty (*id.* ¶¶ 408-410);
- Breaches of Fiduciary Duty (*id.* ¶¶ 411-413);
- Fraudulent Transfer/Unjust Enrichment (*id.* ¶¶ 414-425);
- Aiding, Abetting, Participation in Fraudulent Transfers (*id.* ¶¶ 426-427); and
- Negligent Retention/Negligent Supervision (*id.* ¶ 428).[2]

The Class Plaintiffs also state claims against the Law Firms for:

---

[2]     The Receiver and OSIC state identical claims against Suarez, with the exception of the fraudulent transfer and negligent retention causes of action.

- Aiding and Abetting Violations of the Texas Securities Act (*id.* ¶¶ 441-451);
- Participation in/Aiding and Abetting Breach of Fiduciary Duty (*id.* ¶¶ 452-454);
- Aiding and Abetting/Participation in a Fraudulent Scheme (*id.* ¶ 455); and
- Civil Conspiracy (*id.* ¶¶ 456-458).

While the Estate Claims and the Class Claims are based on a similar nucleus of facts and circumstances, the claims are distinct and require different levels of proof.  For example, the Receiver's malpractice claims are premised on a negligence standard, while the investor claims are premised for the most part on a "recklessness" standard.

By Orders dated December 17, 2014 [Doc. 114], and February 4, 2015 [Doc. 123], the Court denied, in large part, the Defendants' motions to dismiss the Estate Claims and the Class Claims.[3]  Consequently, the parties are now prepared for the next phases of this long-standing litigation: merits discovery and class certification.

The claims alleged in the present action are similar to those alleged in *Proskauer*, another putative class action brought by Stanford CD investors against certain law firms.

In *Proskauer*, the class plaintiffs allege that the defendant law firms, acting through Thomas Sjoblom, along with former Stanford General Counsel Mauricio Alvarado, assisted Stanford to perpetrate a regulatory obstruction and evasion conspiracy, and to commit fraud on United States regulators.  *See* Case No. 3:09-cv-01600-N-BG [Doc. 6].  As part of this regulatory conspiracy, the *Proskauer* defendants, like the Defendants herein, aided and abetted Stanford's

---

[3]     The Court dismissed only (i) the Receiver's and OSIC's claims for aiding and abetting fraudulent transfers against all the Defendants; (ii) the Receiver's and OSIC's claims for breach of fiduciary duty against the Law Firms; (iii) the Class Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of unregistered securities and the sale of securities by an unregistered dealer arising from sales taking place prior to February 1, 2008; (iv) and the Class Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of securities through untruth or omission arising from sales taking place prior to February 1, 2006.

fraud and violations of the Texas Securities Act through sales of unregistered securities by an unregistered dealer, among other violations.  *Id.* at ¶¶ 56-84.

The putative class' motion for class certification in *Proskauer* is fully briefed and pending before the Court.  *See* Case No. 3:09-cv-01600-N-BG [Docs. 192-199].  Accordingly, and as argued below, the class certification process here should be deferred pending resolution of the class certification motion in *Proskauer*, and the Court should enter a scheduling order in connection with the Estate Claims so that this case can proceed in an expeditious and orderly fashion.

## ARGUMENT

### THE COURT SHOULD ENTER A DISCOVERY SCHEDULING ORDER IN CONNECTION WITH THE ESTATE CLAIMS AND DEFER CLASS CERTIFICATION UNTIL A RULING ON CLASS CERTIFICATION IN *PROSKAUER*

FED. R. CIV. P. 1 requires that the rules be applied to "secure the just, speedy, and inexpensive determination of every action and proceeding."

FED. R. CIV. P. 16(b)(2) states that a scheduling order must issue "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared."

A district court has the inherent power to control its own docket, including the power to stay proceedings before it.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"A court may stay an action, pending resolution of independent proceedings which bear upon the case, regardless of whether the parallel proceedings are judicial, administrative, or arbitral in character." *Dresser v. Ohio Hempery, Inc.*, Case No. 98-2425, 2010 WL 3720420, at *2 (E.D. La. Sep. 13, 2010) (citing and quoting *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). "The rule does not require that the issues in the other proceedings necessarily control the action before this Court." *Id*.

