IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford Receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, <br><br>         Plaintiffs, <br>v. <br><br>GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, <br><br>         Defendants. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12cv4641-N |

**GREENBERG TRAURIG, LLP's RESPONSE TO PLAINTIFFS'
MOTION FOR ENTRY OF A DISCOVERY SCHEDULING ORDER AND
TO VOLUNTARILY DEFER OR STAY THEIR CLASS COMPLAINT**

Greenberg Traurig, LLP files this response to Plaintiffs' motion for entry of a discovery scheduling order and motion to defer or stay class certification (Dkt. 131) and states as follows.

## Overview

Greenberg Traurig is an international full-service law firm. It was one of over twenty law firms that provided legal services for Stanford companies. Former Greenberg Traurig and later Hunton & Williams attorney Carlos Loumiet is a respected international business lawyer. He provided legal services to Stanford-owned businesses that were proper, ethical and aboveboard. He advised Stanford to

deal openly with depositors, make full disclosures and comply with all applicable laws. Greenberg Traurig attorneys drafted new laws for Antigua which, if enforced, would have actually prevented the Stanford fraud.

The Texas Supreme Court says that one "must be aware of the primary violator's improper activities before it may be held liable for assisting in the securities violation." *Sterling Trust Company v. Adderly*, 168 S.W.3d 835, 841 (Tex. 2005). In the criminal trials the United States proved that only Stanford and a handful of insiders knew of his fraud, and announced on the record that "Loumiet has nothing involved." Case 4:09-cr-00342, Dkt. 701 p. 4039 (Feb. 8, 2012) (statement of Gregg J. Costa, prosecutor of Allen Stanford and now Judge of the Fifth Circuit). Plaintiffs concede that Loumiet, Greenberg Traurig and Hunton & Williams *did not know of Stanford's fraud*. *See, e.g.*, Dkt. 99 p. 2. They maintain that the law firms should be jointly and severally liable for the billions of dollars Stanford stole under the implausible theory that they were at the same time aware of Stanford's fraud, knowingly aided it, and didn't know about it.

**Plaintiffs Have Renounced a Class Action**

Plaintiffs originally sought a class action but have now taken the position that a class is neither necessary nor appropriate. In the *Adams & Reese* and *BDO* settlement motions Plaintiffs assert that (1) the OSIC has standing to pursue litigation claims on behalf of Stanford investors without an investor class and (2) the presentment of claims by the Receiver and OSIC alone, along with the ability of Stanford investors to participate in the Receiver's claims process, adequately protects the Stanford investors and is *superior* to a class action:

"4.     On August 10, 2010, this Court entered its order creating the Official Stanford Investors Committee ("OSIC"). Doc. No. 1149 (the "Committee Order"). The Committee Order directs OSIC to represent the creditors of the Receivership Estate "who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL." Committee Order at 2. The Committee Order confers upon OSIC the right to investigate and pursue claims on behalf of the Stanford investor victims and the Receivership Estate (by assignment from the Receiver). This Court has recognized OSIC's standing to pursue litigation claims such as the claims against the Settling Defendants that are the subject of the settlement. *See* September 24, 2012 Order, Dkt. No. 33, in *Janvey & Official Stanford Investors Committee v. IMG Worldwide Inc. & Int'l Players Championship, Inc.*, Civ. Action No. 3:11-CV-0117-N, at pp. 4-6 (OSIC has standing to pursue claims based on the Court's grant of such authority to OSIC as an association representing the interests of the Stanford investors).

…

21.    The Investor Plaintiffs also support the settlement and believe it is in the best interests of all Stanford investors, and request that the Court approve it. As part of the settlement, the Investor Plaintiffs have agreed to dismiss the Investor Lawsuit with prejudice. All Stanford investors have been given notice of the Receivership and the claims process, and the vast majority of them have filed claims and are participating in the Receivership distribution process. The settlement therefore "permits [Stanford Investors] to pursue their claims by 'participating in the claims process for the Receiver's ultimate plan of distribution for the Receivership Estate.'" *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013). There would be uncertainty and delay in certifying a settlement class involving all Stanford investors who reside in multiple countries throughout the world, and such a class would, at any rate, be duplicative of the investors who are already participating in the Receivership claims and distribution process. It is far more efficient and saves substantial costs to distribute the settlement funds through the court-approved Receivership distribution process rather than create an entirely separate and parallel class action settlement distribution process. Moreover, a class action settlement process would result in substantial delay and less money flowing to investors. The Receivership settlement and bar order, together with a dismissal of the Investor Lawsuit, protects all interested parties, both the Defendants and the Stanford investors."

*Expedited Request for Entry of Scheduling Order and Motion to Approve Settlement*, no. 3:09-cv-00298-N (Dkt. 2134)(May 12, 2015). On the basis of these and other representations the Court granted the request for a Scheduling order including notice to and a fairness hearing for all Stanford investors without a class action. *Id. at* Dkt. 2145.

Plaintiffs also take the position that the misnamed "Receivership Estate"[1] can seek the same damages being sought by the putative class. *See, e.g., Response to Defendants' Motion to Amend the Court's Order on Motions to Dismiss* (Dkt. 120 p. 2). The Court declined to dismiss the duplicate damages claim (Dkt. 114) or certify the question for interlocutory appeal (Dkt. 125).

