# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, <br><br>             Plaintiffs. <br><br> vs. <br><br> GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, <br><br>             Defendants. | § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:12-cv-04641-N |

---

### HUNTON & WILLIAMS LLP'S MOTION TO STRIKE THE CLASS ALLEGATIONS AND DISMISS THE CLASS CLAIMS, WITH PREJUDICE, DUE TO THE CLASS PLAINTIFFS' FAIILURE TO TIMELY MOVE TO CERTIFY A CLASS, AND BRIEF IN SUPPORT

---

Jeffrey D. Colman
David Jiménez-Ekman
April A. Otterberg
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
jcolman@jenner.com
(312) 923-2940
(312) 840-7340 (Facsimile)

*Admitted* Pro Hac Vice

Richard A. Sayles
Shawn Long
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
dsayles@swtriallaw.com
(214) 939-8701
(214) 939-8787 (Facsimile)

*Counsel for Hunton Williams LLP*

## INTRODUCTION

Plaintiffs Sandra Dorrell, Samuel Troice, and Michoacan Trust, who purport to sue on behalf of a putative class ("Class Plaintiffs"), have violated Northern District of Texas Local Rule 23.2, as well as Federal Rule of Civil Procedure 23, by failing to move in a timely manner to certify a class in this case.  Pursuant to the rules and established legal authority, including guidance from courts in this district, Hunton & Williams LLP ("Hunton") moves to strike the class allegations from the Complaint and dismiss with prejudice the claims asserted on behalf of a putative class ("Class Claims").

Local Rule 23.2 requires a representative of a putative class to move to certify a class within 90 days of filing the complaint, or as otherwise ordered by the Court.  N.D. TEX. L.R. 23.2.  The Class Plaintiffs have totally ignored that deadline:  they did not timely file a motion for certification or a motion to extend the 90-day deadline.  Even now, they make no commitment to diligently pursue their claims, as demonstrated by their request to defer their certification obligation for an additional indefinite period until this Court rules on a class certification motion pending in a separate Stanford case, *Troice v. Proskauer Rose LLP*, No. 3:09-cv-01600 (N.D. Tex.).  (*See* Motion for Entry of a Discovery Scheduling Order, at 2-3 [Dkt. 131] ("Plaintiffs' Motion")).[1]

The Class Plaintiffs' unexplained delay in seeking to certify a class prejudices Hunton, which is entitled to a class certification determination "at an early practicable time" after the filing of a class action complaint.  *See* FED. R. CIV. P. 23(c)(1)(A).  For the reasons set forth more fully below, the Court should enter an order (1) striking the class allegations from the Complaint and (2) dismissing the Class Claims with prejudice.

---

[1] Concurrent with this motion, Hunton files its response in opposition to Plaintiffs' Motion ("Response" or "Hunton Resp." [Dkt. 134]).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs commenced this action over three years ago, on November 15, 2012, by filing a complaint that alleges claims on behalf of the Receiver, the Official Stanford Investors Committee ("OSIC"), and the Class Plaintiffs, all arising out of the Ponzi scheme purportedly operated by Robert Allen Stanford. Hunton is a law firm that provided limited legal services to certain Stanford entities between 2001 and early 2009. The Class Plaintiffs also assert claims against the law firm Greenberg Traurig, LLP; the Class Plaintiffs do not assert claims against the remaining defendant in this case, former in-house Stanford lawyer Yolanda Suarez. In February 2015, this Court granted in part and denied in part the defendant law firms' motions to dismiss the Class Claims. (Feb. 4, 2015 Order [Dkt. 123].)

The Class Plaintiffs have not moved to certify a class in this case, nor have they asked the Court to enter an order setting a class certification schedule, such as the orders entered in other Stanford-related cases involving putative class claims. They also have not moved to extend Local Rule 23.2's 90-day deadline to file a motion for class certification, even though the Class Plaintiffs, through the same counsel who represent them here, have taken such steps in other Stanford cases. For example, on October 28, 2009 in *Troice v. Willis of Colorado, Inc.*, the parties filed a stipulation in which the parties agreed to extend the deadline to move for class certification pursuant to Local Rule 23.2, "until further order" of the Court. Stipulation at 2, No. 3:09-cv-01274 (N.D. Tex. Oct. 28, 2009) [Dkt. 21]. Similarly, on November 20, 2009 in *Proskauer*, the plaintiffs filed a motion to extend Local Rule 23.2's 90-day deadline until 90 days after the Court ruled on the defendants' then-pending motions to dismiss, and this Court granted that motion. Pls.' Mot. for Extension of Time, *Proskauer*, No. 3:09-cv-01600 (N.D. Tex. Nov. 20, 2009) [Dkt. 17]; Order, *Proskauer*, No. 3:09-cv-01600 (N.D. Tex. Apr. 30, 2010) [Dkt. 71].

