# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-04641-N |
| Plaintiffs, | | |
| vs. | | |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ, | | |
| Defendants. | | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION FOR ENTRY OF A DISCOVERY SCHEDULING ORDER IN CONNECTION WITH THE RECEIVER AND COMMITTEE CLAIMS AND TO DEFER CLASS CERTIFICATION SCHEDULING UNTIL THE DETERMINATION OF CLASS CERTIFICATION ISSUES IN RELATED ACTION**

Plaintiffs Ralph S. Janvey, in his capacity as Court-appointed receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), Sandra Dorrell, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, hereinafter, the "Class Plaintiffs", and together with the Receiver and OSIC, "Plaintiffs"), hereby file this Reply in Support of their Opposed motion (a) for the entry of a discovery scheduling order in connection with Receiver's and OSIC's claims, and (b) to defer entry of a class certification scheduling order until the determination of class

certification issues in related action(s). In support of such relief, Plaintiffs respectfully show the Court as follows:

The Receiver and OSIC seek the entry of a Scheduling Order so that they can move forward with the prosecution of their claims and begin merits discovery, including depositions. Concurrently, Plaintiffs ask the Court to defer issuing a class certification scheduling order in this case until it issues its decision on class certification in *Troice et al. v. Proskauer Rose, LLP et al.*, Case No. 3:09-cv-01600-N-BG ("*Proskauer*").

Defendants are opposed and claim that they are prejudiced by any delay in the class certification process. That argument is, at best, disingenuous considering that Defendant Hunton sought and obtained a 13-month stay of the class claims back in 2013, and then immediately filed a Motion to Dismiss the class claims once the stay was lifted, resulting in an additional effective stay of 10 months.[1] See Doc. No. 23 (Hunton's motion to stay class claims); Doc. No. 34 (Order staying class claims); Doc. No. 85 (Stipulation lifting stay of class claims); Doc. No. 90 (Hunton's motion to dismiss class claims); Doc. No. 123 (Order denying Hunton's motion to dismiss class claims). Despite the fact that this case was filed in November 2012, Hunton only recently (March 2, 2015) filed its Answer. Doc. No. 128.

Defendants now contend that this delay is somehow all Plaintiffs' fault, and that they are being prejudiced. That is absurd.

---

[1] Defendant Hunton also asks the Court to strike and dismiss the class allegations and claims of the 18,000 Stanford investors because, they argue, Plaintiffs and their counsel haven't been diligent in prosecuting this case. Hunton ignores that the Court only recently (February 4, 2015) denied Defendants' Motions to Dismiss the investor class claims, Doc. No. 123, and that Defendant Hunton only filed their Answer to said claims in March. Doc. No. 128. Plaintiffs will address that meritless argument in more detail in their forthcoming Response to Hunton's Motion to Strike the Class Allegations.

Nevertheless, in an effort to allay Defendants' concerns and in the interest of judicial economy, Plaintiffs hereby modify their original request and propose that the parties engage in **combined** merits and class certification discovery,[2] allowing *all* of the parties to request and exchange documents and take depositions over a period of 6 months beginning in August, and then exchange class certification briefing thereafter in the spring and early summer of 2016. In that way, the Receiver and OSIC will not be prejudiced by having their case stayed (for all practical purposes) pending a decision on class certification, Defendants will not be prejudiced because they will be able to move forward with class certification discovery and also take full merits discovery of the Receiver and OSIC,[3] and importantly, the parties will hopefully have the benefit of this Court's decision on class certification in the *Proskauer* and/or *Willis* cases when they brief class certification issues in the spring and summer of 2016. The parties would then be able to resume merits discovery on the Receiver and OSIC claims following the submission of class certification briefs to the Court.

Plaintiffs believe that this is the most expeditious way of handling this case and frankly do not understand why Defendant Hunton opposes it,[4] other than Hunton seems opposed to the

---

[2]   Since the U.S. Supreme Court's decision in *Wal—Mart Stores, Inc. v. Dukes,* U.S., 131 S.Ct. 2541 (2011) it has become more commonplace for merits discovery to proceed along with class discovery given the overlap between the class and merits. Based on the *Dukes* decision, federal district courts regularly allow class certification and merits discovery to proceed as one. *See, e.g., Chen-Oster v. Goldman, Sachs & Co.*, 2013 WL 6501184 at *1 (S.D.N.Y, 2013) ("discovery should not be strictly bifurcated because, in the wake of [*Dukes*], class issues are inextricably intertwined with the merits"); *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, 2011 WL 4382942 at *3 (W.D. Penn. 2011) (notifying the parties that, based on *Dukes*, discovery would not be bifurcated).

[3]   The Court will recall that the Defendants in the *Proskauer* action complained that they were not being permitted to take merits discovery from the Receiver and OSIC.

