UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br><br>  Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br><br>  Defendants. | §§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 3:12-cv-04641-N |

**CLASS PLAINTIFFS' RESPONSE TO DEFENDANT
HUNTON & WILLIAMS, LLP'S MOTION TO STRIKE CLASS CLAIMS**

Sandra Dorrell, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, hereinafter, the "Class Plaintiffs") hereby file this response in opposition to the motion filed by Hunton & Williams, LLP to strike the Class Plaintiffs' claims [Doc. 135] (the "Motion") and respectfully show the Court as follows:

## PRELIMINARY STATEMENT

The Motion, which alleges a violation of Local Rule 23.2, is disingenuous, dilatory, and a waste of this Court's time and resources. In numerous Stanford-related actions pending before this Court involving claims brought on a coordinated basis by a putative class of Stanford CD-investors, the Stanford Receivership Estate, and the Official Stanford Investors Committee, the Court has sequenced its management and consideration of the cases in an identical fashion. First, the Court has considered and ruled on Rule 12(b) motions to dismiss. The Court has then entered class certification scheduling orders, directing the parties to engage in class discovery and to submit briefing on class certification issues. The Court has never required any of the class plaintiffs in any Stanford class action case to submit a motion for class certification prior to the Court's ruling on preliminary motions to dismiss.

Significantly, this case has proceeded precisely in the same manner as the other class actions pending before the Court. First, the parties briefed the various motions to dismiss filed by the defendants. The parties also briefed numerous other contested preliminary motions filed by the defendants – which have implicated literally dozens of complex procedural and substantive issues – such as the defendants' motion to join the Antiguan Joint Liquidators as parties to this action. After the motions to dismiss were largely denied by the Court – *see* [Docs. 114, 123] – and the Defendants filed their answers, the parties engaged in discussions concerning the most efficient way to move this case forward from a merits and class certification discovery

standpoint. The parties were unable to reach agreement, which resulted in Plaintiffs' filing of their opposed motion for the entry of a discovery scheduling order in connection with Receiver's and OSIC's claims, and to defer entry of a class certification scheduling order until the determination of class certification issues in related action [Doc. 131]. Defendants responded by filing the instant Motion to Strike.

This case was originally filed in late-2012 but has been delayed by briefing and disposition before the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court on the dispositive issue of the applicability of the Securities Litigation Uniform Standards Act of 1998, Pub. L. 105-353, 112 Stat. 3227 ("<u>SLUSA</u>") to this action. Notably, *Hunton itself filed a motion with this Court seeking an order staying the class claims pending resolution by the Supreme Court of the applicability of SLUSA to this action* – a motion this Court granted. As is readily evident, the Class Plaintiffs and their attorneys have vigorously prosecuted this action, which seeks multi-billion dollar damages from the Defendants who were collectively Allen Stanford's primary outside legal counsel throughout the entire course of his Ponzi scheme.

Hunton concedes in its Motion that it is closely monitoring other Stanford-related class actions and must be fully cognizant of the fact the Court (an MDL court charged with coordinating dozens of similar and related lawsuits) has declined in every single similar Stanford-related class action to require a motion seeking class certification within 90 days of commencement of the case, and has instead issued class certification scheduling orders only following its denial of pending motions to dismiss. Tellingly, at no point during the previous three years did Hunton complain about the Court's class certification practices or suggest that any prior stay (which it itself requested) was prejudicial to its interests. Hunton has certainly

never voiced any concern over the Court's class action sequencing practices during any previous meet and confer held with the Class Plaintiffs in this action or during any status conference before the Court, nor did it raise this issue in its (now denied) motion to dismiss the class claims.

Instead, Hunton has now filed this "gotcha" motion seeking the enforcement of a provision of the Local Rules that has never been applied in any other Stanford-related Class action in this MDL. The Court should not countenance this cynical legal gamesmanship.

Moreover, Hunton has failed to make <u>any</u> showing whatsoever that the class certification scheduling procedures already in place in this MDL have been prejudicial to it or are somehow detrimental to the orderly prosecution of this case. If anything, the approach Hunton apparently now seeks – dismissal of the class claims – would, if granted, require this MDL Court to deal with the filing of yet another class action lawsuit by different class representatives or the filing of potentially tens of thousands of additional suits filed by individuals seeking to hold Hunton accountable for its significant misconduct in aiding and abetting Stanford's fraudulent scheme.

