IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12-CV-4641-N |
| GREENBERG TRAURIG LLP, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

This Order addresses (1) Plaintiffs Ralph S. Janvey (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), Sandra Dorrell, Samuel Troice, and Michoacan Trust's, individually and on behalf of all others similarly situated (collectively "Class Plaintiffs," and together with the Receiver and OSIC, "Plaintiffs") motion for entry of a discovery scheduling order [131]; (2) Defendant Greenberg Traurig LLP's ("Greenberg") motion for telephonic status conference [133]; (3) Defendant Hunton & Williams LLP's ("Hunton") motion to strike the class allegations [135]; and (4) Defendant Yolanda Suarez's motion to join in Greenberg's response [137]. The Court grants Suarez's motion to join, but denies the remaining motions.

### I. ORIGIN OF THE MOTIONS

This action arises from the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). Plaintiffs in this

action assert claims against Greenberg, Hunton, and Suarez based on each Defendant's alleged provision of legal services to the Stanford entities. Class Plaintiffs seek to represent a class of similarly situated investors. As of yet, however, discovery has not commenced on the merits of the action or on issues pertinent to class certification. Plaintiffs seek to stay discovery on class certification and instead commence with merits discovery. Meanwhile, Hunton moves to strike Class Plaintiffs' class allegations altogether.

## II. PLAINTIFFS' MOTION FOR ENTRY OF A DISCOVERY SCHEDULING ORDER

Plaintiffs move the Court to defer consideration of class certification and proceed with entry of a merits discovery scheduling order. The Court declines to do so. The Court has repeatedly taken the view that judicial efficiency is best served by proceeding to first resolve issues pertaining to class certification. Accordingly, the Court denies Plaintiffs' motion to enter a merits discovery scheduling order. The Court will enter a class certification scheduling order by separate order.[1]

## III. HUNTON'S MOTION TO STRIKE

Hunton moves to strike Class Plaintiffs' class allegations pursuant to Local Rule 23.2. *See* N.D. TEX. L.R. 23.2 ("Within 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs, an attorney for the plaintiff must move for

---

[1] Plaintiffs allude to their willingness to sever the Receiver and OSIC's claims from the Class Plaintiffs' claims in order to proceed with merits discovery. Pls.' Opposed Mot. Entry Discovery Scheduling Order 4. The Court would consider the merits of such a motion on its own accord, should Plaintiffs wish to file it.

certification."). Because Class Plaintiffs did not move for certification within 90 days of filing their complaint, Hunton argues the allegations must be struck.

The Court declines to do so. *See* N.D. TEX. L.R. 83.1 ("Notwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious."). The progress of this case has been delayed by the need to resolve a number of lengthy, potentially dispositive motions to dismiss. Moreover, Class Plaintiffs in this case are involved a number of complex cases that command a considerable amount of attention. There is no basis for inferring Class Plaintiffs acted in bad faith by failing to move for class certification within 90 days of filing the complaint. Moreover, efficiency was best served by resolving potentially dispositive arguments for dismissal prior to commencing involved discovery on the issue of class certification. Accordingly, the Court declines to strike Class Plaintiffs' class allegations.

## CONCLUSION

The Court grants Suarez's motion to join in Greenberg's response to Class Plaintiffs' motion for entry of a scheduling order. The Court denies Plaintiffs' motion for entry of a discovery scheduling order and Hunton's motion to strike the class allegations. The Court also denies Greenberg's motion for a telephonic status conference.

Signed August 11, 2015.

David C. Godbey
United States District Judge

ORDER – PAGE 3