**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated. <br>          Plaintiffs, <br><br> vs. <br><br> GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ, <br>          Defendants. | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 3:12-cv-04641-N |

**UNOPPOSED MOTION TO SUBSTITUTE NAMED PLAINTIFF
AND PUTATIVE CLASS REPRESENTATIVE**

Plaintiffs Samuel Troice and Michoacan Trust, individually and on behalf of all others similarly situated hereby move for the entry of an order permitting the Plaintiffs to substitute Pam Reed ("Reed") as a named plaintiff and putative class representative to replace putative class representative plaintiff Sandra Dorrell ("Dorrell"), who has decided not to continue as class representative or plaintiff in this action, and who is dismissing her claims herein without prejudice by separate pleading.

Plaintiffs would show the Court as follows:

1.      Plaintiff Dorrell for personal reasons has decided she no longer wishes to continue as a named Plaintiff and putative class representative in this case. Plaintiffs desire to replace Dorrell with Reed as a putative class representative in this case.

2.   Reed, like Dorrell, is a victim of the Stanford Ponzi scheme who purchased Certificates of Deposit issued by Stanford International Bank Ltd.  Like Dorrell, Reed is a Texas resident.

3.   Reed is presently a member of the Official Stanford Investors Committee ("OSIC") and also currently serves as a putative class representative in *Troice, et al vs. Proskauer, et al*, Cause No. 3-09-cv-1600.

4.   The request to add Reed as a named plaintiff and class representative for the putative class of all Stanford investors is appropriate.  She is merely replacing one of the class representatives and will represent the putative alternative class of U.S. investors in the event that the Court decides not to certify a class of all Stanford investors.

5.   Even when a plaintiff can no longer amend her complaint as of right, leave to amend is discretionary with the Court. Fed. Civ. P. R. 15(a)(2). Such leave "shall be freely given when justice so requires" or "with the opposing party's written consent." *Id*.

6.   Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  The policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

7.   The proposed amendment is not made in bad faith.  Dorrell has opted not to continue as class representative plaintiff in this case, and Reed is ready, willing, and able to appear in these proceedings as a named plaintiff and class representative in her stead.

8. There will be no prejudice to Defendants if the Court grants the requested relief, and for that reason they do not oppose the substitution. Reed is not an entirely new party in that she has been a member of the proposed class from the outset, and she merely is taking the place of Dorrell. As such, the addition of Reed does not inject new factual or legal issues into this action; nor does her addition alter the proposed class and subclasses alleged in the complaint. No new counsel will be interjected into this class action because Reed is represented by current class counsel.

9. The Court issued its Class Certification Scheduling Order (Dckt #142) on August 21, 2015. Said Order requires new parties to be added by September 21, 2015; therefore this Motion is timely.

10. The parties are barely beginning the process of class discovery. As a result, the addition of Reed to replace Dorrell will not delay the Court's consideration of the class certification issues.

11. Thus, the Court should grant the Motion to amend under Rule 15(a). *See Gould v. Motel 6, Inc.*, No. CV 09–8157 CAS (FMOx), 2011 WL 759472, at *5 (C.D. Cal. Feb. 22, 2011) (granting motion to amend to add a new named plaintiff representative under Rule 15(a)); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452 RJHRLE, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (same, noting that: "In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery.") (citation omitted).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court grant this Motion and permit Pam Reed to be added as a named plaintiff and putative class representative.

Dated: September 3, 2015

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    300 Convent Street, Suite 1020
    San Antonio, Texas  78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
    Peter D. Morgenstern (*admitted pro hac vice*)
    morgenstern@butzel.com
    230 Park Avenue, Suite 850
    New York, New York 10169
    (212) 818-1110
    (212) 818-0494 (Facsimile)

**COUNSEL FOR THE PLAINTIFFS**

**NELIGAN FOLEY, LLP**

By: */s/ Douglas J. Buncher*
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas  75201
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Edward F. Valdespino*
    Edward F. Valdespino
    edward.valdespino@strasburger.com
    Andrew L. Kerr
    andrew.kerr@strasburger.com
    Judith R. Blakeway
    judith.blakeway@strasburger.com
    2301 Broadway
    San Antonio, Texas  78215
    Telephone: (210) 250-6000
    Facsimile: (210) 250-6100

**CERTIFICATE OF CONFERENCE**

Counsel for the putative class of plaintiffs and for defendant Greenberg Traurig, LLP, have conferred and there is no objection to this motion. While preserving for the record any arguments made in its Motion to Strike, denied by the Court on August 12, 2015, Hunton & Williams LLP does not oppose this motion.

    */s/ Edward C. Snyder*
    Edward C. Snyder

**CERTIFICATE OF SERVICE**

On September 3, 2015, I directed the electronic submission of the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that all counsel of record have therefore been served with the foregoing document.

    */s/ Edward C. Snyder*
    Edward C. Snyder