**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.

Plaintiffs,

vs.

GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,

Defendants.

CIVIL ACTION NO. 3:12-cv-04641-N

---

**PLAINTIFFS' JOINT RESPONSE TO GREENBERG TRAURIG, LLP's AND HUNTON & WILLIAMS, LLP's MOTIONS TO COMPEL DISCOVERY**

---

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT & AUTHORITIES ........ 2

General Objection 1 (Relevancy). ........ 2

General Objection 2 (Estoppel). ........ 6

General Objection No. 3. (Plaintiff's Offers of Compromise). ........ 7

General Objection No. 4. (Burden of Production). ........ 8

General Objection No. 5 (Confidentiality). ........ 9

General Objection No. 6 (Availability From Other Sources). ........ 9

General Objection No. 7 (The Scope of Discovery). ........ 10

The Class Plaintiffs' Specific Objection. ........ 10

PRAYER ........ 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bank Brussels Lambert v. Chase Manhattan Bank*,
1996 U.S. Dist. LEXIS 13114 (S.D.N.Y. Sept. 9, 1996) .......... 4

*Boynton v. Headwaters, Inc.*,
No. 1–02–1111–JPM–egb, 2009 WL 3103161 (W.D. Tenn. Jan. 30, 2009) .......... 11

*Camco, Inc. v. Baker Oil Tools, Inc.*,
45 F.R.D. 384 (S.D. Tex. 1968) .......... 9

*Clark v. Universal Builders, Inc.*,
501 F.2d 324 (7th Cir. 1974) .......... 11

*Groth v. Robert Bosch Corp.*,
No. 1:07–CV–962, 2008 WL 2704709 (W.D. Mich. July 9, 2007) .......... 11

*In re Alliance Pharmaceutical*,
1995 WL 51189 (S.D.N.Y. Feb. 9, 1995) .......... 4

*In re Carbon Dioxide Industry Antitrust Litigation,*
155 F.R.D. 209 (M.D. Fla. 1993) .......... 4

*Kayoma v. Delta Health Center*,
No. 4:05CV257-EMB, 2006 WL 3392885 (N.D. Miss. Nov. 22, 2006) .......... 9

*Khaliel v. Norton Healthcare, Inc. Retirement Plan*,
No. 3:08–CV–69–C, 2012 WL 6554714 (W.D. Ky. Nov. 20, 2012) .......... 11

*Lakeview Condominium Ass'n, Inc. v. Scottsdale Ins. Co.*,
No. 06-4436, 2007 WL 1702768 (E.D. La. Jun. 11, 2007) .......... 8

*McPhall v. First Command Financial Planning, Inc.*,
251 F.R.D. 514 (S.D. Cal. 2008) .......... 11, 12

*Mestena, Inc. v. Atravasada Land & Cattle Co. (In re Atravasada Land & Cattle, Inc.)*,
308 B.R. 255 (Bankr. S.D. Tex. 2008)) .......... 7

*Rotstain et al. v. Trustmark National Bank et al.*,
No. 3:09-cv-02384-N-BG .......... 1, 9, 10

*Sanchez v. City of Santa Ana*,
936 F.2d 1027 (9th Cir. 1990) ........ 9

*Shipley Garcia Enterprises, LLC v. Harley-Davidson Motor Co., Inc. (In re Shipley Garcia Enterprises, LLC)*, Adv. No. 13-02012, 2014 WL 1329252 (Bankr. S.D. Tex. 2014) ........ 7

*Spina v. Our Lady of Mercy Medical Center*,
2001 WL 630418 (S.D.N.Y. Jun. 7, 2001) ........ 4

*Surles v. Air France*,
No. 00CIV5004, (RMBFM), 2001 WL 1142231 (S.D.N.Y. Sep. 27, 2001) ........ 3, 4

*Thomas v. IEM, Inc.*,
No. 06-886-B-M2, 2008 WL 695230 (M.D. La. Mar. 12, 2008) ........ 3

