IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | |
| § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, § | |
| HUNTON & WILLIAMS, LLP; and § | |
| YOLANDA SUAREZ, § | |
| § | |
| Defendants. § | |

**GREENBERG TRAURIG, LLP'S
REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

Greenberg Traurig, LLP ("Greenberg") files this Reply in support of its Motion to Compel (Dkt. 148) and states as follows.

**FACTS NOT DISPUTED**

The Response does not deny or dispute the following facts:

- The other class cases seek to certify the same or variations of the same class sought in this case, and the asserted evidentiary bases for the motions to certify in the other cases overlap with the basis claimed in this case.  Motion p. 2 and Ex. C.

- The putative class representatives in the other cases are members of the putative class in this case.  Motion p. 2.

- Greenberg's Amended Answer (Dkt. 155) alleges on information and belief that the discovery in the other cases contains facts or admissions contrary to the class motion in this case and relevant to Greenberg's defenses to certification.  *Id.*

- The Receiver has been served with and responded to class discovery in the other cases. *Id.* p.3 and Ex. A p. 1 (listing documents from the Receiver).

- Documents produced to date, including depositions and complete document productions from certain parties, were produced in electronic form and forwarded with the click of a button. *Id.* p. 3.

- Greenberg's position that this case has unique claims is true, just as it is true that there are overlapping claims in the other class cases. *Id.*

- Plaintiffs Troice and Reed represent the same putative class that is suing in the other cases through their counsel of record herein. They have the right to manage and direct their counsel, who are in actual possession of the requested documents. *Id*. p. 4.

- Plaintiffs can produce, and have produced, discovery materials from all four cases. *Id.* See also Ex. A p. 1 (agreement to produce certain discovery documents from Proskauer, Willis, Pershing and Trustmark).

The Response also fails to rebut the following asserted conclusion of law:

- Existing sworn statements of class members are plainly relevant to whether the proposed class shares common claims or if individual claimants have different experiences or demonstrate that individual issues exist and predominate. Motion p. 2

The undisputed facts and law establish that the requested documents are discoverable for the reasons asserted in the Motion: (a) They are relevant Plaintiffs' assertion that a class of all Stanford investors meets the standards of Rule 23; (b) they are relevant to Greenberg's asserted class defenses; and (c) they are reasonably calculated to lead to the discovery of admissible evidence. For one or all three reasons Greenberg is entitled to copies of this existing class discovery.

## ABSENCE OF EVIDENCE

The Response offers no evidence factually supporting any objection. *Camco, Inc. v. Baker Oil Tools, Inc*., 45 F.R.D. 384 (S. D. Tex. 1968) (objecting party bears the burden to factually establish its claim of privilege or protection and cannot rely on bald assertions).

## THE BLANKET OBJECTIONS

**Objection 1 - Relevance:** Discussed above.

**Objection 2 - Estoppel:** The Response offers an edited fragment of Greenberg's prior statement. The full statement reads as follows:

> Plaintiffs declare that pursuing class claims in this case would be "duplicative of the efforts already underway to determine class certification issues in the related, and substantially similar, case of *Troice et al. v. Proskauer Rose*." That claim is unsupported and frivolous. The cases are not related except that plaintiff Samuel Troice and the putative class (but not Greenberg or Hunton) are plaintiffs in *Proskauer*. The claims are unique to each case and neither the class issues nor defendants' responses have been identified or briefed in this case.

Response to Plaintiffs' Motion for Entry of a Discovery Scheduling Order (June 22, 2015) p. 5. Greenberg's statement was accurate and the Response does not dispute it. This case and *Proskauer* are not related except as noted. The *claims* are unique to each case but the *class issues* had not been identified at that time. Plaintiffs' motion to certify was served on October 5. To the contrary, Plaintiffs' position that "class certification issues" in Proskauer are "substantially similar" to this case contradicts Plaintiff's relevance objection.

**Objection 3 – References to Informal Discovery:** The referenced agreement was made as described, to limit the scope of formal discovery via a Request for Production. The reference was referenced to ensure that any items that could not be provided as agreed would be included in the Request for Production. The informal discovery predated the Request for Production and was not in any way related to the Motion to Compel.

**Objection 4 - Burden of Production:** The objection is vague and nonspecific and does not meet the standards of Rule 34 and *Camco, supra*.

The assertion that "it will take lawyers and paralegals to go through and produce the materials" is not an objection. It is the way any document production is fulfilled.

No evidence is provided to support the vague assertion that "production of these [undefined] materials will require dozens of law firms who have not appeared in this action to review and negotiate the scope of various confidentiality orders." The protective orders on file in *Pershing* and *Trustmark* provide that confidential designations are placed on each affected document. Stipulated Protective Order, case 3:09-cv-02199 Document 141 (Feb. 6, 2015); Agreed Confidentiality Order, case 3:09-cv-02384 Document 53 (August 6, 2010). If there are other confidentiality agreements requiring added steps Plaintiffs have not produced them.

**Objection 5 - Confidentiality:** The Motion pointed out that Plaintiffs failed to produce a privilege log or list of the passages or documents that were designated confidential. Motion p. 3, *citing Camco* (objecting party bears the burden to factually establish its claim of privilege or protection and cannot rely on bald assertions). The Response contains only bald assertions.

Greenberg's motion neither stated nor suggested that "substantially all the materials that it seeks are subject to confidentiality orders." Greenberg requests that the Court order Plaintiffs to produce all responsive documents that do not bear a confidential designation, plus redacted copies of the rest and a listing with a description, date and reason for each redacted or withheld document.

**Objection 6 – "Available From Other Sources":** The Response cites no authority for this being a valid objection. The Request seeks documents produced in discovery, which are generally not filed of record. The assertion that "Many" unspecified documents are available on PACER is vague and evasive and does not justify withholding all documents. Greenberg requests that the Court order Plaintiffs to produce all responsive documents regardless of whether they may also appear in PACER, or in the alternative identify specifically which

responsive documents are available online and where including case number, docket number and page.

**Objection 7 - Scope of Discovery:** The Response merely restates the objection contained in the Joint Response to the discovery. Plaintiffs offer no rebuttal to the language in the Scheduling Order, which does not immunize any party from class discovery. Nor does the Response deny that the Receiver has produced documents in class discovery in other cases. Motion at Ex. A p. 1. In *Trustmark* the Receiver gave a class issues deposition through a Rule 30(b)(6) designee. *See* case 3:09-cv-02384-N-BG, Dkt. 351-22 pp. 2-3 of 144 (deposition excerpts). The Receiver has agreed to produce a designee for a class issues deposition in this case.

**The "Specific" Objection.** As noted above it is undisputed that Plaintiffs can produce all responsive materials through counsel. Some discovery documents from other cases were already produced this way. *Id.*

Greenberg's Request was served on named plaintiffs not absent class members. Case law on taking discovery from absent class members who don't have lawyers, which is mixed, is not applicable. Plaintiffs cite no authority barring discovery of documents produced in class discovery from class members who have entered their appearance as named parties in other cases.

Wherefore, Greenberg moves the Court to overrule Plaintiffs' objections, grant its motion to compel, order Plaintiffs to produce all responsive documents requested in its First Request for Production.


<p style="text-align:right">Respectfully submitted,</p>

**COWLES & THOMPSON, P.C.**

By: /s/ Sim Israeloff
    **JIM E. COWLES**
    Texas Bar No. 04931000
    **SIM ISRAELOFF**
    Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR GREENBERG TRAURIG, LLP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of November, 2015, a true and correct copy of the foregoing document was delivered via electronic means using the ECF system pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

/s/ Sim Israeloff
**SIM ISRAELOFF**