**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, | § § § § § § § | |
| Plaintiffs. | § § | |
| vs. | § § | CASE NO. 3:12-cv-04641-N |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS LLP; and YOLANDA SUAREZ, | § § § § | |
| Defendants. | § § | |

---

**HUNTON & WILLIAMS LLP'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

---

| | |
|---|---|
| Jeffrey D. Colman | Richard A. Sayles |
| David Jiménez-Ekman | Shawn Long |
| April A. Otterberg | SAYLES WERBNER |
| JENNER & BLOCK LLP | 4400 Renaissance Tower |
| 353 N. Clark Street | 1201 Elm Street |
| Chicago, IL 60654-3456 | Dallas, TX 75270 |
| jcolman@jenner.com | dsayles@swtriallaw.com |
| (312) 923-2940 | (214) 939-8701 |
| (312) 840-7340 (Facsimile) | (214) 939-8787 (Facsimile) |

*Admitted* Pro Hac Vice

*Counsel for Hunton Williams LLP*

Hunton & Williams LLP ("Hunton") has moved the Receiver, the OSIC, and Class Plaintiffs Pam Reed, Samuel Troice, and the Michoacan Trust to produce discovery materials from four Stanford-related class cases pending in this Court, including two expert deposition transcripts and a discrete set of discovery materials that already have been produced by fourteen putative class representatives in those cases. (Hunton Mot. to Compel [Dkt. 149] ("Hunton's Motion").) These materials already exist and can be produced virtually without effort. Indeed, preparing the 11-page brief, citing 23 cases, in opposition to the motions to compel filed by Hunton and co-defendant Greenberg Traurig, LLP ("Greenberg"), took more time than it would have to send an email attaching the limited set of materials that Hunton specifically highlighted in its motion, or to send the additional relevant materials both Defendants seek. (*See* Pls.' Resp. Br. [Dkt. 151].) Plaintiffs' response brief fails to carry Plaintiffs' burden of showing that the materials are not relevant or discoverable, or that compelling their production would place any undue burden on Plaintiffs or their counsel. The Court should compel Plaintiffs to produce the requested materials.

I.  **Hunton Has Established that the Materials It Seeks Are Relevant and Discoverable**

As Hunton demonstrated in its opening brief, the limited set of information it seeks from the other class cases—certain deposition transcripts and the documents already produced by the named plaintiffs in those cases—is directly relevant to Class Plaintiffs' efforts to certify a class in this case. (Hunton's Mot. at 4, citing, *e.g.*, *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 608 (E.D. Ken. 2011) (rejecting relevance objection to production of materials from prior "substantially similar litigation").)

### *Depositions of Damages Experts in Trustmark Case*

The deposition transcripts of the damages experts tendered in *Trustmark* are relevant because the plaintiffs' damages theories are the same in both cases.  (*See* Hunton's Mot. at 5, citing, *e.g.*, *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 206 (D. Conn. 2014) (compelling production of all deposition testimony in party's possession).)  Plaintiffs protest that those experts will not be testifying in this action,[1] but admit that Plaintiffs' damages theory and calculations depend on the "Receiver's investor-claims determinations."  (*See* Pls.' Resp. Br. at 5-6.)  In their Motion for Class Certification (not due to be filed with this Court until February 26, 2016), Class Plaintiffs argue that (1) their damages theory is based on net losses, as measured by the Receiver, minus distributions; and (2) the Receiver and his team of professionals will be able to calculate the damages incurred by a putative class adequately and on a class-wide basis.  The putative class plaintiffs in *Trustmark* argued the very same theories.  *See* Defs.' Opp'n to Pls.' Mot. for Class Certification, Ex. 82 at 6, *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-cv-02384-N (N.D. Tex. Nov. 2, 2015) [Dkt. 351-3].  Plaintiffs admit that here their damages theory and calculations are based on the same "Receiver's investor-claims determinations" that were the subject of damages expert testimony in *Trustmark* (*see* Pls.' Resp. Br. at 5-6), and thus cannot dispute the relevance of the two deposition transcripts.

