## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RALPH S. JANVEY, in his capacity** | § | |
| **as Court-appointed receiver for the** | § | |
| **Stanford Receivership Estate; the** | § | |
| **OFFICIAL STANFORD** | § | |
| **INVESTORS COMMITTEE; PAM** | § | |
| **REED; SAMUEL TROICE; and** | § | |
| **MICHOACAN TRUST; individually** | § | **CIVIL ACTION NO.** |
| **and on behalf of a class of all others** | § | **3:12-cv-04641-N** |
| **similarly situated.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **GREENBERG TRAURIG, LLP;** | § | |
| **HUNTON & WILLIAMS, LLP; AND** | § | |
| **YOLANDA SUAREZ,** | § | |
| **Defendants.** | | |

## PLAINTIFFS' MOTION FOR SEVERANCE OF ESTATE CLAIMS ASSERTED BY THE RECEIVER AND OSIC AND REQUEST FOR ENTRY OF SCHEDULING ORDER

Plaintiffs Ralph S. Janvey (the "Receiver"), in his capacity as court-appointed receiver for the Stanford Receivership Estate, the Official Stanford Investors Committee ("OSIC") and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, "Class Plaintiffs" and together with the Receiver and OSIC, the "Plaintiffs"), file this motion (the "Motion") to request the entry of an order severing the claims asserted by the Receiver and OSIC (the "Estate Claims") from the claims asserted by the Class Plaintiffs (the "Class Claims") under Rule 21 of the Federal Rules of Civil Procedure, and in support state as follows:

### I. PRELIMINARY STATEMENT

By this Motion, Plaintiffs request that the Court sever the Estate Claims from the Class Claims. The Estate Claims should be severed for two reasons. First, severance is necessary to

prevent undue delay and prejudice to the Receiver and OSIC if prosecution of the Estate Claims is effectively stayed pending the Court's ruling on class certification.  Under the Court's Class Certification Scheduling Order [Docket No. 142], the Receiver and OSIC are prohibited from commencing merits discovery with respect to the Estate Claims until the Court has ruled on class certification.  As a result, adjudication of the Estate Claims has been postponed indefinitely. While the parties originally filed a joint complaint, the Receiver and OSIC have determined that their interests are best served by severing the Estate Claims from the Class Claims so that the resolution of the Estate Claims is not delayed while the Court addresses class certification issues. The Estate Claims are independent of the Class Claims and will proceed regardless of the outcome of the class certification issues.  Thus, severing the Estate Claims will avoid any further delay by permitting the Receiver and OSIC to prosecute their independent claims concurrently with the Court's consideration of class certification issues.

Second, severance is necessary to avoid the risk of juror confusion and prejudice to the Class Plaintiffs with respect to the Class Claims.  Greenberg has requested leave to designate responsible third parties ("RTPs") under Chapter 33 of the Texas Civil Practices and Remedies Code ("Chapter 33").  The Court has permitted defendants to designate RTPs with respect to estate claims asserted by the Receiver and OSIC in other cases.  *See, e.g., Janvey v. Adams & Reese*, Case 3:12-cv-00495, Doc. 151 (the "A&R Order").  However, Chapter 33 does not apply to the Class Claims, which involve statutorily-imposed or common law joint and several liability.[1]  Therefore, Greenberg cannot designate RTPs with respect to the Class Claims.  The designation of RTPs with respect to the Estate Claims but not the Class Claims is likely to be confusing to the jury and will prejudice Class Plaintiffs by potentially undermining the liability

---

[1] The Class Claims include claims arising under the Texas Securities Act (the "TSA"), which expressly provides for joint and several liability, and common law claims which impose joint and several liability as a matter of law.

scheme imposed by the TSA and the joint and several liability imposed as a matter of law on the common law Class Claims.  Severance of the Estate Claims will eliminate the risk of confusion and prejudice by permitting the Class Claims to be tried separately from the Estate Claims for which Greenberg has sought leave to designate RTPs.

