UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OFFICIAL STANFORD, INVESTORS COMMITTEE, *et al.*, | § § § | |
| Plaintiffs, | § § | Case No. 3:12-CV-4641-N-BG |
| v. | § § | |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, | § § § § | |
| Defendants. | § § | |

## ORDER

The court entered a Class Certification Scheduling Order in this putative class action on August 21, 2015 (ECF No. 142). Pursuant to Paragraph Six in that order, the undersigned United States Magistrate Judge addresses two motions to compel that Defendants filed in this action. *See id.* at 3 ("Discovery disputes will continue to be resolved by United States Magistrate Judge Koenig.").

Defendant Greenberg Traurig, LLP (Greenberg) filed its motion to compel on October 27, 2015, and Defendant Hunton & Williams LLP (Hunton) filed its motion and joinder in Greenberg's motion on November 10, 2015. (ECF Nos. 148, 149). Plaintiffs filed a joint response and Greenberg and Hunton filed replies. The dispute, which concerns requests for production during class certification discovery, is now ripe for consideration.

Defendants seek discovery produced in four other actions pending before this court in the R. Allen Stanford multi-district litigation: *Troice v. Willis of Colorado, Inc.* (*Willis*), No. 3:09-cv-1274; *Troice v. Proskauer Rose LLP* (*Proskauer*), No, 3:09-cv-1600; *Turk v. Pershing LLC*, No.

3:09-cv-2199; *Rotstain v. Trustmark Nat'l Bank* (*Trustmark*), No. 3:09-cv-2384.  They request the following items produced during class certification in all four actions: depositions, including exhibits and corrections pages; documents obtained from any plaintiff or class representative, the Receiver Ralph S. Janvey, and the Official Stanford Investors Committee (OSIC); written discovery served by any named party and responses and objections to same; subpoenas and other requests for information served on the Receiver or OSIC and responses to same; and all designations of expert witnesses, expert declarations, and reports served by any named party with the exception of declarations and reports that were filed openly and not under seal and dealing solely with the content of foreign law.  In addition, Defendants seek all protective orders and confidentiality agreements generated during class discovery in the four actions and all materials filed or served under seal or subject to a protective order by any party in connection with class certification.

Plaintiffs argue, inter alia, that the only parties moving for class certification in the instant action are Samuel Troice, Pam Reed, and the Michoacan Trust and that they have already given Defendants the deposition testimony that Troice and Reed provided in *Willis* and *Proskauer*, as well as documents produced in the two cases.  They contend that the requests are impermissible discovery demands on absent class members who are not named plaintiffs in this case; many of the documents that Defendants seek are available on PACER in connection with the motions for class certification in the *Willis*, *Proskauer*, and *Pershing* actions; and Defendants have not shown relevancy.

**I.      Background Facts**

The Receiver, OSIC, Troice, Reed, and the Michoacan Trust, the named plaintiffs in this action, assert claims individually and on behalf of other individuals who invested in the Stanford Ponzi scheme. They bring causes of action pursuant to the Texas Securities Act, Texas Uniform

Fraudulent Transfer Act, and other law and allege, among other things, that Defendants, law firms and Stanford in-house counsel, took actions to aid Stanford in his fraud and helped to shield him and his empire from regulatory inquiries.

*Willis*, *Proskauer*, *Turk*, and *Rotstain* are also putative class actions that are brought by various representative plaintiffs who invested in the Stanford Ponzi scheme. The defendants in *Willis* include insurance entities and certain employees of the entities; the defendants in *Proskauer* include Thomas V. Sjoblom, an attorney Stanford allegedly retained to advise regarding regulatory inquiries, as well as two law firms at which Sjoblom held partnerships during his work for Stanford; the defendant in *Pershing* allegedly served as a clearinghouse and broker for Stanford investment monies; and the defendants in *Rotstain* include banks that allegedly collected and transferred funds for Stanford International Bank. Reed is a named plaintiff in *Proskauer* and Troice is a named plaintiff in both *Proskauer* and *Willis*. Although the plaintiff classes in the five actions differ in some respects, they purport to consist of defrauded investors who seek remedies from individuals and entities they believe either aided, allowed, and/or conspired with Stanford in the sale of fraudulent CDs and/or helped to shield the fraud from regulatory inquiry. The court has permitted discovery related to class action certification in all five cases and briefing regarding class certification is complete in *Willis*, *Proskauer*, *Pershing*, and *Trustmark*.

**II.   Discussion**

With the relevancy standards of Fed. R. Civ. P. 26 in mind and the general prohibition against requiring discovery from unnamed class members, the motions to compel are **GRANTED** in part and **DENIED** in part.

The motions are **GRANTED** in that Plaintiffs, if they have not already done so, **SHALL** provide deposition testimony of Troice and Reed and any other discovery from these two named Plaintiffs that were produced in the *Proskauer* and *Willis* actions.

Plaintiffs **SHALL** also produce deposition transcripts of testimony from Lester Alexander and Kenneth Lehn, if such exist, and deposition transcripts from any other damages expert upon which they intend to rely to support their motion for class certification in this action. Hunton has shown that such discovery is relevant to the issue of whether a class should be certified in this action.

Defendants' motions are **DENIED** in all other respects. The court notes that many of the documents that Defendants request, including declarations and transcripts of deposition testimony from class representatives in *Willis*, *Proskauer*, and *Pershing*, are available on PACER in the exhibits attached to the class certification motions in those actions. Other requested discovery including, but not limited to, responses and objections to written discovery, expert declarations and reports, and other written discovery is likewise available on PACER in the exhibits attached to the class certification motions in the *Willis*, *Proskauer*, and *Pershing* actions.

**SO ORDERED.**

Dated: December 22, 2015.

NANCY M. KOENIG
United States Magistrate Judge