IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, | § | |
| HUNTON & WILLIAMS, LLP; and | § | |
| YOLANDA SUAREZ, | § | |
| | § | |
| Defendants. | § | |

### GREENBERG TRAURIG, LLP'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES

**TO THE HONORABLE DISTRICT COURT:**

Defendant Greenberg Traurig, LLP presents this reply to the Investor Plaintiffs' Response [D.E. 162] to Greenberg's Motion to Designate Responsible Third Parties [D.E. 153] and shows the Court the following:

### I.   Summary

Proportionate Responsibility and joint and several liability are not mutually exclusive concepts. Texas Civil Practice and Remedies Code Chapter 33 demonstrates that as it incorporates joint and several liability into its requirement of percentage responsibility determinations.

Chapter 33 applies to causes of action "based on tort," and the Investor Plaintiffs' common law claims are clearly based on tort, requiring application of Chapter 33. Moreover, the Texas Securities Act claims are also subject to Chapter 33 as tort-based—because the Investor

Page 1

Doc. # 1518117

Plaintiffs have admitted the claims are tort based and because the TSA has no comprehensive scheme of fault allocation. Indeed, it contemplates a separate allocation of fault as it makes secondary aiders liable only "to the same extent as" the primary violator; thus at a minimum, a percentage responsibility determination is required as to the *extent* of liability of the primary violator. Even a common-law conspiracy would require a determination as to the scope of the underlying tort, its primary actors and their percentage responsibility, and the percentage responsibility for any tortious act (and actors) not part of the alleged conspiracy.

## II.    Argument

**A.    CPRC Chapter 33 applies to causes of action based on tort**

By its express terms, Chapter 33 of the Texas Civil Practice and Remedies Code "applies to: (1) ***any cause of action based on tort*** in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM. CODE § 33.002(a) (emphasis added). The key phrase here is the requirement that the cause of action be ***based on tort***. Breach of fiduciary duty and fraud are claims based on tort. *Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 295 (Tex. App.—Dallas 2013, no pet.) ("It applies in 'any cause of action based on tort,' including claims for negligence, fraud, products liability, and 'any other conduct that violates an applicable legal standard.'"); *Nkansah v. Univ. of Tex.*, No. 02-10-00322-CV, 2011 Tex. App. LEXIS 8208, *5 (Tex. App.—Fort Worth Oct. 13, 2011, pet. denied) (describing fraud and breach of fiduciary duty as torts); *Jones v. Thompson*, 338 S.W.3d 573, 583 (Tex. App.—El Paso 2010, no pet.) (treating fraud and breach of fiduciary duty as torts). Claims for conspiracy and for aiding and abetting are derivative torts, making them subject to Chapter 33. *See Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-CV-064-Y, 2015 U.S. Dist. LEXIS 118700, *12-13 (N.D. Tex. Apr. 22, 2015) (describing conspiracy and aiding and abetting as torts); *Troice v. Proskauer Rose LLP*, No. 3:09-CV-1600-N, 2015 U.S. Dist. LEXIS 36672, *26 (N.D. Tex. Mar. 4, 2015) (defining aiding and abetting in terms of

Page 2

tortious conduct); *Chu v. Chong Hui Hong*, 249 S.W.3d 441, 444 (Tex. 2008) (describing conspiracy as a "derivative tort"). Thus, Chapter 33 clearly applies to the common-law causes of action for conspiracy, aiding and abetting breach of fiduciary duty, and aiding and abetting fraud. As the Supreme Court of Texas put it, Section 33.002 "casts a wide net over conduct that may be considered in this [proportionate responsibility] determination, including negligent acts or omissions as well as any conduct or activity that violates an applicable legal standard. The directive is clear—fact-finders should consider each person's role in causing, 'in any way,' harm for which recovery of damages is sought." *Nabors Well Servs. v. Romero*, 456 S.W.3d 553, 560 (Tex. 2015). For that reason, Greenberg is entitled to have its motion to designate responsible third parties granted. The Court need not make any further determination in resolving Greenberg's motion.

### B. The Investor Plaintiffs' arguments lack merit

The Investor Plaintiffs present two arguments for denial of the motion. First, they contend that Chapter 33 does not apply to the common-law causes of action because joint and several liability intercedes to apply a separate, conflicting fault allocation scheme. Second, they contend that the TSA has its own separate conflicting fault allocation scheme, which prevents application of Chapter 33 to the *entire* suit. The Investor Plaintiffs are wrong on both counts.

