No. 236-169214-97

ORIGINAL

| | |
|---|---|
| Roderick Adderley, Individually and On Behalf of §<br>the Estate of Elsie Westmoreland; Jim and Vicki §<br>Allison; Hilda Banta; Sadye Millie Barbee, §<br>Individually and as Trustee of the §<br>Sadye M. Bridges Barbee Revocable Living Trust; §<br>Ray and Barbara Bissell; Diana Boyd; §<br>Margaret Maness Bridges, Individually and On §<br>Behalf of the Estate of J. T. Maness; §<br>George Emory Bridges; Dorothy Claunch; §<br>Clarence and Iva Davis; Carol Ann and Charles §<br>Denson, Sr.; Patsy and Raymond Dixon; §<br>Hercules and Ruby Echols; Gary Farish; §<br>Martin and Patsy Hardin; Nancy Harris; §<br>Willie Harris, Individually and On Behalf of the §<br>Estate of Bennie Harris; James E. and Ina Dell §<br>Hill; Maxine Jackson; Nancy Kaufmann; Walter §<br>and Glenda Kaufmann; Bill and Galya Keith; §<br>Essie Lacy, Individually and on behalf of the §<br>Estate of Swarn Lacy, Jr.; Joe Langdon; §<br>Manuel and Margaret Marin; Gary and Winifred §<br>McDermott; Marjorie and Arthur McDonald; §<br>W. C. and Rose Mary McGee; H. L. and Janis §<br>Merrill; H. L. Merrill & Son Construction Co., §<br>Inc.; Don and Edith Mobley; Mary K. Parham; §<br>Buck and Martha Pigg; Gene W. Preston, as §<br>Independent Executor of the Estate of Gladyce P. §<br>Acers; Jaquitta M. Putman; Joann Russell; §<br>Camille Sanders, Individually and as Independent §<br>Executrix of the Estate of Fred Sanders; §<br>Rolland Sanders; Norman G. and Eileen Watson; §<br>Donna Whittenton; Joe D. Willcox, Jr., §<br>Individually and as Independent Executor of the §<br>Estate of Kenneth R. Willcox. §<br> §<br>VS. §<br> §<br> §<br>Advanced Financial Services, Inc.; Norman Greg §<br>Cornelius; Douglas Gilliland; Bobby L. Hoover; §<br>Van Lewis, III; Sterling Trust Co.; Sunpoint §<br>Securities, Inc.; The Triwest Group, Inc.; Triwest §<br>Enterprises, Inc.; and Larry Tyler. §<br> | IN THE DISTRICT COURT<br><br>COPY<br><br><br><br><br><br><br><br>OF TARRANT COUNTY, TEXAS<br><br><br><br>236TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

1

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.      Do not let bias, prejudice or sympathy play any part in your deliberations.

2.      In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.      Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4.      You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.      You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.      You may render your verdict upon the vote of eleven or more members of the jury. The same eleven or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than eleven jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

3

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case. Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence unless otherwise instructed.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such type a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result thereon. There may be more than one proximate cause of an event.

A party's conduct includes the conduct of another who acts with the party's authority or apparent authority.

Authority for another to act for a party must arise from the party's agreement that the other act on behalf and for the benefit of the party. If a party so authorizes another to perform an act, that other party is also authorized to do whatever else is proper, usual, and necessary to perform the act expressly authorized.

Apparent authority exists if a party (1) knowingly permits another to hold himself out as having authority or, (2) through lack of ordinary care, bestows on another such indications of authority that lead a reasonably prudent person to rely on the apparent existence of authority to his detriment. Only the acts of the party sought to be charged with responsibility for the conduct of another may be considered in determining whether apparent authority exists.

4

Question 1:

Did the following Defendants commit securities fraud against the following Plaintiffs?

"Securities fraud" occurs when a Defendant sells or offers to sell a security by means of an untrue statement of material fact or the omission to state a material fact necessary in order to make the statements made, if any, in light of the circumstances under which they were made not misleading.

The term "security" includes stock or promissory notes.

A "seller" is a person or entity that offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading.

