If your answer to Question 10 for any Plaintiff is "Yes," then answer the following question. Otherwise, do not answer the following question.

Question 11:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that were proximately caused by such conduct?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents, if any, for each of the following:

a.     The Plaintiffs economic damages.

b.     The Plaintiffs mental anguish, if any, sustained in the past.

You are instructed that each Plaintiff's economic damages are the amount that Plaintiff invested and lost, if any.

You are instructed that you may not consider amounts a Plaintiff invested and lost based on conduct that occurred before June 26, 1994, unless, with regards to such amounts, the Plaintiff did not know and should not have known until after June 26, 1994 of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in any answers to an issue because of your answers to any other issues about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Do not include in your answer any amount that you find a Plaintiff could have avoided by the exercise of reasonable care.

JOE - NO VOTE

**ANSWER IN DOLLARS AND CENTS FOR EACH OF THE FOLLOWING:**

Roderick Adderley     Economic Damages  75,837.00  Mental Anguish  0

Jim Allison           Economic Damages  0,  Mental Anguish  0

Hilda Banta           Economic Damages  190,229.00  Mental Anguish  0

Sadye Millie Barbee,
Individually and as
Trustee of the
Sadye M. Bridges
Barbee Revocable

**57**

Living Trust          Economic Damages _16,473.°°_ Mental Anguish __O__

Ray Bissell          Economic Damages _229,548.°°_ Mental Anguish __O__

Diana Boyd           Economic Damages _102,849.°°_ Mental Anguish __O__

Dorothy Claunch      Economic Damages _7,000._ Mental Anguish __O__

Clarence Davis       Economic Damages _82,161._ Mental Anguish __O__

Hercules Echols      Economic Damages _37,945._ Mental Anguish __O__

Gary Farish          Economic Damages _94,737._ Mental Anguish __O__

Martin Hardin        Economic Damages _180,685._ Mental Anguish __O__

Patsy Hardin         Economic Damages _24,121._ Mental Anguish __O__

Willie Harris,
Individually
and On Behalf of
the Estate of
Bennie Harris        Economic Damages _35,013._ Mental Anguish __O__

James E. Hill        Economic Damages _39,524._ Mental Anguish __O__

Walter Kaufmann      Economic Damages _23,587._ Mental Anguish __O__

Glenda Evatt
Kaufmann             Economic Damages _____—_____ Mental Anguish __O__

Bill Keith           Economic Damages _____—_____ Mental Anguish __O__

Galya Keith          Economic Damages _____—_____ Mental Anguish __O__

Essie Lacy,
Individually and
On Behalf of the
Estate of Swarn
Lacy, Jr.            Economic Damages _138,528._ Mental Anguish __O__

Jack R. Mann         Economic Damages _46,852._ Mental Anguish __O__

Manuel Marin         Economic Damages _51,785._ Mental Anguish __O__

Arthur McDonald      Economic Damages _86,664._ Mental Anguish __O__

**58**

Marjorie McDonald    Economic Damages _5/,7/0._ Mental Anguish $\bigcirc$

W. C. McGee          Economic Damages _97,941._ Mental Anguish $\bigcirc$

Don Mobley           Economic Damages _____ Mental Anguish $\bigcirc$

Mary K. Parham       Economic Damages _14,892.⁰⁰_ Mental Anguish $\bigcirc$

Buck Pigg            Economic Damages _99,239._ Mental Anguish $\bigcirc$

Joann Russell        Economic Damages _127,255.⁰⁰_ Mental Anguish $\bigcirc$

Camille Sanders,
Individually and
as Independent
Executrix of the
Estate of Fred
Sanders              Economic Damages _106,844._ Mental Anguish $\bigcirc$

Norman G. Watson     Economic Damages _179,987._ Mental Anguish $\bigcirc$

Joe D. Willcox,
Jr., Individually
and as Independent
Executor of the
Estate of Kenneth
R. Willcox           Economic Damages _51,288._ Mental Anguish $\bigcirc$

**59**

If you have answered Question 10 "YES" as to any Plaintiff, answer the following question. Otherwise, do not answer the following question.

Question 12:

Do you find by clear and convincing evidence that the harm to each of the following Plaintiffs resulted from malice of Sterling Trust Company, if any?

