IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, | § | |
| HUNTON & WILLIAMS, LLP; and | § | |
| YOLANDA SUAREZ, | § | |
| | § | |
| Defendants. | § | |

_____

**GREENBERG TRAURIG, LLP'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SEVERANCE OF ESTATE CLAIMS ASSERTED BY THE RECEIVER AND OSIC**
_____

**TO THE HONORABLE DISTRICT COURT:**

Defendant Greenberg Traurig, LLP presents this response in opposition to the Plaintiffs' Motion for Severance of Estate Claims Asserted by the Receiver and OSIC [D.E. 163] and shows the Court the following:

### I.    SUMMARY

Three years after filing a joint Complaint, Plaintiffs seek a severance. The Complaint relies upon common facts and allegations for all Plaintiffs. Plaintiffs admit their claims arise out of the same basic underlying facts, including facts relating to the primary actors' liability as well as the alleged "involvement" (direct or vicarious) of the Defendants in the primary actors' actionable conduct. In the face of these admissions, Plaintiffs contend that delay (without prejudice from the delay) and alleged jury confusion from having to consider "somewhat different proof" as to responsible third parties for distinct legal theories will confuse the jury so much so that they will be prejudiced and a severance of claims should be granted. In fact, courts

RESPONSE TO MOTION FOR SEVERANCE - Page 1
1518767

regularly try distinct legal theories to jurors in a single suit and necessarily present "somewhat different proof." Moreover delay without a showing of any prejudice from the delay does not merit severance. Finally, the fundamental underlying premises behind the plaintiffs' motion—the existence of a presumed class and the assertion that the Defendants' responsible third party motions are improper as to the class claims—are wrong. Accordingly, the Plaintiffs' motion for severance should be denied.

## II.   ARGUMENT

### A.   Standard of Review

In determining whether to grant a motion for severance, the Court must consider (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999). The motion for severance falls short of discussing each of these factors, and otherwise fails to meet any of them. Thus, the motion should be denied.

### B.   The severance factors do not support the relief requested

**Same transaction or occurrence**. The motion for severance admits this factor is not satisfied. *Motion for Severance at p.6*. Indeed, as the Complaint makes clear, the Receiver, OSIC, and the putative class of Investor Plaintiffs rely upon a common set of factual allegations to support their claims. There are 140 pages of common allegations (406 Paragraphs) before the plaintiff parties assert their separate causes of action for what the Investor Plaintiffs claim (in their motion for class certification) involve the same damages. Both the Receiver/OSIC and the putative Investor Class assert, as part of their respective claims, the same $1.8 billion in unsecured loans to Allen

Stanford. *Compare* Complaint [D.E. 1] at ¶¶ 407-08 (Receiver/OSIC claims) *with* ¶¶ 430 & 433 (Investor claims). Accordingly, this factor is not met and does not support severance.

**Common questions of law or fact**. If the motion addresses this factor at all, it is addressed along with the prior factor, which the motion admits is not met. As the discussion of the prior factor shows and as the movants' pleaded allegations reflect, there will be some common questions of law and fact, including some of the underlying acts for which each group of plaintiffs seek to hold Greenberg and Hunton liable, the nature and scope of the work performed by Greenberg, and—according to the Investor Plaintiffs' allegations in their brief in support of the motion to certify—the damage calculation.

At best, the motion alleges in a conclusory manner "distinct legal theories" that "will require somewhat different proof." *Motion to sever at p.8*. The movants' assertion here is remarkable. Courts regularly try multiple legal theories, requiring "somewhat different proof" all in the same lawsuit without the need for severance. Indeed, focusing solely on the Receiver's and OSIC's four separate legal theories asserted against Greenberg, each of these legal theories requires "somewhat different proof." If "somewhat different proof" were the standard, then there would be nothing to stop the Receiver and the OSIC from asking for severance as to each of their four separate legal theories. The fact that jurors might have to examine the conduct of different persons and consider somewhat different proof does not *per se* make legal theories so confusing that the theories cannot be tried together. Significantly, the movants do not state how different their proof would be and why those differences would require severance. Thus, this second factor has not been met either.

Another issue involving common questions is Greenberg Traurig's defenses under Chapter 33, TEX. CIV. PRAC. & REM. CODE, which apply to *both* claims from the Receiver/OSIC and to the putative Investor Class claims. The jury will have to assess the percentage of

responsibility of Greenberg Traurig, each plaintiff, each Responsible Third Party, and each Settling Person.

