UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br>　　　　　　　　　Defendants. | CIVIL ACTION NO.<br>3:12-cv-04641-N |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SEVERANCE OF ESTATE CLAIMS ASSERTED BY THE RECEIVER AND OSIC AND REQUEST FOR ENTRY OF SCHEDULING ORDER**

Plaintiffs Ralph S. Janvey (the "Receiver"), in his capacity as court-appointed receiver for the Stanford Receivership Estate, the Official Stanford Investors Committee ("OSIC") and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, "Class Plaintiffs" and together with the Receiver and OSIC, the "Plaintiffs"), file this Reply in Support of their motion (the "Motion") requesting the entry of an order severing the claims asserted by the Receiver and OSIC (the "Estate Claims") from the claims asserted by the Class Plaintiffs (the "Class Claims") under Rule 21 of the Federal Rules of Civil Procedure, and in support state as follows:

## I.  PRELIMINARY STATEMENT

Defendants articulate no valid reason why this Court should not sever the Estate Claims from the Class Claims. If Defendants were truly concerned with judicial efficiency and avoiding

duplicative discovery, then they would readily agree with Plaintiffs (as other Defendants have, see *infra*), that any discovery taken on the severed Estate Claims can be used in – and will not be duplicated by – the Class case. But Defendants' protestations reveal their true motivation – they just want to slow these cases down.

This case was originally filed in November 2012, over three years ago. By order dated December 17, 2014 [Docket No. 114] the Court largely denied Defendants' Motions to Dismiss the Estate Claims. Since that time over a year ago, the Receiver and OSIC's claims have been effectively stayed as the Receiver and OSIC have been relegated to bystanders while Defendants and the Class Plaintiffs litigate class certification.

As stated in the Motion, the Court should sever the Estate Claims from the Class Claims in order to allow the Receiver and OSIC to move their claims forward into discovery and, eventually, trial. Severance is necessary to prevent undue delay and prejudice to the Receiver and OSIC that is inevitable if the Estate Claims continue to be stayed indefinitely pending the Court's ruling on class certification. Second, and as described in the Motion, severance is necessary to avoid the risk of juror confusion and prejudice with respect to the Class Claims that may arise should the Court eventually allow Defendants to designate responsible third parties ("RTPs") under Chapter 33 of the Texas Civil Practices and Remedies Code ("Chapter 33") with respect to the Estate Claims. While the Court has permitted defendants to designate RTPs with respect to estate claims asserted by the Receiver and OSIC in other cases, *see, e.g., Janvey v. Adams & Reese*, Case 3:12-cv-00495, Doc. 151 (the "A&R Order"), it is Plaintiffs' position that under established Texas law the Court may not permit the designation of RTPs with respect to the Class Claims that provide for joint and several liability. *See* Class Plaintiffs' Response and

Objections to Greenberg Traurig's Amended Motion and Brief for Leave to Designate Responsible Third Parties, Doc. 162.

## II. ARGUMENT AND AUTHORITIES

Rule 21 provides that a "court may . . . sever any claim against a party." FED. R. CIV. P. 21. "The trial court has broad discretion to sever the issues tried before it." *Brunet v. Utd. Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). In determining whether to sever claims under Rule 21, courts consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Johnson v. BAE Sys. Land & Armaments, L.P.*, 2014 WL 1714487, at *25 (N.D. Tex. Apr. 30, 2014). Ultimately, "[a] decision regarding severance balances convenience and judicial economy against the dangers of prejudice and juror confusion." *Kumar v. Hyundai Semiconductors, Inc.*, 1999 WL 202543, *1 (N.D. Tex. Mar. 31, 1999).

