UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br>Plaintiffs,<br><br>vs.<br><br>GREENBERG TAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>3:12-cv-04641-N |

**PLAINTIFFS' RESPONSE TO DEFENDANT HUNTON & WILLIAMS LLP'S MOTION FOR LEAVE TO FILE BRIEF CONCERNING THE DESIGNATION OF <u>RESPONSIBLE THIRD PARTIES IN THIS CASE</u>**

Plaintiffs Ralph S. Janvey (the "<u>Receiver</u>"), in his capacity as court-appointed receiver for the Stanford Receivership Estate; the Official Stanford Investors Committee ("<u>OSIC</u>"); and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, "<u>Class Plaintiffs</u>" and together with the Receiver and OSIC, the "<u>Plaintiffs</u>"), file this response to the motion (the "<u>Motion</u>") [Docket No. 166] for leave to file a brief concerning the designation of responsible third parties ("<u>RTPs</u>") filed by Hunton & Williams LLP ("<u>Hunton</u>"), and in support state as follows:

On November 19, 2005, Greenberg Traurig, LLP ("<u>Greenberg</u>") filed its motion seeking leave to designate RTPs under Chapter 33 of the Texas Civil Practices and Remedies Code (the "<u>RTP Motion</u>") [Docket No. 153]. Hunton was not a movant and did not join in the RTP

___

Motion, and briefing on the RTP Motion has now closed. Nonetheless, Hunton now seeks leave to file what amounts to an *amicus* brief in support of Greenberg's motion. Hunton's request for leave should be denied.

Hunton argues that it should be granted leave for two reasons. First, Hunton makes the circular assertion that it should be permitted to file a brief in support of the RTP Motion now because it intends to file its own RTP motion "at a later date." However, Hunton's stated intention to file its own RTP Motion is precisely why the Motion should be denied: Hunton will be provided an opportunity to brief the RTP issue in its own motion. Second, Hunton argues that it should be granted leave because Plaintiffs raised issues with respect to the designation of RTPs in their recently-filed motion to sever. *See* Docket No. 163. However, Hunton has already had an opportunity to respond to that motion and all of the legal arguments it contained, including the arguments related to the designation of RTPs. Thus, the existence of a legal issue in Plaintiffs' motion—to which Hunton has already responded—provides no basis for leave to submit briefing in support of the RTP Motion.

Hunton readily admits that it "will file its own motion to designate RTPs at a later date." Motion at ¶3(a). Absent a showing of cause, Hunton is not entitled to multiple "bites at the apple" or additional briefing opportunities with respect to its request to designate RTPs. *See, e.g.*, Local Rule 7.2(c) (requiring "extraordinary and compelling reasons" for leave from briefing restrictions imposed by local rules). Hunton has not identified any reason, let alone any extraordinary or compelling reason, for the Court to deviate from the establish briefing rules and permit Hunton multiple opportunities to brief the RTP issue to the Court. If Hunton wished to be heard on the issues raised in the RTP Motion, it could have joined that motion or filed its own. Hunton's request for leave should be denied.

For the reasons set forth above, Plaintiffs request the entry of an order denying the Motion and awarding Plaintiffs any further relief the Court deems appropriate.

Dated: January 20, 2016

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    300 Convent Street, Suite 1020
    San Antonio, Texas 78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**NELIGAN FOLEY, LLP**

By: */s/ Douglas J. Buncher*
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas 75201
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
    Peter D. Morgenstern (*admitted pro hac vice*)
    morgenstern@butzel.com
    230 Park Avenue, Suite 850
    New York, New York 10169
    (212) 818-1110
    (212) 818-0494 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Edward F. Valdespino*
    Edward F. Valdespino
    edward.valdespino@strasburger.com
    Judith R. Blakeway
    judith.blakeway@strasburger.com
    2301 Broadway
    San Antonio, Texas 78215
    Telephone: (210) 250-6000
    Facsimile: (210) 250-6100

**COUNSEL FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

On January 20, 2016, I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    By: */s Edward C. Snyder*
        Edward C. Snyder