# EXHIBIT 13

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity | § | |
| as court-appointed receiver for the | § | |
| Stanford receivership estate; | § | |
| The OFFICIAL STANFORD | § | |
| INVESTORS COMMITTEE; | § | |
| PAM REED; | § | |
| SAMUEL TROICE; and | § | |
| MICHOACAN TRUST; individually | § | |
| and on behalf of a class of all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs. | § | CIVIL ACTION NO. 3:12-cv-04641-N |
| | § | |
| vs. | § | |
| | § | |
| GREENBERG TRAURIG, LLP; | § | |
| HUNTON & WILLIAMS, LLP; and | § | |
| YOLANDA SUAREZ, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DR. STEPHAN WILSKE

Pursuant to 28 USC §1746(1), I, Dr. Stephan Wilske declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

## I.   INTRODUCTION

1.    I am over eighteen (18) years of age, and I have personal knowledge of the facts set forth in this affidavit.

2.    I provided a declaration and expert analysis in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification, for Designation of Class Representatives and Class Counsel in *Rotstain v. Trustmark National Bank*, No. 3:09-cv-02384 (N.D. Tex.). I attach a copy of that declaration and its attachments here as Exhibit A (the "**Rotstain Declaration**").

## II.   BACKGROUND AND QUALIFICATIONS

3.   I am a partner of Gleiss Lutz, a law firm with offices in Berlin, Düsseldorf, Frankfurt, Hamburg, Munich, Stuttgart, and Brussels. I currently head the Arbitration Focus Group within the Dispute Resolution Department of Gleiss Lutz. My practice areas are chiefly arbitration and litigation in the field of corporate law, M & A, and international business transactions. In my practice I regularly deal with issues involving the recognition and enforcement of foreign judgments.

4.   I am admitted to the German bar (*Rechtsanwalt*) (since 1997) and the courts in the State of New York (since 1997), the U.S. Court of Appeals for the Federal Circuit (since 2007), the U.S. Court of Appeals for the Second Circuit (since 2010), and the U.S. Supreme Court (since 2009).

5.   I have published extensively in the fields of international private law, dispute resolution, and international public law. These publications include the book *Rützel/Wegen/Wilske*, Commercial Dispute Resolution in Germany, C.H. Beck, Munich, 2005 (reviewed, *inter alia*, by Peter C. Thomas in AAA Dispute Resolution Journal, February-April 2007, p. 85) (2nd edition forthcoming 2016) and the chapter on Germany in *Garb/Lew*, Enforcement of Foreign Judgments, Kluwer Law International, Suppl. 32 (December 2014). A more detailed overview of my credentials is provided in the Rotstain Declaration, and a detailed overview of my publications current as of July 1, 2015 is attached as Exhibit 2 to the Rotstain Declaration.

6.   I have not testified as an expert witness at trial or by deposition in the previous four years. I am being compensated for my work in connection with this case at my customary consulting rate of €500 per hour. My compensation is in no way contingent upon the nature of

2

my opinions or the outcome of this litigation. My opinions reflect my own independent, professional judgment.

7.    I reserve the right to supplement or modify my opinions expressed herein, particularly in light of any new arguments raised or materials presented by Plaintiffs in this case.

8.    I have no first-hand knowledge of the specific facts underlying this dispute.  In forming my opinions, along with the other documents or information referenced in the attached Exhibit A, I have considered the following materials related to *Janvey v. Greenberg Traurig, LLP*, No. 3:12-cv-04641 (N.D. Tex):   Plaintiffs' Original Complaint – Class Action, dated November 15, 2012;  Plaintiffs' Opposed Motion for Class Certification, for Designation of Class Representatives and Class Counsel, dated October 5, 2015; and the Brief in Support of Plaintiffs' Opposed Motion for Class Certification, for Designation of Class Representatives and Class Counsel, dated October 5, 2015.

**III.    OPINION**

9.    My analysis and conclusions in the *Rotstain* matter apply equally to *Janvey v. Greenberg Traurig, LLP*, No. 3:12-cv-04641 (N.D. Tex) and I therefore adopt Exhibit A as my declaration in this matter.

Date: _19 November 2015_    _____
                            Stephan Wilske

3

# EXHIBIT A

Hunton App. 0586

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| PEGGY ROIF ROTSTAIN, et al. on behalf of themselves and all others similarly situated<br><br>v.<br><br>TRUSTMARK NATIONAL BANK, et al., Defendants. | Civil Action No 3:09-CV-02384-N-BG<br><br>Judge: Hon. David C. Godbey<br><br>Mag.: Hon. Nancy M. Koenig |

## DECLARATION OF DR. STEPHAN WILSKE

### I.   INTRODUCTION

1.   I have been retained to address whether a U.S. class action judgment or court-approved settlement in the above-captioned *Rotstain, et al. v. Trustmark National Bank, et al.* (the "**Rotstain Action**"), would be recognized in Germany such that absent class members resident in Germany would be bound by any such judgment or settlement.

### III.   SUMMARY OF MY OPINIONS

2.   In my opinion, a German court would **not** recognize as binding a judgment or court-approved settlement in a U.S. opt-out class action, such as the Rotstain Action, as binding on German residents who did not actively participate in the U.S. proceedings or at least opt-in to the U.S. class.

3.   Furthermore, it is also my opinion that a German court would not recognize as binding such a judgment or court-approved settlement from a U.S. court—regardless of whether the lawsuit was a class action—against a German resident who did not receive notice in a manner that strictly complies with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, dated 15 November 1965 (the "**Hague Service Convention**", <u>Exhibit 1</u>) and never validly waived this service requirement.

- 1 -

Hunton App. 0587

### III.   QUALIFICATIONS AND MATERIALS CONSIDERED

#### A.   Professional Qualifications

4.   I am a partner of Gleiss Lutz, a law firm with offices in Berlin, Dusseldorf, Frankfurt, Hamburg, Munich, Stuttgart, and Brussels. I currently head the Arbitration Focus Group within the Dispute Resolution Department of Gleiss Lutz. My practice areas are chiefly arbitration and litigation in the field of corporate law, M & A, and international business transactions. In my practice I regularly deal with issues involving the recognition and enforcement of foreign judgments.

5.   I am admitted to the German bar (*Rechtsanwalt*) (since 1997) and the courts in the State of New York (since 1997), the U.S. Court of Appeals for the Federal Circuit (since 2007), the U.S. Court of Appeals for the Second Circuit (since 2010), and the U.S. Supreme Court (since 2009).

6.   I studied law at the University of Tuebingen in Germany (State Exams, 1990 and 1993) and earned my Maîtrise en Droit at the University of Aix-Marseille III in France in 1986. In addition, I studied law at The University of Chicago Law School in the United States graduating with a master's degree in 1996. I earned my doctorate (Dr. iur.) from the University of Tuebingen in 1998.

7.   I have published extensively in the fields of international private law, dispute resolution, and international public law. These publications include the book *Rützel/Wegen/Wilske*, Commercial Dispute Resolution in Germany, C.H. Beck, Munich, 2005 (reviewed, *inter alia*, by Peter C. Thomas in AAA Dispute Resolution Journal, February-April 2007, p. 85) (2nd edition forthcoming) and the chapter on Germany in Garb/Lew, Enforcement of Foreign Judgments, Kluwer Law International, Suppl. 32 (December 2014). A detailed overview of my publications is attached as <u>Exhibit 2</u> to this declaration.

8.   I am a member of the German Bar Association, American Bar Association, New York State Bar Association and International Bar Association, German Institute of Arbitration (DIS), Swiss Arbitration Association (ASA), London Court of International Arbitration (LCIA), American Society of International Law (ASIL) and the German-American Lawyers' Association (DAJV) (Member of the Board of Directors). I am also a Fellow of the Chartered Institute of Arbitrators (FCIArb).

9.   In 1999, I was appointed International Adviser of the Korean Institute of Technology and the Law (KITAL). I am also a lecturer at the Universities of Heidelberg and Hannover (both in Germany). In 2008, I was appointed as member of the Senior Editorial Committee of the Contemporary Asia Arbitration Journal. In October 2011, I was elected to membership of the American Law Institute (ALI).

10.   I have not testified as an expert witness at trial or by deposition in the previous four years. I am being compensated for my work in connection with this case at my customary consulting rate of €500 per hour. My compensation is in no way contingent

- 2 -

Hunton App. 0588

upon the nature of my opinions or the outcome of this litigation. My opinions reflect my own independent, professional judgment.

**B.    Materials Considered in Forming My Opinions**

11.    I base my opinions on German statutory law, German constitutional law, the Hague Service Convention, European law, and general principles of German law.

12.    In reaching my opinions expressed herein, I have also considered the following materials, along with the other documents or information referenced in this declaration:

    a)    Plaintiffs' Second Amended Class Action Complaint, dated May 1, 2015;

    b)    Memorandum Supporting Plaintiffs' Motion for Class Certification, for Designation of Class Representatives and Class Counsel, dated April 30, 2015;

    c)    The Declaration of Receiver Ralph S. Janvey dated October 30, 2014, with Exhibits A-C thereto.

13.    I reserve the right to supplement or modify my opinions expressed herein, particularly in light of any new arguments raised or materials presented by Plaintiffs in this case.

## IV.    GERMAN COURTS WOULD NOT RECOGNIZE U.S. CLASS ACTION JUDGMENTS OR COURT-APPROVED SETTLEMENTS AGAINST ABSENT CLASS MEMBERS IN GERMANY

14.    It is my understanding that in the U.S. opt-out class action model, individuals who fall within the class definition as determined by the court have an absolute right to opt out of the class, and that by doing so these individuals are not bound by any judgment or court-approved settlement entered into in the action. In contrast, individuals falling within the class definition who fail to opt out are deemed to have consented to class treatment and are bound by any judgment or court-approved settlement entered into in the action.

15.    I also understand that U.S. opt-out class actions require that the ostensible or putative class members receive a description of the specific action and parties that is sufficient for the plaintiffs pursuant to U.S. standards to be able to decide whether they wish to opt out and remove themselves from the class.

16.    My opinion concerns whether any German residents who fall within the definition of the class of plaintiffs, but are unnamed plaintiffs and do not affirmatively and expressly consent to being a part of the Rotstain Action (*i.e.*, they have not removed themselves from the U.S. class by opting out), would be bound under German law by any judgment or court-approved settlement entered into in the Rotstain Action.

17.    I will briefly describe the general requirements for recognition of U.S. judgments or settlements in Germany (see *infra* A.). I then show that a U.S. opt-out class action judgment or court-approved settlement would not be recognized in Germany against unnamed German residents who did not opt out of the class, because the U.S. court would lack personal jurisdiction according to German law (see *infra* B). I will then

- 3 -

App. 2194

show that a U.S. class action judgment or court-approved settlement would not be recognized by a German court because this would infringe the German *ordre public* (public policy) (see *infra* C.). Finally, I will explain that even if recognition of a U.S. class action judgment would not in and of itself infringe the German *ordre public*, the recognition of such a judgment would still infringe the German *ordre public* with regard to German residents who were not properly notified of the proceedings by way of individual service in strict compliance with the provisions of the Hague Service Convention (see *infra* D.).

**A.    Recognition of U.S. Judgments or Settlements in Germany in General**

18.    Germany and the United States do not have a treaty on the mutual recognition and enforcement of judgments.[1] As a result, German national rules of civil procedure apply and would govern whether a U.S. class action judgment or settlement would be recognized in Germany.

19.    In general, a U.S. judgment might be recognized, and thus given its *res judicata* effect in Germany, if it is non-appealable and if the five preconditions are met for recognition of a foreign judgment as provided in Section 328(1) German Code of Civil Procedure ("*Zivilprozessordnung*", hereinafter "**ZPO**") (Exhibit 3).

20.    Section 328(1) ZPO states that a foreign judgment will be recognized in Germany only if the following conditions are met:

a)    The foreign court was competent to decide the claims based on the German provisions on jurisdiction;

b)    The defendant was properly served in a timely manner, enabling the defendant to defend itself properly. Proper service is determined within the legal relationships of the United States and Germany according to the Hague Service Convention;

c)    The judgment is not inconsistent with an earlier German or foreign judgment which would itself be recognized in Germany;

d)    The judgment does not infringe the German *ordre public* (public policy); and

e)    Reciprocity is guaranteed (*i.e.* the foreign court would recognize a corresponding German judgment).[2]

21.    In my opinion, a German court considering Section 328(1) ZPO would not recognize a judgment or court-approved settlement in a U.S. class action as binding on German residents who did not actively participate in the U.S. proceedings, or at least opt-in to the U.S. class.

---

[1] The bilateral Treaty on Friendship, Commerce and Navigation between the Federal Republic of Germany and the United States of America of 29 October 1954 does not deal with the issue of recognition and enforcement.

[2] See *Wegen/Wilske*, Enforcement of Foreign Judgments, in: Germany, Enforcement of Foreign Judgments, ed. by Louis Garb and Julian D. M. Lew, Kluwer Law International, The Hague, Suppl. 10 (April 2005), Update in Suppl. 32 (December 2014) (Exhibit 4).

- 4 -

App. 2195

Hunton App. 0590

**B.   U.S. Courts Lack Personal Jurisdiction over Unnamed German Class Members Pursuant to German Procedural Law**

22.   German courts will recognize foreign judgments only when the foreign court had jurisdiction over the parties and claims according to German law. This is known as the "mirror image principle." Thus, the first barrier to recognition of any judgment entered in this action is whether the Court in this action has jurisdiction over the parties and claims asserted according to the applicable provisions of German law.

23.   As in the United States, personal jurisdiction is undisputed for the named plaintiffs because they affirmatively submit to the court's jurisdiction by actively filing the lawsuit. However, German law differs from U.S. law in that German law does not provide for American-style class actions with an opt-out procedure for parties who do not want to be bound by the litigation. Under German law, a court only has personal jurisdiction if the party has affirmatively submitted to the court's jurisdiction or if German law has expressly identified the court as a proper forum to litigate the dispute. Absent such personal jurisdiction, a German court cannot give preclusive effect to any foreign judgment.

24.   An unnamed class member's failure to opt out, without any active participation in the lawsuit, does not and cannot establish personal jurisdiction under German law (Sections 38, 39 ZPO). Therefore, an unnamed German resident who did not opt out of the class cannot be considered to have submitted to the jurisdiction of the U.S. court. As stated by the Regional Court of Stuttgart, "*A judgment . . . entered in a class action without active participation of the [German] claimant . . . could not be recognized. There are . . . no good arguments that U.S. courts would have personal jurisdiction . . . under the provisions of German law . . . .*"[3]

25.   German law provides the following grounds for personal jurisdiction: a party's domicile or residence[4]; main place of activity or statutory seat of entities[5]; branch or agency for claims that arise out of the branch's or agency's activity[6]; location of assets within a foreign jurisdiction[7]; place of performance of a contract when a claim arises out of the contract[8]; in tort cases, the place where the harm occurred[9]; and various forms of consent of the parties to litigation.[10]

---

[3] See Regional Court Stuttgart, Decision dated 24 November 1999, Praxis des Internationalen Privat und Verfahrensrechts [IPRax] 2001, 240, 241 [2001] (Exhibit 5).

[4] Sections 12, 13, 20 ZPO (Exhibit 3).

[5] Section 17 ZPO (Exhibit 3).

[6] Section 21 ZPO (Exhibit 3).

[7] Section 23 ZPO (Exhibit 3).

[8] Section 29 ZPO (Exhibit 3).

[9] Section 32 ZPO (Exhibit 3).

[10] Sections 38, 39 ZPO (Exhibit 3).

- 5 -

App. 2196

Hunton App. 0591

26. It is highly unlikely that unnamed German residents will typically have sufficient contacts with the U.S. to support U.S. jurisdiction under these provisions.

27. Therefore, under the "mirror image principle" embodied in Section 328(1) No. 1 of the ZPO, a U.S. court would not have personal jurisdiction over unnamed German residents under German procedural laws. Accordingly, a German court would not recognize a judgment or court-approved settlement reached in this U.S. class action lawsuit against unnamed German residents and they would not be precluded from bringing subsequent actions in Germany against the defendants.

### C. A Judgment or Settlement In An Opt-Out U.S. Class Action Would *Per Se* Infringe the German *Ordre Public*

28. Pursuant to Section 328(1) No. 4 ZPO, German courts will not recognize a foreign judgment (or court-approved settlement) if recognition of the judgment leads to a result that is incompatible with essential principles of German law, and in particular if it is not consistent with fundamental rights under German law.

29. Recognition of a U.S. class action judgment or settlement against an unnamed plaintiff would be incompatible with essential principles of German law and fundamental rights. In particular, recognition of a U.S. class action judgment or settlement against an unnamed plaintiff would infringe the constitutional right to be heard,[11] the principle of "correct representation," and the principle that the parties determine and delimit the scope of proceedings, which finds its constitutional underpinnings in Article 2(1) of the German Constitution (guarantee of self-determination and general rights of liberty) and Article 14(1) of the German Constitution (guarantee of property rights).

30. The notion of a collective action that would preclude all persons who fall within the definition of a certain class, regardless of whether those persons actively participated in the proceedings, is incompatible with German civil procedure and public policy. Under Section 325(1) ZPO (Exhibit 3), a judgment entered by a German court binds only the actual parties to the proceedings (*inter partes*); civil judgments generally do not have a binding effect on third persons with regard to their legally autonomous and independent civil claims.

31. Under German law, it is an inalienable principle that judgments may not confer a negative preclusive effect on any third persons who were not active participants to the litigation. A person's right to be heard[12] is infringed by a detrimental judgment (*i.e.*, a judgment restricting the person's rights) resulting from litigation to which the third person was not an active party. Consequently, German law does not grant final preclusive effect to a German judgment that is rendered in an action in which an individual's right to be heard has been seriously compromised by a lack of "correct

---

[11] Article 103(1) German Basic Law ("*Grundgesetz*," hereinafter "**German Constitution**") (Exhibit 6).

[12] Article 103(1) German Constitution (Exhibit 6).

App. 2197

Hunton App. 0592

representation."[13] An individual who was not an active participant in the litigation is not deemed to be correctly represented within the meaning of German law.

32. Based on the fundamental significance of the right to be heard, Germany generally does not recognize a foreign judgment that was rendered in an action in which an individual's right to be heard was infringed by a lack of "correct representation"[14] or by improper service of process.[15]

33. Therefore, German law does not provide for a damages class action or any variation thereof as it exists in the United States. The German legislature has refused to adopt American-style class action procedures because to do so would violate the constitutional right to be heard under Article 103(1) of the German Constitution.

34. The forms of collective redress that exist under German law are limited and not comparable to U.S. class actions. The most similar is the relatively new proceeding foreseen under the German Capital Markets Model Case Act ("*Kapitalanleger-Musterverfahrensgesetz*", hereinafter "**KapMuG**") (Exhibit 10).

35. Under the provisions of the KapMuG, claimants in a mass securities litigation for alleged false, misleading, or omitted capital markets information may request the court to certify individual factual or legal issues material to the pending case to the state Higher Regional Court for resolution.[16] Once an issue is certified, all pending actions will be stayed until the Higher Regional Court issues a ruling on the certified issue.[17] Parties to the collective action before the Higher Regional Court are the defendant(s) and a plaintiff from one of the pending cases chosen by the Higher Regional Court for the model proceedings, as well as the plaintiffs to the other pending actions, who receive notice as interested parties (*Beigeladene*).[18] Importantly, the Higher Regional Court's decision will be given preclusive effect only against such parties to the model proceeding case.[19] Thus, the model proceeding decisions do not prejudice or alter the rights of third persons who have not commenced their own actions prior to the conclusion of the model proceedings, and such persons are not precluded from later bringing suit against the defendant on the same securities claims.

36. In sum, the German legislature's adoption of a collective action procedure for securities claims that fully complies with Germany's constitutional right to be heard supports the conclusion that German courts will not give preclusive effect to a U.S. class action

---

[13] Constitutional Court, 29 October 1997, NJW 1998, 745 (Exhibit 7); Sections 321a, 579(1) No. 1 and No. 4 ZPO (Exhibit 3).

[14] German Federal Court of Justice, 29 June 2000, BGHZ 144, 390, 393 (Exhibit 8); Court of Justice of the European Union, *Krombach v. Bamberski*, 28 March 2000, Case No. C-7/98, ECR 2000, 1-1935, No. 44 (Exhibit 9).

[15] See Section 328(1) No. 2 and No. 4 ZPO (Exhibit 3).

[16] KapMuG, Sections 1-4 (Exhibit 10).

[17] KapMuG, Section 8 (Exhibit 10).

[18] KapMuG, Sections 8, 9 (Exhibit 10).

[19] KapMuG, Section 16 (Exhibit 10).

- 7 -

App. 2198

judgment against unnamed German class members who have not wilfully, knowingly, and actively pursued the litigation. Thus, in my opinion recognition of a U.S. opt-out class action judgment or court-approved settlement would infringe the German *ordre public* and therefore not be recognized by a German court.

37.   I also understand that putative class members have submitted Proofs of Claim to a court-appointed Receiver and its Claims Agent and that in so doing, they have submitted themselves to the jurisdiction of the U.S. District Court for the Northern District of Texas for certain specific purposes. That is, the submission to the jurisdiction was specifically limited to those purposes relating to claims asserted in the Civil Action No. 3:09-CV-0298-N, *Securities & Exchange Commission v. Stanford International Bank, Ltd., et al.* ("**SEC Receivership Action**"). This is an action against a set of defendants known as the Receivership Entities, which includes: Stanford International Bank, Ltd.; Stanford Financial Group Company; Stanford Group Company; Stanford Trust Company; Stanford Capital Management, LLC; Stanford Coins & Bullion, Inc.[20]

38.   The SEC Receivership Action is not a putative class action and involves different defendants and different claims than the Rotstain Action. The Proof of Claim form submitted by plaintiffs in the SEC Receivership Action states as follows:

> "*CONSENT TO JURISDICTION: If you submit a Proof of Claim Form **in this case**, you consent to the jurisdiction of the District Court for all purposes **relating to this claim** and agree to be bound by its decisions, including, without limitation, a determination as to the validity and amount of any **claims asserted against the Receivership Entities**. In submitting a Proof of Claim Form, you agree to be bound by the actions of the District Court even if that means your claim is limited or denied.*"[21]

39.   On its face, therefore, the consent provision makes clear that it pertains to the SEC Receivership Action only and not to any other actions. Under German law, a claimholder's consent to participate in the SEC Receivership Action does not and would not constitute consent on that individual's part to join this action, regardless of the fact that the cases are pending before the same court as consolidated cases. The SEC Receivership Action and this action are different actions asserting different claims against different entities, and consent to be a party in one action would not be presumed to constitute consent to be a party in the other.

---

[20] For a full listing, see the entities listed in Exhibit A to the Janvey Declaration (p. 2, referencing Ex. 8); *also available at* http://stanfordfinancialreceivership.com.

[21] Proof of Claim Form, p. 4 (emphasis added); *see also* Settlement Agreement and Cross-Border Protocol, Section 2.3.

- 8 -

App. 2199

40.   German courts would not consider unnamed German residents who fall within the class definition to have consented to their inclusion in this action by virtue of their submission to the jurisdiction of the Court for purposes of the SEC Receivership Action. In other words, Germans courts would not consider unnamed German residents to have "opted-in" to this action based on their submission of the Proof of Claim form.

### D.   A U.S. Class Action Judgment or Settlement Would Not Be Recognized Where Individual Notice Was Not Provided to German Residents in Accordance with the Hague Service Convention

41.   Even assuming that recognition of a U.S. class action judgment would not infringe German public policy *per se*—any preclusive effect of a U.S. class action judgment or settlement on German investors who did not opt out of the U.S. class would require individual service of process in strict compliance with the provisions of the Hague Service Convention. If this requirement is not met, recognition of a U.S. class action judgment or settlement would most certainly infringe German public policy.

42.   It should be noted that, in this context, service of process does not exclusively refer to the formal delivery of an initial pleading to a defendant. It may be true that service of process usually refers to the formal delivery of documents to the defendant because the plaintiff usually initiates the proceedings himself. However, it is not the *raison d'être* of Section 328(1) No. 4 ZPO (Exhibit 3) to protect only a certain party to proceedings (plaintiff or defendant). Rather, this provision is meant to ensure that a person's right to be heard is guaranteed and, consequently, that judgments do not confer a negative preclusive effect on third persons who were not parties to the proceedings. Under German law, regardless of whether a prospective party is a plaintiff or defendant, the means by which a person is joined to a proceeding and made a party to that proceeding is individual service of process.

43.   Germany requires strict compliance with the provisions of the Hague Service Convention when German nationals having their domicile and residence in Germany are served by, *inter alia*, U.S. parties.[22] Any violation of this prerequisite would—based on the German understanding of service as a public act of state—be regarded as an infringement not only of foreign sovereignty but also of international law.[23] Under Article 5 of the Hague Service Convention, service in Germany is permitted only in cooperation with German authorities (Exhibit 1). While Article 10 of the Hague Service Convention permits service by registered mail unless a signatory to the convention objects, Germany has objected to the methods of service permitted by Article 10.[24]

---

[22] German Federal Court of Justice, 2 December 1992, BGHZ 120, 305, 309-313 (Exhibit 11); German Federal Court of Justice, 29 April 1999, BGHZ 141, 286, 302-304 (Exhibit 12).

[23] German Federal Court of Justice, 2 December 1992, BGHZ 120, 305, 313 (Exhibit 11); Section 183(1) ZPO (Exhibit 3).

[24] See Section 6 sentence 2 of the German Introductory Act to the Hague Convention of 15 November 1965, dated 22 December 1977, *Bundesgesetzblatt* I (Federal Law Gazette), 3105 ("**Hague Convention Introductory Act**") (Exhibit 13).

-9-

Only within the European Union is direct service of translated documents by registered mail allowed.

44.   Under the Hague Service Convention as applied in Germany, service is carried out by the competent Central Authority (usually the Ministry of Justice or the president of a court) for the respective German state (*Bundesland*) in which the person to be served is domiciled. Therefore, an applicant seeking to serve a German resident must first determine in which German state the person resides. Each request for service must be directed to the respective Central Authority. The applicant must send a request for service of process (forms are attached to the Hague Service Convention) accompanied by the documents to be served, including a summary and a translation of these documents into German, for each person who is to be served.[25] The respective Central Authority will then decide whether the request meets the requirements of the Hague Service Convention and, if this is not the case, will inform the applicant of its objections.[26]

45.   If the requirements of the Hague Service Convention in Germany are met, the respective Central Authority will forward the documents to be served to the local court ("*Amtsgericht*") in the jurisdiction of the person to be served.[27] The local court will either summon the individual who is to be served to appear in the court or provide service by registered mail. In the event the documents are not accompanied by a translation into German, the person who is to be served may refuse acceptance.

46.   Article 5(3) of the Hague Service Convention foresees the possibility to request service or notice by publication in order to avoid this procedure. However, under German law service and notice by publication is only allowed in very restricted circumstances as provided in Sections 185 to 188 ZPO (Exhibit 3). Service by publication is only possible if the address of the person to be served is unknown to the applicant. Moreover, the applicant must provide strong evidence of adequate efforts to discover the address of each individual person who is to be served. Service through judicial assistance for actions in foreign courts may be allowed by each German state if the name of the person to be served and the last known address are submitted. However, to my best knowledge, service by publication to a large group of creditors has never been allowed in Germany. In my opinion, such service would be considered an infringement of the constitutional right to be heard and thus would not be allowed in Germany.

47.   Therefore, in the context of a class action involving large numbers of unknown (and thus unnamed) potential German class members who cannot be identified by the plaintiffs, lawyers seeking to serve notice to German members of the class located in Germany would have to secure the cooperation of all sixteen Central Authorities, as well as the competent and numerous local courts in the districts in which the members

---

[25] Section 3 of the Hague Convention Introductory Act (Exhibit 13).

[26] See Article 4 Hague Service Convention.

[27] Section 4(2) Hague Convention Introductory Act (Exhibit 13).

- 10 -

reside. In addition, the right to refuse service of documents without adequate translation might further delay the process.[28]

48. Even assuming that an opt-out class action does not violate the *ordre public*, a German court in a subsequent proceeding would not recognize as binding a U.S. class action judgment against those German residents who did not receive notice in a manner that strictly complies with the requirements of the Hague Service Convention, and will therefore not grant preclusive effect to such judgment. As a result, any German plaintiff would be able to file a claim in Germany independent of the result of the U.S. class action litigation.

49. Given the tremendously burdensome nature of providing individual service on each unnamed German class member, it is my opinion that the Hague Service Convention requirements likely will not be satisfied in the Rotstain Action. Thus, a German court would not recognize the negative preclusive effects of a judgment in a U.S. class action against unnamed German residents in the Rotstain Action because service could not properly be effectuated without violating their constitutional right to be heard.

**CONCLUSION**

50. Based on the above reasoning, I conclude with near certainty that a German court would **not** recognize a judgment or court-approved settlement in a U.S. opt-out class action, such as the Rotstain Action, on German residents who did not affirmatively and expressly opt out of the action, because such a judgment or settlement would (a) violate German procedural law based on a lack of personal jurisdiction over German residents; and (b) infringe the German *ordre public* with regards to both public policy and due process considerations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Stuttgart, Germany.

Dated: July 7, 2015

Stephan Wilske

---

[28] Higher Regional Court Nürnberg, 15 February 2005, Docket No. 4 VA 72/05 (Exhibit 14).

<u>List of Exhibits</u>

| | |
|---|---|
| Exhibit 1 | Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Concluded on 15 November 1965) |
| Exhibit 2 | Overview of Publications of Dr. Stephan Wilske |
| Exhibit 3 | German Code of Civil Procedure (Excerpt) |
| Exhibit 4 | Wegen/Wilske, Enforcement of Foreign Judgments, in: Germany, Enforcement of Foreign Judgments, ed. by Louis Garb and Julian D. M. Lew, Kluwer Law International Suppl. 32 (December 2014) |
| Exhibit 5 | Decision of the Regional Court Stuttgart, dated 24 November 1999, Praxis des Internationalen Privat und Verfahrensrechts [IPRax] 2001, 240, 241 |
| Exhibit 6 | Basic Law for the Federal Republic of Germany |
| Exhibit 7 | Decision of the German Constitutional Court, 29 October 1997, NJW 1998, 745 |
| Exhibit 8 | Decision of the German Federal Court of Justice, dated 29 June 2000, BGHZ 144, 390 |
| Exhibit 9 | Court of Justice of the European Union, dated 28 March 2000, Krombach v. Bamberski, Case no. C-7/98, ECR 2000, I-1935, No. 44 |
| Exhibit 10 | German Capital Markets Model Case Act |
| Exhibit 11 | Decision of the German Federal Court of Justice, dated 2 December 1992, BGHZ 120, 305 |
| Exhibit 12 | Decision of the German Federal Court of Justice, dated 29 April 1999, BGHZ 141, 286 |
| Exhibit 13 | German Introductory Act to the Hague Convention of 15 November, 1965 dated 22 December 1977, Bundesgesetzblatt I (Federal Law Gazette), 3105 |
| Exhibit 14 | Decision of the Higher Regional Court Nürnberg, dated 15 February 2005, Docket No. 4 VA 72/05, IPRax 2006, 38-40 |

App. 2203

Hunton App. 0598

# Exhibit 1

# The Hague Service Convention

Hunton App. 0599



HCCH
HAGUE CONFERENCE ON
PRIVATE INTERNATIONAL LAW
CONFÉRENCE DE LA HAYE
DE DROIT INTERNATIONAL PRIVÉ

### 14. CONVENTION ON THE SERVICE ABROAD OF
### JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
### IN CIVIL OR COMMERCIAL MATTERS[1]

*(Concluded 15 November 1965)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

#### Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I — JUDICIAL DOCUMENTS

#### Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

#### Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

#### Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Service Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Dixième session (1964)*, Tome III, *Notification* (391 pp.).

### Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a)   by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b)   by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph (b) of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

### Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

### Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

### Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

### Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

### Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –
a)   the freedom to send judicial documents, by postal channels, directly to persons abroad,

App. 2206

b)   the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

c)   the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by –

a)   the employment of a judicial officer or of a person competent under the law of the State of destination,

b)   the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

a)   the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

b)   the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –

a)   the document was transmitted by one of the methods provided for in this Convention,

b)   a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c)   no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Hunton App. 0602

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled —
a)     the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
b)     the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II — EXTRAJUDICIAL DOCUMENTS

Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

CHAPTER III — GENERAL CLAUSES

Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with —
a)     the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
b)     the language requirements of the third paragraph of Article 5 and Article 7,
c)     the provisions of the fourth paragraph of Article 5,
d)     the provisions of the second paragraph of Article 12.

