IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, <br><br>Plaintiffs. <br><br>vs. <br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS LLP; and YOLANDA SUAREZ, <br><br>Defendants. | § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br>CASE NO. 3:12-cv-04641-N |

**HUNTON & WILLIAMS LLP'S RESPONSE TO PLAINTIFFS' NOTICE OF DECISION**

Defendant Hunton & Williams LLP ("Hunton") respectfully requests that the Court take notice of the following:

1. On March 25, 2016, Plaintiffs Pam Reed, Samuel Troice, and Michoacán Trust, individually and on behalf of a class of all others similarly situated (the "Class Plaintiffs") filed a Notice of Decision ("Notice") with this Court regarding a March 23, 2016 decision in *In re Barrick Gold Securities Litigation*, Case No. 13-cv-3851-SAS, pending in the U.S. District Court for the Southern District of New York. (Notice [ECF 191].) Class Plaintiffs' Notice briefly describes *In re Barrick* as relevant to the issue of whether Class Plaintiffs have satisfied Rule 23's predominance inquiry with respect to damages, in connection with their pending Opposed

Motion for Class Certification, Designation of Class Representatives and Class Counsel [ECF 175].

    2.    Class Plaintiffs' Notice does not address three distinctions between *In re Barrick* and the case against Hunton that make that decision inapplicable here.

    a.    *First*, Class Plaintiffs cited to the *Barrick* court's holding that "plaintiffs are not required to establish causation—let alone proffer a damages model—on class certification." *In re Barrick*, slip op. at 26. But the *Barrick* court's analysis and holding is limited to the loss causation showing required for claims under Section 10(b) of the Federal Securities Act, *id.* at 16, and Class Plaintiffs do not assert such claims here. Further, it is already clear at the certification stage that individualized issues of causation will predominate on the claims Class Plaintiffs do assert, because causation requires an inquiry into whether Hunton's alleged conduct had any relationship to each investor's purchase of CDs, which is the source of each investor's alleged damages. (*See* Hunton's Opp. to Pls.' Mot. for Class Cert. at 43-44, 52 [ECF 181].)

    b.    *Second*, the court in *Barrick* determined that Rule 23's predominance requirement was satisfied in part because plaintiffs' proposed theory of damages was "entirely consistent with their theory of [ ] liability." *In re Barrick*, slip op. at 26. Here, by contrast, to the extent Class Plaintiffs even offer a damages theory, it bears no relationship to their theories of liability against Hunton, as required by *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). (*See* Hunton's Opp. to Pls.' Mot. for Class Cert. at 46-50 [ECF 181].)

    c.    *Third*, the court in *Barrick* determined the plaintiffs' damages could be measured on a class-wide basis by comparing the actual price of the publicly traded stock at issue in that case, to a calculation of the stock's true value. *In re Barrick*, slip op. at 26. Here,

however, measuring Class Plaintiffs' damages is not that simple. Determining damages would require significant inquiry into facts that cannot be evaluated on a class-wide basis. These include, among other things: (1) the date individual investors purchased their SIBL CDs, (2) each investor's risk profile, (3) the representations and circumstances surrounding each investor's decision to purchase SIBL CDs, (4) whether any investors have obtained collateral recoveries, and (5) how to allocate fault among all potentially responsible third parties. (*See* Hunton's Opp. to Pls.' Mot. for Class Cert. at 46-53 [ECF 181].)

Dated: March 30, 2016

Respectfully submitted,

By:  /s/ Jeffrey D. Colman

| | |
|---|---|
| Richard A. Sayles (Tex. # 17697500) | Jeffrey D. Colman (Ill. # 0491160) |
| Shawn Long (Tex. # 24047859) | David Jiménez-Ekman (Ill. # 6210519) |
| SAYLES WERBNER | Andrew W. Vail (Ill. # 6279951) |
| 4400 Renaissance Tower | April A. Otterberg (Ill. # 6290396) |
| 1201 Elm Street | Laura C. Bishop (Ill. # 6308598) |
| Dallas, TX 75270 | JENNER & BLOCK LLP |
| dsayles@swtriallaw.com | 353 N. Clark Street |
| (214) 939-8701 | Chicago, IL 60654-3456 |
| (214) 939-8787 (Facsimile) | jcolman@jenner.com |
| | (312) 923-2940 |
| *Counsel for Defendant* | (312) 840-7340 (Facsimile) |
| *Hunton & Williams LLP* | |

*Counsel for Defendant Hunton & Williams LLP*
*Admitted* Pro Hac Vice

**CERTIFICATE OF SERVICE**

I, Jeffrey D. Colman, hereby certify that on March 30, 2016, I electronically filed the foregoing **Hunton & Williams' LLP's Response to Plaintiffs' Notice of Decision** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Jeffrey D. Colman
Jeffrey D. Colman