IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, | § | |
| HUNTON & WILLIAMS, LLP; and | § | |
| YOLANDA SUAREZ, | § | |
| | § | |
| Defendants. | § | |

_____

**GREENBERG TRAURIG, LLP'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE TO FILE MOTIONS TO DISMISS**
_____

Defendant Greenberg Traurig, LLP ("GT") files this Reply to Plaintiffs' Response (D.E. 198) to Motion for Leave to File Motions to Dismiss (D.E. 193), and in further support of the motion for leave, GT shows the following:

**A. Plaintiffs do not oppose leave to file GT's motion to dismiss.**

Plaintiffs "do not oppose granting Defendants leave to file motions to dismiss or for judgment on the pleadings under Rule 12(c)." D.E. 198, at p.4.[1] Accordingly, the Court should grant the motion for leave and set a briefing schedule on GT's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the Alternative, for Judgment on the Pleadings.

---

[1] Plaintiffs incorrectly dispute that this is a motion for lack of subject matter jurisdiction and seek to mischaracterize the motion as merely one under Rule 12(b)(6) and possibly Rule 56. That can and will be addressed in GT's Reply on that motion if Plaintiffs really press that contention. This disagreement, however, is not pertinent to the motion before the Court here, which is only for leave to file GT's motion to dismiss. Therefore, we respectfully ask the Court to defer this potential question for consideration on that motion.

Page 1

**B. Plaintiffs' merits-based arguments are misplaced.**

The merits of GT's proposed motion to dismiss are not at issue on this motion for leave. Nevertheless, Plaintiffs seek to argue those merits here. Plaintiffs are wrong. But GT will not burden the Court with that debate here, and will reserve it for the motion to dismiss.

**C. Plaintiffs' argument as to possible severance is irrelevant on this motion for leave and should therefore be ignored by the Court.**

Plaintiffs also seek to make an additional argument as to their pending motion to sever. That argument and motion have nothing to do with GT's motion for leave. Moreover, briefing on the severance motion has been completed and is closed.

Therefore, the Court should disregard the severance argument in Plaintiffs' Response.

## CONCLUSION

GT respectfully requests that the Court sign and enter the Order GT submitted at the time it filed its motion for leave.

Respectfully submitted,

By: /s/ Jim E. Cowles

**JIM E. COWLES**
Texas Bar No. 04931000
jcowles@cowlesthompson.com
**SIM ISRAELOFF**
Texas Bar No. 10435380
sisraeloff@cowlesthompson.com
**R. MICHAEL NORTHRUP**
Texas Bar No. 15103250
mnorthrup@cowlesthompson.com
**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2301 (Fax)

**ATTORNEYS FOR DEFENDANT GREENBERG TRAURIG, LLP**

CERTIFICATE OF SERVICE

The undersigned certifies that on the 26th day of May, 2016, a true and correct copy of the foregoing document was delivered via electronic means pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

/s/ Sim Israeloff_____
**SIM ISRAELOFF**