IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs.<br><br>vs.<br><br>GREENBERG TAURIG, LLP; HUNTON & WILLIAMS LLP;  and YOLANDA SUAREZ,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | CASE NO. 3:12-cv-04641-N |

**HUNTON & WILLIAMS LLP'S REPLY IN SUPPORT OF ITS
OPPOSED MOTION FOR LEAVE TO FILE A MOTION UNDER RULE 12(c)
AND JOINDER IN GREENBERG TRAURIG, LLP'S MOTION FOR LEAVE**

In response [ECF 198 ("Resp.")] to Hunton's motion for leave [ECF 195 ("Mot.")], Plaintiffs state they "do not oppose" the Court granting Hunton "leave to file [a] motion[] . . . for judgment on the pleadings under Rule 12(c)." (Resp. ¶ 8.) Accordingly, this Court should grant Hunton's motion and enter an order stating that Hunton may file its Rule 12(c) motion within 30 days of the issuance of the Court's order granting this motion. Hunton also requests that the Court's order state that Hunton may file its Rule 12(c) motion without prejudice to its ability to file a future motion for summary judgment, in the event the Court converts Hunton's Rule 12(c) motion into a motion for summary judgment. Additionally, Hunton makes three brief points to address Plaintiffs' response to Hunton's motion for leave:

*First*, Plaintiffs' opposition to Hunton's request for leave to file a later motion for summary judgment addressing the merits (Resp. ¶ 9) is inconsistent with their apparent

agreement that the Court can resolve the attorney immunity doctrine now on the pleadings (*id.* ¶ 8).  Plaintiffs cite no authority to support their opposition to Hunton's request, and ignore the Northern District of Texas cases that Hunton cites, in which courts have indicated it is appropriate to permit a party that raises an immunity to later move for summary judgment on the merits.  (Mot. ¶ 8); *see also Troice v. Proskauer Rose LLP*, No. 15-10500, 2016 WL 929476, at *3 (5th Cir. 2016) (attorney immunity is a "true immunity from suit" that should be resolved early in the litigation).

*Second*, Plaintiffs' disagreement with the merits of Defendants' contentions on whether and how attorney immunity applies (*see, e.g.*, Resp. ¶¶ 4-8) is irrelevant to Hunton's motion for leave.  Once Hunton files its motion for judgment on the pleadings, Plaintiffs can respond to Hunton's arguments as they see fit.

*Third,* Plaintiffs' contentions with respect to their separately-pending and fully briefed motion to sever the claims filed by the Receiver and the Official Stanford Investors Committee ("OSIC") (*see* Resp. ¶¶ 2-3) also have no bearing on Hunton's motion for leave.  Moreover, contrary to Plaintiffs' assertion that Hunton's Rule 12(c) motion will have "no applicability" to the claims asserted against Hunton by the Receiver and the OSIC (*id.* ¶¶ 2-3), the attorney immunity doctrine bars *all* claims asserted by or on behalf of a person or entity with which Hunton did not have an attorney-client relationship.  The OSIC was never Hunton's client, nor did Hunton represent all Stanford entities.[1]

---

[1] A law firm defendant in another Stanford-related case recently filed a Rule 12(c) motion arguing that the attorney immunity doctrine bars the claims asserted against them by the OSIC.  *See* Proskauer's Mot. for Judg. on the Pleadings, *Janvey v. Proskauer*, No. 3:13-cv-0477 (N.D. Tex. May 12, 2016).

## CONCLUSION

For the foregoing reasons, and those set forth in Hunton's motion for leave [ECF 195], this Court should enter an order stating that Hunton may file its Rule 12(c) motion (a) within 30 days of the issuance of the Court's order granting this motion and (b) without prejudice to its ability to file a future motion for summary judgment addressing the merits, in the event the Court converts Hunton's Rule 12(c) motion into a motion for summary judgment.

Dated: May 31, 2016                                      Respectfully submitted,

                                                         By:    /s/ Jeffrey D. Colman

| | |
|---|---|
| Richard A. Sayles (Tex. # 17697500) | Jeffrey D. Colman (Ill. # 0491160) |
| Shawn Long (Tex. # 24047859) | David Jiménez-Ekman (Ill. # 6210519) |
| SAYLES WERBNER | Andrew W. Vail (Ill. # 6279951) |
| 4400 Renaissance Tower | April A. Otterberg (Ill. # 6290396) |
| 1201 Elm Street | JENNER & BLOCK LLP |
| Dallas, TX 75270 | 353 N. Clark Street |
| dsayles@swtriallaw.com | Chicago, IL 60654-3456 |
| (214) 939-8701 | jcolman@jenner.com |
| (214) 939-8787 (Facsimile) | (312) 923-2940 |
| | (312) 840-7340 (Facsimile) |
| *Counsel for Defendant* | |
| *Hunton & Williams LLP* | *Counsel for Defendant Hunton & Williams LLP* |
| | *Admitted* Pro Hac Vice |

## CERTIFICATE OF SERVICE

I, Jeff Colman, hereby certify that on May 31, 2016, a copy of the foregoing **Hunton's Reply In Support Of Its Opposed Motion For Leave To File A Motion Under Rule 12(c), Brief In Support, And Joinder In Greenberg Traurig, LLP's Motion For Leave** was served on all counsel of record in the above-captioned matter in accordance with the Federal Rules of Civil Procedure.

                                                         /s/ Jeffrey D. Colman
                                                         Jeffrey D. Colman