## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                 Plaintiff,<br><br>- against –<br><br>STANFORD INTERNATIONAL BANK, LTD, *et al.*,<br>                                 Defendants. | Civil Action No. 3:09-cv-00298-N<br>Judge David C. Godbey |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>                                 Plaintiffs,<br><br> - against -<br><br>PROSKAUER ROSE, LLP, *et al.*,<br>                                 Defendants. | Civil Action No. 3:13-cv-00477-N<br>Judge David C. Godbey |

## NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS

PLEASE TAKE NOTICE that Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee (the "Committee"), and Samuel Troice, Pam Reed, Horacio Mendez, Annalisa Mendez, and Punga Punga Financial, Ltd., individually and, in the case of Pam Reed, Samuel Troice, and Punga Punga Financial, Ltd., on behalf of a putative class of Stanford investors (collectively, the "Investor Plaintiffs," and with the Receiver and the Committee, the

"Plaintiffs"), have reached an agreement (the "Settlement Agreement") to settle all claims asserted or that could have been asserted against Chadbourne & Parke LLP ("Chadbourne") by the Receiver and the Committee in *Janvey v. Proskauer Rose, LLP*, No. 3:13-cv-0477-N (N.D. Tex.) (the "Receiver Litigation"), and by the Investor Plaintiffs in *Troice v. Proskauer Rose, LLP*, Case No. 3:09-cv-01600-N (N.D. Tex.) (the "Investor Litigation").

PLEASE TAKE FURTHER NOTICE that the Plaintiffs have filed an Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Chadbourne & Parke LLP, to Approve the Proposed Notice of Settlement with Chadbourne & Parke LLP, to Enter the Bar Order, to Enter the Rule 54(b) Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion"), filed in *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-0298-N (N.D. Tex.) (the "SEC Action").   Copies of the Settlement Agreement, the Motion, and other supporting papers may be obtained from the Court's docket in the SEC Action [ECF Nos. 2300, 2301, 2301-1, 2301-2, 2301-3, 2301-4, 2301-5, 2301-6, 2305], and are also available on the websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/).  Copies of these documents may also be requested by email, by sending the request to frontdesk@casnlaw.com; or by telephone, by calling Sandy Rivas at 210-630-4200.   All capitalized terms not defined in this Notice of Settlement and Bar Order Proceedings are defined in the Settlement Agreement, attached as Exhibit 1 of the Appendix to the Motion.

PLEASE TAKE FURTHER NOTICE that the Motion requests that the Court approve the Settlement and enter a bar order permanently enjoining, among others, Interested Parties,[1]

---

[1]   "Interested Parties" means the Receiver; the Receivership Estate, the Committee, the members of the Committee; the Plaintiffs; the Stanford Investors; the Claimants; the Examiner; or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

including Stanford Investors,[2] and Claimants,[3] from pursuing Settled Claims,[4] including claims you may possess, against Chadbourne.

PLEASE TAKE FURTHER NOTICE that the settlement amount is thirty-five million U.S. dollars ($35,000,000.00) (the "Settlement Amount"). The Settlement Amount, less any fees and costs awarded by the Court to the attorneys for Plaintiffs (the "Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a Distribution Plan hereafter to be approved by the Court in *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-0298-N (N.D. Tex.) (the "SEC Action") (see subparagraph e below).

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the Settlement Agreement are as follows:

  a)  Chadbourne will pay $35 million, which will be deposited with the Receiver as required pursuant to the Settlement Agreement;

  b)  Plaintiffs will fully release the Chadbourne Released Parties[5] from Settled Claims, *e.g.*, claims arising from or relating to Robert Allen Stanford, the

---

[2]   "Stanford Investors" means customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd., and/or were holding certificates of deposit issued by Stanford International Bank, Ltd.

[3]   "Claimants" means any Persons who have submitted a Claim to the Receiver or to the Joint Liquidators.

[4]   "Settled Claims" generally means any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) Chadbourne's relationship with any one or more of the Stanford Entities and/or any of their personnel; (iv) Chadbourne's provision of services to or for the benefit of or on behalf of the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Investor Litigation, the Receiver Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to the Settlement Agreement and the Settlement. *See* Paragraph 17 of the Settlement Agreement for a complete definition of Settled Claim. [ECF No. 2301-1, pages 10-12.]

