UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br>§§§§§§§§§§§§ Plaintiffs,<br>vs.<br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br>Defendants. | CIVIL ACTION NO.<br>3:12-cv-04641-N |

**PLAINTIFFS' MOTION FOR ENTRY OF A SCHEDULING ORDER WITH RESPECT TO ESTATE CLAIMS ASSERTED BY THE RECEIVER AND OSIC**

Plaintiffs Ralph S. Janvey (the "Receiver"), in his capacity as court-appointed receiver for the Stanford Receivership Estate, the Official Stanford Investors Committee ("OSIC"), and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, "Class Plaintiffs" and together with the Receiver and OSIC, the "Plaintiffs"), file this motion (the "Motion") to request the entry of a scheduling order with respect the estate claims asserted by the Receiver and OSIC under Rule 16 of the Federal Rules of Civil Procedure, and in support state as follows:

**I. PRELIMINARY STATEMENT**

Plaintiffs in this case have asserted two categories of claims: claims asserted by the Receiver and OSIC on behalf of the Stanford receivership estate (the "Estate Claims") and claims asserted by the Class Plaintiffs on behalf of a putative class of defrauded Stanford

---
**Plaintiffs' Motion for Entry of Scheduling Order with Respect to Estate Claims**    Page 1

investors (the "Class Claims"). Although the Estate Claims and Class Claims generally arise from the same underlying facts, the claims are distinct and can proceed independently of one another.

Although the case has been pending for 4½ years, merits discovery has not commenced. To the contrary, and despite the fact that the Court largely denied Defendants' respective motions to dismiss over 2 years ago, discovery has been stayed while the Court considers the Class Plaintiffs' motion for class certification with respect to the Class Claims. That request has been fully briefed and awaiting decision for over a year. Because of the discovery stay, there has been no substantive progress in the case during that time. The continued delay in this case prejudices the Plaintiffs, and Stanford investors generally, and violates both the letter and spirit of Rules 1 and 16 of the Federal Rules of Civil Procedure. Because the Estate Claims must proceed without regard to the Court's decision on class certification, the Court should enter a scheduling order and permit the parties to proceed with discovery and move the Estate Claims toward trial.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A.      Filing of Complaint and Motions to Dismiss under Rule 12**

Plaintiffs initiated this action on November 15, 2012 by filing a joint Original Complaint – Class Action (the "Complaint") [Docket No. 1] in which the Receiver/OSIC and the Class Plaintiffs each assert separate claims against the Defendants. Plaintiffs' claims are separately asserted as the Receiver/OSIC's Estate Claims and the Class Plaintiffs' Class Claims. *See* Complaint at 140-47 (Estate Claims) and 148-62 (Class Claims).[1]

---

[1] In the Complaint, the Receiver and OSIC asserted claims against Defendants for negligence, aiding and abetting or participation in breaches of fiduciary duties, breaches of fiduciary duties, fraudulent transfer/unjust enrichment, aiding and abetting or participation in fraudulent transfers, and negligent retention. The Class Plaintiffs asserted

Defendants each filed motions to dismiss Plaintiffs' claims under Rule 12(b)(6) [Docket Nos. 27, 49, 56, 90] (collectively the "Motions to Dismiss").  By orders dated December 17, 2014 [Docket No. 114] and February 4, 2015 [Docket No. 123] (collectively the "Dismissal Orders"), the Court granted in part and denied in part Defendants' Motions to Dismiss.[2]  After entry of the Dismissal Orders, the following claims remain:

| Category | Claim |
| --- | --- |
| Estate Claims | Negligence (all Defendants) |
| | Aiding and Abetting Breach of Fiduciary Duty (all Defendants) |
| | Breach of Fiduciary Duty (Suarez only) |
| | Fraudulent Transfer / Unjust Enrichment (Greenberg/Hunton only) |
| | Negligent Retention / Negligent Supervision (Greenberg/Hunton only) |
| Class Claims | Aiding and Abetting Violations of the TSA |
| | Aiding and Abetting / Participating in Breach of Fiduciary Duty |
| | Aiding and Abetting / Participating in a Fraudulent Scheme |
| | Civil Conspiracy |

Defendants Hunton and Suarez filed their respective Answers to Plaintiffs' Complaint over 2 years ago on March 4, 2015 [Docket Nos. 128 and 129]. Greenberg filed its Original Answer to the Complaint on February 21, 2013 [Docket No. 27] and filed an Amended Answer on October 19, 2015 (Docket No. 147).

**B.     Plaintiff's Initial Request for Scheduling Order and Discovery and Briefing Related to Class Certification**

On June 2, 2015, Plaintiffs filed a motion requesting entry of a discovery scheduling order [Docket No. 131].  Plaintiffs sought to defer consideration of class certification with

---

claims for aiding and abetting violations of the TSA, aiding and abetting or participation in breaches of fiduciary duties, aiding and abetting or participation in a fraudulent scheme, and civil conspiracy.

