IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, | § | |
| HUNTON & WILLIAMS, LLP; and | § | |
| YOLANDA SUAREZ, | § | |
| | § | |
| Defendants. | § | |

**GREENBERG TRAURIG, LLP'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR ENTRY OF A SCHEDULING ORDER WITH RESPECT TO
ESTATE CLAIMS ASSERTED BY THE RECEIVER AND OSIC**

Defendant Greenberg Traurig, LLP files this response in opposition to Plaintiffs' Motion

for Entry of a Scheduling Order With Respect to Estate Claims Asserted by the Receiver and

OSIC [D.E. 225] and states as follows:

SUMMARY

The earliest of the pending motions that should be ruled on, because they raise the

immunity issue, are Defendants' motions to dismiss and for judgment on the pleadings.  The

present motion merely duplicates Plaintiffs' prior motion which is under submission and, as a

duplicate, the present motion should be disregarded.  Opening merits discovery on some claims

while class issues remain unresolved is inefficient, unnecessary and invites endless discovery

battles.  Entering a scheduling order and trial setting on less than the whole case is inappropriate.

Plaintiffs don't even identify any discovery they need or how they would be prejudiced if the

Class Scheduling Order is not modified.  Plaintiffs already have all material evidence on their

claims anyway.

**PROCEDURAL HISTORY**

This is the third motion for a merits discovery scheduling order on the Receiver and OSIC claims, as set out below.

1.      On June 2, 2015, Plaintiffs filed their first motion for a merits discovery scheduling order for the Receiver and OSIC claims [Dkt. 131].  The Court denied the motion for the following reasons:

> Plaintiffs move the Court to defer consideration of class certification and proceed with entry of a merits discovery scheduling order. The Court declines to do so. The Court has repeatedly taken the view that judicial efficiency is best served by proceeding to first resolve issues pertaining to class certification. Accordingly, the Court denies Plaintiffs' motion to enter a merits discovery scheduling order. The Court will enter a class certification scheduling order by separate order.

Order [Dkt. 141] (Aug. 11, 2015).

2.      The Court entered a Class Certification Scheduling Order which provides in part that "*All discovery except regarding class certification is stayed*."   [Dkt. 142](Aug. 21, 2015)(emphasis added).

3.      Plaintiffs filed a second motion for a scheduling order as to the Receiver and OSIC claims on December 10, 2015, entitled Plaintiffs' Motion For Severance Of Estate Claims Asserted by the Receiver And OSIC and Request for Entry of Scheduling Order [Dkt. 163]. Briefing on that motion is closed and the motion is under submission.

4.      On February 26, 2016, the parties filed the class certification motion and response together with evidence and briefs. [Dkts. 175-185].

5.      On June 15, 2016, Greenberg, Traurig filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction based on new case law from the Texas Supreme Court and the Fifth Circuit on attorney immunity [Dkt. 203].

6.      On July 15, 2016, Hunton & Williams filed its Motion for Judgment on the Pleadings on Claims by Non-Clients [Dkt. 207].

7.      On September 26, 2016, Plaintiffs filed a Notice Regarding Completed Briefing reminding the Court of their motion for severance and a scheduling order. [Dkt. 218].  Three of the Receiver's Status Reports Regarding Pending Motions also included a reminder of Plaintiffs' motion.[1]

8.      On March 31, 2017, while the second motion for a scheduling order was still under submission Plaintiffs filed the instant motion, which is the third motion seeking a merits discovery scheduling order on the Receiver and OSIC claims [Dkt. 225].

## RESPONSE

9.      The motion is an improper attempt to re-brief a motion that is already under submission.  It seeks the same relief as Plaintiffs' second motion for a scheduling order but without a severance as justification.  As such it resurrects the *first* motion for scheduling order which did not seek a severance (but without a request to  defer class consideration as justification), which the Court denied.  The motion should be disregarded or stricken as it is a duplicate or an unauthorized surreply with respect to a motion for which briefing is closed. Local Rule 7.1.

10.     Because Greenberg Traurig's motion to dismiss and Hunton's motion for judgment on the pleadings involve immunity and subject matter jurisdiction they should clearly be decided before any other pending motions.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)(immunity questions should be resolved at the earliest possible stage of litigation).  If the putative class claims survive the immunity challenge, then for the reasons set out in the Court's prior orders merits discovery should remain stayed until class certification is decided.

11.     Rule 16(b) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Rule 16(b), FED. R. CIV. P.;  *Marathon Financial Ins., Inc.*

---

[1] Case 3:09-cv-00298, [Dkt. 2498, March 3, 2017]; [Dkt. 2456, Dec. 2, 2016]; [Dkt. 2284, March 9, 2016].

RESPONSE TO MOTION FOR SCHEDULING ORDER - Page 3

1539752.1

*v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  When a party asserts a need for discovery to justify changing a scheduling order he must specify what information he seeks, its importance, and explain how he would be prejudiced if the scheduling order is not modified.  *See, e.g., Warner v. Lear Corp.*, 2017 U.S. Dist. LEXIS 33633 (N.D. Tex. Mar. 9, 2017).  Plaintiffs argue the need for discovery but identify *no discovery whatsoever* that they lack or how they would be prejudiced if the Class Scheduling Order is not modified.   That failure alone is sufficient to deny the motion.  *Id.*

12.     In truth Plaintiffs already have all material information about their claims.  Before suit was filed Greenberg Traurig produced all of its Stanford work files to the Plaintiffs.  The Receiver has possession of every Stanford record including the Ringtail e-mail database and a warehouse full of paper files.  Plaintiffs have the evidence from the criminal trials and have taken dozens of depositions of key players in other cases including defendant Yolanda Suarez.

13.     Opening merits discovery on some claims while class issues remain unresolved is inefficient, unnecessary, and invites endless discovery battles over relevancy as between class claims and Receiver/OSIC claims.  And entering a trial setting on less than the whole case would indeed be inappropriate.

14.     To the extent that any further response is necessary, Greenberg Traurig incorporates its response to Plaintiffs' prior pending motion [Dkt. 167].

Wherefore, Greenberg Traurig prays that Plaintiffs' Motion for Entry of a Scheduling Order be denied.

Respectfully submitted,

By: /s/ Sim Israeloff

**JIM E. COWLES**
Texas Bar No. 04931000
jcowles@cowlesthompson.com
**SIM ISRAELOFF**
Texas Bar No. 10435380
sisraeloff@cowlesthompson.com
**R. MICHAEL NORTHRUP**
Texas Bar No. 15103250
mnorthrup@cowlesthompson.com
**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000 (Tel)
(214) 672-2301 (Fax)

**ATTORNEYS FOR DEFENDANT
GREENBERG TRAURIG, LLP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 21st day of April, 2017, a true and correct copy of the foregoing document was delivered via electronic means pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

/s/ Sim Israeloff
**SIM ISRAELOFF**