**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>          Plaintiffs.<br><br>     vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS LLP; and YOLANDA SUAREZ,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CASE NO. 3:12-cv-04641-N<br>§<br>§<br>§<br>§<br>§<br>§ |

---

**DEFENDANT HUNTON & WILLIAMS LLP'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR ENTRY OF SCHEDULING ORDER WITH
RESPECT TO ESTATE CLAIMS ASSERTED BY THE RECEIVER AND OSIC**

---

Jeffrey D. Colman
April A. Otterberg
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
jcolman@jenner.com
(312) 923-2940
(312) 840-7340 (Facsimile)

*Admitted* Pro Hac Vice

Richard A. Sayles
Shawn Long
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
dsayles@swtriallaw.com
(214) 939-8701
(214) 939-8787 (Facsimile)

*Counsel for Hunton & Williams LLP*

**INTRODUCTION AND FACTUAL BACKGROUND**

In their Motion for Entry of a Scheduling Order [ECF 225] ("Motion"), the Receiver, the Official Stanford Investor Committee ("OSIC"), and the three plaintiffs who purport to represent a putative class (collectively, "Plaintiffs") ask this Court to enter a scheduling order that allows the Receiver's and the OSIC's claims against Hunton & Williams LLP ("Hunton") and Greenberg Traurig LLP ("Greenberg") to go forward *before* the Court decides whether a class can be certified. But this current Motion is a barely-disguised motion to reconsider the Court's *correct* determination, in August 2015, that "judicial efficiency is best served by proceeding to first resolve issues pertaining to class certification" rather than proceed into merits discovery first. (Order at 2 [ECF 141].) Directly following that August 2015 order, the Court established a schedule for Plaintiffs' class certification motion and discovery, and ordered that "[a]ll discovery except regarding class certification is stayed." (Class Cert. Sched. Order [ECF 142].)

As demonstrated below, Plaintiffs do not offer a valid reason for this Court to change its August 2015 scheduling order, or to lift the stay that order imposed. Instead, they use their Motion to lament the passage of time since that order and since the parties have completed class certification briefing. But the passage of time does not justify reconsideration, or the inefficiency and unworkability of what would amount to splitting this case in two.

If anything, the passage of time since the Court entered its class certification scheduling order and stay of merits discovery has crystallized yet *another* reason why it makes sense for the putative class, Receiver, and OSIC claims to proceed in the same case and on the same schedule: Hunton's fully-briefed motion for judgment on the pleadings on the basis of the Texas attorney immunity doctrine. (Hunton's Mot. for Judg. on the Pleadings [ECF 207].) That motion is directed to all of the putative class claims *as well as* the OSIC claims and portions of the Receiver's claims. (*Id*. at 1.) Requiring Hunton to engage in expensive and wide-ranging merits discovery before that

motion is resolved would defeat the purpose of that immunity. *See Troice v. Proskauer Rose LLP*, 816 F.3d 341, 346 (5th Cir. 2016). Plaintiffs do not even mention Hunton's attorney immunity motion in now asking this Court to schedule merits discovery and a trial.

Plaintiffs previously acknowledged that they brought both the Receiver/OSIC and putative class claims against Hunton and Greenberg together, in one lawsuit, "in order to promote efficiency and judicial economy." (Pls.' Resp. in Opp. to Mot. for Stay on SLUSA Issues at 4 [ECF 26].) With this latest Motion, Plaintiffs once again ask this Court to eliminate that efficiency. The Court should deny that request.

## ARGUMENT

**I.    Plaintiffs Fail To Demonstrate Why The Court Should Reconsider Or Alter Its Prior Correct Determination That Class Certification Should Be Resolved Before Merits Discovery.**

Plaintiffs' current Motion marks the third time that Plaintiffs have asked this Court to effectively split this case in two. The first was in the summer of 2015, when Plaintiffs asked this Court to require Hunton to undergo merits discovery and defer class certification proceedings entirely. (Pls.' Prior Mot. for Sched. Order at 1-2 [ECF 131].) The Court denied that motion. (Order [ECF 141].) The second time was in December 2015, when Plaintiffs asked the Court to sever the Receiver and OSIC claims from the putative class claims. (Pls.' Mot. to Sever [ECF 163].) That motion is fully briefed but remains pending.

As with both prior motions, "[t]he question before the Court is how to move this case forward most reasonably and efficiently. Splitting the case in two . . . is not the answer." (Hunton's Resp. in Opp. to Pls.' Mot. for Sched. Order at 2 [ECF 134].) The Court has agreed with Hunton, explaining that "judicial efficiency" results from "proceeding to first resolve issues pertaining to class certification," instead of forcing Hunton into merits discovery before it is clear whether a class can be certified—or not. (Order at 2 [ECF 141].) In their new Motion, Plaintiffs do not

identify any changed circumstances—let alone any compelling changed circumstances—that justify this Court reconsidering that decision. *See AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. CIV.A. 304CV1344D, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (motions to reconsider are appropriate only to "allow a party to correct manifest errors of law or fact or to present newly discovered evidence," and cannot be "based on recycled arguments" because such motions "serve[] only to waste the court's resources").

