UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br>　　　　　Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br>　　　　　Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:12-cv-04641-N |

**PLAINTIFFS' REPONSE TO DEFENDANT HUNTON & WILLIAMS, LLP'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of all others similarly situated (collectively, the "Class Plaintiffs," and together with the Receiver and OSIC, the "Plaintiffs"), hereby submit this Response to Hunton & Williams, LLP's ("Hunton") Motion for Leave to File Notice of Supplemental Authority in Support of Motion for Judgment on Pleadings (ECF No. 223), and respectfully show the Court as follows:

This is Hunton's <u>third</u> motion for leave to file a notice of supplemental authority in connection with its Motion for Judgment on the Pleadings. However, like its previous filings, Hunton's present motion does little to finally resolve the issue raised in its Rule 12(c) motion:

the applicability of Texas' attorney immunity doctrine to this action. As Plaintiffs have previously noted, the Texas district and appellate courts will continue to examine and apply the Texas Supreme Court's decision in *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) in varying ways. Accordingly, until this Court rules on the attorney immunity doctrine as applied to the facts of this case, and then allows the parties to take the issue up to the Fifth Circuit and the Texas Supreme Court, Hunton is expected to continue its serial practice of filing notices of supplemental authority. Plaintiffs therefore respectfully request that the Court rule on the attorney-immunity issue in this case, which issue has been fully briefed since September 2016. *See* ECF Docs. 193 – 217.

Plaintiffs further note that the case cited by Hunton in its most recent motion, *Santiago v. Mackie Wolf Zientz & Mann, P.C.*, No. 05-16-00394-CV, 2017 WL 944027 (Tex. App.—Dallas, Mar. 10, 2017, no pet.), does not address facts that are similar to the particular facts of this action. The attorneys in *Santiago* represented their client in the course of a foreclosure proceeding. *Id*., at *1. Unlike the present case, the *Santiago* case did not involve allegations of criminal conduct, violations of the Texas Securities Act, or the violation of any other statute that provides for joint and several liability. *Santiago* is relevant only to the extent it reinforces a central conclusion of *Cantey Hanger*: "an attorney who participates in a fraudulent business scheme with his client … is not protected by the [attorney-immunity] doctrine." *Id*., at *3 (citing *Cantey Hanger*, 467 S.W.3d at 482). The Plaintiffs' well-pled allegations against Hunton of conduct rising to the level of criminality in their involvement in R. Allen Stanford's fraudulent business scheme preclude Hunton's attorney-immunity defense as a matter of law. For the reasons stated in Plaintiffs' response to Hunton's motion for judgment on the pleadings and herein, Hunton's motion should be denied in its entirety.

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN, LLP** |
| By: __/s/ *Edward C. Snyder*__<br>Edward C. Snyder<br>esnyder@casnlaw.com<br>Jesse R. Castillo<br>jcastillo@casnlaw.com<br>700 N. St. Mary's Street, Suite 405<br>San Antonio, Texas 78205<br>(210) 630-4200<br>(210) 630-4210 (Facsimile) | By: __/s/ *Douglas J. Buncher*__<br>Douglas J. Buncher<br>dbuncher@neliganlaw.com<br>Republic Center<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201<br>(214) 840-5320<br>(214) 840-5301 (Facsimile) |
| **BUTZEL LONG, P.C.** | **STRASBURGER & PRICE, LLP** |
| By: */s/ Peter D. Morgenstern*<br>Peter D. Morgenstern (*pro hac vice*)<br>morgenstern@butzel.com<br>Joshua E. Abraham (*pro hac vice*)<br>abraham@butzel.com<br>477 Madison Avenue, Suite 1230<br>New York, New York 10022<br>(212) 818-1110<br>(212) 898-0123 (Facsimile) | By: */s/ Judith R. Blakeway*<br>Judith R. Blakeway<br>judith.blakeway@strasburger.com<br>Merritt Clements<br>merritt.clements@strasburger.com<br>2301 Broadway<br>San Antonio, Texas 78215<br>Telephone: (210) 250-6000<br>Facsimile: (210) 250-6100 |

**COUNSEL FOR THE PLAINTIFFS**

## CERTIFICATE OF SERVICE

On April 27, 2017, I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:   */s Peter D. Morgenstern*
      Peter D. Morgenstern