UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated.<br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br>　　　　　　　Defendants. | CIVIL ACTION NO. 3:12-cv-04641-N |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF SCHEDULING ORDER WITH RESPECT TO ESTATE CLAIMS**

The Receiver and OSIC submit this reply in further support of their Motion for Entry of Scheduling Order with respect to Estate Claims [Docket No. 225].

**ARGUMENT IN REPLY**

1. For going on <u>five</u> years, the Receiver and OSIC have been denied the ability to commence merits discovery in this case. This has been due to, among other things, dispositive motions filed by the Defendants back in 2013 (all of which were long ago denied) and considerations of judicial economy that no longer apply. Against this backdrop, the Receiver and OSIC have filed the present motion in an effort to move this dormant case forward. As demonstrated in the Receiver's and OSIC's moving papers, there is no basis for a continuing, open-ended discovery stay, and the Federal Rules of Civil Procedure demand a "just" and

"speedy" determination of this action. *See* FED R. CIV. P. 1. Stanford's victims – whom the Court charged the Receiver and OSIC over seven years ago to represent – should not have to wait any longer for a resolution of this matter.

2.     The responses filed by defendants Greenberg Traurig LLP ("Greenberg") and Hunton & Williams, LLP ("Hunton") exemplify the outrageousness and incongruity of the present situation. In their responses, Greenberg and Hunton trumpet the fact that unrelated motions for Class certification and to dismiss the Class claims based on the attorney-immunity doctrine are still pending. Of course, these motions have no bearing whatsoever on the Receiver's and OSIC's separate and distinct claims. The Estate claims will proceed regardless of the outcome of the pending motions. As such, there is no legal basis for a continuing stay of the Estate claims. *See Miller v. Basic Research, LLC*, No. 2:07–CV–871 TS, 2011 WL 818150, at *5 (D. Utah Mar. 2, 2011) (stay of proceedings pending outcome of parallel action unwarranted where parallel action will have no preclusive effect on the parties' claims).

3.     Moreover, even if the Court were to rule on the Class certification motions in the near future, such a ruling could still be the subject of a Rule 23(f) application for interlocutory appeal by the defendants. In addition, the attorney immunity issue could result in an interlocutory appeal as it did in the *Troice v. Proskauer* suit. Greenberg and Hunton's proposal that no merits discovery should occur until all Class certification and attorney immunity issues are finally determined – possibly well into 2019 or later – is simply not tenable. These issues have nothing whatsoever to do with the Estate claims.

4.     Greenberg and Hunton also claim, disingenuously, that the Receiver and OSIC already have access to a substantial amount of discovery because they are in possession of the legal case files and the Receivership's *own* email databases. Even if true, the lion's share of

discovery in this case is expected to be conducted and elicited through depositions of fact witnesses located around the United States and abroad. There is a real danger that such testimony will be lost due to the passage of time. Greenberg, for example, began providing legal services to the Stanford entities 30 years ago, in the late 1980s. Undeniably, there is a very real danger that the memories of material witnesses will degrade substantially if this Court continues to deny the Receiver and OSIC merits discovery.[1] *See Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 405 (S.D. Tex. 2009) ("This case was filed back in September of 2008; and due to delays, discovery has yet to begin …. The Court expects that if information exists […] it will most likely have to be elicited through written interrogatories and oral depositions of the plaintiffs and others who took part in or witnessed any liability-creating transactions. **Because such information is couched in memory, the integrity of this information is in danger of degrading over time, and here, considerable time has already elapsed since the alleged events that gave rise to this suit took place**.") (emphasis supplied); *DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14, 31 (D.D.C. 2002) ("Allowing a case to languish for years on this Court's docket would not serve the interest of this Court or the parties involved. A stay issued prior to the completion of discovery is particularly problematic, as with time evidence may be lost and memories fade."); *Connecticut ex rel. Blumenthal v. BPS Petroleum Distribs., Inc.*, No. 3:91-CV-00173 (WWE), 1991 WL 177657, at *2 (D. Conn. July 16, 1991) (denying requested stay because "[s]tays in proceedings may result in prejudice [ ] because witnesses relocate, memories fade, and persons ... are unable to seek vindication or redress for indefinite periods of

---

[1] There is similarly a real danger that material witnesses will die before the Receiver and OSIC ever get an opportunity to take deposition testimony.

time on end") (citation and quotation omitted). Greenberg and Hunton have no answer to this mounting dilemma.

