**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 3:09cv0298-N** |
| v. | § § | |
| **STANFORD INTERNATIONAL BANK, LTD, et al.,** | § § § | |
| **Defendants.** | § | |

---

| | | |
|---|---|---|
| **RALPH S. JANVEY, et al.,** | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **Civil Action No. 3:12cv4641-N** |
| **GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ,** | § § § § | |
| **Defendants.** | § § | |

**GREENBERG TRAURIG, LLP'S OBJECTION TO
THE SCHEDULING ORDER OF AUGUST 23, 2017**

Greenberg Traurig, LLP ("Greenberg") objects to the Scheduling Order dated August 23,

2017 (Doc. 2563 in case 3:09cv00298), (Doc. 234 in case 3:12cv4641), (the "Scheduling Order")

and states as follows.

**Preliminary Statement**

The Scheduling Order entered by the Court goes far beyond setting a schedule for final settlement approval. For example, it contains a major error that would potentially operate to deny Greenberg its legal rights and directly be in conflict with the proposed Final Bar Order and Texas law.

Because the Scheduling Order has already been entered and is the basis for notices to be sent to Interested Parties, Greenberg brings forward its Objection to that Order at this time to allow correction and avoid the necessity of a costly re-notice. Greenberg requests that its Objection be ruled on before notice goes out to Interested Parties. Greenberg reserves all other objections to the proposed final approval orders and will file those necessary objections in accordance with the schedule set by the Court.

**Procedural History**

1.     On August 16, 2017, movants filed their Expedited Request for Entry of Scheduling Order (Doc. 2561 in case 3:09-cv-00298-N); (Doc. 232 in case 3:12cv4641) (the "Motion"). The movants did not confer with Greenberg before filing the motion nor include a certificate of service as required by Local Rules 7.1 (a) and (b).

2.     The movants sought an expedited ruling without allowing other parties to respond, on the grounds that "such Scheduling Order merely approves the notice and objection procedure and sets a final hearing." Motion fn. 1. That representation was inaccurate. Movants submitted a proposed order setting a schedule for settlement approval but which also contained an improper provision which is not part of the settlement schedule and was not discussed in the Motion.

OBJECTION
1545638

3.      On August 23, 2017, the Court granted the Motion and entered the proposed order without allowing, or giving any opportunity to, other parties to respond or object pursuant to Local Rule 7.1(e).  Greenberg timely files this Objection within a reasonable time after receipt of the Motion and entry of the Scheduling Order.

## Improper Final Order

4.      The Scheduling Order states in part as follows:

> Neither this Scheduling Order, nor the proposed Settlement Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the Settlement or the terms of this Scheduling Order.

Scheduling Order ¶10.   The above decree is not stated to be temporary or subject to consideration at the Final Approval Hearing but is effective as of the date the Scheduling Order was signed.

5.      The Scheduling Order thus precludes all parties, including Greenberg, from offering or "otherwise us[ing]" the settlement for any purpose other than enforcing it as between the settling parties.   By its terms Greenberg would be prohibited from offering or using the settlement for any purpose including obtaining the settlement credit to which it is  entitled as a matter of law.  *See, e.g*., Section 33.012(b), TEX. CIV. PRAC. & REM. CODE.[1]

6.      The Scheduling Order also directly conflicts with paragraph 13 of the proposed Final Bar Order to be considered on November 28, which states:  "Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or

---

[1] To the extent that the proposed Final Bar Order incorporates or ratifies this provision, or includes language with similar effect including but not limited to paragraph 15 thereof, this Objection is also made as to the proposed Final Bar Order.

quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount." Motion Appendix (Doc. 233) at p. 52/165.   While the Bar Order itself will not remove Greenberg's right to a settlement credit, it does not provide that the prohibition in the Scheduling Order is no longer effective or enforceable and thus fails to resolve the conflict.   Greenberg believes that the provisions of the settling parties' agreement and release that seek to impair or prejudice Greenberg are contrary to the law and, as noted in paragraph 8, the settling parties cannot contract away Greenberg's rights vis-à-vis the effect of the release under the law.

7.      The approved Notice of Settlement, to be published and provided to Interested Persons, references the Motion and directs Interested Persons that it and other documents related to the Motion and settlement are available for their review.  Motion Appendix (Doc. 233) at pp. 38-43/165.

8.      The settlement between Plaintiffs and Hunton & Williams is a matter between those parties only.  Greenberg is not a party to that settlement and should not in any way be prejudiced by the terms of the agreement between the settling parties.  In fairness to Greenberg, the Court is respectfully requested to amend the terms cited above and order that they do not impair or prejudice in any way the legal rights or obligations of the non-settling defendants Greenberg Traurig, LLP and Yolanda Suarez.

Wherefore, Greenberg moves the Court to vacate or clarify the above referenced language in its Scheduling Order as described above, and for such other and further relief which justice and fairness may require.

OBJECTION
1545638

Respectfully submitted,

**COWLES & THOMPSON, P.C.**

By:  /s/ Jim E. Cowles
      **JIM E. COWLES**
      Texas Bar No. 04931000
      **SIM ISRAELOFF**
      Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR GREENBERG
TRAURIG, LLP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of September 2017, a true and correct copy

of the foregoing document was delivered via electronic means using the ECF system pursuant to

FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

    /s/ Sim Israeloff
    **SIM ISRAELOFF**

OBJECTION
1545638