# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD, *et al.*,<br><br>Defendants. | Civil Action No. 3:09-cv-00298-N |
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br><br>Defendants. | Civil Action No. 3:12-cv-04641-N |

**AGREED MOTION TO DISTRIBUTE NOTICE OF SETTLEMENT
AND BAR ORDER PROCEEDINGS VIA ECF**

Ralph S. Janvey, in his capacity as the Receiver for Stanford International Bank, et al., (the "Receiver"), the Official Stanford Investors Committee ("OSIC"), and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of a putative class of Stanford investors

(the "Investor Plaintiffs," and collectively with the Receiver and OSIC, "Movants"), file this Agreed Motion to Distribute Notice of Settlement and Bar Order Proceedings via ECF, and in support thereof respectfully show the Court as follows:

1. On August 16, 2017, the Movants filed their Expedited Request for Entry of Scheduling Order and Motion for Order Approving Proposed Settlement with Hunton & Williams, LLP, to Enter the Bar Order, to Enter Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion to Approve") [Doc. No. 2561] in Civil Action No. 3:09-CV-00298-N (the "SEC Action"), pending in the United States District Court for the Northern District of Texas. On August 23, 2017, the Court entered the Scheduling Order [Doc. No. 2563] in the SEC Action.

2. On August 16, 2017, the Movants filed their Motion to Approve [Doc. No. 232] in Civil Action No. 3:12-CV-04641-N (the "Litigation"), pending in the United States District Court for the Northern District of Texas. On August 23, 2017, the Court entered the Scheduling Order [Doc. No. 234] in the Litigation.

3. Pursuant to the Scheduling Orders, on or before September 13, 2016, the Receiver is required to cause the Notice "to be sent via electronic service to all counsel of record for any person who has been or is, at the time of Notice, a party in any case included in *In re Stanford entities Securities Litigation*, MDL No. 2099 (N.D. Tex.) (the "MDL Proceeding"), the SEC Action, or the Litigation, who are deemed to have consented to electronic service through the Court's CM/ECF System under Local Rule CV- 5.1(d)." *See* SEC Action [Doc. No 2563, at pg. 4].

4. By this motion, Movants request that the Receiver's foregoing electronic service

requirements be satisfied by having the Court direct the Clerk to file the Notice, attached hereto as **Exhibit A**, via ECF in the MDL Proceeding and in all cases included in the MDL Proceeding.

5. Movants note that the Court has granted similar relief in connection with Stanford-related settlements reached with other parties. *See* SEC Action [Doc. Nos. 2315, 2435].

6. Counsel for Hunton & Williams, LLP agrees to this motion.

Dated: September 8, 2017.

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN, LLP** |
| By: __/s/ *Edward C. Snyder*_____ <br> Edward C. Snyder <br> esnyder@casnlaw.com <br> Jesse R. Castillo <br> jcastillo@casnlaw.com <br> 700 N. St. Mary's Street, Suite 405 <br> San Antonio, Texas  78205 <br> (210) 630-4200 <br> (210) 630-4210 (Facsimile) | By: __/s/ *Douglas J. Buncher*_____ <br> Douglas J. Buncher <br> dbuncher@neliganlaw.com <br> Republic Center <br> 325 N. St. Paul, Suite 3600 <br> Dallas, Texas  75201 <br> (214) 840-5320 <br> (214) 840-5301 (Facsimile) |
| **BUTZEL LONG, P.C.** | **STRASBURGER & PRICE, LLP** |
| By: */s/ Peter D. Morgenstern*_____ <br> Peter D. Morgenstern (*pro hac vice*) <br> morgenstern@butzel.com <br> Joshua E. Abraham (*pro hac vice*) <br> abraham@butzel.com <br> 477 Madison Avenue, Suite 1230 <br> New York, New York 10022 <br> (212) 818-1110 <br> (212) 898-0123 (Facsimile) | By: */s/ Judith R. Blakeway*_____ <br> Judith R. Blakeway <br> judith.blakeway@strasburger.com <br> Merritt Clements <br> merritt.clements@strasburger.com <br> 2301 Broadway <br> San Antonio, Texas  78215 <br> Telephone: (210) 250-6000 <br> Facsimile: (210) 250-6100 |

**COUNSEL FOR THE MOVANTS**

**AGREED MOTION TO DISTRIBUTE**     2
**NOTICE VIA ECF**

## CERTIFICATE OF SERVICE

On September 8, 2017, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. All parties who have appeared in this proceeding will be served via ECF.

