IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:09cv0298-N |
| v. | § § | |
| STANFORD INTERNATIONAL BANK, LTD, et al., | § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, | § § § § § | |
| Defendants. | § | |

**GREENBERG TRAURIG, LLP'S RESPONSE AND RECOMMENDATIONS FOR THE STATUS CONFERENCE**

Greenberg Traurig, LLP ("Greenberg") files the following Response and Recommendations with respect to the scheduled Status Conference for cases in the Stanford MDL (Doc. 2579 in cause no. 3:09cv0298-N).

**Objection to Failure to Confer or Follow Local Rules**

1. The Court ordered a Status Conference in response to what was represented as an agreed Joint Expedited Motion for Status Conference (Doc. 2578)(the "Motion"). The Motion

also included requests for substantive relief, including "lifting the stay of merits discovery or severing the Receiver's and OSIC's claims from the class claims" in the suit against Greenberg. Motion ¶3a.

2. Greenberg was not apprised of the Motion or afforded an opportunity to respond. As a party against whom relief was sought, Greenberg strenuously objects to the Plaintiffs' repeated failure to confer with all counsel as required by Local Rules 7.1 (a) and (b). This is the second such improper motion in as many months despite Greenberg's written objection. (Doc. 2575)(Sept. 1, 2017). Greenberg respectfully requests that the Court apply the rules of civil procedure and Local Rules equally to all parties including the Court's appointed Receiver and Examiner.

### A Necessary Subject for the Status Conference

3. Plaintiffs' list of pending motions is incomplete. Greenberg has moved to dismiss the putative class claims against it for lack of subject matter jurisdiction and immunity (case 3:12-cv-04641, Doc. 203, June 15, 2016). The Supreme Court directs that such issues be taken up before a case proceeds further. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.").

4. Plaintiffs acknowledge that "[T]he class claims asserted in *Dorrell* cannot move forward until this Court rules on the pending motion to dismiss [on grounds of immunity]." Motion ¶20. However no mention at all is made of Greenberg's motion. Greenberg's motion must also be ruled on before moving forward with class claims or class certification. *Id.*

**Objection to Arguing the Merits of Pending Motions**

5. The Motion includes arguments and briefing in support of several pending motions for which briefing is closed. The attempted insertion of substantive arguments in a request for a status conference is improper. The arguments are also inaccurate.

6. The movants assert, without support, that "the claims of the Receiver and/or the OSIC in each action are independent of the claims asserted by the putative classes, and will proceed without regard to the Court's rulings on the class certification motions." Motion ¶13. To the contrary, the claims of the Receiver and the claims of the putative class against Greenberg are explicitly based on the same asserted conduct. And Greenberg's defenses, including proportionate responsibility, apply to both kinds of claims. These issues have already been briefed (Doc. 167, 227). Proceeding on such claims separately is not appropriate.

7. The Motion complains of the Court's Class Certification Scheduling Orders with a conclusory and wholly unsupported claim that "[w]ithout a lifting of the stay, evidence will almost certainly be lost while the complex class certification issues are litigated and ultimately resolved." Motion ¶14. No threatened evidence has ever been identified. Plaintiffs already have the evidence that was used to convict Allen Stanford. They have all of the Stanford company records, the fruits of the massive Government investigation, and all of the forensic analyses performed for the Receiver. That evidence conclusively established, and Plaintiffs don't deny, that only Stanford and Davis and six insiders knew of the fraud and kept it secret from everyone else. Lawyers cannot knowingly aid and abet a client to commit a fraud they didn't even know about.

8. Plaintiffs also obtained pre-suit discovery from Greenberg voluntarily including over 38,000 pages of electronic records and e mails, 57 boxes of paper records, and billing

invoices, totaling some 60,000 pages. They used the fruits of that discovery when they drafted the best Complaint they could. It just didn't work. Plaintiffs have not identified any specific urgent need for discovery before the Court rules on pending motions.

9. Plaintiffs seek to reargue the attorney immunity motions by citing only part of a sentence from dictum in *Kelly v. Nichamoff* to suggest that immunity is "an area of Texas law that appears to be somewhat in flux." Motion ¶18. *Kelly* did not hold, as plaintiffs imply, that immunity is limited to litigation. The opinion merely directs the district court on what to consider. The cited sentence continues as follows:

> with the benefit of more evidence and inquiry, intervening Texas decisions applying *Cantey* may provide greater clarity on the limits of the protection and whether courts should decline to apply it in cases like this one, in which the alleged conduct may be shown to have occurred outside of litigation or a litigation-like setting.

*Kelly v. Nichamoff*, 2017 U.S. App. LEXIS 15846, *10-11 (5th Cir. Aug. 18, 2017).

