Case 3:12-cv-04641-N-BQ Document 241 Filed 09/22/17 Page 1 of 3 PageID 9517

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

Sep 22
~~OCT 18 2017~~

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

# COVISAL
*For Restitution*

---

September 20, 2017

Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce Street
Dallas, Texas 75242

ATTN: Chambers of the
Honorable David Godbey

SEC Civil Action: 3:09-CV-0298-N
3:12-cv-4641-N

Your Honor,

We write to you in order to express our objection and protest the settlements by the U.S. Receiver, the Official Stanford Investors Committee, and others related to Stanford's case. These settlements generate millions of dollars in fees for attorneys and only pennies for the families affected. In this instance we strongly protest the proposed settlement with Hunton & Williams LLP for $34 million, of which $8.5 million is for attorney's fees.

During the past 8 years Stanford's depositors have received less than one percent of losses from announced distributions while being subject to a waiting period of almost a year per distribution. At the same time, they have to endure a lack of response to inquiries they make to the receiver's claims administrator, Gilardi & Co. - a company that has been paid millions of dollars for its services. At this rate of less than one percent per year of recovery, one could deduce that depositors might have to wait 50 years to receive not even fifty percent of their savings, or 100 plus years to be made whole. Unfortunately, many people affected are between 60 and 80 years of age, with a life expectancy of 15-20 years. All of them will be dead by then.

When Stanford Financial Group was seized by the U.S. authorities in 2009, the world changed dramatically for the many families in Latin America and around the world that had deposited their life savings in a promise of safety under the protective umbrella of the United States. It seemed a wise decision considering the volatile nature of many of their own governments, and it was on this principle that they were sold their certificates of deposit. They entrusted their savings to a company belonging to an American conglomerate regulated and supervised by U.S. regulatory agencies. However, their trust was rewarded with a betrayal that resulted in devastating loss. Families that had hope for the future are now living off charity from neighbors, people are ill and unable to pay for their medical treatments, lives are being lost because of an inability to pay for lifesaving operations.

Unfortunately, the sad reality is that injustice continues for people affected by Stanford's fraud as the administration of the receivership continues to generate fees for themselves, their attorneys, and

other professionals, while negotiating paltry sums for the depositors. So far, they are the primary beneficiaries, charging millions of dollars and dragging out the process to their own advantage. Attorneys and professionals have received over $195.8 million dollars, and Stanford's depositors less than 4 pennies on the dollar.

There were 75 lawsuits awaiting ruling by the court, listed in the Receiver's and Examiner's sixth joint advisory to the court, in cases filed by the Receiver or the Official Stanford Investors Committee ("OSIC"). According to the US Receiver Ralph Janvey, in his open letter concerning Asset Recovery Litigation dated February 14, 2014, "…These lawsuits seek to recover in excess of $680 million in total, …the claims are the single largest potential source of funds which may be recovered for the benefit of the eligible claimants…" However, despite the enormous potential for recovery, Janvey has been largely unsuccessful in retrieving this money. If the US Receiver and the Official Stanford Investors Committee's attorneys continue to settle cases for extremely low percentage of the original amounts sought, what hope do we have of receiving a meaningful recovery?

We only see a prolonging of the proceedings, which simply benefits the attorneys managing the receivership. Mr. Janvey is getting paid a generous $550 per hour, and lives very comfortably in Dallas. It is obvious that there is not a sense of urgency; his family is not in this predicament. The victims are strangers in a foreign land far away, a fact that explains his indifference. The victims just become billable hours without the human factor to affect his conscience. Why rush to help families in need and desperation when you are guaranteed a paycheck as long as the process continues?

We ask the court to closely examine the manner in which these class actions are being negotiated to determine whether the deals were the result of an arm's-length process, and to demand meaningful settlements for depositors and quicker distributions for the families of this terrible fraud - a fraud that never seems to end.

Respectfully,

*[signature]*

Jaime R. Escalona
On behalf of COViSAL
2012 Cody Court
Austin, Texas 78704
(512) 400-0776
jaenrodes@gmail.com


c.c. by email:

Jeffrey D. Colman at jcolman@jenner.com
April Otterberg at aotterberg@jenner.com
Richard Sayles at dsayles@swtriallaw.com
Edward C. Snyder at esnyder@casnlaw.com
Douglas J. Buncher at dbuncher@neliganlaw.com
Peter D. Morgenstern at morgenstern@butzel.com
John J. Little at jlittle@lpf-law.com
Ralph Janvey at rjanvey@kjllp.com
Kevin Sadler at kevin.sadler@bakerbotts.com

JAIME R. ESCALONA
on Behalf of COVISAL
2012 Cody Court
Austin, TX 78704

7017 1450 0000 6236 1821

CLERK OF THE COURT
United States District Court
Northern District of TEXAS
1100 COMMERCE STREET
DALLAS, TEXAS 75242

ATTN: Chambers of Hon. David Godbey
SEE CIVIL ACTION: 3:09-CV-0298-N



SEP 2 2 2017
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



1000
79242





U.S. POSTAGE PAID
AUSTIN TX
SEP 20, 17
AMOUNT
$7.08
R2304M114082