# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:09cv0298-N |
| v. | § § | |
| STANFORD INTERNATIONAL BANK, LTD, et al., | § § § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 3:12cv4641-N |
| GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, | § § § | |
| Defendants. | § § | |

### GREENBERG TRAURIG, LLP'S OBJECTIONS WITH RESPECT TO THE PROPOSED SETTLEMENT WITH HUNTON & WILLIAMS, LLP

Greenberg Traurig, LLP ("Greenberg") objects to aspects of the Proposed Settlement with Hunton & Williams, LLP (Docs. 2561-62 in case 3:09-cv-00298-N); (Docs. 232-33 in case 3:12cv4641) and states as follows.

## PRELIMINARY STATEMENT

The settlement between Plaintiffs and Hunton & Williams is a matter between those parties only.  Greenberg is not a party to the settlement; and the settlement cannot lawfully negate or impair the legal rights of a non-settling defendant such as Greenberg.  Yet it purports to do so and asks the Court to adopt, as part of the proposed Final Bar Order and the Final Judgment (sometimes collectively the "Proposed Final Order & Judgment"), what those parties are trying to do by contract between only them.

Greenberg does not object to those parties settling or to most of what they have agreed as between and about themselves.  But, it does object to the provisions of the Proposed Final Order & Judgment seeking to dictate the effect on Greenberg (and the claims against Greenberg) of the settlement and the release given to Carlos Loumiet as part of the settlement.  Greenberg respectfully requests that those provisions be stricken from the actual Final Order & Judgment for the reasons stated below.  *See also* Greenberg's Objections to the Scheduling Order of August 23, 2017 (Dkt. 236), to which Plaintiffs filed no response, and which is incorporated herein by reference.

## OBJECTIONS TO
## THE PROPOSED FINAL BAR ORDER & JUDGMENT

1.      As a preliminary matter, Greenberg notes that Paragraph 2 of the proposed Final Bar Order and the Final Order & Judgment state that "the Court has jurisdiction over the subject matter of this action."  While the Court has jurisdiction over some of the claims in this action, both Greenberg (Doc. 203) and Hunton (Doc. 207 at p. 22) have moved to dismiss the putative investor class claims for lack of subject matter jurisdiction.  Whether there is subject matter jurisdiction is a question of law and the settling parties cannot by agreement confer subject matter jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  The  motion

to approve the settlement does not set forth a basis for subject matter jurisdiction over the investor claims against Greenberg, and until Greenberg's motion is fully and finally decided, that remains an open issue.

## Objection to Paragraph 1

2.      Paragraph 1 of the  Proposed Final Order & Judgment states:

"Terms used in this Final Bar Order that are defined in the Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Settlement Agreement (*which is deemed incorporated herein by reference*)." (emphasis added).

3.      **Objection:**  Greenberg does not object to using the definitions in the Settlement Agreement, but does object to incorporation of the Settlement Agreement in the Final Order & Judgment for the reasons detailed below.  The Settlement Agreement contains improper and invalid agreements as to the legal effect on the claims against Greenberg of the settlement and the release to Carlos Loumiet on plaintiffs' claims.  Therefore, the actual Final Order & Judgment should make clear that the Settlement Agreement is incorporated only for purposes of defining terms and that the other provisions are not part of or incorporated in the actual Final Order & Judgment which alone will contain and explicate its decrees.

## Objections to Paragraphs 8, 10 and 11

4.      Paragraph 8 of the Proposed Final Order & Judgment states in part:

"[A]s of the Settlement Effective Date, Hunton and the rest of the Hunton Released Parties shall be completely released, acquitted, and forever discharged from any action, cause of action, suit, liability, claim, right of action, or demand whatsoever… [that] relates to the subject matter of this action, the Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum."

5.      Paragraphs 10 and 11 state in part:

"Further, the foregoing releases do not release any claims or causes of action that Plaintiffs have or may have against Greenberg Traurig, LLP ("Greenberg"), or

Yolanda Suarez ("Suarez"), including but not limited to any claims or causes of action based on the conduct of Carlos Loumiet while employed by or affiliated with Greenberg."

"[T]he foregoing shall not affect the Plaintiffs' claims against Greenberg or Suarez, including but not limited to any claims or causes of action based on the conduct of Carlos Loumiet while employed by or affiliated with Greenberg."

6**.** **Objection**:  This provision improperly and unlawfully seeks to nullify and limit Greenberg's rights and defenses and the effect of the release to Carlos Loumiet.  Loumiet was a Greenberg attorney before he joined Hunton; and plaintiffs' claims against Greenberg are based largely, if not entirely, on conduct of Loumiet or which he allegedly directed or supervised.

