**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 3:09-cv-00298-N |
| STANFORD INTERNATIONAL BANK, LTD, *et al.*, | |
| Defendants. | |
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 3:12-cv-04641-N |
| v. | |
| GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ, | |
| Defendants. | |

**MOVANTS' RESPONSE TO THE OBJECTIONS TO THE PROPOSED**
**SETTLEMENT WITH HUNTON & WILLIAMS, LLP**

**TO THE HONORABLE JUDGE DAVID C. GODBEY:**

Receiver Ralph S. Janvey and the Official Stanford Investors Committee (collectively, "Movants") respectfully file this Response to the Objections to the Proposed Settlement with Hunton & Williams, LLP, and would show the Court the following:

### A. <u>Investor Objections</u>

Since filing the *Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Hunton & Williams, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees* [Greenberg Action, Doc. No. 232; SEC Action Doc. No. 2561] (the "Motion to Approve"),[1] Movants have received or been made aware of letters sent by investors or others objecting to or commenting on the proposed settlement. All or virtually all of these objections are form letter objections that were apparently orchestrated by Jaime Escalona of the Venezuelan-based investor advocacy group COVISAL. Movants are aware of some 24 of these form letter objections, and they are detailed in the spreadsheet attached hereto as **Exhibit 1**.

The form letter objections are general objections about the state of the overall Stanford Receivership, and generally complain that the litigations and the Receiver's distributions are taking too long and/or that the objectors have not recovered enough of their money. The objections offer no specific arguments as to why the Court should refuse to approve this particular settlement with Hunton, nor do they address the factual or legal strengths or weaknesses of the claims against Hunton, or other factors relevant to the merits of the settlement.

---

[1]     The Greenberg Action is Civil Action No. 3:12cv4641-N; the SEC Action is Civil Action No. 3:09cv0298-N.

Further, it is simply not the case that the Movants are intentionally "prolonging" the proceedings and "dragging out the process" so that the Receiver and his team of professionals can bill exorbitant fees to the Estate.  The Receiver, OSIC, and their professionals are working expeditiously to move cases as quickly and efficiently as possible, and approval of settlement agreements like the Hunton settlement advances the goal of expediting distribution with minimal administrative time and expense.  Further, as to this particular settlement, the claims against Hunton have been prosecuted by OSIC's lawyers on a contingency fee rate of 25%, which is well below the typical contingency fee market rate, and the Receiver's hourly billing lawyers have had little involvement in the prosecution of the claims against Hunton.  Moreover, and as is common with plaintiffs' lawyers working on a contingency fee basis, OSIC's counsel in the various Stanford-related third party lawsuits have routinely filed motions with this Court asking the court to allow merits discovery and to enter scheduling orders designed to speed up, not "prolong," the litigation.  *See, e.g.,* [Doc. Nos. 121, 163, 218, 225] in the Greenberg Action.

To the extent the remaining objections complain about this specific settlement at all, they merely appear to argue that the settlement amount is too low.  Movants have explained in prior briefing why the settlement amount is fair and should be approved.  *See* Motion to Approve, Greenberg Action [Doc. No. 232] at ¶¶ 31-62.

### B.  **The HSBC and Related Objections**

HSBC Bank plc ("HSBC"), a defendant in another Stanford-related MDL action (Case No. 3:09-cv-2384-N) (the "Bank Case"), has also filed an objection to the Hunton Settlement Agreement.  *See* SEC Action [Doc. No. 2614] (the "HSBC Objection").   The Toronto-Dominion Bank ("TD Bank"), another defendant in the Bank Case, has filed a joinder to the HSBC

Objection [SEC Action, Doc. 2615], as has Pershing LLC ("Pershing")[2] [SEC Action, Doc. 2617].

The HSBC Objection focuses on the potential applicability of Chapter 33 of the Texas Civil Practice and Remedies Code ("Chapter 33") to the Bank Case.  In relevant part, HSBC contends that the Court's approval of the Hunton Settlement might somehow impair its potential rights to seek contribution or a "responsible third party" designation under Chapter 33 against the Hunton Released Parties. *Id*. at p. 2.  Specifically, HSBC argues that "the extinguishment of its statutory right of contribution against the Hunton Releasees would not prejudice HSBC so long as HSBC could obtain a reduction of liability to Plaintiffs for the proportionate fault of the Hunton Releasees under Chapter 33 …." *Id*. p. 3 (emphasis supplied).

