## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES & EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No.: 3:09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| _____ | § | |
| | § | |
| | § | |
| RALPH S. JANVEY, ET AL., | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| vs. | § | No.: 3:12-CV-04641-L |
| | § | |
| GREENBERG TRAURIG LLP, ET AL., | § | |
| | § | |
| Defendants. | § | |

## HUNTON & WILLIAMS LLP'S RESPONSE
## TO OBJECTIONS TO ITS PROPOSED SETTLEMENT

Jeffrey D. Colman
April A. Otterberg
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
jcolman@jenner.com
(312) 923-2940
(312) 840-7340 (Facsimile)

*Admitted* Pro Hac Vice

Richard A. Sayles
Shawn Long
SAYLES/WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
dsayles@swtriallaw.com
(214) 939-8701
(214) 939-8787 (Facsimile)

*Counsel for Hunton & Williams LLP*

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

I.     Response To Objections Filed By Certain Individual Stanford Investors. ........................ 1

II.    Response To Objections Filed By Professional Defendants In Other Stanford Suits. ....... 4

III.   Response To Objection Filed By Co-Defendant Greenberg Traurig LLP. ........................ 8

CONCLUSION ......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Hardy v. Gulf Oil Corp*., 949 F.2d 826 (5th Cir. 1992) .................................................................6

*In re Terra-Drill P'ships Sec. Litig.*, 726 F. Supp. 655 (S.D. Tex. 1989) .......................................6

*In re Today's Destiny, Inc*., 388 B.R. 737 (S.D. Tex. Bankr. 2008)................................................7

*In re Voluntary Purchasing Groups, Inc. Litig.*, Nos. Civ. A. 3:94–CV–2477, *et al*.,
        2002 WL 1269972 (N.D. Tex. June 5, 2002) ......................................................................6

*Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284 (5th Cir. 2010)..............................6

*McDonald v. Union Carbide Corp*., 734 F.2d 182 (5th Cir. 1984) (*per curiam*)............................6

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 33.011(5)....................................................................................7

TEX. CIV. PRAC. & REM. CODE § 33.015(d)....................................................................................7

TEX. CIV. PRAC. & REM. CODE § 33.016(b)....................................................................................7

## INTRODUCTION

Pursuant to the Court's August 23, 2017 scheduling order, a number of individuals and entities have filed responses or objections to Plaintiffs'[1] proposed settlement with Hunton & Williams LLP ("Hunton"). (*SEC v. SIBL*, No. 3:09-cv-00298 (N.D. Tex.) ("SEC Action"), ECF 2594, 2595, 2599, 2600, 2601, 2603, 2611, 2613, 2614, 2615, 2616, 2617, 2619, 2620; *Janvey v. Greenberg Traurig, LLP*, No. 3:12-cv-04641 (N.D. Tex.) ("*Janvey* Action"), ECF 241-243.) Respectfully, the objections are without merit, and the Court should approve the proposed settlement. Hunton will not repeat here any of the arguments advanced by Plaintiffs in support of their Motion to Approve Proposed Settlement, to Enter the Bar Order, to Enter the Final Judgment and Bar Orders, and to Enter the Notice of Bar Order (the "Motion") (SEC Action, ECF 2561 & *Janvey* Action, ECF 232), or their response being filed concurrently with this Response (Pls.' Resp., SEC Action, ECF 2627 & *Janvey* Action, ECF 246). Instead, Hunton submits this Response to make additional points in response to certain objections to the Motion.

## ARGUMENT

### I.    Response To Objections Filed By Certain Individual Stanford Investors.

A number of individual Stanford investors filed separate objections to the proposed settlement and bar orders. (*See, e.g.*, Objections, SEC Action, ECF 2594, 2595, 2599, 2600, 2601, 2603, 2611, 2616, 2619, 2620; *Janvey* Action, ECF 241, 242.) Those objections are essentially identical in substance. Although the objecting investors protest the proposed settlement based upon complaints with the management of the Stanford receivership generally, none of them demonstrate grounds for this Court to reject Hunton's settlement.

