IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE, *et al.*, § § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil Action No. 3:12-CV-4641-N | |
| GREENBERG TRAURIG, LLP, *et al.*, § § § | | |
| Defendants. § | | |

## **ORDER**

This Order addresses Defendant Greenberg Taurig, LLP's ("Greenberg") motion to dismiss or, in the alternative, for judgment on the pleadings [203]. Because Greenberg is entitled to attorney immunity, the Court grants the motion for judgment on the pleadings and dismisses Plaintiffs Samuel Troice, Michoacan Trust, and Pam Reed's ("Class Plaintiffs") claims against Greenberg.

### **I. ORIGINS OF THE PARTIES' DISPUTE**

This action is one of many arising from the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control. Class Plaintiffs are investors who purchased fraudulent certificates of deposit issued by Stanford International Bank Limited ("SIBL"). Seeking to represent themselves and all others similarly situated, Class Plaintiffs bring suit against Greenberg, a law firm that performed legal services for Stanford. They allege that Greenberg, primarily through its former partner Carlos Loumiet, conspired

ORDER – PAGE 1

with Stanford to avoid regulation and detection, thereby extending the duration of Stanford's scheme.

The facts of Stanford's scheme are well established, *see, e.g., Janvey v. Democratic Senatorial Campaign Comm.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great depth here. According to Class Plaintiffs, Greenberg's involvement began decades before Stanford's scheme collapsed. Class Plaintiffs allege that, while at Greenberg, Loumiet conspired with Stanford to take control of Antigua, where SIBL would later relocate, through a series of multimillion dollar loans and furthered Stanford's scheme by helping rewrite the nation's laws in order to reduce regulation of Stanford's business activities. Class Plaintiffs allege that, as part of the conspiracy, Loumiet and other Greenberg lawyers, among other things, advised Stanford on how to operate unlicensed bank sales offices, represented Stanford in a Securities and Exchange Commission inquiry, filed and threatened lawsuits against journalists who raised questions about Stanford's scheme, advised Stanford on various registration issues, represented Stanford in multimillion dollar Antiguan real estate projects, and corresponded with federal and state regulators. Relying on a respondeat superior theory of liability, Class Plaintiffs bring this putative class action lawsuit against Greenberg based on Loumiet's conduct while at the firm.

Now before the Court is Greenberg's motion to dismiss or, in the alternative, for judgment on the pleadings on the grounds that attorney immunity bars Class Plaintiffs' claims. Because Greenberg is entitled to attorney immunity, the Court grants the motion for judgment on the pleadings.

## II. LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

Any party may move for judgment on the pleadings after the pleadings are closed when so moving would not delay trial. FED. R. CIV. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id.* (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id.* at 214.

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). When ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), a court applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

### III. ATTORNEY IMMUNITY IN TEXAS

In its motion, Greenberg asserts that it is wholly immune from suit under Texas' attorney immunity doctrine. Class Plaintiffs, however, essentially contend that three exceptions to attorney immunity preclude Greenberg's entitlement to such immunity in full or in part: (1) the litigation context exception, which allegedly renders the immunity inapplicable to attorney conduct that occurs outside of formal litigation; (2) the crime exception, which allegedly renders the immunity inapplicable to an attorney's criminal conduct; and (3) the Texas Securities Act ("TSA") exception, which allegedly renders the immunity inapplicable to claims brought under the TSA, *see* TEX. REV. CIV. STAT. ANN. art. 581-33H. Because Texas law presently does not recognize any of these claimed exceptions, the Court holds that Greenberg is wholly immune from suit.

### A. *Litigation Context Exception*

Class Plaintiffs first argue that Greenberg is not entitled to attorney immunity because the immunity does not cover conduct that occurs outside of formal litigation. Here, some of Loumiet's conduct did not occur during formal litigation but instead during other forms of client representation, such as advising Stanford on corporate transactions. The Court, however, previously addressed this argument in a similar case, holding that this claimed litigation context exception does not exist under Texas law. *See* Order 7–10 [52] *in Dorrell v. Proskauer Rose, LLP*, Case No. 3:16-CV-1152-N (N.D. Tex). Thus, the fact that some of Loumiet's conduct occurred outside of formal litigation does not bar Greenberg's entitlement to attorney immunity.

### B. Crime Exception

Class Plaintiffs next argue that Greenberg is not entitled to attorney immunity because such immunity does not cover an attorney's criminal conduct. In particular, Class Plaintiffs allege that Loumiet engaged in various forms of criminal conduct, including conspiracy to commit wire fraud and mail fraud and aiding and abetting violations of the TSA. But the Court previously addressed this argument in *Dorrell*, holding that this claimed crime exception does not exist under Texas law and that the relevant inquiry is instead whether the attorney's conduct was within the scope of client representation. *See id.* at 11–14. Here, the Court concludes that Loumiet and other Greenberg lawyers engaged in conduct – filing lawsuits, corresponding with government agencies and officials, advising on corporate transactions, preparing legal documents and contracts, drafting proposed legislation, etc. – squarely within the scope of client representation. Accordingly, Greenberg is entitled to attorney immunity.

### C. TSA Exception

Class Plaintiffs finally argue that Greenberg is not entitled to attorney immunity because the immunity does not apply to claims brought under the TSA. Here, Class Plaintiffs have made a claim against Greenberg for aiding and abetting Stanford's violations of various provisions of the TSA. The Court, however, previously addressed this argument in *Dorrell*, holding that this claimed TSA exception does not exist under Texas law. *See id.* at 14–15. Greenberg is thus entitled to attorney immunity for all of Class Plaintiffs' claims, including those brought under the TSA.

CONCLUSION

Because the litigation context, crime, and TSA exceptions to attorney immunity do not exist at present under Texas state law and Loumiet's alleged conduct was within the scope of client representation, Greenberg is entitled to attorney immunity. Accordingly, the Court grants Greenberg's motion for judgment on the pleadings and dismisses Class Plaintiffs' claims against Greenberg in full. The Court further denies as moot Class Plaintiffs' motion for class certification [175]. Finally, the Court lifts the discovery stay it previously ordered in this case, see Class Certification Scheduling Order 2 [142], thereby allowing the remaining parties to commence merits discovery.

Finding "no just reason for delay," FED. R. CIV. P. 54(b), the Court directs entry of final judgment as to Class Plaintiffs' claims against Greenberg. It is therefore ordered that Class Plaintiffs take nothing by their claims against Greenberg.

Signed December 6, 2017.

_____
David C. Godbey
United States District Judge