IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>v.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ, | Civil Action No. 3:12-cv-04641-N |

## RULE 54(b) FINAL JUDGMENT AND BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Hunton & Williams LLP, to Approve the Proposed Notice of Settlement with Hunton & Williams LLP, to Enter the Bar Order, to Enter the Rule 54(b) Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion") of Plaintiffs Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver") in *SEC v. Stanford International Bank, Ltd.*, Civil Action No. 3:09-CV-0928-N (the "SEC Action"), the Court-appointed Official Stanford Investors Committee (the "Committee"), and Pam Reed, Samuel Troice, and Michoacan Trust individually and on behalf of a putative class of Stanford investors (collectively, the "Investor Plaintiffs") (collectively, the Receiver, the Committee and the Investor Plaintiffs are referred to as the "Plaintiffs"). [ECF No. 232.]  The

Motion concerns a proposed settlement (the "Settlement") among and between the Plaintiffs and Hunton & Williams LLP ("Hunton"), one of the defendants in this action. Plaintiffs and Hunton are referred to together as the "Parties." John J. Little, the Court-appointed Examiner (the "Examiner") signed the Settlement Agreement[1] as chair of the Committee and as Examiner solely to evidence his support and approval of the Settlement and to confirm his obligation to post the Notice on his website, but is not otherwise individually a party to the Settlement or this action.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

I.      INTRODUCTION

The SEC Action and this case both arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action, ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including Hunton, that Plaintiffs allege enabled the Stanford Ponzi scheme. In this action, the Plaintiffs assert claims against Hunton, and other defendants, for negligence, aiding and abetting breaches of fiduciary duties, breaches of fiduciary duties, fraudulent transfer/unjust enrichment, aiding and abetting fraudulent transfers, negligent retention, aiding and abetting violations of the Texas Securities Act ("TSA"), aiding and abetting

---

[1] "Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion [ECF No. 233].

a fraudulent scheme, and civil conspiracy.[2] Hunton denies that it is liable for any of those claims and asserts numerous defenses to each of those claims.

Multiparty settlement negotiations occurred in late 2012, in October 2016, and again in early 2017. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs, the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action, ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action, ECF No. 322]—all participated in these extensive, arm's-length negotiations. In May 2017, the Parties reached agreement resulting in the Settlement. For several weeks thereafter, the Parties continued efforts to negotiate and document the terms of the Settlement Agreement. The Parties executed the Settlement Agreement on August 2, 2017.

Under the terms of the Settlement, Hunton will pay $34 million (the "Settlement Amount") to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, Hunton seeks total peace with respect to all claims that have been, or could have been, asserted against Hunton or any other of the Hunton Released Parties, arising out of the events leading to these proceedings. Accordingly, the Settlement is conditioned on the Court's

---

[2] By Orders dated December 17, 2014 [ECF No. 114] and February 4, 2015 [ECF No. 123], the Court granted in part and denied in part Hunton's motions to dismiss the Complaint, dismissing with prejudice (i) the Receiver and Committee's claims for aiding and abetting fraudulent transfers; (ii) the Investor Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of unregistered securities and the sale of securities by an unregistered dealer arising from sales taking place prior to February 1, 2008; (iii) the Investor Plaintiffs' TSA claims for aiding and abetting and civil conspiracy for the sale of securities through untruth or omission arising from sales taking place prior to February 1, 2006; dismissing without prejudice the Receiver and Committee's claims for breach of fiduciary duty, and declining to dismiss the Plaintiffs' other claims against Hunton.

approval and entry of this Final Judgment and Bar Order enjoining Interested Parties from asserting or prosecuting claims against Hunton or any other of the Hunton Released Parties.

On August 16, 2017, the Plaintiffs filed the Motion. [ECF No. 232]. The Court thereafter entered a Scheduling Order on August 23, 2017 [ECF No. 234], which, *inter alia*, authorized the Receiver to provide notice of the Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On November 28, 2017, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable, and that the Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Final Judgment and Bar Order is appropriate and necessary.

## II.   ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Terms used in this Final Judgment and Bar Order that are defined in the Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Settlement Agreement (which is deemed incorporated herein by reference).

