**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREENBERG TRAURIG, LLP,<br><br>*Defendant*. | Civil Action No. 3:12-cv-04641-N |

**MOTION FOR ENTRY OF AGREED ORDER REGARDING
METHOD OF PRODUCTION OF CERTAIN DOCUMENTS BY RECEIVER**

Plaintiff Ralph S. Janvey, in his Capacity as Court-Appointed Receiver for the Stanford Receivership Estate (the "Receiver"), and Defendant Greenberg Traurig, LLP ("Greenberg"), hereby file this motion requesting that the Court enter the attached Agreed Order Regarding Method of Production of Certain Documents by Receiver ("Agreed Order"). Counsel for the Receiver and Greenberg have conferred and agreed to the terms set forth in, and hereby request entry of, the attached Agreed Order.

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.** | **NELIGAN, LLP** |
| By: /s/ *Edward C. Snyder* | By: /s/ *Douglas J. Buncher* |
| Edward C. Snyder | Douglas J. Buncher |
| esnyder@casnlaw.com | dbuncher@neliganlaw.com |
| Jesse R. Castillo | Republic Center |
| jcastillo@casnlaw.com | 325 N. St. Paul, Suite 3600 |
| 700 N. St. Mary's Street, Suite 405 | Dallas, Texas 75201 |
| San Antonio, Texas 78205 | Telephone: (214) 840-5320 |
| Telephone: (210) 630-4200 | Facsimile: (214) 840-5301 |
| Facsimile: (210) 630-4210 | |
| | |
| **BUTZEL LONG, P.C.** | **CLARK HILL STRASBURGER** |
| By: /s/ *Peter D. Morgenstern* | By: /s/ *Judith R. Blakeway* |
| Peter D. Morgenstern (pro hac vice) | Judith R. Blakeway |
| morgenstern@butzel.com | judith.blakeway@clarkhillstrasburger.com |
| Joshua E. Abraham (pro hac vice) | Merritt Clements |
| abraham@butzel.com | merritt.clements@strasburger.com |
| 477 Madison Avenue, Suite 1230 | 2301 Broadway |
| New York, New York 10022 | San Antonio, Texas 78215 |
| Telephone: (212) 818-1110 | Telephone: (210) 250-6000 |
| Facsimile: (212) 898-0123 | Facsimile: (210) 250-6100 |

*Counsel for Plaintiffs*

| | |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** | **COWLES & THOMPSON, P.C.** |
| By: /s/ *Stuart H. Singer* | By: /s/ *Sim Israeloff* |
| Stuart H. Singer | Sim Israeloff |
| ssinger@bsfllp.com | sisraeloff@cowlesthompson.com |
| Sashi C. Bach | Jim E. Cowles |
| sbach@bsfllp.com | jcowles@cowlesthompson.com |
| 401 East Las Olas Boulevard, Suite 1200 | 901 Main Street, Suite 3900 |
| Fort Lauderdale, Florida 33301 | Dallas, Texas 75202 |
| Telephone: (954) 356-0011 | Telephone: (214) 672-2000 |
| Facsimile (954) 356-0022 | Facsimile: (214) 672-2347 |

*Counsel for Defendant*
*Greenberg Traurig, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2018, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Douglas J. Buncher*
Douglas J. Buncher

87633v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, AND THE OFFICIAL STANFORD INVESTORS COMMITTEE, §§§§§§§ *Plaintiffs*, § § v. § § GREENBERG TRAURIG, LLP, §§§ *Defendant*. § | Civil Action No. 3:12-cv-04641-N |

## AGREED ORDER REGARDING METHOD OF
## PRODUCTION OF CERTAIN DOCUMENTS BY RECEIVER

**IT IS HEREBY STIPULATED AND ORDERED** as follows:

1. Plaintiff Ralph S. Janvey, in his Capacity as Court-Appointed Receiver for the Stanford Receivership Estate (the "Receiver") and Defendant Greenberg Traurig LLP ("Greenberg" or "Defendant") agree to this Order Regarding Method of Production of Certain Documents by Receiver (the "Agreed Order").

## Documents Subject to this Order

2. This Agreed Order shall govern the production or use in the above-captioned action of the following, which shall be referred to collectively as the "Ringtail/Warehouse Box Documents":

    a. Any documents and/or data produced or made available by the Receiver through the use of the Receiver's electronic Ringtail database, which

      contains a large number of electronic, potentially relevant documents (the "Ringtail Documents");

    b. Any documents and/or data produced or made available for inspection in hard copy located in the warehouse in Houston, Texas where the Receiver maintains certain receivership records (the "Warehouse Box Documents").

## General Provisions

3. Pursuant to Defendant's agreement with the Receiver, the Receiver will allow Defendant's counsel to perform an initial review of documents and data included as part of the Ringtail/Warehouse Box Documents on an "attorneys' eyes only" basis (the "initial review"). The documents shared by the Receiver with Defendant's counsel for purposes of this initial review will be deemed to remain in the Receiver's possession, custody, and control.

4. Defendant shall provide the Receiver with the identities of the attorneys who will review and/or analyze the Ringtail/Warehouse Box Documents and with the identities of any support staff assisting in that review a reasonable amount of time before the review commences. Other than those individuals identified by Defendant, or any other individuals separately agreed upon by Defendant and the Receiver, no other representative of Defendant may review or access these materials during this initial review.

5. Defendant must not make or retain any copies of documents made available solely for the initial review until such time as the documents identified by Defendant are produced by the Receiver pursuant to paragraphs 10-12 below.

