# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as court-appointed receiver for the Stanford Receivership estate; The OFFICIAL STANFORD INVESTORS COMMITTEE; SANDRA DORRELL; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated, *Plaintiffs*, | § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12cv4641-N |
| v. | | |
| GREENBERG TRAURIG, LLP, HUNTON & WILLIAMS, LLP; and YOLANDA SUAREZ, *Defendants.* | | |

## DEFENDANT YOLANDA SUAREZ'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Yolanda Suarez ("Defendant") files this Answer to Plaintiffs' Amended Complaint and would respectfully show the Court as follows:

### I. ANSWER

**General Response to Allegations:**

The vast majority of the allegations contained in over 450 paragraphs of this Complaint relate to events, documents or perceptions involving people other than Defendant. Accordingly, she has no basis to admit or deny the allegations. For those relatively few paragraphs that mention Defendant Suarez, nearly all of the allegations relate to email and other correspondence

that Defendant does not have, nor has she seen for many years. Defendant's ability to admit or deny quotes from documents or meetings is frustrated by the passage of time (in some cases, more than twenty years) and her lack of access to the documents. Defendant reserves the right to clarify or amend her answers should the documents or context of these alleged communications be made available to her.

**Specific Responses to Allegations:**

1. Defendant admits that entities and individuals named in Paragraphs 1- 4 and 6 are parties to this Complaint, but otherwise lacks knowledge sufficient to admit or deny the citizenship or corporate status of the entities.

2. The statements of Paragraph 5 require no response. To the extent that they require a response, Defendant denies them for lack of knowledge or information sufficient to form a belief.

3. Defendant admits Paragraph 7.

4. Defendant denies the statements that appear to be quotations under the heading "Overview of Case" for lack of knowledge or information sufficient to form a belief.

5. Defendant denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief.

6. Defendant denies the allegations in Paragraphs 9-10 for lack of knowledge or information sufficient to form a belief.

7. Defendant is unsure what Plaintiffs are referring to when they use the term "Stanford Financial Group" as that term has not been defined by Plaintiffs, but admits that she became General Counsel to Stanford Financial Group Company. Defendant otherwise denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief.

8. Defendant denies the allegations in Paragraphs 12-14 for lack of knowledge or information sufficient to form a belief.

9. Defendant admits that she lived in Houston, Texas but otherwise denies the allegations in Paragraph 15.

10. The allegations in in Paragraphs 16-21 require no response because they are legal conclusions. To the extent a response is required, Defendant denies the allegations for lack of knowledge or information sufficient to form a belief.

11. Defendant denies the allegations in Paragraphs 22-39 for lack of knowledge or information sufficient to form a belief.

12. Defendant admits that SIBL filed a Form D with the SEC for a Regulation D exemption, but otherwise denies the allegations of Paragraph 40.

13. Defendant denies the allegations in Paragraph 41- 86 for lack of knowledge or information sufficient to form a belief.

14. Defendant denies the allegations in Paragraphs 87-91 for lack of knowledge or information sufficient to form a belief.

15. Defendant does not have a specific recollection of the communication referenced in Paragraphs 92-94, so she is unable to admit or deny the allegations in these Paragraphs.

16. Defendant denies the allegations in Paragraphs 95-98 for lack of knowledge or information sufficient to form a belief.

17. Defendant does not have a specific recollection of the communication referenced in Paragraph 99, so she is unable to admit or deny the allegations in this Paragraph.

18. Defendant denies the allegations in Paragraphs 100-104 for lack of knowledge or information sufficient to form a belief.

19. Defendant does not have a specific recollection of the communication referenced in

Paragraph 105, so she is unable to admit or deny the allegations in this Paragraph.

20. Defendant denies the allegations in Paragraphs 106-113 for lack of knowledge or information sufficient to form a belief.

21. Defendant does not have a specific recollection of the communication referenced in Paragraphs 114-115, so she is unable to admit or deny the allegations in these Paragraphs.

22. Defendant denies the allegations in Paragraphs 116-122 for lack of knowledge or information sufficient to form a belief. Suarez lacks any recollection of newspaper articles dating back 19 years and, as a result, can neither admit nor deny the allegations regarding the articles.

