RUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as § <br> Court-appointed receiver for the Stanford § <br> Receivership Estate; PAM REED; § <br> SAMUEL TROICE; and MICHOACAN § <br> TRUST; individually and on behalf of a § <br> class of all others similarly situated, § <br>                 Plaintiffs, § <br> § <br> v. § <br> § <br> GREENBERG TRAURIG, LLP; § <br> HUNTON & WILLIAMS, LLP; AND § <br> YOLANDA SUAREZ, § <br>                 Defendants. § | CIVIL ACTION NO. 3:12-cv-04641-N |

**APPENDIX IN SUPPORT OF RECEIVER'S RESPONSE TO
GREENBERG TRAURIG'S MOTION TO COMPEL BETTER RESPONSES TO
INTERROGATORIES 1, 2, 3, AND 4 AND TO COMPEL
<u>DISCLOSURE OF DOCUMENTS REQUIRED UNDER RULE 26</u>**

The Receiver, Ralph Janvey, by and through undersigned counsel, submits this Appendix in support of its Response to Motion to Compel Better Responses to Interrogatories 1, 2, 3, and 4 and to Compel Disclosure of Documents Required Under Rule 26.

| **Exhibit** | **Description** |
|---|---|
| 1. | Declaration of Edward C. Snyder |
| 2. | Scheduling Order March 16, 2018 (ECF Doc. 262) |

Respectfully Submitted, APP. 2

| | |
|---|---|
| **NELIGAN LLP**<br>By: */s/ Douglas J. Buncher*<br>Douglas J. Buncher<br>dbuncher@neliganlaw.com<br>Republic Center<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201<br>Telephone: (214) 840-5320<br>Facsimile: (214) 840-5301 | **CASTILLO SNYDER**<br>By: */s/ Edward C. Snyder*<br>Edward C. Snyder<br>esnyder@casnlaw.com<br>Jesse R. Castillo<br>jcastillo@casnlaw.com<br>700 N. St. Mary's, Suite 405<br>San Antonio, Texas 78205<br>Telephone: (210) 630-4200<br>Facsimile: (210) 630-4210<br><br>**CLARK HILL STRASBURGER**<br>By: */s/ Judith R. Blakeway*<br>Judith R. Blakeway<br>judith.blakeway@clarkhillstrasburger.com<br>2301 Broadway<br>San Antonio, Texas 78215<br>Telephone: (210) 250-6004<br>Facsimile: (210) 258-2706<br><br>By: */s/ David N. Kitner*<br>David N. Kitner<br>david.kitner@clarkhillstrasburger.com<br>901 Main Street, Suite 4400<br>Dallas, Texas 75202<br>Telephone: (214) 651-4300<br>Facsimile: (214) 651-4330 |

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of December, 2018, the foregoing document was served on all counsel of record via the Court's ECF system.

                                                  */s/ Judith R. Blakeway*
                                                  Judith R. Blakeway

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 3:12-cv-04641-N |

## DECLARATION OF EDWARD C. SNYDER

Pursuant to 28 U.S.C. § 1746, I Edward C. Snyder, hereby declare under penalty of perjury that I have knowledge of the following facts, and that they are all true and correct:

1. My name is Edward C. Snyder. I am over 18 years of age, reside in San Antonio, Texas, have never been convicted of a crime and am fully competent to make this Declaration.

2. I am a named shareholder of the law firm Castillo Snyder P.C., based in San Antonio, Texas, and have been practicing law for 24 years. I received my law degree from the University of Texas School of Law in 1994 and my law license also in 1994. After law school, I served as Legal Advisor to the former Chairman of the U.S. International Trade Commission in Washington, D.C. Since entering private practice in 1996, I have been involved principally in commercial litigation and trial work, and have handled major cases for both corporate and individual clients, as both plaintiff's and defendant's counsel. I am admitted to practice in the Western, Eastern, Northern and Southern federal districts of the State of Texas as well as the Fifth and Ninth Circuit courts of appeal and the United States Supreme Court.

3. I and my law firm serve as lead counsel for Ralph Janvey in his capacity as the Plaintiff in Civil Action No. 3:12-cv-04641-N, *Ralph Janvey, in his Capacity as Court-appointed Receiver for the Stanford Receivership Estate, et al v. Greenberg Traurig LLP, et al.*

4. In a complex commercial litigation case such as the instant case, it is typical for myself and my firm to strategize and map out a trial plan at the outset of the case in order to outline the factual and legal issues in the case and identify material evidence and witnesses for development in discovery. As part of my trial plan for this case, I spent months at the inception of discovery in this case reviewing and identifying and marking as "Plaintiff's Trial Exhibits" the documents that I believed would be used at trial.

5. One of the principal reasons that my firm pre-marks Trial Exhibits early in the discovery process in a case such as the instant one is due to the large number of witnesses who reside outside of Texas (several of whom are not under the control of either party) and whose testimony will be taken by videotaped deposition that will be played to the jury at trial. We do this primarily in order to maintain consistency between the exhibits used in those out-of-state videotaped depositions and the exhibits ultimately admitted into evidence and presented to the jury at trial, so that the exhibit that is shown to a witness in a videotaped deposition is the same exhibit (same Exhibit number etc.) that the jury can review during deliberations.

6. My firm's selection of exhibits for trial involves trial strategy and mental impressions and opinions about which documents are most relevant for use at trial, and therefore constitute attorney work product, and I have never been ordered to turn over pre-marked Trial Exhibits in advance of the deadline set forth in a Scheduling Order. Indeed, to my recollection I have never had opposing counsel ever ask me to turn over Trial Exhibits in advance of the deadline in a scheduling order prior to this case.

