# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-cv-04641-N |
| GREENBERG TRAURIG, LLP; GREENBERG TRAURIG, PA; AND YOLANDA SUAREZ, | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSITION TO GREENBERG TRAURIG'S
SECOND AMENDED MOTION TO DESIGNATE RESPONSIBLE
THIRD PARTIES AND BRIEF IN SUPPORT**

Douglas J. Buncher
Patrick J. Neligan, Jr.
NELIGANLLP
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:    (214) 840-5320
Facsimile:    (214) 840-5301
dbuncher@neliganlaw.com
pneligan@neliganlaw.com

Edward C. Snyder
Jesse R. Castillo
CASTILLO SNYDER, PC
700 N. St. Mary's, Suite 405
San Antonio, Texas 78204
(210) 630-4200
(210) 630-4210 (Fax)
esnyder@casnlaw.com
jcastillo@casnlaw.com

Judith R. Blakeway
CLARK HILL STRASBURGER
2301 Broadway
San Antonio, Texas 78215
Telephone:    (210) 250-6004
Facsimile:    (210) 258-2706
judith.blakeway@clarkhillstrasburger.com

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

Table of Authorities ....................................................................................................................... ii

ARGUMENT ...................................................................................................................................1

    I.      Chapter 33 does not apply to the Receiver's claims. ............................................... 1

    II.     Attempting to attribute the conduct of Stanford entities, directors, officers or employees to the Receiver under Chapter 33 inappropriately backdoors the inapplicable *in pari delicto* defense and improperly imputes wrongful conduct of former Stanford insiders to the Receiver .............................................. 3

    III.    There is no legal or factual basis to designate Baker Botts as a responsible third party ................................................................................................................... 5

CONCLUSION ................................................................................................................................6

CERTIFICATE OF SERVICE .......................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Barnett v. Homes of Texas & Warranty Underwriters Ins. Co.*,
   2011 WL 665309 (Tex. App.—Houston [14th Dist.] 2011, no pet.)..........................3

*Battaglia v. Alexander,*
   93 S.W.3d 132 (Tex. App.—Houston [14th Dist.] 2002), *rev'd on other grounds*, 177
   S.W.3d 893 (Tex. 2005)..................................................................................................2

*CBIF, Ltd. P'ship v. TGI Fridays Inc.*,
   No. 05-15-00157-CV, 2017 WL 1455407 (Tex. App.—Dallas April. 21, 2017, pet.
   filed)...............................................................................................................................1

*Fid. & Guar. Ins. Underwriters Inc. v. Wells Fargo Bank*,
   2006 WL 870683 (S.D. Tex. 2006) ..............................................................................2

*Floyd v. Hefner*,
   556 F.Supp.2d 617 (S.D. Tex. 2008) ............................................................................1

*Heat Shrink Innovations, LLC v. Medical Extrusion Techs.-Tex., Inc.,*
   No. 02-12-00512-CV, 2014 WL 5307191 (Tex. App.—Fort Worth Oct. 16, 2014, pet.
   denied)............................................................................................................................2

*Janvey v. Dem. Sen. Camp. Comm. Inc.*,
   712 F.3d 185 (5th Cir. 2013) (*"DSCC"*) .......................................................................3

*Jones v. Wells Fargo Bank N.A.*,
   666 F.3d 955 (5th Cir. 2012) ........................................................................................3

*Kinzbach Tool Co. v. Corbett-Wallace Corp.*,
   160 S.W.2d 509 (Tex. 1942).........................................................................................1

*Lakes of Rosehill Homeowners Ass'n v. Jones,* 552 S.W.3d 414, 422 (Tex. App.—
   Houston [14th Dist.] 2018) ...........................................................................................3

*LandAmerica Commonwealth Title Co. v. Wido*,
   No. 05-14-00036-CV, 2015 WL 6545685 (Tex. App.—Dallas Oct. 29, 2015) ..........2

*Meadows v. Hartford Life Ins. Co.,*
   492 F.3d 634 (5th Cir. 2007) ........................................................................................1

*Newby v. Enron Corp.*,
   623 F.Supp.2d 798 (S.D. Tex. 2009) ............................................................................2

*Onyung v. Onyung*,
    2013 WL 3875548 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ..................................3

**STATUTES**

Tex. Civ. Prac. & Rem. Code § 33.013 ........................................................................................2

Plaintiff Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford Receivership Estate ("Plaintiff" or "Receiver"),[1] respectfully submits this brief in opposition to Greenberg Traurig's[2] Second Amended Motion to Designate Responsible Third Parties [Docket No. 294] and requests that the Court deny the motion in part for the reasons set forth below.

## ARGUMENT

### I. Chapter 33 does not apply to the Receiver's claims.

Texas law recognizes a number of circumstances in which one person is held legally responsible for harm caused by the conduct of another. This responsibility may be the result of shared culpable conduct such as knowingly participating in a breach of fiduciary duty. Liability for knowing participation in breaches of fiduciary duty is joint and several. *Floyd v. Hefner*, 556 F.Supp.2d 617, 654 (S.D. Tex. 2008) (parties who knowingly join a fiduciary in breaching his fiduciary duties are jointly and severally liable); *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 639 (5th Cir. 2007) (same); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942) ("…where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such."); *CBIF, Ltd. P'ship v. TGI Fridays Inc.*, No. 05-15-00157-CV, 2017 WL 1455407 *39 (Tex. App.—Dallas April. 21, 2017, pet. filed)("when a defendant knowingly participates in the breach of a fiduciary duty, he becomes a joint tortfeasor and is liable as such.").

In these circumstances, Chapter 33 does not apply. The reason is clear: a defendant who knowingly participates in a breach of fiduciary duty by another should not be able to escape liability simply by blaming the person who breached their fiduciary duty. The responsibility of a

---

[1] The Official Stanford Investors Committee is no longer a Plaintiff in this matter, and the claims of the putative class members are on appeal. Therefore, the Receiver is the only Plaintiff responding to the Motion.
[2] Greenberg Traurig refers to Defendants Greenberg Traurig, LLP and Greenberg Traurig, PA. (collectively referred to herein as "Greenberg").

person whose liability is derived from the wrongful conduct of another should not be apportioned with that of the person who directly caused the injury because to do so would eliminate any incentive to refrain from assisting bad behavior. This concern is especially great when the injury-causing event is a crime given the likelihood that a jury, when asked to apportion responsibility between a person who commits a crime and a person whose conduct simply facilitates the crime, might incorrectly apportion most of the responsibility to the person who actually committed the crime.

For this reason, Chapter 33 does not apply to participation or aiding and abetting claims—like knowingly participating in breaches of fiduciary duty—that provide for joint and several liability. *Battaglia v. Alexander,* 93 S.W.3d 132, 144 (Tex. App.—Houston [14th Dist.] 2002), *rev'd on other grounds*, 177 S.W.3d 893 (Tex. 2005) ("Common-law joint-and-several liability rules for partnership, agency, joint venture, and piercing the corporate veil situations survived the enactment of § 33.013 of the Texas Civil Practice and Remedies Code."); *Heat Shrink Innovations, LLC v. Medical Extrusion Techs.-Tex., Inc.,* No. 02-12-00512-CV, 2014 WL 5307191 *17 (Tex. App.—Fort Worth Oct. 16, 2014, pet. denied) (when "[the aider's] liability for knowingly participating was wholly dependent upon and wholly derived from [the underlying tortfeasor's] breach of his fiduciary duty, it was unnecessary to submit a question to the jury to apportion liability; [the aider's] liability was [the underlying tortfeasor's] liability"); *Fid. & Guar. Ins. Underwriters Inc. v. Wells Fargo Bank*, 2006 WL 870683 *22 (S.D. Tex. 2006) (concluding that Chapter 33 did not apply to claims that a bank knowingly and willfully aided and abetted misconduct by another party); *Newby v. Enron Corp.*, 623 F.Supp.2d 798, 833 (S.D. Tex. 2009) ("[J]oint and several liability for common-law civil conspiracy to defraud was not abolished by Chapter 33."); *LandAmerica Commonwealth Title Co. v. Wido*, No. 05-14-00036-

2

CV, 2015 WL 6545685 *28(Tex. App.—Dallas Oct. 29, 2015) (concluding that Chapter 33 does not apply to conspiracy claims); *Barnett v. Homes of Texas & Warranty Underwriters Ins. Co.*, 2011 WL 665309 at *7 n. 11 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (noting that Chapter 33 is "generally not applicable to cases…wherein two defendants were held jointly and severally liable for the same damages"); *Onyung v. Onyung*, 2013 WL 3875548 at *11 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (same).

Moreover, Chapter 33 does not apply when tortious acts cause an indivisible injury. *Lakes of Rosehill Homeowners Ass'n v. Jones,* 552 S.W.3d 414, 422 (Tex. App.—Houston [14th Dist.] 2018) ("where the tortious acts of two or more wrongdoers join to produce an injury that by its nature cannot be apportioned with reasonable certainty among them, all defendants will be held jointly and severally liable for the entire injury"). Here, the tortious acts of many wrongdoers joined to produce injuries that by their nature cannot be apportioned. One man alone cannot run a Ponzi scheme.

Because Chapter 33 does not apply when liability is joint and several, Defendants' Motion must be denied.

II. **Attempting to attribute the conduct of Stanford entities, directors, officers or employees to the Receiver under Chapter 33 inappropriately backdoors the inapplicable *in pari delicto* defense and improperly imputes wrongful conduct of former Stanford insiders to the Receiver**

Greenberg inappropriately attempts to apportion fault to the Receiver based upon misconduct by various Stanford entities and former insiders that is not attributable to the Receiver as a matter of law. Under binding Fifth Circuit precedent, the Stanford entities' pre-receivership conduct cannot be imputed to the Receiver and the *in pari delicto* doctrine does not apply to the Receiver. *Janvey v. Dem. Sen. Camp. Comm. Inc.*, 712 F.3d 185, 192 (5th Cir. 2013) (*"DSCC")* (pre-receivership conduct cannot be imputed to receiver)*; Jones v. Wells Fargo*

3

*Bank N.A.*, 666 F.3d 955, 984 (5th Cir. 2012) (rejecting *in pari delicto* defense in actions brought by receivers to recover assets for investors). The law is clear that misconduct of the companies used by former management as robotic tools to commit fraud and breaches of fiduciary duty is not attributable to the Receiver, and that the Receiver is legally distinct from the entities whose claims he is asserting. Thus, the Stanford entities can neither be "Claimants" as that term is defined in Chapter 33, nor designated as responsible third parties. The innocent Receiver is the only Claimant in this lawsuit. To allow the Stanford entities to be treated as "Claimants" or designated as responsible third parties would stand well-established Fifth Circuit precedent on its head.

Undeterred by this clear Fifth Circuit precedent, Greenberg seeks to attribute the conduct of a host of Stanford entities and former insiders (including Stanford International Bank, Ltd., Stanford Group Company, Stanford Trust Company, Stanford Trust Company, Ltd., Stanford Fiduciary Investor Services, Allen Stanford, James Davis, Gilbert Lopez, Mark Kuhrt, Mauricio Alvarado, Danny Bogar, Rebecca Hamric, Lena Stinson, Juan Rodríguez-Tolentino, Bernie Young, Juan Alberto Rincon, Oreste Tonarelli and Kenneth Allen) to the Receiver, arguing the entities are either "Claimants" under Chapter 33, or that they should be designated as responsible third parties. As set forth above, the Fifth Circuit has explicitly held that the Receiver's claims are not barred by the pre-receivership malfeasance of the Stanford entities and their officers and directors. *DSCC*, 712 F.3d at 192. Permitting the designation of the Stanford entities as responsible third parties in this case or allowing them to be treated as "Claimants" under Chapter 33 is inconsistent with the Fifth Circuit's holding in *DSCC,* because it would have the effect of imputing fault of the Stanford entities and insiders to the Receiver. As the Fifth Circuit made clear, the pre-receivership malfeasance of the Stanford entities cannot serve as a bar to the

Receiver's claims.

Similarly, allowing Greenberg to designate the former Stanford insiders as responsible third parties in an attempt to reduce its liability—when the corporate entities themselves can not be submitted—imports back into the case the same discredited *in pari delicto* defense rejected by both this Court and the Fifth Circuit. Adopting Greenberg's position would eviscerate a receiver's ability to recover from those who have committed highly culpable conduct like knowing participation in the insider's breaches of fiduciary duty. Nothing in the plain language of the statute compels such a result. The reason that the Stanford directors, officers and employees should not be submitted to the jury under Chapter 33 is that the Receiver (the Claimant), cannot be charged with their wrongdoing to bar the Receiver's recovery, even partially, on behalf of the Stanford entities. Therefore, their conduct should not be submitted under Chapter 33. *Cf. DSCC*, 712 F.3d at 192.

For these reasons, the Court should deny Greenberg's motion to designate the Stanford entities and insiders as responsible third parties under Chapter 33, and deny Greenberg's motion to treat the Stanford entities as "Claimants" under Chapter 33.

**III. There is no legal or factual basis to designate Baker Botts as a responsible third party**

Greenberg seeks to designate Baker Botts, the Receiver's counsel in the SEC Receivership, as a responsible third party alleging that "Baker Botts was the first law firm to advise Allen Stanford how to set up and structure his business and helped the predecessor of Stanford International Bank, Ltd. (Guardian International Bank, Ltd.) to establish its operations in Montserrat." This false allegation is presumably premised upon a baseless motion to disqualify filed early in the Receivership proceeding by the Stanford entity Defendants and Allen Stanford. After Baker Botts filed a response to that motion to set the record straight, that a single

5

associate at the firm performed $850 of legal work for James Stanford, Allen Stanford's father, in the mid-1980s, the meritless motion to disqualify was withdrawn. Baker Botts' client for this work was not Allen Stanford or any Stanford entities as alleged by Greenberg. There is simply no factual or legal basis to contend that Baker Botts caused or contributed to causing any of the harm for which Plaintiff is suing Greenberg in this lawsuit. Greenberg's baseless effort to designate Baker Botts as a responsible third party should, therefore, be denied.

## CONCLUSION

For the foregoing reasons, Greenberg's motion to designate responsible third parties should be denied.

Respectfully Submitted,

| | |
|---|---|
| **NELIGAN LLP** | **CASTILLO SNYDER** |
| By: */s/ Douglas J. Buncher* | By: */s/ Edward C. Snyder* |
| Douglas J. Buncher | Edward C. Snyder |
| dbuncher@neliganlaw.com | esnyder@casnlaw.com |
| Republic Center | Jesse R. Castillo |
| 325 N. St. Paul, Suite 3600 | jcastillo@casnlaw.com |
| Dallas, Texas 75201 | 700 N. St. Mary's, Suite 405 |
| Telephone: (214) 840-5320 | San Antonio, Texas 78205 |
| Facsimile: (214) 840-5301 | (210) 630-4200 |
| | (210) 630-4210 (Facsimile) |

**CLARK HILL STRASBURGER**

By: */s/ Judith R. Blakeway*
Judith R. Blakeway
judith.blakeway@clarkhillstrasburger.com
2301 Broadway
San Antonio, Texas 78215
Telephone:   (210) 250-6004
Facsimile:   (210) 258-2706

By: */s/ David N. Kitner*
David N. Kitner
[david.kitner@clarkhillstrasburger](mailto:david.kitner@clarkhillstrasburger)
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

On December 19, 2018, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court which served all counsel of record electronically as authorized by the Court pursuant to The Federal Rules of Civil Procedure.

*/s/ Douglas J. Buncher*
Douglas J. Buncher

88364v.2