IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 FEB 12  AM 10: 28

DEPUTY CLERK_____

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY | § | |
| AS COURT-APPOINTED RECEIVER | § | |
| FOR THE STANFORD INTERNATIONAL | § | |
| BANK, LTD., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 3:12-CV-4641-N-BQ |
| v. | § | |
| | § | |
| GREENBERG TRAURIG, LLP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING IN PART AND
### DENYING IN PART DEFENDANT'S MOTION TO COMPEL

Before the court is Defendant Greenberg Traurig, LLP's Motion to Compel Better Responses to Plaintiffs' Responses to Interrogatories 1, 2, 3, and 4 and to Compel Disclosure of Documents Required under Rule 26. ECF No. 288. Ralph S. Janvey, Receiver, filed his Response in opposition. ECF No. 295. The District Court has referred discovery issues such as those raised in the pending motion to the undersigned United States Magistrate Judge, *see* Order, *In re Stanford Entities Secs. Litig.*, No. 3:09-MD-2099-N (N.D. Tex. Sept. 24, 2012, and Feb. 13, 2014) (ECF Nos. 30, 50), and the motion is ripe for review. For the reasons explained below, Defendant's Motion to Compel (ECF No. 288) is **GRANTED in part and DENIED in part**.

### I.     Background

Through the motion, Greenberg seeks an order compelling the Receiver to provide additional information sought via interrogatories served June 26, 2018. Def.'s Mot. to Compel, at 4 (ECF No. 288). Greenberg argues that the Receiver's answers to Interrogatories 1, 2, 3, and 4 are "evasive and incomplete" because they include qualifying language or do not fully address every part of the question. *Id.* Greenberg also specifically asks the court to order the Receiver to

1

explain his damages calculation in more detail, in response to Interrogatories 2(g) and 4(c). *Id.* at 8. Greenberg faults the Receiver's original response regarding damages for breaches of fiduciary duties and negligent acts in that it merely references the $5.9 billion judgment against Stanford entities for which the Receiver alleges Greenberg is jointly and severally liable. *Id.* Finally, Greenberg claims it is entitled to the Receiver's pre-marked exhibits, which the Receiver has begun using in depositions, as a supplement to the Receiver's initial disclosures under Rule 26. *Id.* at 10.

In his Response, the Receiver argues that his answers and disclosures are sufficient under Rules 26 and 33. Pl.'s Resp., at 2–3 (ECF No. 295). The Receiver objected to Greenberg's requests as overbroad and unduly burdensome but claims that his responses to the "contention interrogatories" were sufficient given how early in the discovery process Greenberg served the interrogatories. *Id.* at 3. The Receiver requests that the court postpone requiring a full response until fact discovery is complete. *Id.* at 11. The Receiver further contends that he has answered the damages interrogatories as fully as the Rules require, and that he need not produce his pre-marked exhibits—which he argues the selection or identification of are protected as work product—until forty-five days before trial. *Id.* at 12–15.

In its Reply, Greenberg rejects the Receiver's contention that the pre-marked exhibits are protected work product and reiterates that the Receiver must provide the documents to comply with Rule 26(a)(1)(A)(ii), i.e., to produce any documents "it may use" to support his claims. Def.'s Reply, at 2 (ECF No. 299). Greenberg further claims the "contention interrogatories" it served on the Receiver are appropriate and that the answers the Receiver gave are still impermissibly qualified and indefinite. *Id.* at 2–4. On the issue of damages, Greenberg explains that regardless of whether it is jointly and severally liable, Interrogatories 2(g) and 4(c) "ask the Receiver what

damages were *caused* by each act of Greenberg's alleged aiding-and-abetting or negligence, and

Greenberg is entitled to this information." *Id.* at 5 (emphasis in original).

## II.    Legal Standard

Rule 26 of the Federal Rules of Civil Procedure defines the permissible bounds of

discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information must therefore be nonprivileged, relevant, and proportional

to the needs of the case to constitute discoverable material. *See Samsung Elecs. Am., Inc. v. Chung*,

321 F.R.D. 250, 279 (N.D. Tex. 2017) (citing *Rocha v. S.P. Richards Co.*, No. 5:16-CV-411-XR,

2016 WL 6876576, at *1 (W.D. Tex. Nov. 17, 2016)) ("Under Rule 26(b)(1), discoverable matter

must be both relevant and proportional to the needs of the case—which are related but distinct

requirements.").

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses.

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling

production against another party when the latter has failed to answer interrogatories under Federal

Rule of Civil Procedure 33 or produce documents requested under Rule 34. *See* Fed. R. Civ. P.

37(a)(3)(B)(iii), (iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer,

or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"The moving party bears the burden of showing that the materials and information sought are

relevant to the action or will lead to the discovery of admissible evidence."[1] *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).  Once a moving party makes an initial showing of relevance, however, the party resisting discovery has the burden of showing why the requested discovery is irrelevant, overly broad, or unduly burdensome. *Id.* (citing *Spiegelberg Mfg., Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007)); *see also Clockwork IP LLC v. Parr Mgmt. LLC*, No. 3:14-CV-3879-N, 2016 WL 3350703, at *3 (N.D. Tex. Mar. 21, 2016). In response to a motion to compel, an objecting party must "urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection." *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 3:17-cv-2719-B, 2018 WL 3655574, at *7 (N.D. Tex. July 16, 2018) (citing *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016)).

## III.   Discussion

### A.   The Receiver Must Provide More Detailed Answers to the Damages Interrogatories

Greenberg argues in its motion that the Receiver has failed to meaningfully respond to Greenberg's Interrogatories 2(g) and 4(c), which seek details concerning damages the Receiver contends resulted from Greenberg's alleged wrongdoing.  Def.'s Mot. to Compel, at 7–8. Responding to each interrogatory, the Receiver indicated that the damages he will seek at trial "will be all or a portion of" the $5.9 billion judgment against Stanford entities; that Greenberg is jointly and severally liable for the entire amount; and that the Receiver's expert witnesses will

---

[1] Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).  District courts possess wide discretion in defining the scope of discovery in each case.  *See Landry v. Air Line Pilots Ass'n Int'l. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *Cotton v. Hinton*, 559 F.2d 1326, 1333 (5th Cir. 1977).

calculate the "exact amount of damages" and supplement the response "at the time of expert disclosures." *Id.* at 8. The Receiver argues that "there is no need for [the Receiver] to allocate damages among participants or theories of liability" and that he sufficiently answered the interrogatories. Pl.'s Resp., at 13. Greenberg avers that the Receiver must respond more fully, showing a "substantive explanation and calculation based on the information currently in his possession," even before expert witness disclosures are due. Def.'s Reply, at 5.

Although Rule 26(a)(1)(A)(iii) requires a party to disclose "a computation of each category of damages claimed" and the basis for those computations, an interrogatory may seek even more detailed information regarding damages. *See* Fed. R. Civ. P. 26(b)(1) (authorizing discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense"). And while the responding party must supplement its responses as more information becomes available— through expert witnesses or otherwise—the responding party must nevertheless answer the interrogatory completely based on the information then in its possession. Fed. R. Civ. P. 33(b)(3); *In & Out Welders, Inc. v. H & E Equip. Servs., Inc.*, Civil Action No. 16-86-JWD-RLB, 2018 WL 1370600, at *6 (M.D. La. Mar. 16, 2018).

Where, as here, the responding party will rely on an expert review of the case to develop the theories of relief and calculate the amount of damages sought, that party cannot refuse to answer the question fully before expert disclosures are due. *In & Out Welders*, 2018 WL 1370600, at *6; *see Broussard v. Go-Devil Mfg. Co. of La.*, Civil Action No. 08-124-D-M2, 2009 WL 10669961, at *1 n.2 (M.D. La. Aug. 13, 2009) ("Under the federal rules of civil procedure, however, [defendant] is not required to wait until the expert report deadlines to obtain [plaintiff's] damage computations and is permitted to obtain that information through initial disclosures and discovery requests preceding the production of expert reports."). The responding party must

answer the interrogatory fully given the information available at the time of response, and in doing so "the plaintiff should provide more than a lump sum statement of the damages allegedly sustained." *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). The Receiver must disclose "a specific dollar figure," but "[s]imply reciting a dollar figure . . . is not enough." *Borroum v. RJM Acquisition LLC*, A–07–CA–613 RP, 2008 WL 11415899, at *3 (W.D. Tex. Mar. 28, 2008) (collecting cases). Indeed, a full answer to Interrogatory 2(g), which asks the Receiver to identify "the specific damages that were caused by the breach of fiduciary duty" (Def. App. 011 (ECF No. 289)), must include some analysis as to the connection between the alleged breach and the damages resulting from that breach. *See Tutor-Saliba Corp.*, 218 F.R.D. at 222 (granting defendant's motion to compel and ordering plaintiffs to specify "the damages allegedly sustained for each contract at issue" rather than one lump sum for all breaches, contracts, and defendants).

The Receiver's answers to Interrogatories 2(g) and 4(c) are insufficient and incomplete. The lump-sum figure of $5.9 billion plus interest, covering the Stanford entities' total loss as the result of many alleged negligent acts and fiduciary breaches by multiple Defendants, does not provide Greenberg or any other Defendant in this particular case with notice regarding the extent of their potential exposure as to the different breaches and negligent acts alleged. While a few more weeks remain before expert disclosures are due, the Receiver must nevertheless respond to these interrogatories, at this stage in discovery, by explaining (1) how each alleged breach and negligent act committed by Greenberg contributed to the $5.9 billion judgment and (2) what portion of the judgment he attributes to each alleged breach and act. Greenberg's interrogatories specifically seek information related to "each breach of fiduciary duty that Greenberg allegedly aided, abetted, or participated in . . ." (*see* Def. App. 010–11 (Interrogatories 1 and 2)); as a result,

6

the response must specify whether the basis for the Receiver's damages claims rests solely on joint and several liability, or whether a breach or act by Greenberg independently caused the specific damages sought to be recovered.

Depending on the nature of the discovery request and complexity of information sought, this court typically allows between ten and thirty days for a party to comply with an order requiring the production of additional information. Based on the information sought herein, and because the expert disclosure deadline is only two and a half weeks away, the court will give the Receiver until the expert disclosure deadline, i.e., March 1, to provide amended responses consistent with the terms of this order. The selection of that date, however, reflects more the practical reality of the scheduling order's timing rather than an endorsement of the Receiver's position that he could legitimately wait until the expert disclosure deadline to produce such information. Accordingly, Greenberg's motion to compel is **GRANTED** as to Interrogatory Nos. 2(g) and 4(c), and the Receiver shall produce such answers no later than March 1, 2019.

### B.     The Receiver Need Not Produce His Pre-Marked Exhibits

Greenberg also seeks an order compelling the Receiver to produce all pre-marked exhibits he has labelled for use in depositions. Def.'s Mot. to Compel, at 11. Greenberg does not allege that the Receiver previously failed to produce the documents in question, but instead posits that Rule 26 requires the Receiver to identify and again produce specific documents selected by him for use in a deposition *prior* to the Receiver actually using them in the deposition. *Id.* at 10–11. By refusing to do so, Greenberg compares the Receiver's actions to an impermissible "document dump," where parties "bury[] relevant documents amid a sea of relevant ones." *Id.* at 11 (citation omitted). The Receiver counters that the identity of documents he selects to pre-mark as exhibits for use in a deposition are privileged work product and thus exempt from discovery. Pl.'s Resp.,

at 14–15.  Greenberg argues in reply that designation of exhibits for trial is not work product covered by privilege; the Receiver must produce all documents it may use at trial, including and especially those he has already designated for use or reference.  Def.'s Reply, at 7.

Courts frown upon the practice of "document dumps," where a party produces relevant and irrelevant documents together and fails to identify which documents are relevant; such production does not constitute proper disclosure.  *ReedHycalog UK, Ltd. v. United Diamond Drilling Servs., Inc.*, No. 6:07 CV 251, 2008 WL 11348342, at *2 (E.D. Tex. Oct. 3, 2008) ("[A] party may not frustrate the spirit of the discovery rules—open, forthright, and efficient disclosure of information potentially relevant to the case—by burying relevant documents amid a sea of irrelevant ones."); *see also S.E.C. v. Nutmeg Grp., LLC*, No. 09 C 1775, 2017 WL 4925503, at *4 (N.D. Ill. Oct. 31, 2017) ("A party cannot comply with Rule 26(a)(2)(C) by dumping a large volume of documents on an opposing party and leaving it to try to guess what a witness will say about the information contained in the documents.").  A voluminous production of relevant documents, however, is not necessarily impermissible so long as the documents are indexed or organized intelligibly.  *See, e.g., AT&T Corp. v. Park I–10 Motors*, SA–13–CV–644–DAE, 2014 WL 12659767, at *2 (W.D. Tex. Apr. 28, 2014) (denying defendant's motion to compel more organized production of 7,349 documents where defendant produced the documents "in the manner they were kept in the usual course of business"); *Thornton v. Blitz USA, Inc.*, No. CV 509–003, 2011 WL 1113460, at *1 (S.D. Ga. Mar. 24, 2011) (noting that, although "the sheer number of documents" defendant produced "as a 'rolling production' policy" imposed "a substantial burden on Plaintiff," the plaintiff had not shown that defendant "has engaged in any wrongdoing").

In this case, Greenberg's motion contains no direct or specific attack on the general scope or manner of the Receiver's initial disclosures, but rather a challenge to the Receiver's refusal to

specifically identify what documents he intends to use in a deposition.[2]  Greenberg has cited no authority, and the court has found none, supporting the proposition that Rule 26(a)(1) requires a party to identify or specify a particular document he intends to use in a deposition *prior* to its use. If the Receiver properly identified or produced the document in his original Rule 26(a)(1) disclosures, he need not provide Greenberg with a second copy of the document simply because he has marked it for use in a deposition. *See Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 894 (E.D. Ill. 2013) (holding that Rule 26(a)(1)(A)(ii) did not require defendants "to produce the specific documents . . . that they intended to use during the deposition of [plaintiff]").

In addition, the court agrees with the Receiver that under these circumstances, the attorneys' designation of specific documents for use in a deposition is most likely protected as attorney work product.  Greenberg seeks identification of these documents, not because of the facts they contain—because that information is already available to Greenberg—but because of the attorneys' selection of the documents for use in depositions.  The court agrees that selection of those documents for use in a deposition is a strategy choice that reflects the attorneys' mental impressions of the case.  *Sporck v. Peil*, 759 F.2d 312, 316–17 (3d Cir. 1985) (holding that counsel's selection or compilation of documents for pretrial use was protected as work product and reasoning that "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case"); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) (holding that the "mental selective process" of setting

---

[2] In its motion, Greenberg cites several cases regarding "document dumps" in support of its position that the Receiver's disclosures are inadequate given the Receiver's subsequent marking and use of certain documents. *See* Def.'s Mot. to Compel, at 11.  These cases generally support the proposition that disclosures including irrelevant or misleading information are inadequate to satisfy Rule 26, and that the disclosing party must produce material it may use, excluding irrelevant or misleading documents. *ReedHycalog UK*, 2008 WL 11348342, at *2; *see Regions Bank v. Kaplan*, Case No. 8:12-CV-1837-T-17MAP, 2013 WL 12341085, at *2 (M.D. Fla. May 7, 2013).  Importantly, Greenberg does not argue or establish that the Receiver's initial disclosures actually included irrelevant or misleading material, or that the Receiver failed to disclose or produce the documents used at the depositions.

aside specific documents "reflects [counsel's] legal theories and thought processes, which are protected as work product"). Accordingly, Greenberg's request to compel the Receiver to produce pre-marked exhibits for deposition use is **DENIED**.

### C.      The Receiver Must Give Unqualified, Specific Responses to Interrogatories

Greenberg additionally argues that the Receiver's responses to certain interrogatories are evasive and incomplete, and Greenberg requests that the court order the Receiver to answer the questions more fully and directly.  Def.'s Mot. to Compel, at 4–6.  The Receiver counters that Greenberg's "contention interrogatories" are "overly broad and burdensome," and that it should not be required to "marshal every fact to support its contentions." Pl.'s Resp., at 3–4.

Rule 33(a)(2) provides the permissible scope of interrogatories:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).  The term "contention interrogatory," although used differently by various parties and courts, usually refers to "an interrogatory that asks a party to state what it contends, state whether it makes a specified contention, take a position and explain or defend the position concerning how the law applies to facts, or state the legal or theoretical basis for a contention." *InternetAd Sys., LLC v. ESPN, Inc.*, No. Civ.A.3:03CV2787–D, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004).  Contention interrogatories are "not necessarily objectionable and may even be advisable," but magistrate judges "have discretion to determine when a party must respond to a contention interrogatory," and "it is within a court's discretion to decide when an otherwise-proper interrogatory must be answered."  *Id.*; *see In re Katrina Canal Breaches*, Civil Action No. 05-4182, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007) (noting that the option to postpone answers to contention interrogatories is "purely permissive").

Because of this discretion, courts have dealt with contention interrogatories in varying ways: some have determined that such questions are disproportionately burdensome when posed early in the discovery process, while others allow contention interrogatories at an earlier stage, as determined "on an issue by issue basis." *Lucero v. Valdez*, 240 F.R.D. 591, 594–95 (D.N.M. 2007) (holding that contention interrogatories were appropriate and ordering plaintiff to "set forth the material or principal facts that support his claims," but noting that "[s]ome courts have criticized the use of contention interrogatories, especially if they are broadly drafted and served early in the discovery process"); *see In & Out Welders*, 2018 WL 1370600, at *7–8 (ordering plaintiff to answer contention interrogatories early in the class-certification phase of the case but limiting the order to document production and not requiring plaintiff to "state all facts . . . supporting [its] allegations" as defendants requested until after class certification); *Katrinecz v. Motorola Mobility LLC*, A-12-CV-235 LY, 2014 WL 12160772, at *3 (W.D. Tex. Aug. 11, 2014) (granting motion to compel answers to contention interrogatories fifteen days before expert disclosures were due and collecting authority showing a pattern of courts ordering full responses to contention interrogatories). Most courts that find it appropriate to delay contention interrogatory responses do so because of how early in the discovery process the party serves the interrogatories. *See B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (denying motion to compel answers to contention interrogatories early in discovery, noting that if the responding party were "forced to respond, they may have to articulate theories of their case not yet fully developed"); *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338–39 (N.D. Cal. 1985) (allowing the responding party to wait until the end of discovery to answer contention interrogatories and requiring the moving party to justify the need for responses earlier in the discovery period).

When Greenberg originally served the "First Set of Interrogatories on Plaintiffs on June 26, 2018," fact discovery had opened less than four weeks earlier. Def.'s Mot. to Compel, at 4; *see* ECF No. 262, at 2 (noting that fact discovery would commence June 1, 2018). As of the date of this order, however, fact discovery has been ongoing for over seven months, and Plaintiff has apparently made additional attempts to answer these questions more fully. *See* Def.'s Mot. to Compel, at 4 (indicating that Plaintiff "served responses on August 27, 2018 . . . and, after meeting and conferring regarding their sufficiency, served First Amended Objections and Answers on September 17, 2018"). Given the history of this litigation, as well as the age of these specific discovery requests, the court sees no reason to delay more thorough, unqualified responses to the interrogatories.[3]

While the Receiver may not have all the details necessary to give an exhaustive response to each question, the Receiver must give more detailed and comprehensive answers than originally provided—e.g., by specifically describing each breach of fiduciary duty the Receiver has discovered thus far, and "what Greenberg did or did not do to participate in the breach." Def. App. 011. After seven months of discovery, the Receiver should have a good idea of which Greenberg-related individuals were involved in the breaches and negligent acts alleged, and the Receiver's responses should reflect that knowledge. It may very well be that the Receiver only alleges three Greenberg attorneys were involved; nevertheless, Greenberg is entitled to an unequivocal answer identifying such individuals. Accordingly, the court **GRANTS** Greenberg's motion in regard to Interrogatories 1, 2, 3, and 4. For these and the reasons provided herein at pages 6–7 for requiring

---

[3] Indeed, the Receiver has a continuing duty to supplement his interrogatory answers as additional information becomes available. Fed. R. Civ. P. 26(e); *see Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 570 n.42 (5th Cir. 1996); *Riley v. United States*, Civil Action No. 11–2244–EFM–DJW, 2012 WL 1231830, at *6 (D. Kan. Apr. 12, 2012) ("The mere fact that there may be additional information in the future is no reason to refuse provision of the information possessed in the present.").

more specific answers to Interrogatories 2(g) and 4(c), the Receiver must provide more specific and detailed answers to each Interrogatory (1, 2, 3, and 4), including explanations as to what breach or act he attributes to Greenberg, each person associated with Greenberg who committed such breach or act, and when such acts or breaches allegedly occurred.  By March 1, 2019, the Receiver must supplement his responses to Interrogatories 1, 2, 3, and 4 with more comprehensive and unqualified answers and, where applicable, explain which answers are not exhaustive and why.

**IV.   Conclusion**

For the reasons stated above, Greenberg's Motion (ECF No. 288) is **GRANTED in part and DENIED in part**.  The Receiver must, by March 1, 2019:

(1) supplement his responses to Interrogatories 1, 2, 3, and 4 to fully reflect the development of his claims through discovery thus far and explain which responses are still not exhaustive, and why; **AND**

(2) specifically answer the "damages interrogatories"—that is, Interrogatories 2(g) and 4(c)— in more detail, describing how each alleged breach and negligent act contributed to and/or caused the total damages the Receiver seeks to recover from Greenberg herein.

The Receiver need not produce exhibits he has pre-marked for use in depositions.

**SO ORDERED.**

Dated: February __12__, 2019

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**