IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate, et al., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIV. ACTION NO. 3:12-cv-04641-N |
| GREENBERG TAURIG, LLP *and* GREENBERG TRAURIG, PA, | § § § § | |
| *Defendants*. | § | |

**GREENBERG TRAURIG'S MOTION TO FURTHER EXCLUDE
TESTIMONY OF RECEIVER'S EXPERT JAMES C. SPINDLER
ON TOPICS AS TO WHICH HE ADMITS HE DOES NOT HAVE EXPERTISE**

**FOGLER, BRAR, FORD,
O'NEIL & GRAY LLP**
Murray Fogler
mfogler@fbfog.com
Michelle E. Gray
mgray@fbfog.com
Robin O'Neil
roneil@fbfog.com
909 Fannin Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile: (713) 574-3224

**BOIES SCHILLER FLEXNER LLP**
Stuart H. Singer
ssinger@bsfllp.com
Sashi C. Bach
sbach@bsfllp.com
Pascual A. Oliu
poliu@bsfllp.com
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

**COWLES & THOMPSON, P.C.**
Jim E. Cowles
jcowles@cowlesthompson.com
Sim Israeloff
sisraeloff@cowlesthompson.com
Charles A. Green
cgreen@cowlesthompson.com
901 Main Street, Suite 3900
Dallas, Texas 75202
Telephone: (214) 672-2000
Facsimile: (214) 672-2347

*Counsel for Defendants Greenberg Traurig, LLP and Greenberg Traurig, PA*


**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

BACKGROUND ........................................................................................................................ 1

LEGAL STANDARD................................................................................................................. 2

ARGUMENT .............................................................................................................................. 3

    I.   Spindler is Not Qualified to Opine on Matters of Federal and Florida Banking and Trust Law. ................................................................................................................ 3

    II.  Spindler is Not Qualified to Opine on the Foreign Corrupt Practices Act. .......................... 6

    III. The Court Should Exclude Spindler's Testimony on Matters Outside of His Expertise. .................................................................................................................... 6

CONCLUSION............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Carlson v. Bioremedi Therapeutic Sys., Inc.*
    822 F.3d 194 (5th Cir. 2016) ................................................................................................ 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
    509 U.S. 579 (1993) ............................................................................................................ 2

*Gideon v. Johns–Manville Sales Corp.*
    761 F.2d 1129 (5th Cir. 1985) ............................................................................................ 2

*Noel v. Martin*
    21 F. App'x 828 (10th Cir. 2001) ....................................................................................... 8

*Orthoflex, Inc. v. ThermoTek, Inc.*
    986 F. Supp. 2d 776 (N.D. Tex. 2013) ............................................................................... 2

*Previto v. Ryobi N. Am., Inc.*
    766 F. Supp. 2d 759 (S.D. Miss. 2010) .............................................................................. 8

*Smith v. Goodyear Tire & Rubber Co.*
    495 F.3d 224 (5th Cir. 2007) .............................................................................................. 8

*Sullivan v. Rowan Cos.*
    952 F.2d 141 (5th Cir.1992) ........................................................................................... 2, 8

*Thomas v. City of Monroe*
    157 F.3d 901 (5th Cir. 1998) .............................................................................................. 8

*United States v. Cooks*
    589 F.3d 173 (5th Cir. 2009) ........................................................................................... 2, 7

*Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*
    593 F. Supp. 2d 1155 (S.D. Cal. 2008) .............................................................................. 8

*Wilson v. Woods*
    163 F.3d 935 (5th Cir. 1999) ........................................................................................... 2, 7

**Rules**

FED. R. EVID. 403 ....................................................................................................................... 1

FED. R. EVID. 702 .................................................................................................................... 1, 2

The Receiver's expert, James C. Spindler ("Spindler"), admitted in his deposition that he does not have expertise regarding the core areas as to which the Receiver is proposing to have him offer opinions—namely, banking law, trust law, and the Foreign Corrupt Practices Act ("FCPA"). He is thus not qualified to opine on those matters and allowing him to do so will confuse the jury and unfairly prejudice Greenberg.  *See* FED. R. EVID. 702, 403.  This Court should preclude him from offering opinions concerning areas of law where he does not have any special expertise or experience.[1]

## BACKGROUND

Spindler is a professor and the "Hart Chair in Corporate and Securities Law" at the University of Texas School of Law.  App. at 055.  He teaches courses relating to tax, securities regulation, business associations, commercial transactions, and corporate finance (but not banking or trust law).  App. at 055.  Spindler has written a number of articles concerning securities regulation, executive compensation, and other business-related topics (but not relevant banking or trust law).[2]  App. at 056.  Spindler's private practice experience of three years as an associate at

---

[1] Greenberg is contemporaneously filing its Motion to Exclude Improper Expert Testimony, which seeks to prevent all the Receiver's experts—including Spindler—from testifying about Greenberg's alleged actual knowledge or intent and from opining about ultimate legal conclusions.  This additional motion presents an independent reason to further limit Spindler's testimony.

[2] Spindler's only publication specifically concerning banking is related to compensation in the banking system, not to banking law or what constitutes banking.  *See* James C. Spindler, *Mandatory Long Term Compensation in the Banking System – and Beyond?*, 34 Regulation 42 – 48 (2011); App. at 097 (58:2-7).  Spindler also wrote one paper that touched on prudential regulation of the banking system in America, but that paper was not relevant to the opinions he proposes to offer in this case, including international representative offices, trust representative offices, and what activities are permissible by a given company under relevant state and federal banking laws.  *See* M. Todd Henderson, James C. Spindler, *Taking Systemic Risk Seriously in Financial Regulation*, 92 Ind. L.J. 1559, 1572 (2017).

Cravath, Swayne & Moore primarily focused on securities offerings and other deal work. App. at 055, 095 (49:10-51:15).

In short, Spindler has no experience or relevant expertise in federal or state banking law, international banking law, trust law, the Foreign Corrupt Practices Act, or other areas on which he purports to opine in this case.

## **LEGAL STANDARD**

The primary consideration under Rule 702 is whether the expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993) (quoting FED. R. EVID. 702). "The court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 782 (N.D. Tex. 2013) (quotation omitted).

"Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting FED. R. EVID. 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.* (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). "Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony." *Sullivan v. Rowan Cos.,* 952 F.2d 141, 144 (5th Cir.1992) (quoting *Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129, 1135 (5th Cir. 1985)).

## ARGUMENT

Because Spindler has no specialized experience or expertise in federal and state banking law, trust law, and the FCPA on which he proposes to opine, the Court should limit his testimony and preclude him from testifying on those matters.

### I. SPINDLER IS NOT QUALIFIED TO OPINE ON MATTERS OF FEDERAL AND FLORIDA BANKING AND TRUST LAW.

Spindler has opined that Greenberg engaged in various violations of banking law:

> SIBL held itself out as a bank, calling the securities it issued "certificates of deposit" and promising depositors a degree of safety and security commensurate with that of a U.S. bank. Generally speaking, institutions that represent themselves as a bank, or that engage in banking activity, are required to obtain a license from state or federal authorities. Greenberg's communications with federal and state authorities indicate that Greenberg was aware of such restrictions. Nevertheless, Greenberg advised and assisted Stanford in setting up representative offices in the United States whose primary, if not sole, purpose was to generate new CD sales for SIBL. Greenberg and Stanford accomplished this by representing that the U.S.-based offices were set up to serve pre-existing customers and to provide fiduciary services that were generally unrelated to deposit-taking activity. Greenberg was aware that Stanford's core business was CD sales, and thus should have been aware that these non-banking operations were merely pretextual. Indeed, the agreement that Greenberg negotiated with Florida banking regulators indicates that Greenberg was aware that these U.S. offices would accept deposits for SIBL CDs.

App. at 051. Relatedly, Spindler opines that Greenberg's advice in a 1998 memo regarding the "Relationship Between Florida Trust Representative Office and Affiliated Foreign Bank," was deficient not because it rendered incorrect banking law advice, but because the memo (which explicitly addressed only the question of "to what extent the Proposed [Trust Representative Offices] may work together with the Bank without being deemed an office or representative of an unlicensed foreign bank under applicable federal and Florida banking law") failed to address the securities laws implications of opening a trust representative office. App. at 041-43, 188.[3]

---

[3] Spindler admitted the memo was "about Florida banking law" as well as federal banking law. App. at 111 (113:14-115:1).

3

Thus, the crux of Spindler's banking and trust law opinions turn not on high-level or prudential regulation of the banking system, but on narrow and specific questions of law pertaining to international representative offices, trust representative offices, and the scope of activities under which entities may permissibly engage under federal and Florida banking law. He similarly purports to opine on what advice Greenberg should have tendered in a memo regarding international representative offices and trust representative offices, and also on the scope of the subsequent representation regarding opening a trust representative office. App. at 041-43; 077. Spindler is wholly unqualified to opine regarding these matters.

At his deposition, Spindler repeatedly admitted that he lacked any experience in and was not qualified as an expert to opine regarding such matters. For example:

> Q. Do you regard yourself as an expert in the area of the federal banking laws?
> A. Some aspects of the federal banking laws, yes.
> Q. Do you consider yourself generally to be an expert with respect to federal banking laws?
> A. **Well, again, I would say generally, no**. But there are -- there are aspects of the banking laws that I do consider myself to be an expert, yes.

App. at 096 (56:16-23) (emphasis added). Spindler clarified that the banking law areas where he did purport to be an expert were high-level and systemic banking regulation, and securities laws issues that touch on banking law—areas irrelevant to the international representative office and trust representative office issues in this case. App. at 096-97 (56:16-60:18).

Spindler likewise admitted that he was not an expert on Florida banking law, and admitted that his only experience with Florida banking law was the research he had conducted in preparing his report.

> Q. Okay. Now, do you consider yourself an expert with respect to the Florida state banking laws?
> A. I've done -- I've done some research on them to -- which for purposes of my report, it's important to note that the Florida laws prohibit unauthorized banking business, as most states and the federal structure also does.

4

> Q. Well, I wasn't asking about the substance of law. *I'm simply asking whether you consider yourself an expert with respect to the Florida -- State of Florida banking law regulations?*
> *A. In terms of the comprehensive volume of regulation that's out there under the State of Florida, I would say the answer is no.*
> Q. Have you ever testified in a case as an expert regarding Florida banking law and regulation?
> A. No.
> Q. Have you ever written about Florida banking law and regulation?
> A. No.
> Q. Have you ever done a presentation on Florida banking law and regulation?
> A. No, I have not.
> *Q. So is it fair to say, you're only involvement with Florida banking issues at all has been whatever you've done in connection with your work on this case?*
> *A. That is true.* But I have spent substantial time researching what the Florida laws are and have been.
>
> .......
>
> Q. Right. And you've never dealt with anything involving Florida banking law in your life?
> A. Well, I've done substantial research on Florida banking law for this case, yes.
> Q. For this case. But before this case, you have no expertise whatever in this area?
> A. No. I'm an expert on corporate finance and all sorts of financial institutions, including banks.
> Q. I'm not asking you about corporate finance generally. I'm asking about prior to this case, you have never done anything involving Florida banking law. You haven't written about it. You haven't taught about it. You haven't worked in Florida. You haven't handled cases involving Florida law, correct?
> A. I'm not sure I've never been involved in Florida law. But specifically Florida banking law, that is correct, I haven't had -- I haven't had a consulting case dealing specifically with Florida banking law before this.

App. at 097-98, 116 (60:19-61:22; 135:18-136:11) (emphasis added). Spindler also flatly admitted that he was not an expert on international banking law:

> Q. (By Mr. Singer) Well, my question wasn't whether you were competent to research in an area. My question is specifically whether you regard yourself as an expert with respect to international banking law?
> *A. I would not say -- no, I would not generally hold myself out as an international banking law expert.*[4]

---

[4] Spindler likewise stated that he is merely qualified to research what international banking laws are, not that he is an expert in them. App. at 098 (61:23-24, 62:5-15).

5

App. at 098 (62:16-21) (emphasis added). And he likewise flatly admitted that he is not an expert in trust law:

> *Q. Do you believe you're an expert with respect to trust law?*
> *A. No.* With the same sort of provisos as before, which is that I am generally competent in areas of financial and fiduciary regulation and am competent to research them.
> Q. But you don't consider yourself an expert with respect, for example, to regulation of trust companies?
> *A. No. No.*
>
> …….
>
> Q. How many trust representative offices have you ever worked on in your life?
> A. I've never worked in a trust representative office.

App. at 098, 116 (62:22-63:5, 135:14-17) (emphasis added). Additionally, Spindler has never been qualified by a court as an expert in any of these areas of laws. *See* App. at 097-98 (59:2-60:18, 63:18-64:9).

II. **SPINDLER IS NOT QUALIFIED TO OPINE ON THE FOREIGN CORRUPT PRACTICES ACT.**

Similarly, Spindler offered an opinion that Greenberg violated the Foreign Corrupt Practices Act. App. at 051-52. However, Spindler admitted that he is not an expert in the Foreign Corrupt Practices Act.

> *Q. Do you consider yourself an expert with respect to the Foreign Corrupt Practices Act?*
> *A. No.* Again, I wouldn't hold myself out in that area. Although, it is part of the securities laws, and it's part of something that I teach. But I do recognize that there's a very detailed body of rules and regulation lore that I -- that's not my main -- that's not my main focus.

App. at 098 (63:6-13) (emphasis added). Accordingly, he is not an expert in the area.

III. **THE COURT SHOULD EXCLUDE SPINDLER'S TESTIMONY ON MATTERS OUTSIDE OF HIS EXPERTISE.**

Spindler has thus admitted that he is not an expert in federal and Florida banking and trust law and the Foreign Corrupt Practices Act, and has admitted that he has no relevant experience in

6

these areas beyond the research he did in preparing his report. This Court should therefore limit his testimony concerning these areas, because he is not "qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Cooks*, 589 F.3d at 179.

The Fifth Circuit has repeatedly found proper exclusion of experts who purported to offer opinions outside of their areas of expertise, even when they may have been qualified as an expert in a related or narrower subject (as does Spindler here, as to securities laws). For example, in *Cooks*, the Fifth Circuit found that an expert who had experience "as a white collar fraud investigator and [had] general certification as a fraud examiner" was ***not*** qualified "as an expert in any area of fraud" and thus was not qualified to opine regarding mortgage fraud, given that he had "sparse experience working on mortgage fraud cases and in fact had never been qualified as an expert in any case involving mortgage fraud," and had "no specialized training or classes in mortgage fraud." *Cooks*, 589 F.3d at 179-180.[5] Similarly, although Spindler has experience in securities law, he is not qualified "as an expert in any area of [law]," including areas in which he does not hold himself out as an expert and in which he had no substantive familiarity with prior to his research in this case.

In *Wilson*, the court affirmed the exclusion of an accident reconstruction expert, even though the expert had a Master's degree in mechanical engineering, who had taught mechanical engineering and had performed consulting work on fire reconstruction and investigation, because he did not have specific training and experience in accident reconstruction. *Wilson*, 163 F.3d at 937-38. Similarly, Spindler, although educated and trained in securities laws, does not have specific training and experience in the other areas of law on which he seeks to opine.

---

[5] Although the court held that the district court abused its discretion in qualifying the expert, the court did find that the error was harmless. *Cooks*, 589 F.3d at 180.

7

In *Smith v. Goodyear Tire & Rubber Co.*, the court affirmed the exclusion of a polymer scientist who sought to testify regarding the design and manufacture of tires, finding that although he may be an expert in polymer science, he was "not a tire expert"; the court rejected the argument the tire opinion was simply an application of polymer science, noting that "[i]t's the science's application to tires that concerns us here, and Moore has absolutely no experience applying polymer science to tires." 495 F.3d 224, 227 (5th Cir. 2007). Here, too, Spindler has no experience applying his legal knowledge to the non-securities issues in this case, and he thus cannot be an expert in those issues. *See also Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 200 (5th Cir. 2016) ("Dr. Durrett may be well-suited to provide expert testimony about the musculoskeletal system, yet there is no evidence to suggest he is similarly qualified to testify about any other field of medicine."); *Sullivan*, 952 F.2d at 145 (affirming exclusion of geologist and earth scientist with experience in metal failure analysis as unqualified to testify in the metallurgical field); *Thomas v. City of Monroe*, 157 F.3d 901, at *5 (5th Cir. 1998) (unpublished) (rejecting argument "that years of experience as a police officer qualify that officer as an expert in any area of law enforcement"); *Previto v. Ryobi N. Am., Inc.*, 766 F. Supp. 2d 759, 766 (S.D. Miss. 2010) (excluding testimony where, as here, "By [the expert's] own admission, he is not qualified as an expert in the fields implicated by Defendants' challenge."); *accord Noel v. Martin*, 21 F. App'x 828, 835 (10th Cir. 2001) ("Because [expert trial lawyer] never tried a stock valuation case and had no expertise in this area, he was not qualified to evaluate the evidence" regarding stock valuation); *Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*, 593 F. Supp. 2d 1155, 1163 (S.D. Cal. 2008) (excluding experienced patent lawyer from testifying regarding ethics issues where lawyer had "no specific or special ethics training or professional experience in ethical matters" and thus had no qualifications "beyond that of an average lawyer").

Accordingly, this Court should preclude Spindler from offering opinions in this case regarding federal banking law, Florida banking law, international banking law (including law concerning international representative offices), trust law (including law concerning trust representative offices), and the Foreign Corrupt Practices Act.

## CONCLUSION

For the foregoing reasons, the Court should limit Spindler's testimony as set forth in this motion.

Respectfully submitted,

**FOGLER, BRAR, FORD, O'NEIL & GRAY LLP**

By: */s/ Murray Fogler*
      Murray Fogler
mfogler@fbfog.com
Michelle E. Gray
mgray@fbfog.com
Robin O'Neil
roneil@fbfog.com
909 Fannin, Suite 1640
Houston, Texas 77010
Telephone: (713) 481-1010
Facsimile: (713) 574-3224

**BOIES SCHILLER FLEXNER LLP**
Stuart H. Singer
ssinger@bsfllp.com
Sashi C. Bach
sbach@bsfllp.com
Pascual A. Oliu
poliu@bsfllp.com
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

**COWLES & THOMPSON, P.C.**
Jim E. Cowles
jcowles@cowlesthompson.com
Sim Israeloff

<div style="text-align: right;">

sisraeloff@cowlesthompson.com
Charles A. Green
cgreen@cowlesthompson.com
901 Main Street, Suite 3900
Dallas, Texas 75202
Telephone: (214) 672-2000
Facsimile: (214) 672-2347

*Counsel for Defendants Greenberg Traurig, LLP, and Greenberg Traurig, PA*

</div>

## CERTIFICATE OF SERVICE

I certify that this pleading was served on all counsel of record in accordance with the rules of procedure.

By: /s/ *Murray Fogler*
     Murray Fogler