UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his capacity as<br>Court-appointed receiver for the Stanford<br>Receivership Estate; SANDRA<br>DORRELL; SAMUEL TROICE; and<br>MICHOACAN TRUST; individually and<br>on behalf of a class of all others similarly<br>situated,<br>                    Plaintiffs,<br><br>v.<br><br>GREENBERG TRAURIG, LLP;<br>GREENBERG TRAURIG, PA; and<br>YOLANDA SUAREZ,<br>                    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:12-cv-04641-N |

---

**THE RECEIVER'S MOTION TO EXCLUDE TESTIMONY
OF ROBERTA KARMEL AND BRIEF IN SUPPORT**

---

**NELIGAN LLP**

By: */s/ Douglas J. Buncher*
Douglas J. Buncher
dbuncher@neliganlaw.com
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301

**CLARK HILL STRASBURGER**

By: */s/ Judith R. Blakeway*
Judith R. Blakeway
judith.blakeway@clark hillstrasburger.com
2301 Broadway
San Antonio, Texas 78215
Telephone:  (210) 250-6004
Facsimile: (210) 258-2706

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder
esnyder@casnlaw.com
Jesse R. Castillo
jcastillo@casnlaw.com
700 N. St. Mary's, Suite 1560
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

**CLARK HILL STRASBURGER**

By: */s/ David N. Kitner*
David N. Kitner
david.kitner@clarkhillstrasburger
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:     (214) 651-4300
   Facsimile:   (214) 651-4330

89088v.1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................................................1

II.     MS. KARMEL'S PROFFERED TESTIMONY ..................................................................2

III.    ARGUMENT ......................................................................................................................6

      A.      Ms. Karmel's testimony that Greenberg did not cause the Ponzi scheme is
            irrelevant. ...............................................................................................................6

      B.      Ms. Karmel's testimony that the SEC's failure to act caused the damages
            is contrary to this Court's prior rulings.................................................................7

      C.      Ms. Karmel's causation opinions should be excluded under Rule 403. .................8

IV.     CONCLUSION....................................................................................................................9

89088v.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*,
  827 F. Supp. 2d 409 (E.D. Pa. 2011) .......................................................................8

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ...................................6, 8

*Floyd v. Hefner*,
  556 F.Supp.2d 617 (S.D. Tex. 2008) .......................................................................7

*Kinzbach Tool Co. v. Corbett-Wallace Corp.*,
  160 S.W.2d 509 (Tex. 1942) ...................................................................................7

*Lewis v. City of Chicago*,
  563 F. Supp. 2d 905 (N.D. Ill. 2008) .......................................................................8

*Meadows v. Hartford Life Ins. Co.*,
  492 F.3d 634 (5th Cir. 2007) ...................................................................................6

*Osterneck v. E.T. Barwick Indus. Inc.*,
  106 F.R.D 327 (N.D. Ga. 1984) ...............................................................................8

*Stanfield v. Newbaum*,
  494 S.W.3d 90 (Tex. 2016) ......................................................................................7

*Starwood Mgmt. LLC v. Swaim*,
  530 S.W.3d 673 (Tex. 2017) ....................................................................................7

*United States v. St. Pierre*,
  599 F.3d 19 (1st Cir. 2010) ......................................................................................8

*Westberry v. Gislaved Gummi AB*,
  178 F.3d 257 (4th Cir. 1999) ...................................................................................6

*Wintz v. Northrop Corp.*,
  110 F.3d 508 (7th Cir. 1997) ...................................................................................6

**RULES**

Fed. R. Evid. 401 ........................................................................................................6, 8

Fed. R. Evid. 402 .................................................................................................................6, 8

Fed. R. Evid. 403 .............................................................................................................2, 7, 8

Fed. R. Evid. 702 .................................................................................................................6

The Receiver asks the Court to exclude the testimony of Roberta Karmel, Greenberg's causation expert.

## I.  INTRODUCTION

Plaintiff Ralph S. Janvey as Receiver of the Stanford Receivership Estate sued Greenberg for participating in breaches of fiduciary duty by Stanford officers and directors—Allen Stanford and Yolanda Suarez—and for malpractice.  The Receiver alleged that Robert Allen Stanford and Yolanda Suarez caused Stanford International Bank, Ltd. ("SIBL") to violate the Investment Company Act of 1940 (the "ICA"); Stanford Group Company ("SGC") to violate the Securities Act of 1933, the Investment Advisors' Act, and SIBL and SGC to violate the Securities Exchange Act of 1934 and SEC Rule 10b-5.  Allen Stanford and Yolanda Suarez caused the Stanford entities to violate the Foreign Corrupt Practices Act (FCPA), make loans illegal under Antiguan law, and violate the Investment Company Act, in breach of their fiduciary duties to the Stanford entities, including SIBL and SGC.  The Receiver alleges that Greenberg knowingly participated in each of these breaches of fiduciary duty and committed malpractice.

Defendant Greenberg identified Roberta Karmel, a former Commissioner of the SEC, to testify that Greenberg did not "cause, conceal or escalate" the Stanford Ponzi scheme because the chain of causation was broken by the SEC's failure to shut Stanford down earlier.

The Court should exclude Ms. Karmel's testimony on causation for three reasons.

*First*, her opinion that Greenberg did not cause, cover up, or escalate the Ponzi scheme is not relevant.  The Receiver does not allege that Greenberg caused or hid the Ponzi scheme.  The Receiver has asserted two claims against Greenberg—participation in breach of fiduciary duty and malpractice—neither of which requires the Receiver to prove that Greenberg knew about or caused, covered up or escalated the Ponzi scheme.  Thus, Ms. Karmel's causation opinions are irrelevant to the Receiver's claims.

89088v.1

*Second*, her opinion is contrary to this Court's prior rulings that the Plaintiff's injuries were not the result of the SEC's actions.

*Third*, her opinion should be excluded under Rule 403 as unfairly prejudicial.  The jury might give undue weight to the opinion of a former Commissioner of the SEC and her testimony could deflect the jury's attention to the conduct of the SEC, which is not on trial here.  The SEC's failure to prevent Stanford's Ponzi scheme is not a defense.

## II.    MS. KARMEL'S PROFFERED TESTIMONY

Ms. Karmel intends to testify that Greenberg did not create Stanford's Ponzi scheme, conceal it or escalate it:

> In my opinion, the SEC was aware since at least 1997 that Stanford was very likely running a Ponzi scheme and stealing from investors.  Despite this awareness, the SEC chose not to act, primarily because of perceived internal pressures at the SEC, and not as a result of any conduct or advice from Greenberg.  Thus, even if GT had known that Stanford was engaged in illegal activities, I do not believe any different advice or conduct by GT would have led the SEC to take action to stop Stanford any sooner than 2009.  I do not believe that any conduct by GT concealed the Ponzi scheme from the appropriate regulators, nor prevented them from taking action to halt the Ponzi scheme.

> I do not believe there is a nexus between GT's legal work and Stanford's Ponzi scheme.  Even if the Receiver's allegations as to factual matters are true, GT's legal work did not create Stanford's Ponzi scheme, conceal Stanford's Ponzi scheme, or cause the Ponzi scheme to escalate.  Most of GT's work appears unrelated to sales of CDs, and I see no reason to believe that the Ponzi scheme (or any other breach of a fiduciary duty) would have been prevented or impaired by any different advice from GT.

Karmel Rept. at 5.

But the Receiver does not claim that Greenberg did any of those things; it claims Greenberg participated in breaches of fiduciary duty by Allen Stanford and Yolanda Suarez and committed malpractice.  Ms. Karmel has no opinions about those claims.  In her deposition, she admitted that she did not intend to offer any opinion about Greenberg's participation in breaches of fiduciary duty:

2

> Q.  Now is my only time before trial to ask you exactly what you are going to testify at trial, so I will ask you, Ma'am, do you intend to render any opinions at trial about Greenberg's conduct and whether or not Greenberg's conduct constitutes knowing participation in breaches of fiduciary duty by Stanford?
>
> A.  Not at this time.

Karmel Dep. 15:5-13.

Likewise, she does not have the opinion that the SEC's failure broke the chain of

causation as to Greenberg's participation in Allen Stanford's breach of fiduciary duty:

> Q.  What if my client, the receiver, sued Allen Stanford for breach of his fiduciary duty, would it be your position that the SEC's failure broke the chain of causation as to that claim against Allen Stanford"
>
> MS. BACH:  Objection.
>
> A.  I'm not sure I understand the question, but I think the whole theory of that would be different, this is a claim against a third party.
>
> Q.  One of the claims against Greenberg is that Greenberg participated in the breaches of fiduciary duty by Allen Stanford, so my question to you is, is it your opinion as an expert that even as to the breaches of fiduciary duty by Allen Stanford, the SEC's failures breaks the chain of causation, even in a claim against Allen Stanford for his breach of his fiduciary duties?
>
> A.  I don't think so.

Karmel Dep. 116:6-117:2.

> Q.  I think I understand, but let me try to restate what I think you are saying.
>
> With respect to the receivers, the plaintiffs' malpractice claim, you do intend to offer opinions as to causation for that malpractice claim, but you don't intend to offer any opinions whether as to causation or otherwise with regard

> to plaintiffs' participation in breach of fiduciary duty claim, is that a fair statement?
>
> MS. BACH:  Objection.
>
> A.    No, I don't think that's a fair statement.  I am testifying generally as to causation, so my expert opinion is that regardless of the allegations in the complaint or that are asserted at trial with regard to fiduciary duty or malpractice, nothing that Greenberg did caused the harm, the Ponzi scheme.

Karmel Dep. 16:19-17:14.

All of her opinions are based on the legally incorrect assumption that the Receiver must prove that Greenberg caused the Stanford Ponzi scheme:

> Q.    So is it your opinion that in order for the receiver to prevail in this case, we have to prove at trial that Greenberg caused the Stanford Ponzi scheme?
>
> MS. BACH:  Objection.
>
> A.    Essentially, yes.

Karmel Dep. 84:1-17.

Her opinion is that it was the SEC's failure that caused the Ponzi scheme to stay in business so nothing Greenberg did or failed to do caused any harm:

> Q.    So that's your opinion, really, is that no matter what Greenberg could have done or should have done or didn't do, it wouldn't have mattered because the SEC wouldn't have taken action anyway, correct, that's basically your opinion?
>
> A.    Yes, that is basically my opinion, that the SEC would not have taken action anyway and, therefore, anything that Greenberg did was not the cause of Stanford staying in business.

Karmel Dep. 93:4-14.

89088v.1

Her opinion is that the SEC's failure to carry out its obligations as regulator absolves

Greenberg of causing any damages:

> Q.    Ma'am, in general, is it your opinion in this case that
> because the SEC decided not to do anything about Stanford
> from '97 until 2009, that it really doesn't matter what
> Greenberg knew about or what Greenberg did because the
> SEC failed to basically enforce it's obligations as a
> regulator?
>
> A.    That's kind of an oversimplification of my opinion because
> my opinion is that the SEC's inaction and the position
> taken by the head of enforcement in Fort Worth, that he
> was not going to bring a case against Stanford, shows that
> nothing that Greenberg did or didn't do caused the harms
> alleged in the SEC complaint or the Ponzi scheme.
>
> Q.    Okay.
>
> A.    It's a causation opinion.  I was hired to give a causation
> opinion.
>
> Q.    And is your causation opinion in this case that
> notwithstanding anything else, that Greenberg knew about
> or whatever they did, the fact that the SEC did not take
> action earlier to shut down Stanford, basically breaks any
> causal link between anything Greenberg did and the injury
> to the entities?
>
> A.    Well, I'm not conceding that Greenberg did anything
> wrong, but, yes, assuming, although I don't believe it, that
> Greenberg acted improperly, there was a break in the causal
> chain, yes, so Greenberg is not responsible for the
> violations by Stanford.

Karmel Dep. 112-:3-113:12.

> Q.    I will try to go at it a different way.  I will try to go at it a
> different way, Ma'am.
>
> Are you aware that as to the plaintiffs' participation in
> breach of fiduciary duty claim under Texas law, that if
> Greenberg is found to have participated in Stanford's
> breaches of fiduciary duty, Greenberg will be held liable,

> vicariously liable to the same extent as if they were Stanford themselves, are you aware of that?

MS. BACH:   Objection.

A.      I am not here to testify about Texas law.  You are asking me to draw a legal conclusion under Texas law.

Q.      Are you saying you are not qualified to answer that question, Ma'am?

MS. BACH:   Objection.

A.      I am not going to testify about Texas law.  I am not qualified as an attorney in Texas and I don't think that the question you are asking me is really relevant to my opinion that even if the allegations in the complaint are true, nothing that Greenberg did caused the Ponzi scheme in which Stanford engaged to be created, to be hidden from the authorities or to escalate.  That is my opinion.

Karmel Dep. 20:14-21:17.

## III.    ARGUMENT

### A.    Ms. Karmel's testimony that Greenberg did not cause the Ponzi scheme is irrelevant.

A court should exclude the opinion testimony of an expert if it is not relevant.  FED. R. EVID. 401, 402, 702; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999); *Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993) ("Rule 702 further requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'  This condition goes primarily to relevance.").  This Court should exclude the testimony of Roberta Karmel that Greenberg did not cause, conceal or escalate the Ponzi scheme as irrelevant.

The Receiver has two claims—participation in a breach of fiduciary duty and negligence.  Neither claim requires the Receiver to prove that Greenberg caused, concealed or escalated a

Ponzi scheme. To establish that Greenberg knowingly participated in a breach of fiduciary duty the Receiver must prove: (1) that Greenberg knew of the fiduciary relationship, and (2) that Greenberg was aware that it was participating in the breach of fiduciary duties. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007); *Floyd v. Hefner*, 556 F.Supp.2d 617, 654 (S.D. Tex. 2008); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 512-14 (Tex. 1942). To prove that Greenberg was negligent, the Receiver must prove that Greenberg owed a duty to the Stanford entities on behalf of whom the Receiver sues and that breach of that duty proximately caused damages. *Starwood Mgmt. LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017); *Stanfield v. Newbaum*, 494 S.W.3d 90, 96 (Tex. 2016). Because Ms. Karmel's opinions do not address any of these elements, her opinions are irrelevant. Therefore, this Court should exclude the testimony of Ms. Karmel that Greenberg did not create, conceal or cause the Ponzi scheme to escalate.

**B.     Ms. Karmel's testimony that the SEC's failure to act caused the damages is contrary to this Court's prior rulings.**

The Court has already ruled that the SEC did not cause the harm to the Stanford entities. [*See Janvey v. Proskauer Rose LLP*, 3:13-cv-00477-N; Order on Motion to Dismiss [Doc. No. 79] at 13 ("[T]he SEC played a role in the facts of this dispute, but Plaintiff's injuries were not the result of SEC action."). Ms. Karmel's attempt to blame the SEC for causing Plaintiff's injuries is like arguing that the police caused a bank's injuries by not catching the bank robber sooner. The criminal's assistant should not go free because the constable delayed. If that were the law, no aider and abetter who helped a fraudster would ever be liable for damages when law enforcement failed to apprehend the perpetrator before he could cause any harm. The SEC did not cause the harm for which the Receiver seeks recovery, Allen Stanford and Yolanda Suarez

did.  Greenberg helped them do it.  Accordingly, Ms. Karmel's testimony should be excluded for this additional reason.

## C.  Ms. Karmel's causation opinions should be excluded under Rule 403.

Ms. Karmel's opinion that the SEC broke the chain of causation by not shutting Stanford down sooner is not only incompetent and irrelevant, its admission would also waste time, cause delay, confuse the issues, and be prejudicial to the Receiver.  *See* FED. R. EVID. 401, 402, 403. Federal courts routinely exclude under Rule 403 administrative decisions to which jurors may give undue weight or presume that the issue had already been decided.  *Osterneck v. E.T. Barwick Indus. Inc.*, 106 F.R.D 327, 334 (N.D. Ga. 1984) (SEC report on corporation's wrongdoing excluded because it would likely confuse or mislead jury); *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 827 F. Supp. 2d 409 (E.D. Pa. 2011) (excluding administrative decision of Pennsylvania Office of Dispute Resolution because it would likely confuse ,mislead, and prejudice the jury); *Lewis v. City of Chicago*, 563 F. Supp. 2d 905, 919 (N.D. Ill. 2008) (excluding EEOC administrative determination because probative value substantially outweighed by unfair prejudice).

Here, Ms. Karmel's testimony, which is based entirely upon the OIG Report regarding the SEC's handling of the Stanford investigation, is likely to have the same effect.  *United States v. St. Pierre*, 599 F.3d 19, 23 (1st Cir. 2010) (in prosecution for tax evasion, expert testimony about standard of care owed to defendant taxpayer by her accountants was inadmissible under Rule 403; evidence had potential to confuse and mislead jury by shifting focus to whether accountants were doing a good job, and accountants' failure to prevent fraud was not a defense). Her testimony deflects the jury's attention to the conduct of the SEC, which is not on trial here, and away from the conduct of Greenberg, which is.  Additionally, the jury might give undue weight to the decision of a former SEC Commissioner.  In sum, the admission of her testimony

could, and likely would, confuse, mislead, and prejudice the jury.  For all these reasons, her

testimony should be excluded under Rule 403. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*,

509 U.S. 579, 595 (1993) (expert witness testimony is subject to exclusion under Rule 403).

     The Receiver attaches Roberta Karmel's report and deposition excerpts to this motion to

establish facts not apparent from the record.

## IV.    CONCLUSION

     For these reasons, the Receiver asks the Court to set this motion for a hearing and, after

the hearing, to exclude the testimony of Roberta Karmel.

<br>

Respectfully submitted,

**NELIGAN LLP**

By: */s/ Douglas J. Buncher*
Douglas J. Buncher
dbuncher@neliganlaw.com
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301

**CLARK HILL STRASBURGER**

By: */s/ Judith R. Blakeway*
Judith R. Blakeway
judith.blakeway@clark hillstrasburger.com
2301 Broadway
San Antonio, Texas 78215
Telephone:  (210) 250-6004
Facsimile: (210) 258-2706

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder
esnyder@casnlaw.com
Jesse R. Castillo
jcastillo@casnlaw.com
700 N. St. Mary's, Suite 1560
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

**CLARK HILL STRASBURGER**

By: */s/ David N. Kitner*
David N. Kitner
david.kitner@clarkhillstrasburger
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:      (214) 651-4300
Facsimile:      (214) 651-4330

**ATTORNEYS FOR PLAINTIFFS**

89088v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of July, 2019 I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Judith R. Blakeway*
Judith R. Blakeway

10