# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> STANFORD INTERNATIONAL BANK, LTD., et al., <br><br> Defendants. | § § § § § § § § § § § § § § | Civil Action No. 3:09-cv-0298-N |
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate, the OFFICIAL STANFORD INVESTORS COMMITTEE; and PAM REED, Samuel Troice and MICHOACAN TRUST, individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GREENBERG TRAURIG, LLP, and GREENBERG TRAURIG, P.A., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12-cv-04641-N |

## ORDER APPROVING ATTORNEYS' FEES

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Greenberg Traurig, LLP and Greenberg Traurig, P.A. (collectively, "Greenberg"), to Enter the Bar Order, to Enter the Final Judgment and Bar Order,

and for Plaintiffs' Attorneys' Fees and Expenses (the "Motion") of the Receiver and the Official Stanford Investors Committee (the "Committee") (the Receiver and the Committee, collectively, the "Plaintiffs"). *See SEC v. Stanford Int'l Bank, Ltd.,* No. 3:09-cv-0298-N (N.D. Tex.) (the "SEC Action") [ECF No. 2917]; and *Janvey v. Greenberg Traurig, LLP, et. al,* No. 3:12-cv-04641-N (N.D. Tex.) (the "Litigation") [ECF No. 362].[1]  This Order addresses the request for approval of Plaintiffs' attorneys' fees contained within the Motion.  All relief requested in the Motion other than the request for approval of attorneys' fees was addressed in the Court's Final Judgment and Bar Order entered on the same date.

Having considered the Motion, the Declarations submitted in support of the Motion, the arguments and the applicable legal authorities, the Court finds that the Plaintiffs' request for approval of attorneys' fees contained within the Motion should be granted.  The Court finds that the 25% contingency fee agreements between Plaintiffs and Plaintiffs' counsel is reasonable and consistent with the percentage charged and approved by courts in other cases of this magnitude and complexity.  The Stanford Receivership and the Litigation are extraordinarily complex and time-consuming and have involved a great deal of risk and capital investment by Plaintiffs' counsel as evidenced by the Declarations of Plaintiffs' counsel submitted in support of the request for approval of their fees.  The Motion and the Declarations provide ample evidentiary support for the award of the Plaintiffs' attorneys' fees set forth in this Order.

Trial courts can determine attorneys' fee awards in common fund cases such as this one using different methods.  The common-fund doctrine applies when "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a

---

[1]  Capitalized terms not defined herein shall have the meaning set forth in the Motion.

reasonable attorney's fee from the fund as a whole." *In re Harmon*, No. 10-33789, 2011 WL 1457236, at *7 (Bankr. S.D. Tex. Apr. 14, 2011) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).

One method for analyzing an appropriate award for Plaintiffs' attorneys' fees is the percentage method, under which the court awards fees based on a percentage of the common fund. *Union Asset Management Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 642-43 (5th Cir. 2012). The Fifth Circuit is "amenable to [the percentage method's] use, so long as the *Johnson* framework is utilized to ensure that the fee award is reasonable." *Id*. at 643 (citing *Johnson v. Georgia Hwy. Express, Inc*, 488 F.2d 714 (5th Cir. 1974)). The *Johnson* factors include: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

Thus, when considering fee awards in class action cases "district courts in [the Fifth] Circuit regularly use the percentage method blended with a *Johnson* reasonableness check." *Id*. (internal citations omitted); *see Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K (lead case), 2005 WL 3148350, at *25 (N.D. Tex. Nov. 8, 2005) (collecting cases). While the Fifth Circuit has also permitted analysis of fee awards under the lodestar method, both the Fifth Circuit and district courts in the Northern District have recognized that the percentage method is the preferred method of many courts. *Dell*, 669 F.3d at 643; *Schwartz*, 2005 WL 3148350, at *25. In *Schwartz*, the court observed that the percentage method is "vastly superior to the lodestar

method for a variety of reasons, including the incentive for counsel to 'run up the bill' and the heavy burden that calculation under the lodestar method places upon the court." 2005 WL 3148350, at *25. The court also observed that, because it is calculated based on the number of attorney-hours spent on the case, the lodestar method deters early settlement of disputes. *Id*. Thus, there is a "strong consensus in favor of awarding attorneys' fees in common fund cases as a percentage of the recovery." *Id*. at *26.

While the Greenberg Settlement is not a class action settlement, because the settlement is structured as a settlement with the Receiver and the Committee, and as a bar order precluding other litigation against Greenberg arising from Stanford, this Court has analyzed the award of attorneys' fees to Plaintiffs' counsel under both the common fund and the *Johnson* approach. Whether analyzed under the common fund approach, the *Johnson* framework, or both, the 25% fee sought by Plaintiffs' counsel pursuant to their fee agreements is reasonable and is hereby approved by the Court.

Having reviewed the Declarations of Plaintiffs' counsel reflecting the investment of thousands of hours and millions of dollars of attorney time by Plaintiffs' counsel in the Stanford Receivership as a whole and in the Greenberg Litigation specifically, the Court finds that the proposed 25% fee for Plaintiffs' counsel is a reasonable percentage of the common fund (*i.e.* the $65 million settlement). "The vast majority of Texas federal courts and courts in this District have awarded fees of 25%-33% in securities class actions." *Schwartz*, 2005 WL 3148350, at *31 (collecting cases). "Indeed, courts throughout this Circuit regularly award fees of 25% and more often 30% or more of the total recovery under the percentage-of-the recovery method." *Id*.

The Court further finds that the fee is reasonable based upon the Court's analysis of the *Johnson* factors. A review of the *Johnson* factors that are discussed at length in the Motion and

supported by Plaintiffs' counsel's Declarations also demonstrates that the proposed 25% fee is reasonable and should be approved. With respect to the time and labor required, Plaintiffs' counsel invested a tremendous amount of time and labor in this case as reflected in the Snyder, Buncher, and Blakeway Declarations filed in support of the Motion. Castillo Snyder has invested thousands of hours, worth millions of dollars pursuing and litigating Stanford-related cases since 2009, and has invested over **2,600 hours** of time worth roughly **$1.75 million** at Castillo Snyder's applicable hourly rates specifically in the Greenberg Action, which is time incurred in the case since the settlement with Hunton & Williams was reached in August 2017. *See* Snyder Decl., at ¶ 42. Clark Hill Strasburger also has thousands of hours and millions of dollars of time invested in pursuing claims against third parties related to the Stanford Receivership, and **2,162 hours** of attorney and paralegal time worth **$1,428,285** specifically attributable to litigating the claims against Greenberg in the Greenberg Action. *See* Blakeway Decl., at ¶ 50. Neligan has also invested thousands of hours and millions of dollars pursuing claims against third parties in the Stanford cases as a whole since 2009, and has invested over **2,400 hours** of attorney and paralegal time worth **$1,307,379.00** specifically attributable to litigating the claims against Greenberg in the Greenberg Action. *See* Buncher Decl., at ¶ 18.

The issues presented in the Litigation were novel, difficult and complex. Several of the complex legal and factual issues are outlined in the Motion. Given the complexity of the factual and legal issues presented in this case, the preparation, prosecution and settlement of this case required significant skill and effort on the part of Plaintiffs' counsel. Although participation in the Litigation did not necessarily preclude Plaintiffs' counsel from accepting other employment, the Declarations reveal that the sheer amount of time and resources involved in investigating, preparing, and prosecuting the Litigation, as reflected by the hours invested by Plaintiffs'

counsel, significantly reduced Plaintiffs' counsel's ability to devote time and effort to other matters.

The 25% fee requested is also substantially below the typical market rate contingency fee percentage of 33% to 40% that most law firms would demand to handle cases of this complexity and magnitude. *See Schwartz*, 2005 WL 3148350, at *31 (collecting cases and noting that 30% is standard fee in complex securities cases). "Attorney fees awarded under the percentage method are often between 25% and 30% of the fund." *Klein*, 705 F. Supp. 2d at 675 (citing Manual for Complex Litig. (Fourth) § 14.121 (2010)); *see, e.g., SEC v. Temme*, No. 4:11-cv-00655-ALM, at *4-5 (E.D. Tex. November 21, 2012), ECF No. 162 (25% contingent fee for a $1,335,000 receivership settlement); *Billitteri v. Sec. Am., Inc.*, No. 3:09-cv-01568-F (lead case), 2011 WL 3585983, *4-9 (N.D. Tex. 2011) (25% fee for a $80 million settlement); *Klein*, 705 F. Supp. 2d at 675-81 (30% fee for a $110 million settlement).

At the time of the Greenberg Settlement, Plaintiffs were subject to significant time limitation in the Litigation, as the Litigation was settled shortly after Plaintiffs responded to Greenberg's motion for summary judgment and motions to exclude Plaintiffs' expert witnesses, a few weeks before all pre-trial materials were due and two months before trial. Given the breadth and scope of activity in the Litigation as described in the Declarations of Plaintiffs' counsel, including extensive document production and review, numerous fact and expert witness depositions, and the preparation of a brief in response to Greenberg's comprehensive motion for summary judgment supported by thousands of pages of exhibits and deposition transcripts, and preparation of responses to Greenberg's motions to exclude Plaintiffs' experts, Plaintiffs' counsel has been consistently under deadlines and time pressure in the Litigation. As set forth in the Declarations, the Greenberg Litigation consumed nearly all of Plaintiffs' counsels' time over

the last two years.

The $65 million to be paid by Greenberg represents a substantial settlement and value to the Receivership Estate and the Stanford investors. Thus, the amount involved and results obtained also support approval of the requested fee.

The Declarations of Plaintiffs' counsel further reflect that Plaintiffs' counsel have represented numerous receivers, bankruptcy trustees, and other parties in complex litigation matters related to equity receiverships and bankruptcy proceedings similar to the Stanford receivership proceeding. Plaintiffs' counsel have been actively engaged in the Stanford proceeding since its inception. Thus, the attorneys' experience, reputation and ability also support the fee award. Given the complexity of the issues in the Litigation, the Greenberg Settlement, as well as other settlements achieved by Plaintiffs' counsel in the Stanford Receivership that have also been approved by this Court, are indicative of Plaintiffs' counsel's abilities to obtain favorable results in these proceedings.

The nature and length of Plaintiffs' counsel's professional relationship with the client also supports the fee award. Plaintiffs' counsel have represented the Receiver, the Committee, and investor plaintiffs in numerous actions pending before the Court in connection with the Stanford Receivership since 2009, all on the same 25% contingency fee arrangement.

Finally, awards in similar cases, with which this Court is familiar, as well as those discussed in the *Schwarz* opinion, all support the fee award. A 25% contingency fee has also previously been approved as reasonable by this Court in its order approving the Receiver's agreement with the Committee regarding the joint prosecution of fraudulent transfer and other claims by the Receiver and the Committee (the "OSIC-Receiver Agreement"). *See* SEC Action ECF No. 1267, p. 2 ("The Court finds that the fee arrangement set forth in the Agreement is

reasonable."); *see also* OSIC-Receiver Agreement SEC Action ECF No. 1208, Ex. A, p. 3 (providing a "contingency fee" of 25% of any Net Recovery in actions prosecuted by the Committee's designated professionals).

This Court has also approved a 25% contingency fee in connection with the Court's approval of the settlement of the other cases brought by the Receiver against the law firms Adams & Reese, Chadbourne, Hunton and Proskauer settlements, as well as the settlements with BDO, Kroll and Bowen Mclette & Britt ('BMB"). *See* Order approving attorneys' fees in connection with the Adams & Reese settlement [SEC Action ECF. No. 2231]; Order approving attorneys' fees in connection with the Chadbourne & Parke settlement [SEC Action ECF 2366]; Order approving attorneys' fees in connection with the Hunton settlement [SEC Action ECF No. 2702]; and Order approving attorneys' fees in connection with the Proskauer settlement [SEC Action ECF No. 2820]; *see also Official Stanford Inv'rs Comm. v. BDO USA, LLP*, No. 3:12-cv-01447-N-BG (N.D. Tex. Sept. 23, 2015) [ECF No. 80] (order approving 25% contingency fee in connection with BDO settlement); Order approving attorneys' fees for Kroll settlement [SEC Action, ECF No. 2364]; and Order approving attorneys' fees for BMB settlement [SEC Action, ECF No. 2567].

For these reasons, the Court finds the 25% contingency fee requested in connection with the Greenberg Settlement is well within the range of reasonableness for cases of the magnitude and complexity as the Greenberg Litigation. The Court therefore hereby approves the award of Plaintiffs' attorneys' fees in the amount of $15,896,235.75 as requested in the Motion. The Court also hereby authorizes the Receiver to reimburse the Receivership Estate from the settlement proceeds the total sum of $1,415,056.99 for expenses advanced by the Receiver in the Greenberg Litigation.

The Receiver is, therefore:

ORDERED to pay Plaintiffs' counsel attorneys' fees in the amount of $15,896,235.75 upon receipt of the Settlement Amount in accordance with the terms of the Greenberg Settlement Agreement.

FURTHER ORDERED that the Receiver shall reimburse expenses paid by the Receivership Estate from the settlement proceeds in the amount of $1,415,056.99.

Signed February 25, 2020.

                                            David C. Godbey
                                      United States District Judge