Here, in the first instance, Plaintiffs simply request that the Court enter a scheduling order in connection with the Estate Claims pursuant to Rule 16(b) so that this action – which has now been pending for almost three years – can finally proceed in a substantive manner.  Because the Court has largely denied the Defendants' motion to dismiss the complaint [*see* Docs. 114, 123], merits discovery should proceed.[4]  Indeed, merits discovery on the Estate Claims will happen eventually regardless of whether the Court certifies a class.  *See Stavroff v. Midland Credit Management Inc.*, No. 3:05–CV–127 AS, 2005 WL 6329149 (N.D. Ind. Jun. 8, 2005) (bifurcating merits discovery from class certification and staying class certification until the completion of merits discovery on liability).  There is no good reason for any further delay.

Indeed, proceeding with merits discovery will also assist the parties in the subsequent class certification process.  As is often the case, "there is not always a bright line" between issues raised at the class certification stage and "discovery into the merits" of the class' claims. MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.14 (2014); *see also id.* ("Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that

---

[4]     The Court need not set a trial date in its scheduling order.  The parties can request a trial date once merits discovery is complete and the Court determines whether a class will be certified.  The Estate Claims and the Class Claims can then be tried together.

current class certification practice emphasizes."); *Ryan v. Floweserve Corp.*, No. 3:03-CV-1769-B, 2006 WL 2079330, at *2 (N.D. Tex. May 31, 2006) ("the Court has not bifurcated discovery in the instant case, so the parties must engage in class certification discovery and merits discovery simultaneously.").  The Estate Claims and the Class Claims are based on the same set of acts and omissions committed by the Defendants, which give rise to different forms of damages and different causes of action.  Discovery on the Estate Claims will necessarily overlap with the facts underlying the Class Claims, and will therefore inform the class certification process.    And Plaintiffs have informed Defendants that they will agree that any discovery performed on the Estate Claims can be used by both parties with respect to the Class Claims, thereby obviating any concerns about duplicative discovery.

While merits discovery proceeds on the Estate Claims, the Court should defer entering a class certification scheduling order pending its decision on the plaintiffs' motion for class certification in the related *Proskauer* case.  The two cases are thematically similar.  Both involve claims by a putative class of Stanford CD-investors against lawyers and law firms that actively assisted the Stanford Entities in evading regulatory scrutiny and selling fraudulent CDs in violation of the Texas Securities Act and Texas common law.  Thus, the Court's consideration and application of the requirements for class certification under Fed. R. Civ. P. 23(a) in both cases should be similar.

Indeed, the manner in which the Court considers and analyzes the elements of Rule 23(a) and related case law in *Proskauer* should have a close bearing on how the Court applies those elements here.  Although there are factual differences between the two cases, it cannot possibly be disputed that the class certification process in the present case will be better informed by an understanding as to how the Court considers the plaintiffs' motion for class certification in

*Proskauer*.  There is no good reason why class certification in this case should proceed with potentially duplicative briefing until the similar issues in *Proskauer* are first clarified and determined by the Court.

### PRAYER

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter a discovery scheduling order in connection with the Estate Claims, and defer entry of a class certification scheduling order pending resolution of the class certification issues in the *Proskauer* case.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
  Edward C. Snyder
  esnyder@casnlaw.com
  Jesse R. Castillo
  jcastillo@casnlaw.com
  300 Convent Street, Suite 1020
  San Antonio, Texas  78205
  (210) 630-4200
  (210) 630-4210 (Facsimile)

**NELIGAN FOLEY, LLP**

By: */s/ Douglas J. Buncher*
  Nicholas A. Foley
  nfoley@neliganlaw.com
  Douglas J. Buncher
  dbuncher@neliganlaw.com
  Republic Center
  325 N. St. Paul, Suite 3600
  Dallas, Texas  75201
  (214) 840-5320
  (214) 840-5301 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
  Peter D. Morgenstern (*admitted pro hac vice*)
  morgenstern@butzel.com
  230 Park Avenue, Suite 850
  New York, New York 10169
  (212) 818-1110
  (212) 818-0494 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Edward F. Valdespino*
  Edward F. Valdespino
  edward.valdespino@strasburger.com
  Andrew L. Kerr
  andrew.kerr@strasburger.com
  300 Convent Street, Suite 900
  San Antonio, Texas  78205
  (210) 250-6000
  (210) 250-6100 (Facsimile)

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with Defendants' counsel on multiple occasions during May 2015, regarding the relief requested herein.  Defendants' counsel have indicated that they oppose the relief requested in Plaintiffs' instant motion.

*/s/Edward C. Snyder*
Edward C. Snyder

## CERTIFICATE OF SERVICE

On June 2, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

*/s/ Peter D. Morgenstern*
Peter D. Morgenstern