To date the putative class has taken no action in this case to pursue class certification. Suit was filed in November 2012. The Supreme Court resolved questions over SLUSA in February 2014. The following month the putative class moved for scheduling orders in other cases[2] but let this case lie dormant. Plaintiffs now move for a partial scheduling order. They urge the Court to allow discovery on Estate Claims to commence without further delay but request to voluntarily "defer or stay" the dormant class complaint.

Plaintiffs remain in longstanding violation of local rules, which require that:

> "Within 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for certification."

---

[1] An estate is either an interest in property (like a life estate) or a collection of assets (like a decedent's estate). It is not a person.
[2] *Troice v. Willis*, no. 3:09-cv-01274-N-BG (Dkt. 179)(March 19, 2014); *Troice v. Proskauer*, no. 3:09-cv-1600 (Dkt. 125) (March 28, 2014).

NO. DIST. TEX. L. R. 23.2. Plaintiffs' failure to timely file a motion to certify is sufficient grounds to deny certification. *See, e.g., Washington v. Vogel*, 158 F.R.D. 689, 692 (M.D. Fla. 1994)(denying certification where amended motion filed outside time set out in local rule); *Kerkhof v. MCI Worldcom Inc.*, 282 F.3d 44, 54 (1st Cir. 2002) (no abuse of discretion in denying class certification where plaintiff delayed filing motion).

**Response to Motion to Stay Class Claims**

Plaintiffs have effectively abandoned their class complaint. Their failure to timely pursue class certification, positional conflicts, and judicial admissions that there is no need for a class render the class pleading moot.

Plaintiffs declare that pursuing class claims in this case would be "duplicative of the efforts already underway to determine class certification issues in the related, and substantially similar, case of *Troice et al. v. Proskauer Rose*." That claim is unsupported and frivolous. The cases are not related except that plaintiff Samuel Troice and the putative class (but not Greenberg or Hunton) are plaintiffs in *Proskauer*. The claims are unique to each case and neither the class issues nor defendants' responses have been identified or briefed in this case.

What to do? At an appropriate time the request for class certification can be voluntarily dismissed as it was in *Adams & Reese* and *BDO*. Or it can be stricken or denied by the Court either now or at a later date. *See, e.g, Bearden v. Honeywell Int'l, Inc.*, 720 F. Supp. 2d 932, 942 (M.D. Tenn. 2010)(Rule 23 authorizes the court to require that the complaint be amended to eliminate class allegations).

For these reasons Greenberg does not oppose plaintiffs' request to voluntarily stay their class complaint, in the expectation that it will never come back.

### The Individual Plaintiffs Are Not Subject To A Stay

The motion does not address plans for Plaintiffs Sandra Dorrell, Samuel Troice and Michoacan Trust, who filed this suit both individually and as putative class representatives.  No grounds are offered for staying the fraud claims of the investor plaintiffs and there are none.  The individual plaintiffs and their claims are subject to discovery and should be included in whatever scheduling order the Court enters. *See* James Moore, 5-23 MOORE'S FEDERAL PRACTICE - CIVIL § 23.85 (3d ed. 2015).

### The Need For A Telephonic Status Conference With The Court

Plaintiffs ask for a scheduling order without any particulars other than a stay of their class claims.  Their proposed order states only that their nonspecific request be "granted."  Rule 16 calls for the Court to issue a scheduling order "after receiving the parties' report under Rule 26(f); or after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means."  Rule 16(b), Fed. R. Civ. P.  Plaintiffs are asking the Court to issue a scheduling order without input from the parties.

This case has several unique issues impacting a scheduling order and the sequencing of merits discovery.  Before filing suit Plaintiffs requested and received Defendants' files and billing records for the work they performed for Stanford entities.  Plaintiffs did not, however, give Defendants access to the Receiver's Ringtail database or to the millions of paper documents in the warehouse.

Defendants request a reasonable opportunity to conduct written discovery and review documents before depositions begin.

Once an appropriate date for starting depositions is determined, there is a compelling need for coordination with other cases alleging assistance in Stanford's fraud. *See, e.g.,* Manual for Complex Litigation, Fourth §11.455: "Coordination with Related Litigation - In related cases pending before the same judge, it is best to coordinate discovery plans to avoid conflicts and duplication."

In discussions prior to the present motion Defendants offered detailed proposals for sequencing discovery. Plaintiffs offered no specific proposals either then or in the present motion.

Greenberg Traurig respectfully requests a telephonic status conference with the Court to discuss and work out these issues with the Court's help. Plaintiffs recently participated in such a conference in *Rotstain v. Trademark* "so that the parties may explain their concerns about the scheduling issues and seek input from the Court on the best way to resolve them." No. 3:09-CV-2384-N (Dkt. 242)(May 11, 2015) p. 3. A few minutes of the Court's time would help the parties resolve these routine scheduling issues cooperatively, as they should.

Respectfully submitted,


By: /s/ Jim E. Cowles
    **JIM E. COWLES**
    Texas Bar No. 04931000
    **SIM ISRAELOFF**
    Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of June, 2015, a true and correct copy of the foregoing document was delivered via electronic means using the ECF system pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.


    /s/ Sim Israeloff
    **SIM ISRAELOFF**