By contrast, in this case, as of the date of this motion, the Class Plaintiffs have exceeded—by 455 days—the 90-day deadline for moving for class certification. The 455 days has been calculated as the date the Complaint was filed (November 12, 2012) through the date of the filing of this motion (June 23, 2015), but excluding the period from February 15, 2013 through March 28, 2014, during which the Class Claims against Hunton were stayed pending the U.S. Supreme Court's ruling on the application of the Securities Litigation Uniform Standards Act ("SLUSA") to putative class claims asserted in other Stanford cases.[2]

## ARGUMENT

**I.   The Court Should Strike Class Plaintiffs' Allegations And Dismiss The Class Claims Because The Class Plaintiffs Have Failed To Comply With The Federal And Local Rules By Timely Moving To Certify A Class.**

   **A.   Clear Authority Supports Striking The Class Allegations And Claims.**

Local Rule 23.2 requires Class Plaintiffs to either (1) move for class certification, "[w]ithin 90 days of filing a class action complaint," or (2) timely obtain an order from this Court establishing a different deadline for class certification proceedings. N.D. TEX. L.R. 23.2. The purpose of the Local Rule 23.2 is to "facilitate compliance" with the requirement under Federal Rule 23 for the Court to determine by order whether to certify an action as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." *Dickson v. Am. Airlines*, 685 F. Supp. 2d 623, 629 (N.D. Tex. 2010).[3] Courts in the Fifth Circuit require a class certification determination early in the case "to give a clear definition to the parameters of

---

[2] On February 14, 2013, Hunton filed a partially agreed and partially opposed motion to stay the case pending the U.S. Supreme Court's decision on the application of SLUSA in Stanford-related cases. [Dkt. 23.] On February 15, 2013, this Court ordered a stay of the Class Claims against Hunton until thirty days after the Supreme Court's decision. [Dkt. 25.] The Supreme Court issued its SLUSA decision on February 26, 2014, *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058 (2014), and thus the stay of the Class Claims expired on March 28, 2014.

[3] Many federal districts have adopted local rules that, like Local Rule 23.2, seek to effectuate the demands of Federal Rule 23 by setting a deadline by which a class plaintiff must move to certify a class. *See* 7AA CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1785.3 (3d ed. 2015).

the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability as soon as practicable." *Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 576 (N.D. Tex. 1996) (citing Fed. R. Civ. P. 23 and N.D. Tex. L.R. 23.2).[4]

Courts in the Northern District of Texas have denied motions for class certification and stricken class allegations in several reported cases where the proposed class plaintiffs failed to comply with Local Rule 23.2 and diligently pursue the class claims. For example, the court in *Harper v. Am. Airlines, Inc.*, No. 4:09-cv-318, 2009 WL 4858050, at *2-4 (N.D. Tex. Dec. 16, 2009) denied the class plaintiff's motion for class certification and struck the class allegations from the complaint when the class plaintiff moved to certify the class nearly 60 days after Local Rule 23.2's 90-day deadline. The court also rejected the class plaintiff's untimely motion to extend the 90-day deadline, explaining that, in the absence of a prior court order establishing a different deadline, "[Local] Rule 23.2 and its 90-day deadline applied" to the class plaintiff's claims, and the class plaintiff's failure to timely move for certification demonstrated a failure to diligently pursue the class claims. *Id.*

Similarly, in *Price v. United Guaranty Residential Ins. Co.*, No. 3:03-CV-2643, 2005 WL 265164, at *3-4 (N.D. Tex. Feb. 2, 2005), the court overruled the class plaintiff's objections to the magistrate's decision to strike the class allegations from the complaint because the class plaintiff failed to timely move for class certification, even though the class plaintiff had filed a motion seeking to extend the class certification deadline before it expired. In *Joseph N. Main P.C.*, 168 F.R.D. at 577, the court denied a motion to certify and struck the class allegations because the plaintiff filed the motion 63 days late. And in *Dickson*, 685 F. Supp. 2d at 629, the

---

[4] The court in *Joseph N. Main P.C.*, cites to Local Rule 10.2(b), which was an earlier version of, and is equivalent to, current Local Rule 23.2.

court held that the case "no longer was a putative class action" because the class plaintiff missed the 90-day deadline.[5]

This Court similarly should strike the class allegations and claims from the Complaint in this case. The Class Plaintiffs have exceeded Local Rule 23.2's deadline by 455 days (as of the date of this motion), and now they seek to further defer their obligation to move to certify a class by asking the Court to stay the Class Claims for an indeterminate period that depends on this Court's ruling (and any potential appeals of that ruling) in another Stanford case. [Dkt. 131.] The Class Plaintiffs are not diligently pursuing their claims, and that (as well as the ensuing prejudice to Hunton) justifies dismissal under the Federal and Local Rules.

### B. The Class Plaintiffs Knowingly Failed To Comply With Local Rule 23.2, And That Failure Prejudices Hunton And Unduly Complicates This Case.

As shown above, the Class Plaintiffs' counsel is aware of the 90-day deadline set by Local Rule 23.2. *See* Stipulation at 2, *Willis*, No. 3:09-cv-01274 (N.D. Tex.) [Dkt. 21]; Pls.' Mot. for Extension of Time, *Proskauer*, No. 3:09-cv-01600 [Dkt. 17]. Nevertheless, the Class Plaintiffs have not moved to certify a class, nor did they timely move to extend that deadline before it expired, as required by Local Rule 23.2 and the case law. *See Price*, 2005 WL 265164, at *3-5. It is unfair and prejudicial for one party in litigation to ignore the requirements of the Federal and Local Rules and believe that it can do so with impunity. *See, e.g.*, *Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 3448148, at *2-3 (E.D. Tex. Oct. 22, 2009) (denying motion to compel because of failure to comply with local

---

[5] *See also Quintanilla v. Scientific-Atlanta, Inc.*, No. CA-3-81-1437-D, 1982 WL 286, at *4-5 (N.D. Tex. Apr. 15, 1982) (concluding that the class plaintiff could not adequately represent the proposed class in part because he exceeded the 90-day deadline in moving to certify the class by over five months).

rule, explaining "this Court will not allow parties to ignore its Local Rules without explanation").[6]

Through their request to stay the Class Claims for an indefinite period, the Class Plaintiffs now ask for permission to continue to violate Local Rule 23.2, Federal Rule 23, and the general practical considerations counseling in favor of an early determination on class certification. (*See* Hunton's Resp. Part I.)  In sum, the Class Plaintiffs would like the Class Claims to continue to hang over the law firm defendants for some unspecified period, yet avoid doing the work required (by the rules and otherwise) to prosecute those claims and to allow the law firm defendants an appropriate and prompt opportunity to oppose certification of a class. (*See id.*)  That denies Hunton the benefit of Rule 23's timeliness requirement. *See Joseph N. Main P.C.*, 168 F.R.D. at 576.

A further delay in moving for class certification (which is what the Class Plaintiffs seek) would compound the (already-accruing) prejudice to Hunton, as well as unduly complicate this case. As to complication, delaying class certification could force Hunton to take discovery in phases that overlap with each other in ways that are burdensome and duplicative for witnesses, the parties, and the Court—once during merits discovery on non-class claims, again after the stay of the Class Claims is lifted and certification proceedings commence, and potentially again on the merits of the Class Claims, if a class is certified. (*See* Hunton's Resp. Part I.C-Part II.)  As to prejudice, any further delay in class certification requires Hunton to go forward in this case, making decisions about discovery, motion practice, and other case strategies without knowing

---

[6] *Accord Philadelphia Indem. Ins. Co. v. Hallmark Claims Serv. Inc.*, No. 3:07-cv-1469-O, 2008 WL 5191910, at *9-11 (N.D. Tex. Dec. 10, 2008) (striking amended answer and counterclaim because defendant "inexplicably ignore[d] the Federal Rules of Civil Procedure" by failing to request leave of court before filing); *Powerhouse Prods. Inc. v. Widgery*, No. 4:07-cv-071, 2008 WL 4331480, at *1-3 (E.D. Tex. Sept. 17, 2008) (denying request to withdraw admissions entered after plaintiffs failed to timely respond to requests to admit, because "[a] party should not be allowed to ignore deadlines imposed by the federal rules and use that circumstance to justify beginning the litigation anew").

what, if any, portion of the Class Claims can be certified. *See Harper*, 2009 WL 485050, at *4 (finding prejudice when parties had litigated for almost a year without a clear definition of the class). And without a decision on class certification, Hunton may face arguments from the putative class members that any legal rulings favorable to Hunton that affect the individual plaintiffs or Class Claims do not, in fact, bind the members of the putative class. *E.g.*, *Rutan v. Republican Party of Ill.*, 868 F.2d 943, 947 (7th Cir. 1989) (explaining that failure to address class certification before appeal limited rulings solely to the named parties); *see also Bd. of Sch. Comm'rs of the City of Indianapolis v. Jacobs*, 420 U.S. 128, 128-30 (1975) (holding that because class was not properly certified, judgment issued by the lower court applied only to the named plaintiffs). In short, given the Class Plaintiffs' long-running lack of diligence in pursuing the Class Claims and total failure to comply with Local Rule 23.2, the Court should strike the class allegations and dismiss the Class Claims, with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should strike the class allegations from the Complaint and dismiss the Class Claims, with prejudice.

Dated: June 23, 2015                                    Respectfully submitted,

                                                        By:  s/ Jeffrey D. Colman
                                                             Jeffrey D. Colman (Ill. # 0491160)
Richard A. Sayles (Tex. # 17697500)                          David Jiménez-Ekman (Ill. # 6210519)
Shawn Long (Tex. # 24047859)                                 April A. Otterberg (Ill. # 6290396)
SAYLES WERBNER                                               JENNER & BLOCK LLP
4400 Renaissance Tower                                       353 N. Clark Street
1201 Elm Street                                              Chicago, IL 60654-3456
Dallas, TX 75270                                             jcolman@jenner.com
dsayles@swtriallaw.com                                       (312) 923-2940
(214) 939-8701                                               (312) 840-7340 (Facsimile)
(214) 939-8787 (Facsimile)

*Counsel for Hunton & Williams LLP*                     *Counsel for Hunton & Williams LLP*
                                                        *Admitted* Pro Hac Vice

7

## CERTIFICATE OF CONFERENCE

On June 22, 2015, Andrew Vail, one of the lawyers at Jenner & Block LLP representing Hunton & Williams LLP, conferred by email with Edward Snyder, Douglas Buncher, and Peter Morgenstern, three of the lawyers representing Plaintiffs, regarding the relief requested in the foregoing motion. Messrs. Snyder and Buncher indicated that Plaintiffs oppose the relief requested in Hunton's motion.

Counsel for Hunton, including Jeff Colman and Andrew Vail, also conferred with Jim Cowles and Sim Israeloff, counsel for Defendant Greenberg Traurig, LLP, regarding the relief requested in the foregoing motion. Messrs. Cowles and Israeloff indicated that Greenberg Traurig, LLP does not join Hunton's motion.

Counsel for Hunton did not confer with counsel for Yolanda Suarez, Michael Stanley, before filing the foregoing motion because no claims are asserted in this case against Ms. Suarez on behalf of a putative class of investors.

s/ Jeffrey D. Colman  
JEFFREY D. COLMAN

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2015, I electronically filed the foregoing **Hunton & Williams LLP's Motion to Strike the Class Allegations and Dismiss the Class Claims, With Prejudice, Due to the Class Plaintiffs' Failure to Timely Move to Certify a Class, and Brief in Support,** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means. Copies will be sent to those indicated as non-registered participants by U.S. Mail or facsimile at the addresses of their counsel of record or last known residence.

s/ Jeffrey D. Colman  
JEFFREY D. COLMAN