[4]   Plaintiffs note that, based on its Response Defendant Greenberg appears to be agreeable to this approach although it also requests that discovery be coordinated with other cases. Greenberg Response, Doc. No. 132, at 7 (suggesting a reasonable opportunity for Greenberg to conduct written discovery

idea of the Plaintiffs taking merits depositions under any circumstances. Indeed, it was Hunton's opposition to the Receiver and OSIC's ability to take merits depositions until *after* class certification is decided that compelled Plaintiffs to file the instant Motion in the first place, as heretofore the parties have generally been able to work out scheduling issues without court intervention.

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules should be construed in order to "secure the just, *speedy*, and inexpensive determination of every action." FED. R. CIV. P. 1 (emphasis added). Rule 16(b)(2) provides that a "judge *must* issue [a] scheduling order . . . within the earlier of 120 days after any defendant has been served . . . or 90 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2) (emphasis added); *see also* FED. R. CIV. P. 16 advisory comm. ("court[s] must issue a written scheduling order even if no scheduling conference is called"). Hunton filed its Answer in this case on **March 4, 2015**. Greenberg filed its Answer in February 2013 "subject to" a motion to dismiss. Doc. No. 27.

Continued delay in reaching the merits of this case prejudices the Plaintiffs and the victims of the Stanford fraud by potentially compromising the quality of evidence and availability of witness testimony due to the passage of time. "In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Hall v. Town of Gilcrest, CO*, 2011 WL 1518667, at *1-2 (D. Colo. Apr. 20, 2011) (quoting Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006)).

---

before depositions begin).

This is a particularly acute problem in the instant case, more so than perhaps any of the other Stanford cases, because Plaintiffs allege that the Defendant law firms' partner Carlos Loumiet was Allen Stanford's primary outside General Counsel for twenty years – going all the way back to **1988** – and a principal architect of the offshore structure that allowed Stanford to perpetrate his massive fraud. As such, and given the extensive 20 year history between Stanford and these particular Defendants, this case is particularly vulnerable to the passage of time, as witnesses' memories have surely faded since 1988 and continue to fade.

Plaintiffs propose that the Court compel the parties to conduct a Rule 26 conference and then enter a scheduling order that (a) allows discovery to proceed as to class certification and merits issues for six months beginning in August 2015, and (b) also includes a class certification briefing schedule similar to the ones the Court issued in the *Willis* and *Proskauer* cases (as well as in *Rotstain v. Trustmark National Bank, et al.*, Case No. 3:09-cv-2384 [hereinafter the "Bank Case"], and *Turk et al. v. Pershing*, Case No. 3:09-cv-02199 [the "Pershing Case"]) which sets forth deadlines for the exchange of class certification briefs in the spring and summer of 2016 with submission to the Court at the end of June 2016.

Plaintiffs address the remainder of the arguments raised in Defendants' responses below.

Defendant Hunton opposes Plaintiffs' request and, for all practical purposes, asks the Court to stay the Receiver and OSIC claims, and discovery on those claims, until the Court first resolves whether or not to certify the class component of this case. That is essentially the same relief Hunton requested and which the Court denied back in 2013. *See* March 18, 2013 Order, Doc. No. 45. Specifically, in February 2013, Hunton asked the Court to stay the Receiver and OSIC claims pending the U.S. Supreme Court's decision on SLUSA because, Hunton argued, "it is extremely difficult to bifurcate" the Plaintiffs' case and such a bifurcation "could lead to

staggered or even duplicative discovery and briefing, not to mention ultimate delay in the case given that portions of the case could be considered at different times." Hunton's Motion to Stay, Doc. No. 23, at p. 5-6.[5]

The Court denied Hunton (and Greenberg's) Motion to Stay, finding that the class claims were sufficiently distinct from the Receiver and OSIC claims and that staying just the class claims was "workable in practice" because the parties had agreed that any discovery taken in the case could be used for all purposes and for all claims. Order, Doc. No. 45.[6]

Plaintiffs are conscious of the fact that the Court denied a similar request to allow OSIC to commence merits discovery in the Bank Case. There, the Court had already issued a Class Certification Scheduling Order and the parties were already deep into that process at the time of the May 15, 2015 Status Phone Conference. In fact, one of the counsel for the class in that case, Jim Swanson, told the Court at the very beginning of the telephonic hearing that he didn't want to alter the class certification scheduling order. *See* Transcript of Status Phone Conference, attached to the Appendix to Hunton's Response to the instant motion, at App. 002-004 (informing the Court that the plaintiffs in that case wanted to keep the case "on schedule in accordance" with the Court's Class Certification Scheduling Order). In contrast, the Court has not issued any scheduling orders in the instant case.

Defendants also argue that this Court's ruling on class certification in the *Proskauer* case will have no bearing or effect on class certification in the instant case. That is preposterous.

---

[5] Greenberg also argued for a stay of the Receiver's and OSIC's claims given the overlap in facts. Greenberg's Motion to Stay, Doc. No. 33.

[6] Plaintiffs note that shortly after the Court issued this Order, Hunton on April 15, 2013 filed a Motion to Dismiss the Receiver and OSIC claims. Doc. No. 49. The Court denied said Motion via Order dated December 17, 2014. Doc. No. 114.

Both cases concern allegations that, unknown to the class of investors, the lawyer defendants aided and abetted Stanford's regulatory fraud behind the scenes, and both cases seek certification on behalf of a class of all Stanford investors. The Court's decision on class certification in the *Proskauer* case necessarily will have an impact on the class certification decision in this case, and to argue otherwise is disingenuous (at best).

Finally, Defendants request that any discovery be coordinated with discovery in the other principal Stanford aider and abettor cases under the MDL rules. While Plaintiffs agree in theory that coordination would make sense, Plaintiffs are skeptical that such coordination will work in practice. First, two of the principal class cases, *Proskauer* and *Willis*, are pending a decision on class certification and no merits discovery is being taken in those cases. The other principal aider and abettor class cases, the Bank Case and the Pershing Case, are likewise in the midst of class certification discovery and briefing with no merits discovery permitted. Because those four cases are in a different procedural posture, they would presumably be excluded from any effort to coordinate merits discovery.

The Court recently denied the defendants' Motions to Dismiss the Receiver and OSIC claims in *Janvey v. Proskauer Rose et al.*, Case No. 3:13-cv-00477, Doc. 79, so merits discovery in this case *could potentially* be coordinated with merits discovery in that case, at least as to the depositions of former Stanford employees (because such testimony about Stanford generally might prove relevant to both cases). But the practical reality is that it will be extremely difficult to do so based on attorney scheduling issues. As Plaintiffs learned from the other multi-party case *Janvey v. Adams & Reese et al.*, Civil Action No. 12-495, where merits discovery has been underway for the last year, it is extremely difficult to coordinate the schedules of the various

7

attorneys for the various parties in order to schedule a single deposition. It is very much like herding cats.

Between this case and the *Janvey v. Proskauer* case, there are no less than six (6) Defendant parties represented by a collection of ten (10) law firms from New York and Texas. On the Plaintiffs' side there are four (4) law firms. Plaintiffs do not think it is reasonable to expect that the parties will ever be able to coordinate an efficient deposition schedule involving fourteen (14) different sets of lawyers from around the country. The more likely result will be constant deadlocks, extensions, bickering, and stalemate – all resulting in further delay of this case. Plaintiffs don't see how that advances judicial efficiency. While Plaintiffs would like to avoid having to depose former Stanford employees multiple times in multiple cases, that result may be unavoidable as a practical matter. The Receiver and the OSIC are already finding themselves deposing former Stanford employees multiple times in the various fraudulent transfer lawsuits they are prosecuting.

## **PRAYER**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order compelling the parties to conduct a Rule 26 conference and then enter a scheduling order that (a) allows discovery to proceed as to class certification and merits issues for six months beginning in August 2015 and (b) also includes a class certification briefing schedule which sets forth deadlines for the exchange of class certification briefs in the spring and summer of 2016 with submission to the Court at the end of the June 2016.

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN FOLEY, LLP** |
| By: */s/ Edward C. Snyder*<br>     Edward C. Snyder | By: */s/ Douglas J. Buncher*<br>     Douglas J. Buncher<br>     dbuncher@neliganlaw.com |

8

| | |
|---|---|
| esnyder@casnlaw.com<br>Jesse R. Castillo<br>jcastillo@casnlaw.com<br>300 Convent Street, Suite 1020<br>San Antonio, Texas 78205<br>(210) 630-4200<br>(210) 630-4210 (Facsimile)<br><br>**BUTZEL LONG, P.C.**<br><br>By: */s/ Peter D. Morgenstern*<br>   Peter D. Morgenstern (*admitted pro hac vice*)<br>   morgenstern@butzel.com<br>   230 Park Avenue, Suite 850<br>   New York, New York 10169<br>   (212) 818-1110<br>   (212) 818-0494 (Facsimile)<br><br>**COUNSEL FOR PLAINTIFFS** | Nicholas A. Foley<br>nfoley@neliganlaw.com<br>Douglas J. Buncher<br>dbuncher@neliganlaw.com<br>Republic Center<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201<br>(214) 840-5320<br>(214) 840-5301 (Facsimile)<br><br>**STRASBURGER & PRICE, LLP**<br><br>By: */s/ Edward F. Valdespino*<br>   Edward F. Valdespino<br>   edward.valdespino@strasburger.com<br>   Andrew L. Kerr<br>   andrew.kerr@strasburger.com<br>   300 Convent Street, Suite 900<br>   San Antonio, Texas 78205<br>   (210) 250-6000<br>   (210) 250-6100 (Facsimile) |

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with Defendants' counsel on multiple occasions during May 2015, regarding the relief requested herein. Defendants' counsel have indicated that they oppose the relief requested in Plaintiffs' instant motion.

>   */s/Edward C. Snyder*
>   Edward C. Snyder

**CERTIFICATE OF SERVICE**

On July 6, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve Defendants individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

*/s/Peter D. Morgenstern*
Peter D. Morgenstern