In sum, the Motion – which is procedurally confounding and legally baseless – should be denied.

## PROCEDURAL BACKGROUND

This case is one of a number of procedurally similar actions brought by both putative classes of investors and the Receivership Estate against third party professionals and service providers who are alleged to have assisted in the Stanford fraud. *See, e.g.*, *Troice v. Proskauer Rose, LLP*, Case No. 3:09-cv-01600; *Troice v. Willis of Colorado et al*, Case No. 3:09-cv-01274; *Rotstain et al. v. Trustmark National Bank, et al.*, Case No. 3:09-cv-2384; *OSIC et al. v. Breazeale Sachse & Wilson LLP et al.*, Case No. 3:11-cv-003298; and *Turk v. Pershing, LLC*, Case No. 3:09-cv-02199. In each of these foregoing cases, the Court has sequenced the

proceedings by first ruling on pending motions to dismiss, and then entering class certification scheduling orders.

Although the present case was filed in November 2012, Hunton filed its answer only recently on March 2, 2015. [Doc. 128.] In the interim, the parties briefed numerous preliminary motions raising complex legal issues and arguments, including (i) motions to dismiss *both* the class claims and the Receiver's claims filed by *each* of the defendants (*see* [Doc. 114] (Order addressing Defendants' motion to dismiss the claims filed by the Receiver and the Official Stanford Investors Committee); [Doc. 123] (Order on Defendants' motion to dismiss the class claims); (ii) a motion for interlocutory appeal filed by the defendant law firms (*see* [Doc. 125] (Order denying motion); (iii) motions to join the Antiguan Joint Liquidators as necessary parties, or in the alternative, to dismiss this action (*see* [Doc. 113] (Order denying motion)); and (iv) a motion to dismiss a counterclaim filed by defendant Greenberg Traurig, LLP [Doc. 59] which was ultimately withdrawn.

This case was also stayed for over a year pending resolution by the Supreme Court of the applicability of SLUSA to this action. *See* [Doc. 45]. Indeed, Hunton itself requested such a stay, which was partially opposed by the plaintiffs. [Doc. 23.] Counsel for the Class Plaintiffs herein were actively involved in briefing the SLUSA issue both before the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

Most recently, the parties held a series of telephonic "meet and confers" over the course of a five-week period for purposes of discussing various discovery and scheduling issues proposed by the parties. As a result of these discussions – and before Hunton filed the present Motion – the Plaintiffs filed a motion seeking direction from the Court with respect to class certification scheduling, and proposing that class and merits discovery proceed prior to briefing

5

the class certification issues given the already pending motions for class certification in the *Willis* and *Proskauer* cases.  *See* [Docs. 131 (motion) and 138 (reply)].  Hunton chose to file this "gotcha" motion in response.

## ARGUMENT

### THE CLASS PLAINTIFFS HAVE BEEN DILIGENTLY PROSECUTING THIS ACTION PER THE COURT'S CLASS ACTION PROCEDURES AND HUNTON'S TIMELINESS ARGUMENT IS IMMATERIAL AND IRRELEVANT

As demonstrated above, the Class Plaintiffs and their attorneys have been prosecuting this action expeditiously and in reliance on the Court's procedures applied elsewhere in this MDL proceeding.  The Class Plaintiffs and their attorneys have expended enormous time and resources defending a slew of preliminary motions filed by the defendants, and have litigated the applicability of controlling law in this action in numerous other venues.  Hunton itself has sought a stay of this action for a considerable period of time.  Hunton's allegation that "[t]he Class Plaintiffs are not diligently pursuing their claims" is demonstrably false and highly objectionable.  *See* [Doc. 135 p. 5.]

Notwithstanding the sheer factual absurdity of Hunton's Motion, the Motion also fails as a matter of law.  It is well-settled that "the untimeliness of a class-certification motion, in and of itself, will not justify denying class status to the action."  7AA FED. PRAC. & PROC. CIV. § 1785.3 (3d ed.) (Timing of Certification).  Indeed, courts across the country regularly deny motions similar to the one filed by Hunton.  *See, e.g., Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255 (W.D.N.Y. 2012), *Misra v. Decision One Mortg. Co.*, LLC, 673 F. Supp. 2d 987 (C.D. Cal. 2008); *Arnold v. Arizona Dep't of Public Safety*, 233 F.R.D. 537 (D. Ariz. 2005); *Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281 (W.D. Mich. 2001); *Stolz v. United Bhd. of Carpenters & Joiners of America, Local Union No.*, 971, 620 F. Supp. 396 (D. Nev. 1985);

*Slanina v. William Penn Parking Corp.*, 106 F.R.D. 419 (W.D. Pa. 1984); *Zeltser v. Hunt*, 90 F.R.D. 65 (S.D.N.Y. 1981); *Muth v. Dechert, Price & Rhoads*, 70 F.R.D. 602, 607 (E.D. Pa. 1976).

"[T]he two factors most pertinent to granting certification belatedly are: (1) the circumstances causing the delay; and (2) whether the opposing parties have been prejudiced by the delay." *Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281, 289 (W.D. Mich. 2001) (citing 1 *Newberg on Class Action* § 3.43 (3d ed. 1992); *Livesay v. Punta Gorda Isles, Inc.*, 550 F.2d 1106 (8th Cir. 1977) (holding that a 14–month delay in seeking certification to permit discovery did not warrant denial of certification), *rev'd on other grounds*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Brickman v. Tyco Toys, Inc.*, 722 F.Supp. 1054 (S.D.N.Y.1989) (holding that denial of certification was inappropriate in absence of prejudice); *Feder v. Harrington*, 52 F.R.D. 178 (S.D.N.Y. 1970) (holding that delay in seeking certification incidental to discovery did not warrant denial of certification particularly where there was no indication of prejudice)).

*Misra v. Decision One Mortgage Co., LLC*, for example, was a class action involving employees denied overtime compensation. 673 F. Supp. 2d 987 (C.D. Cal. 2008). As with the Northern District of Texas, the Central District of California in *Misra* had a local rule providing that a class certification motion should be filed within 90 days of commencement. *Id.* at 993-94. The plaintiffs in *Misra* did not file for certification before this deadline and the employer filed for dismissal partly on that basis. *Id.* In denying the defendant's motion, the Court made clear that the 90-day period could be waived by an overriding order by the Court. *Id.* The Court also stressed as a mitigating factor that the 90-day motion certification period in that particular instance had fallen <u>before</u> the Rule 16 scheduling conference could be held in the case. *Id.*

In the Western District of New York, where the local rules provide for a longer period – one hundred and twenty days – the court, in a more recent decision, denied a dismissal motion on similar grounds. *See Godson v. Eltman, Eltman & Cooper*, P.C. 285 F.R.D. 255, 260 (W.D.N.Y. 2012). In *Godson*, a plaintiff filed a putative class action under the Fair Debt Collection Practices Act. *Id.* at 255. The plaintiff, as in *Misra*, did not file for certification within the period provided by the local rule. *Id.* at 260. The Court denied the defendants' dismissal motion on the grounds that (i) the missed deadline had "no substantial effect on these proceedings;" (ii) the defendants had not "suffered undue prejudice on account of [plaintiff's] failure to meet the time requirements;" and (iii) the plaintiff had not acted in bad faith. *Id.* at 261 (emphasis supplied); *see also Arnold v. Arizona Dep't of Public Safety*, 233 F.R.D. 537, 541 (D. Ariz. 2005) (court ruling that a motion for class certification filed four years after commencement was not untimely under Rule 23 given the complexity of the case and lack of prejudice to the defendants) (emphasis supplied).

Here, there are no grounds to strike the class claims based on Hunton's purported timeliness argument. As demonstrated above, the parties have been operating in good faith based on the circumstances. Further, the Court has not yet issued a Rule 16 scheduling order, nor has it issued a class certification scheduling order. *See Misra, supra*. The fact that the Class Plaintiffs have waited to formally seek class certification until the Court issues a class certification scheduling order – as the Court has done in other similar class actions – has had no substantial effect whatsoever on these proceedings, and there is no basis at all to claim that the Claim Plaintiffs – who have litigated this action vigorously – have in any way acted in bad faith. *See Godson, supra*. Indeed, even the cases cited by Hunton in support of its Motion make clear that "technical non-compliance with the [Local Rules' class certification] deadline" is itself alone

insufficient to strike class claims. *Harper v. American Airlines, Inc.*, No 4:09-CV-318-Y, 2009 WL 4858050, at *3 (N.D. Tex. Dec. 16, 2009); *see also Price v United Guaranty Residential Ins. Co.*, No. Civ.A.3:03-CV-2643-G, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (striking class claims because the plaintiff failed to file for class certification by the date established by the Court's "<u>modified scheduling order</u>," not the 90-day deadline provided by the Local Rules) (emphasis supplied).

Further, Hunton has not identified *any* prejudice in support of its application. "In this case, the Defendant[] assert[s] that [it] will be prejudiced by the delay in certification, but [it] do[es] not explain this argument other than by reference to deadlines for discovery, motion filing and trial." *Saur*, 203 F.R.D. at 289. In fact, Hunton itself previously sought a lengthy stay of these proceedings and has never – in filings with the Court or in conferences among the parties – complained about the Plaintiff's failure to move for class certification. Hunton is well aware that these same counsel have filed motions for class certification in the other related Stanford cases (specifically the *Willis* and *Proskauer* cases).

Moreover, the Plaintiffs have consented to or otherwise have not opposed numerous requests made by Hunton to enlarge certain time periods or other obligations required under federal and local rules. *See e.g.*, [Doc. 20] (joint stipulation filed by Hunton regarding certain deadlines); [Doc. 24] (Hunton motion to extend time to respond to the complaint); [Doc. 47] (agreed motion filed by Hunton for extension to respond to certain claims and for leave to file oversize brief); [Doc. 67] (joint stipulation filed by Hunton regarding motion deadlines); [Doc. 68] (motion by Hunton to file oversize brief); [Doc. 85] (joint stipulation filed by Hunton regarding deadlines for responding to class claims); [Doc. 116] (unopposed motion by Hunton

for extension of time to file answer); [Doc. 126] (unopposed motion by Hunton for extension of time to file answer).

Accordingly, any complaint by Hunton of supposed "prejudice" at this otherwise early stage of the proceedings rings hollow and is truly superficial. The Motion is tactical rather than substantive, and Hunton should be estopped from raising issues it could have raised in its previous motion to dismiss. Clearly, Hunton hopes simply to create chaos in this lawsuit by seeking the strict enforcement of a Local Rule that has never been applied in Stanford-related class actions. The Motion should be denied.

## PRAYER

For the foregoing reasons, the Class Plaintiffs respectfully request that the Court deny the Motion.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: /s/ *Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    300 Convent Street, Suite 1020
    San Antonio, Texas 78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**BUTZEL LONG, P.C.**

By: /s/ *Peter D. Morgenstern*
    Peter D. Morgenstern (*admitted pro hac vice*)
    morgenstern@butzel.com
    230 Park Avenue, Suite 850
    New York, New York 10169
    (212) 818-1110
    (212) 818-0494 (Facsimile)

**NELIGAN FOLEY, LLP**

By: /s/ *Douglas J. Buncher*
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Nicholas A. Foley
    nfoley@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas 75201
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: /s/ *Edward F. Valdespino*
    Edward F. Valdespino
    edward.valdespino@strasburger.com
    Andrew L. Kerr
    andrew.kerr@strasburger.com
    300 Convent Street, Suite 900

                                                                                                San Antonio, Texas 78205
                                                                                                (210) 250-6000
                                                                                                (210) 250-6100 (Facsimile)

**COUNSEL FOR CLASS PLAINTIFFS**

<u>**CERTIFICATE OF SERVICE**</u>

      On June 13, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

                                                                                 */s/ Peter D. Morgenstern*
                                                                                 Peter D. Morgenstern