*Troice et al. v. Proskauer Rose LLP*,
No. 3:09-cv-01600-N-BG ........ 1

*Troice et al. v. Willis of Colorado Inc., et al.*
No. 3:09-cv-01274 ........ 1

*Turk et al. v. Pershing LLC*,
No. 3:09-cv-02199 ........ 1

*Weaver v. Astrue*,
2012 WL 5412370 (D. Kan. Nov. 6, 2012) ........ 5

*World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc.*,
204 F.R.D. 263 (S.D.N.Y. 2001) ........ 3, 8

**Statutes**

TEX. REV. CIV. STAT. ANN. art. 581-33(D)(3) ........ 5

**Rules**

FED. R. CIV. P. Rule 23 ........ 3

FED. R. CIV. P. Rule 26(b)(1) ........ 3

FED. R. CIV. P. 26(b)(2) ........ 8

Plaintiffs Ralph S. Janvey (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, hereinafter, the "Class Plaintiffs," and together with the Receiver and OSIC, "Plaintiffs") hereby file this response in opposition to the motions to compel discovery filed by Greenberg Traurig, LLP ("Greenberg") [Doc. 148] and Hunton & Williams, LLP ("Hunton," and together with Greenberg, "Defendants") [Doc. 149], and respectfully show the Court as follows:

## INTRODUCTION

Greenberg and Hunton have served the Receiver, OSIC and the Class Plaintiffs with identical, wide-ranging and sweeping requests for discovery.[1] *See* Exhibit B to Greenberg's motion, and Exhibit B to Hunton's motion. Specifically, the Defendants seek the production from *all* the Plaintiffs herein of *all* materials exchanged by *all* the plaintiffs and defendants in four *other* pending class actions, namely: (i) *Troice et al. v. Proskauer Rose LLP*, No. 3:09-cv-01600-N-BG; (ii) *Troice et al. v. Willis of Colorado Inc., et al*. No. 3:09-cv-01274; (iii) *Turk et al. v. Pershing LLC*, No. 3:09-cv-02199; and (iv) *Rotstain et al. v. Trustmark National Bank et al.*, No. 3:09-cv-02384-N-BG.

However, the only parties moving for class certification in the instant case are Samuel Troice ("Troice"), Pam Reed ("Reed") and Michoacan Trust. Said Class Plaintiffs agreed to – and have already – provided the Defendants with the prior deposition testimony of Mr. Troice and Ms. Reed from the *Proskauer* and *Willis* cases, and have also already produced all the

---

[1] Plaintiffs are unsure why Greenberg and Hunton served the Receiver and OSIC with these discovery requests since neither the Receiver nor OSIC are movants for class certification and this Court has made clear that

documents said Class Plaintiffs produced in those two cases. There is no reason for the Defendants to seek the production of any documents beyond this.

But the Defendants are not satisfied and instead demand that the Plaintiffs (and apparently the Receiver and OSIC), who are not even named parties in, e.g., the *Pershing* or *Trustmark* cases, produce all of the deposition transcripts and documents from those cases. Importantly, no other class defendant in any of the other cases ever sought such broad based discovery from the other class cases. And the Defendants demand such discovery from all of the other cases even though they themselves told this court that those other cases were not relevant to the class certification issues in this case, and notwithstanding the fact that such requests seek discovery of absent class members who are not named plaintiffs in this case.

As argued below, the motions to compel discovery – which improperly seek discovery from absent class members and is an inappropriate end-run around the Court's Class Certification Scheduling Order – should be denied.

## ARGUMENT & AUTHORITIES

Each of the Plaintiffs' objections to the Defendants' discovery requests are proper as a matter of law and fact:

**General Objection 1 (Relevancy).**

The Defendants have failed to articulate why all the testimony and other evidence developed and exchanged in connection with the other lawsuits filed against insurance companies, clearing brokers, banks, and other financial institutions are relevant to their opposition to class certification herein.

Greenberg has certainly failed to specify which documents in particular it believes are relevant and why that is the case.[2] Indeed, with the possible exception of the *Proskauer* case, the materials Greenberg seeks in discovery have no possible bearing on the Class Plaintiff's motion for class certification against Greenberg – which is not similarly situated to any of the defendants in the other class actions. *See World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc.*, 204 F.R.D. 263, 265 (S.D.N.Y. 2001) (documents relating to how advertising agency dealt with its other clients were not relevant, and thus not discoverable).

In its motion, Greenberg states in cursory fashion that, "[t]he documents requested are plainly discoverable in three ways: (a) They are relevant [to] Plaintiffs' assertion that a class of all Stanford investors meet the standards of Rule 23; (b) they are relevant to Greenberg's asserted class defenses; and (c) they are reasonably calculated to lead to the discovery of admissible evidence." [Doc. 148], p. 2-3. But beyond this headline argument, Greenberg makes no specific showing.

Rule 26(b)(1) requires a party seeking disclosure to show "good cause" in support of its claims of relevancy. "The good cause standard is not satisfied by conclusory statements and allegations but requires the movant to point to specific facts." *Surles v. Air France*, No. 00CIV5004 (RMBFM), 2001 WL 1142231, at *2 (S.D.N.Y. Sep. 27, 2001); *see also Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (a litigant's "firm belief" that requested documents are relevant is insufficient to compel production without a factual showing).

[2] Hunton, in contrast, has limited the documents it seeks to two specific categories – *see* [Doc. 149], p. 3 (identifying two categories of documents) – but its arguments for production are meritless, as discussed below.

Significantly, "[w]here a party fails to produce any specific fact whatsoever to support an allegation, a district court may, in its discretion, refuse to permit discovery." *Surles*, *id.* (quoting and citing *Spina v. Our Lady of Mercy Medical Center*, 2001 WL 630418, *2 (S.D.N.Y. Jun. 7, 2001) (citations omitted); *Bank Brussels Lambert v. Chase Manhattan Bank*, 1996 U.S. Dist. LEXIS 13114, *9 (S.D.N.Y. Sept. 9, 1996) (Defendant "will not be given license to search the files based on speculation."); *In re Alliance Pharmaceutical*, 1995 WL 51189, *1 (S.D.N.Y. Feb. 9, 1995) ("[D]iscovery requests ... cannot be based on pure speculation.")).

Here, Greenberg has offered no specific basis to conclude that the testimony and evidence obtained from non-parties in the four other cases are relevant to class certification in this action. For this reason alone, the Greenberg's motion should be denied. *See Surles, supra* ("the information sought by Defendant does not become relevant merely because Defendant speculates that it might reveal useful material"); *In re Carbon Dioxide Industry Antitrust Litigation,* 155 F.R.D. 209, 212 (M.D. Fla. 1993) (defendant must show a "particularized need" to obtain information not available from the class representatives).

Moreover, Greenberg's position here utterly contradicts the position it took in opposing Plaintiffs' request that the Court defer consideration of class certification in this case until after it decided class certification in the *Proskauer* case. In its Response to that request [Doc. 132], Greenberg told the Court that Plaintiffs' position (e.g., that the class issues in this case were substantially similar to the class issues in *Proskauer*) was "*unsupported and frivolous*", and that "*the cases are not related except that plaintiff Samuel Troice and the putative class (but not Greenberg or Hunton) are plaintiffs in Proskauer. The claims are unique to each case and neither the class issues nor defendants' responses have been identified or briefed in this case*". Doc. 132, at p. 5 (emphasis supplied).

Yet now Greenberg takes the contrary position that testimony elicited in all of the other cases is entirely relevant to the issue of class certification in this case. The Court should not condone such gamesmanship.

Hunton, for its part, has limited its motion to compel to seeking transcripts of the depositions of two damages experts in the *Trustmark* action.[3] *See* [Doc. 149] p. 3, 5. But it also has not shown good cause for production under Rule 26.[4]

In support, Hunton attempts to create the impression that the Class Plaintiff's theory of damages depends on or relies upon the testimony of these experts. *See* [Doc. 149] p. 6. But these experts have not been retained or designated by any party in this case (including Hunton), nor will they be testifying in this action. *See Weaver v. Astrue*, No. 11-1376-JWL, 2012 WL 5412370, at *9 (D. Kan. Nov. 6, 2012) ("Plaintiff does not explain how vocational expert testimony in another case could constitute substantial evidence of a fact in this case even if the objects were identical.").

The Class Plaintiffs in this action seek rescission damages under the Texas Security Act ("TSA"). Under the TSA, an aider of securities fraud is liable for "the consideration the buyer paid for the security plus interest thereon at the legal rate from the date of payment by the buyer, less . . . the greater of: (i) the value of the security at the time the buyer disposed of it plus the amount of any income the buyer received on the security; or (ii) the actual consideration received for the security at the time the buyer disposed of it plus the amount of any income the buyer received on the security." TEX. REV. CIV. STAT. ANN. art. 581-33(D)(3). Here, the measure of

---

[3] The fact that Hunton has limited its motion to seeking only a certain subset of documents itself demonstrates the far-reaching and overly-broad nature of Greenberg's motion.

[4] Hunton also concedes that the defendants in *Trustmark* have refused to produce these transcripts to the Defendants.

the class' damages under the TSA can readily be ascertained through the Receiver's investor-claim determinations. *See* Case No. 3:09-cv-01600-N-BG [Doc. 179] p. 6. In fact, the proposed class in this action is limited precisely to those investors whose claims have been allowed by the Receiver.

Finally, Hunton also seeks the production of already-completed depositions and already-produced documents from the Class Plaintiffs. *Id*., p. 3, 6. These documents, however, were previously produced to the Defendants. In fact, in the spirit of cooperation, the Class Plaintiffs provided the Defendants with Mr. Troice and Ms. Reed's prior deposition testimony in the *Proskauer* and *Willis* cases well in advance of the discovery process and the Defendants' issuance of discovery requests. As such, and armed with the class representatives' prior testimony, the Defendants herein are far better positioned in the discovery process than the *Proskauer* or *Willis* Defendants were at similar stages in the proceedings. There is no reason whatsoever to provide the Defendants with any additional advantages not enjoyed by Defendants in the other cases.

Accordingly, Hunton's motion in this regard is moot and should otherwise be denied.

**General Objection 2 (Estoppel).**

The Defendants' requests are particularly difficult to comprehend given that Greenberg previously took the position that developments in other class actions – and in particular, the *Proskauer* case – have no bearing on class certification in this case. *See* [Doc. 132] p. 5 ("The cases [i.e. the present case and *Proskauer*] are not related …. The claims are unique to each case."). In its motion, Greenberg doesn't seek to explain this inconsistency, except to say that Plaintiffs' objection in this regard "is not well taken." [Doc. 148] p. 3. But Greenberg is plainly estopped from taking a different, inconsistent position now for the sole purpose of gaining access

to discovery materials from the *Proskauer* and other class actions. *See Shipley Garcia Enterprises, LLC v. Harley-Davidson Motor Co., Inc. (In re Shipley Garcia Enterprises, LLC)*, Adv. No. 13-02012, 2014 WL 1329252, at *13 (Bankr. S.D. Tex. 2014) ("The classic application of judicial estoppel is the preclusion of inconsistent positions by a party to gain two distinct advantages from the court.") (quoting and citing *Mestena, Inc. v. Atravasada Land & Cattle Co. (In re Atravasada Land & Cattle, Inc.)*, 308 B.R. 255, 273 (Bankr. S.D. Tex. 2008)).

**General Objection No. 3. (Plaintiff's Offers of Compromise).**

In their formal objections and responses, Plaintiffs objected to – and continue to object to – Greenberg's practice of referencing or revealing to the Court offers of compromise made by the Plaintiffs in connection with this discovery dispute. The fact that the Plaintiffs – in good faith and in the interest of judicial economy – voluntarily agreed to produce a significant subset of the requested materials to Greenberg should have no bearing whatsoever on the merits or disposition of the Motion.

Notably, the Plaintiffs have agreed to provide the Defendants with materials developed and produced in connection with other Stanford-related class actions in which the class representatives here – Mr. Troice and Ms. Reed – also serve as class representatives. Specifically, Plaintiffs agreed to produce, and have already produced, the deposition transcripts of Mr. Troice and Ms. Reed from the *Proskauer* and *Willis* cases; documents produced by Mr. Troice and Ms. Reed in the *Proskauer* and *Willis* cases; and responses to written discovery from Mr. Troice and Ms. Reed in those other cases. Greenberg truly has no need for any other materials – and it has certainly failed to articulate such a need in its Motion.

**General Objection No. 4. (Burden of Production).**

The burden of producing the sheer volume of materials requested by the Defendants is enormous. In *Trustmark*, for example, the parties took 17 depositions, and produced over 30,000 pages of documents. Discovery was similarly extensive in the *Pershing* and *Willis* cases. Contrary to Greenberg's claim, it will not take a "click of a button" to produce these voluminous materials; it will take lawyers and paralegals to go through and produce the materials, much of which has been redacted and is subject to confidentiality agreements and protective orders in the other cases. As such, and as discussed further below, the production of these materials will require dozens of law firms who have not appeared in this action to review and negotiate the scope of various confidentiality orders applicable to the records that the Defendants seek.

"A Court has the discretion to deny discovery requests if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit." *World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc.*, 204 F.R.D. 263, 265 (S.D.N.Y. 2001) (documents relating to how advertising agency dealt with its other clients were not relevant, and thus not discoverable, in client's action against agency for breach of contract, in light of minimal probative value of documents and significant burden of producing those documents); FED. R. CIV. P. 26(b)(2).

Here, the Court should reject the Defendants' burdensome request for production, which improperly seeks the wholesale production of all of Plaintiffs' files in connection with the other class actions. *See, e.g., Lakeview Condominium Ass'n, Inc. v. Scottsdale Ins. Co.*, No. 06-4436, 2007 WL 1702768, at *1 (E.D. La. Jun. 11, 2007) (denying motion to compel disclosure as overly burdensome due to the fact that the discovery request would have required the defendant to review "all its files"); *Camco, Inc. v. Baker Oil Tools, Inc.*, 45 F.R.D. 384, 387 (S.D. Tex.

1968) ("This demand represents nothing more than a blanket request for the complete files of defendant's 450 patents") (denying motion to compel discovery).

**General Objection No. 5 (Confidentiality).**

As Greenberg concedes, substantially all the materials that it seeks are subject to confidentiality orders negotiated by the parties and dozens of other lawyers who are defending the various defendants in these actions. In *Rotstain*, the materials filed in connection with the motion for class certification are subject to confidentiality and sealing orders. *See* Case No. 3:09-cv-02384-N-BG [Docs. 344, 346]. There are protective orders in place covering testimony in the *Willis* and *Proskauer* cases as well. These agreements were carefully negotiated between the class plaintiffs, OSIC's various lawyers, the Receiver's lawyers, and dozens of other lawyers representing the numerous defendants in these actions. The Court is entitled to weigh the confidentiality of these records and the burden in producing them in assessing the need for production. *See e.g., Kayoma v. Delta Health Center*, No. 4:05CV257-EMB, 2006 WL 3392885, at *1 (N.D. Miss. Nov. 22, 2006) (denying motion to compel production of confidential records); *See e.g., Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990) (sustaining district court ruling denying party access to confidential employment files during discovery) ("While plaintiffs demonstrate the relevance of statistics to their suit, they fail to show that discovery of the actual files was necessary. Focused discovery could have been employed.") (emphasis supplied).

**General Objection No. 6 (Availability From Other Sources).**

Many of the documents that the Defendants seek are publicly available on PACER, such as the legal briefs and unsealed evidence filed in connection with the motions for class certification in the *Proskauer*, *Willis*, and *Pershing* cases. The Defendants are free to search this

public database and pay the document retrieval costs at their convenience. The Defendants are also free to appear and file a motion to unseal the *Rotstain* records in that action. The burden for doing so should be on the Defendants, not on the Plaintiffs herein.

**General Objection No. 7 (The Scope of Discovery).**

The Court made clear in its Class Certification Scheduling Order that "all discovery except regarding class certification is stayed." [Doc. 142] ¶ 3. Accordingly, OSIC and the Receiver object to being pulled into discovery at this stage of the proceedings – which discovery should more properly be directed exclusively to the Class Plaintiffs.

**The Class Plaintiffs' Specific Objection.**

It should be obvious to the Defendants that the Class Plaintiffs don't have most of the materials that Greenberg seeks, or the transcripts that Hunton seeks. With the exception of Mr. Troice and Ms. Reed in the *Proskauer* and *Willis* cases, the Class Plaintiffs are not involved in other Stanford-related class actions and therefore don't have records relating to those actions in their possession. Accordingly, Mr. Troice and Ms. Reed's agreement to produce the relevant *Proskauer* and *Willis* records should be sufficient for the Defendants.

But the Defendants' objective is apparently not limited to seeking discovery from the Class Plaintiffs in this action, as required under the Court's Class Certification Scheduling Order. Instead, the Defendants are seeking discovery relating to other Stanford investor/victims who are members of the putative class, but who are absent herein. To the extent the Defendants seek the production of materials relating to class representatives from other actions (other than Mr. Troice and Ms. Reed) who are not named herein, such requests are clearly prohibited.

In the class action context, "discovery from [ ] unnamed class members is not permitted absent special circumstances." *Khaliel v. Norton Healthcare, Inc. Retirement Plan*, No. 3:08–

CV–69–C, 2012 WL 6554714, at *1 (W.D. Ky. Nov. 20, 2012) (citing *Boynton v. Headwaters, Inc.*, No. 1–02–1111–JPM–egb, 2009 WL 3103161, at *1 (W.D. Tenn. Jan. 30, 2009). Without such a prohibition, the "principal advantage of a class action will be forfeited." *Id.* (citing *Groth v. Robert Bosch Corp.*, No. 1:07–CV–962, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2007) (holding that if all members are "routinely subject to discovery" the benefits of class action will be lost)).

"While some courts have permitted discovery of absent class members, they have done so only where the proponent of the discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent." *McPhall v. First Command Financial Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340–42 (7th Cir. 1974)).

Here, the Defendants cannot credibly deny that they are seeking this discovery (which relates to other class actions and other plaintiffs not present herein) in an attempt to eliminate or reduce the size of the class in this action. The Defendants, as argued above, have also failed to demonstrate that the production of these materials is necessary, much less relevant to the specific claims made against them. The Defendants are law firms that played a unique and specialized role in the Stanford Ponzi scheme and that are therefore situated differently than these other defendants. Moreover, the absent class members who are the ultimate and actual subjects of the Defendants' discovery request (who serve as class representatives in other actions), will now have to confer with their attorneys to assess the scope and validity of these requests, their obligations thereunder, and their rights under federal law and the existing confidentiality

agreements. *See McPhall*, 251 F.R.D. at 517. Finally, the discovery that the Defendants seek is actually known to them (the legal briefs and underlying evidentiary appendixes are available on PACER) and is therefore equally obtainable from other sources.

Accordingly, the Court should deny the Defendants' patently improper attempts to obtain discovery from unnamed and absent class members.

## PRAYER

For the foregoing reasons, the Plaintiffs respectfully request that the Court deny the Defendants' motions to compel.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder
esnyder@casnlaw.com
Jesse R. Castillo
jcastillo@casnlaw.com
300 Convent Street, Suite 1020
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

**NELIGAN FOLEY, LLP**

By: */s/ Douglas J. Buncher*
Douglas J. Buncher
dbuncher@neliganlaw.com
Nicholas A. Foley
nfoley@neliganlaw.com
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5320
(214) 840-5301 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
Peter D. Morgenstern (*admitted pro hac vice*)
morgenstern@butzel.com
230 Park Avenue, Suite 850
New York, New York 10169
(212) 818-1110
(212) 818-0494 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Edward F. Valdespino*
Edward F. Valdespino
edward.valdespino@strasburger.com
Andrew L. Kerr
andrew.kerr@strasburger.com
300 Convent Street, Suite 900
San Antonio, Texas 78205
(210) 250-6000
(210) 250-6100 (Facsimile)

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

On November 17, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.

*/s/ Peter D. Morgenstern*
Peter D. Morgenstern