### *Overlapping Class Members' Already-Produced Discovery*

As set forth in its Motion, Hunton also seeks (a) documents already produced by the fourteen putative class representatives in other Stanford-related class actions and (b) transcripts

---

[1] Since Plaintiffs filed their response brief to Hunton's and Greenberg's motions to compel, Hunton designated a damages expert who may provide expert testimony in support of Hunton's opposition to class certification.  Because Class Plaintiffs may designate their own damages expert in rebuttal, either the plaintiffs' expert in *Trustmark* or another expert, that is a further reason the *Trustmark* damages expert testimony is relevant.

of their depositions. The materials from representatives of putative classes in four other Stanford cases are relevant because those putative class representatives are members of one of the same classes Class Plaintiffs seek to certify in this case. (Hunton's Mot. at 6-7.) Class Plaintiffs argue they shouldn't be compelled to produce those materials because absent class member discovery is "clearly prohibited." (Pls.' Resp. Br. at 10.) Class Plaintiffs' argument falls short for two reasons.

*First*, the class members from whom Hunton seeks this discovery are not absent class members. Class Plaintiffs do not (and cannot) dispute that these fourteen class members are *named* class members in the related litigation and represented by some of the very same counsel representing Plaintiffs here. (*See id.* at 1-2, 7; *see generally* Pls.' Resp. Br.)

*Second*, even if these fourteen representative class plaintiffs are to be considered "absent" class members for purposes of this case as Class Plaintiffs urge (Pls.' Resp. Br. at 10), though they should not be, they are exactly the kind of class member from whom federal courts allow defendants to take discovery. Unlike "true" absent class members who remain essentially anonymous until after a class is certified, these putative class members have voluntarily become involved with the Stanford litigation. (Hunton's Mot. at 7-8, citing *Rojas v. Marko Zaninovich, Inc.*, No. 1:09-cv-00705, 2011 WL 2636071, at *4 (N.D. Cal Apr. 2, 2012).) The cases Class Plaintiffs cite for the proposition that discovery cannot be taken from absent class members therefore do not apply. (Pls.' Resp. Br. at 10-11.) All of those cases involved unnamed class members who the courts determined would be subjected to undue burden or harassment if required to participate in discovery given that they did not first voluntarily inject themselves into the litigation. (*Id.* at 11, citing, *e.g., Boynton v. Headwaters*, No. 02-1111-JPM, 2009 WL 3103161, at *1 (W.D. Tenn. Jan. 30, 2009).)

3

For example, in *Boynton*, the defendant sought to compel the depositions of all unnamed class members and responses to 20 requests for production and over 100 interrogatories, including subparts. 2009 WL 3103161, at *1. In a two-page opinion, the district court rejected the defendant's request to compel all of the unnamed class members to respond to the "exhaustive" and "complex" discovery. *Id.* at *1-2. However, the district court explained that seeking discovery from absent class members could be appropriate "when the information requested is relevant to the decision of the common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from representative parties." *Id*. at *1 (citing a long line of federal circuit and district court decisions).

Here, Hunton's request for limited discovery—already produced in the related litigation—meets the criteria cited in *Boynton*, and Plaintiffs should be compelled to produce it. Hunton's request would not require these fourteen putative class plaintiffs, nor any other unnamed class plaintiffs in this case, to do a single thing to comply with its requests. Rather, their lawyers would simply need to send Hunton's counsel an email with attachments of already produced materials.

## II.     The Plaintiffs' Purported Concerns About Burden Are Red Herrings

As Hunton showed in its opening brief and Plaintiffs do not refute, there is no true burden to producing the materials that Hunton seeks. (Hunton's Mot. at 4.) All Plaintiffs would need to do is re-send files already sent to other parties in other Stanford litigation. *See, e.g., Jobin v. Resolution Trust Corp.*, 156 B.R. 834, 837-38 (D. Colo. 1993).

Plaintiffs' counsel attempt to artfully craft a burden argument in their response brief (Pls.' Resp. Br. at 8-10), but it falls short for four simple reasons. *First*, the materials Hunton seeks

through its motion are limited to discovery from other Stanford-cases in which at least one of the attorneys who signed Plaintiffs' response brief to the motion to compel in this case are counsel of record to those plaintiffs in those cases. As a result, the materials are in the possession of Class Plaintiffs through their counsel. *Second*, any concerns about confidentiality can be resolved by Hunton's agreement to treat any documents received as confidential under the parties' existing agreements in the other cases, as Hunton has already offered to Plaintiffs. *Third*, although Plaintiffs appear to imply there is opposition from defendants in other cases to producing these materials (*see* Pls.' Resp. Br. at 5 n.4), Hunton understands that any concern about disclosure of any of these materials was rooted in Plaintiffs' objection to production and can be resolved. *Fourth*, despite Plaintiffs' contentions (*see id.* at 8-10), they offer no factual support to meet their burden to withhold the production of relevant, discoverable material. *See, e.g., Camco, Inc. v. Baker Oil Tools, Inc.*, 45 F.R.D. 384 (S.D. Tex. 1968).

### III.     The Plaintiffs' Remaining Objections Are Not Proper Or Reasonable Objections

Plaintiffs' remaining objections are not proper or reasonable objections under Rule 26. Plaintiffs object that the production of these materials will "provide the Defendants with [] additional advantages not enjoyed by Defendants in other cases." (Pls.' Resp. Br. at 6.) That is not a basis to refuse to produce materials that are relevant and discoverable in this case, and Plaintiffs cite no authority in support of that objection.

Plaintiffs further object that the Defendants are "estopped" from discovery because of how Plaintiffs characterize arguments made by Defendants in response to Plaintiffs' motion to stay the class certification proceedings in this case. (*Id.*) That also is not a basis to withhold discovery of materials that are relevant in this case, especially because it is Class Plaintiffs who have filed a motion in support of class certification in this case that adopts or otherwise makes

arguments similar to the arguments made in other Stanford putative class cases. It is that multi-case approach to which Hunton now must respond.

Finally, Plaintiffs object that they have already produced certain discovery or that other materials are available on PACER. (*Id*. at 8-9). However, Hunton has been clear that it is not seeking materials already voluntarily produced by Plaintiffs, and Hunton is not asking Plaintiffs to produce materials available on PACER, which it has already collected. For all these reasons, the Court should reject Plaintiffs' objections as improper and compel them to produce the requested discovery.

## CONCLUSION

For the foregoing reasons and those set forth in Hunton's opening brief, the Court should enter an order compelling Plaintiffs to produce the documents requested in Hunton's and Greenberg's respective First Requests for Production.

Dated: December 1, 2015                                  Respectfully submitted,

                                                         By:   /s/ Jeffrey D. Colman
Richard A. Sayles (Tex. # 17697500)                            Jeffrey D. Colman (Ill. # 0491160)
Shawn Long (Tex. # 24047859)                                   David Jiménez-Ekman (Ill. # 6210519)
SAYLES WERBNER                                                 April A. Otterberg (Ill. # 6290396)
4400 Renaissance Tower                                         JENNER & BLOCK LLP
1201 Elm Street                                                353 N. Clark Street
Dallas, TX 75270                                               Chicago, IL 60654-3456
dsayles@swtriallaw.com                                         jcolman@jenner.com
(214) 939-8701                                                 (312) 923-2940
(214) 939-8787 (Facsimile)                                     (312) 840-7340 (Facsimile)

*Counsel for Defendant*                                        *Counsel for Defendant Hunton & Williams LLP*
*Hunton & Williams LLP*                                        *Admitted* Pro Hac Vice

6

## CERTIFICATE OF SERVICE

      I, Jeffrey Colman, hereby certify that on December 1, 2015, I electronically filed the foregoing **Defendant Hunton & Williams LLP's Reply In Support of Its Motion To Compel** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means. Copies will be sent to those indicated as non-registered participants by U.S. Mail or facsimile at the addresses of their counsel of record or last known residence.

                                                  /s/ Jeffrey D. Colman
                                                  Jeffrey D. Colman