In summary, severance of the Estate Claims will prevent the undue delay and prejudice to the Receiver and OSIC that will result if the Estate Claims remain stayed pending the outcome of class certification, and will eliminate the risk of juror confusion and prejudice that would result from trying the Estate Claims and Class Claims jointly.  Accordingly, the Estate Claims should be severed from the Class Claims under Rule 21 of the Federal Rules of Civil Procedure.  Upon severance the Court should enter set a trial date on the Estate Claims and enter a scheduling order governing all pretrial deadlines in the severed action.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on November 15, 2012 by filing a joint Original Complaint – Class Action (the "Complaint") [Docket No. 1] in which the Receiver/OSIC and the Class Plaintiffs each assert separate claims against the Defendants.  Plaintiffs' claims are separately asserted as the Receiver's and OSIC's Estate Claims and the Class Plaintiffs' Class Claims.  *See* Complaint at 140-47 (Estate Claims) and 148-62 (Class Claims).[2]

Defendants each filed motions to dismiss Plaintiffs' claims under Rule 12(b)(6) [Docket Nos. 27, 49, 56, 90] (collectively the "Motions to Dismiss").  By orders dated December 17, 2014 [Docket No. 114] and February 4, 2015 [Docket No. 123] (collectively the "Dismissal

---

[2] In the Complaint, the Receiver and Committee asserted claims against Defendants for negligence, aiding and abetting or participation in breaches of fiduciary duties, breaches of fiduciary duties, fraudulent transfer/unjust enrichment, aiding and abetting or participation in fraudulent transfers, and negligent retention.  The Class Plaintiffs asserted claims for aiding and abetting violations of the TSA, aiding and abetting or participation in breaches of fiduciary duties, aiding and abetting or participation in a fraudulent scheme, and civil conspiracy.

Orders"), the Court granted in part and denied in part Defendants' Motions to Dismiss.[3]  After

entry of the Dismissal Orders, the following claims remain:

| Category | Claim |
|---|---|
| Estate Claims | Negligence (all Defendants) |
| | Aiding and Abetting Breach of Fiduciary Duty (all Defendants) |
| | Breach of Fiduciary Duty (Suarez only) |
| | Fraudulent Transfer / Unjust Enrichment (Greenberg/Hunton only) |
| | Negligent Retention / Negligent Supervision (Greenberg/Hunton only) |
| Class Claims | Aiding and Abetting Violations of the TSA |
| | Aiding and Abetting / Participating in Breach of Fiduciary Duty |
| | Aiding and Abetting / Participating in a Fraudulent Scheme |
| | Civil Conspiracy |

On June 2, 2015, Plaintiffs filed a motion requesting entry of a discovery scheduling

order [Docket No. 131] in which Plaintiffs sought to defer consideration of class certification

with respect to the Class Claims and proceed with merits discovery on the Estate Claims.

Although the Court denied Plaintiffs' request, it recognized Plaintiffs' willingness to sever the

Estate Claims from Class Claims and indicated that it would consider the merits of such a motion

were one to be filed.  Order, dated August 11, 2015, at p. 2 n.1.

On August 21, 2015, the Court entered a Class Certification Scheduling Order [Docket

No. 142] setting forth various deadlines governing discovery and briefing related to class

certification, and staying merits discovery pending ruling on class certification.  The parties are

currently engaged in class certification discovery and briefing, with an expected submission date

of February 26, 2016.

On November 19, 2015, Greenberg filed its Amended Motion and Brief for Leave to

Designate Responsible Third Parties (the "RTP Motion") [Docket No. 153] under Chapter 33.  In

---

[3]  The Court dismissed Receiver's and OSIC's claims for aiding and abetting fraudulent transfers (against all Defendants) and breach of fiduciary duty (against Hunton and Greenberg).  The Court dismissed Class Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of unregistered securities and the sale of securities by an unregistered dealer arising from sales prior to February 1, 2008 and for aiding and abetting and civil conspiracy for sale of securities through untruth or omission arising from sales prior to February 1, 2006.

the RTP Motion, Greenberg seeks leave to designate as RTPs an indeterminate number of parties associated with the Stanford Ponzi scheme. *See* RTP Motion at 3. Concurrently with this Motion, Class Plaintiffs have filed a response and objection to the RTP Motion (the "RTP Objection") demonstrating that Chapter 33 does not apply to the Class Claims. Because Chapter 33 does not apply to the Class Claims, the jury may be required to determine Defendants' proportionate liability with respect to the Estate Claims, but not the Class Claims.[4]

### III. ARGUMENT AND AUTHORITIES

Rule 21 provides that a "court may . . . sever any claim against a party." FED. R. CIV. P. 21. "[S]everance under Rule 21 creates two separate actions or suits where previously there was but one." *Allied Elevator, Inc. v. E. Tex. State Bank,* 965 F.2d 34, 36 (5th Cir. 1992). "The trial court has broad discretion to sever the issues tried before it." *Brunet v. Utd. Gas Pipeline Co*., 15 F.3d 500, 505 (5th Cir. 1994). In determining whether to sever claims under Rule 21, courts consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Johnson v. BAE Sys. Land & Armaments, L.P*., 2014 WL 1714487, at *25 (N.D. Tex. Apr. 30, 2014). "The court should also consider whether the claims are logically separable." *Kumar v. Hyundai Semiconductors, Inc*., 1999 WL 202543, *1 (N.D. Tex. Mar. 31, 1999). Ultimately,

---

[4] As demonstrated in the RTP Objection, multiple Texas courts have held that Chapter 33 does not apply to statutory claims that conflict with Chapter 33 or to statutory or common law claims that provide for joint and several liability. *See Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W. 3d 290, 293 (Tex. App. – Dallas 2013, no pet.); *Barnett v. Home of Texas and Warranty Underwriters Ins. Co.*, 2011 WL 665309 at *7 n. 11 (Tex. App. – Houston [14th Dis.] 2011, no pet.); *Onyung v. Onyung*, 2013 WL 3875548 at *11 (Tex. App. – Houston [1st Dist] 2013, pet. denied). Texas courts have also held that Chapter 33 does not apply to the TSA at all due to the unique statutory defenses and fault allocation (joint and several liability) scheme contained in the TSA. *See Duperier v. Texas State Bank*, 28 S.W. 3d 740, 753 (Tex. App. – Corpus Christi 2000, pet. dism'd by agr.); *Texas Capital Securities, Inc. v. Sandefer*, 108 S.W. 3d 923, 925-26 (Tex. App. – Texarkana 2003, pet. denied). Plaintiffs adopt and incorporate all of the arguments and authorities contained in the RTP Objection as if set forth fully herein.

"[a] decision regarding severance balances convenience and judicial economy against the dangers of prejudice and juror confusion." *Id.*

Although the Estate Claims and Class Claims generally arise out of the same basic facts (i.e., the Defendants' involvement in the Stanford Ponzi scheme), severance of the Estate Claims is appropriate for several reasons. First, the Receiver and OSIC are currently being prejudiced by the delay associated with class certification issues. The Court recently denied the Plaintiffs' request to permit the parties to begin merits discovery with respect to the Estate Claims. Thus, despite the fact that this action has been pending for over three years, the parties have yet to commence merits discovery on the Estate Claims. Unless the Estate Claims are severed, the prosecution of those claims will be delayed indefinitely pending the Court's ruling on class certification. Prosecution of the Estate Claims may be further delayed by the resolution of any interlocutory appeals that arise from the Court's ruling on class certification. Given that class certification will have no effect whatsoever on the Estate Claims, there is no reason the Receiver and OSIC should have to wait indefinitely to prosecute their claims. Severance of the Class Claims will prevent any further delay in the adjudication of the Estate Claims.

Permitting the parties to proceed with merits discovery on the Estate Claims will impose no undue burden on Defendants because such discovery will occur regardless of the Court's decision on class certification. Furthermore, severance will not result in duplicative discovery because any discovery taken in connection with the Estate Claims can be used by the parties in connection with the Class Claims when those claims proceed.

Where a plaintiff asserts individual claims in addition to class claims, the individual claims may be separated from class claims and proceed separately. *Washington v. CSC Credit Servs., Inc*., 194 F.R.D. 244, 248-49 (E.D. La. May 30, 2000). Where, as here, individual claims

are ready for adjudication while class claims remain subject to questions of class certification, severance is proper in order to avoid undue delay in adjudicating the individual claims. *Id.* (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1689 (1986)). Because the adjudication of the Estate Claims will be unduly delayed unless they are severed from the Class Claims, severance under Rule 21 is appropriate.

Second, severance of the Estate Claims is necessary in order to avoid prejudice to the Class Plaintiffs and confusion of the jury. The Court has previously permitted the designation of RTPs under Chapter 33 with respect to claims asserted by the Receiver and OSIC in other Stanford lawsuits, and is likely to permit the designation of RTPs with respect to the Estate Claims in this case. *See A&R Order.* However, that case did not involve class claims under the TSA. As set forth in the Plaintiffs' RTP Objection, Chapter 33 does not apply to the Class Claims because those claims impose joint and several liability. Because the proportionate liability scheme contained in Chapter 33 conflicts with statutorily-imposed joint and several liability under the TSA as well as joint and several liability imposed under common law with respect to the common law Class Claims, Defendants cannot designate RTPs with respect to the Class Claims. *See* RTP Objection, *passim.* As a result, the jury may be forced to determine the culpability of RTPs with respect to the Estate Claims, but not the Class Claims. This could result in both jury confusion and prejudice to the Class Plaintiffs if jurors allow the evidence presented as to the fault of RTPs to affect their decision on the Class Plaintiffs' TSA claims.

Under these circumstances, the Estate Claims and the Class Claims will require the presentation of somewhat different proof and will present different questions of fact. "Severance is appropriate if trying claims together would confuse the jury due to legal and factual differences." *Flanagan v. Wells Fargo Fin. Nat. Bank*, 2009 WL 2143439, at *3 (E.D. Tex. Jul.

14, 2009).  The presentation of proof regarding RTPs with respect to the Estate Claims but not the Class Claims will be confusing to the jury and prejudicial to Plaintiffs.  Specifically, evidence that a third-party is responsible for Plaintiffs' harm could undermine the statutory remedy of joint and several liability provided under the TSA.  The risk of prejudice and juror confusion can be eliminated by severing the Estate Claims from the Class Claims under Rule 21.

Finally, the Estate Claims and Class Claims can be easily and logically severed.  Indeed, they are separate claims based on distinct legal theories brought by separate Plaintiffs and will require somewhat different proof.  Given the differences between the claims and the potential designation of RTPs with respect to the Estate Claims, "[p]rosecuting the individual claims along with the class action claims is inappropriate and will do nothing more than complicate the class action litigation." *Roberts v. First Fin. Planners, Inc*., 2008 WL 4283366, at *2 (N.D. Miss. Sep. 18, 2008).

Plaintiffs initially filed suit jointly in an effort to conserve judicial resources and maximize efficiency.  However, as the litigation has progressed it has become apparent that any potential efficiencies gained in the joint prosecution of Plaintiffs' claims are far outweighed by the delay and prejudice that will result from trying the Estate Claims and Class Claims jointly.  The ultimate goal of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding."  FED. R. CIV. P. 1.  Severing the Estate Claims from the Class Claims comports with this directive by ensuring that both the Estate Claims and Class Claims are adjudicated in a just and speedy fashion, without any undue delay or prejudice.[5]

---

[5] As set forth above, any discovery taken on the merits of the Estate Claims would not need to be repeated for the Class Claims.

## IV.  CONCLUSION & PRAYER

For the reasons set forth above, Plaintiffs request the entry of an order severing the Estate Claims from the Class Claims under Rule 21 and establishing a separate case number and docket for the Estate Claims.  Upon severance of the Estate Claims, Plaintiffs also request that the Court (i) order the parties to conduct a Rule 26 conference, (ii) enter a scheduling order with respect to the Estate Claims governing all discovery and pretrial deadlines, and (iii) schedule a trial date on the Estate Claims in the severed action.  Plaintiffs request any further relief the Court deems appropriate.

Dated: December 10, 2015

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    300 Convent Street, Suite 1020
    San Antonio, Texas  78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**NELIGAN FOLEY, LLP**

By: */s/ Douglas J. Buncher*
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas  75201
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
    Peter D. Morgenstern (*admitted pro hac vice*)
    morgenstern@butzel.com
    230 Park Avenue, Suite 850
    New York, New York 10169
    (212) 818-1110
    (212) 818-0494 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Edward F. Valdespino*
    Edward F. Valdespino
    edward.valdespino@strasburger.com
    Judith R. Blakeway
    judith.blakeway@strasburger.com
    2301 Broadway
    San Antonio, Texas  78215
    Telephone: (210) 250-6000
    Facsimile: (210) 250-6100

**COUNSEL FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

On December 10, 2015, I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:   */s Edward C. Snyder*
      Edward C. Snyder