#### 1. CPRC Chapter 33 also applies to the TSA claims

##### a. The Investor Plaintiffs assert conflicting positions as to their "primary claim"

The Investor Plaintiffs describe their TSA claims as their "primary statutory claims." *Response to Motion to Designate at p.2.* The motion for class certification proposes a "primary

Page 3

class" comprising investors asserting common-law claims, and a "subclass" of investors asserting TSA claims and numbering less than 20 percent of the primary class.[1]

The Investor Plaintiffs' proposition that if the TSA claims are not subject to Chapter 33, none of the claims are, is simply wrong.[2]  Section 33.003 requires a percentage determination as to "each cause of action asserted."  TEX. CIV. PRAC. & REM. CODE § 33.003(a).  Accordingly, if one cause of action is subject to Chapter 33, all are.

### b. The Investor Plaintiffs judicially admitted that their TSA claims are based in tort

The Investor Plaintiffs have conceded that the TSA claims are based in tort.  They have conceded it by asserting claims for conspiracy to violate the TSA.  The Investor Plaintiffs previously admitted the "settled law that conspiracy is a 'derivative tort' and a defendant's 'liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable.'"  *Class Plaintiffs' Joint Response and Brief to Motions to Dismiss*, D.E. 33, at 38.  The Investor Plaintiffs went on to argue that it was possible to conspire to violate the TSA.  *Id.*  The Investor Plaintiffs should not now be heard to take a position in conflict with their prior admission.  Because they are bound by their prior admission that the TSA claims are torts, the Investor Plaintiffs' TSA claims are subject to Chapter 33.

### c. Independently, the TSA claims are subject to Chapter 33

In determining whether a statutory cause of action is subject to Chapter 33, the Court must first examine the text of Chapter 33.  Section 33.002 expressly exempts certain claims from its coverage, such as actions to collect workers' compensation benefits, actions against a

---

[1] In accordance with the Class Scheduling Order plaintiffs have served their motion for class certification on the defendants but will not file it with the Court until Submission Day.

[2] The Investor Plaintiffs imply that what distinguishes this case from the court's order in *Janvey v. Adams & Reese*, No. 3:12-cv-00495, D.E. 151, is the fact that this case includes claims brought under the Texas Securities Act.

employers for exemplary damages arising out of the death of an employee, claims for exemplary damages, and certain actions for damages arising from the manufacture of methamphetamine. TEX. CIV. PRAC. & REM. CODE § 33.002(c). There is no express language that forecloses application of Chapter 33 to the TSA.

The Texas Supreme Court has agreed that TSA claims may be apportioned. In the seminal TSA case *Sterling Trust Co. v. Adderley*, the trial court applied Chapter 33 to the TSA claims that were tried to a jury. The Texas Supreme Court's opinion remarked upon that fact with approval when it pointed out that claims against one defendant were severed from the suit, but the severed defendant "was still included in the charge as a party to which the jury ***could apportion responsibility***." 168 S.W.3d 835, 838 (Tex. 2005) (emphasis added). A copy of the court's charge from *Sterling Trust* is attached as an exhibit to this reply for the Court's convenience. The charge shows that proportionate responsibility was submitted for the TSA claims, and was submitted separately for *each* plaintiff.

The Supreme Court of Texas has examined the question of whether Chapter 33 applies to three other statutory claims and concluded that the test is whether the statutory cause of action "contains a comprehensive and carefully considered allocation of responsibility." *Southwest Bank v. Information Support Concepts, Inc.*, 149 S.W.3d 104, 107 (Tex. 2004). When applying this test, that court's opinions have reached mixed answers. In the *Southwest Bank* case, the court held that a claim under Article 3 of the UCC (negotiable instruments) *is not* subject to Chapter 33. *See Southwest Bank*, 149 S.W.3d at 105. In *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 692 (Tex. 2007), the court held that a statutory dram shop claim *is* subject to Chapter 33. *See also Smith v. Sewell,* 858 S.W.2d 350 (Tex. 1993). More recently, the court held that a claim for breach of implied warranty under Article 2 of the Texas UCC *is* subject to Chapter 33. *JCW Electronics, Inc. v. Garza*, 257 S.W.3d 701, 702 (Tex. 2008).

The TSA does not contain a comprehensive scheme of allocation of fault. Therefore, it does not displace the applicability of Chapter 33. The Investor Plaintiffs mistakenly conflate joint and several liability with allocation of fault. As Chapter 33 demonstrates, they are not mutually exclusive concepts. Chapter 33 calls first for a determination of the percentages of a person's responsibility, including the responsibility of the plaintiff. Only *after* the responsibility allocation is determined is the separate question of joint and several liability addressed. TEX. CIV. PRAC. & REM. CODE § 33.013. The TSA's so-called joint-and-several liability provision is consistent with this view, as it only makes the aider jointly and severally liable "to the same extent as" the primary violator. TEX. REV. CIV. STAT. art. 581-33(F)(1), (2). Accordingly, a jury would have to first allocate responsibility to the primary violator to determine what the "extent" of the primary violator's liability is.

Even the opinion in *Southwest Bank* recognized the distinction between comprehensive fault and joint and several liability. In reaching its conclusion that UCC Article 3 contains a comprehensive fault scheme, the *Southwest Bank* Court points not at the joint and several liability provisions in UCC Article 3; rather, the Court referred to UCC Sections 3.405 and 3.406, which address allocation of fault. *Southwest Bank*, 149 S.W.3d at 109. Accordingly, "comprehensive fault" means allocation of fault.

Two other courts (and three opinions) have explicitly concluded that a TSA cause of action is subject to Chapter 33. In *In Re Enron Corporation Securities, Derivative & ERISA Litigation*, MDL-1446, No. H-01-3624, 2005 U.S. Dist. LEXIS 34032, *2 (S.D. Tex. July 25, 2005), the plaintiffs in some of the Enron litigation asserted claims for violations of the TSA. *Id.* JP Morgan was one of the party defendants. In one of its opinions, the district court observed that Section 33.012 would give JP Morgan rights of contribution from Enron's estate and its

Page 6

directors and officers.[3] *See Newby v. Enron Corp. (In re Enron Corp. Sec.)*, MDL-1446, No. H-01-3624, 2002 U.S. Dist. LEXIS 27594, *17 (S.D. Tex. Aug. 9, 2002); *see also Newby v. Enron Corp.* (*In re Enron Corp. Sec.*), 623 F. Supp. 2d 798, 837 (S.D. Tex. 2009) (discussing apportionment of liability to settling parties under Chapter 33). In *Villarreal v. Wells Fargo Brokerage Servs., LLC*, 315 S.W.3d 109, 128 (Tex. App.—Houston [1st Dist.] 2010, no pet.), the court of appeals held that a claim under the TSA was not barred by the statute of limitations because Section 33.004(e) (since repealed) revived the claim under then-existing Responsible Third Party rules.

The Investor Plaintiffs' two cited authorities must be disregarded. Both opinions predate *Southwest Bank, Garza* and *Sterling*. Further, in *Duperier v. Texas State Bank*, 28 S.W.3d 740, 753 (Tex. App.—Corpus Christi 2000, no pet.), the court did not consider the comprehensive fault scheme test. Rather, the court reasoned that application of Chapter 33 might negate two defenses set out in the TSA. *Id.* The flaw in the court's analysis is that invoking the defenses is not inconsistent with proportionate responsibility.[4]

The Investor Plaintiffs' reliance upon *Texas Capital Securities, Inc. v. Sandefer*, 108 S.W.3d 923, 925-26 (Tex. App.—Texarkana 2003, pet. denied), is also misplaced. The opinion does not reflect whether there were any proportionate responsibility allocations or what legal theories were submitted to the jury. Indeed, under the version of Chapter 33 that was then applicable, there may never have been a proportionate responsibility allocation made by the fact-finder because Section 33.002(b) then allowed for jointly and severally liability notwithstanding subsection (a)'s percentage responsibility determinations. *See* TEX. CIV. PRAC. REM. CODE

---

[3] The court's opinion actually references Section 32.012, but there is no such section in the Civil Practice and Remedies Code and it appears that the court meant to reference Section 33.012, which discusses percentages of responsibility.

[4] The Investor Plaintiffs' citation to *GE Capital Commercial Inc. v. Worthington Nat'l Bank*, 2011 WL 5025153, *6, 2011 U.S. Dist. LEXIS 122572, *19-20 (N.D. Tex. 2011), is also misplaced because the court there wasn't dealing with a TSA claim. The court there cited *Duperier* as part of an analysis determining whether Chapter 33 applies to fraudulent transfers.

Page 7

§ 33.002(b) (repealed 2001). The opinion simply doesn't contain enough information to indicate whether Chapter 33 was ever applied in the first instance, or even whether it might have been waived.

### 2. Chapter 33 applies to the Investor Plaintiffs' common-law claims

The Investor Plaintiffs' assertion that common-law claims are not subject to Chapter 33 is remarkable to say the least. First, the *Adams & Reese* case granted leave to designate RTPs for a breach of fiduciary duty claim. And the Texas Supreme Court has recognized many times that Chapter 33 abrogated conflicting common-law fault allocation schemes. *See, e.g., Dugger v. Arredondo,* 408 S.W.3d 825, 832 (Tex. 2013) (observing that Chapter 33 abrogated common-law fault allocation scheme providing for all-or-nothing recoveries); *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 703 (Tex. 2008) ("In 1987, the Legislature replaced the existing . . . common law schemes with Chapter 33's comparative responsibility framework."). Chapter 33 makes no exception for common-law causes of action that have separate and conflicting fault-allocation schemes. Accordingly, if a jury were to find that any of the defendants conspired with Allen Stanford or with some other individual to commit an underlying tort and cause harm to the Investor Plaintiffs, a percentage of responsibility allocation would be required. The Investor Plaintiffs cite no authority holding that Chapter 33 does not apply to common-law causes of action with separate and conflicting fault-allocation schemes.

Chapter 33's fault scheme contemplates *for each cause of action asserted* a determination of the percentage of responsibility "with respect to each person's causing or contributing to cause *in any way* the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard." TEX. CIV. PRAC. & REM. CODE § 33.003(a); *Nabors Well Servs. v. Romero*, 456 S.W.3d 553, 560 (Tex. 2015). Thus, merely alleging that the Investor Plaintiffs were injured by a conspiracy does not foreclose that they were also harmed in some

Page 8

way by persons not part of the alleged conspiracy. For example, the SEC's repeated failures to pursue Allen Stanford were clearly not part of any Allen Stanford conspiracy. Chapter 33 gives Greenberg a right to have a jury determine what percentage of responsibility the SEC bears for its well-documented failure.

The Investor Plaintiffs argue that the Court should deny Greenberg's request to designate Allen Stanford, Jim Davis, and the Stanford Financial Advisors, who the Plaintiffs describe as the primary actors. *Response to Motion to Designate at p.5*. As discussed, even joint and several liability requires a determination as to the responsibility or fault of the primary violator's conduct. Indeed, at common law, a conspirator was vicariously liable only for acts done by conspirators in furtherance of the conspiracy. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 926 (Tex. 1979). But this principle did not make the conspirator liable for acts of harm done by persons not part of the conspiracy. *Id.* at 928 ("An alleged conspirator is not liable for an act not done in pursuance of the common purpose of the conspiracy."); *Ward v. Sinclair*, 804 S.W.2d 929, 931 (Tex. App.—Dallas 1990, writ denied) ("An alleged conspirator is not liable for an act not done in pursuance of the common purpose of the conspiracy.").

Moreover, the Investor Plaintiffs' suggestion of leaving the financial advisors out contains other significant problems. As has been repeatedly made clear, only five or six people in Allen Stanford's inner circle knew that Stanford was stealing the Investor Plaintiffs' money rather than investing it. The Investor Plaintiffs have conceded that Greenberg and Hunton had no knowledge of that fraud. Greenberg expects the evidence will show that some or all of the financial advisors also had no knowledge of that fraud. "One without knowledge of the object and purpose of a conspiracy cannot be a co-conspirator; he cannot agree, either expressly or tacitly, to the commission of a wrong which he knows not of." *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968). Nonetheless, the Investor Plaintiffs have asserted that the financial advisors performed *other* acts not part of Stanford's 6-

man conspiracy which harmed the Investor Plaintiffs. And the Investor Plaintiffs have alleged that Greenberg somehow participated in or conspired with these separate acts by the financial advisors and caused harm to the Investor Plaintiffs. Chapter 33 would require percentage responsibility determinations for all the alleged acts of harm—those of Stanford's 6-man conspiracy as well as for any separate tortious acts of outside of (i.e., without knowledge) of the conspiracy. And to the extent the Investor Plaintiffs may contest whether any financial advisor was or was not part of Stanford's 6-man conspiracy, that would be a fact question and as such it would demonstrate precisely why the financial advisors must be designated as responsible third parties—so a jury can decide the scope of the conspiracy and whether there are separate tortious acts that caused the Investor Plaintiffs' harm. *See See THPD, Inc. v. Continental Imports, Inc.*, 260 S.W.3d 593, 604–05 (Tex. App.—Austin 2008, no pet.) (requiring percentage determinations as to tortious acts that are separate from a conspiracy); TEXAS PATTERN JURY CHARGE PJC 109, Cmts. (2014).

The Investor Plaintiffs' reliance upon *In re Enron Corp.. Sec. Litig.,* 623 F. Supp. 2d 798, 832-35 (S.D. Tex. 2009), is misplaced. This opinion *does not* hold that Chapter 33 does not apply to such claims. Rather, the opinion holds *only* that Chapter 33, did not abolish joint and several liability for common-law civil conspiracy, *Id.* at 825, which is not inconsistent with Chapter 33. Further, even this opinion acknowledged that the underlying tort claim—in this case, the fraud, breach of fiduciary duty, and the TSA violations—would be subject to apportionment. *Id.* Further, the Investor Plaintiffs' reliance upon the principle that a conspiracy makes the conspirator liable for each action that is part of the conspiracy begs the question because it doesn't answer the question as to the scope of the conspiracy. To the extent a jury determines that any plaintiff, or any other person not part of the conspiracy, caused the plaintiff damages the conspirator does not become vicariously liable for that portion of responsibility.

### 3. Immune persons may be designated responsible third parties

Greenberg may properly designate governmental entities as responsible third parties under Civil Practice and Remedies Code Section 33.003 even though those entities would otherwise be immune from liability.

The courts now uniformly agree that Section 33.004 allows designation of parties who are otherwise immune. *See, e.g.,*

- *Fisher v. Halliburton*, 667 F.3d 602, 622 (5th Cir. 2012) ("Even parties 'who are not subject to the court's jurisdiction or who are immune from liability to the claimant' can be designated responsible third parties under the statute." (quoting *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 58 n.5)).

- *Hernandez v. Bumbo (Pty) Ltd.*, No. 3:12-cv-1213-M, 2014 U.S. Dist. LEXIS 30392, at *6-8 (N.D. Tex. Mar. 10, 2014) ("Under Chapter 33 as it now exists, traditional immunity defenses under Texas law, including parental immunity, do not prevent responsible third party designations.")

- *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868-69 (Tex. 2009) ("[A] defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both.").

- *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) ("Under the newly enacted version, a responsible third party may include persons who are not subject to the court's jurisdiction or who are immune from liability to the claimant.").

- David W. Holman, *Responsible Third Parties*, 46 SO. TEX. L. REV. 869, 885 (2005) ("claimant's parents whom the claimant cannot sue because of parental immunity" may now be submitted as responsible third party).

*See also Hearings on* SB 28 *Before Senate Econ. Dev. Comm.*, 74th Leg., R.S. (Feb. 2, 1995) (Statements by Professor William Powers and Larry York explaining that proposed RTP procedure was designed to address problem of immune parties that were responsible for some part of plaintiff's harm).

The Investor Plaintiffs cite three authorities they say "indicate[]" that designation of the federal government or quasi-governmental agency is improper. In fact, none of their authorities states that. In *McManaway v. KBR, Inc.*, No. 12-20763, 2013 U.S. App. LEXIS 26267, *4-5 (5th

Cir. 2013), the court held that it was barred from reviewing the order on a responsible third party designation, because the court had determined that it had no jurisdiction over the entire case due to the political question doctrine. And *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 773 (N.D. Tex. 2002), does not involve a RTP designation at all. Rather, it involves the question of whether Chapter 33 applies to claims involving the rights of the United States arising under nationwide federal programs. There, the court concluded that federal law applies. *Id.* Here, no federal rights arising under federal programs are at issue. Plaintiffs assert state common-law and statutory causes of action. Finally, *Kroger Co. v. Am. Alternative Ins. Corp.*, 468 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2015, no pet.), does not involve a responsible third party designation either. Indeed, the governmental agency—the Spring Volunteer Fire Association—was actually sued as a party. *Id.* In short, the Investor Plaintiffs have cited no authority supporting their contention.

## Conclusion and Prayer

In accordance with Civil Practice and Remedies Code Section 33.004, Greenberg is entitled to have the parties it has listed designated as responsible third parties so that a jury may determine whether and how much responsibility the persons designated may have for the harm the Investor Plaintiffs have asserted. Greenberg respectfully requests that the Court grant its motion to designate those individuals as responsible third parties, and Greenberg requests such further and additional relief to which it is entitled.

Respectfully submitted,

By: /s/ Sim Israeloff
**JIM E. COWLES**
Texas Bar No. 04931000
jcowles@cowlesthompson.com
**SIM ISRAELOFF**
Texas Bar No. 10435380
sisraeloff@cowlesthompson.com
**R. MICHAEL NORTHRUP**
Texas Bar No. 15103250
mnorthrup@cowlesthompson.com

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2301 (Fax)

**ATTORNEYS FOR DEFENDANT,
GREENBERG TAURIG, LLP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 23rd day of December, 2015, a true and correct copy of the foregoing document was delivered via electronic means pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.  Happy Holidays to all.

 /s/ Sim Israeloff_____
**SIM ISRAELOFF**