The term "sell" means any act by which a sale is made.        *unanimous*

**For each Plaintiff, answer "Yes" or "No" as to each of the Defendants listed below.**

Roderick Adderley          Sterling Trust Company *No*          Norman Cornelius *Yes*
                           Sunpoint Securities, Inc. *Yes*       Van Lewis *Yes*

Jim Allison                Sterling Trust Company *No*          Norman Cornelius *Yes*
                           Sunpoint Securities, Inc. *Yes*       Van Lewis *Yes*

Vicki Allison              Sterling Trust Company *No*          Norman Cornelius *Yes*
                           Sunpoint Securities, Inc. *Yes*       Van Lewis *Yes*

Hilda Banta                Sterling Trust Company *No*          Norman Cornelius *Yes*
                           Sunpoint Securities, Inc. *Yes*       Van Lewis *Yes*

Sadye Millie Barbee,
Individually and as
Trustee of the Sadye M.
Bridges Barbee
Revocable Living Trust     Sterling Trust Company *No*          Norman Cornelius *Yes*
                           Sunpoint Securities, Inc. *Yes*       Van Lewis *Yes*

Ray Bissell                Sterling Trust Company *No*          Norman Cornelius *Yes*
                           Sunpoint Securities, Inc. *Yes*       Van Lewis *Yes*

4

5

Barbara Bissell

Sterling Trust Company _No_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Diana K. Boyd

Sterling Trust Company _No_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

George Emory Bridges

Sterling Trust Company _No_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Margaret Maness Bridges,
Individually and On
Behalf of the Estate
of J. T. Maness

Sterling Trust Company _No_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Dorothy Claunch

Sterling Trust Company _No_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Earl R. Crider

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Leta Crider

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Clarence Davis

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Iva Davis

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Carol Ann Denson

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Charles Denson, Sr.

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

6

Raymond Dixon
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Patsy Dixon
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Hercules Echols
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Ruby Echols
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Gary Farish
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Martin Hardin
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Patsy Hardin
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Nancy Harris
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Willie Harris, Individually
and On Behalf of the
Estate of Bennie Harris
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

James E. Hill
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

Ina Dell Hill
Sterling Trust Company *NO*
Sunpoint Securities, Inc. *Yes*
Norman Cornelius *Yes*
Van Lewis *Yes*

7

Maxine Jackson

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Nancy Kaufmann

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Walter Kaufmann

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Glenda Kaufmann

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Bill Keith

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_
Larry Tyler _Yes_   Advanced Financial Services, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Galya Keith

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_
Larry Tyler _Yes_   Advanced Financial Services, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Essie Lacy, Individually and
On Behalf of the Estate
of Swarn Lacy, Jr.

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Joe Langdon

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Jack R. Mann

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Manuel Marin

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

8

Margaret Marin

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Gary McDermott

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Winifred McDermott

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Arthur McDonald

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Marjorie McDonald

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

W. C. McGee

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Rose Mary McGee

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

H. L. Merrill

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_
Larry Tyler _Yes_   Advanced Financial Services, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Janis Merrill

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_
Larry Tyler _Yes_   Advanced Financial Services, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

H. L. Merrill & Son
Construction Co., Inc.

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_
Larry Tyler _Yes_   Advanced Financial Services, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Don Mobley

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

**9**

Edith Mobley

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Mary K. Parham

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Buck Pigg

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Martha Pigg

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Gene W. Preston,
as Independent Executor
of the Estate of
Gladyce P. Acers

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Jaquitta M. Putman

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Joann Russell

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Camille Sanders,
Individually and as
Independent Executrix of
the Estate of Fred Sanders

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Rolland Sanders

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

Norman G. Watson

Sterling Trust Company _NO_
Sunpoint Securities, Inc. _Yes_

Norman Cornelius _Yes_
Van Lewis _Yes_

**10**

If you found in Question 1 that Norman Cornelius committed securities fraud, then answer the following question. Otherwise, do not answer the following question.

Question 2:

When Norman Cornelius committed the conduct found by you in Question 1, was Norman Cornelius acting on behalf of Sterling Trust Company?

To find that Norman Cornelius was acting on behalf of Sterling Trust Company when he committed the conduct that you found in Question 1, you must find that Norman Cornelius was acting with Sterling Trust Company's authority or apparent authority.

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**                    *unanimous*

Roderick Adderley                                    _NO_

Jim Allison                                          _NO_

Vicki Allison                                        _NO_

Hilda Banta                                          _NO_

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges
Barbee Revocable Living Trust                        _NO_

Ray Bissell                                          _NO_

Barbara Bissell                                      _NO_

Diana K. Boyd                                        _NO_

George Emory Bridges                                 _NO_

Margaret Maness Bridges, Individually
and On Behalf of the Estate of
J. T. Maness                                         _NO_

11

**12**

If you found in Question 1 that any Defendant committed securities fraud, then answer the following question.  Otherwise, do not answer the following question.

Question 3:

Determine the percentage of responsibility attributable to each of the following persons or entities for the conduct you found in Question 1.

You should only assign percentages to the persons or entities you find caused the harm for which the Plaintiffs seek to recover damages for securities fraud.  The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers.  The responsibility attributable to any one named below is not necessarily measured by the number of acts or omissions found.

Roderick Adderley

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Jim Allison

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Vicki Allison

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Hilda Banta

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Sadye Millie Barbee,
Individually and as
Trustee of the Sadye M.
Bridges Barbee
Revocable Living Trust

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Ray Bissell

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Barbara Bissell

Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Diana K. Boyd

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc._18_ %   Van Lewis _22_ %

George Emory Bridges

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc._18_ %   Van Lewis _22_ %

Margaret Maness Bridges,
Individually and On
Behalf of the Estate
of J. T. Maness

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Dorothy Claunch

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Earl R. Crider

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Leta Crider

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Clarence Davis

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Iva Davis

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Carol Ann Denson

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Charles Denson, Sr.

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Raymond Dixon

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Patsy Dixon

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Hercules Echols

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Ruby Echols

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Gary Farish

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Martin Hardin

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Patsy Hardin

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Nancy Harris

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Willie Harris, Individually
and On Behalf of the
Estate of Bennie Harris

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

James E. Hill

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Ina Dell Hill

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Maxine Jackson

Sterling Trust Company _O_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

**19**

Nancy Kaufmann      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Walter Kaufmann      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Glenda Kaufmann      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Bill Keith      Sterling Trust Company _0_ %  Norman Cornelius _25_ %
Sunpoint Securities, Inc. _8_ %  Van Lewis _22_ %
Larry Tyler _35_ %  Advanced Financial Services, Inc. _10_ %

Galya Keith      Sterling Trust Company _0_ %  Norman Cornelius _25_ %
Sunpoint Securities, Inc. _8_ %  Van Lewis _22_ %
Larry Tyler _35_ %  Advanced Financial Services, Inc. _10_ %

Essie Lacy, Individually and
On Behalf of the Estate
of Swarn Lacy, Jr.      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Joe Langdon      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Jack R. Mann      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Manuel Marin      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Margaret Marin      Sterling Trust Company _0_ %  Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %  Van Lewis _22_ %

Gary McDermott
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Winifred McDermott
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Arthur McDonald
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Marjorie McDonald
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

W. C. McGee
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Rose Mary McGee
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

H. L. Merrill
Sterling Trust Company _0_ %   Norman Cornelius _25_ %
Sunpoint Securities, Inc. _8_ %   Van Lewis _22_ %
Larry Tyler _35_ %   Advanced Financial Services, Inc. _10_ %

Janis Merrill
Sterling Trust Company _0_ %   Norman Cornelius _25_ %
Sunpoint Securities, Inc. _8_ %   Van Lewis _22_ %
Larry Tyler _35_ %   Advanced Financial Services, Inc. _10_ %

H. L. Merrill & Son
Construction Co., Inc.
Sterling Trust Company _0_ %   Norman Cornelius _25_ %
Sunpoint Securities, Inc. _8_ %   Van Lewis _22_ %
Larry Tyler _35_ %   Advanced Financial Services, Inc. _10_ %

Don Mobley
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Edith Mobley
Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

**21**

Mary K. Parham

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Buck Pigg

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Martha Pigg

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Gene W. Preston,
as Independent Executor
of the Estate of
Gladyce P. Acers

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Jaquitta M. Putman

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Joann Russell

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Camille Sanders,
Individually and as
Independent Executrix of
the Estate of Fred Sanders

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Rolland Sanders

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Norman G. Watson

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

Eileen V. Watson

Sterling Trust Company _0_ %   Norman Cornelius _60_ %
Sunpoint Securities, Inc. _18_ %   Van Lewis _22_ %

21

**22**

Question 4:

Did Sterling Trust Company aid Norman Cornelius in committing securities fraud against the following plaintiffs?

"Aiding in securities fraud" occurs when a person or entity directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller of a security.

A "seller" is a person or entity that offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in the light of the circumstances under which they are made, not misleading.

The term "sell" means any act by which a sale is made.

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**

NO - Shannon & Joe

Roderick Adderley        _Yes_

Jim Allison              _Yes_

Vicki Allison            _Yes_

Hilda Banta              _Yes_

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges
Barbee Revocable Living Trust   _Yes_

Ray Bissell              _Yes_

Barbara Bissell          _Yes_

Diana K. Boyd            _Yes_

George Emory Bridges     _Yes_

**24**

If you have answered Question 1 "YES" as to Norman Cornelius or Question 4 "YES", answer the following question. Otherwise, do not answer the following question.

Question 5:

    Was Sterling Trust Company part of a conspiracy that damaged Plaintiffs?

INSTRUCTION:

    To be part of a conspiracy, Sterling Trust Company and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to the Plaintiffs. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**   *UNANIMOUS*

Roderick Adderley                                        *No*

Jim Allison                                              *No*

Vicki Allison                                            *No*

Hilda Banta                                              *No*

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges
Barbee Revocable Living Trust                            *No*

Ray Bissell                                              *No*

Barbara Bissell                                          *No*

Diana K. Boyd                                            *No*

George Emory Bridges                                     *No*

Margaret Maness Bridges, Individually

**29**

If you have answered Question 1 or Question 4 or Question 5 "YES" as to any Plaintiff, answer the following question. Otherwise, do not answer the following question.

Question 6:

Do you find by clear and convincing evidence that the harm to each of the following Plaintiffs resulted from malice of Sterling Trust Company, if any?

"Clear and convincing evidence" means the measure of the degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

    (a)    a specific intent by Sterling Trust Company to cause substantial injury to the following Plaintiffs; or

    (b)    an act or omission by Sterling Trust Company,

        (i)    which, when viewed objectively from the standpoint of Sterling Trust Company at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

        (ii)    of which Sterling Trust Company had actual, subjective awareness of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

You may find malice based on the acts of a principal or its agent. However, the principal is only bound, for the purposes of malice, by the acts of an agent if:

    (a)    the principal authorized the doing and the manner of the act, or

    (b)    the agent was unfit and the principal was reckless in employing him, or

    (c)    the principal or manager of the principal ratified or approved the act.

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**    *UNANIMOUS*

Roderick Adderley    *No*

Jim Allison    *No*

Vicki Allison    *No*

**34**

If you have answered "YES" to Question 1, answer the following question. Otherwise, do not answer the following question.

Question 7:

Did the Plaintiffs know of the untrue statement or of the failure to state a material fact you found in Question 1 at or before the time they purchased the security?

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**     *UNANIMOUS*

Roderick Adderley                              *No*

Jim Allison                                    *No*

Vicki Allison                                  *No*

Hilda Banta                                    *No*

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges         *No*
Barbee Revocable Living Trust

Ray Bissell                                    *No*

Barbara Bissell                                *No*

Diana K. Boyd                                  *No*

George Emory Bridges                           *No*

Margaret Maness Bridges, Individually
and On Behalf of the Estate of                 *No*
J. T. Maness

Dorothy Claunch                                *No*

**40**

If you answered "YES" to Question 1, answer the following question.  Otherwise, do not answer the following question.

Question 8:

Did Sterling Trust Company lack knowledge of the untrue statement or failure to state a material fact you found in Question 1?

Sterling Trust Company lacked knowledge of an untrue statement or failure to state a material fact if it did not know, and in the exercise of reasonable care, could not have known of the untruth or omission.

ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:                    *unanimous*

Roderick Adderley                          _Yes_

Jim Allison                                _Yes_

Vicki Allison                              _Yes_

Hilda Banta                                _Yes_

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges     _Yes_
Barbee Revocable Living Trust

Ray Bissell                                _Yes_

Barbara Bissell                            _Yes_

Diana K. Boyd                              _Yes_

George Emory Bridges                       _Yes_

Margaret Maness Bridges, Individually
and On Behalf of the Estate of             _Yes_
J. T. Maness

**45**

If you have answered "YES" for any Plaintiff in Question 1 or Question 2 or Question 4 or Question 5, then answer the following question as to that Plaintiff. Otherwise, do not answer the following question.

Question 9:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any?

INSTRUCTION:

Consider the following elements of damage and none other:

The amount that the Plaintiff paid for the security plus interest thereon at the legal rate from the date of payment by him less the amount of any income or dividends or other money that he or she received from the security. You are instructed that the legal rate of interest is 10%.

You may consider all amounts a Plaintiff paid for a security after June 26, 1995. You may not consider any amounts a Plaintiff paid for a security before June 26, 1993. You may consider amounts a Plaintiff paid for a security between June 26, 1993 and June 26, 1995 if you find that the Plaintiff did not discover and by the exercise of reasonable diligence should not have discovered the untruth or omission until after June 26, 1995.

Do not include in your answer any amount that you find a Plaintiff could have avoided by the exercise of reasonable care.

*No VOTE - JOE + SHANNON*

**ANSWER IN DOLLARS AND CENTS, IF ANY.**

| | AMOUNT PAID LESS PAYMENTS | INTEREST |
|---|---|---|
| Roderick Adderley | $ 75,837 | $ 26,728.00 |
| Jim Allison | $ 102,274.00 | $ 43,498.00 |
| Vicki Allison | $ _____ | $ _____ |
| Hilda Banta | $ 190,229 | $ 100,129.00 |
| Sadye Millie Barbee, Individually and as Trustee of the Sadye M. Bridges Barbee Revocable Living Trust | $ 373,805.00 | $ 148,122.00 |
| Ray Bissell | $ 287,557.00 | $ 117,920.00 |

49

**50**

| | | |
|---|---|---|
| Barbara Bissell | $ —— | $ —— |
| Diana K. Boyd | $ 139,874.00 | $ 62,447.00 |
| George Emory Bridges | $ 3,500.00 | $ 3,164.00 |
| Margaret Maness Bridges, Individually and On Behalf of the Estate of J. T. Maness | $ 50,614.00 | $ 24,042.00 |
| Dorothy Claunch | $ 7,000.00 | $ 6,203.00 |
| Earl R. Crider | $ —— | $ —— |
| Leta Crider | $ 28,911.00 | $ 12,153.00 |
| Clarence Davis | $ 82,161.00 | $ 26,773.00 |
| Iva Davis | $ —— | $ —— |
| Carol Ann Denson | $ 92,361 | $ 69,671.00 |
| Charles Denson, Sr. | $ —— | $ —— |
| Raymond Dixon | $ 127,292.00 | $ 76,399.00 |
| Patsy Dixon | $ —— | $ —— |
| Hercules Echols | $ 37,945.00 | $ 24,330.00 |
| Ruby Echols | $ —— | $ —— |
| Gary Farish | $ 94,737.00 | $ 51,550.00 |
| Martin Hardin | $ 180,685.00 | $ 77,807.00 |
| Patsy Hardin | $ 24,121.00 | $ 12,525.00 |
| Nancy Harris | $ 26,962.00 | $ 15,048.00 |
| Willie Harris, Individually and On Behalf of the Estate of Bennie Harris | $ 43,429.00 | $ 31,554.00 |
| James E. Hill | $ 55,333.00 | $ 31,393.00 |

| | | |
|---|---|---|
| Ina Dell Hill | $ —— | $ —— |
| Maxine Jackson | $ 14,000 | $ 10,777.00 |
| Nancy Kaufmann | $ 10,581.00 | $ 7,501.00 |
| Walter Kaufmann | $ 70,762.00 | $ 31,852.00 |
| Glenda Kaufmann | $ —— | $ —— |
| Bill Keith | $ 69,290.00 | $ 30,374.00 |
| Galya Keith | $ —— | $ —— |
| Essie Lacy, Individually and On Behalf of the Estate of Swarn Lacy, Jr. | $ 138,528.00 | $ 51,826.00 |
| Joe Langdon | $ 80,452.00 | $ 42,984.00 |
| Jack R. Mann | $ 46,852.00 | $ 15,796.00 |
| Manuel Marin | $ 51,785.00 | $ 21,323.00 |
| Margaret Marin | $ —— | $ —— |
| Gary McDermott | $ 20,500.00 | $ 9,155.00 |
| Winifred McDermott | $ —— | $ —— |
| Arthur McDonald | $ 86,664.00 | $ 61,515.00 |
| Marjorie McDonald | $ 51,710.00 | $ 36,068.00 |
| W. C. McGee | $ 97,941.00 | $ 55,651.00 |
| Rose Mary McGee | $ —— | $ —— |
| H. L. Merrill | $ —— | $ —— |
| Janis Merrill | $ —— | $ —— |
| H. L. Merrill & Son Construction Co., Inc. | $ 165,531.00 | $ 82,125.00 ~~$ 221,125.00~~ |

| | | |
|---|---|---|
| Don Mobley | $ 37,160.00 | $ 13,892.00 |
| Edith Mobley | $ —— | $ —— |
| Mary K. Parham | $ 96,051.00 | $ 213,827.00 |
| Buck Pigg | $ 99,239.00 | $ 62,012.00 |
| Martha Pigg | $ —— | $ —— |
| Gene W. Preston, as Independent Executor of the Estate of Gladyce P. Acers | $ 23,350 | $ 19,072.00 |
| Jaquitta M. Putman | $ 49,700.00 | $ 31,330.00 |
| Joann Russell | $ 203,455.00 | $ 99,817.00 |
| Camille Sanders, Individually and as Independent Executrix of the Estate of Fred Sanders | $ 468,493.00 | $ 177,523.00 |
| Rolland Sanders | $ 8,200.00 | $ 3,792.00 |
| Norman G. Watson | $ 179,987.00 | $ 78,591.00 |
| Eileen V. Watson | $ —— | $ —— |
| Donna Whittenton (Carlberg) | $ 324,342.00 | $ 156,455.00 |
| Joe D. Willcox, Jr., Individually and as Independent Executor of the Estate of Kenneth R. Willcox | $ 152,469.00 | $ 57,947.00 |

Question 10:

Did Sterling Trust Company fail to comply with its fiduciary duty to any of the following Plaintiffs?

Sterling Trust Company failed to comply with its fiduciary duty if:

a.   Sterling Trust Company did not make reasonable use of the confidence that the plaintiffs placed in it; or

b.   Sterling Trust Company did not act in the utmost good faith and did not exercise the most scrupulous honesty toward the plaintiffs; or

c.   Sterling Trust Company did not place the interests of the plaintiffs before its own, used the advantage of its position to gain benefit for itself at the expense of the plaintiffs, and placed itself in a position where its self-interest might conflict with its obligations as a fiduciary.

**ANSWER "YES" OR "NO" AS TO EACH PLAINTIFF:**    *Joe - No Vote*

Roderick Adderley                    *Yes*

Jim Allison                          *Yes*

Hilda Banta                          *Yes*

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges
Barbee Revocable Living Trust        *Yes*

Ray Bissell                          *Yes*

Diana Boyd                           *Yes*

Dorothy Claunch                      *Yes*

Clarence Davis                       *Yes*

**54**