"Clear and convincing evidence" means the measure of the degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a)     a specific intent by Sterling Trust Company to cause substantial injury to the following Plaintiffs; or

(b)     an act or omission by Sterling Trust Company,

(i)     which, when viewed objectively from the standpoint of Sterling Trust Company at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(ii)     of which Sterling Trust Company had actual, subjective awareness of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

You may find malice based on the acts of a principal or its agent. However, the principal is only bound, for the purposes of malice, by the acts of an agent if:

(a)     the principal authorized the doing and the manner of the act, or

(b)     the agent was unfit and the principal was reckless in employing him, or

(c)     the principal or manager of the principal ratified or approved the act.

## ANSWER "YES" OR "NO" AS TO EACH PLAINTIFF:

SHANNON AND
~~BRIAN~~ - NO VOTE
JOE

Roderick Adderley            Yes

Jim Allison            Yes

Hilda Banta            Yes

**60**

Question 13:

Did the following Defendants commit fraud against the following plaintiffs?

Fraud occurs when—

a. A Defendant conceals or fails to disclose a material fact within the knowledge of that Defendant,

b. the Defendant knows that the Plaintiff is ignorant of the fact and does not have an equal opportunity to discover the truth,

c. the Defendant intends to induce the Plaintiff to take some action by concealing or failing to disclose the fact, and

d. the Plaintiff suffers injury as a result of acting without knowledge of the undisclosed fact.        *UNANIMOUS*

**For each Plaintiff, answer "YES" or "NO" at to each of the Defendants listed below:**

Roderick Adderley
Sterling Trust Company _NO_       Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Jim Allison
Sterling Trust Company _No_       Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Hilda Banta
Sterling Trust Company _NO_       Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Sadye Millie Barbee,
Individually and as
Trustee of the Sadye M.
Bridges Barbee
Revocable Living Trust
Sterling Trust Company _No_       Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Ray Bissell
Sterling Trust Company _No_       Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Diana K. Boyd
Sterling Trust Company _NO_       Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Dorothy Claunch
Sterling Trust Company _No_       Norman Cornelius _Yes_

Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Clarence Davis**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Hercules Echols**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Gary Farish**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Martin Hardin**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Patsy Hardin**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Willie Harris, Individually and On Behalf of the Estate of Bennie Harris**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**James E. Hill**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Walter Kaufmann**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Glenda Evatt Kaufmann**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_

**Bill Keith**

Sterling Trust Company _No_          Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_          Van Lewis _Yes_
Larry Tyler _Yes_          Advanced Financial Services, Inc. _Yes_

Galya Keith

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_
Larry Tyler _Yes_   Advanced Financial Services, Inc. _Yes_

Essie Lacy, Individually and
On Behalf of the Estate
of Swarn Lacy, Jr.

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Jack R. Mann

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Manuel Marin

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Arthur McDonald

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Marjorie McDonald

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

W. C. McGee

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Don Mobley

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Mary K. Parham

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Buck Pigg

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

Joann Russell

Sterling Trust Company _No_   Norman Cornelius _Yes_
Sunpoint Securities, Inc. _Yes_   Van Lewis _Yes_

**66**

If you found in Question 13 that Norman Cornelius defrauded any Plaintiff, then answer the following question. Otherwise, do not answer the following question.

Question 14:

When Norman Cornelius committed the conduct that you found in Question 13, was Norman Cornelius acting on behalf of Sterling Trust Company?

INSTRUCTION:

To find that Norman Cornelius was acting on behalf of Sterling Trust Company when he committed the conduct that you found in Question 13, you must find that Norman Cornelius acted with Sterling Trust Company's authority or apparent authority.

**ANSWER "YES" OR "NO" AS TO EACH PLAINTIFF:** UNANIMOUS

| | |
|---|---|
| Roderick Adderley | No |
| Jim Allison | No |
| Hilda Banta | No |
| Sadye Millie Barbee, Individually and as Trustee of the Sadye M. Bridges Barbee Revocable Living Trust | No |
| Ray Bissell | No |
| Diana Boyd | No |
| Dorothy Claunch | No |
| Clarence Davis | No |
| Hercules Echols | No |

**68**

If you found in Question 13 that any Defendant committed fraud, then answer the following question. Otherwise, do not answer the following question.

Question 15:

Determine the percentage of responsibility attributable to each of the following persons or entities for the conduct you found in Question 13.

You should only assign percentages to the persons or entities you find caused the harm for which the Plaintiffs seek to recover damages for fraud. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The responsibility attributable to any one named below is not necessarily measured by the number of acts or omissions found.

| Roderick Adderley | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

| Jim Allison | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

| Hilda Banta | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

| Sadye Millie Barbee, Individually and as Trustee of the Sadye M. Bridges Barbee Revocable Living Trust | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

| Ray Bissell | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

| Diana K. Boyd | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

| Dorothy Claunch | Sterling Trust Company _25_ % | Norman Cornelius _50_ % |
| | Sunpoint Securities, Inc. _10_ % | Van Lewis _15_ % |

71

Clarence Davis

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Hercules Echols

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Gary Farish

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Martin Hardin

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Patsy Hardin

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Willie Harris, Individually
and On Behalf of the
Estate of Bennie Harris

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

James E. Hill

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Walter Kaufmann

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Glenda Kaufmann

Sterling Trust Company _25_ %   Norman Cornelius _50_ %
Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Bill Keith

Sterling Trust Company _25_ %   Norman Cornelius _30_ %
Sunpoint Securities, Inc. _4_ %   Van Lewis _15_ %
Larry Tyler _20_ %   Advanced Financial Services, Inc. _6_ %

Galya Keith

Sterling Trust Company _25_ %   Norman Cornelius _30_ %
Sunpoint Securities, Inc. _4_ %   Van Lewis _15_ %

Larry Tyler _20_ %    Advanced Financial Services, Inc. _6_ %

Essie Lacy, Individually and
On Behalf of the Estate
of Swarn Lacy, Jr.          Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Jack R. Mann                Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Manuel Marin                Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Margaret Marin              Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Arthur McDonald             Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Marjorie McDonald           Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

W. C. McGee                 Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Don Mobley                  Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Mary K. Parham              Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Buck Pigg                   Sterling Trust Company _25_ %   Norman Cornelius _50_ %
                            Sunpoint Securities, Inc. _10_ %   Van Lewis _15_ %

Joann Russell               Sterling Trust Company _25_ %   Norman Cornelius _50_ %

If your answer to Question 13 or Question 14 is "Yes," then answer the following question. Otherwise, do not answer the following question.

Question 16:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that were proximately caused by such fraud?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents, if any, for each of the following:

a.    The Plaintiff's economic damages.

b.    The Plaintiff's mental anguish, if any, sustained in the past.

You are instructed that each Plaintiff's economic damages are the amount that Plaintiff invested and lost, if any.

You are instructed that you may not consider amounts a Plaintiff invested and lost based on conduct that occurred before June 26, 1994, unless, with regards to such amounts, the Plaintiff did not know and should not have known until after June 26, 1994 of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in any answers to an issue because of your answers to any other issues about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Do not include in your answer any amount that you find a Plaintiff could have avoided by the exercise of reasonable care.   *No — Joe + Shannon*

**ANSWER IN DOLLARS AND CENTS FOR EACH OF THE FOLLOWING:**

Roderick Adderley    Economic Damages _75,837_ Mental Anguish _0_

Jim Allison    Economic Damages _102,274_ Mental Anguish _0_

Hilda Banta    Economic Damages _190,229_ Mental Anguish _0_

Sadye Millie Barbee,
Individually and as
Trustee of the
Sadye M. Bridges
Barbee Revocable

**75**

Living Trust          Economic Damages _373,805_ Mental Anguish _○_

Ray Bissell           Economic Damages _287,557_ Mental Anguish _⊘_

Diana Boyd            Economic Damages _139,874_ Mental Anguish _○_

Dorothy Claunch       Economic Damages _7,000_ Mental Anguish _⊘_

Clarence Davis        Economic Damages _82,161_ Mental Anguish _○_

Hercules Echols       Economic Damages _37,945_ Mental Anguish _⊘_

Gary Farish           Economic Damages _94 737_ Mental Anguish _○_

Martin Hardin         Economic Damages _180,685.⁰⁰_ Mental Anguish _⊘_

Patsy Hardin          Economic Damages _24,121._ Mental Anguish _○_

Willie Harris,
Individually
and On Behalf of
the Estate of
Bennie Harris         Economic Damages _43,429_ Mental Anguish _⊘_

James E. Hill         Economic Damages _55,333_ Mental Anguish _⊘_

Walter Kaufmann       Economic Damages _70,762_ Mental Anguish _⊘_

Glenda Evatt
Kaufmann              Economic Damages _____ Mental Anguish _○_

Bill Keith            Economic Damages _69,290_ Mental Anguish _⊘_

Galya Keith           Economic Damages _____ Mental Anguish _○_

Essie Lacy,
Individually and
On Behalf of the
Estate of Swann
Lacy, Jr.            Economic Damages _138,528_ Mental Anguish _○_

Jack R. Mann          Economic Damages _46,852._ Mental Anguish _○_

Manuel Marin          Economic Damages _51,785._ Mental Anguish _○_

Arthur McDonald       Economic Damages _86,664._ Mental Anguish _○_

Marjorie McDonald    Economic Damages _51,710._ Mental Anguish _0_

W. C. McGee          Economic Damages _97,941._ Mental Anguish _0_

Don Mobley           Economic Damages _37,160._ Mental Anguish _0_

Mary K. Parham       Economic Damages _96,051_ Mental Anguish _0_

Buck Pigg            Economic Damages _99,239._ Mental Anguish _0_

Joann Russell        Economic Damages _203,455._ Mental Anguish _0_

Camille Sanders,
Individually and
as Independent
Executrix of the
Estate of Fred
Sanders              Economic Damages _468,493.00_ Mental Anguish _0_

Norman G. Watson     Economic Damages _179,987._ Mental Anguish _0_

Joe D. Willcox,
Jr., Individually
and as Independent
Executor of the
Estate of Kenneth
R. Willcox           Economic Damages _152,469._ Mental Anguish _0_

77

If you have answered "YES" to Question 13 or Question 14 as to any Plaintiff, then answer the following question. Otherwise, do not answer the following question.

Question 17:

Do you find by clear and convincing evidence that the harm to the Plaintiffs resulted from fraud, if any, on the part of Sterling Trust Company?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

You may find fraud based on the acts of a principal or its agent. However, the principal is only bound, for the purposes of fraud, by the acts of an agent if:

(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the principal or manager of the principal ratified or approved the act.

**ANSWER "YES" OR "NO" AS TO EACH PLAINTIFF:**    *UNANIMOUS*

Roderick Adderley    *No*

Jim Allison    *No*

Hilda Banta    *No*

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges    *No*
Barbee Revocable Living Trust

Ray Bissell    *No*

Diana Boyd    *No*

Dorothy Claunch    *No*

**78**

Question 18:

Did Sterling Trust Company secure the execution of a document by deception and was the value of the property affected $1,500.00 or more?

"Securing the execution of a document by deception" occurs when a person causes another person to sign any document affecting property, and does so by deception, with the intent to defraud or harm any person.

A person acts with intent with respect to the nature of his conduct or to a result of his conduct when it is the conscious objective or desire to engage in the conduct or cause the result.

"Deception" means creating or confirming by words or conduct a false impression of law or fact this is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true.

"Property" means: (a) real property; (b) tangible or intangible personal property, including anything severed from land; or (c) a document, including money, that represents or embodies anything of value.

You may answer "yes" only if an employee of Sterling Trust secured the execution of such a document by deception and:

      a.    Sterling Trust authorized the doing and the manner of such act of an employee, or

      b.    the employee was employed in a managerial capacity and was acting in the scope of employment.

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished. *unanimous*

**Answer "YES" or "NO."**

Answer: _____*NO*_____

Question 19:

Did Sterling Trust Company intentionally misapply fiduciary property in a manner that involved substantial risk of loss to plaintiffs and was the value of the property $1,500 or greater?

"Misapply" means a person deals with property contrary to an agreement under which the person holds the property .

"Substantial risk of loss" means it is more likely than not that loss will occur.

A person acts with intent with respect to the nature of his conduct or to a result of his conduct when it is the conscious objective or desire to engage in the conduct or cause the result.

You may answer "yes" only if an employee of Sterling Trust secured the execution of such a document by deception and:

      a.     Sterling Trust authorized the doing and the manner of such act of an employee, or

      b.     the employee was employed in a managerial capacity and was acting in the scope of employment.

An "employee" is a person in the service of another with the understanding, express or implied, that such other person has the right to direct the details of the work and not merely the result to be accomplished. *unanimous*

**Answer "Yes" or "No."**

Answer: __No__

81

**82**

Question 20:

Did the Plaintiffs waive the right to assert claims against Sterling Trust?

INSTRUCTION:

You are instructed that Plaintiffs waived their right to assert their claims against Sterling Trust Company if they intentionally surrendered a known right or engaged in intentional conduct inconsistent with claiming the right.

*unanimous*

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**

Roderick Adderley _____No_____

Jim Allison _____No_____

Vicki Allison _____No_____

Hilda Banta _____No_____

Sadye Millie Barbee, Individually
and as Trustee of the Sadye M. Bridges
Barbee Revocable Living Trust _____No_____

Ray Bissell _____No_____

Barbara Bissell _____No_____

Diana K. Boyd _____No_____

George Emory Bridges _____No_____

Margaret Maness Bridges, Individually
and On Behalf of the Estate of
J. T. Maness _____No_____

**83**

Question 21:

Are the Plaintiffs estopped to assert claims against Sterling Trust?

INSTRUCTION:

You are instructed that a Plaintiff is estopped to assert his or her claims against Sterling Trust if the Plaintiff made a representation to Sterling Trust and Sterling Trust justifiably and reasonably relied on that representation to its detriment to such an extent that it would be unfair to allow Plaintiff to assert his or her claim.

**ANSWER "YES" OR "NO" FOR EACH PLAINTIFF:**

UNANIMOUS

| | |
|---|---|
| Roderick Adderley | No |
| Jim Allison | No |
| Vicki Allison | No |
| Hilda Banta | No |
| Sadye Millie Barbee, Individually and as Trustee of the Sadye M. Bridges Barbee Revocable Living Trust | No |
| Ray Bissell | No |
| Barbara Bissell | No |
| Diana K. Boyd | No |
| George Emory Bridges | No |
| Margaret Maness Bridges, Individually and On Behalf of the Estate of J. T. Maness | No |

88

After you retire to the jury room, you will select your own presiding juror. ~~The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.~~

It is the duty of the presiding juror—

1.     to preside during your deliberations,

2.     to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.     to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.     to vote on the questions,

5.     to write your answers to the questions in the spaces provided, and

6.     to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_JUDGE PRESIDING_

**93**

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____

PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_Larry W. Pettit_

_[signature]_

_Kathleen C. Stanek_

_Linda Gaudree_

_Kenneth W. Smith_

_Effie Junior Grant_

_Melanie Woodard Lindsey_

_John Rdeing Jash_

_Lisa Mazell_

_Durrell Jones_

_M. Debasher_

No. 236-169214-97

# ORIGINAL

| | |
|---|---|
| Roderick Adderley, Individually and On Behalf of<br>the Estate of Elsie Westmoreland; Jim and Vicki<br>Allison; Hilda Banta; Sadye Millie Barbee,<br>Individually and as Trustee of the<br>Sadye M. Bridges Barbee Revocable Living Trust;<br>Ray and Barbara Bissell; Diana Boyd;<br>Margaret Maness Bridges, Individually and On<br>Behalf of the Estate of J. T. Maness;<br>George Emory Bridges; Dorothy Claunch;<br>Clarence and Iva Davis; Carol Ann and Charles<br>Denson, Sr.; Patsy and Raymond Dixon;<br>Hercules and Ruby Echols; Gary Farish;<br>Martin and Patsy Hardin; Nancy Harris;<br>Willie Harris, Individually and On Behalf of the<br>Estate of Bennie Harris; James E. and Ina Dell<br>Hill; Maxine Jackson; Nancy Kaufmann; Walter<br>and Glenda Kaufmann; Bill and Galya Keith;<br>Essie Lacy, Individually and on behalf of the<br>Estate of Swarn Lacy, Jr.; Joe Langdon;<br>Manuel and Margaret Marin; Gary and Winifred<br>McDermott; Marjorie and Arthur McDonald;<br>W. C. and Rose Mary McGee; H. L. and Janis<br>Merrill; H. L. Merrill & Son Construction Co.,<br>Inc.; Don and Edith Mobley; Mary K. Parham;<br>Buck and Martha Pigg; Gene W. Preston, as<br>Independent Executor of the  Estate of Gladyce P.<br>Acers; Jaquitta M. Putman;    Joann Russell;<br>Camille Sanders, Individually and as Independent<br>Executrix of the Estate of Fred Sanders;<br>Rolland Sanders; Norman G. and Eileen Watson;<br>Donna Whittenton; Joe D. Willcox, Jr.,<br>Individually and as Independent Executor of the<br>Estate of Kenneth R. Willcox.<br><br>VS.<br><br>Advanced Financial Services, Inc.; Norman Greg<br>Cornelius; Douglas Gilliland; Bobby L. Hoover;<br>Van Lewis, III; Sterling Trust Co.; Sunpoint<br>Securities, Inc.; The Triwest Group, Inc.; Triwest<br>Enterprises, Inc.; and Larry Tyler. | IN THE DISTRICT COURT<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>OF TARRANT COUNTY, TEXAS<br><br><br>236TH JUDICIAL DISTRICT |

(each line of the caption marked with *)

## CHARGE OF THE COURT

1079

QUESTION 1:

What sum of money, if any, if paid now in cash, should be assessed against Sterling Trust Company and awarded to each Plaintiff listed below as exemplary damages, if any, for the conduct of Sterling Trust Company you found to be malicious in Question 12 of the Court's Charge from the first phase of the trial?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are —

    a.    The nature of the wrong.
    b.    The character of the conduct involved.
    c.    The degree of culpability of Sterling Trust Company.
    d.    The situation and sensibilities of the parties involved.
    e.    The extent to which such conduct offends a public sense of justice and propriety.
    f.    The net worth of Sterling Trust Company.

In answering this question, you may consider only the conduct of Sterling Trust Company.

Answer in dollars and cents, if any, for each Plaintiff:

| Plaintiff | Amount |
|---|---|
| Roderick Adderley | $ 8064.50 |
| Jim Allison | $ 8064.50 |
| Hilda Banta | $ 8064.50 |
| Sadye Millie Barbee, Individually and as Trustee of the Sadye M. Bridges Barbee Revocable Living Trust | $ 8064.50 |
| Ray Bissell | $ 8064.50 |
| Diana K. Boyd | $ 8064.50 |
| Dorothy Claunch | $ 8064.50 |
| Clarence Davis | $ 8064.50 |
| Hercules Echols | $ 8064.50 |
| Gary Farish | $ 8064.50 |
| Martin Hardin | $ 8064.50 |
| Patsy Hardin | $ 8064.50 |

Willie Harris, Individually
and On Behalf of the
Estate of Bennie Harris                    $ 8064.50

James E. Hill                              $ 8064.50

Walter Kaufmann                            $ 8064.50

Glenda Kaufmann                            $ 8064.50

Bill Keith                                 $ 8064.50

Galya Keith                                $ 8064.50

Essie Lacy, Individually
and On Behalf of the
Estate of Swarn Lacy, Jr.                  $ 8064.50

Jack R. Mann                               $ 8064.50

Manuel Marin                               $ 8064.50

Arthur McDonald                            $ 8064.50

Marjorie McDonald                          $ 8064.50

W. C. McGee                                $ 8064.50

Don Mobley                                 $ 8064.50

Mary K. Parham                             $ 8064.50

Buck Pigg                                  $ 8064.50

Joann Russell                              $ 8064.50

Camille Sanders, Individually
and as Independent Executrix
of the Estate of Fred Sanders              $ 8064.50

Norman G. Watson                           $ 8064.50

Joe D. Willcox, Jr., Individually
and as Independent Executor of the
Estate of Kenneth R. Willcox               $ 8064.50

1082

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____

JUDGE PRESIDING

1083

## CERTIFICATE

We, the jury, have answered the above and foregoing question as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____

PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

*[handwritten signatures]*

Larry W. Pettit

Kathleen C. Stanek

*[signature]*

J. M. Belasher

Kenneth Smith

Melanie Woodard-Lindsey

Lynden Gauden

Effie G. Grant

*[signature]*

Darrell Jones

*[signature]*

1084