**Facilitating settlement or judicial economy**. The motion for severance does not contend that any settlement would be facilitated. Any settlement would need to include both the Receiver/OSIC claims and any putative class claims.

With respect to "facilitating judicial economy," the motion argues that severance would prevent undue delay of the Receiver's and OSIC's claims. However, the motion points only to the completion of merits discovery and trial for the Receiver's and OSIC's claims. There is no consideration or discussion of judicial economy as to other matters, such as the merits discovery for the putative class claims or trial of the admitted common issues for the Receiver's and OSIC's claims. This Court recently stated: "The Court has repeatedly taken the view that judicial efficiency is best served by proceeding to first resolve issues pertaining to class certification." Order [D.E. 141] (Aug. 11, 2015). Given the movants' admission that there are common issues of fact and law, judicial economy as to the common issues is a matter that should be given due consideration. Splitting the claims could have the result of creating two trials, rather than a single trial.

**Whether prejudice would be avoided by severance**. The motion equates delay of merits discovery and delay of trial with prejudice. Delay is not itself prejudice. They are not the same. *See, e.g., Henderson v. Stephens,* 598 Fed. Appx. 302, 302 (5th Cir. Tex. 2015) (discussing prejudice *on account of* delay); *Torres v. Krueger*, 596 Fed. Appx. 319, 321 (5th Cir. Tex. 2015) (discussing delay and prejudice as separate elements); *Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co.*, 600 Fed. Appx. 230, 237 (5th Cir. Tex. 2015) (requiring prejudice caused by delay). Other than delay itself, the Receiver and the OSIC do not state any facts showing prejudice caused by delay. Further, the Receiver and the OSIC do not identify what additional discovery remains.

This is an important inquiry in this case because prior to suit Greenberg produced, to the Receiver and counsel for the Investor Plaintiffs, Greenberg's files for which Stanford was a client of Greenberg's. Plaintiffs requested and received over 60,000 pages from Greenberg's files. Accordingly, the movants should have identified (at least from their vantage-point) what discovery remains, and how delay impacts and prejudices their discovery efforts. The movants have not done that. Prejudice is not presumed from mere delay.

The movants make a second prejudice argument that relates to Defendants' motions to join responsible third parties. This second argument is discussed below in connection with the responsible third party discussion.

**Whether different witnesses and documents are required for the different claims.** The motion does not address this factor and Greenberg is hardly in a position to know the answer based solely upon the movants' broad-brush allegations. However, those same allegations reveal that there will necessarily be some common witnesses and documents—at least insofar as proving what movants describe as the "same basic facts (i.e., the Defendants' involvement in the Stanford Ponzi scheme)." *Motion to Sever at p.6*. Presumably, this proof will include proof of the underlying Ponzi scheme (about which the Movants previously conceded they do not allege Greenberg knew) as well as whatever facts by which the movants believe Greenberg involved itself in the Ponzi scheme. From the Investor Plaintiffs' brief in support of their motion to certify, we can presume that they intend to rely upon the same expert witness to prove damages. That brief gives reference to "the Receiver and his team of forensic accountants at FTI" as the source of proof for their single figure for damages. *See Investor Plaintiffs' Brief in Support of Motion for Class Certification at p. 60*.[1] In sum, the motion for severance doesn't address this

---

[1] *See* footnote 1 *supra*.
RESPONSE TO MOTION FOR SEVERANCE - Page 5
1518767

factor, and to the extent Greenberg can ascertain the answer, the answer does not support a favorable determination of this factor.

### C. The responsible third party scenario does not support a severance

Plaintiffs' second basis for their motion for severance is premised upon "the risk of juror confusion and prejudice to the Class Plaintiffs with respect to the Class Claims" arising from Plaintiffs' assertion that Civil Practice and Remedies Code Chapter 33 "does not apply to the Class Claims." *Motion for Severance at p.2*. But it does. Greenberg incorporates by reference its reply to the Investor Plaintiffs' response to Greenberg's Motion to Designate Responsible Third Parties. [D.E. 165]. As reflected in Greenberg's reply, the Investor Plaintiffs' claims are subject to Civil Practice and Remedies Code Chapter 33. Thus, the principal premise for Movants' second basis in the motion for severance is unfounded.

In addition, the motion for severance presumes the existence of "Class Claims." It is premature to base a motion to sever upon alleged prejudice to "Class Claims." As of the filing of the motion for severance no class has been certified. For that matter, the Investor Plaintiffs, including named representative Pam Reed admitted that the Receivership is "far more efficient" and would "save[] substantial costs," while a class action would "be duplicative of the investors who are already participating in the Receivership claims and distribution process." *See* 3:09-cv-00298-N, D.E. 2134, at ¶ 21 (May 12, 2015) & D.E. 2137, at ¶ 37-39 (May 15, 2015). This admission demonstrates both that a class action not appropriate and that parallel proceedings—a Receivership and a class action—would not be judicially efficient. Accordingly, the motion for severance should be denied.

Finally, the motion's assertion that severance is necessary to avoid jury confusion is unfounded, and it is even surprising that the Movants would make such a contention. As previously discussed, the mere fact that jurors must consider different evidence, different elements, or different potentially responsible parties in answering different jury questions does

RESPONSE TO MOTION FOR SEVERANCE - Page 6
1518767

not in itself create a presumption of juror confusion and necessitate separate trials. Even so, the federal rules provide a more judicially-efficient mechanism than severance for dealing with prejudice in such circumstances. Federal rule of civil procedure 42(b) allows for separate trials "to avoid prejudice" when there are one or more separate issues or claims. FED. R. CIV. P. 42(b). Thus, even if the movants could establish prejudice from a joint trial of Receivership and Class Claims, Rule 42 solves that alleged concern so long as the federal right to jury trial is preserved. Because the movants have not established that severance is required under the applicable standards, the motion should be denied.

Movants' contend that jurors will be confused by a joint trial that includes an additional jury question asking jurors to assign responsibility to the plaintiffs, to the government, to the financial advisors, and to other settling persons. The Movants filed a joint complaint that relies upon joint factual allegations of underlying conduct by Stanford and his agents as a necessary part of the Movants' allegations against Greenberg. *See, e.g.,* D.E. 1, at ¶ 35 ("misrepresenting the bank's business model, regulatory environment, investment strategy, financial strength, safety and nature of its investments, and other facts important to investors."); ¶ 37 (asserting "constant governmental investigations into [Stanford's] activities"; ¶ 46 (referencing facts investors were allegedly told by Stanford financial advisors, "both verbally and via promotional materials — that Stanford Financial was compliant, authorized, and regulated by the SEC and the Financial Industry Regulatory Authority ('FINRA').")); ¶ 394 (referencing "numerous" press reports about SEC investigation of Stanford); ¶ 433 (describing alleged misdeeds of financial advisor David Nanes); ¶ 434 (describing alleged misdeeds of financial advisor Marie O. Bautista Nieves); ¶ 436 (describing alleged misdeeds of broker Doug Shaw). Thus, Movants themselves rely upon these underlying facts as a foundation for the claims they assert in their joint Complaint against Greenberg. It is unclear how the asking of an additional—or even altered—question that asks a jury to apportion responsibility for the same conduct will so confuse the jury

that the Receiver will be prejudiced thereby. Juries make such apportionment decisions regularly. The motion fails to show what make this case unique.

### III.    CONCLUSION AND PRAYER

Unlike other separately-filed suits in the Northern District of Texas, the Movants elected to join all their claims into this single action. Having made that strategic choice, they should not now be permitted to proceed differently. Further, the motion should be denied as Movants admit that some of the applicable factors are not met, the evidence and admissions shows that other factors are not met, and still other factors are not addressed by the motion. Finally, the motion should be denied because the premise by which the Movants contend they are prejudiced—the responsible third party jury considerations—is incorrect and even if there were prejudice arising from potential confusion of issues, the rules of procedure provide other avenues to address such matters. Accordingly, the Court should deny the Plaintiffs' motion for severance in all things.

Respectfully submitted,

By: /s/ Sim Israeloff

**JIM E. COWLES**
Texas Bar No. 04931000
jcowles@cowlesthompson.com
**SIM ISRAELOFF**
Texas Bar No. 10435380
sisraeloff@cowlesthompson.com
**R. MICHAEL NORTHRUP**
Texas Bar No. 15103250
mnorthrup@cowlesthompson.com
**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2301 (Fax)

**ATTORNEYS FOR DEFENDANT
GREENBERG TAURIG, LLP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of December, 2015, a true and correct copy of the foregoing document was delivered via electronic means pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

/s/ Sim Israeloff
**SIM ISRAELOFF**