The Receiver and OSIC's claims admittedly arise from the same transactions and occurrences as the Class Claims, although the different sets of claims present different questions of law (and corresponding proof) peculiar to the claims.[1] But most importantly, severance of the Estate Claims will eliminate the ongoing prejudice to the Receiver and OSIC in the form of the prolonged delay in the prosecution of their claims. This action has been pending for over three years, and the Court denied Defendants' Motions to Dismiss the Estate Claims over a year ago, yet the parties have not even begun merits discovery on the Estate Claims. If severance is not

---

[1] As just an example, the Receiver is pursuing a malpractice claim against the Defendants that will require the Receiver to present an expert witness to testify at trial as to Defendants' deviation from the standard of care for lawyers acting with reasonable prudence, while the Class will be attempting to elicit proof that the Defendants perceived that Stanford was engaged in general wrongdoing and that Defendants nevertheless acted recklessly in providing material assistance to Stanford.

granted, prosecution of the Estate Claims may be further delayed by the likely interlocutory appeals that may arise from the Court's ruling on class certification.

Absent severance, it could well be years before the Receiver and OSIC are able to take merits discovery and obtain a trial date on their claims. Given that class certification will have no effect whatsoever on the Estate Claims, there is no reason the Receiver and OSIC should have to wait indefinitely to prosecute their claims. See *Green Meadows Partners LLP v. Tomkinson*, 2006 WL 6885989 (C.D.Calif. 2006) (severing class claims from derivative claims and noting that "[t]o require both sets of plaintiffs to persist in consolidated actions, while the actions are impeded by issues particular to each group, would result in unnecessary delay and prejudice"). Further delay is particularly prejudicial given that this suit alleges conduct by these Defendants going back to **1988**, and Plaintiffs are understandably concerned about fading memories.

The only plausible reason Defendants offer as to why the claims should not be severed is judicial economy and the desire to avoid duplicative discovery. *See, e.g.*, Hunton's Response, Doc. 168, at 2. That is a dilemma easily solved - Plaintiffs have already agreed that any discovery taken in the Estate Case can be used in the Class case, thereby avoiding any duplicative discovery. Plaintiffs reached a similar agreement in the companion lawsuits against Adams & Reese, Breazeale Sasche and the former directors of Stanford Trust Company ("STC"), *Janvey v. Adams & Reese et al.*, Case No. 3:12-cv-00495 and *OSIC v. Breazeale Sasche Wilson* et al, Case No. 3:11-cv-00329 (the "STC Cases") and proceeded to engage in full merits discovery in the Estate portion of the STC cases without any difficulties, eventually leading to settlement with the majority of the Defendants in those cases.

Which leads to the final factor in the severance analysis. Plaintiffs believe that the severance of the Estate Claims from the Class Claims and the entry of a Scheduling Order

permitting full merits discovery as to the Estate Claims, and setting those Claims for trial will facilitate settlement of all claims against Defendants. With no trial date in sight, Defendants have no incentive to engage in meaningful settlement discussions.

The history of related Stanford litigation (and all litigation for that matter) reveals that nothing drives settlement like depositions and a pending trial date. In the STC Cases, after the Court denied, in part, the Defendants' motions to dismiss the Receiver and OSIC claims in September 2013 (Doc. 58), it then proceeded to enter a Scheduling Order with an October 2014 trial date. See *Janvey v. Adams & Reese et al.*, Case No. 3:12-cv-00495, at Doc. 66. The parties moved forward with full blown merits discovery and depositions in the Estate case, subject to an agreement that the discovery obtained would also be useable in the Class case. The STC Class case effectively sat dormant after the Court largely denied the Defendants' motions to dismiss in March 2015, but did not issue a class certification scheduling order until October 2015. By that time, the parties had taken the majority of the discovery needed for both cases. *OSIC v. Breazeale Sasche Wilson* et al, Case No. 3:11-cv-00329, at Doc. 126 (denial of Motions to Dismiss), and Doc. 147. Because the full merits pre-trial activity in the STC Estate case fleshed out and developed the claims and defenses for both sides, Plaintiffs were able to settle with virtually all Defendants in both cases, without ever reaching the issue of class certification in the separate investor class case.[2]

The bottom line is that the Court need not rely on speculation about a parade of horrors recited by Defendants in their bid to avoid merits discovery on the Estate Claims here. The Court can simply look at the example provided by the successful prosecution and resolution of

---

[2] The Plaintiffs and one of the few remaining Defendants in the STC-related cases, Claude Reynaud, recently moved to stay both the Estate and Class cases pending resolution of the recent dispute between the Receiver and Certain Underwriters at Lloyd's of London regarding a purported settlement between said parties. The Court's resolution of that dispute might have an impact on resolution of the remaining claims against Reynaud.

---

the STC Cases, which proves that all of Defendants' alleged concerns about "duplicative discovery and motion practice" and potential "confusion about what discovery and legal rulings apply to whom and how" (Hunton Response at 4) are overblown and lack merit, as none of those issues arose in the STC Cases.[3]

The ultimate goal of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. The 2015 amendment to Rule 1 make it clear that the parties share responsibility for achieving that goal. FED. R. CIV. P. 1, Committee Notes on Rules – 2015 Amendment. Severing the Estate Claims from the Class Claims comports with this directive by ensuring that both the Estate Claims and Class Claims are adjudicated in a just and speedy fashion, without any undue delay or prejudice.[4]

### III. CONCLUSION & PRAYER

For the reasons set forth above, Plaintiffs request the entry of an order severing the Estate Claims from the Class Claims under Rule 21 and establishing a separate case number and docket for the Estate Claims. Upon severance of the Estate Claims, Plaintiffs also request that the Court (i) order the parties to conduct a Rule 26 conference, (ii) enter a scheduling order with respect to the Estate Claims governing all discovery and pretrial deadlines, and (iii) schedule a trial date on the Estate Claims in the severed action. Plaintiffs request any further relief the Court deems appropriate.

Dated: January 14, 2016

---

[3] Hunton's spurious citation to the plaintiffs' request to consolidate discovery in the two STC Cases, which request was withdrawn once the parties **agreed** that discovery in the Estate case could be used in the Class case, actually undercuts Hunton's own argument and demonstrates that the parties can -- by agreement -- avoid duplicative discovery. See *OSIC v. Breazeale Sasche Wilson* et al, Case No. 3:11-cv-00329, at Doc. 108 (withdrawing motion to consolidate based on stipulation as to use, in the Class case, of depositions taken in the Estate case).

[4] As set forth above, Plaintiffs agree that any discovery taken on the merits of the Estate Claims would not need to be repeated for the Class Claims. Pursuant to the directive found in Rule 1, Defendants should make the same agreement.

---

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN FOLEY, LLP** |
| By: */s/ Edward C. Snyder* | By: */s/ Douglas J. Buncher* |
|     Edward C. Snyder |     Douglas J. Buncher |
|     esnyder@casnlaw.com |     dbuncher@neliganlaw.com |
|     Jesse R. Castillo |     Republic Center |
|     jcastillo@casnlaw.com |     325 N. St. Paul, Suite 3600 |
|     300 Convent Street, Suite 1020 |     Dallas, Texas  75201 |
|     San Antonio, Texas  78205 |     (214) 840-5320 |
|     (210) 630-4200 |     (214) 840-5301 (Facsimile) |
|     (210) 630-4210 (Facsimile) | |
| | |
| **BUTZEL LONG, P.C.** | **STRASBURGER & PRICE, LLP** |
| By: */s/ Peter D. Morgenstern* | By: */s/ Edward F. Valdespino* |
|     Peter D. Morgenstern (*admitted pro hac vice*) |     Edward F. Valdespino |
|     morgenstern@butzel.com |     edward.valdespino@strasburger.com |
|     230 Park Avenue, Suite 850 |     Judith R. Blakeway |
|     New York, New York 10169 |     judith.blakeway@strasburger.com |
|     (212) 818-1110 |     2301 Broadway |
|     (212) 818-0494 (Facsimile) |     San Antonio, Texas  78215 |
| |     Telephone: (210) 250-6000 |
| |     Facsimile: (210) 250-6100 |

**COUNSEL FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

    On January 14, 2016, I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                  By:   */s Edward C. Snyder*
                                                                Edward C. Snyder