Article 21

App. 2208

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –

a)    the designation of authorities, pursuant to Articles 2 and 18,
b)    the designation of the authority competent to complete the certificate pursuant to Article 6,
c)    the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –

a)    opposition to the use of methods of transmission pursuant to Articles 8 and 10,
b)    declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
c)    all modifications of the above designations, oppositions and declarations.

### Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

### Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

### Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

### Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

### Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

### Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

App. 2209

Hunton App. 0604

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

a)   the signatures and ratifications referred to in Article 26;
b)   the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c)   the accessions referred to in Article 28 and the dates on which they take effect;
d)   the extensions referred to in Article 29 and the dates on which they take effect;
e)   the designations, oppositions and declarations referred to in Article 21;
f)   the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

# Exhibit 2

# CV and List of Publication

Hunton App. 0606

# Gleiss Lutz



**Dr. Stephan Wilske, LL.M.**
**Partner, Dispute Resolution**
Lautenschlagerstrasse 21
70173 Stuttgart
T   +49 711 8997-152
M   +49 172 7504291
E   stephan.wilske@gleisslutz.com

"... clients praise his 'first-class dispute resolution skills', especially in complex cases."
Who's Who Legal 2013

"extremely high-level"
Chambers Europe 2013

"outstanding"
Who's Who Legal 2012

"He can be a tough negotiator when needed, as well as a thoughtful adviser" (client)
Chambers Global 2011

"Stephan Wilske displays supreme mastery of tricky court situations"
Legal 500, 2010

"extremely dedicated"; "clear focus and a very good lawyer"
German Commercial Law Firms 2005

Listed in *The International Who's Who of Commercial Arbitration 2014* and *The International Who's Who of Commercial Litigation 2014*

Listed in The Who's Who Legal Germany 2015 for litigation and arbitration

Stephan advises national and international clients on arbitration and cross-border litigation. He has acted in numerous disputes (national and international) with an emphasis on project related disputes, post-M&A disputes, joint ventures, investment arbitrations and general commercial law.

## Profile

Stephan studied at the universities of Tübingen, Aix-en-Provence (Maîtrise en Droit 1986) and Chicago (LL.M.; Casper Platt Award 1996). He was admitted to the German bar in 1997 and has been a partner at Gleiss Lutz since 2002.

He was admitted in New York in 1997, to the U.S. Court of Appeals for the Federal Circuit in 2007, to the U.S. Supreme Court in 2009 and to the U.S. Court of Appeals for the Second Circuit in 2010. Stephan has been an international advisor to the Korean Institute of Technology and the Law (KITAL) since 1999, Advisory Committee Member of the Swiss Arbitration Academy (SAA) since 2008, Senior Committee Member of the Contemporary Asia Arbitration Journal since 2009 and International Correspondent (Germany) of the Revista Română de Arbitraj (Romanian Arbitration Review) since 2009. Stephan has also been a lecturer on international arbitration at the University of Heidelberg since 2008 and at the University of Hanover since 2013. In Spring 2010, he was a Visiting Professor at the National Taiwan University College of Law.

He is a Fellow of the Chartered Institute of Arbitrators (FCIArb), the American Law Institute (ALI), the German Institution of Arbitration (DIS), the Austrian Arbitration Association (ArbAut), the Swiss Arbitration Association (ASA), the London Court of International Arbitration (LCIA), the American Bar Association (ABA), the New York State Bar Association, the American Society of International Law (ASIL) and the German-American Lawyers' Association (DAJV) (board member).

Stephan speaks German, English, French and Spanish.

App. 2212

Stephan Wilske

1 July 2015

## List of Publications

A)   Individual Publications.................................................................1
B)   Editorship....................................................................................1
C)   Contributions to Collections (as of 2005) ................................2
D)   Contributions to Law Journals and Newsletters (as of 2005)....,.......6
E)   Contributions to Electronic Newsletters (as of 2010) ...............15
F)   Book Reviews (as of 2005)........................................................21
G)   Publications in Newspapers (as of 2004) .................................23
H)   Review of Court Decisions (as of 2014) ...................................23

### A)   Individual Publications

1.   Die völkerrechtswidrige Entführung und ihre Rechtsfolgen (zugl. Tübingen, Diss. 1998) (*Abduction in Violation of International Law and its Legal Consequences* (doctoral thesis, Tübingen, 1998)), Duncker & Humblot, Berlin 2000;

2.   Commercial Dispute Resolution in Germany - Litigation, Arbitration, Mediation -, C.H. Beck, Munich, 2005; 2nd edition 2015 (forthcoming) (co-authors: Stefan Rützel, Gerhard Wegen);

3.   Intellectual Property Law in Germany -- Protection, Enforcement and Dispute Resolution --, C.H. Beck, Munich, 2008 (co-authors: Alexander Klett and Matthias Sonntag);

### B)   Editorship

1.   Contributing Editor of: Getting the Deal Through -- Arbitration (2006-2015), London and co-author of "Introduction" (with Gerhard Wegen);

2.   Guerrilla Tactics in International Arbitration, 2013 (with Günther J. Horvath)

9030224501

1

App. 2213

Hunton App. 0608

Stephan Wilske

3.  Global Wisdom on Business Transactions, International Law and Dispute Resolution, Liber Amicorum Gerhard Wegen, Munich 2015 (with Christian Cascante and Andreas Spahlinger).

**C)  Contributions to Collections (as of 2005)**

1.  Kölner Kommentar zum Spruchverfahrensgesetz (*Cologne Commentary on the Spruchverfahrensgesetz [German Act on Shareholder Litigation]*), 2005, update: Kölner Kommentar zum Aktiengesetz (*Cologne Commentary on the Aktiengesetz [German Stock Corporation Act]*, Vol. 9, SpruchG (*German Act on Shareholder Litigation*), 3rd ed. 2013, Bodo Riegger/Dirk Wasmann (eds.), Kommentierung der §§ 12-14 (*Legal Commentary on §§ 12-14*);

2.  "Germany" Country Report, in: Dispute Resolution (2005-2009) (co-authors: Gerhard Wegen und Stefan Rützel) (Law Business Research Ltd, London);

3.  "Germany" Country Report, in: Arbitration (2006-2015) (co-author: Claudia Krapfl) (Law Business Research Ltd, London);

4.  Enforcement of Foreign Judgments: European Union (co-author: Gerhard Wegen), in: Louis Garb/Julian D.M. Lew (eds.), Enforcement of Foreign Judgements (Kluwer Law International, The Hague), Suppl. 9 (August 2003); Update in Suppl. 24 (May 2012); Update in Suppl. 32 (December 2014);

5.  Enforcement of Foreign Judgments: Germany (co-author: Gerhard Wegen), in: Louis Garb/Julian D.M. Lew (eds.), Enforcement of Foreign Judgements (Kluwer Law International, The Hague), Suppl. 10 (April 2005); Update in Suppl. 14 (December 2007; Update in Suppl. 24 (May 2012); Update in Suppl. 32 (December 2014);

6.  "Internationalization of Law" in Arbitration - A Way to Escape Procedural Restrictions of National Law? in Nedim P. Vogt (ed.) Reflections on the International Practice of Law, Helbing & Lichtenhahn, Basel, 2004, pp. 257-264;

7.  International Arbitration Practice in Germany (co-author: H. Helen Chen), Comparative Law Yearbook of International Business, Vol. 26, 2004, pp. 641-657;

2

App. 2214

Hunton App. 0609

Stephan Wilske

8.  Expert Evidence in International Commercial Arbitration (co-author: Christine Gack), Comparative Law Yearbook of International Business, Vol. 29, 2007, pp. 75-97;

9.  Country Report "Germany", in: PLC Cross-Border Handbooks, Dispute Resolution Vol. 1, The law and leading lawyers worldwide 2007/2008-2011 (co-authors: Stefan Rützel and Wolf H. von Bernuth), pp. 89-97;

10. *Ad hoc* Arbitration in Germany, in: Böckstiegel/Kröll/Nacimiento, Arbitration in Germany – The Model Law in Practice, Kluwer Law International, 2007, pp. 809-835; 2nd ed. 2015, pp. 727-751;

11. Germany, in: Kendall/Freedman/Farrell, Expert Determination, 4th edition, Sweet & Maxwell, 2008 (co-author: Ingrid Naumann), p. 319;

12. Germany, in: Farrell (eds.) Kendall on Expert Determination, 5th edition, Sweet & Maxwell, 2015 (co-author: Sonja Miletzki), pp. 472-473;

13. Country Report "Germany", in: PLC Cross-Border Handbooks, Dispute Resolution 2008/09 and 2009/10, Vol. 2: Arbitration (co-author: Claudia Krapfl), pp. 97-102;

14. Supplementary International Commercial Arbitration Clauses, in: Dennis Campbell/Reinhard Proksch (eds.) International Business Transactions: Standard Forms and Documents (co-authors: Stefan Rützel and Todd Fox), Kluwer Law International, Suppl. 44 – July 2008, Chapter 50 A, pp. 1-16, Chapter 50 B, pp. 1-76; update in Suppl. 48 – October 2009, Chapter 50 A, pp. 1-16, Chapter 50 B, pp. 1-79; update in Suppl. 53 – August 2011, Chapter 50 A, pp. 1-17, Chapter 50 B, pp. 1-79; update in Suppl. 58 – January 2013, Chapter 50 A, pp. 1-20, Chapter 50 B, pp. 1-80;

15. Damage Control in Failed Joint Ventures (co-author: Todd J. Fox), in: Campbell/Netzer (eds.), International Joint Ventures, The Comparative Law Yearbook of International Business, Special Issue, 2008, pp. 595-612;

16. The Global Competition for the 'Best' Place for International Arbitration – Myth, Prejudice, and Reality Bits (co-author: Todd J. Fox), Austrian Arbitration Yearbook, 2009, pp. 383-418;

3

Hunton App. 0610

Stephan Wilske

17. Abduction, Transboundary, in: R. Wolfrum (ed.), The Max Planck Encyclopedia of Public International Law, Oxford University Press, 2009, online edition, www.mpepil.com (Article last updated: October 2012);

18. The Arbitrator as Guardian of International Public Policy: Should Arbitrators Go Beyond Solving Legal Issues? (co-author: Martin Raible), in: Rogers/Alford, The Future of Investment Arbitration, 2009, pp. 249-272;

19. 50th Anniversary of the New York Convention: A Success Story or an Outdated Text (or Both)? – A Critical Analysis –, Yearbook on Arbitration and Mediation, Vol. 1 (2009), Penn State University - Dickinson School of Law (co-author: Todd Fox), pp. 111-135;

20. Chapters on Schiedsgerichtsverfahren (*Arbitration Proceedings*) (Chapter 97) und Schiedsgutachten (*Expert Opinion*) (Chapter 98), in: Vorwerk (ed.), Das Prozessformularbuch (*Form Book for Legal Proceedings*), 9th ed., 2010, pp. 2027-2064; 10th ed. 2015, pp. 2143-2182.

21. Chapter on „Germany" (co-author: Lars Markert), in: Mistelis/Shore/Smit (eds.), World Arbitration Reporter, 2nd ed., 2010, Vol. 1 (National Reports), pp. GER-1 to GER-68; Update in 2014, pp. GER-1 to GER-70

22. Chapter on "Germany" (co-author: Claudia Krapfl), in: Sir Anthony Colman (ed.), Encyclopedia of International Commercial Litigation, Kluwer Law International, 2011 (Update Supplement 2/2013, August 2013);

23. Arbitration Guerrillas at the Gate – Preserving the Civility of Arbitral Proceedings when the Going Gets (Extremely) Tough –, Austrian Yearbook on International Arbitration, 2011, pp. 315-334;

24. Corruption in International Arbitration and Problems with Standard of Proof: Baseless Allegations or Prima Facie Evidence? (co-author: Todd Fox), in: Kröll/Mistelis/Perales Viscasillas/Rogers (eds.), Liber Amicorum Eric Bergsten – International Arbitration and International Commercial Law: Synergy, Convergence and Evolution, Kluwer Law International, 2011, pp. 489-505 (republished in TDM, Vol. 10 Issue 3, May 2013);

25. E-Discovery im kontinentaleuropäischen Rechtsraum: Discovery-Verfahren in der Schiedsgerichtsbarkeit (*E-Discovery in Continental-European Jurisdiction:*

4

Hunton App. 0611

Stephan Wilske

*Discovery Proceedings in Arbitration*), in: Matthias H. Hartmann, Internationale E-Discovery und Information Governance (*International E-Discovery and Information Governance*), Erich Schmidt Verlag, Berlin, 2011, pp. 93-105;

26. Crossborder Mergers and Acquisitions Demystified (co-authors: Andreas Wölfle and Kathryn Wilson), Mergers and Acquisitions in Europe Selected Issues and Jurisdictions, The Comparative Law Yearbook of International Business, Volume 32A, 2011, pp. 25-63;

27. Commentary on Articles II(3) (pp. 152-192) and V(1)(a) (pp. 267-279), in: Reinmar Wolff (ed.), New York Convention Commentary, C.H. Beck, Munich, 2012 (co-author: Todd J. Fox);

28. Kartellrechtliche Sammelklagen in Europa – aktuelle Fragen und Initiativen zur Stärkung des effektiven Rechtsschutzes (*Antitrust Class Actions in Europe – Recent Questions and Initiatives to Encourage the Effective Legal Protection*) (co-authors: Christian Steinle and Christian Leisinger), in: Geimer/Schütze/Garber (eds.), Europäische und internationale Dimension des Rechts (*European and International Dimension of the Law*), FS Simotta, LexisNexis Verlag, Vienna 2012, pp. 573-586;

29. Chapter on "European Union Overview", in: The International Comparative Legal Guide to: International Arbitration 2012-2014 9th-11th ed. (co-author: Stefan Rützel);

30. A Cautionary Tale – The Perils of Pathological Translation of Arbitration Clauses (co-author: Alex Lo), Austrian Yearbook on International Arbitration, 2012, pp. 3-15;

31. Substitution of the Respondent by the Arbitral Tribunal – Rare, But Out There (co-authors: Stephan T. Meyer/Andreas Heuser), Austrian Yearbook on International Arbitration, 2012, pp. 105-114;

32. The "corruption objection" to jurisdiction in investment arbitration – Does it really protect the poor? (co-author: Willa Obel), in: Krista Nadakavukaren Schefer (ed.), Poverty and the International Economic Legal System – Duties to the World's Poor, Cambridge University Press, 2013, pp. 177-188;

5

Hunton App. 0612

Stephan Wilske

33. „Germany" Country Report, in: Investment Treaty Arbitration 2014 – in 20 jurisdictions worldwide -, pp. 24-28 (co-authors: Lars Markert and Laura Bräuninger) (Law Business Research Ltd, London).

34. Chapter 9 on "Investment Treaty Arbitration Involving Turkey and Turkish Parties", in: Ali Yeşilirmak/Ismail G. Esin (eds.), Arbitration in Turkey, 2015 (together with Sarah Kimberly Hughes);

35. "Abweichende Meinung zur *dissenting opinion* in internationalen Schiedsverfahren", in: Geimer/Kaissis/Thümmel (eds.), Ars aequi et boni in mundo: Festschrift Rolf A. Schütze zum 80. Geburtstag (Liber amicorum), 2015, pp. 729-738;

**D)   Contributions to Law Journals and Newsletters (as of 2005)**

1. Rule 3.3.7 of the IBA Guidelines on Conflicts of Interest in International Arbitration – The Enlargement of the Usual Shortlist? (co-author: Michael Stock), ASA Bulletin 1/2005, pp. 45-52;

2. Sicherheitsleistung durch deutschen Kläger mit gewöhnlichem Aufenthalt außerhalb der EU oder des EWR (*Provision of Security by German Plaintiffs Not Normally Resident in the EU or the EEA*) (co-author: Simone Kordts), IPRax 2/2005, pp. 116-118;

3. Extraterritorial Application of German Arbitration Law in Foreign Arbitral Proceedings (co-author: Helen Chen-Schneider), IBA Arbitration Committee Newsletter, March 2005, pp. 27-28;

4. Non-Compliance with Obligatory Mediation Procedure Makes Court Proceedings Inadmissible, No Settled Case Law as to Consequences of Non-Compliance with Obligatory Mediation Procedure (co-author: Gerhard Wegen), IBA Mediation Committee Newsletter, April 2005, p. 19;

5. Neuere Entscheidungen zur Schiedsgerichtsbarkeit in der U.S.-amerikanischen Rechtsprechung (Frühjahr 2005) (*Recent Decisions on Arbitration in U.S. Case Law) (Spring 2005)*) (co-authors: Clemens Kochinke and Claudia Krapfl), since DAJV-Newsletter 1/2005;

6

App. 2218

Hunton App. 0613

Stephan Wilske

6.    IDR-Comment: A Final Farewell to the German Concept of *Kompetenz-Kompetenz* (co-author: Claudia Krapfl), IDR 2/2005, pp. 93-94;

7.    What's New In European Arbitration? (with various co-authors, Dispute Resolution Journal, since February/April 2005

8.    Contradictory behaviour by a party in arbitral and court proceedings has preclusive effect under New York Convention (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, September 2005, pp. 23-24;

9.    The Rise and Fall of the "Group of Companies Doctrine" (co-author: Laurence Shore), IDR 4/2005, pp. 157-160;

10.   Zur Qualität von Übersetzungen bei Zustellung ausländischer gerichtlicher Schriftstücke (zu OLG Nürnberg, 15.2.2005 – 4 VA 72/05) (*Regarding the Quality of Translations in the Service of Foreign Judicial Documents (Comment on Nuremberg Higher Regional Court, February 15, 2005 – 4 VA 72/05)*) (co-author: Claudia Krapfl), IPRax 1/2006, pp. 10-13;

11.   Borer v. Burda und Bertelsmann - Grenzen der Allzuständigkeit US-amerikanischer Gerichte? (*Borer v. Burda and Bertelsmann - Limits to the All Encompassing Jurisdiction of U.S. Courts?*) (co-author: Stefan Liniger), DAJV-Newsletter 3/2005, pp. 85-86;

12.   Prozesszinsen – Die Berechnung der Höhe in der Übergangsphase zum neuen Schuldrecht (*Interest during pendency of legal action – Calculation of the amount thereof in the transition period to the new law of obligations*) (co-author: Natalie Schweda), MDR 2006, pp. 191-194;

13.   Curing of formal defect of arbitration agreement by participating in arbitral proceedings without objecting specifically to such formal defect (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, February 2006, pp. 21-22;

14.   Germany - Must a non-EU foreign plaintiff post security for costs in preliminary injunction proceedings? (co-authors: Anja Gitta Berger and Claudia Krapfl), International Litigation News, April 2006, pp. 45-46;

15.   Variations on the "Group of Companies" Theme (co-authors: Laurence Shore and Jan-Michael Ahrens), CAA Arbitration Journal, Vol. IV, 2005, pp. 1-17;

7

App. 2219

Stephan Wilske

16.  Cost Sanctions in the Event of Unreasonable Exercise or Abuse of Procedural Rights – A Way to Control Costs in International Arbitration?!, SchiedsVZ 2006, pp. 188-191;

17.  The Myth of the "Manifest Disregard of the Law" Doctrine: Is this Challenge to the Finality of Arbitral Awards Confined to U.S. Domestic Arbitrations or Should International Arbitration Practitioners be Concerned? (co-author: Nigel Mackay), ASA Bulletin 2/2006, pp. 216-228;

18.  Pathological Designation of Arbitration Institutions: Two Recent Decisions on a Contract Drafter's Nightmare (co-author: Claudia Krapfl), International Arbitration Law Review, Vol. 9 Issue 3, June 2006, pp. 80-83;

19.  Vorankündigung: U.S. Supreme Court entscheidet wieder über Strafschadensersatz (*Preview: Further U.S. Supreme Court decision on punitive damages*), RIW 9/2006, II.

20.  Pathological arbitration clauses in German court practice (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, September 2006, pp. 21-22;

21.  Germany: Consequences of the place of incorporation theory on foreign companies that maintain their administrative headquarters in Germany (co-authors: Claudia Krapfl and Anja Gitta Berger), International Litigation News, September 2006, pp. 49-51;

22.  Germany: Fiduciary duties and bonus payments: a combination that can easily lead to criminal prosecution? – lessons to be learned from the Federal Court of Justice's (Bundesgerichtshof) decision in the Mannesmann Case (co-authors: Christian Arnold und Florian Schumacher), International Litigation News, September 2006, pp. 44-46;

23.  Europäische Medienberichterstattung vor US-amerikanischen Gerichten – Grenzen der Allzuständigkeit? (Teil II) (*European Media Coverage before U.S. Courts – Limits to the All Encompassing Jurisdiction (Part II)*) (co-author: Stefan Liniger), DAJV Newsletter 4/2006, pp. 167-170; since Fall 2006 (co-authors: Clemens Kochinke and Claudia Krapfl), DAJV Newsletter 4/2006, pp. 163-167;

8

Hunton App. 0615

Stephan Wilske

24. Punitive Damages wieder vor dem U.S. Supreme Court - Entwarnung noch immer nicht in Sicht – (*U.S. Supreme Court again Decides on Punitive Damages – Still no All-clear in Sight*) (co-author: Michael V. Corrigan), RIW 1/2007, pp. 32-33;

25. Der U.S. Supreme Court und Punitive Damages – Eine überraschende Erkenntnis aus einer Nicht-Entscheidung (*U.S. Supreme Court and Punitive Damages – Surprising Conclusion resulting of a Non-Decision*) (co-author: Anja Gitta Berger), RIW 4/2007, pp. 245-248;

26. Commencement of Arbitral Proceedings and Unsigned Requests for Arbitration: A Counsel's Harsh Awakening? (co-author: Christine Gack), Journal of International Arbitration, Vol. 24 No. 3 (2007), pp. 319-326;

27. Germany: Final chapter of the Mannesmann case (co-author: Martin Diller), International Litigation News, May 2007, pp. 89-90;

28. Grenzüberschreitende Durchsetzung nachvertraglicher Wettbewerbsverbote (*Transboundary Enforcement of Post-contractual Non-competition Clauses*) (co-author: Martin Diller), DB 2007, pp. 1866-1870;

29. The "Group of Companies Doctrine" – Where is it Heading? (co-authors: Laurence Shore und Jan-Michael Ahrens), The American Review of International Arbitration, Vol. 17, No. 1, 2006, pp. 73-88; since Fall 2007 (co-authors: Clemens Kochinke and Claudia Krapfl), DAJV Newsletter 3/2007, pp. 133-136;

30. Grounds to Refuse the Declaration of Enforceability Precluded if Not Raised in Foreign Setting Aside Proceedings (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, October 2007, pp. 37-39;

31. Die bevorstehende Entscheidung des U.S. Supreme Court in Stoneridge Investment Partners v. Scientific Atlanta, Inc. (*The Forthcoming U.S. Supreme Court Decision in Stoneridge Investment Partners v. Scientific Atlanta, Inc.*) (co-author: Derek J.T. Adler), RIW 2007, pp. 845-848;

32. Die gemeinsame Verhandlung nicht verbundener Zivilprozesse – Zulässigkeit, Voraussetzungen, Rechtsmittel und Gebühren (*Combined Hearings in Unconnected Civil Proceedings – Admissibility, Prerequisites, Appeals and Fees*) (co-author: Martin Grabolle), MDR 2007, pp. 1405-1409;

9

Hunton App. 0616

Stephan Wilske

33.   Arbitration clause prevails in the event of conflicting jurisdiction and arbitration clauses (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, March 2008, pp. 25-26;

34.   Stoneridge und die Zukunft von Wertpapiersammelklagen (nicht nur) in den USA (*Stoneridge and the Future of Securities Class Actions (not only) in the United States*) (co-authors: Derek Adler and Ingrid Naumann), RIW 2008, pp. 97-104;

35.   The Global Competition for the 'Best' Place of Arbitration for International Arbitrations – A More or Less Biased Review of the Usual Suspects and Recent Newcomers –, Contemporary Asia Arbitration Journal, Vol. 1 No. 1, May 2008, pp. 21-66;

36.   Refusal to Recognise Foreign Arbitral Award Set Aside at Place of Arbitration (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, September 2008, pp. 24-26;

37.   The So-Called 'Judical Hellholes' in US Jurisdictions and Possible Means to Avoid Them (co-author: Todd Fox), Dispute Resolution International, Vol. 2 No. 2, September 2008, pp. 235-254;

38.   German employee co-determination on trial: the Volkswagen corruption case and its impact on employment law litigation (co-authors: Christian Arnold, Martin Diller), International Litigation News, September 2008, pp. 11-13;

39.   Die Exxon Valdez-Entscheidung des U.S. Supreme Court und deren Bedeutung für die künftige Höhe von Punitive Damages (*The Exxon Valdez Decision of the U.S. Supreme Court and its Impact on the Future Amount of Punitive Damages*) (co-author: Peter C. Thomas), RIW 2008, pp. 668-672.

40.   International Investment Treaty Arbitration and International Commercial Arbitration — Conceptual Difference or Only a 'Status Thing'? (co-authors: Martin Raible and Lars Markert), Contemporary Asia Arbitration Journal, Vol. 1 No. 2, November 2008, pp. 213-234;

41.   Grounds for challenging enforcement of award not barred by failure to raise in foreign setting aside proceedings (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, March 2009, pp. 52-54;

10

App. 2222

Hunton App. 0617

Stephan Wilske

42.   Financial crisis and management remuneration: German measures to stabilise financial markets and their impact on employment law litigation (co-authors: Christian Arnold and Martin Diller), IBA International Litigation Newsletter, April 2009, pp. 43-46;

43.   USA: Gesetzesvorhaben zur Erleichterung der Verfolgung von Produkthaftungsansprüchen gegenüber ausländischen Herstellern (*USA: Legislative project for facilitating the prosecution of product liability claims against foreign manufacturers*) (co-author: Hannah Grillitsch), PHi 4/2009, pp. 154-156;

44.   Turkey: Soon to Face a Wave of International Investment Arbitrations? (co-authors: Ismail Esin, Steffen Hindelang), Journal of International Arbitration, Vol. 26 No. 5, 2009, pp. 701-728;

45.   Financial crisis: German (draft) legislation on the adequacy of management board remuneration and its prospective impact on employment law litigation (co-authors: Christian Arnold and Hannah Grillitsch), IBA International Litigation Newsletter, September 2009, pp. 31-33;

46.   Germany: Good faith prohibits a party from taking contradictory positions regarding the admissibility of arbitration in the same matter (co-author: Todd Fox), IBA Arbitration Committee Newsletter, September 2009, pp. 26-27;

47.   Streitbeilegungsklauseln in Vorstands- und Geschäftsführerverträgen – Vorzüge und Gestaltungsmöglichkeiten (*Dispute resolution clauses in board members' and managing directors' contracts – Advantages and scope of form*) (co-authors: Christian Arnold and Hannah Grillitsch, ZIP 2009, pp. 2425-2430;

48.   Crisis? What Crisis? – The Development of International Arbitration in Tougher Times, Contemporary Asia Arbitration Journal, Vol. 2 No. 2, November 2009, pp. 187-216;

49.   Auf dem Weg zu einer allgemeinen Schiedsfähigkeit von Beschlussmängelstreitigkeiten? - Zugleich Besprechung der Entscheidung BGH ZIP 2009, 1003 (Schiedsfähigkeit II) (*On the way to a general arbitrability of disputes resulting from deficient shareholder resolutions? - A concurrent review of BGH ZIP 2009, 1003 (Schiedsfähigkeit II)* –) (co-author: Bodo Riegger), ZGR 2010, pp. 733-750;

11

App. 2223

Hunton App. 0618

Stephan Wilske

50. Arbitration Law and Practice in Germany - An Appealing Choice for International Commercial and Investment Dispute Resolution in the Heart of Europe (co-author: Lars Markert), Romanian Review of Arbitration, Vol. 14 No. 2 (April-June 2010), pp. 18-36;

51. Entwicklungen in der internationalen Schiedsgerichtsbarkeit im Jahr 2009 und Ausblick auf 2010 (*Developments in International Arbitration in 2009 and Outlook for 2010*) (co-authors: Lars Markert and since 2014 Laura Bräuninger), since SchiedsVZ 2010;

52. The German Federal Court of Justice returns to the principle that there is no double *exequatur* for arbitral awards in Germany (co-author: Todd Fox), IBA Arbitration Committee Newsletter, March 2010, p. 130;

53. Sound compensation practices for financial institutions: German implementation of international remuneration standards – a new field on employment law litigation, (co-author: Christian Arnold), IBA International Litigation Newsletter, April 2010, pp. 38-40;

54. The Impact of the Financial Crisis on International Arbitration, Dispute Resolution Journal, February/April 2010, pp. 82-87;

55. German employment law under European scrutiny: New opportunities for employment law litigation (co-author: Christian Arnold), International Litigation News, September 2010, pp. 23-25;

56. AGORA – Morrison v. National Australia Bank (co-authors: Andreas Tilp, Marc Schiefer and Willa Obel), DAJV Newsletter 3/2010, pp. 116-127;

57. Preventing/Employing "Guerrilla Tactics" in Arbitration and Litigation: Are There Technically Legal "Guerrilla-Like" Practices that May Be Used in Arbitration/Litigation?, TDM, Vol. 7 Issue 2, November 2010;

58. Sanctions for Unethical and Illegal Behavior in International Arbitration: A Double-Edged Sword?, Contemporary Asia Arbitration Journal, Vol. 3 No. 2, November 2010, pp. 211-235;

12

Hunton App. 0619

Stephan Wilske

59.   Why South Africa Should Update Its International Arbitration Legislation - An Appeal From The International Arbitration Community For Legal Reform In South Africa – (co-author: Jade Ewers), Journal of International Arbitration, Vol. 28 No. 1, February 2011, pp. 1-13;

60.   The enforcement of a foreign award when the underlying arbitration agreement satisfies German law, but not the New York Convention (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, March 2011, pp. 107-108;

61.   Flash mobs, secondary strikes and company relocations: new options for industrial action in Germany and their impact on employment law litigation (co-author: Christian Arnold), International Litigation News, April 2011, pp. 22-25;

62.   Seals, Stamps, and Signatures in International Arbitration Agreements (co-author: Christina Scheidle), Contemporary Asia Arbitration Journal, Vol. 4 No. 1, May 2011, pp. 37-55 (published in Chinese translation in Journal of the East China University of Political Science and Law, Number 1 (General Serial No. 86), January 2013, pp. 136-145);

63.   Fiduciary duties and sign-on bonuses – "Mannesmann" all over again? (co-authors: Christian Arnold and Mareike Schansker), International Litigation News, September 2011, pp. 30-33;

64.   Objection of lack of valid arbitration agreement permissible in enforcement proceedings in Germany even if no setting-aside proceedings are initiated in the country of origin (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, September 2011, pp. 95-97;

65.   Epochenwechsel oder Verschnaufpause? U.S. Supreme Court schiebt ausufernder Gerichtsbarkeit über ausländische Hersteller (erst einmal) einen Riegel vor *(A New Era or Just a Respite? U.S. Supreme Court Stops Jurisdiction Over Foreign Manufacturers from Spiraling Out of Control (For Now))* (co-author: Sarah Ponterlitschek), PHi 5/2011, pp. 180-183;

66.   Protection of Taiwanese Investors Under Third Party Bilateral Investment Treaties? – Ways, Means and Limits of "Treaty Shopping", Contemporary Asia Arbitration Journal, Vol. 4 No. 2, November 2011, pp. 145-177;

13

App. 2225

Hunton App. 0620

Stephan Wilske

67.   German Federal Court of Justice Confirms that an Arbitration Agreement Referring to a Non-Existent Institutional Arbitral Tribunal Is Not, per se, Incapable of Being Performed (co-author: Todd J. Fox), IBA Arbitration Committee Newsletter, April 2012, pp. 54-55;

68.   Der Trust als Kläger im deutschen Zivilprozess (*The Trust as Claimant in German Civil Proceedings*) (co-author: Stephan Meyer), ZIP 2012, pp. 459-463;

69.   Moral and Religious Conflicts in German Employment Litigation (co-authors: Christian Arnold and Andreas von Medem), International Litigation News, May 2012, pp. 36-40;

70.   Higher Court in Germany finds procedural order is an instrument of parties' agreement (co-author: Andreas Heuser), IBA Arbitration Committee Newsletter, September 2012, pp. 71-73;

71.   Collective Action in Investment Arbitration to Enforce Small Claims – Justice to the Deprived or Death Knell for the System of Investor-State Arbitration?, Contemporary Asia Arbitration Journal, Vol. 5 No. 2, November 2012, pp. 165-203 (republished in TDM, Vol. 11 Issue 1, January 2014);

72.   German court puts to bed challenge of arbitral award based on a sleepy arbitrator (co-author: Andreas Heuser), IBA Arbitration Committee Newsletter, February 2013, pp. 78-79;

73.   Doppelbesteuerung – Ein Problem mit vielen Fallstricken (*Double taxation – A problem with a lot of pitfalls*) (co-author: Julia Nora Standke), das Orchester, June 2013, pp. 34-35;

74.   German court ends horseplay by finding ambiguous arbitral award enforceable (co-authors: Claudia Krapfl and Jeff Jeng), IBA Arbitration Committee Newsletter, September 2013, pp. 55-56;

75.   Collective Redress In Cartel Damages Actions - Recent Developments in Europe (co-authors: Stefan Rützel and Alexander Fritzsche), Who's Who Legal – Commercial Litigation 2013, pp. 10-12;

76.   Collective Redress in Cartel Damages Actions in Europe: Light on the Horizon - Or Storm Brewing? (co-authors: Ines Bodenstein, Alexander Fritzsche and

14

Hunton App. 0621

Stephan Wilske

Christian Steinle), ABA International Law News, Vol. 43 No. 1 (Winter 2014), pp. 1, 10-13;

77.  Legal Challenges to Delayed Arbitral Awards, Contemporary Asia Arbitration Journal, Vol. 6 No. 2, November 2013, pp. 153-186;

78.  German Federal Court of Justice postpones decision on intra-EU jurisdictional objection (co-author: Claudia Krapfl), IBA Arbitration Committee Newsletter, February 2014, pp. 62-64;

79.  The Use of Diplomatic Channels to Combat State Interference and Guerrilla Tactics in International Arbitrations (co-author: Lars Markert), TDM, Vol. 11 Issue 3, June 2014 (slightly updated version of the authors' chapter 4.02 (The Use of Diplomatic Channels) as published in Günther J. Horvath/Stephan Wilske (eds.), Guerrilla Tactics in International Arbitration, 2013, pp. 298-311);

80.  Pathological Designation of a Non-Existent Korean Arbitration Institution: A Trip to Jurisdictional No Man's Land (co-authors: Sarah Kimberly Hughes and Alyson Joy Akoka), Korean Arbiration Review, 2014; pp. 30-34;

81.  The Ailing Arbitrator – Identification, Abuse and Preventing of a Potentially Dangerous Delaying and Obstruction Tool, Contemporary Asia Arbitration Journal, Vol. 7 No. 2, 2014, pp. 279-308;

**E)    Contributions to Electronic Newsletters (as of 2010)**

1,    DIS offers four new sets of alternative dispute resolution rules, PLC Arbitration multi-jurisdictional monthly e-mail for May 2010 (co-author: Claudia Krapfl);

2.    Federal Court of Justice on set-off in enforcement proceedings (BGH, III ZB 48/09, 29.07.2010), PLC Arbitration multi-jurisdictional monthly e-mail for September 2010 (co-author: Claudia Krapfl);

3.    Higher Regional Court of Munich on challenge of an arbitrator (OLG München, 34 SchH 008/10, 17.08.2010); PLC Arbitration multi-jurisdictional monthly e-mail for October 2010 (co-author: Claudia Krapfl);

15

Hunton App. 0622

Stephan Wilske

4.   Federal Court of Justice on most-favoured-nation principle and the recognition of foreign arbitral awards (BGH, III ZB 69/09, 30.09.2010), PLC Arbitration multi-jurisdictional monthly e-mail for November 2010 (co-author: Claudia Krapfl);

5.   Set-off in enforcement proceedings possible if claims not subjet to arbitration (BGH, III ZB 57/10, 30.09.2010), PLC Arbitration multi-jurisdictional monthly e-mail for December 2010 (co-author: Claudia Krapfl);

6.   Failure to apply to set aside award does not preclude objection in enforcement proceedings in Germany (BGH, III ZB 100/09, 16.12.2010), PLC Arbitration multi-jurisdictional monthly e-mail for January 2011 (co-author: Claudia Krapfl);

7.   Germany: round-up 2010/2011, PLC Arbitration multi-jurisdictional monthly e-mail for January 2011 (co-author: Claudia Krapfl);

8.   Higher Regional Court of Stuttgart on the right to be heard (OLG Stuttgart, 1 Sch 3/10, 30.07.2010), PLC Arbitration multi-jurisdictional monthly e-mail for February 2011 (co-author: Claudia Krapfl);

9.   Higher Regional Court of Dresden on the interpretation of an arbitration agreement (OLG Dresden, 11 SchH 4/08, 26.07.2010), PLC Arbitration multi-jurisdictional monthly e-mail for February 2011 (co-author: Claudia Krapfl);

10.   Invalidity of arbitration agreement in contract with German consumer (BGH, XI ZR 350/08, 25.01.2011), PLC Arbitration multi-jurisdictional monthly e-mail for March 2011 (co-author: Claudia Krapfl);

11.   Higher Regional Court of Munich clarifies criteria for termination of arbitrator's mandate (OLG Munich, 34 SchH 06/10, 17.12.2010), PLC Arbitration multi-jurisdictional monthly e-mail for April 2011 (co-author: Claudia Krapfl);

12.   Higher Regional Court of Munich on the right to be heard (OLG Munich, 34 Sch 08/10, 14.03.2011), PLC Arbitration multi-jurisdictional monthly e-mail for June 2011 (co-author: Claudia Krapfl);

13.   Federal Court of Justice decision on formal requirements for an enforceable arbitration agreement (BGH, III ZR 16/11, 19.05.2011), PLC Arbitration multi-jurisdictional monthly e-mail for July 2011 (co-author: Claudia Krapfl);

16

Stephan Wilske

14. German Federal Court of Justice decision on timeliness of application to courts to determine admissibility of arbitration (BGH, III ZB 59/10, 30.06.2011), PLC Arbitration multi-jurisdictional monthly e-mail for August 2011 (co-author: Claudia Krapfl);

15. German Federal Court of Justice decision on inoperativeness of pathological arbitration agreement (BGH, III ZB 70/10, 14.07.2011), PLC Arbitration multi-jurisdictional montly e-mail for September 2011 (co-author: Claudia Krapfl);

16. Germany: round-up 2011, PLC Arbitration multi-jurisdictional monthly e-mail for January 2012 (co-author: Claudia Krapfl);

17. Higher Regional Court of Munich decision on burden of proof for showing that an arbitration agreement constitutes collusion (OLG Munich, 34 Sch 15/10, 11.07.2011), PLC Arbitration multi-jurisdictional monthly e-mail for January 2012 (co-author: Claudia Krapfl);

18. Higher Regional Court of Frankfurt decision on contradictory behaviour with regard to the validity of an arbitration agreement (OLG Frankfurt, 26 SchH 1/11, 04.04.2011), PLC Arbitration multi-jurisdictional monthly e-mail for January 2012 (co-author: Claudia Krapfl);

19. Federal Court of Justice decision on specification of foreign arbitral award in enforcement proceedings concerning decision on costs and interest (BGH, III ZB 19/11, 30.11.2011), PLC Arbitration multi-jurisdictional monthly e-mail for February 2012 (co-author: Claudia Krapfl);

20. Higher Regional Court of Munich decision on violation of right to be heard by relying on party-appointed expert evidence (OLG München, 34 Sch 10/11, 14.11.2011), PLC Arbitration multi-jurisdictional monthly e-mail for March 2012 (co-author: Claudia Krapfl);

21. German court sets aside award where tribunal did not adhere to what the court held to be the parties' agreed procedure (OLG Frankfurt/Main, 26 Sch 13/10, 17.02.2011), PLC Arbitration multi-jurisdictional monthly e-mail for April 2012 (co-author: Claudia Krapfl);

22. Higher Regional Court of Frankfurt confirms validity of arbitration clause in dispute between investor and EU Member State (OLG Frankfurt/Main, 26 SchH

17

App. 2229

Hunton App. 0624

Stephan Wilske

11/10, 10.05.2012), PLC Arbitration multi-jurisdictional monthly e-mail for May 2012 (co-author: Claudia Krapfl);

23.  Germany: Higher Regional Court of Karlsruhe rules on sleeping arbitrator (OLG Karlsruhe, 9 Sch 02/09, 04.01.2012), PLC Arbitration multi-jurisdictional monthly e-mail for June 2012 (co-author: Christian Leisinger);

24.  Munich Higher Regional Court implements pathological arbitration clause (OLG München, 34 SchH 12/11), PLC Arbitration multi-jurisdictional monthly e-mail for July 2012 (co-author: Stephan Meyer);

25.  Munich Higher Regional Court refuses enforcement of award set aside in Ukraine (OLG München, 34 Sch 18/10), PLC Arbitration multi-jurisdictional monthly e-mail for October 2012 (co-author: Stephan Meyer);

26.  Higher Regional Court of Cologne enforces award despite pending set aside proceedings in South Korea (OLG Köln, 19 Sch 8 /11), PLC Arbitration multi-jurisdictional monthly e-mail for November 2012 (co-author: Stephan Meyer);

27.  Munich Higher Regional Court on reimbursement of fees for legal representation based on hourly rates in arbitration (OLG München, 34 Sch 19/11), PLC Arbitration multi-jurisdictional monthly e-mail for December 2012 (co-author: Claudia Krapfl);

28.  Germany: round-up 2012, PLC Arbitration multi-jurisdictional monthly e-mail for January 2013 (co-author: Claudia Krapfl);

29.  Berlin Higher Regional Court on arbitration agreement referring to non-existent arbitration institution (KG Berlin, 20 SchH 2/12), PLC Arbitration multi-jurisdictional monthly e-mail for January 2013 (co-author: Claudia Krapfl);

30.  Practice note on arbitration in Germany, PLC Arbitration multi-jurisdictional monthly e-mail for February 2013 (co-authors: Stephan Meyer and Christian Leisinger); update February 2014 (co-authors: Todd Fox and Christian Leisinger);

31.  Further application on intra-EU BIT to Frankfurt Higher Regional Court, PLC Arbitration multi-jurisdictional monthly e-mail for February 2013 (co-author: Claudia Krapfl);

18

App. 2230

Hunton App. 0625

Stephan Wilske

32.  German Federal Court of Justice on sovereign immunity in enforcement proceedings (BGH, III ZB 40/12), PLC Arbitration multi-jurisdictional monthly e-mail for February 2013 (co-author: Claudia Krapfl);

33.  Munich Higher Regional Court on identifying the respondent in enforcement proceedings (OLG München, 34 Sch 7/11), PLC Arbitration multi-jurisdictional monthly e-mail for March 2013 (co-author: Claudia Krapfl);

34.  Frankfurt Higher Regional Court on applicable court fees for enforcing ICSID award (OLG Frankfurt, 26 Sch 11/10), PLC Arbitration multi-jurisdictional monthly e-mail for April 2013 (co-author: Claudia Krapfl);

35.  Hamm Higher Regional Court on default judgements in enforcement proceedings (OLG Hamm, I-25 Sch 3/11), PLC Arbitration weekly e-mail of 26 June 2013 (co-author: Claudia Krapfl);

36.  German Federal Court of Justice on provision of security in enforcement proceedings (BGH, III ZB 40/12), PLC Arbitration weekly e-mail of 3 July 2013 (co-author: Claudia Krapfl);

37.  German Federal Court of Justice refuses to enforce arbitral award set aside in Ukraine (BGH, III ZB 59/12), PLC Arbitration weekly e-mail of 24 July 2013 (co-author: Claudia Krapfl);

38.  German Federal Court of Justice indicates that it will not decide on validity of interim award on jurisdiction between investor and EU Member State (BGH, III ZB 37/12), PLC Arbitration weekly e-mail of 29 October 2013 (co-author: Claudia Krapfl);

39.  German Court considers arbitration agreement incapable of being performed if insolvency administrator lacks assets to pay arbitration costs (OLG Köln, 18 W 32/13), PLC Arbitration weekly e-mail of 4 December 2013 (co-author: Claudia Krapfl);

40.  Responsibility for Ethical Misconduct and Deployment of Guerrilla Tactics in International Arbitration?, Kluwer Arbitration Blog, 9 January 2014 (co-author: Günther J. Horvath);

19

App. 2231

Hunton App. 0626

Stephan Wilske

41.  German court considers impartiality of co-arbitrator who did not inform parties about alleged procedural misconduct by chairman (OLG München, 34 SchH 8/13), PLC Arbitration weekly e-mail of 29 January 2014 (co-author: Claudia Krapfl);

42.  German Regional Court in Munich decides that arbitration agreements for athletes are invalid (LG München, 37 O 28331/12), PLC Arbitration weekly e-mail of 13 March 2014 (co-author: Claudia Krapfl);

43.  German Federal Court of Justice on violation of public policy (OLG Celle, III ZB 40/13), PLC Arbitration weekly e-mail of 26 March 2014 (co-author: Claudia Krapfl);

44.  Higher Regional Court of Munich on challenge of an arbitrator (OLG München, 34 SchH 11/13), PLC Arbitration multi-jurisdictional monthly e-mail for May 2014 (co-author: Claudia Krapfl);

45.  German Federal Court of Justicce on group of companies doctrine (BGH, III ZR 371/12), PLC Arbitration multi-jurisdictional monthly e-mail for June 2014 (co-author: Claudia Krapfl);

46.  German Federal Court of Justicce on group of companies doctrine (BGH, III ZB 89/13), PLC Arbitration multi-jurisdictional monthly e-mail for July 2014 (co-author: Claudia Krapfl);

47.  Regional Court of Heidelberg rejects arbitrability of the statutory share of a testator's estate (LG Heidelberg, II O 128/13), PLC Arbitration multi-jurisdictional monthly e-mail for August 2014 (co-author: Claudia Krapfl);

48.  German Federal Court of Justice on right to an oral hearing and notarisation requirement for arbitration clause and arbitral rules (BGH, III ZB 83/13), PLC Arbitration multi-jurisdictional monthly e-mail for September 2014 (co-author: Claudia Krapfl)

49.  Higher Regional Court of Munich on allocation of costs if request for court decision on jurisdiction of arbitral tribunal is withdrawn (OLG München, 34 SchH 11/12), PLC Arbitration multi-jurisdictional monthly e-mail for October 2014 (co-author: Claudia Krapfl);

50.  Higher Regional Court of Munich on bias of chairman because of alleged close relationship with expert (OLG München, 34 SchH 15/13), PLC

20

App. 2232

Hunton App. 0627

Stephan Wilske

Arbitration multi-jurisdictional monthly e-mail for November 2014 (co-author: Claudia Krapfl);

51.   Higher Regional Court of Munich on arbitrability of tort claims under German law (OLG München, 34 SchH 18/13), PLC Arbitration multi-jurisdictional monthly e-mail for December 2014 (co-author: Claudia Krapfl);

52.   Higher Regional Court of Frankfurt confirms damages award in dispute between investor and EU member state (OLG Frankfurt, 26 SchH 3/13), PLC Arbitration multi-jurisdictional monthly e-mail for December 2014 (co-author: Claudia Krapfl);

53.   Higher Regional Court of Munich decides that arbitration agreements for athletes are invalid and CAS arbitral award is not enforceable (OLG München, U 11140/14 Kart), PLC-Arbitration multi-jurisdictional monthly e-mail for January 2015 (co-author: Claudia Krapfl);

**F)   Book Reviews (as of 2005)**

1.   DAJV-Newsletter 2/2005, pp. 80-82, Zur Entwicklung der internationalen Schiedsgerichtsbarkeit – in der Praxis und auf dem Büchermarkt (The Development of International Arbitration - In Practice and in Print) (*Klaus Lionnet/Annette Lionnet*, Handbuch der internationalen und nationalen Schiedsgerichtsbarkeit, 3rd ed., 2005; *Erik Schäfer/Herman Verbist/Christophe Imhoos*, ICC Arbitration in Practice, 2005; *Gabrielle Kaufmann-Kohler/Blaise Stucki* (eds.), International Arbitration in Switzerland – A Handbook for Practitioners, 2004; *Julian Lew/Loukas Mistelis/Stefan Kröll*, Comparative International Commercial Arbitration, 2003);

2.   DAJV Newsletter 3/2006, September 2006, pp. 125-130, International Arbitration Procedure: Heading Towards a Uniform Code? (co-author: Nigel Mackay), (*Matti S. Kurkela*, Due Process in International Commercial Arbitration, 2005; *Christopher R. Drahozal/Richard W. Nainmark*, Towards a Science of International Arbitration, Collected Empirical Research, 2005; *Michael W. Bühler/Thomas H. Webster*, Handbook of ICC Arbitration, Commentary, Precedents, Materials, 2005; *Yves Derains/Eric A. Schwartz*, A Guide to the ICC Rules of Arbitration, 2005; *Jan Paulsson*, The Denial of Justice in International

21

Stephan Wilske

Law, 2005; *Klaus Peter Berger*, Private Dispute Resolution in International Business – Negotiation, Mediation, Arbitration, 2006);

3.  DAJV Newsletter 4/2007, pp. 184-192 (republished in TDM, Vol. 6 Issue 1, March 2009), Costs and Efficiency in International Arbitration: The Arbitrators' Toolbox for Achieving the "Ideal" - A Review of Current Books of Interest to the Transatlantic Arbitration Practitioner - (co-author: Alexander Price) (*Curtis E. von Kann*, The College of Commercial Arbitrators, Guide to Best Practices in Commercial Arbitration, 2006; *William W. Park*, Arbitration of International Business Disputes: Studies in Law and Practice, 2006; *Andreas F. Lowenfeld*, Lowenfeld on International Arbitration: Collected Essays Over Three Decades, 2005; *Loukas A. Mistelis/Julian D.M. Lew*, Pervasive Problems in International Arbitration, 2006; *Julian D.M. Lew/Loukas A. Mistelis*, Arbitration Insights: Twenty Years of the Annual Lecture of the School of International Arbitration, 2007; *Jean-François Poudret/Sébastian Besson*, Comparative Law of International Arbitration, 2nd ed., 2007);

4.  DAJV Newsletter 2/2009, pp. 55-61, Gladiators in a Global Arena? – Der internationale Wettbewerb der Schiedsorte (Gladiators in a Global Arena? – The International Competition of Various Place of Arbitration) (co-author: Ingrid Naumann) (*Bernhard Berger/Franz Kellerhals*, Internationale und interne Schiedsgerichtsbarkeit in der Schweiz, 2006; *Daniel Girsberger/Nathalie Voser*, International Arbitration in Switzerland, 2008; *Hilary Heilbron*, A Practical Guide to International Arbitration in London, 2008; *Jens-Peter Lachmann*, Handbuch für die Schiedsgerichtspraxis, 3rd ed., 2008; *Karl-Heinz Böckstiegel/Stefan Michael Kröll/Patricia Nacimiento* (eds.), Arbitration in Germany, The Model Law in Practice, 2007; *Jenny Power*, The Austrian Arbitration Act, 2006; *Michael Pryles* (ed.), Dispute Resolution in Asia, 3rd ed., 2006; *Giuseppe De Paolo/Mary B. Trevor* (eds.), Arbitration and Mediation in the Southern Mediterranean Countries, 2007);

5.  Global Arbitration Review, published online on 22 May 2012 (Karel Daele, Challenge and Disqualification of Arbitrators in International Arbitration, Kluwer Law International, 2012) (co-author: Willa Obel);

6.  Deutscher AnwaltSpiegel 10/2013, p. 26 (Bernhard Großfeld, Dreaming Law – Comparative Legal Semiotics) (co-author: Lisa Frense);

22

App. 2234

Hunton App. 0629

Stephan Wilske

7.   DAJV Newsletter 4/2013, pp. 158-163, „Wie es Euch gefällt"!? Bedeutung und Grenzen verfahrensrechtlicher Autonomie im Schiedsverfahren – Eine Besprechung neuerer Werke der schiedsrechtlichen Literatur – ("As You Like It!?" Meaning and Limits of Procedural Autonomy in Arbitral Proceedings – A Review of Newly Published Books on Arbitration Law – (co-author: Marc Orgel) (*Peter Binder*, Analytical Commentary to the UNCITRAL Arbitration Rules, 2013; *Peter Ashford*, The IBA Rules on the Taking of Evidence in International Arbitration – A Guide, Cambridge: Cambridge University Press, 2013; *Tobias Zuberbühler/Dieter Hofmann/Christian Oetiker/Thomas Rohner*, IBA Rules of Evidence – Commentary on the IBA Rules on the Taking of Evidence in International Arbitration, 2012; *SAA*, Selected Papers on International Arbitration, Vol. 2, 2012; *Anton G. Maurer*, The Public Policy Exception under the New York Convention – History, Interpretation and Application, 2012; *Julian D.M. Lew/Harris Bor/Gregory Fullelove/Joanne Greenaway* (Hrsg.) Arbitration in England with Chapters on Scotland and Ireland, 2013).

**G)   Publications in Newspapers (as of 2004)**

1.   In Amerika sind Dokumente auch beim Anwalt nicht sicher (*Documents Are Not Safe in America even with Lawyers*), FAZ, 11 February 2004, p. 23;

2.   Borer gegen Burda und Bertelsmann - Grenzen der Allzuständigkeit von US-Gerichten? (*Borer v. Burda and Bertelsmann - Limits to the All Encompassing Jurisdiction of U.S. Courts?*) (co-author: Stefan Liniger), Neue Zürcher Zeitung, 10 February 2006, pp. 63;

**H)   Review of Court Decisions (as of 2014)**

2.   BGH: Zur Zulässigkeit eines schiedsrichterlichen Verfahrens nach Nichterfüllungswahl durch den Insolvenzverwalter (*German Federal Court of Justice: Admissibility of Arbitration Proceedings in Case of Non-Performance by the Insolvency Administrator*), Critique of the Decision of the German Federal Court of Justice of June 30, 2011 – III ZB 59/10, LMK 2011, 322673;

3.   German Appellate Court Confirms Trustee's Standing to Enforce Claims of Investment Trust, Citco Trustees (Cayman) Limited v. Nord/LB Norddeutsche Landesbank Girozentrale, Higher Regional Court of Celle, Docket No. 3 U 84/10,

23

**Hunton App. 0630**

Stephan Wilske

27 October 2010 (co-author: Stephan Meyer), The International Dispute Resolution News Vol. 1, Number 3 (Spring 2012), pp. 14-15;

4.   BGH: Staatenimmunität bei der Vollstreckbarerklärung von Schiedssprüchen (*German Federal Court of Justice: State immunity with respect to the declaration of enforceability of arbitral awards*), Critique of the Decision of the German Federal Court of Justice of January 30, 2013 – III ZB 40/12 (KG), (zusammen mit Harry Nettlau), LMK 2013, 345597;

5.   BGH: Fehlendes Rechtsschutzbedürfnis für Antrag auf gerichtliche Entscheidung gegen den Zwischenentscheid eines Schiedsgerichts nach Erlass des Schiedsspruchs in der Hauptsache (*German Federal Court of Justice: Abuse of the process of the court to apply for a decision against the interim award of an arbitral tribunal after having rendered the award on the merits*), Critique of the Decision of the German Federal Court of Justice on September 19, 2013 – III ZB 37/12 (OLG Frankfurt a.M.), LMK 2013, 353393.

24

App. 2236

Hunton App. 0631

# Exhibit 3

# German Code of Civil Procedure
# English Translation
# (Excerpt)

App. 2237

Hunton App. 0632

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

Übersetzung durch Samson-Übersetzungen GmbH, Dr. Carmen von Schöning
Translation provided by Samson-Übersetzungen GmbH, Dr. Carmen von Schöning
Stand: Die Übersetzung berücksichtigt die Änderung(en) des Gesetzes durch Artikel 1 des
Gesetzes vom 10.10.2013 (BGBl. I S. 3786)
Version information: The translation includes the amendment(s) to the Act by Article 1 of the
Act of 10.10.2013 (Federal Law Gazette I p. 3786)
© 2014 juris GmbH, Saarbrücken

# Code of Civil Procedure

Code of Civil Procedure as promulgated on 5 December 2005 (Bundesgesetzblatt (BGBl.,
Federal Law Gazette) I page 3202; 2006 I page 431; 2007 I page 1781), last amended by
Article 1 of the Act dated 10 October 2013 (Federal Law Gazette I page 3786)
Footnote
Source cited valid from 1 January 1980; some of the measures based on the Treaty between
the Federal Republic of Germany and the German Democratic Republic on the
Establishment of German Unity (Unification Treaty) are no longer to be applied, cf. Annex
"EV" to the Code of Civil Procedure.
Version of the Code of Civil Procedure dated 30 January 1877, promulgated in
Reichsgesetzblatt (RGBl., Law Gazette of the Reich) page 83, amended by Article 9 of the
Act dated 12 September 1950 (Federal Law Gazette I page 455).
Pursuant to the ruling handed down by the Federal Constitutional Court of 7 October 2003,
published in Entscheidungen des Bundesverfassungsgerichts (BVerfGE, Rulings of the
Federal Constitutional Court) 2004 I 124 – 1 BvR 10/99 – the Code of Civil Procedure as
valid until 31 December 2001 was unconstitutional as it was not compatible with the principle
of a state governed by the rule of law, nor with Article 103 (1) of the German Constitution
(Grundgesetz, GG) insofar as it did not provide for a means of obtaining legal protection
against violations of the entitlement to be given an effective and fair legal hearing by
appellate judgments handed down by higher regional courts (Oberlandesgerichte, OLG)
outside of the appeal on points of law that was dependent on the value of the matter in
dispute.
Code of Civil Procedure
In its wording, the Code of Civil Procedure has the following status: the version as
promulgated on 5 December 2005 (Federal Law Gazette I 2005, page 3202), (2006, page
431) as amended by Article 50 of the Act dated 19 April 2006 (Federal Law Gazette I page
866) (Act on Regulatory Reform of Federal Law in the Area of Responsibility of the Federal
Ministry of Justice (Gesetz über die Bereinigung von Bundesrecht im Zuständigkeitsbereich
des Bundesministeriums der Justiz, BMJBerG 1)) with effect per 25 April 2006.
Notes on the translation:
Words denoting any gender (masculine, feminine and neuter) shall include both the other
genders.
Words denoting the singular shall include the plural and vice versa.

### Book 1
### General regulations

### Chapter 1
### Courts

### Title 1
### Substantive jurisdiction of the courts; regulations as to value

### Section 1
### Substantive jurisdiction

Page 1 of 275

Hunton App. 0633

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The substantive jurisdiction of the courts is determined by the Courts Constitution Act (Gesetz über die Gerichtsverfassung, GVG).

## Section 2
### Significance of the value

Should, pursuant to the stipulations of the present Code or of the Courts Constitution Act (Gesetz über die Gerichtsverfassung, GVG), the value of the subject matter being litigated, of the subject matter of the appeal, of the gravamen, or of the sentence govern, the following provisions shall apply.

## Section 3
### Assessment of the value at the sole discretion of the court

The value shall be assessed by the court at its sole discretion; upon a corresponding application having been made, it may direct that evidence be taken, and it may direct ex officio that visual evidence be taken on site and that experts report on the value.

## Section 4
### Computation of the value; ancillary claims

(1) In computing the value, the point in time at which the action is brought is decisive; where the matter has been appealed, it is the point in time at which the appeal has been filed; where a sentence is concerned, it is the point in time at which that hearing is closed subsequent to which the judgment is handed down; fruits, usufruct, interest, and costs shall not be considered where they are asserted as ancillary claims.

(2) Where claims are brought based on bills of exchange in the sense as defined by the Law for Bills of Exchange and Promissory Notes (Wechselgesetz), interest, costs, and commissions that are being sought outside of the amount of the bill are to be regarded as ancillary claims.

## Section 5
### Plurality of claims

A plurality of claims asserted in a single complaint will be considered in the aggregate; this shall not apply to the subject matter of the action or of any countercharges.

## Section 6
### Possession; freezing of property; security right

The value is determined as follows: by the value of an object if its possession is relevant, and by the amount of the claim if its being frozen or a security right is relevant. Should the object governed by the security right have a lower value, this shall govern.

## Section 7
### Easement

The value of an easement is determined by the value it has for the dominant tenement; where the amount by which the value of the servient tenement is reduced is higher, the value of the easement shall be determined by that amount.

## Section 8
### Lease or tenancy relationship

Where the existence or the term of a lease or tenancy relationship is at issue, the amount of the rent accruing for the total period of time at issue shall be relevant and, where the amount of the payment for one year multiplied by a factor of 25 is lower, that amount shall govern for the computation of the value.

## Section 9
### Recurrent usufruct or performance

The value of the right to recurrent usufruct or performance is calculated based on the receipts for one year multiplied by a factor of 3.5. Should the term of the right to such

App. 2239

Hunton App. 0634

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

receipts have been determined, the total amount of the future receipts shall govern where it is the lower amount.

### Section 10
### (repealed)

### Section 11
### Binding decision as to the lack of jurisdiction

Where, based on the rules concerning the substantive jurisdiction of the courts, the lack of jurisdiction of a court has been pronounced in a final and binding judgment, such decision shall be binding upon the court with which the matter will become pending at a later time.

### Title 2
### Venue

### Section 12
### General venue; term

The court within the jurisdiction of which a person has his general venue is competent for all actions that may be brought against that person, unless an exclusive venue has been established for court actions.

### Section 13
### General venue of the place of residence

The general venue of a person is determined by his place of residence.

### Section 14
### (repealed)

### Section 15
### General venue of extraterritorial German citizens

(1) German citizens entitled to the privilege of exterritoriality as well as German civil servants working abroad will retain the venue of their last place of residence in Germany. Should they not have had such a place of residence, their venue shall be the local court (Amtsgericht, AG) of Schöneberg in Berlin.
(2) The present rule shall not apply to honorary consuls.

### Section 16
### General venue of persons without a place of residence

The general venue of a person who has no place of residence shall be determined by that person's place of abode in Germany and, where no such place of abode is known, by that person's last place of residence.

### Section 17
### General venue of legal persons

(1) The general venue of the municipalities, corporate bodies, and of those companies, co-operatives or other associations as well as of those foundations, institutions, and available assets that may be sued as such is defined by their registered seat. Unless anything to the contrary is stipulated elsewhere, a legal person's registered seat shall be deemed to be the place at which it has its administrative centre.
(2) Mining companies have their general venue with the court having jurisdiction over the location of the mine; public authorities – provided they can be sued as such – have their general venue with the court of their official seat.
(3) It is admissible to determine a venue, in derogation from what is determined by the stipulations of the present subsection, by statute or by other special provision.

### Section 18
### General venue of the government treasury

Hunton App. 0635

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The general venue of the treasury of the government is determined by the official seat of the public authority authorised to represent the government treasury in the legal dispute.

## Section 19
### Several judicial districts at the official seat of the public authority

Where the location at which a public authority has its official seat is divided up into several judicial districts, the district that is to be deemed the official seat of the authority as defined by sections 17 and 18 shall be determined, for federal authorities, by the Federal Minister of Justice, while the Land department of justice (Landesjustizverwaltung) shall determine said district for all other agencies; in either case, this will be effected by a general order.

## Section 19a
### General venue of the insolvency administrator

The general venue of an insolvency administrator for actions concerning the insolvency estate is determined by the seat of the insolvency court.

## Section 20
### Specific jurisdiction of the place of abode

Where persons have their place of abode at a location under circumstances that, by their nature, indicate that their abode will be of a longer term, in particular because such persons are household help, workers, assistants in commercial enterprises, university students, pupils, or apprentices, the court of their place of abode shall have jurisdiction for all actions that may be brought against these persons for claims under property law.

## Section 21
### Specific jurisdiction of a place of business

(1) Should someone have a place of business serving the operation of a factory, a trade enterprise, or any other commercial establishment, and from which transactions are directly concluded, all actions that relate to the operation of the place of business may be brought against that person at the court of the location at which the place of business is situate.
(2) The jurisdiction of the place of business also applies to actions brought against persons acting as owners, beneficiaries, or lessees in managing a property, on which residential and service buildings have been constructed, to the extent such complaints concern the legal relationships relating to the property's management.

## Section 22
### Specific jurisdiction of a membership

The court with which municipalities, corporate bodies, societies, co-operatives, or other associations have their general venue shall have jurisdiction for those actions that are brought by them or by the insolvency administrator against the members as such, or that are brought by the members against one other in their capacity as such.

## Section 23
### Specific jurisdiction of assets and of an object

For complaints under property law brought against a person who has no place of residence in Germany, that court shall be competent in the jurisdiction of which assets belonging to that person are located, or in the jurisdiction of which the object being laid claim to under the action is located. Where claims are concerned, the debtor's place of residence and, in cases in which an object is liable for the claims as collateral, the place at which the object is located shall be deemed to be the location at which the assets are located.

## Section 23a
### (repealed)

## Section 24
### Exclusive jurisdiction as to the subject matter (forum rei sitae)

Hunton App. 0636

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) For complaints by which ownership, an encumbrance "in rem", or the freedom from such an encumbrance is being asserted, and for complaints concerning the settlement of boundary disputes, or the partition or possession of immovable property, that court shall have exclusive competence in the jurisdiction of which the object or property is situate.
(2) For complaints concerning an easement, a realty charge, or a right of pre-emption, the location of the servient tenement or encumbered property shall be relevant.

### Section 25
### Jurisdiction as to the subject matter (forum rei sitae) in light of the matter's connection with the various facts and their overall context
Should the jurisdiction of a court be governed by the subject matter of the dispute, the creditor's complaint for performance (Schuldklage) may be brought together with any complaint concerning a mortgage, charge on land, or annuity charge on land; the complaint for exemption from personal liability may be brought together with the complaint for transfer or cancellation of a mortgage, charge on land, or annuity charge on land; the complaint for overdue performance may be brought together with the complaint for recognition of a realty charge; in all cases, such consolidated actions must be brought against one and the same defendant.

### Section 26
### Jurisdiction as to the subject matter (forum rei sitae) for complaints brought against a person
Where the jurisdiction of a court is governed by the subject matter of the dispute, complaints brought against a person may be filed against the owner or possessor of an immovable property, as may be complaints for damages caused to real estate, or actions brought concerning compensation for the expropriation of a plot of real estate.

### Section 27
### Specific jurisdiction of an inheritance
(1) Complaints brought in order to have the court determine succession, or to assert claims of the heir against a possessor of an inheritance, claims under testamentary gifts or under other testamentary trusts, claims to the compulsory portion of the inheritance, or complaints brought regarding the distribution of the inheritance may be brought with the court at which the testator had his general venue at the time of his death.
(2) If the testator is a German citizen who had no general venue in Germany at the time of his death, the complaints designated in subsection (1) may be brought with the court in the jurisdiction of which the testator had his last place of residence in Germany; where he did not have such a place of residence, the rule of section 15 (1), second sentence, shall apply mutatis mutandis.

### Section 28
### Extended jurisdiction of an inheritance
In the jurisdiction where an inheritance is situate, complaints may also be filed for other liabilities of the estate, provided that the estate is still situate, either as a whole or in part, in the court's jurisdiction, or provided that the existing plurality of heirs is liable as joint and several debtors.

### Section 29
### Specific jurisdiction of the place of performance
(1) For any disputes arising from a contractual relationship and disputes regarding its existence, the court of that location shall have jurisdiction at which the obligation is to be performed that is at issue.
(2) An agreement as to the place of performance shall establish a court as the forum only insofar as the parties to the agreement are merchants, legal persons under public law, or special assets (Sondervermögen) under public law.

App. 2242

Hunton App. 0637

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

## Section 29a
### Exclusive jurisdiction of spaces governed by a tenancy or lease agreement

(1) For disputes concerning claims under tenancy or lease relationships regarding spaces, or disputes regarding the existence of such relationships, the court in the jurisdiction of which the spaces are situate shall have exclusive competence.
(2) Subsection (1) shall not apply to residential spaces of the type provided for by section 549 (2) numbers 1 to 3 of the Civil Code (Bürgerliches Gesetzbuch, BGB).

## Section 29b
### (repealed)

## Section 29c
### Specific jurisdiction for doorstep sales

(1) For complaints regarding off-premises contracts (section 312b of the Civil Code (Bürgerliches Gesetzbuch, BGB)), that court in the jurisdiction of which the consumer has his place of residence at the time he is bringing proceedings shall be competent; where the consumer has no such place of residence, his habitual place of abode shall be relevant. For complaints brought against the consumer, the above court shall have exclusive jurisdiction.

(2) Section 33 (2) shall not apply to any countercharges brought by the respective other party to the agreement.
(3) An agreement will be deemed admissibly made, in derogation from subsection (1), in those cases in which, following the conclusion of the contract, the consumer relocates his place of residence or habitual place of abode to a location outside the territorial scope of this Act, or in which the consumer's place of residence or habitual place of abode is not known at the time proceedings are brought in the courts.

## Section 30
### Jurisdiction for Carriage

(1) For legal disputes arising from the carriage of goods, also that court shall be competent in the jurisdiction of which the place is situate at which the goods were received for carriage, or at which the goods are intended to be delivered. Any complaint directed against the transport operator performing the carriage or the carrier performing the carriage may also be filed at the venue of the transport operator or carrier. Any complaint directed against the transport operator or the carrier may also be filed at the venue of the transport operator performing the carriage or of the carrier performing the carriage.
(2) For legal disputes arising from the carriage of passengers and their luggage on ships, also that court in the jurisdiction of which the location is situate that is designated in the contract of carriage as the location at which passengers leave the ship or as the destination shall be competent. Any agreement in derogation from the first sentence shall be invalid if it is made prior to the event that has caused the death or bodily injury of the passenger, or the loss, damage, or delayed re-delivery of the luggage.

## Section 30a
### Jurisdiction for claims arising from search and rescue operations

For complaints filed regarding claims arising from search and rescue operations for ships or other assets in a body of water against a person who has no venue in Germany, that court shall be competent with whom the plaintiff has his general venue in Germany.

## Section 31
### Specific jurisdiction for asset management

For complaints brought under an asset management relationship by the principal against the administrator, or by the administrator against the principal, the court in the jurisdiction of which the assets are managed shall have jurisdiction.

App. 2243

Hunton App. 0638

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 32
### Specific jurisdiction for tort

For complaints arising from tort, the court in the jurisdiction of which the tortious act was committed shall have jurisdiction.

### Section 32a
### Exclusive jurisdiction for effects on the environment

For complaints brought against the operator of a facility listed in Annex 1 of the Act on Liability for Environmental Damage (Umwelthaftungsgesetz), by which a claim to compensation is asserted for damages caused by effects on the environment, the court in the jurisdiction of which the facility's effects on the environment originated shall have exclusive competence. This shall not apply where the facility is situate abroad.

### Section 32b
### Exclusive jurisdiction for false or misleading public capital market disclosures, and exclusive jurisdiction in the event that such disclosures have not been made

(1) For complaints in which:

1.      The compensation of damages caused by false or misleading public capital market disclosures, or caused by the failure to make such disclosure, or

2.      The compensation of damages caused by the use of false or misleading public capital market disclosures, or caused by the failure to inform the public that such public capital market disclosures are false or misleading, or

3.      A claim to performance under a contract based on an offer pursuant to the Securities Purchase and Takeover Act (Wertpapiererwerbs- und Übernahmegesetz)

is being asserted, that court shall have exclusive jurisdiction that is located at the registered seat of the issuer concerned, of the offeror concerned of other capital investments, or of the targeted company, where said registered seat is situate within Germany and the complaint is directed, at least also among others, against the issuer, the offeror, or the targeted company.

(2) The Land governments are authorised to assign by statutory instrument the complaints set out in subsection (1) to a regional court (Landgericht, LG) for the jurisdictions of several regional courts, provided this is expedient for promoting the proceedings ratione materiae or for accelerating the termination of the proceedings. The Land governments may confer this authorisation upon the Land departments of justice.

### Section 33
### Specific jurisdiction for countercharges

(1) Countercharges may be brought with the court with which the complaint has been filed if there is a connection between the counterclaim and the claim being asserted in the action, or between the counterclaim and the means of defence raised against the claim.
(2) This shall not apply if, due to a counterclaim having been brought, it is not admissible to agree on the jurisdiction of the court for a complaint pursuant to section 40 (2).

### Section 34
### Specific jurisdiction of the main proceedings

The court of the main proceedings shall have jurisdiction for complaints brought for fees and expenditures by attorneys of record, persons providing assistance, authorised recipients, and court-appointed enforcement officers.

### Section 35
### Selection from among several jurisdictions

The plaintiff shall be allowed to select among several jurisdictions.

Hunton App. 0639

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 35a
### (repealed)

### Section 36
### Determination of jurisdiction by a court

(1) The competent court will initially be determined by the court of the next higher level of jurisdiction:

1.    Where the court actually competent is prevented by legal or factual reasons, in an individual case, from exercising a judicial function;

2.    Where it is uncertain, in light of the boundaries of different judicial districts, which court is competent for the legal dispute;

3.    Where several persons having their general venue with different courts are to be sued as joined parties at the general venue, and where no specific jurisdiction common to all parties has been established for the legal dispute;

4.    Where the complaint is to be filed in the jurisdiction as to the subject matter (forum rei sitae) and the object concerned is situate in jurisdictions of various courts;

5.    Where different courts have declared in a legal dispute that they are competent and that their judgments are final and binding;

6.    Where different courts, of which one is competent for the legal dispute, have declared in a final and binding judgment that they are not competent.

(2) In the event the next higher court common to all parties is the Federal Court of Justice (Bundesgerichtshof, BGH), the competent court will be determined by that higher regional court (Oberlandesgericht, OLG) in the jurisdiction of which the court initially dealing with the matter is situate.
(3) If, in determining the competent court, the higher regional court (Oberlandesgericht, OLG) wishes to deviate from the decision handed down by another higher regional court or by the Federal Court of Justice (Bundesgerichtshof, BGH) concerning a question of law, it is to submit the matter to the Federal Court of Justice, stating the reasons on which its interpretation of the law is based. In such event, the Federal Court of Justice shall rule on the matter.

### Section 37
### Procedure by which a court determines the venue

(1) The petition for determination of the competent court shall be set out in an order delivered by the court.
(2) The decision determining the competent court is not contestable.

### Title 3
### Agreement as to the jurisdiction of the courts

### Section 38
### Admissible agreement as to the choice of venue

(1) A court of first instance that as such is not competent will become the forum by express or tacit agreement of the parties should the parties to the agreement be merchants, legal persons under public law, or special assets (Sondervermögen) under public law.
(2) The competence of a court of first instance may be agreed, furthermore, wherever at least one of the parties to the agreement has no general venue in Germany. Such agreement must be concluded in writing or, should it have been concluded orally, must be confirmed in writing. If one of the parties has its general venue in Germany, a court may be selected in Germany only if that party has its general venue in that court's jurisdiction, or if a specific jurisdiction is given.

Hunton App. 0640

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) In all other regards, a choice-of-court agreement shall be admissible only where it was concluded, expressly and in writing:

1.    After the dispute has arisen, or

2.    For the event that, following the conclusion of the agreement, the party to whom claim is to be laid relocated his place of residence or habitual place of abode to a location outside the territorial scope of this Code, or for the event that the party's place of residence or habitual place of abode is not known at the time the proceedings are brought in the courts.

### Section 39
**Competence of a court as a result of a party having participated in court proceedings without objecting to the court's lack of jurisdiction (rügelose Verhandlung)**
Furthermore, the competence of a court of first instance is established by the fact that the defendant makes an appearance in oral argument on the merits of the case and fails to object to the court's lack of jurisdiction. This shall not apply where the notification stipulated by section 504 was not given.

### Section 40
**Invalid and inadmissible choice of court agreement**
(1) The choice-of-court agreement shall have no legal effect if it does not refer to a certain legal relationship and to the legal disputes arising therefrom.
(2) A choice-of-court agreement shall be inadmissible where:

1.    The legal dispute concerns non-pecuniary claims that are assigned to the local courts (Amtsgerichte, AG) without consideration of the value of the subject matter being litigated, or

2.    An exclusive jurisdiction has been established for the complaint.

In these cases, the competence of a court will not be established by a party making an appearance in oral argument on the merits of the case without asserting the court's lack of jurisdiction.

### Title 4
**Disqualification and recusal of court personnel**

### Section 41
**Disqualification from the exercise of judicial office**
A judge is disqualified by law from exercising judicial office:

1.    In all matters in which he himself is a party, or in which his relationship to one of the parties in the proceedings is that of a co-obligee, co-obligor, or a party liable to recourse;

2.    In all matters concerning his spouse or former spouse;

2a.    In all matters concerning his partner or former partner under a civil union;

3.    In all matters concerning persons who are or were directly related to him, either by blood or by marriage, or who are or were related as third-degree relatives in the collateral line, or who are or were second-degree relatives by marriage in the collateral line;

4.    In all matters in which he was appointed as attorney of record or as a person providing assistance to a party, or in which he is or was authorised to make an appearance as a legal representative of a party;

5.    In all matters in which he is examined as a witness or expert;

Hunton App. 0641

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

6.      In all matters in which he assisted, at a prior level of jurisdiction or in arbitration proceedings, in entering the contested decision, unless this concerns activities of a judge correspondingly delegated or requested.

7.      In all matters concerning court procedures of excessive duration, if he assisted in the impugned proceedings at the level of jurisdiction, the duration of which is the basis for the claim to compensation.

8.      In all matters in which he assisted in mediation proceedings or in any other alternative conflict resolution procedures.

### Section 42
### Recusal of a judge from a case
(1) A judge may be recused from a case both in those cases in which he is disqualified by law from exercising a judicial office, and in those cases in which there is a fear of bias.
(2) A judge will be recused for fear of bias if sound reasons justify a lack of confidence in his impartiality.
(3) In all cases, both parties shall have the right to recuse a judge.

### Section 43
### Loss of the right to recuse a judge
A party may no longer recuse a judge for fear of bias if that party has made an appearance before said judge at a hearing, or filed petitions, without asserting the reasons for recusal of which it is aware.

### Section 44
### Motion to recuse a judge
(1) The motion to recuse a judge is to be filed with the court of which the judge concerned is a member; it may be recorded with the registry for the files of the court.
(2) The grounds for such recusal are to be demonstrated to the satisfaction of the court; the party may not be permitted to make a statutory declaration in lieu of an oath. By way of demonstrating the grounds for recusal, the testimony of the judge being recused may be referred to.
(3) The judge regarding whom a motion for recusal has been filed shall make his statements regarding the grounds therefor in his judicial capacity.
(4) If a judge is recused for fear of bias before whom a party has made an appearance at a hearing, or with whom a party has filed petitions, it shall be demonstrated to the satisfaction of the court that the grounds for filing a motion for recusal arose only at a later date, or became known to the party at a later date.

### Section 45
### Decision on a motion to recuse a judge
(1) That court of which the judge is a member shall rule on a motion to recuse him, without that judge being involved in the decision.
(2) If a judge at a local court (Amtsgericht, AG) is to be recused, a different judge of the local court shall rule on the motion. No decision need be handed down where the judge regarding whom a motion for recusal has been filed believes this motion to be justified.
(3) Should the court competent to take the decision become unable to enter a judgment as a result of its member having been recused, the court of the next higher level of jurisdiction shall rule on the matter.

### Section 46
### Decision and appellate remedies
(1) The decision on a motion to recuse a judge shall be issued by a court order.
(2) No appellate remedies may be lodged against the court order declaring the motion to be justified, while a complaint subject to a time limit may be filed against any order declaring the motion to be without justification.

Hunton App. 0642

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 47
### Official acts that cannot be delayed

(1) Prior to the motion to recuse him having been dealt with, a judge regarding whom such a motion for recusal has been filed may take only such measures that cannot be delayed.
(2) Should a motion for recusal be filed regarding a judge during a hearing, and should the decision regarding the recusal require the hearing to be postponed, the hearing may be continued with the involvement of the judge regarding whom a motion for recusal has been filed. If the motion for recusal is declared justified, the part of the hearing that took place after the motion was filed is to be repeated.

### Section 48
### Self-recusal; recusal ex officio

The court competent for conclusively dealing with the motion to recuse a judge is to decide on the matter also in those cases in which such a motion is not appropriate, but in which the judge notifies the court that a relationship exists that might justify his recusal, or in which other reasons give rise to concerns that the judge might be disqualified by law.

### Section 49
### Records clerks

The stipulations of the present Title shall apply mutatis mutandis also to the records clerk of the court registry; the decision shall be handed down by the court at which that records clerk is employed.

### Chapter 2
### Parties

### Title 1
### Capacity to be a party to court proceedings; capacity to sue and be sued

### Section 50
### Capacity to be a party to court proceedings

(1) Any person having legal capacity shall also have the capacity of being a party to court proceedings.
(2) An association having no legal capacity may sue and be sued; in a legal dispute, the association shall have the same position as an association having legal capacity.

### Section 51
### Capacity to sue and be sued; legal representation; pursuit of court proceedings

(1) Unless stipulated otherwise by the subsections hereinbelow, the ability of a party to appear before a court, the representation of parties having no capacity to sue or be sued by other persons (legal representatives), and the need for a special authorisation for the pursuit of court proceedings are determined pursuant to the stipulations of civil law.
(2) Any fault of a legal representative shall be equivalent to the fault of the party.
(3) If a party having no capacity to sue or be sued, who is an individual of full legal age, has validly authorised another individual, in writing, to represent him before the court, the person so authorised shall be equivalent to a legal representative wherever the authorisation is suited to cancel the need for custodianship in accordance with section 1896 (2), second sentence, of the Civil Code (Bürgerliches Gesetzbuch, BGB).

### Section 52
### Scope of the capacity to sue and be sued

(1) A person shall have the capacity to sue and be sued insofar as he can be obligated by agreements.

### Section 53
### Legal disability in case of custodianship or curatorship

Hunton App. 0643

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

Where a person having the capacity to sue or be sued is represented by a custodian or curator, that person shall have the equivalent position in the legal dispute as a person who is under legal disability.

### Section 53a
### (repealed)

### Section 54
### Special authorisation to take actions in the proceedings

Individual actions to be taken in the proceedings, for which special authorisation is required under the stipulations of civil law, shall be valid also without such authorisation if the authorisation was granted for the pursuit of the proceedings in general, or if the pursuit of such proceedings is an available remedy also without such general authorisation.

### Section 55
### Foreigners' capacity to sue and be sued

A foreigner who, according to the laws of his country, lacks the capacity to sue and be sued, shall be deemed to have such capacity if, pursuant to the laws to which the court hearing the case is subject, he is entitled to such capacity to sue and be sued.

### Section 56
### Review ex officio

(1) The court is to take account ex officio of any lack in terms of the capacity to be a party to court proceedings, of the capacity to sue and be sued, of the legitimisation of a legal representative, and of the required authorisation to pursue legal proceedings.
(2) If any delay would entail imminent danger for a party, that party or its legal representative may be admitted to pursue legal proceedings, with the proviso that the lack identified must be remedied. The final judgment may be delivered only after the period determined for the remediation of the lack has expired.

### Section 57
### Curator ad litem

(1) If any delay would entail imminent danger where a party under legal disability is to be sued who has no legal representative, the presiding judge of the court hearing the case is to appoint a special representative for that party, upon a corresponding petition being filed, until the legal representative enters the proceedings.
(2) The presiding judge may appoint such a representative also if, in the cases set out under section 20 hereinabove, a person having no capacity to conduct proceedings is to be sued at the court of his place of abode.

### Section 58
### Curator ad litem for ownerless real estate or unclaimed ships

(1) Should a right to a plot of real estate that has been given up by its previous owner pursuant to section 928 of the Civil Code (Bürgerliches Gesetzbuch, BGB), and that has not yet been acquired by the party entitled to appropriate it, be asserted by filing a corresponding court action, the presiding judge of the court hearing the case is to appoint a representative, upon a corresponding petition being filed, who shall be responsible for exercising the rights and fulfilling the obligations in the legal dispute that result from the ownership of the plot of real estate until a new owner has been entered in the land register.
(2) Subsection (1) shall apply mutatis mutandis wherever, by filing a corresponding court action, a right is to be asserted to a registered ship or a ship under construction that was given up by its previous owner pursuant to section 7 of the Act Governing Rights in Registered Ships and Ships under Construction (Gesetz über Rechte an eingetragenen Schiffen und Schiffsbauwerken) dated 15 November 1940 (Law Gazette of the Reich (Reichsgesetzblatt, RGBl.) I page 1499), and that has not yet been acquired by the party entitled to appropriate it.

Hunton App. 0644

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Title 2
### Joinder of parties

### Section 59
### Joinder of parties in communities of interest with regard to the disputed right, or where the cause is identical

A plurality of persons may jointly sue or be sued as joined parties if they form a community of interest with regard to the disputed right, or if they are entitled or obligated for the same factual and legal cause.

### Section 60
### Joinder of parties in the event of similar claims

A plurality of persons may also jointly sue or be sued as joined parties if similar claims or obligations form the subject matter in dispute and such claims are based on an essentially similar factual and legal cause.

### Section 61
### Effect of a joinder of parties

Unless stipulated otherwise by civil law or the present Code, joined parties shall deal with their opponent as individuals in such a form that the actions of one of the joined parties will neither benefit the other joined party nor place it at a disadvantage.

### Section 62
### Necessary joinder of parties

(1) Where the legal relationship at issue can be established vis-à-vis all joined parties only uniformly, or where the joinder of parties is a necessity for other reasons, those of the joined parties who have failed to comply with procedural rules shall be deemed to have been represented by those who did not so fail.

(2) The joined parties who have failed to comply with procedural rules shall continue to be involved also in the later proceedings.

### Section 63
### Pursuit of the proceedings; summonses

Each of the joined parties is entitled to the right to pursue the proceedings; the entirety of all joined parties is to be summoned to the hearings.

### Title 3
### Involvement of third parties in the legal dispute

### Section 64
### Third-party intervention through an action against the two parties to a pending lawsuit

Anyone asserting a claim to the object or the right regarding which a legal dispute is pending between other persons, either as a whole or in part, shall be entitled, until a final and binding judgment has been handed down on that dispute, to assert his claim by filing a complaint against both of the parties with the court before which the legal dispute became pending in the proceedings in the first instance.

### Section 65
### Suspension of the main proceedings

Upon corresponding application being made by a party, the main proceedings may be suspended until a final and binding judgment has been handed down regarding the third-party intervention through an action brought against the two parties to a pending lawsuit.

App. 2250

Hunton App. 0645

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 66
### Third-party intervention in support of a party to the dispute

(1) Anyone who has a legitimate interest in one party prevailing over the other in a legal dispute pending between other parties may intervene in the proceedings in support of that party.

(2) The third-party intervention in support of a party to the dispute may be made at any stage of the legal dispute until a final and binding judgment is handed down, and may also be effected in conjunction with an appellate remedy.

### Section 67
### Legal position of the third party intervening in support of a party to the dispute

The third party intervening in support of a party to the dispute must enter into the legal dispute in whatever situation the dispute may be in at the time the third party is acceding to it; the third party is entitled to assert means of challenge or defence and to effectively take all actions in the proceedings such that they are valid, provided that its declarations and actions are not in opposition to the declarations made and actions taken by the primary party.

### Section 68
### Effect of the third-party intervention in support of a party to the dispute

The third party intervening in support of a party to the dispute will not be heard, in its relationship to the primary party, where it alleges that the legal dispute as brought before the judge has been ruled on incorrectly; an allegation by the third party intervening in support of a party to the dispute, to the effect that the primary party had pursued the proceedings inadequately, will be heard only insofar as the status of the legal dispute as given at the time of the third party's accession, or declarations made and actions taken by the primary party, prevented it from lodging means of challenge or defence, or insofar as means of challenge or defence of which the intervening third party was unaware were not lodged by the primary party, either intentionally or through its grossly negligent fault.

### Section 69
### Third-party intervention in support of a party to the dispute as a joinder of parties

Insofar as, pursuant to the stipulations of civil law, the legal validity of the decision delivered in the main proceedings has an effect on the legal relationship existing between the third party intervening in support of a party to the dispute and the opponent, the intervening third party shall be deemed to be the joined party of the primary party in the sense as defined by section 61.

### Section 70
### Accession by the third party intervening in support of a party to the dispute

(1) Should a third party intervene in support of a party to the dispute, it shall accede to the proceedings by submitting a written pleading with the court hearing the case and, where this pleading is joined to the lodgment of an appellate remedy, by submitting a written pleading to the court of appeal. The written pleading is to be served on both parties and must include:

    1.    The designation of the parties and of the legal dispute;

    2.    Exact information regarding the interest of the third party in intervening in support of a party to the dispute;

    3.    The declaration of accession.

(2) Moreover, the general regulations concerning preparatory written pleadings apply.

### Section 71
### Interlocutory proceedings regarding the third-party intervention in support of a party to the dispute

(1) The decision regarding the petition filed with the court to deny leave to a third party to intervene in support of a party to the dispute shall be handed down following a hearing at

Hunton App. 0646

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

which oral argument of the parties and the intervening third party has been heard. The intervening third party shall be admitted to accede to the proceedings provided it has demonstrated its interest in so doing to the satisfaction of the court.

(2) A complaint subject to a time limit may be brought against the interlocutory judgment.

(3) For as long as the intervention has not been ruled inadmissible in a final and binding judgment, the intervening party will be involved in the main proceedings.

### Section 72
### Admissibility of third-party notice

(1) Any party believing that it will be able to assert a warranty claim or a claim to indemnification against a third party should the legal dispute's outcome not be in its favour, or any party concerned that such a claim may be brought against it by a third party, may file third-party notice to that third party with the court until a final and binding judgment has been handed down in the legal dispute.

(2) The court and any court-appointed expert shall not be third parties in the sense of the present rule. Section 73 second sentence shall not be applied.

(3) The third party is entitled to in turn file third-party notice.

### Section 73
### Form of filing third-party notice

In order to file third-party notice, the party so filing it is to submit a written pleading in which the reasons for filing such third-party notice and the status of the legal dispute are to be set out. The written pleading is to be served on the third party, and a copy of same is to be communicated to the opponent of the party filing the third-party notice. The third-party notice shall become valid only upon its having been served on the third party.

### Section 74
### Effects of the third-party notice

(1) Where the third party accedes to the party filing third-party notice, its relationship to the parties shall be determined in accordance with the principles applying to the third-party intervention in support of a party to the dispute.

(2) If the third party refuses to accede to the proceedings, or if it fails to react in substance, the legal dispute will be continued without its interests being taken into consideration.

(3) In all cases provided for by this section, the stipulations of section 68 are to be applied against the third party, with the rule being departed from insofar as, instead of the time at which the third party accedes to the proceedings, that point in time is relevant at which the accession was made possible by the third-party notice.

### Section 75
### Interpleader sought by the defendant

Where a debtor who has been sued serves third-party notice upon a third party, asserting that he is entitled to the claim brought, and where the third party accedes to the dispute, the defendant is to be released from the legal dispute, upon his filing the corresponding petition, provided that he has lodged the amount of the claim to the benefit of the creditors who are in dispute, and has waived the right to take this amount back; the defendant is to be sentenced to pay the costs arising as a consequence of any unfounded objection, and litigation as to entitlement to the claim is to be continued among the disputing creditors alone. The prevailing creditor shall be awarded the amount lodged, and the creditor who has not been able to enforce his claim in the dispute shall be sentenced to reimbursing the original defendant for the costs that were not caused by his unfounded objection, including the lodgment costs of the amount in dispute.

### Section 76
### Laudatio auctoris in cases involving possession

Page 15 of 275

App. 2252

Hunton App. 0647

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) Anyone who has been sued as the possessor of an object that he alleges to possess based on a legal relationship of the kind designated in section 868 of the Civil Code (Bürgerliches Gesetzbuch, BGB) may petition that the constructive possessor be summoned to allow him to react in substance; he must do so prior to the hearing on the merits of the case by submitting a written pleading naming the constructive possessor, and by submitting a third-party notice. Until such reaction in substance, or until the closure of the hearing at which the identified party is to so react in substance, the defendant may refuse to allow the matter to be heard on its merits.

(2) Should the party so identified dispute the allegation made by the defendant, or should it fail to react in substance, the defendant shall be entitled to comply with the demand for relief as brought.

(3) Where the identified party acknowledges that the allegation made by the defendant is correct, the identified party shall be entitled to assume the proceedings in the stead of the defendant and with the defendant's consent. Any consent by the plaintiff shall be required only insofar as he is bringing claims independently of the fact that the defendant is a possessor based on a legal relationship of the kind designated in subsection (1).

(4) Should the party identified have assumed the proceedings, the defendant is to be released from the complaint upon his filing the corresponding petition. The decision handed down by the court is also valid and enforceable against the defendant where the subject matter as such is concerned.

### Section 77
### Laudatio auctoris in cases involving impaired ownership

If the owner of an object has filed suit due to an impairment of his ownership, or if the party entitled to a right in such an object has filed suit due to an impairment of its right, and has made the demand that the impairment cease or that further impairments be desisted from, the stipulations of section 76 shall apply mutatis mutandis where the defendant alleges that he has caused the impairment by way of exercising the right of a third party.

### Title 4
### Attorneys of record and counsel

### Section 78
### Proceedings in which the parties must be represented by counsel

(1) The parties to disputes before the regional courts (Landgerichte, LG) and the higher regional courts (Oberlandesgerichte, OLG) must be represented by an attorney. Where, based on section 8 of the Introductory Law of the Courts Constitution Act (Einführungsgesetz zum Gerichtsverfassungsgesetz), a Land has established a supreme court for its territory, the parties to a dispute must likewise be represented by an attorney before this court as well. In proceedings before the Federal Court of Justice (Bundesgerichtshof, BGH), the parties to the dispute must be represented by an attorney admitted to practice before said court.

(2) Public authorities and legal persons under public law, including the co-operation groupings they may form by way of fulfilling their tasks as governed by public law, may have themselves represented by their own employees who are qualified to hold judicial office, or by employees who are qualified to hold judicial office and who are working with other public authorities or legal persons under public law, including the co-operation groupings they may form by way of fulfilling their tasks as governed by public law.

(3) These rules are not to be applied to proceedings before a judge correspondingly delegated or requested, nor are they to be applied to actions in the proceedings that may be taken before the records clerk of the court registry.

(4) Any attorney authorised to represent parties before the courts in accordance with the stipulations of subsections (1) and (2) may represent himself.

### Section 78a
### (repealed)

App. 2253

Hunton App. 0648

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 78b
### Attorney appointed by the court in keeping with statutory requirements

(1) Insofar as representation by an attorney is mandated and a party is unable to find an attorney prepared to represent it, the court hearing the case of the party may, by order, assign an attorney as counsel to that party, upon its having filed the corresponding petition, who is admitted to practice before the court of that level of jurisdiction, and who is to exercise that party's rights, provided that the action brought by the party or the defence against an action brought by others does not seem frivolous or without any prospects of success.
(2) A complaint subject to a time limit may be lodged against the order by which the assignment of an attorney is refused.

### Section 78c
### Selection of the attorney

(1) The attorney to be assigned as counsel pursuant to section 78b will be selected by the presiding judge of the court from among the attorneys established in the judicial district of the court hearing the case.
(2) The attorney assigned as counsel may make his acceptance dependent on the party paying an advance, the amount of which is to be computed in accordance with the Act on the Remuneration of Attorneys (Rechtsanwaltsvergütungsgesetz, RVG).
(3) A complaint subject to a time limit may be filed by the party, and likewise by the attorney, against a ruling handed down pursuant to subsection (1). The attorney shall also be entitled to file a complaint subject to a time limit if the presiding judge of the court refuses to comply with the petition that the attorney's assignment as counsel to the party be cancelled (section 48 (2) of the Bundesrechtsanwaltsordnung (BRAO, Federal Act on the Profession of Attorneys)).

### Section 79
### Proceedings the parties may pursue without being represented by counsel

(1) To the extent representation by attorneys is not mandated, the parties to the dispute may pursue the legal dispute themselves. Parties asserting a third-party monetary claim, or a monetary claim assigned to them for the purpose of collecting the claim on another's account, must be represented by counsel as attorneys-in-fact unless they are authorised, pursuant to the stipulations of subsection (2), to represent the creditor, or unless they are collecting a claim of which they were the original creditor.
(2) The parties may have themselves represented by counsel as attorneys-in-fact. Above and beyond this, the following are authorised to represent parties as attorneys-in-fact:

1.      Employees of the party or of a company affiliated with it (section 15 of the Stock Corporation Act (Aktiengesetz, AktG)); public authorities and legal persons under public law, including the co-operation groupings they may form by way of fulfilling their tasks as governed by public law, may also have themselves represented by employees of other public authorities or legal persons under public law, including the co-operation groupings they may form by way of fulfilling their tasks as governed by public law;

2.      Family members of full legal age (section 15 of the Fiscal Code (Abgabenordnung, AO), section 11 of the Act on Civil Unions (Lebenspartnerschaftsgesetz, LPartG)), persons who are qualified to hold judicial office and joined parties, provided that the representation is not connected to any activities performed against payment;

3.      Consumer centres and other publicly subsidised consumer associations, where they are collecting claims of consumers in the context of their scope of responsibilities;

4.      Persons providing collection services (registered persons pursuant to section 10 (1), first sentence, number 1 of the Legal Services Act (Rechtsdienstleistungsgesetz, RDG)) in summary proceedings for a payment order until

Hunton App. 0649

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

the matter is transferred to the court hearing the dispute, in the case of petitions for a declaration of enforceability in compulsory enforcement proceedings against movable property for monetary claims, including proceedings for the administration of a statutory declaration in lieu of an oath and for an application for the issuance of an arrest warrant, in each case to the exception of procedural actions that initiate legal proceedings determining whether or not a claim is justified, or actions that are to be taken within such legal proceedings.

Attorneys-in-fact who are not individuals will act through their governing bodies and the representatives charged with representing them in the proceedings.

(3) The court will refuse to accept attorneys-in-fact who do not have the power of representation as stipulated by subsection (2); the corresponding order is incontestable. Actions taken in the proceedings by an attorney-in-fact who does not have the power of representation, as well as the service of documents on this attorney-in-fact, or notice given to him, will be valid until the date on which the court refuses to accept him. The court may prohibit the attorneys-in-fact designated in subsection (2), second sentence, numbers 1 to 3, by incontestable order, from continuing to represent the party should they be unable to appropriately depict the circumstances and facts as well as the relationship of the parties to the dispute.

(4) Judges may not appear as attorneys-in-fact before a court of which they are a member. Honorary lay judges may not appear before a formation of the court of which they are a member, to the exception of the cases provided for by subsection (2), second sentence, number 1. Subsection (3) sentences 1 and 2 shall apply mutatis mutandis.

### Section 80
### Power of attorney for proceedings

The power of attorney is to be submitted in writing for the files of the court. It may be submitted retroactively; the court may determine a time limit in this regard.

### Section 81
### Scope of the power of attorney for proceedings

The power of attorney for proceedings authorises the bearer to take all actions concerning the legal dispute in the proceedings, including those that are occasioned by countercharges being brought, by proceedings being reopened, by an objection being lodged pursuant to section 321a, and by compulsory enforcement; it further authorises the bearer to appoint a representative as well as an attorney-in-fact for the courts of higher instance; to bring the legal dispute to a close by settlement, to waive the subject matter of the litigation, or to recognise the claim being enforced by the opponent; to take possession of the cost reimbursement made by the opponent or the Treasury.

### Section 82
### Power of attorney valid for collateral proceedings outside of the actual litigation

The power of attorney for the main proceedings comprises the power of attorney for proceedings in which a third-party intervention is pursued by bringing an action against the two parties to a pending lawsuit, as well as for proceedings concerning a seizure or an injunction.

### Section 83
### Limitation of the power of attorney for proceedings

(1) Any limitation of the statutory scope of the power of attorney will have legal effect vis-à-vis the opponent only insofar as this limitation concerns the termination of the legal dispute by settlement, a waiver of the subject matter of the litigation, or the opponent's recognition of the claim being enforced.

(2) To the extent representation by attorneys is not mandated, a power of attorney may be issued for individual actions to be taken in the proceedings.

App. 2255

Hunton App. 0650

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 84
### Plurality of attorneys of record

Where several attorneys of record have been authorised, they shall have the right to represent the party both jointly and individually. Any stipulation in the power of attorney in derogation herefrom will not have any legal effect vis-à-vis the opponent.

### Section 85
### Effect of the power of attorney for proceedings

(1) The procedural actions taken by the party's attorney of record shall bind the party in the same manner as if the party itself had taken these actions. This applies to admissions and any other declarations as to fact insofar as they are not immediately recanted or corrected by the party appearing at the hearing along with his representatives.

(2) Any fault of the attorney of record shall be equivalent to a fault of the party.

**Footnote**

Section 85 (2): Depending on the operative part of the judgment, this complies with the German Constitution (Grundgesetz, GG), pursuant to the ruling of 20 April 1982 I 1169 – 2 BvL 26/81 – handed down by the Federal Constitutional Court and published in Entscheidungen des Bundesverfassungsgerichts (BVerfGE).

### Section 86
### Continuation in force of the power of attorney for proceedings

The power of attorney will be cancelled neither by the death of the grantor of the power of attorney, nor by any change in his capacity to sue and be sued or in his legal representation; however, the attorney-in-fact is to submit to the court the power of attorney granted to him by the successor should he appear in the legal dispute on the successor's behalf after the suspension of the legal dispute has ceased.

### Section 87
### Expiry of the power of attorney

(1) The termination of an agreement governing a power of attorney will take legal effect vis-à-vis the opponent only upon notification being made that the power of attorney has expired; in proceedings in which the parties must be represented by counsel, it will so take effect only upon notification as to another attorney having been appointed.

(2) A termination by the attorney-in-fact himself will not prevent him from acting on behalf of the grantor of the power of attorney until the latter has otherwise ensured the protection of its interests under law.

### Section 88
### Lack of power of attorney

(1) Where a power of attorney is lacking, the opponent may file an objection, regardless of the status of the legal dispute.

(2) The court is to take account of the lack of power of attorney ex officio, unless an attorney is acting as the attorney-in-fact.

### Section 89
### Representative without a power of attorney

(1) Where a person acts on behalf of a party as a negotiorum gestor (person acting on behalf of another without having been granted express authority to do so), or as an attorney-in-fact, without submitting a power of attorney to the court, he may be admitted to the litigation on a preliminary basis against or without provision of security for costs and damages. The final judgment may be delivered only after the period for submitting the approval has expired. Should the approval not have been submitted by the time the final judgment is delivered, the person admitted to the litigation on a preliminary basis is to be sentenced to compensating the opponent for the costs he has had to incur as a result of the former's admission to the litigation; moreover, he is to compensate the opponent for the damages the latter has suffered as a result of such admission.

App. 2256

Hunton App. 0651

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) The party must allow the case against it to be conducted in this manner if it has granted the power of attorney only orally, or if it has expressly or tacitly approved the litigation.

### Section 90
### Advisers

(1) The parties to the dispute may appear at the hearing in the company of advisers. Anyone may be an adviser who is authorised to represent a party as an attorney-in-fact in a hearing in proceedings in which the party may pursue the legal dispute itself. The court may admit other persons as advisers provided this serves the purpose intended, and provided the circumstances of the individual case indicate that a corresponding need exists. Section 79 (3) sentences 1 and 3 and (4) shall apply mutatis mutandis.

(2) The statements made by advisers shall be deemed to be submissions by the party unless the latter immediately recants or corrects such statements.

### Title 5
### Costs of the proceedings

### Section 91
### Principle of the obligation to bear costs; scope of this obligation

(1) The party that has not prevailed in the dispute is to bear the costs of the legal dispute, in particular any costs incurred by the opponent, to the extent these costs were required in order to bring an appropriate action or to appropriately defend against an action brought by others. The compensation of costs also comprises compensation of the opponent for any necessary travel or for time the opponent has lost by having been required to make an appearance at hearings; the rules governing the compensation of witnesses shall apply mutatis mutandis.

(2) In all proceedings, the statutory fees and expenditures of the attorney of the prevailing party are to be compensated. However, the travel expenses of an attorney who has not established himself in the judicial district of the court hearing the case, and who does not reside at the location of the court hearing the case, shall be compensated only insofar as it was necessary to involve him in order to bring an appropriate action, or to appropriately defend against an action brought by others. The costs of retaining several attorneys shall be compensated only insofar as they do not exceed the costs of a single attorney, or insofar as personal reasons required an attorney to be replaced by another. Where an attorney represents himself, he shall be reimbursed for those fees and expenditures that he could demand as fees and expenditures had he been granted power of attorney to represent another party.

(3) The costs of the legal dispute in the sense as defined by subsections (1) and (2) also include the fees arising as a result of conciliation proceedings before a dispute-resolution entity established or recognised by a Land department of justice (Landesjustizverwaltung); this shall not apply if a period longer than one year has lapsed between the date on which the conciliation proceedings ended and the date on which proceedings were brought in the courts.

(4) The costs of the legal dispute in the sense of subsection (1) also include costs that the prevailing party has paid to the party that has not prevailed in the course of the legal dispute.

### Section 91a
### Costs where the main action has been dealt with and terminated

(1) Where the parties to the dispute declare the matter terminated in the hearing, or make such declaration in a written pleading, or by recording it with the registry for the files of the court, the court shall issue, at its equitably exercised discretion, an order on the costs, taking account of the circumstances and facts as well as the status of the dispute thus far. The same shall apply if the defendant fails to oppose, within a statutory period of two (2) weeks from service of the written pleading, the plaintiff's declaration as to the matter having been

App. 2257

Hunton App. 0652

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

dealt with and terminated, provided that this consequence was indicated to the defendant previously.

(2) A complaint subject to a time limit may be lodged against the decision. This shall not apply where the value of the claim in the main action is equal to or lower than the amount specified in section 511. The court is to hear the opponent prior to handing down its decision on the complaint.

## Section 92
### Costs in the event a party prevails in part

(1) Where each of the parties has prevailed for a part of its claim, but has not been able to enforce another part of its claim in the dispute, the costs are to be cancelled against each other, or they are to be shared proportionately. If the costs have been cancelled against each other, the parties shall bear the court costs at one half each.

(2) The court may impose the entire costs of the proceedings on one of the parties if:

1.    The amount the other party claimed in excess was relatively small, or has resulted in only slightly higher costs, or

2.    The amount of the claim brought by the other party depended on the judges determining it at their discretion, on the assessment by experts, or on the parties settling their reciprocal claims.

## Section 93
### Costs in the event an immediate acknowledgment is made

Where the defendant has not given cause for an action to be brought, the plaintiff shall bear the costs of the proceedings should the defendant immediately acknowledge the claim.

## Section 93a
### (repealed)

## Section 93b
### Costs of actions brought for the vacation of premises

(1) Where a court finds for the party filing a complaint for the vacation of residential premises, taking account of the fact that due to the legitimate interests of the plaintiff, the defendant's demand to continue the tenancy relationship is not justified in light of the stipulations of sections 574 to 574b of the Civil Code (Bürgerliches Gesetzbuch, BGB), the court may impose on the plaintiff the costs in their entirety or in part should the defendant have demanded the continuation of the tenancy relationship and provided reasons for doing so, and where the plaintiff prevails for reasons that have arisen only subsequently (section 574 (3) of the Civil Code (BGB)). This shall apply mutatis mutandis to any legal dispute for continuation of the tenancy relationship where the complaint is dismissed.

(2) If a complaint brought for the vacation of residential premises is dismissed and the ruling determines that, in keeping with the defendant's demand, the tenancy relationship is to continue in light of the stipulations of sections 574 to 574b of the Civil Code (Bürgerliches Gesetzbuch, BGB), the court may impose on the defendant the costs in their entirety or in part should the defendant have failed to immediately comply with the plaintiff's demand to provide the reasons for his opposition. This shall apply mutatis mutandis to any legal dispute for continuation of the tenancy relationship where the court finds for the party filing the complaint.

(3) In the event the defendant immediately acknowledges the claim to vacation of the residential premises, but a period is granted within which he may so vacate them, the court may impose on the plaintiff the costs in their entirety or in part if the defendant had already requested of the plaintiff, prior to the complaint being brought, that the tenancy relationship continue, or that a period for clearing the premises that is reasonable under the circumstances be granted, without this request having met with success.

App. 2258

Hunton App. 0653

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 93c
### (repealed)

### Section 93d
### (repealed)

### Section 94
### Costs where claims have devolved upon others
In cases in which the plaintiff asserts and files a claim that has devolved upon him, without having informed the defendant of such devolution prior to bringing the proceedings in the courts, he shall bear the costs of the proceedings insofar as they have arisen because the defendant had cause to dispute the claim as the plaintiff had failed to so give notice of the devolution, or to prove it by supporting documents.

### Section 95
### Costs in the event of failure to comply with procedural rules or of fault
The party that fails to attend a hearing or to meet a deadline shall bear the costs arising therefrom; this shall also apply if the party, through its fault, has caused a hearing to be deferred or a hearing for oral argument to be postponed, or if it has caused a hearing to be arranged at which the hearing for oral argument is to be continued, or a period to be extended.

### Section 96
### Costs of means of challenge or defence that have not met with success
Where the means of challenge or defence brought have not met with success, their costs may be imposed on the party that has availed itself of such means, even in those cases in which it has prevailed on the merits of the case.

### Section 97
### Costs of appellate remedies
(1) The costs of appellate remedies that have been sought without success shall be borne by the party that has lodged the remedy.
(2) The costs of the appellate proceedings shall be imposed on the prevailing party in their entirety or in part if it has prevailed by reason of a new submission that it would have been able to assert and file at a prior level of jurisdiction.
(3) (repealed)

### Section 98
### Costs of settling a matter
The costs of any settlement shall be deemed to have been cancelled against each other unless otherwise agreed by the parties to the dispute. The same shall apply regarding the costs of the legal dispute that has been dealt with and terminated by settlement, unless a final and binding decision has been delivered in their regard.

### Section 99
### Contestation of rulings on the payment of costs
(1) A ruling on the payment of costs may not be admissibly contested unless an appeal is filed against the decision taken on the merits of the case.
(2) If the main action has been dealt with and terminated by a sentence that is based on an acknowledgment, a complaint subject to a time limit may be lodged against the ruling on the payment of costs. This shall not apply where the value of the claim in the main action is not higher than the amount specified in section 511. The opponent is to be heard prior to the decision being taken on the complaint.

### Section 100
### Costs as borne by joined parties

Page 22 of 275

Hunton App. 0654

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) Should the party that has not prevailed before the court consist of a plurality of persons, they shall be liable for the compensation of costs on a per capita basis.
(2) If the joined parties' participation in the legal dispute differs significantly, the court may decide at its discretion to base its ruling on such participation.
(3) Where a joined party has availed itself of a special means of challenge or defence, the remaining joined parties shall not be liable for the costs engendered thereby.
(4) In the event that several defendants are sentenced as joint and several debtors, they shall also be liable for the compensation of costs as joint and several debtors, notwithstanding the rule set out in subsection (3). The stipulations under civil law, according to which this liability extends to the costs designated in subsection (3), shall remain unaffected hereby.

### Section 101
### Costs of a third-party intervention in support of a party to the dispute
(1) The costs entailed by a third-party intervention in support of a party to the dispute are to be imposed on the opponent of the primary party to the extent he is to bear the costs of the legal dispute in accordance with the stipulations of sections 91 to 98; insofar as this is not the case, they are to be imposed on the third party intervening in support of a party to the dispute.
(2) Where the third party intervening in support of a party to the dispute is deemed to be a joined party of the primary party (section 69), the stipulations of section 100 shall govern.

### Section 102
### (repealed)

### Section 103
### Basis for the assessment of costs; petition for the assessment of costs
(1) A claim to reimbursement of the costs of the proceedings may be asserted only based on a legal document (title) suited for compulsory enforcement.
(2) The petition for assessment of the amount to be reimbursed is to be filed with the court of first instance. The computation of the costs, the copy intended for forwarding to the opponent, and the proof serving to justify the individual cost items are to be attached to the petition.

### Section 104
### Procedure for the assessment of costs
(1) The court of first instance is to rule on the petition regarding the assessment of costs. Upon this petition being filed, the court is to rule that, from the date on which the petition regarding the assessment of costs is received, and, in the case provided for by section 105 (3), from the date on which the judgment is pronounced, the costs assessed are to bear interest at five percentage points above the base rate of interest in accordance with section 247 of the Civil Code (Bürgerliches Gesetzbuch, BGB). Where the petition is complied with fully or in part, the decision is to be served ex officio on the opponent of the petitioner, with a copy of the computation of the costs being enclosed. The decision is to be served ex officio on the petitioner only in those cases in which the petition is dismissed as a whole or in part; in all other instances, the decision shall be communicated by simple letter.
(2) In order for a cost item to be considered, it shall suffice for it to have been substantiated. As regards the expenditures an attorney has incurred for postage and telecommunications services, his assurance that such expenditures have been incurred shall be sufficient substantiation. In order for turnover tax amounts to be considered, the petitioner's declaration that he is unable to deduct such amounts as input taxes shall be sufficient substantiation.
(3) A complaint subject to a time limit may be lodged against the decision. The court with which the complaint is lodged may suspend the proceedings until the decision on which the petition for assessment of costs is based has become final and binding.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 105
### Simplified cost-assessment order

(1) The court order assessing the costs may be included in the judgment and the execution copies, provided that no execution of the ruling has yet been issued at the time the petition is filed, and provided that this does not entail any delay for the execution. Should the court order assessing the costs be issued in the form stipulated by section 130b, it is to be recorded in a separate electronic document. The document is to be joined to the judgment such that it cannot be separated.

(2) No separate execution and service of the court order assessing the costs shall be made in the cases provided for by subsection (1). The amount assessed shall be communicated to the parties, with a copy of the computation of costs being attached to the communication made to the petitioner's opponent. The court order assessing the costs shall not be joined to the judgment where the petition regarding the assessment of costs is not complied with, and also where it is not complied with only in part.

(3) No petition regarding the assessment of costs need be filed if the party has submitted the computation of its costs prior to the judgment being pronounced; in such event, the copy of the computation of the costs to be communicated to the opponent is to be prepared ex officio.

### Section 106
### Cost allocation according to quotas

(1) In cases in which the costs of the proceedings are allocated, in their entirety or in part, according to quotas, the court is to demand of the opponent, upon receipt of the petition regarding the assessment of costs, that it submit the computation of its costs to the court within one (1) week. The stipulations of section 105 are not to be applied.

(2) Once the one-week period has expired without success, the decision shall be given without consideration of the opponent's costs, notwithstanding the latter's right to retroactively file a claim to reimbursement. The opponent shall be liable for the additional costs arising as a result of the proceedings for retroactive reimbursement.

### Section 107
### Change based on an assessment of the value of the claim

(1) Should, following the assessment of the costs, a decision be given by the court assessing the value of the subject matter being litigated, the cost assessment is to be changed accordingly insofar as the court's decision deviates from the computation of the value on which the assessment of the costs is based, upon corresponding application being made. The court of first instance shall decide on said application.

(2) The application is to be filed with the court registry within the one-month period. The period shall commence upon service of the order assessing the value of the subject matter being litigated and, where no such service is required, upon its pronouncement.

(3) The stipulations of section 104 (3) are to be applied.

### Title 6
### Provision of security

### Section 108
### Nature and amount of the security

(1) In those cases in which security is to be provided in the proceedings, the court may at its sole discretion determine the nature of such security and the amount in which it is to be provided. Unless the court has made provisions in this regard, and unless the parties to the dispute have not agreed otherwise, the security is to be provided in the form of an irrevocable and unconditional guaranty of unlimited term, issued in writing, by a financial institution authorised to pursue its business in Germany, or by lodging cash or such securities that are suited to serve as security pursuant to section 234 (1) and 3 of the Civil Code (Bürgerliches Gesetzbuch, BGB).

Hunton App. 0656

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) The stipulations of section 234 (2) and of section 236 of the Civil Code (Bürgerliches Gesetzbuch, BGB) shall apply mutatis mutandis.

### Section 109
### Return of the security

(1) Where the cause for providing security has ceased to exist, the court that has directed that security be provided, or permitted such provision of security, shall determine a period, upon corresponding application being made, within which the party to whose benefit the security was provided is to declare its consent to returning the security, or within which such party is to provide supporting documentary proof that it has brought proceedings in the courts for its claims.

(2) Upon this period expiring, and upon corresponding application being made, the court shall order that the security be returned, unless it is proven in the meantime that the proceedings have been brought in the courts; if the security has been provided as a bond, the court shall order the bond to expire. The order shall become effective only once it has become final and binding.

(3) The applications for the return of the security, and the consent thereto, may be recorded with the registry for the files of the court. The decisions are issued by a court order.

(4) The applicant may file a complaint subject to a time limit against the order by which the application provided for in subsection (1) is rejected, while both parties may file a complaint subject to a time limit against the decision designated in subsection (2).

### Section 110
### Security deposit for the costs of the proceedings

(1) Plaintiffs who do not have their habitual place of abode in a Member State of the European Union or in a signatory state of the Agreement on the European Economic Area shall provide security for the costs of the proceedings should the defendant so demand.

(2) This obligation shall not be given:

    1.    Where, due to international treaties, no such security deposit may be demanded;

    2.    Where the decision as to the defendant's reimbursement of the costs it has incurred in the proceedings would be enforced based on international treaties;

    3.    Where the plaintiff possesses real estate assets, or claims secured in rem, in Germany that suffice to cover the costs of the proceedings;

    4.    Where countercharges are brought;

    5.    Where proceedings have been brought in the courts based on public notice given by a court.

### Section 111
### Retroactive demand for a security deposit for the costs of the proceedings

The defendant may demand a security deposit to be made for the costs of the proceedings if the prerequisites for such an obligation to provide security arise only in the course of the legal dispute, unless a part of the claim brought before the courts is undisputed among the parties and would suffice to cover such costs.

### Section 112
### Amount of the security deposit for the costs of the proceedings

(1) The amount of the security to be provided shall be assessed by the court at its sole discretion.

(2) In so assessing the amount of the security, the costs of the proceedings are to be based on that amount that the defendant will likely have to pay. The costs that will accrue to the defendant if it brings countercharges shall not be taken into account in this context.

App. 2262

Hunton App. 0657

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) Should it become apparent in the course of the legal dispute that the security provided will not suffice, the defendant may demand further security, provided that no part of the claim brought before the courts that would suffice to cover such costs is undisputed among the parties.

### Section 113
### Determination of the deadline by which the security deposits for the costs of the proceedings are to be provided

In issuing the order that the plaintiff is to provide security, the court is to determine a period within which the security is to be provided. Upon the period expiring, and upon a corresponding application being made by the defendant, the action is to be declared as having been withdrawn if the security has not been provided by the date of the decision by the court; in the event oral argument is to be heard regarding appellate remedies sought by the plaintiff, these remedies are to be overruled.

### Title 7
### Assistance with court costs; advance on the costs of litigation

### Section 114
### Prerequisites

(1) Any parties who, due to their personal and economic circumstances, are unable to pay the costs of litigation, or are able to so pay them only in part or only as instalments, will be granted assistance with the court costs upon filing a corresponding application, provided that the action they intend to bring or their defence against an action that has been brought against them has sufficient prospects of success and does not seem frivolous. Wherever the present title is silent, sections 1076 through 1078 shall apply to assistance with court costs in cross-border disputes within the European Union.

(2) The action being brought or the defence against an action is frivolous where a party that has not taken recourse to assistance with the court costs would desist, upon having judiciously assessed all circumstances, from bringing an action or defending against an action in spite of sufficient prospects of succeeding.

### Section 115
### Use of income and assets

(1) The parties are to use their income. The term "income" comprises all earnings in money or in money's worth. The following are to be deducted in determining the parties' income:

1.

> a)   The amounts designated in section 82 (2) of Book XII of the Social Code (Sozialgesetzbuch Teil XII, SGB XII);
>
> b)   For parties earning an income from economic activities, an amount of 50 percent of the maximum standard rate initially assessed or later updated for the single, or single-parent, beneficiary of benefits granted under stage 1 standard support needs pursuant to the annex to section 28 of Book XII of the Social Code (SGB XII);

2.

> a)   For the party and the party's spouse or partner under a civil union, the amount of the maximum standard rate initially assessed or later updated for the single, or single-parent, beneficiary of benefits granted under stage 1 standard support needs pursuant to the annex to section 28 of Book XII of the Social Code (SGB XII), increased in each case by 10 percent;
>
> b)   In the event of further maintenance payments being made based on a statutory obligation to pay such maintenance, for each person entitled to

Page 26 of 275

App. 2263

Hunton App. 0658

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

maintenance, in each case the amount of the maximum standard rate initially assessed or later updated for the person of the corresponding age entitled to benefits granted under standard support needs of stages 3 to 6 pursuant to the annex to section 28 of Book XII of the Social Code (SGB XII), increased in each case by 10 percent;

3.       The costs of residential accommodation and heating costs, insofar as they are not obviously disproportionate to the general life circumstances of the party concerned;

4.       Extra allowances for additional needs pursuant to section 21 of Book II of the Social Code (SGB II) and pursuant to section 30 of Book XII of the Social Code (SGB XII);

5.       With a view to special obligations to which the party is subject, further amounts as appropriate; section 1610a of the Civil Code (Bürgerliches Gesetzbuch, BGB) shall apply mutatis mutandis.

The amounts in force at the time at which assistance with court costs is approved shall govern. The Federal Ministry of Justice publishes, in the Federal Law Gazette (Bundesgesetzblatt, BGBl.), the amounts initially assessed or later updated in accordance with the third sentence hereinabove at number 1 lit. b and with number 2. Where these amounts are not full amounts in euros, they are to be rounded down where they are equal to 0.49 euros and less, and shall be rounded up where they are equal to 0.50 euros and higher. The maintenance allowance amounts stipulated by the third sentence hereinabove at number 2 shall be reduced by the income earned by the person entitled to maintenance. Should an annuity be paid, it is to be deducted instead of the allowance amount wherever reasonable.

(2) Out of that part of the monthly income remaining after deductions ("income to be used"), monthly instalments are to be assessed in the amount of half of the income to be used; such monthly instalments are to be rounded down to a full amount in euros. Where the amount of a monthly instalment is lower than 10 euros, the assessment of monthly instalments is to be desisted from. Where the income to be used is greater than 600 euros, the monthly instalment shall amount to 300 euros plus that part of the income to be used that is in excess of 600 euros. As a maximum, and regardless of the number of court instances in which the proceedings are pursued, a maximum of 48 monthly instalments are to be paid.

(3) The party is to use its assets to the extent this can reasonably be expected of it. Section 90 of Book XII of the Social Code (SGB XII) shall apply mutatis mutandis.

(4) Assistance with court costs will not be approved if it can be foreseen that the party's costs of litigation will not be higher than four (4) monthly rates and will not exceed the partial amounts to be contributed from the party's assets.

### Section 116
### Party by virtue of an office; legal person; organisations having the capacity to be a party

Upon corresponding application being made, assistance with court costs shall be approved for parties:

1.       Who are a party by virtue of their office, if the costs cannot be funded from the available assets administered by that party and it cannot reasonably be expected of the parties economically involved in the subject matter in dispute to contribute to the payment of these costs;

2.       Who are a legal person or an organisation that has the capacity to be a party and that was established in Germany, in another Member State of the European Union, or in any other signatory state of the Agreement on the European Economic Area, and which have their registered seat there, if the costs cannot be funded by that party nor by the parties economically involved in the subject matter in dispute, and if any failure to

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

bring an action or to defend against an action that has been brought would contradict the public interest.

Section 114 subsection (1), first sentence, last clause of the sentence, and subsection (2) are to be applied. Should the costs be funded only in part or in partial amounts, the corresponding amounts are to be paid.

### Section 117
### Application

(1) The application for approval of assistance with court costs is to be submitted to the court hearing the case; it may be recorded with the registry for the files of the court. The application is to summarise the case and is to cite the evidence. The application for approval of assistance with court costs in the event of compulsory enforcement is to be filed with the court having jurisdiction for compulsory enforcement.

(2) With the application, the party is to include a declaration describing his personal and economic circumstances (family circumstances, profession, assets, income and financial obligations), and is to attach the corresponding proof to same. The declaration and the proof may be made accessible to the opponent in the proceedings only upon the party having consented to this being done, unless the opponent is entitled, vis-à-vis the applicant, to be informed of the applicant's earnings and assets pursuant to the stipulations of civil law. Prior to his declaration being forwarded to the opponent, the applicant is to be given the opportunity to state his position. The applicant is to be informed of the fact that the declaration has been forwarded.

(3) In the interests of simplifying and streamlining the procedure, the Federal Ministry of Justice is authorised to introduce forms for the declaration, such forms being subject to approval by the Bundesrat and being made by statutory instrument. Such forms also contain the instructions required pursuant to section 120a (2), fourth sentence.

(4) Insofar as such forms have been introduced for the declaration, the party must use them.

### Section 118
### Approval procedure

(1) The opponent is to be given the opportunity to state his position as to whether or not he believes the pre-requisites for approving assistance with court costs have been met, unless this is deemed inappropriate for special reasons. This position statement may be recorded with the registry for the files of the court. If it is to be expected that the parties will settle, the court may summon the parties to the dispute for a discussion of the matter in person; the court is to record any settlement reached. Any costs incurred by the opponent will not be reimbursed. The expenditures incurred in the course of examining witnesses and experts pursuant to subsection (2), third sentence, shall be borne as court costs by the party on whom the costs of the legal dispute have been imposed.

(2) The court may demand that the applicant substantiate the information he has provided on the facts and circumstances of the case, and specifically may demand that a statutory declaration in lieu of an oath be made. It may order information to be procured from the authorities, and it may in particular order the submission of records and procure information. No witnesses or experts shall be examined, unless it cannot be established by any other means whether or not the action brought by a party, or the defence against an action brought by others against it, holds out sufficient prospects of success and does not seem frivolous; none of the parties shall be placed under oath. Should, within a period set by the court, the applicant fail to substantiate information he has provided regarding his personal and economic circumstances, or should he fail to answer certain questions, or not answer them to the satisfaction of the court, the court shall refuse to approve assistance with court costs in this regard.

(3) The measures set out in subsections (1) and (2) shall be taken by the presiding judge or by a member of the court accordingly delegated by the presiding judge.

Hunton App. 0660

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 119
### Approval

(1) Assistance with court costs shall be approved separately at each level of jurisdiction. Wherever the opponent has filed an appeal, it shall not be reviewed at any higher level of jurisdiction whether the action brought by a party, or the defence against an action brought by others, holds out sufficient prospects of success or seems frivolous.

(2) An approval of assistance with court costs granted for compulsory enforcement against movable property shall comprise all enforcement measures in the judicial district of the court responsible for the enforcement, including the procedure for statutory declarations in lieu of an oath.

### Section 120
### Assessment of payments

(1) In approving assistance with court costs, the court shall assess the monthly instalments and amounts to be paid out of the assets. Should, in light of special obligations being given, the court deduct amounts from the income in accordance with section 115 (1), third sentence, number 5, and should it be reasonable to assume that upon the expiry of four (4) years, these obligations will have ceased either entirely or in part, the court shall concurrently assess the payments also in the amount resulting if the obligations are not taken into account, or only in a reduced scope; moreover, the court shall also determine from which time onwards these latter payments are to be made.

(2) The payments are to be made to the Land cash office (Landeskasse), in proceedings before the Federal Court of Justice (Bundesgerichtshof, BGH), they are to be made to the Federal cash office (Bundeskasse) unless assistance with court costs has been approved at a prior level of jurisdiction.

(3) The court shall order the payments to be provisionally stayed:

    1.     If the payments made by the party will cover the costs foreseeably arising;

    2.     If the party, counsel assigned to it or the Federal cash office or the Land cash office are able to assert the costs against another party involved in the proceedings.

(4) (repealed)

### Section 120a
### Modification of approval

(1) The court is to modify its decision as to the payments to be made if the personal or economic circumstances, based on which assistance with court costs was granted, have undergone a significant change. A change of the authoritative amounts pursuant to section 115 (1), third sentence, number 1 lit. b and number 2 shall be taken into account only upon an application having been filed and only in those cases in which such change results in no monthly instalment needing to be paid. Should the court so demand, the party must disclose at any time whether or not its circumstances have changed. Such change shall not take any effect to the detriment of the party if four (4) years have lapsed since the decision of the court has entered into force or the proceedings have been terminated by other means.

(2) Where the economic circumstances of the party have significantly improved prior to the point in time set out in subsection 1, fourth sentence, or where that party's address changes, it must inform the court of this fact without undue delay. Where the party earns a monthly income on a regular basis, the improvement of the income shall be deemed to be significant only if the difference to the gross income thus far serving as the basis is higher than 100 euro, and that on any other than a non-recurrent basis. The second sentence shall apply mutatis mutandis inasmuch as deductible obligations have ceased to exist. When the party files its application, it is to be instructed regarding the above stipulations and regarding the consequences of a violation using the form introduced pursuant to section 117 (3).

(3) A party's economic circumstances may significantly improve in particular as a result of the party obtaining something by the action brought or the defence against an action brought

Hunton App. 0661

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

against it. The court is to review, after the ruling has become res judicata or after the proceedings have been otherwise terminated, whether or not a modification of the ruling regarding the payments to be made is required in light of what has been obtained by the action brought or defended against. A modification of the decision is ruled out when the party would have been granted assistance with court costs without having to make payments in instalments, had whatever the party obtained by the action brought or by the defence against an action brought against it been paid or provided in due time.

(4) For its declaration regarding the change of its personal or economic circumstances pursuant to subsection (1), third sentence, the party must use the form introduced pursuant to section 117 (3). Section 118 (2) shall apply mutatis mutandis to any review of the personal or economic circumstances.

### Section 121
### Assignment of counsel

(1) Should the due process of law require parties to be represented by attorneys, the party shall be assigned an attorney as counsel who is willing to so represent the party and whom the party has selected.

(2) Should the due process of law not require parties to be represented by attorneys, the party shall be assigned an attorney as counsel who is willing to represent the party and whom the party has selected should such representation by an attorney be deemed necessary in the event the opponent has retained an attorney.

(3) An attorney not practising in the judicial district of the court hearing the case may be assigned to the party only if this does not result in further costs.

(4) If special circumstances so require, the party may be assigned, upon its having filed a corresponding application, an attorney as counsel who is willing to represent the party and whom the party has selected, in order to make an appearance at a hearing serving the taking of evidence before the requested judge or in order to enable communications with the attorney of record representing the party in the proceedings.

(5) Should the party not find an attorney willing to represent it, the presiding judge shall assign an attorney as counsel upon the party having filed the corresponding application.

### Section 122
### Effect of assistance with court costs

(1) Where assistance with court costs is approved, this will have the effect of:

1.    The Federal or Land cash office being able to assert against the party, exclusively in accordance with the provisions made by the court,

    a)   The court costs and the costs of involving the court-appointed enforcement officer, be they in arrears or accruing in the future,

    b)   The claims to which the attorneys assigned as counsel are entitled against the party, and which have devolved upon the cash office;

2.    Releasing the party from the obligation to provide a security deposit for the costs of the proceedings;

3.    Prohibiting the attorneys assigned as counsel from asserting claims to remuneration against the party.

(2) Should assistance with court costs have been approved for the plaintiff, the plaintiff in the appeal, or the appellant, and should it not have been determined that payments are to be made to the Federal or Land cash office, this will result in the opponent being provisionally exempted from the costs designated in subsection (1) number 1 lit. a.

### Section 123
### Reimbursement of costs

App. 2267

Hunton App. 0662

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The approval of assistance with court costs does not affect the obligation to reimburse the opponent for the costs it has incurred.

### Section 124
### Repeal of the approval

(1) The court is to repeal its approval of assistance with court costs if:

    1.    The party has misrepresented the prerequisites, based on which an approval of assistance with court costs is granted, by falsely summarising the case;

    2.    The party has intentionally or grossly negligently made false statements as to its personal or economic circumstances, or has failed to make the disclosure set out in section 120a (1), third sentence, or has not done so to the satisfaction of the court;

    3.    The party's personal or economic circumstances did not meet the prerequisites for assistance with court costs; in this case, repealing the approval shall be ruled out if four (4) years have lapsed since the decision of the court has entered into force or the proceedings have been terminated by other means;

    4.    The party has intentionally or grossly negligently failed to inform the court, contrary to the stipulations of Section 120a (2), first through third sentences, of any significant improvements of its income, assets and financial circumstances, or of a change of address, or has provided incorrect information in this regard;

    5.    The party has been in arrears for longer than three (3) months with the payment of a monthly instalment or with the payment of any other amount.

(2) The court may reverse its approval of assistance with court costs should the taking of evidence applied for by the party not hold out sufficient prospects of success in light of circumstances which were impossible to take into account at the time the assistance with court costs was approved, or if the offer to submit evidence seems frivolous.

### Section 125
### Collection of costs

(1) The court costs and the costs of involving the court-appointed enforcement officer may be collected from the opponent only once the decision by which the costs of the proceedings have been imposed on the said opponent has entered into force.
(2) The court costs, from the payment of which the opponent is provisionally exempt, are to be collected from the opponent once the decision, by which the costs of the proceedings have been imposed on the opponent, has entered into force or once the legal dispute has been terminated without any ruling having been handed down as to the costs.

### Section 126
### Recovery of attorneys' fees

(1) The attorneys assigned to the party are entitled to recover, in their own name, their fees and expenditures from the opponent on whom the costs of the proceedings have been imposed by a corresponding ruling.
(2) An objection based on the person of the party is not admissible. The opponent may set off, from any amounts it is to pay, the costs that are to be reimbursed by the party according to the decision as to the costs that is handed down in the same legal dispute.

### Section 127
### Decisions

(1) Decisions in the proceedings as to assistance with court costs shall be given without a hearing. The court of first instance is the competent court in this regard; should the proceedings be pending at a higher level of jurisdiction, the court of that instance is the competent court. Insofar as the reasons for the decision include statements as to the party's

Hunton App. 0663

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

personal and economic circumstances, they may be made accessible to the opponent only with the consent of the party.

(2) The approval of assistance with court costs may be contested solely subject to the provisions made in subsection (3). In all other regards, a complaint subject to a time limit may be filed; this shall not apply wherever the value of the claim in the main action is not in excess of the amount set out in section 511, unless the court has negated exclusively the personal or economic prerequisites for assistance with court costs. The statutory period shall be one (1) month.

(3) The Treasury (Staatskasse) may file a complaint subject to a time limit by way of contesting the approval of assistance with court costs should neither any monthly instalments nor any amounts to be paid from the party's assets have been assessed. Such contestation may only be based on the fact that the party is to make payments based on its personal and economic circumstances. The statutory period shall be one (1) month and shall begin running upon the court order having been issued. Following the expiry of three (3) months from the pronouncement of the decision, such appeal will no longer be an available remedy. Should the decision not be pronounced, the time at which the signed decision is submitted to the court registry shall take the stead of the pronouncement. The Treasury will not be informed ex officio of the decision.

(4) The costs of the complaint procedure will not be reimbursed.

### Section 127a
### (repealed)

### Chapter 3
### Proceedings

### Title 1
### Hearing for oral argument

### Section 128
### Principle of oral argument; proceedings conducted in writing

(1) The parties shall submit their arguments regarding the legal dispute to the court of decision orally.

(2) The court may give a decision without hearing oral argument provided that the parties have consented thereto; such consent may be revoked only in the event of a material change to the litigation circumstances. The court shall determine, at its earliest convenience, the deadline for written pleadings to be submitted, and shall determine the date of the hearing on which the decision is to be pronounced. A decision given without a hearing for oral argument is inadmissible should more than three (3) months have lapsed since the parties granted their consent.

(3) Should nothing but the costs remain to be ruled on, the decision may be given without a hearing for oral argument being held.

(4) Unless determined otherwise, decisions of the court that are not judgments may be given without a hearing for oral argument being held.

### Section 128a
### Hearing for oral argument using image and sound transmission

(1) The court may permit the parties, their attorneys-in-fact ,and advisers, upon their filing a corresponding application or ex officio, to stay at another location in the course of a hearing for oral argument, and to take actions in the proceedings from there. In this event, the images and sound of the hearing shall be broadcast in real time to this location and to the courtroom.

(2) The court may permit a witness, an expert, or a party to the dispute, upon a corresponding application having been filed, to stay at another location in the course of an examination. The images and sound of the examination shall be broadcast in real time to this location and to the courtroom. Should permission have been granted, pursuant to

App. 2269

Hunton App. 0664

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

subsection (1), first sentence, for parties, attorneys-in-fact and advisers to stay at a different location, the images and sound of the examination shall be broadcast also to that location.
(3) The broadcast images and sound will not be recorded. Decisions given pursuant to subsection (1), first sentence, and subsection (2), first sentence, are incontestable.

### Section 129
### Preparatory written pleadings

(1) In proceedings in which the parties must be represented by counsel, the hearing for oral argument will be prepared by written pleadings.
(2) In other proceedings, an order given by a judge may direct the parties to prepare the hearing for oral argument by written pleadings, or to record their corresponding declarations with the registry for the files of the court.

### Section 129a
### Petitions and declarations filed for the record

(1) Petitions and declarations that may permissibly be filed or made before the records clerk of the court registry may be so filed or made for the record with the court registry of any local court (Amtsgericht).
(2) The court registry is to transmit the record without undue delay to the court that is the addressee of the petition or declaration. A procedural action shall become effective at the earliest when the record is received by that court. Provided that the person so filing the petition or making the declaration for the record has consented, he may be charged with transmitting the record to the court.

### Section 130
### Content of the written pleadings

The preparatory written pleadings should provide:

1.      The designation of the parties and their legal representatives by name, status or business, place of residence and position as a party; the designation of the court and of the subject matter of the litigation; the number of annexes;

2.      The petitions that the party intends to file with the court at the session;

3.      Information on the factual circumstances serving as grounds for the petitions;

4.      The declarations regarding the facts alleged by the opponent;

5.      The designation of the evidence that the party intends to submit as proof of any facts alleged, or by way of rebutting allegations, as well as a declaration regarding the evidence designated by the opponent;

6.      The signature of the person responsible for the written pleading; if it is transmitted by telefax (telecopier), the signature shall be shown in the copy.

### Section 130a
### Electronic document

(1) Where the written form is required for preparatory written pleadings and their annexes, for petitions of and declarations by the parties as well as for information, testimonies, reports, and declarations by third parties, recording them as electronic documents shall comply with this requirement provided that this is suited for processing by the court. The person responsible for the written pleading is to furnish the document with a qualified electronic signature pursuant to the Electronic Signature Act (Signaturgesetz). If an electronic document transmitted is not suited for processing by the court, this shall be communicated to its sender without undue delay, specifying the applicable technical framework conditions.
(2) The Federal Government and the Land governments shall determine by statutory instrument, for their respective sphere of responsibility, the point in time from which electronic documents may be submitted to the courts, and shall likewise determine by

App. 2270

Hunton App. 0665

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

statutory instrument the form they must have in order to be suited for processing. The Land governments may confer, by statutory instrument, the authorisation upon the Land departments of justice. The admissibility of the electronic form may also be restricted to individual courts or proceedings.

(3) An electronic document shall be deemed submitted as soon as the court office designated as the recipient has recorded it.

## Section 130b
### Judicial electronic documents

To the extent the present Code stipulates that judges, senior judicial officers, records clerks of the court registry, or court-appointed enforcement officers are to sign documents by hand, the recording of documents as electronic documents shall comply with this requirement wherever the persons responsible for such documents add their names and furnish the documents with a qualified electronic signature.

## § 130c Forms; authorisation to issue statutory instruments

The Federal Ministry of Justice may introduce electronic forms, doing so by statutory instrument; this shall be subject to approval by the Bundesrat. The statutory instrument may determine that the information provided in the forms is to be transmitted, either in its entirety or in part, in structured, machine-readable format. The forms are to be made available for use on a communications platform on the internet determined in the statutory instrument. The statutory instrument may determine that, in derogation from the stipulations of section 130a (3), the identification of the party using the form may also be effected by using the electronic identification document pursuant to section 18 of the Act on Identity Cards (Personalausweisgesetz, PAuswG) or section 78 (5) of the Residence Act (Aufenthaltsgesetz, AufenthG).

## Section 131
### Attachment of records or documents

(1) The records or documents at hand to the party that are referred to in the preparatory written pleading are to be attached to same as copies.

(2) Where only individual parts of a record or document are relevant, attaching excerpts shall meet the above requirement; said excerpts shall set out the introduction, the parts addressing the matter in dispute, the closing of the document, as well as its date and signature.

(3) Should the records or documents be known to the opponent already, or should they be very extensive, it shall suffice to exactly specify them and to offer the opportunity to inspect them.

## Section 132
### Deadlines for written pleadings

(1) Any preparatory written pleading setting out new facts or new, other submissions is to be filed in such due time that it may be served at least one (1) week prior to the hearing scheduled for oral argument. This shall apply to any written pleading that concerns interlocutory proceedings.

(2) Any preparatory written pleading submitted in response to new submissions is to be filed in such due time that it may be served at least three (3) days prior to the hearing scheduled for oral argument. This shall not apply to any written response made in interlocutory proceedings.

## Section 133
### Copies

(1) The parties are to attach to the written pleadings they are submitting to the court the number of copies of the written pleadings and their annexes that is required for service of

Page 34 of 275

Hunton App. 0666

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

same. This shall not apply to any documents transmitted electronically, nor shall it apply to annexes that are available to the opponent in their original versions or as copies.

(2) In the event of documents being served from one attorney on another (section 195), the parties to the dispute are to submit to the court hearing the case, immediately following such service, a copy of their preparatory written pleadings and the annexes.

## Section 134
### Inspection of records or documents

(1) Wherever a party is asked to do so in due time, it is under obligation to deposit with the court registry any records of documents that it has at hand and that it has referred to in a preparatory written pleading; it shall be obligated to do so prior to the hearing for oral argument, and to inform the opponent that it has so deposited them.

(2) The opponent may inspect the records or documents within a period of three (3) days. Upon corresponding application being made, the presiding judge may extend or shorten this period.

## Section 135
### Communication of records or documents amongst attorneys

(1) The attorneys are free to physically communicate records or documents personally ("von Hand zu Hand", literally: from one hand to the other) against an acknowledgment of receipt.

(2) Where an attorney fails to return a record or document so communicated to him within the period determined, he is to be sentenced, upon corresponding application being made and following a hearing for oral argument, to return such record or document without undue delay.

(3) A complaint subject to a time limit may be filed against the interlocutory judgment.

## Section 136
### Power of the presiding judge to direct the course of the proceedings

(1) The presiding judge shall open the hearings and shall direct their course.

(2) He shall grant the right to speak and may deny leave to speak to persons who are not complying with his orders. Should a member of the court so request, he shall allow that member to ask questions.

(3) He shall ensure that the matter is discussed exhaustively and that the hearing is continued without interruption until its close; if necessary, he is to immediately determine the session of the court at which the hearing is to be continued.

(4) The presiding judge shall close the hearing if, in the opinion of the court, the matter has been comprehensively deliberated, and shall pronounce the rulings and orders of the court.

## Section 137
### Course of the hearing for oral argument

(1) The hearing is initiated by the parties to the dispute filing their petitions with the court.

(2) The parties are to make their submissions ex tempore; they are to summarise the case as regards its facts and circumstances and as regards its legal ramifications.

(3) The parties may refer to documents, provided that none of the parties object to this and provided that the court believes such reference is reasonable. Documents will be read out only insofar as their exact wording is relevant.

(4) In proceedings in which the parties must be represented by counsel, the attorney and, upon corresponding application being made, the party itself are to be granted leave to speak.

## Section 138
### Obligation to make declarations as to facts; obligation to tell the truth

(1) The parties are to make their declarations as to the facts and circumstances fully and completely and are obligated to tell the truth.

(2) Each party is to react in substance to the facts alleged by the opponent.

(3) Facts that are not expressly disputed are to be deemed as having been acknowledged unless the intention to dispute them is evident from the other declarations made by the party.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(4) A party may declare its lack of knowledge only where this concerns facts that were neither actions taken by the party itself, nor within its ken.

### Section 139
### Direction in substance of the course of proceedings

(1) To the extent required, the court is to discuss with the parties the circumstances and facts as well as the relationship of the parties to the dispute, both in terms of the factual aspects of the matter and of its legal ramifications, and it is to ask questions. The court is to work towards ensuring that the parties to the dispute make declarations in due time and completely, regarding all significant facts, and in particular is to ensure that the parties amend by further information those facts that they have asserted only incompletely, that they designate the evidence, and that they file the relevant petitions.

(2) The court may base its decision on an aspect that a party has recognisably overlooked or has deemed to be insignificant, provided that this does not merely concern an ancillary claim, only if it has given corresponding notice of this fact and has allowed the opportunity to address the matter. The same shall apply for any aspect that the court assesses differently than both parties do.

(3) The court is to draw the parties' attention to its concerns regarding any items it is to take into account ex officio.

(4) Notice by the court as provided for by this rule is to be given at the earliest possible time, and a written record is to be prepared. The fact of such notice having been given may be proven only by the content of the files. The content of the files may be challenged exclusively by submitting proof that they have been forged.

(5) If it is not possible for a party to immediately make a declaration regarding a notice from the court, then the court is to determine a period, upon the party having filed a corresponding application, within which this party may supplement its declaration in a written pleading.

### Section 140
### Objections raised against the direction of the course of proceedings, or against questions

Where a person involved in the hearing objects to an order issued by the presiding judge concerning his power to control the subject matter of the litigation, by stating that such order is inadmissible, or where a question asked by the presiding judge or by a member of the court is so objected to as being inadmissible, the court shall decide on such objection.

### Section 141
### Order that a party appear in person

(1) The court is to direct that both parties appear in person where this is deemed to be mandated in order to clear up the facts and circumstances of the case. If, in light of the great distance a party would have to travel, or for other grave cause, it cannot be reasonably expected of a party to appear in person at the hearing, the court is to refrain from ordering such party to appear in person.

(2) Where a party is ordered to appear in person, it is to be summoned ex officio. The summons shall be communicated to the party itself also in those cases in which it has retained an attorney of record; the summons need not be served on the party.

(3) Should the party fail to make an appearance at a hearing, a coercive fine may be levied against it corresponding to the fine levied against a witness who fails to appear at the hearing determined for his examination. This shall not apply if the party has sent a representative to the hearing who is able to clear up the elements of the case and is authorised to make the declarations mandated, in particular to conclude a settlement. The summons is to set out the consequences that may arise for the party should it fail to appear at the hearing.

### Section 142
### Order to produce records or documents

Hunton App. 0668

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The court may direct one of the parties or a third party to produce records or documents, as well as any other material, that are in its possession and to which one of the parties has made reference. The court may set a deadline in this regard and may direct that the material so produced remain with the court registry for a period to be determined by the court.
(2) Third parties shall not be under obligation to produce such material unless this can be reasonably expected of them, or to the extent they are entitled to refuse to testify pursuant to sections 383 to 385. Sections 386 to 390 shall apply mutatis mutandis.
(3) The court may direct that records or documents prepared in a foreign language be translated by a translator who has been authorised or publicly appointed by the authorities of a Land, under the stipulations of Land law, for the preparation of translations of the nature required, or who is deemed to have equivalent qualifications. The translation shall be deemed to be true and complete where this is confirmed by the translator. The confirmation is to be set out on the translation, as are the place and date of the translation and the translator's authorisation/appointment/equivalency, and the translated document is to be signed by the translator. It is admissible to prove that the translation is incorrect or incomplete. The order provided for in the first sentence hereof may not be issued to the third party.

### Section 143
### Order to transmit files

The court may direct the parties to the dispute to produce the files in their possession to the extent they consist of documents concerning the hearing on the matter and the decision by the court.

### Section 144
### Visual evidence taken on site; experts

(1) The court may direct that visual evidence is to be taken on site, and may also direct that experts are to prepare a report. For this purpose, it may direct that a party to the proceedings or a third party produce an object in its possession, and may set a corresponding deadline therefor. The court may also direct that a party is to tolerate a measure taken under the first sentence hereof, unless this measure concerns a residence.
(2) Third parties are not under obligation to so produce objects or to tolerate a measure unless this can be reasonably expected of them, or to the extent they are entitled to refuse to testify pursuant to sections 383 to 385. Sections 386 to 390 shall apply mutatis mutandis.
(3) The proceedings shall be governed by the rules applying to visual evidence taken on site as ordered upon corresponding application having been made, or by those applying to the preparation of reports by experts as ordered by the court upon corresponding application having been made.

### Section 145
### Separation of proceedings

(1) The court may direct that several claims brought in one complaint be heard in separate proceedings, if this is justified by factual reasons. The decision shall be issued by a court order and shall cite the reasons on which it is based.
(2) The same shall apply if the defendant has brought countercharges and the counterclaim has no legal ties to the claim being enforced by the complaint.
(3) Where the defendant is raising a counterclaim for set-off that has no legal ties to the claim being enforced by the action, the court may direct that the complaint and the set-off be heard separately; the stipulations of section 302 are to be applied.

### Section 146
### Limitation to individual means of challenge or defence

Insofar as several independent means of challenge or defence refer to one and the same claim (causes of action, defence pleas, counterpleas, etc.), the court may direct that the

Hunton App. 0669

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

hearing be limited initially to addressing one or several of the said means of challenge or defence.

### Section 147
### Consolidation of proceedings

Wherever the claims forming the subject matter of several proceedings pending with a court, whether involving the same or different parties, have legal ties amongst each other, or wherever they could have been asserted in one single complaint, the court may direct that such proceedings be consolidated in order to be heard and decided on at the same time.

### Section 148
### Suspension if a decision in another matter is anticipated

Where the decision on a legal dispute depends either wholly or in part on the question of whether a legal relationship does or does not exist, and this relationship forms the subject matter of another legal dispute that is pending, or that is to be determined by an administrative agency, the court may direct that the hearing be suspended until the other legal dispute has been dealt with and terminated, or until the administrative agency has issued its decision.

### Section 149
### Suspension in the event a criminal offence is suspected

(1) If the suspicion arises in the course of a legal dispute that a criminal offence has been committed, the investigation of which will influence the court's decision, the court may direct that the hearing be suspended until the criminal proceedings have been dealt with and terminated.

(2) Upon corresponding application being made by a party, the court is to continue the hearing if a year has lapsed since the proceedings were suspended. This shall not apply if important reasons indicate that the suspension should be upheld.

### Section 150
### Repeal of the separation, consolidation, or suspension of proceedings

The court may repeal the orders it has delivered regarding the separation, consolidation, or suspension of proceedings. Section 149 (2) shall remain unaffected hereby.

### Section 151
### (repealed)

### Section 152
### Suspension in the event of a petition for annulment of a marriage

Where the decision on a legal dispute depends on whether or not a marriage can be annulled, and where such annulment has been petitioned, the court is to suspend the proceedings upon corresponding application having been made. Where the annulment proceedings have been dealt with and terminated, the suspended proceedings shall be resumed.

### Section 153
### Suspension in the event of an action challenging paternity having been brought

Where the decision on a legal dispute depends on whether or not a man whose paternity has been contested by a challenging action is the father of a child, the stipulations of section 152 shall apply mutatis mutandis.

### Section 154
### Suspension in the event of action having been brought in a matrimonial matter, or in a matter of parental responsibility for children

(1) If, in the course of a legal dispute, the issue is raised of whether or not a marriage or a civil union exists between the parties, and if the decision on the legal dispute depends on the decision handed down on that matter, the court is to suspend the proceedings, upon

Hunton App. 0670

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

corresponding application having been made, until the dispute as to the existence or non-existence of the marriage or civil union has been dealt with and terminated in the corresponding action for acknowledgment.

(2) This rule shall apply mutatis mutandis if, in the course of a legal dispute, the issue is raised of whether or not a parent-child relationship exists between the parties, or whether or not one party is entitled to exercise parental responsibility for the other, and if the decision on the legal dispute depends on the decision handed down on these matters.

### Section 155
### Repeal of the suspension in the event of delays

In the situations set out in sections 152 and 153, the court may repeal, upon corresponding application being made, the order by which the proceedings were suspended if the pursuit of the legal dispute giving rise to the suspension is delayed.

### Section 156
### Resumption of the hearing

(1) The court may direct a hearing that had been closed to be resumed.

(2) In particular, the court is to order such resumption where:

1.    The court has determined a procedural irregularity that is relevant to its decision and liable to objections being filed (section 295), specifically a violation of the obligation to give notice to the parties and to clear up the circumstances of the matter (section 139), or a violation of the right to be given an effective and fair legal hearing;

2.    Facts serving as grounds for the resumption of the proceedings are retroactively submitted and demonstrated to the court in a satisfactory way (sections 579 and 580); or

3.    A judge has left the court in the period lapsing between the closure of the hearing for oral argument and the closure of the deliberations and coordination (sections 192 to 197 of the Courts Constitution Act (Gerichtsverfassungsgesetz, GVG)).

### Section 157
### Delegation of authority for the hearing

In proceedings which the parties to the legal dispute may pursue themselves, the attorney of record acting for a party may delegate his authority to a post-graduate legal trainee (Referendar) who has been assigned to work for him in his preparatory service.

### Section 158
### Removal from the hearing as the result of a court order issued as part of the court's direction of the course of proceedings

Where a person involved in the hearing has been removed from the location at which the hearing is held in order to maintain order in the court, this person may be proceeded against, upon a corresponding petition being filed, in the same manner as if he had voluntarily left the hearing.

### Section 159
### Recording the hearing

(1) A record is to be prepared of the hearing and of all evidence taken. A records clerk of the court registry may be involved in order to keep the record if this is required due to the expected scope of the record, in light of the particular complexity of the matter, or for any other grave cause.

(2) Subsection (1) shall apply mutatis mutandis to hearings taking place outside of the session of the court before judges of a local court (Amtsgericht, AG) or before judges correspondingly delegated or requested. Records of conciliation hearings or of further attempts made at resolving the dispute before a conciliation judge (Güterichter) pursuant to section 278 (5) will be prepared solely based on a petition of the parties in congruent declarations.

Hunton App. 0671

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 160
### Content of the hearing record

(1) The record of the hearing shall set out:

    1.    The place and date of the hearing;

    2.    The names of the judges, of the records clerk of the court registry, and of any interpreter who may have been involved;

    3.    The designation of the legal dispute;

    4.    The names of the parties appearing, of third parties intervening in support of a party to the dispute, of representatives, attorneys-in-fact, advisers, witnesses and experts, and, in the case provided for by section 128a, the place at which they are attending the hearing;

    5.    The information that the hearing was held in open court or in camera.

(2) The record is to set out the essential course of the hearing and actions taken therein.

(3) The record of the hearing is to set out:

    1.    Any acknowledgments, abandonments of claims, and settlements;

    2.    The petitions;

    3.    Any admission and declaration as to a petition for the examination of a party, as well as any other declarations the determination of which is required;

    4.    The testimony by witnesses, experts and parties examined; in the event of a repeated examination, the testimony need be included in the record of the hearing only insofar as it deviates from the testimony previously given;

    5.    The results of taking visual evidence on site;

    6.    The decisions (judgments, orders, and rulings) of the court;

    7.    The pronouncement of the decisions;

    8.    The withdrawal of legal action or of appellate remedies;

    9.    The waiver of appellate remedies;

    10.    The results of a conciliation hearing.

(4) The parties involved may apply to have specific actions and events, or statements, included in the record of the hearing. The court may refrain from so including them if the determination of the actions and events or of the statements is not relevant. Such order shall not be contestable and is to be included in the record of the hearing.

(5) Inclusion into the record of the hearing shall be equivalent to inclusion in a writing that is attached to the record of the hearing as an appendix, and that is designated as such in the record.

### Section 160a
### Preparing a preliminary record of the hearing

(1) The content of the record of the hearing may be noted in a usual form of shorthand, by using comprehensible abbreviations, or by recording oral statements on a sound or data carrier.

(2) In such event, the record of the hearing is to be prepared without undue delay following the session of the court. To the extent that determinations pursuant to section 160 (3) numbers 4 and 5 have been recorded on a preliminary basis using a sound recorder, this is all that needs to be noted in the record of the hearing. The record of the hearing is to be

Page 40 of 275

App. 2277

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

amended by these determinations should a party petition that this be done prior to the proceedings having been concluded as res judicata, or where the court of appeal requires such amendment to be made. If determinations pursuant to section 160 (3) number 4 have been directly included in the record, and if, concurrently, the essential result of the testimony given has been noted on a preliminary basis, it may only be demanded that the record of the hearing be amended by the essential result obtained by the testimony.

(3) The preliminary notes are to be included in the court records of the dispute or, should they not be suited for this purpose, they are to be stored in the court registry together with the court records of the dispute. Recordings made on sound or data carriers may be deleted:

    1.    To the extent the record of the hearing has been created following the session of the court or is amended by the determinations noted on a preliminary basis, provided that the parties to the dispute have not lodged any objections within one (1) month of the copy having been communicated to them;

    2.    Following the conclusion of the proceedings by a final and binding judgment.

Insofar as the court has available a central data storage facility, the preliminary notes may be stored in such central data storage facility instead of being stored as set out in the first sentence hereof.

(4) It is possible to create a final record by recording it on data carriers in the form provided for by section 130b.

### Section 161
### Dispensable determinations

(1) Determinations pursuant to section 160 (3) number 4 and 5 need not be included in the record of the hearing:

    1.    Where the court hearing the case performs the examination or takes visual evidence on site, and where the final judgment is not subject to appeal or to an appeal on points of law;

    2.    To the extent the complaint is retracted, the claim being enforced is acknowledged or waived, and appellate remedies are waived or the legal dispute is terminated by settlement.

(2) The record of the hearing is to note that the examination was performed or that visual evidence was taken on site. Section 160a (3) shall apply mutatis mutandis.

### Section 162
### Approval of the record of the hearing

(1) Insofar as the record of the hearing sets out determinations pursuant to section 160 (3) numbers 1, 3, 4, 5, 8, 9, or petitions recorded with the registry for the files of the court, it is to be read out loud to the parties involved or is to be submitted to them for their review. Should the content of the record have been noted only on a preliminary basis, reading the notes or replaying the sound recording shall be deemed compliant with the present rule. The record of the hearing is to note that this has been done and that the record has been approved, or it shall note the objections that have been raised.

(2) Determinations made pursuant to section 160 (3) number 4 need not be replayed if they were recorded directly in the presence of the parties involved; the party involved whose testimony was recorded may demand that it be replayed. To the extent any determinations pursuant to section 160 (3) numbers 4 and 5 were dictated in the presence of the parties involved, the court may forgo replaying the recording, reading the record out loud, or submitting it for the parties to review if the parties involved waive having this done following the recording; the record of the hearing is to set out this waiver.

### Section 163
### Signature of the record of the hearing

Hunton App. 0673

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The record of the hearing is to be signed by the presiding judge and by the records clerk of the court registry. Should the content of the record of the hearing, as a whole or in part, have been recorded on a preliminary basis using a sound recorder, the records clerk of the court registry is to check that the content has been correctly word-processed and is to confirm that this has been done; this shall also apply if the records clerk of the court registry was not present at the session of the court.

(2) Where the presiding judge is prevented from signing the record, the most senior among the associated judges shall sign on his behalf; where only one judge was involved and he is prevented from signing the record, the signature of the records clerk of the court registry who was involved in the proceedings in order to keep the record shall be compliant with the present rule. The reasons preventing a judge from signing the record shall be noted in the record of the hearing.

### Section 164
### Corrections of the hearing record

(1) Inaccuracies of the hearing record may be corrected at any time.

(2) Prior to the correction, the parties to the dispute are to be heard and, to the extent the correction concerns the determinations set out hereinabove in section 160 (3) number 4, the other parties involved are likewise to be heard.

(3) The correction is to be noted on the record of the hearing; in this context, reference may be made to an annex to be attached to the record of the hearing. The note is to be signed by the judge signing the record of the hearing, or by the judge sitting alone, even if he was prevented from signing the record, and by the records clerk of the court registry to the extent he was involved in the proceedings as the keeper of the record.

(4) In cases in which the correction is noted in the form as provided for by section 130b, it is to be recorded in a separate electronic document. The document is to be joined to the record of the hearing such that it cannot be separated.

### Section 165
### Evidentiary value of the hearing record

Compliance with the formal requirements stipulated for the hearing can be proven only by the record of the hearing. The exclusive means of admissibly challenging the content of the record concerning these formal requirements is the submission of proof that it has been forged.

### Title 2
### Procedure for the Service of Records or Documents

### Subtitle 1
### Service ex officio

### Section 166
### Service

(1) The term "service" designates the issuance of a document to a person in the form stipulated in the present Title.

(2) Documents, service of which is required by rules or has been ordered by the court, are to be served ex officio unless otherwise provided for.

### Section 167
### Retroactive effect of the service

If service is made in order to comply with a deadline, or to have the period of limitations begin anew, or to have it extended pursuant to section 204 of the Civil Code (Bürgerliches Gesetzbuch, BGB), the receipt of the corresponding application or declaration by the court shall already have this effect provided service is made in the near future.

### Section 168
### Responsibilities of the court registry

Hunton App. 0674

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The court registry shall perform service of documents pursuant to sections 173 to 175. It may contract a private enterprise charged with the performance of state duties pursuant to section 33 (1) of the Postal Law (Postgesetz) (this being the postal service), or it may charge an employee of the judiciary with performing service. The court registry shall award the contract to the postal service on the form intended for this purpose.

(2) The presiding judge of the court hearing the case, or a member of the court accordingly delegated by the presiding judge, may charge a court-appointed enforcement officer or another authority with service of the documents, should service in accordance with subsection (1) not hold out any prospect of success.

### Section 169
### Confirmation of the time of service; certification

(1) Upon corresponding application being made, the court registry shall confirm the time of service.

(2) The court registry shall certify the documents to be served. This shall also apply unless an attorney has already certified the documents submitted to the court.

(3) A copy to be served in paper format may also be certified by machine processing. Instead of being signed by hand, the copy is to be furnished with the court seal. The same shall apply if a copy is served by telefax.

(4) A document may be served as a certified electronic copy. The copy is to be furnished with the qualified digital signature of the records clerk of the court registry.

(5) A judicial electronic document executed in accordance with section 130b may be served as an original; it need not be certified.

### Section 170
### Service on representatives

(1) In the event a person does not have the capacity to conduct proceedings, service is to be made on his legal representative. Any service made on the person incapable of conducting proceedings shall not be valid.

(2) Should the party on whom documents are to be served not be an individual, service on the entity's head shall suffice.

(3) In the event of an entity having more than one legal representative or head, it shall suffice to serve the documents on one of them.

### Section 171
### Service on authorised recipients

Service on the representative appointed by legal transaction shall have the same effect as service on the party so represented. The representative is to produce a written power of attorney.

### Section 172
### Service on attorneys of record

(1) Wherever proceedings are pending, service is to be made on the attorney of record appointed for the respective level of jurisdiction. This shall apply also to procedural actions affecting the proceedings before the court of that level of jurisdiction as a result of: protest having been entered, the judgment handed down by that court having been reversed, the proceedings having been reopened, an objection having been filed pursuant to section 321a, or new statements having been submitted to the court in compulsory enforcement proceedings. Proceedings before the court responsible for enforcement are proceedings at the first level of jurisdiction.

(2) A written pleading by which an appeal is filed is to be served on the attorney of record admitted to that level of jurisdiction the decision of which is being contested. If an attorney of record has already been appointed for the higher level of jurisdiction, the written pleading is to be served on that attorney. Service shall be made on the party itself if the party has not appointed an attorney of record.

Hunton App. 0675

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 173
### Service by physical delivery at the sub-office

A document may be served on its addressee, or the representative appointed by legal transaction, by physically delivering it to the sub-office. By way of proving such service, it is to be noted on the document and in the files that the document was physically delivered for the purpose of serving it on the addressee, while also adding the date of such service; in the event of the document having been physically delivered to the representative, this is to be noted together with the name of the person to whom physical delivery was made; moreover, the note is to confirm that the power of attorney was produced pursuant to section 171, second sentence. The note is to be signed by the employee physically delivering the documents.

### Section 174
### Service against return confirmation of receipt

(1) A document may be served, against return confirmation of receipt, on an attorney, a notary, a court-appointed enforcement officer, a tax consultant or any other person of whom it can be assumed, based on that person's profession, that he is highly reliable, a public authority, a corporation, or a corporation under public law.

(2) The document may also be served by telefax on the parties set out in subsection (1). In its heading, the transmission is to bear the note, "Service against return confirmation of receipt" and is to set out the sender, the name and address of the party on whom documents are to be served, as well as the name of the employee of the judiciary effecting the transmission of the document.

(3) A document may also be served on the parties set out in subsection (1) as an electronic document. The same shall apply to other parties involved in the proceedings, provided they have expressly consented to the documents being transmitted as electronic documents. The document is to be signed digitally for the transmission and is to be protected against its becoming known to unauthorised third parties. Such transmission may also be effected using De-Mail services in the sense as defined by section 1 of the Law on De-Mail Services in Electronic Communications (Gesetz zur Regelung von De-Mail-Diensten, De-Mail-G).

(4) Service shall be deemed sufficiently proven by the return confirmation of receipt being returned to the court, such confirmation setting out the date and signature of the addressee. The return confirmation of receipt may be returned by letter, by telefax, or as an electronic document (section 130a). Should it be sent as an electronic document, it is to be signed by a qualified digital signature pursuant to the Electronic Signature Act (Signaturgesetz).

### Section 175
### Service by registered mail, return receipt requested

A document may be served by registered mail, return receipt requested. Service shall be deemed sufficiently proven by the return receipt.

### Section 176
### Instructions to serve records or documents

(1) Should the postal service, an employee of the judiciary or a court-appointed enforcement officer be charged with serving documents, or should another authority be requested to so perform service, the court registry shall physically submit the document to be so served in a closed envelope along with a record of service that has already been completed for the service.

(2) Service shall be made in accordance with the provisions of sections 177 through 181.

### Section 177
### Place of service

The document may be physically submitted to the person on whom it is to be served at any location at which the person is found.

Page 44 of 275

App. 2281

Hunton App. 0676

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

**Section 178**
**Substituted service at the residence, at business premises, and at institutions**

(1) Should the person on whom documents are to be served not be located at his residence, business premises, or in an institution in which he is a resident, the document may be served:

1.      At the residence: on an adult family member, a person employed by the family or an adult resident permanently sharing the accommodations,

2.      At business premises: on a person employed there,

3.      In institutions: on the head of the institution or a correspondingly authorised attorney-in-fact.

(2) Service on one of the persons designated in subsection (1) shall be invalid wherever this person is involved in the legal dispute as an opponent of the person on whom documents are to be served.

**Section 179**
**Service in the event acceptance is refused**

Should acceptance of the document to be served be refused without justification, the document is to be left at the residence or at the business premises. Should the party on whom documents are to be served not have a residence, or should no business premises exist, the document to be served is to be returned. Upon such refusal of acceptance, the document shall be deemed served.

**Section 180**
**Substituted service by placement in the letterbox**

Should it not be possible to serve the document pursuant to section 178 (1) number 1 or 2, the document may be placed in a letterbox appurtenant to the residence or the business premises, or into a similar receptacle that the addressee has put up for the purpose of receiving mail, and which according to general practice is suited to securely store mail. By this placement, the document shall be deemed served. The person so serving it shall note the date of service on the envelope of the document to be served.

**Section 181**
**Substituted service by deposit of the records or documents**

(1) Should it not be possible to serve the document pursuant to section 178 (1) number 3 or section 180, the document to be served may be deposited with the court registry of the local court (Amtsgericht) having jurisdiction for the place of service. Should the postal service have been contracted with serving the documents, the document to be served is to be deposited at the place of service or at the location of the local court at a point designated for this purpose by the postal service. A written notice of such deposit is to be submitted at the address of the person on whom documents are to be served, using the corresponding form in the manner usual for the delivery of regular letters, or, should this not be possible, the written notice is to be affixed to the door of the residence, the business premises, or the institution. Upon such written notification having been submitted, the document shall be deemed served. The person so serving it shall note the date of service on the envelope of the document to be served.

(2) The deposited document is to be kept available for collection for three (3) months. Following the expiry of this period, documents that have not been collected are to be returned to the sender.

**Section 182**
**Record of service**

Page 45 of 275

App. 2282

Hunton App. 0677

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) By way of providing proof of service pursuant to section 171 and sections 177 to 181, a record is to be prepared using the corresponding form. Section 418 shall apply to this record of service.

(2) The record of service must include:

1.    The designation of the person on whom service is to be made,

2.    The designation of the person to whom the letter or the document was physically submitted,

3.    In the case provided for by section 171, the statement that the power of attorney was produced,

4.    In the case provided for by section 178 and section 180, the reason justifying this form of service and, if the procedure set out in section 181 was followed, the note on how the written notification was submitted,

5.    In the case provided for by section 179, a note as to who refused acceptance and that the letter was left at the place of service or was returned to the sender,

6.    The note that the day of service was noted on the envelope containing the document to be served,

7.    The place, the date and, should the court registry so have instructed, also the time of service,

8.    The surname, given name, and signature of the person serving the documents as well as the name of the enterprise contracted for service, or the public authority charged with this task.

(3) The record of service is to be returned to the court registry, without undue delay, as an original or as an electronic document.

### Section 183
### Service abroad

(1) Documents are to be served abroad in accordance with the agreements made in international instruments. Wherever documents may be sent directly by the postal service based on such agreements in international instruments, they shall be served by registered mail, return receipt requested; in all other cases, service shall be made, at the request of the presiding judge of the court hearing the case, directly by the public authorities of the other state.

(2) Should it not be possible to serve the documents in accordance with subsection (1), the responsible diplomatic or consular mission of the Federal Republic or any other public authority responsible shall serve the documents. The procedure set out in the first sentence hereof is to be followed in particular if no agreements have been made in international instruments, if the competent bodies of the state concerned are not willing to provide legal assistance, or if special grounds justify such form of service.

(3) Documents to be served on Germans enjoying immunity as a member of a consular or diplomatic mission of the Federal Republic of Germany abroad shall be served, on the request of the presiding judge of the court hearing the case, by the consular or diplomatic mission responsible.

(4) The return receipt shall suffice as proof of service having been effected pursuant to subsection (1), second sentence, first clause of the sentence. Proof of service pursuant to subsection (1), second sentence, second clause of the sentence, and subsections (2) and (3) is provided by the documentary evidence submitted by the public authority correspondingly charged with the service of documents.

(5) The stipulations of Regulation (EC) No 1393/2007 of the European Parliament and of the Council of 13 November 2007 on the service in the Member States of judicial and

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

extrajudicial documents in civil or commercial matters and on the repeal of Council Regulation (EC) No 1348/2000 (Official Journal L 324 page 79) shall remain unaffected hereby. Section 1068 (1) and section 1069 (1) shall apply to the implementation.

### Section 184
### Authorised recipients; service by mailing the records or documents

(1) For service pursuant to section 183, the court may order the party to name, within a reasonable period of time, an authorised recipient who is a resident of Germany or who has business premises in Germany, unless the party has appointed an attorney of record. Should no authorised recipient be named and until such recipient is named retroactively, documents may be served subsequently by being mailed to the address of the party.

(2) Two (2) weeks after it has been mailed, the document shall be deemed served. The court may set a longer period. In the order issued pursuant to subsection (1), attention is to be drawn to these legal consequences. By way of recording proof of the documents having been served, it is to be noted in the files at which time and to which address the document was mailed.

### Section 185
### Service by publication

The documents may be served by publishing a notice (service by publication) wherever:

1.    The abode of a person is unknown and it is not possible to serve the documents upon a representative or authorised recipient,

2.    It is not possible to serve documents upon legal persons obligated to register a domestic business address with the Commercial Register, neither at the address entered therein nor at the address entered in the Commercial Register of a person authorised to receive service of documents, or at any other domestic address obtained without any investigations,

3.    It is not possible to serve documents abroad, or if such services does not hold out any prospect of success, or

4.    The documents cannot be served because the place of service is the residence of a person who, pursuant to sections 18 to 20 of the Courts Constitution Act (Gerichtsverfassungsgesetz, GVG), is not subject to jurisdiction.

### Section 186
### Approval of and implementation of service by publication

(1) The court hearing the case shall decide on whether or not to approve service by publication. The decision may be given without a hearing being held.

(2) Service by publication shall be implemented by hanging a notification on the court's bulletin board or by publishing the notification in an electronic information system that is publicly accessible in the court. Additionally, the notification may be published in an electronic information and communications system established by the court for such notifications. The notification must set out:

1.    The person on whose behalf the documents are to be served,

2.    The name of the party to whom documents are to be served and the address last known,

3.    The date, the reference number of the document, and the designation of the subject matter of the proceedings, as well as

4.    The office at which the document may be inspected.

The notification must include the note that a document is being served by publication, that this service may trigger periods, and that once they have lapsed, the party to whom the

Hunton App. 0679

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

documents are being served in this way may have forfeited rights. In serving summonses in this way, the notification must indicate that the document sets out a summons to a hearing and that should the party fail to comply with it, such failure may act to the party's detriment in legal terms.

(3) It is to be recorded in the files when the notification was displayed on the bulletin board and when it was removed.

### Section 187
### Publication of the notification
The court hearing the case additionally may order the notification to be published once, or several times, in the Official Gazette (Bundesanzeiger) or in other publications.

### Section 188
### Time at which service by publication has been effected
The document shall be deemed served should one (1) month have lapsed since the notification has been displayed on the bulletin board. The court hearing the case may set a longer period.

### Section 189
### Remediation of defects in the service of records or documents
Should it not be possible to prove that a document has been served in due form, or should the document have been received in violation of mandatory regulations governing service of documents, it shall be deemed served at that point in time at which the document was factually received by the person to whom service of the document was addressed, or could be addressed.

### Section 190
### Standard forms for the service of records or documents
The Federal Ministry of Justice hereby is authorised to introduce forms serving the simplification and streamlining of the service of documents, such forms being subject to approval by the Bundesrat and being made by statutory instrument.

### Subtitle 2
### Service of records or documents at the instigation of the parties

### Section 191
### Service of records or documents
Insofar as it is admissible or required to serve documents at the instigation of the parties, the rules regarding ex officio service shall be applied mutatis mutandis unless otherwise provided for by the rules set out hereinbelow.

### Section 192
### Service of records or documents by a court-appointed enforcement officer
(1) The service of documents to be performed at the instigation of the parties shall be performed by the court-appointed enforcement officer subject to the stipulations set out in sections 193 and 194.

(2) The party shall physically submit to the court-appointed enforcement officer the document to be served, along with the required copies. The court-appointed enforcement officer shall certify the copies; he may prepare any lacking copies himself.

(3) In proceedings before the local court (Amtsgericht, AG), the party may charge, with the assistance of the registry of the court hearing the case, the court-appointed enforcement officer with serving the documents. In this context, the court registry is to charge the court-appointed enforcement officer with the service.

### Section 193
### Implementation of service

Hunton App. 0680

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) On the original copy of the document to be served, or on the form provided for this purpose that is to be attached to the original copy of the document, the court-appointed enforcement officer shall attest that the document has been served pursuant to section 182 (2), and he shall note in said attestation the name of the person on behalf of whom he has performed such service. Where service is effected by mailing the document, the date and the address at which the document was mailed are to be noted.

(2) The court-appointed enforcement officer shall note, on the document to be physically submitted, the date on which it was served, unless he physically submits a certified copy of the record of service.

(3) The record of service is to be transmitted to the party on behalf of whom the documents were served.

### Section 194
### Instructions to serve records or documents

(1) If the court-appointed enforcement officer charges the postal service with serving the documents, he shall note on the document to be served the person or entity on whose behalf he is submitting said documents to the postal service. He shall attest on the original of the document to be served, or on a handover form to be attached to the original document, that the postal item has been submitted to the postal service, and that it bears: the address of the party to whom the document is to be served, the designation of the court-appointed enforcement officer so serving it, and a reference number.

(2) The postal service shall return the record of service to the court-appointed enforcement officer without undue delay.

### Section 195
### Service of records or documents from one attorney on another attorney

(1) If the parties to a dispute are represented by counsel, a document may also be served such that the attorney serving a document transmits it to the other attorney (service of documents from one attorney on another attorney). This also applies to written pleadings that, pursuant to the stipulations of the present Code, are to be served ex officio: they may instead be served from one attorney on the other, unless a court order is to be communicated concurrently to the opponent. The written pleading is to set out the declaration that service on the other attorney will be effected by the attorney. To the extent required for the decision to be taken, supporting documentary proof is to be provided to the court that the documents have so been served. Section 174 (2), first sentence, and subsection (3) first and third sentences shall apply mutatis mutandis to the service of documents on an attorney.

(2) Service shall be deemed sufficiently proven by the return confirmation of receipt bearing the date and the signature of the attorney on whom the documents were served. Section 174 (2) second and third sentences shall apply mutatis mutandis. The attorney effecting service of documents is to provide to the other attorney, at the latter's request, confirmation of service having been effected.

### Sections 195a to 213a
### (repealed)

### Title 3
### Summonses, hearings, and periods

### Section 214
### Summons to a hearing

The summons to a hearing is initiated ex officio.

### Section 215
### Required content of a summons to a hearing for oral argument

Hunton App. 0681

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH -- www.juris.de

(1) The summons to a hearing for oral argument is to instruct the recipient as to the consequences of his failure to make an appearance at the hearing (sections 330 to 331a). The instruction is to include the legal consequences set out in section 91 and section 708 number 2.

(2) In proceedings in which the parties must be represented by counsel, the summons to a hearing for oral argument must call upon the party to appoint an attorney, unless such summons has been served on the party's counsel.

### Section 216
### Hearing dates determined by the court

(1) The dates of hearings are determined ex officio wherever petitions or declarations are submitted to the court that can be ruled on only after having heard oral argument, or regarding which the court has instructed that oral argument be heard.

(2) The presiding judge is to determine the hearings without undue delay.

(3) Hearings shall be arranged for Sundays, general holidays, or Saturdays only in emergencies.

### Section 217
### Summons period

The period that is to lapse, in a matter that is pending, between the date on which the summons was served and the date of the hearing (summons period) shall amount to at least one (1) week in proceedings in which the parties must be represented by counsel, and at least three (3) days in other proceedings.

### Section 218
### Cases in which a summons may be dispensed with

Notwithstanding the stipulations of section 141 (2), it shall not be required to summon the parties to hearings determined in decisions pronounced by the court.

### Section 219
### Venue of the hearing

(1) The hearings shall be held at the location of the court unless it is necessary to take visual evidence on site, to hear a person who is prevented from appearing before the court, or to take any other action that cannot be taken at the court's location.

(2) The President of the Federal Republic of Germany is not under obligation to appear at the location of the court in person.

### Section 220
### Case called up; failure of a party to make an appearance at the hearing

(1) The hearing shall begin with the case being called up.

(2) A party shall be deemed to have failed to appear at the hearing if it fails to enter a pleading prior to that hearing being closed.

### Section 221
### Commencement of periods

(1) Unless otherwise arranged when periods are determined, any periods determined by a judge shall commence upon service of the documents in which said period is determined; where no such service is required, the period shall commence upon being pronounced by the court.

### Section 222
### Calculation of the period

(1) The provisions made by the Civil Code (Bürgerliches Gesetzbuch, BGB) shall apply to the calculation of the period.

(2) If the end of a period falls on a Sunday, a general holiday, or a Saturday, the period shall end at midnight of the subsequent business day.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) In calculating a period determined by hours, any Sundays, general holidays, and Saturdays shall not be included in the calculation.

### Section 223
### (repealed)

### Section 224
### Reduction of a period; extension of a period

(1) The parties may agree to shorten periods; this shall not include statutory periods. Statutory periods shall be only those periods that have been designated as such in the present Code.

(2) Upon corresponding application being made, periods set by judges as well as periods prescribed by law may be shortened or extended if substantial grounds for doing so have been demonstrated to the court in a satisfactory way; however, periods prescribed by law may be so shortened or extended only in the cases specifically determined.

(3) Unless otherwise determined in the individual case, the new period determined in extending a period shall be calculated from the date on which the previous period has expired.

### Section 225
### Procedure for modifying a period

(1) The court may decide on a request for the reduction or extension of a period without arranging a hearing for oral argument.

(2) The court is to approve any reduction or repeated extension only after having heard the opponent.

(3) The court order dismissing the request for extension of a period is incontestable.

### Section 226
### Reduction of interim periods

(1) Times determined for entering an appearance, periods indicated in the summons as the period lapsing between service of same and the date of the hearing (summons periods), as well as those periods that are determined for service of preparatory written pleadings may be shortened upon corresponding application being made.

(2) A reduction of the times for entering an appearance and of periods indicated in the summons as periods lapsing between service of same and the date of the hearing (summons periods) will not be ruled out by the fact that, as a result of such times or periods being shortened, the hearing cannot be prepared by written pleadings.

(3) In determining the hearing, the presiding judge may order the reduction of the period without hearing the opponent or the party involved otherwise in the proceedings; a copy of the corresponding order shall be communicated to the party involved in the proceedings.

### Section 227
### Changes of date for scheduled hearings

(1) Should substantial grounds so require, a hearing may be cancelled or deferred, or a hearing for oral argument may be postponed. The following are not substantial grounds:

    1.     The failure of a party to appear, or its announcement that it will not appear, unless the court is of the opinion that the party was prevented from appearing through no fault of its own;

    2.     A party's insufficient preparation, unless the party provides sufficient excuse therefor;

    3.     An agreement reached by the parties alone.

(2) Substantial grounds are to be demonstrated to the satisfaction of the presiding judge should he so demand, while substantial grounds for postponing a hearing are to be demonstrated to the satisfaction of the court should it so demand.

Hunton App. 0683

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) Any hearing determined for the period from 1 July until 31 August, to the exception of a hearing set for the pronouncement of a decision, is to be postponed, upon corresponding application being made, within one (1) week following receipt of the summons or following the date on which the hearing is determined by the court. This shall not apply to:

1.  Matters involving the seizure of assets, or matters concerning an injunction or interim order,

2.  Disputes concerning the permission to use spaces, the use or surrender of such spaces, or the eviction from same, or disputes regarding the continuation of lease relationships for residential spaces based on sections 574 to 574b of the Civil Code (Bürgerliches Gesetzbuch, BGB),

3.  (repealed)

4.  Proceedings on claims arising from a bill of exchange or on claims asserted concerning the payment of a cheque,

5.  Matters of construction law where the dispute concerns the continuation of a construction project that has been commenced,

6.  Disputes concerning the permission to use an object, or the surrender of such object, to a person with whom the object is not subject to attachment by the court authorities,

7.  Compulsory enforcement proceedings, or

8.  Proceedings for issuing a declaration of enforceability or for the judges to take action in arbitration proceedings;

In this context, it shall suffice if only one of several claims meets the prerequisites. Wherever the proceedings require special acceleration, the court shall not comply with an application for deferral.

(4) The presiding judge shall decide on the cancellation or deferral of a hearing without oral argument being heard; the court shall rule on the postponement of a hearing. The reasons for the decision are to be summarised in brief. It is incontestable.

### Section 228
### (repealed)

### Section 229
### Judge correspondingly delegated or requested

The authorities allocated to the court and the presiding judge in the present Title are likewise granted to the judge correspondingly delegated or requested as regards the hearings and periods that such judge is to determine.

### Title 4
### Consequences of failure to take action; instruction on available legal remedies; restoration of the status quo ante

### Section 230
### General consequence of failing to take action

The failure to take action in the proceedings will lead to the general consequence that the party will be disqualified from taking such action in the proceedings.

### Section 231
### No warning; procedural actions taken retroactively

(1) No warning need be issued regarding the consequences under law of failing to take action; these consequences shall ensue automatically unless the present Code requires a petition to be filed in order for the legal detriment to take effect.

Hunton App. 0684

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) In the latter case, the action that was not taken in the proceedings may be arranged retroactively as long as the petition has not been filed and as long as the oral argument on such petition has not been closed.

### Section 232
#### Instruction on available legal remedies

Any court decision that may be contested is to provide an instruction on the remedy available, the protest, the contradiction, or the reminder, as well as on the court with which the remedy is to be lodged, the seat of said court, and the requirements as to form and deadlines. This does not apply in proceedings in which the parties must be represented by an attorney, unless the instructions are to be given regarding a protest or contradiction, or the instruction is to be addressed to a witness or to an expert. No instruction need be given regarding the option to file an immediate appeal on law in lieu of an appeal on facts and law (leap-frog appeal).

### Section 233
#### Restoration of the status quo ante

Where a party was prevented, through no fault of its own, from complying with a statutory period or the deadline set for submitting the particulars of its appeal, the grounds for filing the appeal on points of law, the complaint against denial of leave to appeal, or the complaint on points of law, or where a party was prevented from adhering to the period stipulated in section 234 (1), that party is to be granted the restoration of the status quo ante upon a corresponding petition being filed. It will be presumed that the party was not at fault if no instruction on available legal remedies was provided, or if it was deficient.

### Section 234
#### Period for the restoration of the status quo ante

(1) The petition for such restoration of the status quo ante must be filed within a two-week period. The period shall amount to one (1) month if the party is prevented from complying with the deadline set for submitting the particulars of its appeal, the grounds for filing the appeal on points of law, the complaint against denial of leave to appeal, or the complaint on points of law.
(2) The period shall commence on the date on which the impediment has been removed.
(3) Following the expiry of one (1) year, counting from the end of the period that has not been met, filing a petition for the restoration of the status quo ante is no longer an available remedy.

### Section 235
#### (repealed)

### Section 236
#### Petition for restoration of the status quo ante

(1) The form of the petition for the restoration of the status quo ante shall be governed by the rules pertaining to the action that was not taken in the proceedings.
(2) The petition must set out the facts based on which the restoration of the status quo ante is justified; they must be demonstrated to the satisfaction of the court in the course of filing the petition or in the procedure regarding same. The action that was not taken in the proceedings is to be retroactively taken within the period set for the petition; if this has been done, the restoration of the status quo ante may be granted also without a petition having been filed.

### Section 237
#### Responsibility for restoration of the status quo ante

That court shall decide on the petition for restoration of the status quo ante that is to decide on the action to be taken in the proceedings and the retroactive arrangement of same.

App. 2290

Hunton App. 0685

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

### Section 238
### Procedure in the event of the status quo ante having been restored

(1) The procedure regarding the petition for restoration of the status quo ante is to be tied to the procedure regarding the retroactive arrangement of the action to be taken in the proceedings. However, the court may initially limit the procedure to a hearing for oral argument on the petition and the decision on same.

(2) Those rules are to be applied to the decision as to the admissibility of the petition, and to any contestation of the decision, that apply in these relationships to the retroactive arrangement of the action to be taken in the proceedings. However, the party that has filed the petition shall not be entitled to enter a protest.

(3) The restoration of the status quo ante is incontestable.

(4) The party filing the petition shall be charged with the costs that the restoration of the status quo ante has entailed, unless such costs were engendered by an unfounded objection having been lodged by its opponent.

### Title 5
### Interruption and suspension of the proceedings

### Section 239
### Interruption due to the death of a party

(1) In the event of the death of a party, the proceedings shall be interrupted until they are resumed by the party's successors in title.

(2) Where the resumption is delayed, the successor in title is to be summoned, upon a corresponding petition being filed by the opponent, to resume the proceedings and to appear at the hearing in the main action.

(3) The summons, together with the written pleading setting out the petition, is to be served on the successors in title themselves. The period lapsing between service of the summons and the date of the hearing (summons periods) is to be determined by the presiding judge.

(4) Should the successors in title fail to appear at the hearing, the alleged succession in title is to be assumed, upon a corresponding petition being filed, as having been acknowledged, and oral argument is to be heard on the merits of the case.

(5) An heir is not under obligation to continue a legal dispute prior to his having accepted the inheritance.

### Section 240
### Interruption due to insolvency proceedings

In the event of insolvency proceedings being opened against a party, the proceedings shall be interrupted to the extent they concern the insolvent estate until they can be resumed in accordance with the rules applying to the insolvency proceedings, or until the insolvency proceedings are terminated. The same shall apply if the authority to manage the debtor's assets and the power to dispose over them devolves upon a preliminary insolvency administrator.

### Section 241
### Interruption due to a person coming under legal disability

(1) If a party loses its capacity to sue or be sued, or if the legal representative of a party dies, or if his power of representation ceases without the party having regained its capacity to sue or be sued, the proceedings shall be interrupted until the legal representative or the new legal representative notifies the court of his appointment, or until the opponent has notified the court of his intention to continue the proceedings and the court has served this notification ex officio.

(2) The notification of the legal representative is to be served on the opponent of the party he is representing; the notification of the opponent is to be served on the representative.

(3) These rules shall apply mutatis mutandis where a court orders the administration of the estate.

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH -- www.juris.de

### Section 242
### Interruption due to reversionary succession

Should – in the course of a legal dispute ongoing between a provisional heir and a third party regarding a matter or object that is subject to reversionary succession – the reversionary succession in fact occur, the stipulations of section 239 shall apply mutatis mutandis regarding the interruption and the resumption of the proceedings, provided that the provisional heir was authorised to dispose over the matter or object without the consent of the reversionary heir.

### Section 243
### Resumption of proceedings in the case of a curator or an executor having been appointed for an estate

If a court has appointed a curator of the estate in cases in which proceedings have been interrupted by the death of a party, or if an executor exists who is entitled to pursue the legal dispute, the stipulations of section 241 are to be applied in resuming the proceedings and, if insolvency proceedings are opened regarding the estate, the stipulations of section 240 are to be applied in so resuming them.

### Section 244
### Interruption due to the loss of an attorney

(1) If, in proceedings in which the parties must be represented by counsel, the attorney representing a party dies, or becomes unable to continue representing the party, the proceedings shall be interrupted until the attorney newly appointed by the party notifies the court of his having been appointed and the court has served the notification ex officio upon the opponent.

(2) Where this notification is delayed, the party is to be summoned in person to the hearing in the main action, upon corresponding application being made by the opponent, or the party is to be instructed to appoint a new attorney within a period to be determined by the presiding judge. Should this instruction not be complied with, the proceedings are to be deemed as having been resumed. Until notice is given retroactively that a new attorney has been appointed, all documents shall be served on the party obligated to file such notification with the court.

### Section 245
### Interruption due to suspension of the administration of law

Should, as the consequence of war or of any other event, the court cease its activities, the proceedings shall be interrupted for the duration of this situation.

### Section 246
### Suspension in the event a party is represented by an attorney of record

(1) Where a party was represented by an attorney of record in the event of: the death of a party, the loss of its capacity to sue or be sued, the loss of a legal representative, the issuance of an order as to the administration of an estate, or the occurrence of reversionary succession (sections 239, 241, 242), the proceedings shall not be interrupted; however, upon corresponding application being made by the attorney-in-fact, the court hearing the case is to order the suspension of the proceedings, and in the event of death and of reversionary succession, it shall do so also upon corresponding application being made by the opponent.

(2) The term of the suspension and the resumption of the proceedings shall be governed by the stipulations of section 239 and sections 241 to 243; in the event of death and of reversionary succession, the summons is to be served, together with the written pleading in which the suspension is petitioned, also on the attorney-in-fact.

### Section 247
### Suspension in the event of interrupted communications

Hunton App. 0687

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

Where a party is staying at a location that is cut off from communications with the court hearing the case and this is due to the established authorities having issued a corresponding order, to war or to other coincidences, the court may also direct, ex officio, that the proceedings be suspended until such impediment has been removed.

### Section 248
### Procedure in the event of suspension

(1) The request for suspension of the proceedings is to be filed with the court hearing the case; it may be recorded with the registry for the files of the court.

(2) The decision may be given without a hearing being held.

### Section 249
### Effects of interruption and suspension

(1) The interruption and suspension of the proceedings will have the effect of stopping any period that may be running, which will recommence in full after the interruption or suspension of the proceedings has ended.

(2) Any procedural actions taken by a party with a view to the main action while the proceedings are interrupted or suspended will have no legal effect vis-à-vis the other party.

(3) Any interruption occurring after a hearing has ended will not impede the pronouncement of the decision to be delivered on the basis of this hearing.

### Section 250
### Form of resuming proceedings and notification

Any proceedings interrupted or suspended shall be resumed, and any notifications mentioned under this Title shall be made by serving a written pleading to be submitted to the court.

### Section 251
### Stay of proceedings

The court is to order that proceedings be stayed if both parties have petitioned that this be done, and if it is to be assumed that such order is suitable for the purpose intended in light of the pendency of settlement negotiations or of other sound reasons. Such order will not have any influence on the running of the periods designated in section 233.

### Section 251a
### Failure of both parties to comply with procedural rules; decision on the basis of the record as it stands

(1) Should neither party appear at a hearing, or should both parties fail to submit oral argument, the court may decide on the basis of the record as it stands.

(2) A judgment may be handed down on the basis of the record as it stands only if oral argument has been submitted in an earlier hearing. The judgment may be pronounced at the earliest after two (2) weeks. The court is to communicate, by simple letter, the details of the hearing for which the pronouncement of the ruling on the case is scheduled to the party that has failed to appear. The court shall determine a new hearing for oral argument should this party file a corresponding application with the court, at the latest on the seventh (7th) day prior to the hearing scheduled for the pronouncement of the ruling, provided that the party demonstrates to the satisfaction of the court that it has failed to appear through no fault of its own and that it was unable to apply in due time for a deferral of the hearing.

(3) Should the court not decide on the basis of the record as it stands, and should it not postpone the hearing pursuant to section 227, it shall order the proceedings stayed.

### Section 252
### Appellate remedies available in the event of proceedings being suspended

A complaint subject to a time limit may be lodged against the decision by which the suspension of the proceedings is ordered or refused to be granted based on the stipulations of the present Title or based on other statutory provisions.

App. 2293

Hunton App. 0688

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

**Book 2**
**Procedural rules for proceedings before the courts of first instance**

**Chapter 1**
**Proceedings before the regional courts (Landgerichte)**

**Title 1**
**Proceedings until a judgment is entered**

**Section 253**
**Statement of claim**

(1) The complaint shall be brought by serving a written pleading (statement of claim).
(2) The statement of claim must include:

1.      The designation of the parties and of the court;

2.      Exact information on the subject matter and the grounds for filing the claim, as well as a precisely specified petition.

(3) Furthermore, the statement of claim is to provide:

1.      Information as to whether, prior to the complaint being brought, attempts were made at mediation or any other proceedings serving an alternative resolution of the conflict were pursued, and shall also state whether any reasons exist preventing such proceedings from being pursued;

2.      Wherever the subject matter of the litigation does not consist of a specific amount of money, information on the value of the subject matter of the litigation insofar as this is relevant for determining whether or not the court has jurisdiction;

3.      And it shall state whether any reasons would prevent the matter from being ruled on by a judge sitting alone.

(4) Moreover, the general regulations as to preparatory written pleadings are to be applied also to the statement of claim.
(5) The statement of claim as well as any other petitions and declarations by a party that are to be served are to be submitted to the court in writing, with the number of copies being enclosed that are required for serving or communicating such documents. Should the statement of claim be filed as a digital document, no copies need be enclosed.

**Section 254**
**Action by stages**

Should an action for presentation of accounts, or for the production of a schedule of assets, or for a statutory declaration to be made in lieu of an oath, be consolidated with an action for the surrender of whatever the defendant owes under the legal relationship giving rise to the legal dispute, the exact information on the performance being claimed by the plaintiff may be reserved until the accounts have been presented, the schedule of assets has been produced, or the statutory declaration in lieu of an oath has been made.

**Section 255**
**Determination of periods in the judgment**

(1) In the event that the defendant does not satisfy the claim brought against him prior to the expiry of a period that has been set, and the plaintiff thus has the right to demand compensation of damages for non-performance of contract, or to pursue the avoidance of a contract, the plaintiff may demand that the deadline therefor be determined in the judgment.
(2) The same shall apply where the plaintiff has the right to demand that an authority issue a directive in the event that the defendant does not provide the security within the deadline imposed on him, as well as in the case provided for by section 2193 (2) of the Civil Code

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(Bürgerliches Gesetzbuch, BGB) governing the stipulation of a deadline by which a condition is to be met.

### Section 256
### Action for acknowledgment

(1) A complaint may be filed to establish the existence or non-existence of a legal relationship, to recognise a deed or to establish that it is false, if the plaintiff has a legitimate interest in having the legal relationship, or the authenticity or falsity of the deed, established by a judicial ruling at the court's earliest convenience.

(2) Until the closure of the hearing subsequent to which the judgment will be handed down, the plaintiff may petition, by extending the claim, and the defendant may petition, by bringing counterclaims, that a legal relationship that has become a matter of dispute in the course of the court proceedings be acknowledged by judicial ruling if the decision on the legal dispute depends, either wholly or in part, on such legal relationship existing or not existing.

### Section 257
### Action for future payment or for the clearing of premises

Should the assertion of a monetary claim that does not depend on any counterperformance, or the assertion of a claim to a property being cleared or spaces being vacated that serve other than residential purposes, be tied to a calendar date, an action may be filed for future payment or clearing of the premises.

### Section 258
### Action for recurrent performance

An action may be filed also for the future payment of any recurrent performance scheduled to become due only after the judgment has been entered.

### Section 259
### Action brought due to concern that performance might not be made within the period set

Besides the cases set out in section 257 and section 258, an action for future performance may be brought wherever the circumstances give rise to the justified concern that the debtor might avoid performing in due time by extracting himself from his obligations.

### Section 260
### Consolidation of claims

Several claims of the plaintiff against one and the same defendant may be consolidated in one action, even if they are based on different grounds, if the court hearing the case is competent for the entirety of the claims and if the claims may permissibly be dealt with in the same type of proceedings.

### Section 261
### Pending suit

(1) By the complaint being brought, the dispute shall become pending.

(2) A claim lodged only in the course of the proceedings shall become pending at that point in time at which the claim was lodged in the hearing or at which a written pleading in conformance with the requirements of section 253 (2) number 2 has been served.

(3) Once the dispute is pending, this will have the following effects:

1.      For as long as the dispute is pending, none of the parties may bring the dispute before another court or tribunal;

2.      The jurisdiction of the court hearing the case will not be affected by any change to the circumstances giving rise to its competence.

### Section 262
### Other effects of the dispute being pending

Hunton App. 0690

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

The stipulations of civil law as regards the other effects of a dispute having become pending shall remain unaffected hereby. These effects, as well as all effects tied by the stipulations of civil law to an action being conducted; notice of an action being given or its being registered with the court; to the summons of the defendant; or to his entering an appearance shall all arise without prejudice to the rule set out in section 167 once the complaint has been brought.

### Section 263
### Modification of the suit filed

Upon the dispute having become pending, the complaint may be modified if the defendant consents to this being done, or if the court believes such a modification to be expedient.

### Section 264
### No modification of the suit filed

It is not to be regarded a modification of the suit filed if, without any change to the cause of action:

1.    The statements made as to the facts and circumstances or the legal considerations are amended or corrected;

2.    The demand for relief is extended or limited in terms of the main action or as regards ancillary claims;

3.    As a result of later changes, a different object, or the interest in same, is claimed instead of the object originally claimed.

### Section 265
### Disposition or assignment of the object in dispute

(1) The fact that the dispute has become pending does not rule out the right enjoyed by either of the parties to dispose over the object in dispute or to assign the claim being asserted.
(2) Such disposition or assignment shall not affect the proceedings. Without the opponent's consent, the successor in title shall not be entitled to assume the proceedings as the primary party instead of the predecessor in title, nor shall it be entitled to pursue a third-party intervention through an action against the two parties to a pending lawsuit. Should the successor in title act in support of a party to the dispute as an intervening third party, section 69 is not applicable.
(3) Should the plaintiff have disposed of or assigned his rights, the objection may be raised that he is no longer authorised to assert the claim wherever the judgment handed down against the successor in title pursuant to section 325 would not be valid.

### Section 266
### Disposition of a plot of real estate

(1) Should a legal dispute be pending between the possessor and a third party as to whether a right being claimed for a property exists or does not exist, or as to whether an obligation encumbering a property exists or does not exist, then the successor in title to any property so disposed of shall be entitled and, upon a corresponding application having been filed by the opponent, shall be obligated to assume the legal dispute as the primary party, regardless of his circumstances. This shall apply mutatis mutandis to any legal dispute as to whether an obligation encumbering a registered ship or ship under construction exists or does not exist.
(2) This provision is not to be applied insofar as it is contravened by the stipulations of civil law benefiting those parties deriving rights from a person who is not a beneficiary in this regard. In such event, provided the plaintiff has disposed of the property, the rules set out in section 265 (3) shall apply.

### Section 267
### Presumed consent to the modification of a suit filed

Hunton App. 0691

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

It is to be assumed that the defendant has consented to the modification of a suit filed if he has made an appearance in a hearing regarding the modified action without objecting to such modification.

### Section 268
### Decision is incontestable

The decision that the action has not been modified or that the modification is to be admitted is incontestable.

### Section 269
### Withdrawal of legal action

(1) The action may be withdrawn without the consent of the defendant until the time at which the defendant is to be first heard on the merits of the case.

(2) A declaration is to be made to the court as to the action having been withdrawn and, insofar as this is required in order to ensure that the withdrawal is effective, the defendant is to declare his consent to such withdrawal. Unless declared at the hearing, the action shall be withdrawn by submitting a written pleading to the court. The written pleading is to be served on the defendant if his consent is required for the withdrawal of the action to be effective. Should the defendant fail to oppose the withdrawal of legal action within a statutory period of two (2) weeks from the date on which the written pleading was served, he shall be deemed to have consented to same, provided that this consequence was indicated to the defendant previously.

(3) Should the action be withdrawn, the legal dispute is to be considered as not having become pending; any judgment already given that has not yet become final and binding shall become ineffective without this requiring its express repeal. The plaintiff is under obligation to bear the costs of the legal dispute unless a final and binding decision has been given in their regard or unless they are to be imposed on the defendant for any reason. Should the occasion for bringing the action have ceased to exist prior to the dispute becoming pending and the complaint subsequently be withdrawn, the obligation to bear the costs of the proceedings shall be determined at the court's equitable discretion, taking account of the circumstances and facts as known at that time as well as the status of the dispute thus far; this shall also apply in the event the complaint has not been served.

(4) The court shall rule by court order, upon a corresponding application having been filed, as to the effects resulting pursuant to subsection (3). Where a defendant has been granted assistance with the court costs, the court is to decide on the costs ex officio.

(5) A complaint subject to a time limit may be filed against the court order if the value of the claim in the main action is greater than the amount set out in section 511. Such complaint shall be deemed inadmissible if there are no remaining admissible appellate remedies regarding the petition on the assessment of costs (section 104).

(6) Should the complaint be brought once again, the defendant may refuse to enter any appearance until the costs have been reimbursed.

### Section 270
### Service; communication by simple letter

To the exception of the statement of claim and such written pleadings that contain substantive petitions, written pleadings and other declarations by the parties are to be communicated by simple letter unless the court orders them to be served. When mailing such documents, the communication shall be deemed to have been made on the business day following the day on which they were mailed in those cases in which the residence of the recipient party is located in the local postal district, and on the second business day thereafter for any other locations, unless the party can demonstrate in a satisfactory way that it has not received the communication, or only at a later date.

### Section 271
### Service of the statement of claim

**Hunton App. 0692**

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) The statement of claim is to be served without undue delay.
(2) In serving the documents, the defendant is to be instructed to appoint an attorney should he intend to defend against the claim.

### Section 272
### Determination of the form of procedure

(1) As a general rule, the legal dispute is to be dealt with and terminated in a hearing for oral argument that has been comprehensively prepared for (main hearing).
(2) The presiding judge shall either make arrangements for an advance first hearing at which oral argument is to be heard (section 275) or shall have preliminary proceedings conducted in writing (section 276).
(3) The conciliation hearing and the hearing for oral argument should be arranged for as early a time as possible.
(4) Matters entailing the vacation of premises are to have priority and shall be conducted on an expedited basis.

### Section 273
### Preparations for the hearing

(1) The court is to initiate the necessary preparatory measures in due time.
(2) By way of preparing for the hearing, the presiding judge or a member of the court hearing the case delegated by the presiding judge may in particular:

1.  Direct the parties to amend their preparatory written pleadings or to provide further information, and may in particular set a deadline for explanations to be submitted regarding certain items in need of clarification;

2.  Request that public authorities or public officials communicate records or provide official information;

3.  Order parties to appear at the hearing in person;

4.  Summon witnesses, to whom a party has referred, and experts to appear at the hearing, he may also issue an order pursuant to section 378;

5.  Issue orders pursuant to section 142 and section 144.

(3) Orders pursuant to subsection (2) number 4 and, insofar as the orders are not to be issued to a party, orders pursuant to subsection (5) shall be issued only if the defendant has already opposed the claim being lodged by the action. For the orders pursuant to subsection (2) number 4, section 379 shall apply mutatis mutandis.
(4) The parties are to be notified of each order. Should the parties be ordered to appear in person, the stipulations of section 141 subsection (2) and subsection (3) shall apply.

### Section 274
### Summons of the parties; time for entering an appearance

(1) Once the date for the hearing for oral argument has been determined, the court registry is to be instructed to summon the parties.
(2) The summons is to be served on the defendant together with the statement of claim if the court has determined an advance first hearing.
(3) A period of at least two (2) weeks must lapse from the time at which the statement of claim is served and the date of the hearing (time for entering an appearance). Should the documents be served abroad, the presiding judge is to determine the time for entering an appearance in arranging the date of the hearing.

### Section 275
### Advance first hearing

(1) By way of preparing for the advance first hearing, the presiding judge or a member of the court hearing the case delegated by the presiding judge may set a deadline for the

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

defendant by which he is to submit a written statement of defence. Alternatively, the defendant is to be instructed to have an attorney he is to appoint submit to the court, in a written pleading and without undue delay, any means of defence that are to be brought before the court; section 277 (1), second sentence, shall apply mutatis mutandis.
(2) Should the proceedings not be conclusively dealt with and terminated at the advance first hearing, the court shall issue all orders still required to prepare for the main hearing for oral argument.
(3) At the advance first hearing, the court shall set a deadline for submitting a written statement of defence should the defendant not yet have responded to the complaint at all, or not sufficiently, and wherever no deadline pursuant to subsection (1), first sentence, had been set.
(4) At the advance first hearing, or upon having received the statement of defence, the court may set a deadline for the plaintiff within which he is to state his position in writing as regards the statement of defence. The presiding judge may set such deadline also outside of the hearing.

### Section 276
### Preliminary proceedings conducted in writing
(1) Should the presiding judge not arrange a date for the advance first hearing for oral argument, he should instruct the defendant, in serving the complaint upon him, that should the defendant wish to defend against the complaint, he should notify the court of this fact within a statutory period of two (2) weeks after the statement of claim has been served on him; the plaintiff is to be informed of these instructions having been issued. Concurrently, a deadline is to be set for the defendant within which he is to submit his written statement of defence, which period shall be at least a further two (2) weeks. For any service of the complaint to a recipient abroad, the presiding judge is to set the deadline in accordance with the first sentence.
(2) Concurrently with these instructions, the defendant is to be instructed of the consequences should he fail to meet the deadline imposed on him pursuant to subsection (1), first sentence, and also as regards the fact that he may only declare his intention to oppose the complaint via an attorney he is to appoint. The instructions given as to the option of a default judgment being entered pursuant to section 331 (3) shall also address the legal consequences set out in sections 91 and 708 number 2.
(3) The presiding judge may set a deadline for the plaintiff within which he is to state his position in writing as regards the statement of defence.

### Section 277
### Statement of defence; counterplea
(1) The defendant is to state the means by which he defends his case in the statement of defence, provided that based on the circumstances of the proceedings, this corresponds to a diligent pursuit of the court proceedings and serves to promote them. Furthermore, the statement of defence is to address any reasons that would prevent the matter from being ruled on by a judge sitting alone.
(2) The defendant is to be instructed that the statement of defence needs to be submitted to the court by an attorney he must appoint, and of the consequences should he fail to meet a deadline imposed on him.
(3) The period for submitting a written statement of defence pursuant to section 275 subsection (1), first sentence, and pursuant to subsection (3) shall be at least two (2) weeks.
(4) Subsection (1), first sentence, and subsections (2) and (3) apply mutatis mutandis to the written statement of position regarding the statement of defence.

### Section 278
### Amicable resolution of the dispute; conciliation hearing; settlement
(1) In all circumstances of the proceedings, the court is to act in the interests of arriving at an amicable resolution of the legal dispute or of the individual points at issue.

Hunton App. 0694

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(2) For the purposes of arriving at an amicable resolution of the legal dispute, the hearing shall be preceded by a conciliation hearing unless efforts to come to an agreement have already been made before an alternative dispute-resolution entity, or unless the conciliation hearing obviously does not hold out any prospects of success. In the conciliation hearing, the court is to discuss with the parties the circumstances and facts as well as the status of the dispute thus far, assessing all circumstances without any restrictions and asking questions wherever required. The parties appearing are to be heard in person on these aspects.

(3) The parties shall be ordered to appear in person at the conciliation hearing as well as at any other conciliation efforts. Section 141 (1), second sentence, subsections (2) and (3) shall apply mutatis mutandis.

(4) Should neither of the parties appear at the conciliation hearing, the proceedings shall be ordered stayed.

(5) The court may refer the parties for the conciliation hearing, as well as for further attempts at resolving the dispute, to a judge delegated for this purpose, who is not authorised to take a decision (Güterichter, conciliation judge).  The conciliation judge may avail himself of all methods of conflict resolution, including mediation.

(6) A settlement may also be made before the court by the parties to the dispute by submitting to the court a suggestion, in writing, on how to settle the matter, or by their accepting, in a corresponding brief sent to the court, the suggested settlement made by the court in writing. The court shall establish, by issuing a corresponding order, that the settlement concluded in accordance with the first sentence has been reached, recording the content of same in the order. Section 164 shall apply mutatis mutandis.

Section 278a
Mediation, alternative conflict resolution

(1) The court may suggest that the parties pursue mediation or other alternative conflict resolution procedures.

(2) Should the parties to the dispute decide to pursue mediation or other alternative resolution procedures, the court shall order the proceedings stayed.

### Section 279
### Hearing for oral argument

(1) Should a party fail to appear at the conciliation hearing or should the conciliation hearing not meet with success, the hearing (advance first hearing or main hearing for oral argument) is to be held immediately thereafter. In all other cases, a hearing for oral argument is to be arranged without undue delay.

(2) In the main hearing for oral argument, the taking of evidence shall immediately follow the hearing in which the dispute as such is dealt with.

(3) Following the taking of evidence, the court is to once again discuss with the parties the circumstances and facts as well as the status of the dispute thus far and, to the extent possible at this stage, the results obtained in taking evidence.

### Section 280
### Separate hearing on the admissibility of the action

(1) The court may order the admissibility of the action to be assessed at a separate hearing.

(2) Should an interlocutory judgment be given, it is to be regarded as a final judgment where the appellate remedies are concerned. However, upon a corresponding application being made, the court may order oral argument on the merits of the case to be heard.

### Section 281
### Referral in the event the court does not have jurisdiction

(1) If, based on the regulations regarding the local or substantive competence of courts, the court's lack of jurisdiction is to be pronounced, and provided it is possible to determine the competent court, the court before which the action was initially brought is to declare, upon corresponding application being made by the plaintiff, that it is not competent and is to refer

App. 2300

Hunton App. 0695

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

the legal dispute to the competent court. Should several courts have jurisdiction, the dispute shall be referred to the court selected by the plaintiff.

(2) Applications and declarations concerning the jurisdiction of the court may be filed with the records clerk of the court registry. The court order is incontestable. The legal dispute shall become pending with the court designated in the order upon the court having received the files. The order shall be binding upon this court.

(3) The costs accrued in the proceedings before the court with which the action was initially brought shall be treated as part of the costs accruing in the proceedings before the court designated in the order. The additional costs accruing are to be imposed on the plaintiff also in the event he prevailed in the main action.

### Section 282
### Submissions to the court made in due time

(1) In the hearing, each party is to submit to the court its means of challenge or defence, specifically allegations, denials, objections, defence pleas, evidence and objections to evidence submitted, as promptly as, based on the circumstances of the proceedings, this corresponds to a diligent pursuit of the court proceedings and serves to promote them.

(2) Petitions and means of challenge or defence regarding which it is foreseeable that the opponent will be unable to react to them without previously making inquiries, are to be communicated prior to the hearing by a preparatory written pleading in such time as to enable the opponent to still make the necessary inquiries.

(3) Concurrently, the defendant is to file any objections concerning the admissibility of the complaint, and is to do so prior to being heard on the merits of the case. Should, prior to the hearing, a deadline have been set for him by which he is to submit his statement of defence, he is to raise his objections within this period.

### Section 283
### Time limit for written pleadings that react to an opponent's submissions

Should a party not be able to make a statement regarding the opponent's submission to the court because this was not communicated to it in due time prior to the hearing, the court may determine, upon corresponding application being made by that party, a time limit within which the party may submit its statement in a written pleading to complete its earlier submissions; concurrently, a hearing shall be arranged at which the decision is to be pronounced. The court must take into account, in its decision, any declaration submitted within the time limit set and may take into account any statement submitted late.

### Section 283a
### Court order for securitisation

(1) Where an action for the vacation of premises is joined to an action for payment under the same legal relationship, the court hearing the case shall order, upon the plaintiff having filed a corresponding application, that the defendant is to provide security for the monetary claims that have fallen due after the matter became pending, provided that

1.   The action concerning these claims holds out significant prospects of success, and

2.   A balanced consideration of the interests of both parties determines that the order is justified in that it will avert particular disadvantages from the plaintiff. It suffices to demonstrate the interests to the satisfaction of the court for them to be considered.

Where the parties are in dispute as regards the plaintiff's right to increase the monetary claim, the court order for securitisation will not cover the amount by which the claim is increased. An immediate complaint may be lodged against a court order for securitisation.

(2) The defendant is to submit proof that he has provided the security within a period to be set by the court.

App. 2301

Hunton App. 0696

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(3) Should the plaintiff prevail, the final judgment or any provision otherwise terminating the legal dispute is to state that the plaintiff is entitled to satisfy his claim from the security so provided.

(4) Inasmuch as, pursuant to the final judgment or provision otherwise terminating the legal dispute, the plaintiff is not entitled to a claim in the amount of the security provided, the plaintiff is to compensate the defendant for the damages the latter has suffered as a result of having had to provide the security. Section 717 (2), second sentence, shall apply mutatis mutandis.

### Section 284
### Taking of evidence

The taking of evidence and the order for separate proceedings to take evidence, which is issued by a court order for evidence to be taken, are governed by the stipulations of Titles 5 through 11. The court may take evidence, provided it has obtained the consent of the parties to do so, in the manner it deems suitable. This consent may be limited to individual evidence taken. It may be revoked only in the event of a material change to the litigation circumstances; this must be done prior to the process of taking evidence commencing, to which the consent originally referred.

### Section 285
### Oral argument after evidence has been taken

(1) The parties to the dispute are to be heard in oral argument on the results obtained in taking evidence and are to state their case.

(2) Should the evidence not have been taken before the court hearing the case, the parties to the dispute are to present their results based on the hearings on the evidence.

### Section 286
### Evaluation of evidence at the court's discretion and conviction

(1) The court is to decide, at its discretion and conviction, and taking account of the entire content of the hearings and the results obtained by evidence being taken, if any, whether an allegation as to fact is to be deemed true or untrue. The judgment is to set out the reasons informing the conviction of the judges.

(2) The court shall be bound to statutory rules of evidence only in the cases designated in the present Code.

### Section 287
### Investigation and determination of damages; amount of the claim

(1) Should the issue of whether or not damages have occurred, and the amount of the damage or of the equivalent in money to be reimbursed, be in dispute among the parties, the court shall rule on this issue at its discretion and conviction, based on its evaluation of all circumstances. The court may decide at its discretion whether or not – and if so, in which scope – any taking of evidence should be ordered as applied for, or whether or not any experts should be involved to prepare a report. The court may examine the party tendering evidence on the damage or the equivalent in money thereof; the stipulations of section 452 (1), first sentence, subsections (2) to (4) shall apply mutatis mutandis.

(2) In the event of pecuniary disputes, the stipulations of subsection (1), sentences 1 and 2, shall apply mutatis mutandis also to other cases, insofar as the amount of a claim is in dispute among the parties and to the extent the full and complete clarification of all circumstances authoritative in this regard entails difficulties that are disproportionate to the significance of the disputed portion of the claim.

### Section 288
### Admission before the court

(1) The facts alleged by a party do not require any substantiation by evidence if, in the course of the legal dispute, they are admitted by the opponent in the course of a hearing, or

Hunton App. 0697

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

are admitted by him for the record kept by the judge correspondingly delegated or requested.
(2) The admission before the court need not be accepted in order to be effective.

## Section 289
### Additional statements made in an admission
(1) The effectiveness of an admission made before the court is not impaired by the fact that an allegation is added to it that includes an independent means of challenge or defence.
(2) The extent to which a declaration made before the court that concedes certain matters is to be regarded as an admission, irrespective of other additional or restricting allegations, is to be determined based on the nature of the individual case.

## Section 290
### Revocation of an admission
The revocation of an admission made before the court shall impact its effectiveness only in those instances in which the revoking party proves that the admission was not truthful and was caused by an erroneous assumption. In this event, the admission ceases to be effective.

## Section 291
### Common knowledge
Facts that are common knowledge with the court need not be substantiated by evidence.

## Section 292
### Legal presumptions
Should the law make a presumption as to a certain fact being given, its opposite may admissibly be proven unless otherwise provided for by the law. This proof may also be established by petitioning the examination of a party pursuant to section 445.

## Section 292a
### (repealed)

## Section 293
### Foreign law; customary law; statutes
The laws applicable in another state, customary laws, and statutes must be proven only insofar as the court is not aware of them. In making inquiries as regards these rules of law, the court is not restricted to the proof produced by the parties in the form of supporting documents; it has the authority to use other sources of reference as well, and to issue the required orders for such use.

## Section 294
### Demonstration of allegations to the satisfaction of the court
(1) Anyone who is to demonstrate an allegation as to fact to the satisfaction of the court may use all evidence and may also be permitted to make a statutory declaration in lieu of an oath.
(2) Evidence that cannot be taken immediately shall not be admitted.

## Section 295
### Objections to process
(1) The infringement of a rule to which the proceedings are subject, and in particular of a rule governing the form of a procedural action, no longer may be objected to if the party has waived the rule's being applied, or if the party has failed to object to the irregularity at the next hearing taking place as a result of the corresponding proceedings or at the hearing in which reference was made to the rule, in spite of the fact that the party appeared at the hearing and that it was aware, or must have been aware, of the irregularity.
(2) The above provision shall not be applied if any rules have been infringed, the compliance with which no party may effectively waive.

## Section 296
### Refusal to accept submissions made late

App. 2303

Hunton App. 0698

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

(1) Any means of challenge or defence submitted only after the deadline imposed in its regard (section 273 (2) number 1 and, insofar as this deadline has been set to a specific party, number 5, section 275 (1), first sentence, subsection (3) and subsection (4), section 276 (1), second sentence, subsection (3), section 277) are to be admitted at the court's discretion and conviction only if admitting them to the proceedings would not delay the process of dealing with and terminating the legal dispute, or if the party provides sufficient excuse for such delay.

(2) The court may refuse to admit any means of challenge or defence that, in contravention of the stipulations made in section 282 (1), are not submitted in due time or that, in contravention of the stipulations of section 282 (2), are not communicated in due time, if it finds at its discretion and conviction that admitting them to the proceedings would delay the process of dealing with and terminating the legal dispute, and that the delay is the result of gross negligence.

(3) Any objections made, at too late a time, concerning the admissibility of the complaint and that the defendant may elect to forgo, are to be admitted only if the defendant provides sufficient excuse for the delay.

(4) In the cases set out in subsections (1) and (3), the grounds precluding culpability are to be substantiated should the court so require.

## Section 296a
### Submissions made following close of the hearing

Following close of the hearing, subsequent to which the judgment is handed down, no further means of challenge or defence may be submitted. Section 139 (5), section 156, and section 283 shall remain unaffected hereby.

## Section 297
### Form of filing petitions with the court

(1) The petitions are to be read out loud from the preparatory written pleadings. Insofar as the pleadings do not contain any petitions, these must be read out loud from a writing to be attached to the record of the hearing as an appendix. The presiding judge may also permit the petitions to be recorded with the registry for the files of the court.

(2) The requirement of reading out loud the petitions cannot be substituted by the parties to the dispute referring to their written pleadings setting out such petitions.

## Section 298
### Hard copies for files

(1) A printout may be prepared of an electronic document (section 130a and section 130b) for inclusion in the files.

(2) The hard copy must include a note:

1.      As to the result of the integrity check performed for the document,

2.      As to whom the signature verification has established as the owner of the signature,

3.      As to which time was established by signature verification as the time when the signature was inserted in the document.

(3) The electronic document is to be stored at least until the proceedings have been concluded as res judicata.

## Section 298a
### Electronic file

(1) The court records of the dispute may be kept as electronic files. The Federal Government and the Land governments shall determine by statutory instrument for their sphere of responsibility the time onwards from which electronic files are to be kept, as well as the framework conditions in organisational and technical terms governing the creation,

Hunton App. 0699

Service provided by the Federal Ministry of Justice and Consumer Protection
in cooperation with juris GmbH – www.juris.de

administration, and storage of the electronic files. The Land governments may confer, by statutory instrument, the corresponding authorisation upon the Land departments of justice. The admissibility of electronic files may be restricted to individual courts or proceedings.
(2) Any documents and other records submitted on paper are to be changed to electronic format by way of replacing the original. Should the documents and records still be needed in paper format, they are to be stored at least until the proceedings have been concluded as res judicata.
(3) The electronic document must include the note as to when and by whom the documents were changed to electronic format.

### Section 299
### Inspection of files; copies

(1) The parties may inspect the court records of the dispute and may have the court registry issue to them execution copies, excerpts, and copies.
(2) The president of the court and his deputy may allow third parties to inspect the files without the consent of the parties if these third parties have demonstrated their legitimate interest to his satisfaction.
(3) Should the court records of the dispute be kept as electronic files, the court registry shall grant inspection of the files by providing a hard copy of the files, by calling them up on a computer screen, or by transmitting them as electronic documents. The presiding judge may decide, at his discretion, to permit attorneys-in-fact who are a member of a chamber of attorneys to electronically access the content of the files. In allowing such electronic access to the content of the files, it is to be ensured that solely the attorney-in-fact will so access the files. In transmitting the files, the entirety of the documents is to be furnished with a qualified electronic signature and is to be protected against becoming known to unauthorised parties.
(4) Drafts of judgments, orders, and rulings; the work supplied in preparing them; as well as the documents concerning the court's coordination with others will not be made available, nor will they be communicated as copies.

### Section 299a
### Data carrier archive

Once the court records of the dispute have been transferred, in accordance with the principles of due and proper procedure and by way of replacing the originals, to an image carrier or other data carrier, and once written proof exists that the copy is a true and complete copy of the original, then execution copies, excerpts, and copies of the image carrier or data carrier may be issued. In this event, any notes to be made on the original are to be affixed to the supporting documentary proof.

### Title 2
### Judgment

### Section 300
### Final judgment

(1) Once the legal dispute is ready for the final decision to be taken, the court is to deliver this decision by a final judgment.
(2) The same shall apply if only one of several proceedings, which were consolidated for the purpose of hearing concurrent oral argument and handing down the decision on all of them, is ready for the final decision to be taken.

### Section 301
### Partial judgment

(1) Should only one of several claims asserted by an action be ready for the final decision to be taken, or should only a part of a claim be ready, or, in the event of counterclaims having been brought, should only the complaint or the counterclaims be ready, the court is to deliver such decision by final judgment (partial judgment). A partial judgment may rule on part of a

Hunton App. 0700