Stanford Entities,[6] or any conduct by the Chadbourne Released Parties relating to Robert Allen Stanford or the Stanford Entities, with prejudice, except that the release will not extend to claims against former Chadbourne partner Thomas V. Sjoblom arising out of any work performed by Mr. Sjoblom during the time of his affiliation with Proskauer Rose LLP;

   c)   The Settlement Agreement requires entry of a Rule 54(b) Final Judgment and Bar Order in the Receiver Litigation, and entry of a Final Bar Order in the SEC Action, each of which permanently enjoins, among others, Interested Parties, including all Stanford Investors and Claimants from bringing, encouraging, assisting, continuing, or prosecuting, against Chadbourne or any of the Chadbourne Released Parties, the Investor Litigation, the Receiver Litigation, any of the actions listed in Exhibit E to the Settlement Agreement, or any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature commenced after the issuance of the

---

[5]   "Chadbourne Released Parties" means Chadbourne, and all of its predecessor firms and, of each of the foregoing, all of their respective past and present subsidiaries, parents, successors and predecessors, affiliates, related entities and divisions, and all of their respective current and former partners, members, counsel, principals, participating principals, associates, managing or other agents, management personnel, officers, directors, shareholders, administrators, servants, employees, staff, consultants, advisors, attorneys, accountants, lenders, insurers and reinsurers, representatives, successors and assigns, known or unknown, in their representative capacity or individual capacity. Notwithstanding the foregoing, "Chadbourne Released Parties" shall not include any Person, other than Chadbourne, against whom, as of the Agreement Date, any of the Plaintiffs is asserting a claim or cause of action in any judicial proceeding, and also shall not include any Person who becomes employed by, related to, or affiliated with Chadbourne after the Agreement Date and whose liability, if any, arises solely out of or derives solely from their actions or omissions before becoming employed by, related to, or affiliated with Chadbourne.

[6]   "Stanford Entities" means Robert Allen Stanford; James M. Davis; Laura Pendergest-Holt; Gilbert Lopez; Mark Kuhrt; SIB; Stanford Group Company; Stanford Capital Management, LLC; Stanford Financial Group; the Stanford Financial Bldg Inc.; the entities listed in Exhibit D to the Settlement Agreement [ECF No. 2301-1, pages 67-70]; any entity of any type that was owned, controlled by, or affiliated with Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, SIB, Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or before February 16, 2009.

U.S. Supreme Court's decision in *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058 (Feb. 26, 2014), including, without limitation, contribution or indemnity claims or the claims filed against Chadbourne in *ARCA Investments v. Proskauer Rose LLP*, Civil Action No. 3:15-CV-02423-D (N.D. Tex.), arising from or relating to a Settled Claim ;

d)  The Receiver will disseminate notice of the Settlement Agreement (i.e. this Notice) to Interested Parties, through one or more of the following:  mail, email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and Receiver (http://www.stanfordfinancialreceivership.com) websites;

e)  The Receiver will develop and submit to the Court for approval a plan for disseminating the Settlement Amount (the "Distribution Plan");

f)  Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver;

g)  Persons who accept funds from the Settlement Amount will, upon accepting the funds, fully release the Chadbourne Released Parties from any and all Settled Claims;

h)  The Investor Litigation will be dismissed with prejudice as to Chadbourne, with each party bearing its own costs and attorneys' fees;

i)  The Receiver Litigation will be dismissed with prejudice as to Chadbourne, with each party bearing its own costs and attorneys' fees; and

    j)   Each of the actions listed in Exhibit E to the Settlement Agreement [ECF No. 2301-1, page 71], if not previously dismissed, will be dismissed with prejudice as to Chadbourne, with each party bearing its own costs and attorneys' fees.

Attorneys for the Committee and the Investor Plaintiffs seek a fee award based upon 25% of the Settlement Amount, pursuant to 25% contingency fee agreements with the Committee and the Investor Plaintiffs. Twenty-five percent of the net recovery from the Settlement is to be calculated but shall not exceed $8,750,000.00.

The final hearing on the Motion will be held before the Honorable David C. Godbey of the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at 10:00 a.m. on Friday, August 12, 2016, (the "Final Approval Hearing"). Any objection to the Settlement Agreement or its terms, the Motion, the Rule 54(b) Final Judgment and Bar Order, the Final Bar Order, or the request for approval of the Committee's and Investor Plaintiffs' attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than July 22, 2016. Any objections not filed by this date will be deemed waived and will not be considered by the Court. Those wishing to appear and to orally present their written objections at the Final Approval Hearing must include a request to so appear within their written objections.

*    *    *

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED:    May 31, 2016        BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF TEXAS