[2] The Court dismissed Receiver's and OSIC's claims for aiding and abetting fraudulent transfers (against all Defendants) and breach of fiduciary duty (against Hunton and Greenberg).  The Court dismissed Class Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of unregistered securities and the sale of securities by an unregistered dealer arising from sales prior to February 1, 2008 and for aiding and abetting and civil conspiracy for sale of securities through untruth or omission arising from sales prior to February 1, 2006.

respect to the Class Claims and to proceed with merits discovery on the Estate Claims.[3] The Court denied the Plaintiffs' request [Docket No. 141] and instead entered a class certification scheduling order on August 21, 2015, setting deadlines for class certification discovery and briefing with respect to the Class Claims and staying all other discovery, including discovery with respect to the Estate Claims [Docket No. 142]. Thereafter, the parties conducted class certification discovery and briefing, which was completed and submitted to the Court for determination on February 26, 2016 [Docket Nos. 175-184]. Class Plaintiff's request for class certification has been fully briefed and ripe for decision since that time.

**C.   Plaintiffs' Motion for Severance of Estate Claims and Entry of Scheduling Order**

On December 10, 2015, while the parties were conducting class certification discovery and briefing related to the Class Claims, the Plaintiffs filed a motion seeking severance of the Estate Claims from the Class Claims under Rule 21 (the "<u>Motion for Severance</u>") [Docket No. 163]. In the Motion for Severance, the Plaintiffs requested that the Court sever the Estate Claims from the Class Claims and enter a scheduling order in the severed action that would permit the Receiver and OSIC to commence merits discovery with respect to the Estate Claims concurrently with the briefing and determination of class certification. The Motion for Severance has been fully briefed and ripe for determination since January 14, 2016.

### III. ARGUMENT AND AUTHORITIES

Although the motion for class certification and the Motion for Severance have been fully briefed and awaiting decision, there has been no substantive progress in the case since February 2016. Merits discovery with respect to the both the Class Claims and Estate Claims has been stayed pursuant to the Class Certification Scheduling Order. To prevent any further delay in the

---

[3] Plaintiffs sought that relief in large part because the Court already had before it fully briefed motions for class certification in *Troice v. Willis*, Civil Action No. 3:09-cv-1274, and *Troice v. Proskauer Rose, LLP*, Civil Action No. 3:09-cv-1600.

prosecution of the Estate Claims, and undue prejudice to the Plaintiffs, the Court should enter a scheduling order that permits the Receiver and OSIC to commence merits discovery with respect to the Estate Claims and move this case toward a trial of the Estate Claims.

Rule 1 requires that the Court apply and construe the Rules of Federal Procedure in a manner that will "secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 16(b)(2), in turn, provides that the Court *must* enter a scheduling order "as soon as practicable," meaning within the earlier of 90 days after the defendant has been served or 60 days after the defendant has appeared, "unless the judge finds good cause for delay." Defendants filed Answers to the Complaint over 2 years ago, and Plaintiffs submit there is no good cause for any further delay in the entry of a scheduling order with respect to the Estate Claims.

The Estate Claims have been pending for nearly 4½ years. There is no scheduling order in place, no trial date has been set, and no merits discovery has been done. As a result, the Receiver's and OSIC's case remains in its early stages. The prosecution of the Estate Claims has been delayed indefinitely pending the Court's ruling on class certification.

Although premised on the same general facts, the Class Claims are entirely distinct from the Estate Claims, and the Court's decision regarding class certification will not affect the Estate Claims. Accordingly, the pendency of the Class Claims and outstanding issues regarding class certification do not constitute good cause for continued delay in the entry of a scheduling order with respect to the Estate Claims.

In determining whether cause exists under Rule 16(b)(2),[4] one court identified the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action

---

[4] Rule 16(b)(2) was amended as of December 1, 2015 to shorten the time for entry of a scheduling order and "reduce delay at the beginning of litigation," while at the same time permitting courts to delay entry of a scheduling order for

and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Chesser v. Director Federal Bureau of Prisons*, No. 15-CV-01939-NYW, 2016 WL 1170448, at *5 (D. Colo. Mar. 25, 2016) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). Each of these factors supports entry of a scheduling order with respect to the Estate Claims.

First, as the representatives of defrauded Stanford investors, the Receiver and OSIC have a strong interest in proceeding expeditiously and efficiently in their prosecution of the Estate Claims. Ongoing delay continues to prejudice the Receiver, OSIC and Stanford investors. Under the Class Certification Scheduling Order, the Estate Claims have been stayed for approximately 18 months while the Court considers class certification even though the outcome of class certification has no effect on the Estate Claims. It was for this reason that Plaintiffs filed the Motion for Severance, but even that Motion has been pending for a year. As time passes, evidence deteriorates and memories fade, and the administrative costs of this action and the pending receivership continue to accrue to the detriment of Stanford investors.

Second, entry of a scheduling order with respect to the Estate Claims will not unduly burden the Defendants. As set forth above, the Estate Claims are entirely distinct from the Class Claims and must proceed to merits discovery and trial regardless of the outcome of class certification. Further, the Court can minimize the risk of duplicative discovery by ordering that any discovery taken with respect to the Estate Claims may be used in connection with the Class Claims in the event the Court permits those claims to go forward. The risk of any potentially

---

"good cause." FED. R. CIV. P. 16 Adv. Comm. Notes 2015 Amendment. As a result, there are few reported decisions construing the meaning of "good cause" within the meaning of the revised Rule.

duplicative discovery is small, and in any event is greatly outweighed by the prejudice that further delay will cause to the Receiver, OSIC, and the defrauded Stanford investors.

Third, permitting the Estate Claims to proceed—which must happen regardless of the outcome of class certification—is judicially efficient because it will bring the Estate Claims, and the case generally, closer to resolution and removal from the Court's docket. As noted above, the case has been pending for approximately 4½ years and yet remains in its infancy, with discovery, motion practice, and trial all to be completed. Moreover, the Stanford receivership has been pending for over 8 years. Allowing the Receiver and OSIC to move the Estate Claims toward a final resolution will inure to the benefit of both the Court and Stanford's long-suffering investors. Regardless of whether the Court grants the Motion for Severance at this stage or not, the Court should enter a Scheduling Order that governs the Estate Claims and sets them for trial.

The final factors identified in *Chesser*, the interests of persons not parties to the civil litigation and the public interest, are essentially identical in this case. The Estate Claims have remained stagnant for over 18 months while Stanford investors await a resolution of the class certification issues. Issuance of a scheduling order in accordance with the requirements of Rules 1 and 16(b)(2) will serve the public interest by permitting a timely resolution of the parties' dispute. As one court has observed, Rule 1 embodies the "fundamental truth" that "the accessibility of the Courts would have no particular societal benefit if the actions so filed were not able to be timely brought to trial." *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 583 (D. Minn. 1999). At this point in the case, the entry of a scheduling order allowing the Receiver and OSIC to pursue the Estate Claims is necessary to protect and preserve the public's ability to procure timely justice in the federal courts.

## IV. CONCLUSION & PRAYER

The Court granted the Receiver's and OSIC's motion for entry a scheduling order under similar circumstaces in the *Proskauer* case. *See Janvey v. Proskauer Rose LLP*, Case No. 3:13-cv-477n-bg [Docket No. 108]. In that case, defendants opposed the entry of a scheduling order with respect to the estate claims and contended that discovery should be coordinated with the class claims asserted in *Dorrell v. Proskauer Rose LLP, et al.*, Case No. 3:16-cv-1152-n. In deciding not to tie estate claims to the class claims, Magistrate Koenig noted that the estate action had "been pending for approximately three and a half years," and concluded that "there [was] no reason to further delay procedings in th[e] case." *Id.* at 3. The same is true here; the pendency of the Class Claims does not justify continued delay in the prosecution of the Estate Claims.

Plaintiffs believe that a trial setting in the fall of 2018 would permit the parties sufficient time to conduct discovery and prepare for trial. Accordingly, Plaintiffs request that the Court (i) enter an order requiring the parties to conduct a Rule 26 conference with respect to the Estate Claims and, upon filing of the Rule 26 report, (ii) enter a scheduling order with respect to the Estate Claims governing all discovery and pretrial deadlines and setting the case for trial in the fall of 2018. Plaintiffs request any further relief the Court deems appropriate, including granting of the Motion for Severance coincident to the entry of a scheduling order.

Dated: March 31, 2017

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN, LLP** |
| By: */s/ Edward C. Snyder*<br>    Edward C. Snyder<br>    esnyder@casnlaw.com<br>    Jesse R. Castillo<br>    jcastillo@casnlaw.com<br>    300 Convent Street, Suite 1020<br>    San Antonio, Texas  78205<br>    (210) 630-4200<br>    (210) 630-4210 (Facsimile) | By: */s/ Douglas J. Buncher*<br>    Douglas J. Buncher<br>    dbuncher@neliganlaw.com<br>    Republic Center<br>    325 N. St. Paul, Suite 3600<br>    Dallas, Texas  75201<br>    (214) 840-5320<br>    (214) 840-5301 (Facsimile) |
| **BUTZEL LONG, P.C.** | **STRASBURGER & PRICE, LLP** |
| By: */s/ Peter D. Morgenstern*<br>    Peter D. Morgenstern (*admitted pro hac vice*)<br>    morgenstern@butzel.com<br>    230 Park Avenue, Suite 850<br>    New York, New York 10169<br>    (212) 818-1110<br>    (212) 818-0494 (Facsimile) | By: */s/ Judith R. Blakeway*<br>    Judith R. Blakeway<br>    judith.blakeway@strasburger.com<br>    2301 Broadway<br>    San Antonio, Texas  78215<br>    Telephone: (210) 250-6000<br>    Facsimile: (210) 250-6100 |

**COUNSEL FOR THE PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on March 29-30, 2017, counsel for Plaintiffs conferred with counsel for Defendants in this matter regarding the relief requested in this Motion.  Despite each party's reasonable efforts, the partes were unable to reach an agreement on the requested relief.  Accordingly, this opposed Motion is presented to the Court for determination.

      By:    */s/ Douglas J. Buncher*
            Douglas J. Buncher

**CERTIFICATE OF SERVICE**

      I hereby certify that, on March 31, 2017, I served all parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      By:    */s/ Douglas J. Buncher*
            Douglas J. Buncher

85871v.5