Rather, it remains true today, just as it was true then, that there is no compelling reason to allow merits discovery at this time, or on just the Receiver/OSIC claims. Plaintiffs argue that they need discovery now to gather evidence on their claims. (Mot. at 6.) But Plaintiffs have made that argument before (Pls.' Mot. to Sever at 6, Pls.' Prior Mot. for Sched. Order at 2), and as Hunton has previously pointed out, it is not convincing because, among other things, Plaintiffs have had Hunton's Stanford-related files since at least 2011, along with access to the millions of Stanford's documents available in the Ringtail database and a warehouse in Houston. (Hunton's Opp. to Pls' Prior Mot. for Sched. Order at 14 & n.7.)

More fundamentally, it would be inefficient, unworkable, and prejudicial to Hunton to push the Receiver/OSIC claims into merits discovery before class certification is resolved. (Hunton's Resp. to Mot to. Sever at 4-9 [ECF 168]; Hunton's Opp. to Pls.' Prior Mot. for Sched. Order at 11.) The scheduling order that Plaintiffs seek now would require the parties to conduct costly merits discovery twice—first on the Receiver/OSIC claims, then on any remaining class claims (if any class is certified). (*See* Hunton's Opp. to Pls.' Prior Mot. for Sched. Order at 10.) Plaintiffs assert that the "risk of duplicative discovery" can be "minimize[d]" if the Court orders that "any discovery taken with respect to the Estate Claims may be used in connection with the Class Claims." (Mot. at 6.) But Plaintiffs made that same argument in their previous motions (Pls.'

3

Prior Mot. for Sched. Order at 9; Pls.' Mot. to Sever at 6), and as Hunton previously demonstrated, it is no solution. (Hunton's Resp. to Pls.' Mot. for Sched. Order at 10-12; Hunton's Resp. to Mot. to Sever at 5.) For example, the scheduling order Plaintiffs seek would not prevent the need for multiple depositions of witnesses and additional document discovery if the Court later decides to certify a class with parameters that differ from the way the class claims are currently articulated in the Complaint. (*See* Hunton's Opp. to Pls.' Mot. for Sched. Order at 10.) Proceeding on merits discovery on the Receiver/OSIC claims while the status of the putative class claims is unresolved would also create confusion and uncertainty about what factual and legal rulings apply to what claims. (Hunton's Resp. to Pls.' Prior Mot. for Sched. Order at 10-12; Hunton's Resp. to Mot. to Sever at 5.) Indeed, in another Stanford case, this Court agreed that it would be complicated and messy for merits discovery to occur on some but not all claims, and before class certification is resolved.[1]

In the conclusion to their current Motion, Plaintiffs contend that the Court should enter a scheduling order here because Magistrate Judge Koenig entered a scheduling order in purportedly "similar circumstances" in *Janvey v. Proskauer Rose LLP* and did not require discovery in that case to be coordinated with discovery in *Dorrell v. Proskauer Rose LLP*. (Mot. at 8.) But those cases differ from the situation here. For one thing, there are two separate cases against Proskauer, with *Janvey* involving Receiver and OSIC claims and *Dorrell* involving putative class claims. In addition, *Dorrell* was filed less than a year ago, after the Fifth Circuit dismissed the first putative class case against Proskauer on the basis of attorney immunity. In *Dorrell*, Proskauer's motion to

---

[1] *See* Tr. of May 15, 2015 Status Phone Conf., *Rotstain v. Trustmark Nat'l Bank* at 8:13-21, found at page 5 of the Appendix to Hunton's Resp. to Pls.' Prior Mot. for Scheduling Order [ECF 134-1] (stating it would be "too difficult to try and manage" a situation where "merits discovery [would] go forward with regard to some claims and some parties and not the others," so the parties should "wait for merits discovery until class certification is resolved.").

4

dismiss is still pending, and the plaintiffs have not yet filed a motion to certify a class. In *Janvey*, because there are no class claims, there is no class certification scheduling order from the Court—as there is in this case (Class Cert. Sched. Order ¶ 3 [ECF 142])—staying merits discovery. Nothing about the circumstances of the Proskauer cases justifies lifting the stay in this case.

## II. Requiring Hunton To Conduct Discovery And Prepare For Trial Destroys The Protections It Is Entitled To Under Attorney Immunity.

Plaintiffs' Motion also ignores a fundamental reason why it would be inappropriate to lift the stay on merits discovery at this time: Hunton's motion for judgment on the pleadings on the basis of attorney immunity. Attorney immunity is *not* limited to the putative class claims against Hunton. Rather, Hunton's motion demonstrates that Hunton is immune from the putative class claims *as well as* (1) all of the OSIC's claims; and (2) the portions of the Receiver's claims that are based on conduct that Hunton purportedly undertook as part of representing Allen Stanford personally, or that are asserted on behalf of Stanford entities that Hunton did not represent. (Hunton's Mot. for Judg. on the Pleadings at 13-15.)

As the Fifth Circuit held in *Troice*, attorney immunity is a "true immunity from suit." 816 F.3d at 346. A key purpose of that immunity is to prevent lawyers and law firms from "incurring the costs of defending a lawsuit," and other burdens of litigation, including conducting discovery. *Id.* Allowing merits discovery on the Receiver/OSIC claims before the Court decides Hunton's attorney immunity motion would deprive Hunton of the protections to which it is entitled under Texas law, not to mention waste the parties' and the Court's resources if the Court grants judgment on the pleadings (and there are substantial bases to do so).

## III. Plaintiffs Fail To Show Good Cause Required To Change This Court's Current Scheduling Order And Stay.

Under Rule 16, a scheduling order can be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see Marathon Financial Ins., Inc. v Ford Motor Co.*,

5

591 F.3d 458, 470 (5th Cir. 2009). As demonstrated above, Plaintiffs do not—and cannot—show good cause.

Plaintiffs ignore this standard and argue, instead, that the Court should enter a scheduling order on the Receiver/OSIC claims based on five factors that govern *whether* a scheduling order should be entered, not whether to modify an existing order that includes a stay. (*See* Mot. at 5-6.) These five factors are: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. (Mot. at 5-6 (citing *Chesser v. Director Fed. Bureau of Prisons*, No. 15-CV-01939-NYW, 2016 WL 1170448, at *5 (D. Colo. Mar. 25, 2016)).) Even under these factors, the Court should deny Plaintiff's Motion.

*First*, Plaintiffs are not prejudiced by allowing this Court to decide attorney immunity and, if necessary, class certification, before merits discovery proceeds. Plaintiffs, like Hunton, will benefit from the reduced discovery costs that will come along with a scheduling order that provides for coordinated discovery that needs to be undertaken only once.

*Second*, lifting the stay on merits discovery would be prejudicial and burdensome to Hunton. In particular, requiring Hunton to participate in merits discovery before a decision on the firm's motion for judgment on the pleadings would deprive Hunton of the intended benefits of Texas's attorney immunity doctrine. (*See* Part I, above.) In addition, requiring Hunton to conduct duplicative merits discovery if any class is certified, which would happen under the scheduling order Plaintiffs request, would force Hunton to expend unnecessary additional resources. (*See id.*)

*Third*, entering a scheduling order that has two sets of claims—which Plaintiffs admit have substantial if not complete factual overlap (Mot. at 2)—proceeding on two different tracks is not

6

convenient or clear for the Court. The Court itself recognized as much both in entering the stay of merits discovery in this case (Order at 2 [ECF 142]) and when it told the parties in another Stanford matter, *Rotstain v. Trustmark*, that it would be "too difficult to try and manage" a situation where "merits discovery [would] go forward with regard to some claims and some parties and not the others" (*see supra* at 4 n.1).

*Fourth*, the interests of non-parties and the public interest (factors four and five) weigh in favor of waiting to enter a scheduling order until that order can simultaneously address any claims that remain in this case after the Court (1) resolves the attorney immunity issue, and (2) decides (if necessary) class certification. The public and Stanford CD purchasers have an interest in an efficient judicial process that does not waste the Court's or the receivership estate's resources, and the scheduling order that Plaintiffs propose would do just that.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion for a Scheduling Order.

Dated: April 21, 2017

Respectfully submitted,

By:   /s/ Jeffrey D. Colman

| | |
|---|---|
| Richard A. Sayles (Tex. # 17697500) | Jeffrey D. Colman (Ill. # 0491160) |
| Shawn Long (Tex. # 24047859) | April A. Otterberg (Ill. # 6290396) |
| SAYLES WERBNER | JENNER & BLOCK LLP |
| 4400 Renaissance Tower | 353 N. Clark Street |
| 1201 Elm Street | Chicago, IL 60654-3456 |
| Dallas, TX 75270 | jcolman@jenner.com |
| dsayles@swtriallaw.com | (312) 923-2940 |
| (214) 939-8701 | (312) 840-7340 (Facsimile) |
| (214) 939-8787 (Facsimile) | |
| | *Counsel for Defendant Hunton & Williams LLP* |
| *Counsel for Hunton & Williams LLP* | *Admitted* Pro Hac Vice |

7

## **CERTIFICATE OF SERVICE**

      I, Jeffrey Colman, hereby certify that on April 21, 2017, I electronically filed the foregoing **Defendant Hunton & Williams LLP's Response in Opposition to Plaintiffs' Motion for Entry of Scheduling Order** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

                                                  /s/ Jeffrey D. Colman
                                                  Jeffrey D. Colman