5. Greenberg also claims that the maintenance of a stay is necessary because it anticipates that it will object to the Receiver's and OSIC's discovery requests based on relevancy. Greenberg, however, has not identified any categories of materials, information, or records in its possession that are relevant solely to the Class's case but not the Estate's case. In fact, few, if any, such records exist because, as Greenberg knows well, the factual underpinning of the Estate's claims are similar if not identical to the Class's claims. It is only the legal causes of action that differ.

6. Greenberg and Hunton's economic efficiency arguments are similarly unpersuasive. Any depositions taken in the Estate case can clearly be used in the Class case. There will be no need to re-depose the same witnesses when the Class case moves forward. Indeed, the Court has entered scheduling orders in both the *Janvey, et al. v. Proskauer, et al.* case (Civil Action No. 3:13-CV-477)[2] and the *Janvey, et al. v. Adams & Reese, et al.* (Civil Action No. 3:12-CV-495)[3] case, setting trial dates and allowing merits discovery to proceed, despite the

---

[2] Scheduling Order entered June 10, 2016, setting the case for trial and permitting merits discovery despite class certification and attorney immunity issues being unresolved in *Troice, et al. v. Proskauer, et al.*, Civil Action No. 3:09-CV-1600. This order allowed Plaintiffs to conduct discovery and ultimately reach a settlement with Chadbourne & Parke in these cases. The Estate case against Proskauer continues to be prosecuted and is set for trial in February 2018, despite the pending *Dorrell* class action case filed against Proskauer, Civil Action No. 3:16-CV-1152). The *Dorrell* case was filed after the Fifth Circuit dismissed the *Troice* case on attorney immunity grounds. Class certification and attorney immunity issues remain unresolved in the *Dorrell* case. Despite this, the Estate case against Proskauer is proceeding to trial.

[3] Scheduling Order entered November 8, 2013 (Dkt. No. 66) despite unresolved motions to dismiss class claims in *Official Stanford Investors Committee, et al. v. Adams & Reese, et al.*, Civil Action No. 3:11-CV-329 (the "Adams & Reese Class Case") and no class certification decision on those claims. *See* Order on Motions to Dismiss in Adams & Reese Class Case, Dkt. No. 126, which was not entered until March 24, 2015, a year and a half after the Scheduling Order was entered in the Receiver's case against the same Defendants. This allowed Plaintiffs to conduct discovery and ultimately reach a settlement with all of the Defendants in the *Adams & Reese* cases, a settlement which would never had occurred had the Court indefinitely stayed these cases.

fact the Court had not yet ruled on class certification and attorney immunity issues in the companion class action cases.  There is no reason that this case should be treated any differently.  The fact that the Estate and Class claims were originally filed in one case against Hunton and Greenberg is irrelevant.  Plaintiffs asked the Court to sever the Estate claims over a year ago.[4]  There is no reason why the Estate claims in *Proskauer* and *Adams & Reese* were allowed to proceed despite pending class certification and dismissal motions and the Estate claims in this case should not.  The Court should either sever the Estate claims against Hunton and Greenberg as previously requested and enter a Scheduling Order in that severed case, or deny the severance motion and enter a Scheduling Order on the Estate claims in this case.  For the same reasons the Court permitted the Estate claims to proceed in the *Proskauer* and *Adams & Reese* cases while class certification and dismissal issues remained pending against the same defendants, the Court should do so here.

7. Defendants make much of the fact that Plaintiffs previously asked the Court to defer Class certification and allow discovery to proceed on the Estate claims and also asked the Court to sever the Estate claims and allow them to proceed separately, just as the Court has permitted in the *Proskauer* and *Adams & Reese* cases.  The fact that Plaintiffs previously made these requests is irrelevant at this stage.  The first motion was made long ago before Class certification discovery and briefing was completed.  The Court denied that motion and entered a Class certification scheduling order, with which Plaintiffs have fully complied, and all briefing was completed and filed with the Court over a year ago.  Coincident with the completion of Class certification discovery and briefing, Plaintiffs asked the Court to sever the Estate claims in this case and allow them to proceed, because of the length of time the Court has taken to rule on

---

[4] The motion to sever, Dkt. No. 163, has been fully briefed and awaiting a decision since January 2016.

class certification in other Stanford cases, and the fact that the Estate claims are not in any way dependent upon the outcome of Class certification. The Court has yet to rule on that motion, so Plaintiffs are now asking the Court to enter a scheduling order regardless of whether the Estate claims are severed.

8. Whether the Court chooses to sever the Estate claims or not, the Receiver and OSIC are entitled to a Scheduling Order and a trial setting on their claims, which are wholly independent of the Class claims. Further delay in the entry of a Scheduling Order on the Estate claims is prejudicial to the Receiver, OSIC and the Stanford investors who have allowed claims in the receivership and have been waiting years for justice in this matter. There is simply no risk of duplication of any discovery even if the Class claims go forward. Given that the Defendants are the same in both proceedings, any depositions that the Plaintiffs take related to the Estate case can be used in the Class case whenever it proceeds. OSIC is represented by the same counsel as the Class Plaintiffs, and they have agreed to allow any discovery taken in connection with the Estate claims to be used with respect to the Class claims. Thus, there is no risk of duplication of discovery, and there is simply no good reason not to allow the Estate claims to proceed at this stage.

9. Finally, continuing to deny merits discovery to the Receiver and OSIC compounds the grievous harm already done to Stanford's investor-victims by denying them any meaningful opportunity for a recovery from Defendants. Many of the Stanford investor-victims are elderly and, because of Stanford's fraud, impoverished. A considerable number have already died, and that number will indisputably increase. The Court has repeatedly expressed its concern for Stanford's investor-victims; permitting this case to proceed on the merits would be a concrete way to demonstrate and serve that concern.

## CONCLUSION & PRAYER

10. While Greenberg and Hunton are clearly content with a complete standstill in this litigation, any further delay is no longer tolerable as both a legal and practical matter. As this Court is well aware, "[j]ustice delayed is justice denied." *ESN, LLC v. Cisco Systems, Inc*., No. 5:08-cv-20, 2008 WL 6722763, at *3 (E.D. Tex. Nov. 20, 2008) (denying motion to stay discovery). Accordingly, the Receiver and OSIC respectfully request that the Court (i) enter an order requiring the parties to conduct a Rule 26 conference with respect to the Estate Claims, and upon filing of the Rule 26(f) report, and (ii) enter a scheduling order with respect to the Estate Claims. Plaintiffs request any further relief the Court deems appropriate, including the granting of the Motion for Severance coincident to the entry of the scheduling order.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: __/s/ *Edward C. Snyder*__
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    700 N. St. Mary's Street, Suite 405
    San Antonio, Texas 78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**NELIGAN, LLP**

By: __/s/ *Douglas J. Buncher*__
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas 75201
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
    Peter D. Morgenstern (*pro hac vice*)
    morgenstern@butzel.com
    Joshua E. Abraham (*pro hac vice*)
    abraham@butzel.com
    477 Madison Avenue, Suite 1230
    New York, New York 10022
    (212) 818-1110
    (212) 898-0123 (Facsimile)

**COUNSEL FOR THE PLAINTIFFS**

**STRASBURGER & PRICE, LLP**

By: */s/ Judith R. Blakeway*
    Judith R. Blakeway
    judith.blakeway@strasburger.com
    Merritt Clements
    merritt.clements@strasburger.com
    2301 Broadway
    San Antonio, Texas 78215
    Telephone: (210) 250-6000
    Facsimile: (210) 250-6100

## CERTIFICATE OF SERVICE

On April 27, 2017, I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: */s Peter D. Morgenstern*
Peter D. Morgenstern