/s/ *Peter D. Morgenstern*
Peter D. Morgenstern

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD, *et al.*,<br><br>         Defendants. | Civil Action No. 3:09-cv-00298-N |
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br><br>         Defendants. | Civil Action No. 3:12-cv-04641-N |

## NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS

PLEASE TAKE NOTICE that Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee (the "Committee"), and Pam Reed, Samuel Troice, and Michoacan Trust, individually and on behalf of a putative class of Stanford investors (collectively, the "Investor

**EXHIBIT A**

Plaintiffs," and with the Receiver and the Committee, the "Plaintiffs"), have reached an agreement (the "Settlement Agreement") to settle all claims asserted or that could have been asserted against Hunton & Williams LLP ("Hunton") in *Janvey v. Greenberg Traurig LLP et al.*, No. 3:12-cv-04641-N (N.D. Tex.) (the "Litigation").

PLEASE TAKE FURTHER NOTICE that the Plaintiffs have filed an Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Hunton & Williams LLP, to Approve the Proposed Notice of Settlement with Hunton & Williams LLP, to Enter the Bar Order, to Enter the Rule 54(b) Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion"), filed in *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-0298-N (N.D. Tex.) (the "SEC Action"). Copies of the Settlement Agreement, the Motion, and other supporting papers may be obtained from the Court's docket in the SEC Action [ECF Nos. 2561, 2562], and are also available on the websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/). Copies of these documents may also be requested by email, by sending the request to Ivonne Soler at soler@butzel.com; or by telephone, by calling (313) 225-7048. All capitalized terms not defined in this Notice of Settlement and Bar Order Proceedings are defined in the Settlement Agreement, attached as Exhibit 1 of the Appendix to the Motion.

PLEASE TAKE FURTHER NOTICE that the Motion requests that the Court approve the Settlement and enter a bar order permanently enjoining, among others, Interested Parties,[1]

---

[1] "Interested Parties" means the Receiver; the Receivership Estate, the Committee, the members of the Committee; the Plaintiffs; the Stanford Investors; the Claimants; the Examiner; or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

2

**EXHIBIT A**

including Stanford Investors,[2] and Claimants,[3] from pursuing Settled Claims,[4] including claims you may possess, against Hunton.

PLEASE TAKE FURTHER NOTICE that the settlement amount is thirty-four million U.S. dollars ($34,000,000.00) (the "Settlement Amount"). The Settlement Amount, less any fees and costs awarded by the Court to the attorneys for Plaintiffs and expenses paid by the Receiver (the "Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a Distribution Plan hereafter to be approved by the Court in the SEC Action (*see* subparagraph e below).

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the Settlement Agreement are as follows:

a) Hunton will pay $34 million, which will be deposited with the Receiver as required pursuant to the Settlement Agreement;

b) Plaintiffs will fully release the Hunton Released Parties[5] from Settled Claims, *e.g.*, claims arising from or relating to Robert Allen Stanford, the Stanford

---

[2] "Stanford Investors" means customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd., and/or were holding certificates of deposit issued by Stanford International Bank, Ltd.

[3] "Claimants" means any Persons who have submitted a Claim to the Receiver or to the Joint Liquidators.

[4] "Settled Claims" generally means any action, cause of action, suit, liability, claim, right of action, right of levy or attachment, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) Hunton's relationship with any one or more of the Stanford Entities and/or any of their personnel; (iv) Hunton's provision of services to or for the benefit of or on behalf of the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to the Settlement Agreement and the Settlement. *See* Paragraph 17 of the Settlement Agreement for a complete definition of Settled Claim. [ECF No. 2562 at 13−15.]

Entities,[6] or any conduct by the Hunton Released Parties relating to Robert Allen Stanford or the Stanford Entities, with prejudice;

c) The Settlement Agreement requires entry of a Rule 54(b) Final Judgment and Bar Order in the Litigation, and entry of a Final Bar Order in the SEC Action, each of which permanently enjoins, among others, Interested Parties, including all Stanford Investors and Claimants, from bringing, encouraging, assisting, continuing, or prosecuting, against Hunton or any of the Hunton Released Parties, the Litigation, or any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, without limitation, contribution or indemnity claims, arising from or relating to a Settled Claim;

d) The Receiver will disseminate notice of the Settlement Agreement (i.e. this Notice) to Interested Parties, through one or more of the following: mail,

---

[5] "Hunton Released Parties" means Hunton, and all of its predecessor firms and, of each of the foregoing, all of their respective past and present subsidiaries, parents, successors and predecessors, affiliates, related entities and divisions, and all of their respective current and former partners, members, counsel, principals, participating principals, associates, managing or other agents, management personnel, officers, directors, shareholders, administrators, servants, employees, staff, consultants, advisors, attorneys, accountants, lenders, insurers and reinsurers, representatives, successors and assigns, known or unknown, in their representative capacity or individual capacity. "Hunton Released Parties" shall include Carlos Loumiet in his individual capacity relating to alleged conduct or knowledge while employed by or affiliated with Hunton or Greenberg Traurig LLP ("Greenberg"). Notwithstanding the foregoing, "Hunton Released Parties" shall not include any Person, other than Hunton or Loumiet, against whom, as of the Agreement Date, any of the Plaintiffs is asserting a claim or cause of action in any judicial proceeding, and also shall not include any Person who becomes employed by, related to, or affiliated with Hunton after the Agreement Date and whose liability, if any, arises solely out of or derives solely from their actions or omissions before becoming employed by, related to, or affiliated with Hunton. For the avoidance of doubt, "Hunton Released Parties" does not include Greenberg or Yolanda Suarez ("Suarez"), and it is the Parties' intent that the Settlement shall have no impact whatsoever on the claims asserted by Plaintiffs against Greenberg and Suarez in the Litigation.

[6] "Stanford Entities" means Robert Allen Stanford; James M. Davis; Laura Pendergest-Holt; Gilbert Lopez; Mark Kuhrt; SIB; Stanford Group Company; Stanford Capital Management, LLC; Stanford Financial Group; the Stanford Financial Bldg Inc.; the entities listed in Exhibit D to the Settlement Agreement [ECF No. 2562 at 67−70]; and any entity of any type that was owned, controlled by, or affiliated with Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, SIB, Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or before February 16, 2009.

  email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the websites maintained by the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and the Receiver (http://www.stanfordfinancialreceivership.com);

e) The Receiver will develop and submit to the Court for approval a plan for distributing the Net Settlement Amount (the "Distribution Plan");

f) Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver;

g) Persons who accept funds from the Settlement Amount will, upon accepting the funds, fully release the Hunton Released Parties from any and all Settled Claims; and

h) The Litigation will be dismissed with prejudice as to Hunton, with each party bearing its own costs and attorneys' fees.

Attorneys for the Plaintiffs seek a fee award based upon 25% of the Settlement Amount, pursuant to 25% contingency fee agreements with the Plaintiffs. Twenty-five percent of the net recovery from the Settlement is to be calculated but shall not exceed $8,500,000.00.

The final hearing on the Motion is set for **November 28, 2017 at 10:00 a.m.** (the "Final Approval Hearing"). Any objection to the Settlement Agreement or its terms, the Motion, the Rule 54(b) Final Judgment and Bar Order, the Final Bar Order, or the request for approval of the Plaintiffs' attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than **November 7, 2017**. Any objections not filed by this date will be deemed waived and will not be considered by the Court. Those wishing to appear and to orally present their written

objections at the Final Approval Hearing must include a request to so appear within their written objections.

**EXHIBIT A**