10. Following the directions of *Kelly*, an absolutely overwhelming volume of intervening Texas decisions applying *Cantey* hold clearly that immunity applies outside of litigation, and applies to both common law and statutory claims. *See, e.g.*, *LJH, Ltd. v. Jaffe*, 2017 U.S. Dist. LEXIS 14436, *10 (E.D. Tex. Feb. 2, 2017)(applying *Cantey* to a law firm's work on a sale of realty and equipment and holding that the "attorney immunity doctrine is not limited to only litigation"); *Santiago v. Mackie Wolf Zientz & Mann, P.C.*, 2017 Tex. App. LEXIS 2092, *10 (Tex. App. Dallas Mar. 10, 2017)(applying *Cantey* to claims for conspiracy to commit fraud and violations of Texas statutes and holding that "[e]ven if we were to conclude that Mackie Wolf's actions occurred outside of the litigation context, the doctrine applied"); and many others in both state and federal courts. *See, e.g.,*

*Farkas v. Wells Fargo Bank, N.A.*, 2016 Tex. App. LEXIS 12956, *20 (Tex. App. - Austin Dec. 8, 2016); *Williamson v. Wells Fargo Bank, N.A.,* No. 6:16-CV-200, 2016 U.S. Dist. LEXIS 74059, *6-8 (E.D. Tex. Apr. 29, 2016; *Wyles v. Cenlar FSB,* No. 7-15-CV-155, 2016 U.S. Dist. LEXIS 52795, *10-11 (W.D. Tex. Apr. 20, 2016); *Smith v. Bank of Am. Corp.,* No. A-13-CV-0193, 2016 U.S. Dist. LEXIS 81, *3-4, 5 (W.D. Tex. Jan. 4, 2016); *McGee v. CTX Mortg. Co., LLC,* No. 3:15-CV-1746, 2015 U.S. Dist. LEXIS 154850, *4-5 (N.D. Tex. Nov. 16, 2015)(Judge Lindsay); *Boswell v. Ector Cnty. ISD*, No. 11-15-00013-CV, 2016 Tex. App. LEXIS 3677, *10 (Tex. App.—Eastland Apr. 7, 2016, n.p.h.).

11.  Even if immunity were limited to litigation, the Complaint itself asserts that actual or threatened litigation against those who questioned Stanford was a defining characteristic and "Stanford's modus operandi" throughout the entire time of Greenberg's representation. Complaint ¶126. Plaintiffs conclusively admit that litigation work by Carlos Loumiet "became a *regular occurrence over the course of twenty years* representing Stanford." Id. ¶77 (emphasis added). The allegations against Greenberg are thoroughly blended and inextricably intertwined with Greenberg's actions in litigation, for which Greenberg is indisputably immune. Complaint ¶ 74 (1990 - threats to sue Treasury Department employee), ¶79 (1991 – threatened litigation against a British journalist), ¶107 (1994 – defense of threatened litigation against Stanford from a hospital contractor), ¶¶124-28 (1996 – suits for defamation); ¶ 204 (1998 – threatened lawsuit by or against ex-employee); ¶156 (1999 – possible litigation against Treasury Department); ¶162 (2000 – possible suit against State Department).

### Other Issues

12.  The latest report from the Receiver and Examiner on pending motions (Doc. 2550) listed 41 motions that were fully briefed and awaiting ruling at that time, including Greenberg's motion to dismiss and its motion to designate Responsible Third Parties (Doc. 153, November 19, 2015), but the Motion lists only five items for discussion. If the Receiver and

Examiner could file an updated list of all pending motions prior to the Status Conference, it would be very helpful to both the Court and the parties.

Wherefore, Greenberg requests that the Court, in setting a schedule for consideration of pending motions,

    a.    Require Plaintiffs to follow all rules of civil procedure and Local Rules when filing future motions including the requirements of prior conference with all parties;

    b.    Advance Greenberg's motion to dismiss for lack of subject matter jurisdiction and immunity (Doc. 203 in case 3:12-cv-04641) for prompt ruling prior to ruling on other motions in that case; and

    c.    For such other and further relief which justice and fairness may require.

    Respectfully submitted,

**COWLES & THOMPSON, P.C.**

By: /s/ Jim E. Cowles
    **JIM E. COWLES**
    Texas Bar No. 04931000
    **SIM ISRAELOFF**
    Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR GREENBERG TRAURIG, LLP**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 12th day of September 2017, a true and correct copy of the foregoing document was delivered via electronic means using the ECF system pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.

       /s/ Sim Israeloff
       **SIM ISRAELOFF**