7.    Greenberg was not and is not a party to the Plaintiffs/Hunton agreement or their settlement; and it does not agree to such provisions in the contract between those parties.  The effect of those parties' release given to Loumiet on the claims against Greenberg is a question of law.  Two parties in a three or four party case cannot contractually decree the rights and defenses of a non-settling party without its agreement.  *See In re School Asbestos Litigation*, 921 F.2d 1330, 1332 (3rd Cir. 1990), *citing In re Beef Industry Antitrust Litigation*, 607 F.2d 167 (5th Cir. 1979) (non settling defendant may object when the settlement affects their rights).  Plaintiffs and Hunton do not have the right to contractually take away or otherwise affect Greenberg's rights and defenses; and the Court may not lawfully do so based on their agreement.

8.    **Objection:**  Further and in any event, a determination of the affect of the settlement and the release given to Loumiet is premature.  It has not been briefed yet; and the pertinent facts as to the effect on Greenberg of the settlement and release given to Loumiet have not been detailed or fully developed.  That should be decided only after citation and discussion of the pertinent law, and explication of Loumiet's conduct and the context in which it occurred.

**Objection to Paragraph 12**

9.      Paragraph 12 of the Proposed Final Order & Judgment states:

> The releases and the covenants not to sue set forth in the Settlement Agreement, and the releases, bars, injunctions, and restraints set forth in this Final Judgment and Bar Order, *do not limit in any way the evidence that Plaintiffs may offer against the remaining defendants* in this action. (emphasis added).

10.      **Objection:**  The effect of those parties' release given to Loumiet is a question of law.  Two parties in a three or four party case cannot contractually decree the rights and defenses of a non-settling party without its agreement.  *In re School Asbestos Litigation*, *supra.*  Plaintiffs and Hunton therefore can not dictate what evidence will be admissible or not admissible as to Greenberg.  That will be a matter for the court to decide after the evidence has been discovered and when specific items or subjects of evidence are offered or challenged and can be reviewed by the Court in context, based on proper briefing or other argument  of the law, and with proper regard for the evidentiary rules of law

**Objections to Paragraph 13**

11.      Paragraph 13 of the Proposed Final  Order & Judgment states:

> Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to…(b) designate a "responsible third party" or "settling person" *under Chapter 33* of the Texas Civil Practice and Remedies Code… provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon Hunton or any other Hunton Released Party. (emphasis added).

12.      **Objection:**  Greenberg's rights under Chapter 33 are statutory and involve questions of law.  The non-settling parties have the right to obtain apportionment of their respective liability under any applicable law, not just Chapter 33.  Therefore, if and to the extent

this provision may seek to limit or take away Greenberg's apportionment rights under other laws, it is unlawful; and the actual Final Order & Judgment should make that clear.  The actual Final Order & Judgment should further make clear that Greenberg also retains its rights at common law and the law of other States that may apply concerning the effect of the settlement and release given to Loumiet on its alleged liability or at a minimum its proportionate responsibility or liability under any applicable rule of law and statute of any State whose law may apply.

## OBJECTIONS TO THE SETTLEMENT AGREEMENTS

### Objections to Paragraphs 42 and 45 of the Hunton & Williams Settlement

13.     Paragraphs 42 of the Hunton & Williams Settlement (Dkt. 233, Ex. 1) provides:

"No Effect on Greenberg or Suarez Claims: The releases and covenants not to sue set forth in this Agreement do not include, and *shall have no effect upon*, any claims or causes of action Plaintiffs have against Greenberg or Suarez, including, but not limited to, claims or causes of action based on the conduct or knowledge of Loumiet while employed by or affiliated with Greenberg.  The releases and the covenants not to sue set forth in this Agreement *do not limit in any way the evidence* that Plaintiffs may offer against the remaining defendants in the Litigation, Greenberg and Suarez."(emphasis added)

14.     Paragraph 45 of the Hunton & Williams Settlement further provides as follows:

"The Settlement, this Agreement, and evidence thereof shall not be used, directly or indirectly, in any way, in the Litigation, the SEC Action, or in any other proceeding, other than to enforce the terms of the Settlement and this Agreement."

15.     **Objection:**  As and for the reasons explained above, settling parties may not dictate or determine the right or loss of rights and defenses of non-settling parties such as Greenberg, or the right to offer or the admissibility of evidence concerning the remaining claims against Greenberg.  Moreover, such issues are not material to or necessary for the settlement between plaintiffs and Hunton; and their respective rights will not be harmed if the settlement is approved without adoption or enforcement of that provision.

16.    **Objection**: Settling parties also cannot agree between themselves that a non-settling party like Greenberg cannot refer to or use the settlement in further proceedings in the case. For example, Greenberg may proffer or use the settlement to obtain appropriate settlement credits against its alleged responsibility. Whether that is available or Greenberg can refer to or use the settlement for other purposes is not something that can or should be decided now. That will be for the Court to decide if and when that occurs, based on the state of the case, the purported reference to or use of the settlement, the context and the applicable law. Here again, *see also* Greenberg's Objections to the Scheduling Order of August 23, 2017 (Dkt. 236).

## Objection to Paragraph 49

17.    Paragraph 49 of the Hunton & Williams Settlement provides in part:

> "Nothing in this Agreement shall restrict (i) Plaintiffs from making statements, in Court or otherwise, concerning Loumiet, *so long as those statements are unconnected to Hunton*…." (emphasis added).

18.    **Objection:** If this is meant to exclude Greenberg from examining as to the full extent of Loumiet's conduct, this provision improperly restricts direct and possible cross-examination. Here again, plaintiffs and Hunton cannot contractually negate Greenberg's right to defend itself. Further, at its worst (though we do not believe this is really intended), this could be viewed as witness tampering, which of course is contrary to the law and against public policy. *See, e.g.,* Tex. Penal Code § 36.05 (tampering with a witness includes influencing a witness "to withhold any testimony, information, document, or thing"). *See also* TEX. DISC. R. OF PROF. CONDUCT Rule 3.04(b).

## Objection to Paragraph 6 of the Release Given to Loumiet

19.    Paragraph 6 of the release given to Loumiet (Dkt. 233, p. 71 of 165) includes:

*Loumiet covenants not to*, directly or indirectly, or through a third party, institute, reinstitute, initiate, commence, maintain, continue, file, encourage, solicit, *support, participate in, collaborate in*, or otherwise prosecute against any of the Plaintiffs Released Parties any action, lawsuit, cause of action, *claim*, *investigation*, demand, complaint, *or proceeding* … concerning or relating to the Settled Claims, whether in a court or any other Forum. (emphasis added).

20.      **Objection**:  As worded, this provision could bar Loumiet from supporting or participating in Greenberg's investigation of the Plaintiffs and in its development and assertion of its defenses against the Plaintiffs.  *See, e.g.*, Greenberg's First Amended Answer (Dkt. 155) at Specific Denials and Affirmative Defenses.  It might even be alleged to prevent Greenberg from even speaking with a key witness who is its own former shareholder.  As explained in the previous objection, that is not permissible.  Loumiet must be free to talk with Greenberg, indeed openly and  truthfully, without risk to himself or to his release.

### Objection to Paragraph 9

21.      Paragraph 9 of the Loumiet release includes the following:

Loumiet agrees that as to the ongoing Litigation against Greenberg and Suarez, he (a) *shall respond to Plaintiffs' discovery requests or requests for deposition testimony issued in the Litigation as if he were a party* to the Litigation (i.e., without the need for a subpoena), and (b) make himself available to testify at any evidentiary hearing in the Litigation, or testify at trial in the Litigation, as if he were a party to the Litigation (i.e., without the need for a subpoena). … Loumiet also retains the right to object to such *requests for written discovery, oral deposition, and hearing or trial attendance* on any grounds that would be available to him if he were a party to the Litigation." (emphasis added)

22.      **Objection:**  Plaintiffs are attempting to contract around the Federal Rules of Civil Procedure and set up their own rules, for their benefit alone. As explained above, a party cannot restrict a witness in this manner. If, and to the extent this type of provision is allowed, it must be made applicable to and for the benefit also of all other parties, including Greenberg.

### General Objections

23.     **Objection**:  Greenberg is not a party to the proposed Settlement and Releases being given under it, and was not previously advised of or consulted as to them.  Greenberg objects to the proposed Orders and Judgment if and to the extent they may be interpreted as limiting or barring any of its rights and defenses as to the remaining claims in this case: and it reserves those rights and defenses to the fullest extent available under applicable state and federal law.

24.     **Objection**:  Greenberg objects to any provision of the Proposed Final Order & Judgment that would affect or prejudge the application or impact of the settlement and the release given to Carlos Loumiet on Greenberg or on the litigation of Plaintiffs' remaining claims.

### Conclusion

The proposed settlement and Proposed Final Order & Judgment go far beyond the legitimate and necessary interests of the settling parties and seek purposefully and unlawfully to negate basic and critical rights of the non-settlement parties, particularly Greenberg.  That is improper and  unlawful, and should not be countenanced or approved by the Court.

Wherefore, Greenberg asks the Court to sustain the foregoing objections, and to vacate, and reject the provisions and language of the proposed settlement provisions and instruments as detailed above, and for such further relief for Greenberg as justice and fairness may require.

Respectfully submitted,

**COWLES & THOMPSON, P.C.**


By:  /s/ Jim E. Cowles _____
   **JIM E. COWLES**
   Texas Bar No. 04931000
   **SIM ISRAELOFF**
   Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR GREENBERG TRAURIG, LLP**


## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of November 2017, a true and correct copy of the foregoing document was delivered via electronic means using the ECF system pursuant to FED. R. CIV. P. 5(b)(2)(D) and Local Rule 5.1, to all counsel of record.


    /s/ Sim Israeloff _____
   **SIM ISRAELOFF**