HSBC's concerns (which are theoretical and prospective) have already been addressed in the proposed Final Bar Order and Final Judgment and Bar Order.  *See* Hunton Settlement Agreement, Exhibit B (Final Bar Order) [SEC Action, Doc. 2562 p. 44] and Exhibit C (Final Judgment and Bar Order) [*id*., p. 55].  Both of these proposed orders expressly preserve the rights of parties in other Stanford-related actions – including HSBC, TD Bank, and Pershing – to seek a settlement credit in connection with the Hunton Settlement pursuant to Chapter 33, in the event Chapter 33 is found to be applicable.

Specifically, paragraph 13 of each of the proposed orders provides that:

> Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code;

---

[2]     Pershing is the defendant in *Turk v. Pershing, LLC*, Civil Action No. 3:09-cv-02199, pending in this Court.

*Id*.  This language <u>squarely</u> addresses the concerns of HSBC, TD Bank and Pershing.  It makes clear that their ability to designate Hunton as a responsible third party and obtain a settlement credit in connection with the Hunton Settlement under Chapter 33 is <u>not</u> impaired by the Court's entry of the Bar Order and Final Judgment and Bar Order.

Moreover, even if the Court eventually determines that Chapter 33 does *not* apply to some or all of the claims against third party defendants such as HSBC, TD Bank, and Pershing, those defendants would still be entitled to seek a settlement credit for the Hunton settlement (as well as other Stanford third party settlements) under the "one satisfaction" rule.  *See, e.g.*, *GE Capital Commer., Inc. v. Worthington Nat'l Bank*, 754 F.3d 297, 308-09 (5th Cir. 2014) (applying one satisfaction rule under Texas law); *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 509-510 (5th Cir. 2014) (same); *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 623 F. Supp. 2d 798, 839 (S.D. Tex. 2009) (allowing discovery of settlement amounts because it "is relevant to determine any offset a defendant might have under the [Texas] 'one satisfaction' rule and/or Chapter 33"); *see also RSR Corp. v. Int'l Ins. Co.*, No. 3:00-CV-0250-P, 2009 U.S. Dist. LEXIS 27745, at *46-61 (N.D. Tex. 2009) (discussing both Washington and Texas law in determining whether defendant was entitled to settlement credits and concluding it was under either state's law);  *White v. Zhou Pei*, 452 S.W.3d 527, 543-44 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Galle, Inc. v. Pool*, 262 S.W.3d 564, 573 (Tex. App.—Austin 2008, pet. denied) ("[t]he one-satisfaction rule applies both when several defendants commit the same act and when multiple defendants commit 'technically different acts' that result in the same, single injury."[3]

---

[3]      Whether the one satisfaction rule may be applied "depends not on the cause of action asserted but rather the injury sustained.  Thus, if the plaintiff has suffered only one injury, even if based on 'overlapping and varied theories of liability,' the plaintiff may only recover once; '[t]his is especially true if the evidence supporting each cause of action is the same.'" *Pool*, 262 S.W.3d at 573 (citations omitted).

The bottom line is that HSBC, TD Bank, and Pershing are *not* prevented by the Hunton settlement from arguing for the applicability of Chapter 33. Should the Court eventually determine that Chapter 33 does not apply to some degree, those defendants will still be entitled to seek a settlement credit for the amount of Hunton's settlement under the "one satisfaction" rule. Thus, HSBC will obtain some benefit in connection with entry of the bar order, making its argument that it will receive no consideration factually inaccurate. Further, as established in Plaintiffs' motion for approval of the settlement, the Court has the necessary authority in the context of a receivership to bar otherwise valid claims in connection with approval of a settlement. By barring HSBC's theoretical claim for contribution (which HSBC has failed to assert against Hunton at any time in the last eight years), the Court will neither be acting beyond its authority, nor acting in a way that is unreasonable or unfair.

### C. Greenberg Traurig Objections

Hunton's co-Defendant Greenberg Traurig LLP ("Greenberg") has also filed a set of objections to the Hunton Settlement [Doc. 2613]. While at times confusing and difficult to comprehend,[4] Greenberg's primary grievance appears to be that the Hunton settlement might eliminate or infringe on Greenberg's rights to make certain arguments in the remaining case against Greenberg, including arguments as to the effect, if any, of the release given to former Greenberg and Hunton partner Carlos Loumiet under the Hunton settlement.

Greenberg's concerns are unwarranted. There is absolutely nothing in the Settlement Agreement or in the proposed Bar Order that will prevent Greenberg from making any arguments, or asserting any defenses, that it wants to assert. But Greenberg's complaint

---

[4] As examples, Greenberg bizarrely argues that this Court does not have jurisdiction to consider and rule on the proposed settlement and, unbelievably, also appears to accuse Movants and Hunton of witness tampering. Greenberg Objections at pps. 2, and 7.

regarding the statements in the settlement agreement and proposed bar order concerning the scope of the releases and covenants not to sue are unavailing. Releases and covenants not to sue are necessarily contractual. Accordingly, it is perfectly appropriate for the settlement agreement and bar order to include language clarifying what the parties to the agreement intended to accomplish through the proposed releases and covenants. Greenberg is welcome to make whatever arguments it wishes concerning the legal effect of the parties' agreement, but it is not entitled to control the terms of the agreement.

Similarly, there is nothing in the Settlement Agreement or the Bar Orders that will "dictate what evidence will be admissible or not admissible" as to Greenberg, or that prevents Greenberg from talking to or deposing Carlos Loumiet, or from presenting whatever evidence Greenberg wants to present at trial. Greenberg Objection, at p. 5, 7-8. Obviously the Court will determine the admissibility of evidence at trial; nothing in the Settlement Agreement or the Bar Orders affects that determination, nor Greenberg's ability to seek to admit evidence, at trial.

Greenberg also complains that language in the Settlement Agreement executed between Movants and Hunton might prevent Greenberg from seeking to admit the Settlement Agreement at trial or to use it to obtain a settlement credit. Movants are at a loss on how to respond to this objection, other than to point out that the language in the Settlement Agreement cited by Greenberg (which is routine language that limits the rights of the *contracting parties* to use the Settlement Agreement in other proceedings) is obviously binding only on the parties to the Settlement Agreement – Movants and Hunton – not Greenberg.

Finally, and like HSBC, TD Bank and Pershing, Greenberg objects to the extent the Bar Orders might affect Greenberg's rights under Chapter 33. But the Bar Order provision does nothing other than reflect that the Order is not intended to impair Greenberg's rights under

Chapter 33, except to the extent that no party is entitled to seek monetary recovery from Hunton. For the reasons discussed in the motion to approve and as further set forth above in response to the similar concerns raised by HSBC, TD Bank and Pershing, barring recovery from Hunton is appropriate.

### D. **Allen Stanford's Objections**

Finally, Allen Stanford himself has filed an objection to the Hunton settlement [SEC Action, Doc. 2581], although it is less an objection to the settlement than it is to his fate overall. To the extent Stanford's objection should be considered, it further reinforces why this Court should approve the Hunton settlement forthwith.   That is because Stanford's only complaint is that he is innocent and did nothing wrong, and therefore by extension Hunton did nothing wrong and should not pay anything in settlement.   Stanford's position is obviously without merit and should be disregarded.

### PRAYER

WHEREFORE, Movants request that the Court overrule all of the objections to the settlement with Hunton & Williams LLP, grant Movants' *Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Hunton & Williams, LLP, to Enter the Bar Order, to Enter the Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees,* and proceed to approve said settlement in all respects.   Movants request all other general relief.

Dated: November 21, 2017

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    700 N. St. Mary's Street, Suite 405
    San Antonio, Texas  78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**BUTZEL LONG, P.C.**

By: */s/ Peter D. Morgenstern*
    Peter D. Morgenstern (*pro hac vice*)
    morgenstern@butzel.com
    Joshua E. Abraham (*pro hac vice*)
    abraham@butzel.com
    477 Madison Avenue, Suite 1230
    New York, New York 10022
    (212) 818-1110
    (212) 898-0123 (Facsimile)

**COUNSEL FOR MOVANTS**

**NELIGAN, LLP**

By: */s/ Douglas J. Buncher*
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Republic Center
    325 B. St. Paul 3600
    Dallas, Texas 840-5320
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Judith R. Blakeway*
    Judith R. Blakeway
    judith.blakeway@strasburger.com
    Merritt Clements
    merritt.clements@strasburger.com
    2301 Broadway
    San Antonio, Texas 78215
    (210) 250-6000
    (210) 250-6100 (Facsimile)

## CERTIFICATE OF SERVICE

      On November 21 2017, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. All parties who have appeared in this proceeding will be served via ECF. Investors and other interested parties will be served and given notice of the hearing on this Motion as approved by the Court.

                        /s/ *Peter D. Morgenstern*
                        Peter D. Morgenstern

# Exhibit 1

| NAME | Dated | Country | Docket Number |
|---|---|---|---|
| Jaime Escalona<br>jaenrodes@gmail.com | September 20, 2017 | Venezuela | 2599 |
| Jose A. Gonzalez<br>yagonac@gmail.com | September 21, 2017 | Tenerife | |
| Luisana Mussa/ Simon Perez<br>jaenrodes@gmail.com | September 22, 2017 | Venezuela | |
| Virginia Ortega Prado<br>Raisa Prado de Ortega<br>Juvencio Ortega<br>vorpra@gmail.com<br>juvencioraisa@gmail.com | Dated<br>September 25, 2017<br>Filed October 31, 2017 | Venezuela | 2611 |
| Gazi El Halabi Zaid<br>gazimr@yahoo.com | Dated September 26, 2017<br>Filed October 6, 2017 | Venezuela | 2594 |
| Alida Villegas<br>alidavillegasa@yahoo.com<br>Maria Vittoria Sogliano<br>mvittoriasogliano@gmail.com | Dated September 27, 2017<br>Filed October 6, 2017 | Venezuela | 2595 |
| Joselinne Lander de Canelon<br>josicanelon@gmail.com | September 28, 2017 | Venezuela | |
| Sebastian Grande<br>Sgrande52@gmail.com<br>Sgrande52@yahoo.com | October 4, 2017 | Venezuela | |
| Efstratios I. Doukakis<br>mithymnaios@gmail.com | Dated October 5, 2017;<br>Filed October 18, 2017 | Greece | 2601 |
| Antonieta M. Vasconcelos y<br>Maria Aguiar<br>Amva24@hotmail.com | October 9, 2017 | Venezuela | |
| Patricia Eugenia Diaz Johnson<br>Diazip2004@yahoo.com.mx | October  12, 2017 | Mexico | |
| Emilia Branger<br>emiliabranger@yahoo.com | Dated September 21, 2017;<br>Filed October 18, 2017 | Spain | 2600 |
| Ybel J. Sanchez Rojas<br>Ybelsanchez2@hotmail.com | Dated October 15, 2017;<br>Filed October 25, 2017 | USA/Florida | 2603 |
| Mirlay M. Sanchez Rojas<br>mirlay@hotmail.com | Dated October 15, 2017;<br>Filed October 25, 2017 | USA/Florida | 2603 |
| Olga Maria Rojas de Sanchez<br>mirlay@hotmail.com | October 15, 2017 | USA/Florida | |
| Jose Suarez Mosquera<br>Josesuarez11@gmail.com | Dated October 16, 2017;<br>Filed October 25, 2017 | Venezuela | 2603 |

| Nadia Maria Desideratu Da Cunha nadiadacunha@hotmail.com | Dated October 7, 2017; Filed October 25, 2017 | Spain | 2603 |
|---|---|---|---|
| Francis Daymir Sanchez Rojas Francis_daymir@hotmail.com | Dated November 1, 2017; Filed November 7, 2017 | USA/Florida | 2616 |
| Pietro Di Matteo Binaggia Pdi_matteo@hotmail.com | Dated November 1, 2017; Filed November 7, 2017 | USA/Florida | 2619 |
| Dagmar Stojanovic de Malpica Dstojano1@gmail.com amalpica@yahoo.com | November 2, 2017 | Venezuela | |
| Gisela Rodriguez Gisela521@gmail.com | Dated September 20, 2017; Filed November 9, 2017 | Venezuela | 2620 |
| Antonio Cauto | November 1, 2017 | Venezuela | |
| Jose Luis Ramirez Hernandez | September 21, 2017 | | |
| Aleida Bravo de Alencar | Dated September 30, 2017; Emailed November 1, 2017 | Venezuela | |