---

[1] Plaintiffs in the action filed against Hunton are Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford estate, the Official Stanford Investors Committee ("OSIC"), and Pam Reed, Samuel Troice, and Michoacán Trust, individually and on behalf of a putative class of Stanford investors.

In their objections, the investors primarily ask the Court to ensure that the proposed settlement and bar orders are the result of an "arm's-length process." (*See, e.g.*, Zaid Objection at 2, SEC Action, ECF 2594; CoViSAL Objection at 2, SEC Action, ECF 2599 & *Janvey* Action, ECF 241; Ortega Objection at 2, SEC Action, ECF 2611.)  Hunton affirms that, as Plaintiffs detailed in their Motion, the proposed $34 million settlement was reached only after substantial and lengthy arm's-length negotiation efforts.  Indeed, Hunton's settlement discussions with Plaintiffs have a long history, extending back almost seven (7) years to a pre-complaint tolling agreement with Plaintiffs, effective February 1, 2011, more than a year and a half before Plaintiffs filed their lawsuit against Hunton.  (*See* Compl. ¶ 404, *Janvey* Action, ECF 1.)  Pursuant to that tolling agreement, Hunton and Plaintiffs engaged in information exchanges and settlement discussions; they also agreed to conduct a pre-complaint mediation, and did so in August 2012. That mediation, with Texas mediator Gary McGowan, was unsuccessful, and Plaintiffs filed their complaint against Hunton on November 15, 2012.  Over the course of the next four years, the parties vigorously litigated Plaintiffs' claims.  That involved substantial motion practice, including with respect to Hunton's motions to dismiss, Hunton's motion for judgment on the pleadings on the basis of attorney immunity, and Plaintiffs' motion for class certification.

Plaintiffs and Hunton revisited their settlement discussions in 2016 and, in October 2016, they participated in a second mediation with retired federal judge Layn Phillips.  The parties did not reach a settlement during that mediation; instead, prolonged settlement discussions continued into late 2016 and early 2017, during which each party continued to advocate for its position. Ultimately, the parties reached a settlement in May 2017.  In sum, for more than five years, the parties have litigated against each other aggressively, contentiously, and professionally. Thousands of hours and thousands of dollars have been spent both in litigation and in the settlement

efforts. At all times, Plaintiffs and Hunton were represented by counsel, and their settlement discussions—like the litigation itself—were vigorous and at arm's length.

The objecting investors do not identify any reason why this Court should reject the Hunton Settlement.  Indeed, through the Receiver's claims distribution process, investors will be the beneficiaries of a substantial portion of the $34 million that Hunton has agreed to pay.  That settlement amount is also fair and reasonable under the circumstances.  Those circumstances include, in particular, this Court's recent decisions denying class certification in another Stanford MDL matter (Order Denying Class Cert., *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-cv-2384-N (N.D. Tex. Nov. 7, 2017) [ECF  428]) and dismissing, with prejudice, all Stanford investor claims against another law firm pursuant to Texas's attorney immunity doctrine (Order Granting Motion to Dismiss, *Dorell v. Proskauer Rose LLP*, No. 3:16-cv-1152-N (N.D. Tex. Nov. 2, 2017) [ECF 52]).  These decisions—which issued *after* Hunton executed its settlement agreement with Plaintiffs—deepen the existing substantial uncertainty as to the viability of the investor claims asserted against Hunton.  Absent Hunton's settlement, the Court would need to address both class certification and attorney immunity as applied to the claims against Hunton, including the investors' claims, as those issues remain pending here.  (*See, e.g.*, Pls.' Mot. for Class Cert., *Janvey* Action, ECF 175; Hunton's Mot. for Judgement on the Pleadings, *Janvey* Action, ECF No. 207.)  The Court's recent decisions in *Rotstain* and *Dorrell* suggest the outcome could very well be—absent settlement—substantial limits on the claims against Hunton.

Additionally, even if Plaintiffs' claims survived the pending motions, this case would then proceed—again, absent settlement—to lengthy and expensive fact and expert discovery, summary judgment proceedings, and (if warranted) a trial.  The real possibility exists that, at any given stage,

the Receiver, OSIC, and investors could completely lose and recover nothing.  The Court should overrule the investor objections and approve the Hunton Settlement. [2]

## II.    Response To Objections Filed By Professional Defendants In Other Stanford Suits.

Two defendants in *Rotstain*, HSBC Bank plc ("HSBC") and Toronto-Dominion Bank ("TD Bank"), and the defendant in *Turk v. Pershing LLC,* Pershing LLC (all three entities, the "Professional Defendants"), filed objections to Hunton's proposed settlement.[3]  HSBC asserts that the Hunton Settlement "extinguishes its statutory right of contribution against the Hunton Releasees under the [Texas Securities Act] without providing HSBC any assurance that it can receive a reduction in liability for the proportionate fault of the Hunton Releasees under Chapter 33 of the Texas Civil Practice and Remedies Code."  (HSBC Obj. at 3, SEC Action, ECF 2614.)  TD Bank and Pershing LLC filed limited joinders in HSBC's objection, but not for the purpose of joining in the argument stated above.  As stated in their objections, TD Bank and Pershing LLC joined in HSBC's objection only for the "limited purpose" of stating their position that the Hunton Settlement does not impact their abilities to designate responsible third parties in the Stanford-related litigation pending against them.  (*See* TD Bank and Pershing's Limited Joinders in Obj., at 1, SEC Action, ECF 2615 & 2617.)  Hunton agrees with TD Bank and Pershing LLC on that point.  TD Bank and Pershing LLC's joinders do not provide any reason to reject the Hunton Settlement, nor do their objections ask the Court to do so.

---

[2] R. Allen Stanford has filed a separate objection in which he contends that the proposed settlement should be stayed until the Court rules on his pending motion to dismiss the SEC civil litigation.  (Objection to Settlement, SEC Action, ECF 2581.)  This is not a valid objection, especially given the Court's prior rejection of Mr. Stanford's earlier motions directed to that proceeding.  (*See* Order Denying Stanford's Mot. to Dismiss (Nov. 3, 2011), SEC Action, ECF 1483; Order Denying Stanford's Mot. to Request a TRO (Aug. 25, 2014), SEC Action, ECF 2079; Order Denying Stanford's Mot. to Vacate Summ. J. (Dec. 3, 2014), SEC Action, ECF 2105.)

[3] HSBC's Objection to the Proposed Hunton Settlement (Nov. 7, 2017), SEC Action, ECF 2614; Limited Joinder of the TD Bank (Nov. 7, 2017), SEC Action, ECF 2615; Limited Joinder of Pershing LLC (Nov. 8, 2017), SEC Action, ECF 2617.

The Court should overrule HSBC's objection, and the objections of TD Bank and Pershing LLC to the extent the Court construes them as suggesting that the Hunton Settlement should not be approved.  Nothing in the language of the proposed Settlement Agreement and Bar Orders limits the Professional Defendants' rights to name Hunton as a responsible third party under Chapter 33. Indeed, as in prior settlements approved by this Court,[4] the proposed Bar Orders explicitly preserve this right:

> Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon Hunton or any other Hunton Released Party.

(Proposed Final Bar Order ¶ 13, Ex. B to Ex. 1 in Appendix to Mot., SEC Action, ECF 2562; *accord* Proposed Rule 54(b) Final Judgment & Bar Order ¶ 13, Ex. C to Ex. 1 in Appendix to Mot., *Janvey* Action, ECF 233 (together, "Proposed Bar Orders").)  Hunton recognizes that Plaintiffs have taken the position, in *Rotstain*, *Turk*, and in the case against Hunton and Greenberg, that Chapter 33 and its proportionate responsibility provisions do not apply to Plaintiffs' claims under the Texas Securities Act ("TSA").  Hunton believes Plaintiffs' position on that point is incorrect, for the reasons it has demonstrated in briefing in this case.[5]

---

[4] *See, e.g.*, Willis Final Judgment & Bar Order ¶ 13 (Aug. 23, 2017), SEC Action, ECF 2568; BMB Final Judgment & Bar Order ¶ 12 (Aug. 23, 2017), SEC Action, ECF 2566; Kroll Bar Order & Judgment ¶ 11 (Aug. 30, 2016), SEC Action, ECF 2363; Chadbourne & Parke LLP Final Bar Order ¶ 13 (Aug. 30, 2016), SEC Action, ECF 2365.

[5] *See* Hunton's Mot. for Leave to File Br. Concerning the Designation of Responsible Third Parties in this

But the Court need not resolve that dispute to approve the Hunton Settlement.  The Court should have no pause in ordering a bar on contribution claims as part of approving the Hunton Settlement because it is well-established under Texas and federal law that courts can—and indeed must—bar contribution claims against a settling defendant as part of approving a settlement agreement.  *See, e.g.*, *Hardy v. Gulf Oil Corp*., 949 F.2d 826, 832 (5th Cir. 1992) (holding that under the "plain terms" of Texas law, a defendant's pre-trial settlement "eviscerates" the non-settling defendant's "right to recover contribution"); *McDonald v. Union Carbide Corp*., 734 F.2d 182, 184 (5th Cir. 1984) (*per curiam*) (affirming district court decision prohibiting non-settling defendants from bringing third-party claims against settling defendants).  Indeed, "[a] settling defendant is entitled to a bar against contribution. Any other rule would inhibit settlement of claims and a uniform federal settlement contribution bar rule has been recognized in decided cases and is appropriately adopted herein."  *In re Terra-Drill P'ships Sec. Litig.*, 726 F. Supp. 655, 656 (S.D. Tex. 1989) (rejecting non-settling defendant's assertion of a right of contribution from settling defendants).

Courts recognize that "settling defendants cannot obtain finality unless a 'bar order' is entered by the court" when the allegations in the pleadings could give rise to contribution claims. *See, e.g.*, *In re Voluntary Purchasing Groups, Inc. Litig.*, Nos. Civ. A. 3:94–CV–2477, *et al*., 2002 WL 1269972, at *3 (N.D. Tex. June 5, 2002).  A bar on contribution claims is essential to providing a settling defendant—like Hunton—with the finality and complete peace it requires in exchange for its settlement payment.  Barring claims against a settling defendant thus encourages settlement and effectuates the long-recognized public policy favoring settlement.  *See, e.g.*, *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 291, 297 n.43 (5th Cir. 2010).  That policy is codified

Case (Dec. 30, 2015), *Janvey* Action, ECF 166; Hunton's Opp. to Pls.' Mot. for Class Cert., for Designation of Class Reps. & Class Counsel at 56-59 (Feb. 26, 2016), *Janvey* Action, ECF 181.

in Chapter 33 of the Texas Civil Practice and Remedies Code, which expressly states: "No defendant has a right of contribution against any settling person." TEX. CIV. PRAC. & REM. CODE § 33.015(d); *accord In re Today's Destiny, Inc.*, 388 B.R. 737, 752 (S.D. Tex. Bankr. 2008) (rejecting contribution claims against settling defendants).[6]

Ultimately, any arguable uncertainty in the application of Chapter 33 to the TSA claims against the Professional Defendants is not a reason to reject Hunton's proposed settlement.[7] For one thing, that supposed uncertainty has not prevented this Court from approving prior settlements with other professional defendants in Stanford matters, and it should not be a bar to approving Hunton's proposed settlement here.  (*See* prior settlements cited in footnote 4, above.)  Like those other settlements, finality and total peace from Stanford-related claims—including from those who are defendants in other Stanford-related lawsuits—is an express condition precedent to Hunton's willingness to settle, and to settle for $34 million.  Simply put, Hunton likely would exercise its right to terminate the Settlement Agreement if this Court does not enter the Proposed Bar Orders in substantially the form they have been presented (Settlement Agt. ¶ 33, Ex. 1 in Appendix to Mot., SEC Action, ECF 2562 & *Janvey* Action, ECF 233 ("Settlement Agt.")), and as presented the Proposed Bar Orders include provisions that extinguish the rights of others to pursue Hunton for contribution (Proposed Bar Orders ¶ 11).

---

[6] *Accord id.* § 33.016(b) ("Each liable defendant is entitled to contribution from each person *who is not a settling person* and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. . . .") (emphasis added).  A "settling person" is defined in Chapter 33 as "a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought." *Id.* § 33.011(5).

[7] If the Court finds it necessary, Hunton would not object to the Court adding a statement to the Bar Order to affirmatively preserve the Professional Defendants' rights to allocate fault under Chapter 33, as to all Stanford-related claims asserted against the Professional Defendants.

If adopted, HSBC's proposed solution—making the extinguishment of its contribution rights against Hunton under the TSA contingent on the applicability of Chapter 33 to the TSA claims asserted against it (HSBC Obj. at 5-6, SEC Action, ECF 2614)—would materially reduce the relief that Hunton has bargained for and likely cause Hunton to terminate the settlement.

For these reasons, the Court should overrule the Professional Defendants' objections and approve the Proposed Bar Orders as submitted with Plaintiffs' Motion.

## III.   Response To Objection Filed By Co-Defendant Greenberg Traurig LLP.

Greenberg Traurig LLP ("Greenberg"), Hunton's co-defendant in the *Janvey* Action, objects to the Hunton Settlement, but acknowledges that it "does not object to those parties settling or to most of what they have agreed as between and about themselves." (Greenberg Objection 2, SEC Action, ECF 2613 & *Janvey* Action, ECF 243 ("Greenberg Obj.").) Rather, Greenberg objects only to a few isolated provisions of the Settlement Agreement and Proposed Bar Orders that it is apparently concerned could prejudice its rights. (*See id*. at 2, 5-6, 9.) But Hunton agrees with Greenberg that—with the exception of the prohibition on Greenberg (or any other Interested Party) bringing a third-party claim against Hunton, to which Greenberg does not object—the Hunton Settlement should not prejudice Greenberg's rights or its positions in the ongoing Litigation against Plaintiffs. Nothing in the Hunton Settlement is intended to do so, and Hunton does not believe any of the language in fact prejudices Greenberg's rights or defenses. In any event, Greenberg does not ask the Court to reject the Hunton Settlement, and it fails to demonstrate a sufficient reason for this Court to do anything other than approve the Hunton Settlement as submitted to this Court.

In several places in the Settlement Agreement and related papers, Hunton and Plaintiffs expressly affirm that Greenberg is not to be affected by the Bar Orders they are asking the Court to enter—except Greenberg will, of course, be prohibited from asserting Stanford-related claims

against the Hunton Released Parties (which term includes Carlos Loumiet, who was a shareholder at Greenberg before he was a partner at Hunton).[8]   To make the lack of any other impact on Greenberg clear, the Settlement Agreement states in part, "The releases and covenants not to sue set forth in this Agreement do not include, and shall have *no effect upon*, any claims or causes of action Plaintiffs have against Greenberg or Suarez, including, but not limited to, claims or causes of action based on the conduct or knowledge of Loumiet while employed by or affiliated with Greenberg."   (Settlement Agt. ¶ 42 (emphasis added).)   Similarly, both the Settlement Agreement itself and the Notice of Settlement state "it is the Parties' intent that the Settlement shall have *no impact whatsoever* on the claims asserted by Plaintiffs against Greenberg and Suarez in the Litigation."   (*Id.* ¶ 3; Notice of Settlement at 4 n.5, Ex. A to Ex. 1 in Appendix to Mot., SEC Action, ECF 2562 & *Janvey* Action, ECF 233 (emphasis added).)   Additionally, the Proposed Bar Orders each expressly disclaim that the orders impair in any way the rights of Greenberg (or any other persons or entities) to obtain a credit or offset based on Hunton's settlement, or designate any Hunton Released Party as a "responsible third party" under Texas law.   (Proposed Bar Orders ¶ 13.)

In its objections, Greenberg contends that the Settlement Agreement and Proposed Bar Orders impair its ability to confer with Carlos Loumiet and otherwise to present its arguments in Greenberg's continued defense against Plaintiffs' claims.   (*See* Greenberg Obj. 7-9.)   Nothing in the Hunton Settlement, including in the Release with respect to Carlos Loumiet, does so, or is intended to do so.   As an initial matter, Mr. Loumiet—who is not a party in the *Janvey* Action, but who is represented by the undersigned counsel—remains available to Greenberg to assist in

---

[8] That bar on claims against Hunton Released Parties applies equally to all Interested Parties and Persons, and therefore includes a bar on Greenberg asserting any claims against the Hunton Released Parties. (Proposed Bar Orders ¶ 11.)   Since filing Greenberg's objection, Greenberg's counsel has confirmed to Hunton's counsel that Greenberg does not take issue with the claims-bar provisions in the Hunton Settlement.

Greenberg's defense.  In connection with the releases exchanged between Plaintiffs and Mr. Loumiet, Mr. Loumiet agreed to respond to Plaintiffs' discovery requests in the Litigation without the need for a subpoena (but maintaining other rights to object to such requests).  (Loumiet Release ¶ 9, Ex. E to Ex. 1 in Appendix to Mot., SEC Action, ECF 2562 & *Janvey* Action, ECF 233 ("Loumiet Release").)  Greenberg contends this "restrict[s]" Mr. Loumiet and amounts to "contract[ing] around the Federal Rules."  (Greenberg Obj. 8.)  But Greenberg fails to explain how Loumiet's voluntary agreement that he will assume certain obligations—in exchange for a release of claims against him—serves as any sort of restriction or limitation on the dictates of the Federal Rules, or more importantly, any sort of restriction or limitation that prejudices Greenberg.  That is because Mr. Loumiet's Release does no such thing.  Indeed, the Proposed Bar Orders expressly provide that they do not limit any Person's ability to "take discovery under applicable rules in litigation."  (Proposed Bar Orders ¶ 13.)

Greenberg's speculative suggestion that the provisions of the Settlement Agreement could amount to "witness tampering" (Greenberg Obj. at 7-8), is entirely unfounded, and it has no basis in the language or purpose of the Settlement Agreement, Mr. Loumiet's Release, or the Proposed Bar Orders.  Greenberg first takes issue with paragraph 49 of the Settlement Agreement (*id.* at 7), which follows two paragraphs in the Settlement Agreement in which Hunton and Plaintiffs agree to certain limitations on their ability to make out-of-court statements that disparage the other (Settlement Agt. ¶¶ 47-48).  Paragraph 49 makes clear that the limitations in paragraphs 47 and 48 do *not* apply to Plaintiffs with respect to Mr. Loumiet, *or to Mr. Loumiet* with respect to Plaintiffs.[9] (*Id.* ¶ 49.)  The limitation to Paragraph 49 that Greenberg emphasizes in its objections—"so long as those statements are unconnected to Hunton"—is a limitation on *Plaintiffs*' ability to make

---

[9] This is consistent with Mr. Loumiet's Release, which contains no provision limiting any ability of Mr. Loumiet to make statements regarding Plaintiffs, or vice versa.  (*See generally* Loumiet Release.)

statements and is *not* a limitation on Mr. Loumiet.  (*Id.*)  Greenberg does not explain why a paragraph in Hunton's settlement agreement that limits *Plaintiffs* from doing something places any limitation whatsoever on Greenberg, let alone prejudices Greenberg in some way.  Greenberg otherwise complains about Paragraph 6 of Mr. Loumiet's Release, in which Mr. Loumiet and Plaintiffs provide mutual covenants not to sue each other.  (Loumiet Release ¶ 6.)  But that provision places no limitation on Mr. Loumiet's ability to testify truthfully in defense of Greenberg in the Litigation, or to communicate with Greenberg in its defense, nor is the provision intended to do so.

Greenberg also argues that paragraph 12 of the Proposed Bar Orders "dictate[s] what evidence will be admissible or not admissible as to Greenberg."  (Greenberg Obj. 5.)  But the Proposed Bar Orders do not do any such thing.  The Proposed Bar Orders state only that various terms of the Settlement Agreement and the Bar Orders do not provide an *independent* basis to restrict the evidence that Plaintiffs "offer" in the Litigation.  (Proposed Bar Orders ¶ 12.)  Thus, all existing legal principles and limitations on the evidence that the Court will actually admit against, or in favor of, Greenberg remain in effect.  The Court approved a provision nearly identical to paragraph 12 in the bar order involving the settlement with Chadbourne & Parke LLP.  (*See* Chadbourne & Parke LLP Final Bar Order ¶ 12 (August 30, 2016), SEC Action, ECF 2365.)

If Greenberg wants to argue in Court that the Settlement has some particular sort of effect (and Greenberg leaves unstated exactly what effect it may wish to argue), the Court's approval of the Settlement Agreement and the Proposed Bar Orders does not prevent Greenberg from making any arguments or defenses that it is otherwise entitled to make.

The Court should overrule Greenberg's objections, and approve the Hunton Settlement as submitted to the Court.  Nonetheless, if the Court is inclined to modify the Proposed Bar Orders in light of Greenberg's Objection, Hunton respectfully submits the following language, which

Hunton believes addresses Greenberg's concerns.  In the interest of moving their settlement forward, Plaintiffs and Hunton would be willing to agree to this proposed language if the Court finds it necessary (with the individual sentences numbered for ease of reference):

(1) Nothing in the Final Bar Order, the Rule 54(b) Final Judgment and Bar Order, the Settlement Agreement, or any other order entered with respect to the Settlement (for purposes of this paragraph, these items are referred to collectively as the "Hunton Settlement") shall impair or prejudice the legal rights or obligations of Greenberg in responding to, defending against, or otherwise addressing the claims asserted against Greenberg in the Litigation.

(2) The Hunton Settlement shall not prove any matter against Greenberg in the Litigation, including, without limitation, as to (a) the effect of the Hunton Settlement on Greenberg's defenses or alleged liability to Plaintiffs, and (b) Greenberg's right to seek a finding, in the Litigation, of proportionate responsibility or liability by any Hunton Released Party under any applicable statute or rule of law.

(3) For the avoidance of doubt, Greenberg, like all other Interested Parties, is subject to Paragraphs 8 and 11 of the Final Bar Order and the Rule 54(b) Final Judgment and Bar Order and thus releases and is barred, restrained, and enjoined from pursuing any action, lawsuit, cause of action, claim, investigation, demand, levy, complaint, or proceeding of any nature in any Forum against any Hunton Released Party as set forth in those paragraphs, but, consistent with Paragraph 13 of the Final Bar Order and the Rule 54(b) Final Judgment and Bar Order, nothing in this sentence is intended to, or shall, restrict Greenberg in any discovery efforts it may initiate.

(4) Nothing in the Hunton Settlement limits in any way Carlos Loumiet's ability to cooperate with Greenberg in any capacity in the Litigation.

## CONCLUSION

For the reasons set forth in the Motion, in Plaintiffs' response in further support of the Motion, and above, Hunton respectfully requests that the Court grant the Motion, approve the Settlement Agreement, and enter the Final Bar Order, the Rule 54(b) Final Judgment and Bar Order, and the Notice of Bar Orders, as submitted to the Court.

Date:  November 21, 2017                                         Respectfully submitted,

                                                                By:  s/ Richard A. Sayles

Jeffrey D. Colman                                                    Richard A. Sayles
April A. Otterberg                                                   Shawn Long
JENNER & BLOCK LLP                                                   SAYLES/WERBNER
353 N. Clark Street                                                  4400 Renaissance Tower
Chicago, IL 60654-3456                                               1201 Elm Street
jcolman@jenner.com                                                   Dallas, Texas 75270
(312) 923-2940                                                       dsayles@swtriallaw.com
(312) 840-7340 (Facsimile)                                           (214) 939-8701 (direct)
                                                                     (214) 939-8787 (fax)

*Counsel for Hunton & Williams LLP*
*Admitted* Pro Hac Vice *in Case No. 12-CV-04641*                    *Counsel for Hunton & Williams LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I electronically filed the foregoing **Hunton & Williams LLP's Response to Objections to Its Proposed Settlement** with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court.  The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

                                                                s/ Richard A. Sayles
                                                                     Richard A. Sayles

13