2. The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Judgment and Bar Order. *SEC* v. *Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted). Moreover, the Court has jurisdiction over the subject matter of this action, and the Plaintiffs are proper parties to seek entry of this Final Judgment and Bar Order.

3. The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order;

(ii) constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the Settlement, the releases therein, and the injunctions provided for in this Final Judgment and Bar Order and in the Final Bar Order to be entered in the SEC Action; (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Settlement, this Final Judgment and Bar Order, and the Final Bar Order to be entered in the SEC Action, and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.  The Court finds that the Settlement, including, without limitation, the Settlement Amount, was reached following an extensive investigation of the facts and resulted from vigorous, good-faith, arm's-length, mediated negotiations involving experienced and competent counsel.  The Court further finds that (i) significant issues exist as to the merits and value of the claims asserted against Hunton by Plaintiffs and by others whose potential claims are foreclosed by this Final Judgment and Bar Order; (ii) such claims contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with uncertainty regarding whether such claims would be successful; (iii) a significant risk exists that future litigation costs would dissipate Receivership Assets and that Plaintiffs and other persons who have submitted claims to the Receiver ("Claimants") may not ultimately prevail on their claims; (iv) Plaintiffs and Claimants who have filed Claims with the Receiver will receive partial satisfaction of their claims from the Settlement Amount being paid pursuant to the Settlement; and (v) Hunton would not have agreed to the terms of the Settlement in the absence of this Final

Judgment and Bar Order unless it was assured of "total peace" with respect to all claims that have been, or could be, asserted arising from its relationship with the Stanford Entities. *See SEC v. Kaleta*, No. 4:09-3674, 2012 WL 401069, at *4 (S.D. Tex. Feb. 7, 2012), *aff'd*, 530 F. App'x 360 (5th Cir. 2013) (approving these factors for consideration in evaluating whether a settlement and bar order are sufficient, fair, and necessary). The injunction against such claims as set forth herein is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Settlement. *See Kaleta*, 530 F. App'x at 362 (affirming a bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding). After careful consideration of the record and applicable law, the Court concludes that the Settlement is the best option for maximizing the net amount recovered from Hunton for the Receivership Estate, Plaintiffs, and the Claimants.

5. Pursuant to the Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Settlement to Stanford Investors who have Claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their Claims through the Receiver's claims process previously approved by the Court [SEC Action, ECF No. 1584].

6. The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7. Accordingly, the Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against Hunton, the Stanford Entities, or the Receivership

Estate, including but not limited to the Plaintiffs and the Interested Parties.  The Court also finds that this Final Judgment and Bar Order is a necessary component to achieve the Settlement. The Settlement, the terms of which are set forth in the Settlement Agreement, is hereby fully and finally approved.  The Parties are directed to implement and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement and this Final Judgment and Bar Order.

8. Pursuant to the provisions of Paragraph 38 of the Settlement Agreement, as of the Settlement Effective Date, Hunton and the rest of the Hunton Released Parties shall be completely released, acquitted, and forever discharged from any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the Investor Plaintiffs; the Receiver; the Receivership Estate; the Committee; the Claimants; and the Persons, entities and interests represented by those Parties ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any certificate of deposit, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) Hunton's relationship with any one or more of the Stanford Entities; (iv) Hunton's provision of services to or for the benefit of or on behalf of the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of this action, the SEC Action, or any proceeding concerning the Stanford Entities pending or commenced in any Forum.

9.     Pursuant to the provisions of Paragraph 39 of the Settlement Agreement, as of the Settlement Effective Date, the Plaintiffs Released Parties shall be completely released, acquitted, and forever discharged from all Settled Claims by Hunton.

10.    Notwithstanding anything to the contrary in this Final Judgment and Bar Order, the foregoing releases do not release the Parties' rights and obligations under the Settlement or the Settlement Agreement or bar the Parties from enforcing or effectuating the terms of the Settlement or the Settlement Agreement.  Additionally, the foregoing releases do not release any claims or causes of action that Plaintiffs have or may have against Greenberg Traurig, LLP ("Greenberg"), or Yolanda Suarez ("Suarez"), including but not limited to any claims or causes of action based on the conduct of Carlos Loumiet while employed by or affiliated with Greenberg.  Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that Hunton or Carlos Loumiet may have against any Hunton Released Party, including but not limited to Hunton's insurers, reinsurers, employees, and agents.

11.    The Court hereby permanently bars, restrains, and enjoins the Receiver, the Committee, the Investor Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities anywhere in the world, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against Hunton or any of the Hunton Released Parties, this action, or any action, lawsuit, cause of action, claim, investigation, demand, levy, complaint, or proceeding of any nature in any Forum, including, without limitation, any court of first

instance or any appellate court, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the SEC Action; the subject matter of this case or the SEC Action; or any Settled Claim.  The foregoing specifically includes any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise.  Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that Hunton or Carlos Loumiet may have against any Hunton Released Party, including but not limited to Hunton's insurers, reinsurers, employees and agents.  Additionally, the foregoing shall not affect the Plaintiffs' claims against Greenberg or Suarez, including but not limited to any claims or causes of action based on the conduct of Carlos Loumiet while employed by or affiliated with Greenberg.  Further, the Parties retain the right to sue for alleged breaches of the Settlement Agreement.

12.     The releases and the covenants not to sue set forth in the Settlement Agreement, and the releases, bars, injunctions, and restraints set forth in this Final Judgment and Bar Order, do not limit in any way the evidence that Plaintiffs may offer against the remaining defendants in this action.

13. Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to: (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Settlement or payment of the Settlement Amount; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon Hunton or any other Hunton Released Party.

14. Hunton and the rest of the Hunton Released Parties have no responsibility, obligation, or liability whatsoever with respect to the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Settlement; the management, investment, distribution, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Settlement or the Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate or cancel the Settlement, the Settlement Agreement, or this Final Judgment and Bar Order.

15. Nothing in this Final Judgment and Bar Order or the Settlement Agreement and no aspect of the Settlement or negotiation or mediation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations, or defenses in this action, or any other proceeding.

16. Hunton is hereby ordered to deliver or cause to be delivered the Settlement Amount ($34 million) as described in Paragraph 24 of the Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions of the Settlement Agreement.

17. Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement, the Settlement Agreement, the Scheduling Order, and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Settlement, the Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

18. The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Judgment and Bar Order as to Hunton, which is both final and appealable as to Hunton, and immediate entry of final judgment as to Hunton by the Clerk of the Court is expressly directed.

19. This Final Judgment and Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the Settlement, the Settlement Agreement, or this Final Judgment and Bar Order.

20. All relief as to Hunton not expressly granted herein, other than Plaintiffs' request for approval of Plaintiffs' attorneys' fees, which will be addressed by a separate order, is denied. This is a final Rule 54(b) judgment. The Clerk of the Court is directed to enter Judgment as to Hunton in conformity herewith.

21.

    a. Nothing in the Final Bar Order, the Rule 54(b) Final Judgment and Bar Order, the Settlement Agreement, or any other order entered with respect to the Settlement (for purposes of this paragraph, these items are referred to collectively as the "Hunton Settlement") shall impair or prejudice the legal rights or obligations of Greenberg in responding to or defending against the claims asserted against Greenberg in the Litigation.

    b. The Hunton Settlement shall not prove any matter against Greenberg in the Litigation, including, without limitation, as to (a) the effect of the Hunton Settlement on Greenberg's defenses or alleged liability to Plaintiffs, and (b) Greenberg's right to seek a finding, in the Litigation, of proportionate responsibility or liability by any Hunton Released Party under any applicable statute or rule of law.

    c. For the avoidance of doubt, Greenberg, like all other Interested Parties, is subject to Paragraphs 8 and 11 of the Final Bar Order and the Rule 54(b) Final Judgment and Bar Order; but, consistent with Paragraph 13 of the Final Bar Order and the Rule 54(b) Final Judgment

and Bar Order, nothing in this sentence is intended to, or shall, restrict Greenberg's defense to the claims against it and in any discovery efforts it may initiate.

        d.      Nothing in the Hunton Settlement limits in any way Carlos Loumiet's ability to cooperate with Greenberg in any capacity in the Litigation.

Signed March 26, 2018.

                                      _____
                                      David C. Godbey
                                      United States District Judge