## Non-Waiver Through Initial Review

6. The production of any Ringtail/Warehouse Box Documents for purposes of this initial review will not result in the waiver of any attorney-client privilege, attorney work product

protection or any other applicable privilege as to those documents and data, whether in the above-referenced litigation or in any other state, federal or other legal or administrative proceeding.

**Initial Review of Ringtail Documents**

7. The Receiver shall provide Defendant with three (3) Ringtail log-ins at no cost. Defendant may request additional Ringtail log-in credentials, which the Receiver will not unreasonably deny. If the Receiver and Defendant agree that additional Ringtail log-in credentials will be issued, the Defendant will be responsible for any costs or fees associated with those log-in credentials.

8. The Receiver will provide access to Ringtail Documents dated prior to February 16, 2009 to Defendant's counsel so that Defendant may perform its own searches on such documents and associated metadata. This access will be provided for a period of two hundred (200) consecutive days (the "Ringtail Review Period"), or any other period agreed in writing by the Receiver and Defendant. To the extent Defendant believes more time is needed to review the documents following the expiration of the Ringtail Review Period, Defendant may request additional time, which request shall not be refused unreasonably by the Receiver. The Receiver agrees not to access Defendant's searches, or any information relating to Defendant's initial review of the documents it identifies based on those searches.

9. For purposes of the Ringtail Documents, the "Document ID" number associated with each document within the Ringtail database will serve as the Bates number for that document unless and until the documents are produced in an alternative format.

10. During the Ringtail Review Period, including any extension of the Ringtail Review Period, Defendant may designate specific Ringtail Documents for production by the

Receiver by providing the Document ID number of such documents. The Receiver's counsel may then review each designated document to determine whether to assert the attorney-client privilege, the attorney work product doctrine or any other applicable privilege and decline to produce the document for use in this litigation. After receipt of Defendant's designation(s), the Receiver will produce the specified Ringtail Documents requested or, in the event the Receiver declines to produce any requested document(s), to provide a log identifying the withheld document(s) and the privilege(s) or immunity asserted for each document, as promptly as possible, and not later than forty-five (45) days after receipt of Defendant's designation(s). To the extent the Receiver believes more time is needed to review the Ringtail Documents for privilege or immunity, then the Receiver may request additional time for such review, which request shall not be refused unreasonably by Defendant.

11. With respect to the cost of producing Ringtail Documents designated by Defendants, the following shall apply:

   a. If Defendants request that certain designated Ringtail Documents be produced in native format, the Receiver will bear the cost of producing those documents in native format to Defendants.

   b. If Defendants request that the Receiver produce certain designated Ringtail Documents in an alternative, non-native format (*e.g.*,TIFF), Defendants will bear the cost of producing such documents in this alternative format.

12. The parties agree that all Ringtail Documents produced shall contain, among other things, information sufficient to identify the "Document ID" referenced in paragraph 9 above and the Bates label assigned to the document.

**Initial Review of Warehouse Box Documents**

13. For purposes of the Warehouse Box Documents, Defendant will identify the Warehouse Box Documents it wishes to review for the initial review, and, in the event that the Receiver does not object to those documents being reviewed by Defendant, the Receiver will make those documents available to Defendant. Following that initial review, Defendant may identify specific documents for which it requests Bates-labeled copies be provided. The Defendant will bear the cost of production for any Warehouse Box Documents Defendant designates in a format agreed upon in advance of any production(s), provided that the parties shall split the cost of production for any Warehouse Box Documents for which the Receiver wishes to have Bates-labeled copies. Although the Receiver may review the documents requested prior to production and assert any applicable privileges or immunity, he is not required to do so.

**Non-Waiver by Inadvertent or Mistaken Production of Privileged Materials**

14. THE NON-WAIVER AGREEMENTS CONTAINED IN THIS AGREEMENT AND ORDER APPLY TO THIS PROCEEDING AND ALL OTHER STATE, FEDERAL OR ARBITRATION PROCEEDINGS BETWEEN THE PARTIES TO THIS ACTION AND SHALL BE BINDING REGARDLESS OF THE IDENTITY OF THE PARTIES TO THOSE PROCEEDINGS.

15. By entering into this Agreement and Order and submitting it (a) Defendant does not concede that any of the documents or data made available by the Receiver for purposes of the initial review are or were protected by the attorney-client privilege, the attorney work product doctrine or any other privilege; and (b) the Receiver does not concede that any of the documents

or data made available by the Receiver for purposes of the initial review are responsive to Defendant's discovery requests or otherwise relevant to any claim or defense of this litigation.

16.  Nothing in this Agreement and Order shall limit Defendant's right to serve requests for production of documents under Fed. R. Civ. P. 34 or 45 or the Receiver's obligation to respond to any such requests in writing, nor otherwise limit or modify the parties' discovery obligations under the Federal Rules of Civil Procedure (except to the extent expressly set forth herein).  This Agreed Order is not intended to delimit the universe of documents that the Receiver is required to make available, or otherwise produce, to Defendant.  Rather, it is intended solely to govern the procedures that apply to Defendant's review of the Ringtail/Warehouse Documents.

Signed this _____ day of _____, 2018.

_____
David C. Godbey
United States District Judge

**AGREED AS TO FORM AND SUBSTANCE:**

**NELIGAN, LLP**

By: /s/ *Douglas J. Buncher*
Douglas J. Buncher
dbuncher@neliganlaw.com
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301

*Counsel for the Plaintiffs*


**BOIES SCHILLER FLEXNER LLP**

By: /s/ *Stuart H. Singer*
Stuart H. Singer
ssinger@bsfllp.com
Sashi C. Bach
sbach@bsfllp.com
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for Defendant*
*Greenberg Traurig, LLP*