23. Defendant does not have a specific recollection of the communication referenced in Paragraph 123, so she is unable to admit or deny the allegations in this Paragraph.

24. Defendant denies the allegations in Paragraphs 124-134 for lack of knowledge or information sufficient to form a belief.

25. Defendant denies the allegation in Paragraph 135 that SGC's primary mission was to refer customers to SIBL, and lacks knowledge or information sufficient to deny the remaining allegations.

26. Defendant denies the allegations in Paragraph 136 for lack of knowledge or information sufficient to form a belief.

27. Defendant denies the allegations in Paragraphs 137-138 for lack of knowledge or information sufficient to form a belief.

28. Defendant does not have a specific recollection of the communication referenced in Paragraphs 139-140, so she is unable to admit or deny the allegations in these Paragraphs.

29. Defendant denies the allegations in Paragraphs 141-155 for lack of knowledge or information sufficient to form a belief.

30. Defendant does not have a specific recollection of the communication referenced in

Paragraph 156, so she is unable to admit or deny the allegations in this Paragraph.

31. Defendant denies the allegations in Paragraphs 157-161 for lack of knowledge or information sufficient to form a belief.

32. Defendant does not have a specific recollection of the communication referenced in Paragraph 162, so she is unable to admit or deny the allegations in this Paragraph.

33. Defendant denies the allegations in Paragraphs 163-164 for lack of knowledge or information sufficient to form a belief.

34. Defendant does not have a specific recollection of the communication referenced in Paragraph 165, so she is unable to admit or deny the allegations in this Paragraph.

35. Defendant denies the allegations in Paragraph 166 for lack of knowledge or information sufficient to form a belief.

36. Defendant does not have a specific recollection of the communications referenced in Paragraphs 167-68, so she is unable to admit or deny the allegations in these Paragraphs. In addition, Defendant lacks knowledge to admit or deny the other allegations concerning what reasons Greenberg had for its alleged actions.

37. Defendant denies the allegations in Paragraph 169-183 for lack of knowledge or information sufficient to form a belief.

38. Suarez admits that she was an initial director of STC, but lacks knowledge sufficient to admit or deny the remaining allegations of Paragraph 184.

39. Defendant denies the allegations in Paragraph 185-189 for lack of knowledge or information sufficient to form a belief.

40. Defendant does not have a specific recollection of the communications referenced in Paragraphs 190-96, so she is unable to admit or deny the allegations in these Paragraphs.

41. Defendant denies the allegations in Paragraph 197-199 for lack of knowledge or

information sufficient to form a belief.

42. Defendant does not have a specific recollection of the communications referenced in Paragraphs 200- 204, so she is unable to admit or deny the allegations in these Paragraphs. Defendant denies all other allegations.

43. Defendant denies the allegations in Paragraph 205-206 for lack of knowledge or information sufficient to form a belief. Defendant further denies that she turned to Greenberg "to help make that happen."

44. Defendant does not have a specific recollection of the communications referenced in Paragraphs 207-211, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications.

45. Defendant denies the allegations in Paragraph 212-235 for lack of knowledge or information sufficient to form a belief.

46. Defendant does not have a specific recollection of the communications referenced in 236-37, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications.

47. Defendant denies the allegations in Paragraph 238-250 for lack of knowledge or information sufficient to form a belief.

48. Defendant does not have a specific recollection of the communications referenced in Paragraphs 251-252, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications.

49. Defendant denies the allegations in Paragraph 253 for lack of knowledge or information sufficient to form a belief.

50. Defendant does not have a specific recollection of the communications referenced in

Paragraphs 254-57, so she is unable to admit or deny the allegations in these Paragraphs concerning the communications.

51. Defendant denies the allegations in Paragraphs 258-264 for lack of knowledge or information sufficient to form a belief.

52. The allegations in Paragraphs 265-336 require no response because they are legal conclusions. To the extent that a response is required, Defendant denies them for lack of knowledge or information sufficient to form a belief.

## II. AFFIRMATIVE DEFENSES

53. Plaintiffs' claims are barred because of the doctrines of release, waiver, unclean hands, *in pari delicto* and other related equitable doctrines.

54. Plaintiffs' claims are barred because Plaintiffs' own acts or omissions caused or contributed to their injury.

55. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, doctrine of laches and/or repose.

56. Plaintiffs lack standing in whole or in part to assert the claims set forth in the Complaint.

57. Plaintiffs fail to state a claim upon which relief can be granted for the reasons set forth in Defendant's previously-filed motion to dismiss.

58. The Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

59. Plaintiffs' claims are barred because the claims and damages alleged in the Complaint were in whole or in part the proximate result of acts or omissions of market conditions, third parties or parties for which Defendant is neither liable nor responsible. Plaintiffs' damages, if any, were the sole proximate cause of independent, intervening or superseding actions over

which Defendant had no control and for which she cannot be held liable.

60. Defendant did not act with knowledge or scienter. At all times, Defendant acted in good faith and with due care.

61. Defendant gave reasonably equivalent value in exchange for the transfers she received.

62. Plaintiffs did not exercise due care and diligence and/or did not reasonably protect themselves from their losses or damages.

63. Plaintiffs cannot establish that any conduct of Defendant caused them any injury in fact.

64. Plaintiffs were not damaged by any conduct of Defendant.

65. Under comparative responsibility, contribution and indemnification principles set forth in applicable federal and state law, persons or entities other than Defendant (including various Responsible Third Parties that Defendant may designate before trial under Tex.Civ.Prac. & Rem. Code §33.004) are responsible, in whole or in part, for damages alleged by Plaintiffs. Plaintiffs' claim for damages, if any were incurred, must be reduced and/or eliminated in proportion to the extent to which such damages were caused by the negligence or other fault of persons other than Defendant.

66. Plaintiffs' claims for damages, if any were incurred, must be reduced and/or eliminated in proportion to the extent that such damages were caused by Plaintiffs' own negligence or fault.

67. Plaintiffs' claims for damages, if any were incurred, must be reduced and/or eliminated to the extent to which Plaintiffs have received compensation from any other source.

68. Plaintiffs' claims are barred by the doctrine of equitable estoppel. The Receivership's predecessor-in-interest concealed and/or made a false representation of material facts, with the knowledge that the representations were false, with the intent to induce Defendant to act on the concealment and/or misrepresentation. Defendant had no reasonable means to determine the truth. Defendant relied to her detriment on the concealment and/or misrepresentation. Therefore

8

the Receiver is estopped from asserting its claims.

69. The Receivership's predecessor-in-interest made false, material representations to Defendant, with the knowledge that the representations were false and the intent to induce Defendant to act on those representations. Defendant did act in reliance upon the false, material representations and, as a result, suffered damages.

70. To the extent that Defendant is liable to the Receivership for its claims, that amount should be offset by the harm to Defendant from the fraud and fraudulent inducement of the Receiver's predecessor-in-interest.

71. Defendant relied upon the advice of counsel.

72. Defendant adopts and incorporates herein by reference any and all additional defenses asserted by other defendants in this action that are not inconsistent with the allegations or defenses set forth herein.

WHEREFORE, Defendant prays for judgment as follows:

1. For a judgment and decree dismissing the Complaint with prejudice;

2. For a judgment and decree awarding costs, including attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  November 2, 2018    Respectfully submitted,

**STANLEY, FRANK & ROSE, LLP**

 */s/  Michael J. Stanley*
Michael J. Stanley
mstanley@stanleylaw.com
State Bar No. 19046600
Federal Bar No. 13283
230 Westcott, Ste 120

Houston, Texas 77007
(713) 980-4381
(713) 980-1179 fax
230 Westcott, Ste 120
Houston, Texas 77007

**ATTORNEY FOR YOLANDA SUAREZ**

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on November 2, 2018, I electronically filed the foregoing motion with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the court. The ECF system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means. Copies will be sent to those indicated as non-registered participants by U.S. Mail or facsimile at the addresses of their counsel of record or last known residence.

              /s/ Michael J. Stanley_____
              Michael J. Stanley