7.     As part of discovery in this case, the Receiver has produced or granted access to Greenberg to hundreds of thousands of pages of documents, including full access to documents contained in the Stanford document warehouse and access to the Stanford Ringtail e-mail database.

8.     In September of this year, counsel for Greenberg demanded that we produce to them every document that was referenced in the 167-page Complaint the Receiver filed in this case.  We complied, and on October 11, 2018 we produced to Greenberg every document referenced in the Complaint, the vast majority of which came from Greenberg's own files.

9.     While we have refused to produce the actual Plaintiff's Trial Exhibits we marked in preparation for trial of this matter, I hereby confirm that every single document included in said Trial Exhibits has been otherwise produced to Greenberg - just lacking the Plaintiff's Trial Exhibit labels.  The vast majority of those documents – more than 88% - actually originated from Greenberg's own records or from the records of Hunton & Williams, which documents Greenberg has already received in discovery.   We have more recently produced the remaining 12% of all other documents that we have marked as Plaintiff's Trial Exhibits (again, just without the Exhibit labels) that came from a source other than Greenberg or Hunton & Williams.

10.     Thus, Greenberg already has **every document** in the Receiver's Trial Exhibits; Greenberg just doesn't have, and in my view shouldn't have, the Receiver's actual marked Plaintiff's Trial Exhibits until the time set forth in the Court's Scheduling Order.

11.     Attached hereto marked Exhibit "2" is a true and correct copy of the current Scheduling Order in this case.  Pursuant to that Scheduling Order, the Receiver is to produce its Trial Exhibits to Greenberg 45 days prior to trial.   The Receiver will of course fully comply with that deadline.

APP. 6

Executed: 12/11/2018.

          */s/ Edward C. Snyder*
          Edward C. Snyder

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RALPH S. JANVEY, ET AL., §
§
*Plaintiffs*, § Case No.: 3:12-cv-4641-N
§
v. §
§
GREENBERG TRAURIG, LLP, ET. AL., §
§
*Defendants*. §

## SCHEDULING ORDER

The Amended and Agreed Motion for Entry of Scheduling Order [Doc. 260] is granted. Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan (the "Plan") for the Northern District of Texas, the Court ORDERS as follows:

1. Trial date shall be set for period commencing October 28, 2019.

2. The parties may by written agreement alter the deadlines in this paragraph, without the need for court order. No continuance of trial will be granted due to agreed extensions of these deadlines. Motions may become moot due to trial if filed after the deadline in this Order.

   a. May 21, 2018 - Early Mediation with mediator Layn R. Phillips. All parties must attend the mediation in person; legal entities must provide a representative with full authority; if

EXHIBIT 2     APP. 7

there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person.

      b.      June 1, 2018 – Fact discovery commences, if case is not resolved in mediation.

      c.      May 30, 2019 – Fact discovery shall be completed by the parties. All discovery requests, other than requests for production of documents and requests related to expert witnesses, must be served by the parties in time to permit responses by this date.

      d.      March 1, 2019 – Plaintiffs shall disclose experts and serve their expert reports pursuant to Rule 26(a)(2);

      e.      April 15, 2019 – Defendants shall disclose experts and serve their expert reports pursuant to Rule 26(a)(2);

      f.      May 15, 2019 — Plaintiffs shall serve rebuttal expert reports, if any;

      g.      July 1, 2019 – Expert discovery closes;

      h.      July 15, 2019 – All motions, including motions for summary judgment and any objections to expert testimony must be filed;

      i.      Responses to motions for summary judgment and objections to expert testimony are due 30 days after the motion is filed, replies are due 21 days after responses are filed;

      j.      Responses and replies to all other motions are due in accordance with Local Rules;

      k.      90 days before trial date – Final Mediation; the parties may eliminate this requirement by agreement; the parties should advise the court if they are unable to agree on a mediator; all parties must attend the mediation in person; legal entities must provide a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with

full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person;

3. Parties desiring entry of a protective order under Rule 26(c) must either (a) request entry of an order in the district court's standard form, which can be found at: www.txnd.uscourts.gov/judges/dgodbey_req.htm or (b) if entry of a protective order in a different form is requested, the motion must (1) explain why the district court's standard form is inadequate in the particular circumstances of the case, and (2) include a redlined version of the requested form showing where it differs from the district court's standard form.

4. The parties shall file all pretrial materials by 45 days before the trial date. Failure to file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

    a. pretrial order pursuant to LR 16.4;

    b. exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials to be shown to the jury, including demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections;

    c. proposed jury charge pursuant to LR 51.1 or proposed findings of fact and conclusions of law pursuant to LR 52.1; any objections to the proposed jury charge shall be filed within 14 days thereafter; objections not so disclosed are waived unless excused by the court for good cause;

    d. motions in limine; matters that are not case-specific are strongly discouraged;

    e. requested voir dire questions.

5. The final pretrial conference will be set by separate order or notice. Lead counsel must attend the pretrial conference. The Court will likely impose time limitations for trial at the pretrial conference. Examination of witnesses will be limited to direct, cross, re-direct, and re-cross. Any questions regarding this Order may be directed to the Court's Judicial Assistant, Donna Hocker Beyer, at 214-753-2700.

SIGNED this 16th day of March 2018.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE